UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" |

PERTAINS TO BARGE

### FED. R. CIV. P. 56(d) DECLARATION OF COUNSEL SUBMITTED IN OPPOSITION TO "THE AMERICAN CLUB'S" MOTION FOR SUMMARY JUDGMENT

I, undersigned counsel, possessing the requisite mental and legal capacity to do so, make the following Declaration, based upon personal knowledge, and subject to the penalties for perjury provided by the laws of the United States of America.

1. I am counsel of record for the Plaintiffs in the above styled and numbered cause.

2. Plaintiffs lack the following facts needed to oppose the American Steamship Owners Mutual Protection and Indemnification Association's (The American Club or The Club) Motion for Summary Judgment seeking to incorporate as its basis findings of the United States District Court for the Southern District of New York and the United States Second Circuit Court of Appeal to the effect that Lafarge North America did not acquire an insurable interest in Ingram Barge Company vessel ING 4727:

- The Club's marketing and brokerage policies and practices relevant to the claims and defenses in this matter;

- The Club's underwriting policies and practices to the same extent;

- The Club's entry into or discontinuance of any markets or insurance lines based upon choice of law or venue of suits, and/or as to any given covered or excluded loss whether actual or hypothetical;

- Rate setting guidelines or other internal practices based upon the above and/or issues inherent to coverage and/or any other factor or company policy;

- Prior or subsequent instances of analogous or similar or common or comparable claims with or without denial of coverage;

- Club perceptions of issues in dispute affecting States or Governments and/or policies or practices relevant thereto;

- Any and all transactions, writings and communications between Lafarge, The Club, and any of their agents or brokers concerning policy provisions at issue, and/or witnesses to additional or included discoverable information;

- Any and all internal Club guidelines, rules, and practices affecting interpretation of applicable policy terms and conditions based upon extrinsic or intrinsic factors salient to any given loss;

- All geographic locations where Club policies in effect or covered vessels in navigation or otherwise;

- All Club terms and conditions and definitions applicable to P&I issued to Lafarge in full force and effect at times pertinent to the loss subject of this suit, before, and after;

- Identities of any and all persons with knowledge of facts relevant to the coverage dispute and/or claims and defenses herein, along with substance of their knowledge;

- Location, description, and contents of all documents and things relevant to coverage dispute and/or claims and defenses herein;

- Contract formation including but not limited to intent, application, negotiation, terms and conditions, cause or consideration, meeting of the minds, all facets of brokerage, coverage, rate setting and binding;

- Renewal, modification, endorsements;

- Analogous or similar policies issued in LA and elsewhere;

- Posture and disposition of other coverage disputes;

- Instances in which choice of law/choice of venue provisions affect tort victim in litigation or claim against a Club assured;

- All aspects of underwriting, issuance and delivery;

- All aspects of claims process;

- Past practices with respect to any or all of the above;

- Facts material to policy reformation;

- Any and all to be determined and/or engendered by information, documents and things adduced through discovery.

This 17th day of October, 2011.

_____
Brian A. Gilbert, Law Office of Brian A. Gilbert, P.L.C.
Attorney for the Plaintiffs