# Richard T. Seymour

| | |
|---|---|
| **From:** | Richard T. Seymour [rick@rickseymourlaw.net] |
| **Sent:** | Monday, June 30, 2008 11:49 AM |
| **To:** | 'Jill Hayes' |
| **Cc:** | 'rweisler@aol.com'; Brian Gilbert (bgilbert@briangilbertlaw.com); Brian Gilbert (home) (fishkat@cox.net) |
| **Subject:** | Barge Cases: RE: Referral Questions |

  Dr. Weisler, you need to write the report based on your own conclusions and thoughts, and the organization of statements that makes the most sense to you. My list of questions in which I thought the court would be interested was only an aid.

  That said, the report still needs to begin with identifying the large question covered by the report and supporting documents.

  I do not care if the next section is the qualification section or the independent studies section. However, testimony history is needed only for Dr. Weisler. Also however, getting into methodology before discussing what was done seems counter-intuitive. That's why I had qualifications at item D, and would keep it there if I were writing the report, but it's your report to write.

  A long list of documents and materials reviewed puts a long space between the statement of the question addressed by the report and any substance. Often, this does not matter and the list will go up-front. Here, I think the court will want to see the substance quickly. That's why I had this element at the end. Same comment.

  Jill's items 6, 7, and 8 are not really part of the literature discussion. They're forensic opinions based on your own studies. That's why I put them there in my list. Same comment. As to item 8, I understand you did not find any indication of malingering. I raised the subject because I think the court and the defendant will be interested in it, but no court would ever order a screening program to detect malingerers; the focus of a screening program would be to identify those who were injured in the past even if recovered fully, and to identify those needing ongoing treatment, while not wasting resources on people with bogus claims. The court, the class, and the defendant will all be properly concerned that resources not be wasted or misdirected.

  The rest is largely a matter of taste.

Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W.
Suite 900
Washington, D.C. 20036-4129
 Voice: 202-862-4320
 Cell: 202-549-1454
 Facsimile: 800-805-1065
 e-mail: rick@rickseymourlaw.net
 Web Site: www.rickseymourlaw.com

"We represent the dispossessed of the Earth, and executives recently shown the door."

Mediation

Arbitration: Listed on American Arbitration Association Commercial Arbitration Roster and Employment Panel Roster.

CONFIDENTIALITY: Please note that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or some computer unconnected to either of us which this e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to



EXHIBIT 12