Subj: **Emotional Damages Report - URGENT**
Date: 6/28/2008 5:01:13 P.M. Eastern Daylight Time
From: fishkat@cox.net
To: RWeisler@aol.com, pmbalson@hotmail.com, MTowns@lsuhsc.edu
CC: rick@rickseymourlaw.net, LDWIEDEMAN@aol.com, lwilson@wgdnlaw1.com

Drs. Townsend, Weisler and Balson:

I have read your report. Clearly, your expertise and qualifications are beyond reproach. You will, no doubt, breeze through any challenge to your ability to render expert scientific opinions in this case. It would also appear that your methods are more than sufficiently peer reviewed, and your data founded upon clear and accepted scientific principle. I believe that your findings as to any of the individuals you tested will withstand challenge.

However, because this report is for class certification purposes, there are certain areas that need attention. Some problems are merely formal, while some are substantive. Were it that we had more time, we could meet to discuss and hone the report, but unfortunately our rigid deadline is roughly forty-eight hours away. I believe it imperative that you speak with Rick Seymour concerning reporting requirements for class certification, as this is his area of expertise – not mine. Nonetheless, I note the following:

Your report paints you in various respects as advocates for the victims. This is not appropriate, and must be remedied. You must remain purely objective, scientifically detached. You must absolutely refrain from arguing to the Court that the victims should be given class treatment. You are not advocates for the class, not their attorneys, and the decision to afford class status remains solely with the Judge, based upon the arguments of the attorneys. You are to provide expert PSYCHIATRIC conclusions, not legal conclusions. Your expertise is psychiatry, and your conclusions must be limited accordingly.

If you advocate, you lose credibility and objectivity, which could seriously jeopardize your being accepted as experts because of the potential for bias.

While we do seek to define a group in need of treatment, you should not cite to this as a reason for class treatment. Rather, your report must limit itself to findings that support the attorneys' arguments for class treatment.

Class treatment is appropriate where the damages are common, typical and predominant among a group of plaintiffs. The conclusions needed to fuel these arguments are either unclear in your report, or are not included. If the following statement is true, then it - with appropriate adjustments for inclusiveness and accuracy - is the very heart of the report and must be given priority treatment:

"Given XYZ experience in the field of post-mass disaster research, given that populations exposed to mass disasters are known to typically experience symptoms of _____ requiring treatment consisting of _____, given that _____ of the 11 random subjects I evaluated demonstrated symptoms of _____ whose onset coincided with the flooding of _____, it is my opinion to a reasonable medical and psychiatric certainty that _____ of persons from the Lower Ninth Ward and western portion of St. Bernard Parish to Paris Road have suffered, are suffering, and/or will continue to suffer

Saturday, January 03, 2009 AOL: RWeisler



to a common degree from symptoms of _____ caused by _____. It is also my opinion to a reasonable medical and psychiatric certainty that this condition predominates among a percentage of the persons from this area at a percentage of at least _____ among all persons affected by the events precipitated during Katrina."

Also, I do not believe that you should report that the persons evaluated were selected by attorneys. It tends to erode the needed randomness of the sample. You will be asked in deposition how the persons were selected, and unless you can describe in your report how the persons evaluated are an accurate representation of the whole of the putative class, we will need to discuss and refine this question later.

Again, Rick Seymour has the final word on these matters, but time is going by, and I have not been able to speak with him. I would suggest that you call me with any questions, but I'll probably be unable to answer them because what I have written pretty much reflects the extent of my understanding of what needs attention. HOWEVER, IF YOU DECIDE TO START MAKING CHANGES, DO NOT DELETE YOUR ORIGINAL REPORT, IN CASE RICK SEYMOUR DISAGREES WITH MY COMMENTS MADE HERE.

Thanks for the continuing effort. Call if you think that there is any way that I can be of help, or if you need me to explain what I've written here.

Brian A. Gilbert
504-250-9334