# Exhibit 3

C.A.  05-4182 c/w 09-2737 "K"

# COUNSELOR:

**PLEASE READ THIS ORDER CAREFULLY.**

**IT CONTAINS INSTRUCTIONS REGARDING MOTION PRACTICE, PROCEDURES FOR SCHEDULING A SETTLEMENT CONFERENCE, AND TRIAL PROCEDURES THAT APPLY IN SECTION "K" ONLY.**

**FAILURE TO COMPLY WITH THE PROCEDURES OUTLINED HEREIN COULD RESULT IN EXCLUSION OF EVIDENCE OR OTHER APPROPRIATE ACTION BY THE COURT.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE: KATRINA CANAL BREACHES**      **CIVIL ACTION**
**CONSOLIDATED LITIGATION**

**PERTAINS TO BARGE**      **NO. 05-4182**

**WEISLER V. SEYMOUR, ET AL 09-2737**      **SECTION: K (2)**

## SCHEDULING ORDER

This order is issued based upon record document 20221.

Pleadings have been completed. Jurisdiction and venue are established.

All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony (Daubert), shall be filed no later than **October 18, 2011** and served in sufficient time to permit hearing on **November 2, 2011**. Section "K" adheres to Local Rule 78.1E with respect to motion practice and oral argument. Any motions filed for hearing in violation of this order shall be deemed waived unless good cause has been shown. All other motions in limine shall be allowed to be filed up to the time of trial or as otherwise ordered by the Court.

Depositions for trial use shall be taken and all discovery shall be completed not later than **October 17, 2011**.

Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than **May 12, 2011**. A party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed

2

within the applicable delays therefor.

Written reports of experts, excluding treating physicians, who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **August 15, 2011**. If any party determines that because of special circumstances an expert report should be provided by a treating physician (i.e. if a causation opinion is rendered) a motion shall be filed no later than **120 days** prior to the trial date to compel a report.

Written reports of experts, who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **September 15, 2011**.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than **September 15, 2011.**

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

In jury cases with more than one hundred (100) pages of exhibits, ALL exhibits must be put on CD rom. In non-jury cases, a numbered set of exhibits and exhibit list shall be delivered to chambers one week prior to trial (unless it is likely that more than five hundred (500) pages of exhibits will be involved). In such circumstances, the Court may order that the exhibits be put on CD rom. This will be discussed at the telephone status conference scheduled by the Court.

Additionally, any party intending to offer computer generated evidence (which is not

ordinary documentary evidence, but evidence created by computer software), counsel must allow opposing counsel sixty (60) days prior to the pretrial conference to examine the exhibit or a copy, and all underlying assumptions and/or software. Discovery regarding such evidence may continue thirty (30) days beyond this deadline. Any challenge to the evidence shall be by motion in limine. Computer generated evidence includes any evidence, substantive or demonstrative, which is created or generated by computer, but excludes any evidence which has not been modified in any way and which is to be exhibited or presented during the trial.

IT IS ORDERED THAT COUNSEL FOR THE PLAINTIFF SHALL CONTACT THE ASSIGNED MAGISTRATE JUDGE **SIX WEEKS** PRIOR TO THE PRETRIAL CONFERENCE DATE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE WHICH SHOULD BE HELD WITHIN TWO WEEKS PRIOR TO THE PRETRIAL CONFERENCE.

IT IS FURTHER ORDERED THAT COUNSEL FOR THE PLAINTIFF SHALL INFORM THE COURT BY LETTER OF THE DATE AND TIME OF SAID CONFERENCE.

This case may involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules or Local Rules of this Court are established.

Final Pretrial Conference will be held on **November 15, 2011 at 3:00 p.m.** Counsel will be prepared in accordance with the final Pretrial Notice attached. THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE SPACED AND SIGNED BY ALL COUNSEL.

Trial will commence **December 5, 2011 at 8:30 a.m.** before the District Judge with

a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. Trial is estimated to last **4-5 day(s)**. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the Court.

New Orleans, Louisiana this 13th day of April, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

Issued for the Court:

By: Sheena Demas
    Case Manager
    504-589-7687

**NOTE:**
**ON THE MORNING OF TRIAL COUNSEL ARE TO FURNISH THE COURTROOM DEPUTY WITH: 1. A LIST OF ALL WITNESSES THAT WILL BE CALLED DURING TRIAL; 2. A LIST OF ALL EXHIBITS THAT ARE TO BE OFFERED DURING TRIAL, EXHIBITS ARE TO BE PRE-MARKED AND NUMBERED IN ACCORDANCE WITH THE EXHIBIT LIST. ALL EXHIBITS TO BE ADMITTED INTO THE RECORD SHALL BE CLEAN, CLEAR COPIES AND 8 1/2 x 11 or 8 1/2 X 14. IF LARGER, IE: BLOWUPS, POSTER, LARGER PHOTOS, ETC., THESE SHOULD BE REDUCED TO THE AFOREMENTIONED SIZE FOR THE RECORD. COUNSEL TO READ ALL OF THE ATTACHED DOCUMENTS THOROUGHLY.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| PERTAINS TO BARGE | NO. 05-4182 |
| WEISLER V. SEYMOUR, ET AL 09-2737 | SECTION: K (2) |

### ADDENDUM TO SCHEDULING ORDER

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2 E & W, requiring parties to file a short and concise statement of material facts as to which there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.