**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * | **CIVIL ACTION** |
| **PERTAINS TO: BARGE** | * | **NO. 05-4182 and consolida8ted cases** |
| | * | **SECTION "K" (2)** |
| *Weisler v. Seymour, et al.* **09-2737** | * | **JUDGE STANWOOD R. DUVAL, JR.** |
| | * | **MAG. JUDGE JOSEPH C. WILKINSON, JR.** |

# DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR DEFAULT JUDGMENT ON THEIR COUNTERCLAIMS, AND TO DEEM THE ALLEGATIONS OF THEIR COUNTERCLAIMS ADMITTED, PURSUANT TO RULES 8(b)(6), 12(c), AND 55(b)(2), FED. R. CIV. PRO.

**Table of Contents**


A. The Basis of This Motion ........ 1
1. Expiration of the Schedule for Amending Pleadings ........ 1
2. The Three Unanswered Counterclaims At Issue ........ 1
3. The Unanswered Allegations ........ 2
B. Comparison of the Complaint and the Counterclaims ........ 6
C. Plaintiff Has Taken No Other Action to Dispute the Allegations of the Counterclaim ........ 6
D. The Rules Governing This Motion ........ 6
E. Plaintiff Had A Clear Duty to Answer the Counterclaim and its Allegations ........ 8
F. Conclusion ........ 9

## A. The Basis of This Motion

### 1. Expiration of the Schedule for Amending Pleadings

The April 13, 2011 Scheduling Order, Doc. 20222, provided at p. 2, on the first page of text:

> Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than **May 12, 2011**. A party may amend the party's pleading only by leave of court or by written consent of the adverse party.

May 12, 2011, was well within the discovery period. The discovery period expired on October 17, 2011. *Id.*

Witness and exhibit lists were exchanged on September 15, 2011. Docket Nos. 20432 Gilbert defendants), 20434 (Fuchsberg defendants), 20436 (plaintiff), 20437 (Wilson defendants), and 20438 (Seymour defendants).

The Pretrial Conference is scheduled for November 15, 2011. April 13, 2011 Scheduling Order, Doc. 20222.

Trial is scheduled for December 8, 2011. *Id.*

Today, October 18, 2011, the Seymour, Gilbert, and Fuchsberg defendants have requested the Clerk to enter default on defendants' counterclaims. (Doc. 20500). Because the April 13, 2011 Scheduling Order requires a motion such as this to be filed today, this Motion is also filed today.

### 2. The Three Unanswered Counterclaims At Issue

On May 29, 2009, all Defendants filed their "Answer, Affirmative Defenses, Counterclaims And Request For Trial By Jury" (Doc. 18946),[1] stating three counterclaims that are pertinent to this Motion:

---

[1] A copy of Defendants' May 29, 2009 Answer, Affirmative Defenses, Counterclaims And Request For Trial By Jury is attached hereto as Exhibit 1.

**FIRST COUNTERCLAIM**

The Complainants in Counterclaim allege that in the event that this Honorable Court finds that there existed a contract between the Complainants in Counterclaim and the Defendants in Counterclaim; Dr. Weisler is in material breach of contract with the Complainants in Counterclaim.

**SECOND COUNTERCLAIM**

The Complainants in Counterclaim allege that in the event that this Honorable Court finds that there existed a contract between the Complainants in Counterclaim and the Defendants in Counterclaim; there is failure of consideration in the contract between the parties.

**THIRD COUNTERCLAIM**

On information and belief, the Complainants in Counterclaim allege that: (1) Dr. Weisler failed to diligently engage in the work he was contracted to do, (2) Dr. Weisler was grossly negligent in the performance of the contracted work, (3) Dr. Weisler improperly conveyed information and caused confusion as to the scope of his professional experience, and as to the work performed, to such an extent as to render his services of no value to the Complainants in Counterclaim, (4) Dr. Weisler generated bills which were inconsistent with the quality and kind of work actually performed, (5) in the event that this Honorable Court finds that there existed a contract between the Complainants in Counterclaim and the Defendants in Counterclaim; Dr. Weisler failed to provide those services which he agreed to provide based on the "alleged" oral contract with the Complainants in Counterclaim, (6) Dr. Weisler's billing practices did not correlate with his work product and were inconsistent with industry standards and protocols, (7) Dr. Weisler's billing practices are unreasonable, (8) Dr. Weisler's billing practices breached the implied covenant of good faith and fair dealing, (9) Dr. Weisler's refusal to provide documentation related to billing bars in whole or in part any right to compensation that might otherwise occur, (10) Dr. Weisler billed for non-task related activities, such as travel time from Grand Rapids, Michigan to New Orleans; and (11) Dr. Weisler breached fiduciary duties and duties of confidentiality.

Plaintiff never filed any Answer or response to these Counterclaims.

**3. The Unanswered Allegations**

Defendants' May 29, 2009 filed "Answer, Affirmative Defenses, Counterclaims And Request For Trial By Jury" (Doc. 18946), stated the following allegations of the Counterclaims that Defendants seek to deem admitted because Plaintiff never answered them. The allegations

were clearly denominated as part of the Counterclaims and not part of the averments of the Answer and not part of the averments of the Affirmative Defenses:

## COUNTERCLAIMS

**Jurisdiction and Venue**

1. The Defendants incorporates herein by reference, each and every allegation, answer and denial contained in each of the above paragraphs, as if copied *in extenso.*

2. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 by virtue that there is complete diversity of citizenship between the Defendants and the Petitioner and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this District under 28 U.S.C. §1391(a) (2) as four of the Defendants are domiciled within the Eastern District of Louisiana, the facts and circumstances giving rise to the causes of action at issue herein occurred for the most part in the Eastern District of Louisiana, and the *Katrina Breaches Litigation*, which forms the basis for the services, fees and expenses which are the subject of this controversy, is presently pending before this Honorable Court.

**Parties**

1. The Complainants in Counterclaim

a. Richard T. Seymour, P.L.L.C. is a Professional Limited Liability Corporation organized and existing pursuant to the laws of the District of Columbia, with its principal place of business located at 1150 Connecticut Avenue, N.W., Suite 900, Washington, D.C. 20036-4129;[2]

b. The Jacob D. Fuchsberg Law Firm, LLP is a Limited Liability Partnership organized and existing pursuant to the laws of the State of New York with its principal place of business located at 500 Fifth Avenue, New York, NY 10110-0393;

c. The Law Office of Brian A. Gilbert, P.L.C. is a Professional Limited Liability Corporation organized and existing pursuant to the laws of the State of Louisiana, with its principal place of business located at 821 Baronne St., New Orleans, LA 70113;

d. Wiedemann & Wiedemann, P.L.C.is a Professional Limited Liability Corporation organized and existing pursuant to the laws of the State of Louisiana, with its principal place of business located at 821 Baronne St., New Orleans, LA 70113; and

e. Wilson, Grochow, Droker & Nolet is a limited liability partnership organized and existing pursuant to the laws of the State of New York, with its principal place of

[2] The Law Office of Richard T. Seymour, P.L.L.C., is the correct name of this Complainant in Counterclaim. The current address of this Complainant it set forth below.

business located at the Woolworth Building, 233 Broadway, 5th Floor, New York, NY 10279.

2. The Defendants in Counterclaim

a. Richard H. Weisler, M.D., is a citizen of the State of North Carolina and a practicing psychiatrist who retains an office d/b/a Richard H. Weisler, P.A., the principal place of business for which is located in Raleigh, North Carolina.

b. On information and belief, Richard H. Weisler, P.A, is Professional Association organized and existing pursuant to the laws of the State of North Carolina, solely owned and operated by the Petitioner, Dr. Weisler, with its principal place of business located at 900 Ridgefield Dr., Suite 32, Raleigh, NC 27609-8524.

**General Allegations**

1. This lawsuit arises from a contract dispute regarding Dr. Weisler's expert witness's fee. On or about May 14, 2008, Alan Fuchsberg, contacted Dr. Weisler to solicit his expert opinion. He, along with other scientists retained by Complainants in Counterclaim (hereinafter collectively referred to as "Medical Team"), were asked to determine if it was possible to prepare a report to buttress the Barge Plaintiffs' Litigation Steering Committee ("BPLSC") efforts to certify an emotional subclass.

2. The task Dr. Weisler and the rest of the Medical Team were given was to develop a means of inexpensively evaluating the mental health of a large number of people after a disaster, so that the BPLSC could present a plan to the Court showing how, if a class were certified, the BPLSC could set-up prospective relief so that those who needed treatment, because of the disaster, could be identified inexpensively, and the responsible party be ordered by the Court to pay for their treatment.

3. The Medical Team's task was broken up into three areas: (a) identifying the instrument to be used, (b) field-testing the instrument on a small number of individuals; and (c) writing a report.

4. The Complainants in Counterclaim made it clear from the onset that funds were limited and that Dr. Weisler was only to perform specific tasks.

5. The Centers for Disease Control and Prevention, in conjunction with other federal agencies and professionals, developed a "Mental Health Survey Instrument" (hereinafter referred to as "CDC Instrument") that allowed for mass evaluations of large numbers of people and victims of disasters and is available on-line.

6. This CDC Instrument was an accepted method within the scientific community to satisfy item 2a, *supra*, and existed prior to the retention of the medical team and was not previously known to the Defendants.

7. Additionally, there are several other known instruments and scales, accepted within the scientific community, for the assessment of large numbers of individuals.

There was no need to conduct extensive research, on the part of Dr. Weisler, in the field of psychiatry at large to show the legitimacy of these methods or the CDC Instrument. Furthermore, Dr. Weisler lacked the necessary authority to create his own method.

8. Dr. Weisler failed to communicate the existence of these accepted methods to the Defendants. Dr. Weisler performed unnecessary work to develop an instrument when he knew or should had known of the existence of other instruments that were suitable to the task for which he was retained.

9. The writing of the report was the primary responsibility of Dr. Weisler.

10. The report Dr. Weisler provided to the Defendants, at the last minute, was only 54 pages. The report contained the following: (a) 9 pages of references, (b) 13 pages of work provided by Dr Joy and Howard Oshofsky, (c) 7 pages of work describing independent studies conducted by others, (d) 4 pages listing collaborators and their qualifications; and (e) only 22 pages that contained work product of Dr. Weisler of suspect quality, especially considering the amount of time that Dr. Weisler billed for the project.

11. On numerous occasions, the Complainants in Counterclaim requested Dr. Weisler to provide documentation regarding his billing. These requests went unfilled.

12. On information and belief, Dr. Weisler communicated via email to individuals whom were not part of the Medical Team, without authorization from the Complainants in Counterclaim, and revealed confidential information.

13. On information and belief, Dr. Weisler billed for activities that were not task related or ones that were extraneous and were merely to satisfy his intellectual curiosity

14. July 7, 2008 billing statement contains numerous entries that lack a description of the activity performed while subsequent billing on December 12, 2008 contains retroactive insertions descriptions into these entries. These banal and liberally repeated insertions are employed in such a way as to suggest that they were merely "rubber stamped" into the billing and not generated, contemporaneously.

15. Dr. Weisler's billable hour rate of $600.00/hour implies a level of expertise, efficiency and professionalism that the Complainants in Counterclaim relied upon to their detriment.

16. Ultimately, the Complainants in Counterclaim decided not to use any of the Medical Team's work, in large part, because of the poor quality of the report that Dr. Weisler generated and his lateness in submitting a draft for review and inspection to the BPLSC, thereby not allowing sufficient time to mold the report into a more presentable document.

**B. Comparison of the Complaint and the Counterclaims**

The allegations specifically supporting the first, second, and third counterclaims in this action are not a simple inverse of the Complaint, but raise new matters.[3] See, in particular, General Allegations 2, 5-8 and 12-16. Thus, the original Complaint cannot be used as a denial of these General Allegations.

The counterclaims for material breach of contract, failure of consideration, and improper performance and billing, flow directly from General Allegations 2, 5-8 and 12-16. These allegations are well-pleaded, and support the causes of action in the first, second, and third counterclaims.

**C. Plaintiff Has Taken No Other Action to Dispute the Allegations of the Counterclaim**

Plaintiff has taken no action in this litigation to dispute General Allegations 2, 5-8 and 12-16. He has filed no motions, submitted no affidavits, and provided no initial disclosures or discovery responses that indicated a desire to dispute these allegations or the evidence with which to dispute them.

Defendants have taken discovery accordingly, in reliance on Plaintiff's failure to dispute these allegations.

**D. The Rules Governing This Motion**

Rule 7(a)(3), Fed. R. Civ. Pro., has stated in pertinent part, at all times since before the Counterclaims and their averments were filed:

**Rule 7. Pleadings Allowed; Form of Motions and Other Papers**

(a) Pleadings. Only these pleadings are allowed:

(1) a complaint;

[3] A copy of the February 11, 2009 Complaint is attached hereto as Exhibit 2.

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

* * *

Rule 8(b)(1), Fed. R. Civ. Pro., imposes a duty of response to each claim asserted against a party, and to each allegation asserted against a party. The Rule has stated in pertinent part, at all times since before the Counterclaims and their averments were filed:

**(b) Defenses; Admissions and Denials.**

**(1)** ***In General.*** In responding to a pleading, a party must:

**(A)** state in short and plain terms its defenses to each claim asserted against it; and

**(B)** admit or deny the allegations asserted against it by an opposing party.

Rule 8(b)(6), Fed. R. Civ. Pro., provides that the effect of failing to deny an allegation is that the allegation is deemed admitted. The Rule has stated in pertinent part, at all times since before the Counterclaims and their averments were filed:

**(6)** ***Effect of Failing to Deny.*** An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Rule 12(a)(1)(B), Fed. R. Civ. Pro., requires that a response to a counterclaim be filed within twenty days after service. The Rule has stated in pertinent part, at all times since before the Counterclaims and their averments were filed:

(a) **Time To Serve A Responsive Pleading.**

(1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

* * *

> **(B)** A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim.

Rule 12(c), Fed. R., Civ. Pro., has provided as follows, at all times since before the Counterclaims and their averments were filed:

> **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings.

Rule 55(b)(2) provides as follows:

> **(2) *By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> **(A)** conduct an accounting;
>
> **(B)** determine the amount of damages;
>
> **(C)** establish the truth of any allegation by evidence; or
>
> **(D)** investigate any other matter.

**E. <u>Plaintiff Had A Clear Duty to Answer the Counterclaim and its Allegations</u>**

"According to the text of Federal Rule 7(a), a reply is mandatory only when the answer contains a 'counterclaim denominated as such.'" Since a counterclaim basically is a defendant's complaint, it is perfectly logical to oblige a plaintiff to respond to it." WRIGHT, MILLER, KANE & MARCUS, 5 FEDERAL PRACTICE AND PROCEDURE (3d ed.) § 1184 (WestLaw online ed., 2011).

In cases such as *Trotter v. Jack Anderson Enterprises, Inc.*, 818 F.2d 431, 436 (5th Cir. 1987), the defendant failed to file an Answer but made clear in a prompt motion to dismiss, and in a prompt motion for summary judgment after reversal of the dismissal, that he disputed the contention of actual malice. In those circumstances, the Fifth Circuit held that "Anderson's

motion for summary judgment, while not a pleading responsive to a complaint, gave Trotter plain notice that the question of actual malice was a matter to be litigated. Anderson's failure to file an answer, therefore, had no effect on the rights of Trotter and cannot serve as a ground for reversal." (Footnotes omitted.)

Accordingly, plaintiff is deemed to have admitted the well-pleaded General Allegations 2, 5-8 and 12-16. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (Former 5th Cir. 1975), stated:

> Attempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law. . . . The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.

(Citations and footnote omitted.) The court added: "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Accord*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Jackson v. FIE Corp.*, 302 F.3d 515, 524-26 (5th Cir. 2002) (recognizing general principle but stating exception for questions of subject-matter jurisdiction); *Whittlesey v. Weyerhauser Co.*, 640 F.2d 739, 742 (5th Cir. 1981) ("Although a party may not challenge the fact-findings of a default judgment which are based upon well pleaded allegations . . . a judgment is not binding if the claims are not well pleaded.") (citations omitted).

**F. <u>Conclusion</u>**

For the reasons stated above, the Seymour, Gilbert, and Fuchsberg defendants pray that their Motion be granted, and that:

(a) that the Court deem General Allegations 2, 5-8 and 12-16 admitted for purposes of this litigation pursuant to Rule 8(b)(6), Fed. R. Civ. Pro.;

(b) that the Court enter judgment on the pleadings on defendants' first, second, and third counterclaims pursuant to Rule 12(c), Fed. R. Civ. Pro.; and

(c) that the Court enter default judgment on defendants' first, second, and third counterclaims pursuant to Rule 55(b)(2), Fed. R. Civ. Pro.

A proposed form of Order is submitted herewith.

Respectfully Submitted,

/s/ Richard T. Seymour
Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
rick@rickseymourlaw.net
(202) 785-2145 – Telephone
(202) 549-1454 – Cell
(800) 805-1065 – Facsimile

*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com
*Attorney for improperly named individual Defendant Brian A. Gilbert, and Defendant Law Office of Brian A. Gilbert, P.L.C.*

/s/Bradley S. Groce
DAVID V. BATT, #2849
BRADLEY S. GROCE, #26037
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292 FAX (504) 586-1290
*Attorneys for Defendants Alan Fuchsberg and the Jacob D. Fuchsberg Law Firm*

Dated: October 18, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2011, I served a copy of the Seymour, Gilbert, and Fuchsberg defendants' Memorandum in Support of Their Motion for Judgment on the Pleadings and for Default Judgment on their Counterclaims, and to Deem the Allegations of their Counterclaims Admitted, Pursuant to Rules 8(b)(6), 12(c), and 55(b)(2), Fed. R. Civ. Pro., on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

Andrew C. Wilson, Esq.
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor - Energy Centre
1l00 Poydras Street
New Orleans, LA 70163-3000

/s/ Richard T. Seymour
Richard T. Seymour
*Attorney for Defendants Richard T. Seymour and [misnamed] "Richard T. Seymour P.L.L.C."*