UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION | CIVIL ACTION <br><br> NO. 05-4182 |
| PERTAINS TO:  ALL BARGE | and consolidated cases |
| AND | SECTION "K" (2) |
| WEISLER V. SEYMOUR, ET AL <br> NO.  09-2737 | JUDGE <br> STANWOOD R. DUVAL,  JR. <br><br> MAG. <br> JOSEPH C. WILKINSON,  JR. |

1. Weisler entered into an oral agreement with Alan Fuchsberg on behalf of a group of attorneys Mr. Fuchsberg did not identify at the time.  He did not then identify individuals or firms on whose behalf he was allegedly acting.  There was no meeting of the minds. *Exhibit A*, Weisler  deposition, 15 - 16; 21; 23-24; 35-38; 42- 44; 46-50; 57-58; 60-61; 64:22-65:5.

2. Fuchsberg did not inform Brian A. Gilbert or the Law Office of Brian A. Gilbert at any time pertinent to contract formation of any of the terms and conditions of same. *Exhibit B*, Affidavit of Brian A. Gilbert (in his own behalf and on behalf of the Law Office of Brian A. Gilbert, P.L.C.)

3. Weisler testified inconsistently that Fuchsberg told Weisler that the Barge PSLC would be paying Weisler's bill, *Exhibit A*, Weisler deposition, 31, and that Weisler cannot be certain that Fuchsberg mentioned the PSLC, *Exhibit A*, Weisler deposition, 34-38.

4. Fuchsberg agreed to retain Weisler and to a $600.00/hr rate. *Exhibit A*, Weisler deposition, 31-32.

5. No formal contract was ever signed with Weisler establishing terms and conditions or identifying parties. *Exhibit A*, Weisler deposition, 32.

6. There is no written contract between Brian A. Gilbert and Fuchsberg, or the Law Office of Brian A. Gilbert and Fuchsberg. ***Exhibit B***, Affidavit of Brian A. Gilbert (in his own behalf and on behalf of the Law Office of Brian A. Gilbert, P.L.C.)

7. Weisler has no proof - none exists - of any act of mandate as defined by La. C. C. art. 2989, et seq. generally or expressly authorizing Alan Fuchsberg to agree to the terms alleged in any contract he entered with Weisler, or to acknowledge any debt on behalf of Brian A. Gilbert or Law Office of Brian A. Gilbert, as per La. C. C. art. 2997. ***Exhibit B***, Affidavit of Brian A. Gilbert (in his own behalf and on behalf of the Law Office of Brian A. Gilbert, P.L.C.)

8. The Law Office of Brian A. Gilbert, P.L.C., incorporated under, and registered according to, the laws of the State of Louisiana, has, since 2005 and without exception, and in all public manifestations, maintained and conveyed its corporate status. At all times pertinent, Brian A. Gilbert conducted his legal practice solely through his abovesaid professional law corporation, and not as an unincorporated individual. All pleadings and appearances in all courts, all professional correspondence, and all contracts reflect same. All proof of this corporate status (with the exception of bank statements) is publicly available and uncontradicted. Weisler lacks any proof - there is none - to the contrary. Exhibits C through F. Also, entire record of *In Re Katrina Canal Breaches Consolidated Litigation*, Barge Track, this suit, and In Re Ingram Barge Company, et al (05-4419).

10. It is an uncontested material fact that *Davenport V. Bellsouth Corp*., 07-0691 (W.D.La. 9-17-2007) states:

    > "Professional law corporations are subject to all of the general provisions of the Louisiana Business Corporation Law except when those general provisions are inconsistent with the specific provisions found in La.R.S. 12:801, et. seq. Those specific provisions regard the fact that a PLC is also governed by the laws related to the practice of law and is subject to the discipline of the Supreme Court. La.R.S. 12:802 and 815. Like shareholders in an ordinary corporation, a shareholder in a PLC "shall not be personally liable for any debt or liability of the corporation." La.R.S. 12:807(B). But, by specific provision, that rule does not affect claims against the attorney-shareholder for fraud, negligent or wrongful act, or breach of professional duty. La.R.S. 12:807(C)."

    > ...and...

    > "A lawyer may own all of the stock in the PLC, but the PLC is still a legal entity separate and distinct from the individual who owns its shares. P. Charles Callahan, APLC v. Scottsdale Ins. Co., 903

      So.2d 1251, 1257-58 (La.App. 3rd Cir. 2005). A right of action possessed by the PLC "lies solely with the corporation, even though only one person owns the stock." Id."

11.    It is an uncontested material fact that La. Rev. Stat. 12:807 states:

> **12:807. Liability of incorporators, subscribers, shareholders, directors, officers and agents**
>
> A. A subscriber to, or holder of, shares of a professional law corporation shall be under no liability to the corporation with respect to such shares, other than the obligation of complying with the terms of the subscription therefor, and said obligation shall continue whether or not his rights or shares have been assigned or transferred.
>
> B. A shareholder shall not be personally liable for any debt or liability of the corporation.
>
> C. Nothing in this Chapter shall be construed as in derogation of any rights which any person may by law have against an incorporator, subscriber, shareholder, director, officer or agent of the corporation, because of any fraud practiced upon him, or because of any breach of professional duty or other negligent or wrongful act, by such person, or in derogation of any right which the corporation may have against any of such persons because of any fraud practiced upon it by him.
>
> Added by Acts 1964, No. 354, § 1. Renumbered from R.S. § 12:907 by Acts 1968, No. 105, § 3, eff. Jan. 1, 1969.

12.    It is an uncontested material fact that *Bankston v. Tasch, LLC*, 40 So.3d 495 (La.App. 4 Cir. 6/2/10), holds;

> "Incidentally, even where a limited liability company has a sole shareholder, it is an entity separate and distinct from that shareholder in terms of procedural capacity. *See St. Raymond v. City of New Orleans*, 99-2438, p. 2 (La.App. 4 Cir. 8/2/00), 775 So.2d 31, 32 (this Court declining to notice on its own motion an exception of no right of action as to right of original plaintiff/sole shareholder of a limited liability company to seek a preliminary injunction for the LLC, instead deciding to grant shareholder's motion to amend petition to name his limited liability company as a plaintiff)."

3

13. The Law Office of Brian A. Gilbert did not terminate or modify its corporate limited liability status at any time since inception. ***Exhibit B***, Affidavit of Brian A. Gilbert (in his own behalf and on behalf of the Law Office of Brian A. Gilbert, P.L.C.)

14. Weisler was at no time a client of any defendant. ***Exhibit B***, Affidavit of Brian A. Gilbert (in his own behalf and on behalf of the Law Office of Brian A. Gilbert, P.L.C.)

15. Weisler alleges only an open account claim and breach of contract claim. Complaint of Weisler, C.A. 09-2737.

This 18th day of October, 2011.

Respectfully submitted,

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com,

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF upload, this 18th day of October 2011.

*\s\Brian A. Gilbert*