# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * | NO. 05-4182 and consolidated cases |
| | * * * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.*  09-2737 | * * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# DEFENDANTS RICHARD T. SEYMOUR'S AND (MISNAMED) RICHARD T. SEYMOUR, P.L.L.C.'S, LOCAL RULE 56.1 STATEMENT IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

1. Dr. Weisler's first invoice was a time statement dated July 7, 2008. It is attached hereto as Exhibit 1.

2. Dr. Weisler's second invoice was a time statement dated July 7, 2008 but showing time through July 28, 2008. It is attached hereto as Exhibit 2.

3. Dr. Weisler's third invoice was a time statement for August 2008. It is attached hereto as Exhibit 3.

4. Dr. Weisler submitted a fourth and final Revised February 3, 2009 Invoice on February 4, 2009. It is attached hereto as Exhibit 4.

5. Dr. Mark Townsend, part of the medical team, submitted his first invoice on _____. It is attached hereto as Exhibit 5.

6. Dr. Mark Townsend submitted his final invoice on _____. It is attached hereto as Exhibit 6.

7. Dr. Mark Townsend's invoices are specific, detailed, and support his time.

8. Dr. Weisler's invoices lacked statements of time, or simply repeated the same activities, until he performed his reconstruction of time for his fourth and final Revised February 3, 2009 Invoice on February 4, 2009.  *Compare* Exhibits 1, 2, and 3 *with* Exhibit 4.

9. Dr. Mark Townsend has been paid in full.  A copy of the check paying his invoices is attached hereto as Exhibit 7.

10. Dr. Weisler's entire production of time records in support of his invoice are attached hereto as Exhibit 8.

11. Dr. Weisler's time records show little or no information about his activities on the days for which he is claiming time.  See Exhibit 8.

12. Many of Dr. Weisler's time records do not show starting or ending times, just aggregate totals.  See Exhibit 8.

13. Dr. Weisler's time records show long stretches of time that appears to be estimated. See, *e.g.*, Exhibit 8, p. 3 (fax page 4) on the lower left corner, and p. 5 (fax page 6) on the upper right corner, where a small notepad sheet for June 30, 2008 says "6:3 AM – 10: PM" minus 2 hours for patients = 13 hours.  There is no description of time except the word "Barge."

14. Dr. Weisler's Revised February 3, 2009 statement of time, Exhibit 4 hereto, shows on p. 4 (fax page 5) that Dr. Weisler charged for 13 hours on June 30, 2008.

15. A single small notepad sheet in Exhibit 8, on p. 3 (fax page 4) on the left, shows 33 hours with the following daily totals: June 27 (no entry), June 26 (11.5 hours), June 25 (2.5 hours), June 24 (6.5 hours), June 23 (7.5 hours), all without descriptions of time.

16. Dr. Weisler's Revised February 3, 2009 statement of time, Exhibit 4 hereto, shows on p. 3 (fax page 4) that Dr. Weisler charged for the same amounts of time shown on the notepad paper for the dates of June 23-26.

17. Although the small notepad sheet in Exhibit 8, on p. 3 (fax page 4) on the left, shows no time for June 27, another small notepad sheet, on p. 6 (fax page 7) has a written-over or corrected entry that appears to be for the same day, showing 13.5 hours.

18. Dr. Weisler's Revised February 3, 2009 statement of time, Exhibit 4 hereto, shows on p. 4 that Dr. Weisler charged for 13.5 hours on June 27.

19. Even these small notepad sheets and e-mails in which plaintiff told his staff to charge time do not exist for many time entries.  *Compare* Exhibit 4 *with* Exhibit 8.

20. Dr. Weisler's Revised February 3, 2009 statement of time, Exhibit 4 hereto, claims a total of 106.25 hours for which there are not even the kinds of time records shown on the small notepad slips or e-mails.  See the Declaration of Matthew M. Seymour, Exhibit 9 hereto, ¶ 4.

21. This count of 106.25 undocumented hours did not include the hours claimed for which Dr. Weisler explained he had put down the wrong day.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 5.

22. At $600 an hour, 106.25 undocumented hours amounts to $ 63,750.00 in undocumented charges.  (Simple arithmetic.)

23. The days for which Dr. Weisler claimed time without even supporting small notepad slips or e-mails time records are June 2, July 3, July 4, July 5, July 6, July 8, July 9, July 23, July

24, July 29, July 31, August 1, August 2, August 3, August 4, August 8, August 9, August 10, August 11, August 12, August 14, and August 15, 2008.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 6.

24. Dr. Weisler's Revised February 3, 2009 statement of time, Exhibit 1 to the February 4, 2009 letter of Andrew Wilson to defendants, contains 71 time entries.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 7.

25. Of these 71 time entries, 24 time entries consisted of a whole number of hours.  This is 33.8% of the total.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 8.

26. Of these 71 time entries, 44 time entries ended in half of an hour.  This is 62.0% of the total.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 9.

27. Of these 71 time entries, 3 time entries ended in one-quarter of an hour.  This is 4.2% of the total.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 10.

28. There are no time entries ending in parts of an hour smaller than a quarter hour.  See the Declaration of Matthew Seymour, Exhibit 9, ¶ 11.

29. Dr. Weisler's Revised February 3, 2009 statement of time, Exhibit 1 to the February 4, 2009 letter of Andrew Wilson to defendants, shows on p. 9 the figure of $150 in the column "CHARGE FOR ADDITIONAL 15 MIN OR PART THEREOF."  Exhibit 4, p. 9; Declaration of Matthew Seymour, Exhibit 9, ¶ 12.

30. Three days before suit was filed, the Seymour defendants wrote a 26-page letter to counsel for plaintiff with a long list of problems with plaintiff's invoices.  A copy of the letter is attached hereto as Exhibit 10, and the section in question is pp. 8-22.

        Respectfully Submitted,

        /s/ Richard T. Seymour
        Richard T. Seymour
        Law Office of Richard T. Seymour, P.L.L.C.
        Suite 900, Brawner Building
        888 17th Street, N.W.
        Washington, DC 20006-3307
            rick@rickseymourlaw.net
            (202) 785-2145 – Telephone
            (202) 549-1454 – Cell
            (800) 805-1065 – Facsimile

        *Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*

Dated:  October 18, 2011

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2011, I served a copy of Defendants Richard T. Seymour's and (Misnamed) Richard T. Seymour, P.L.L.C.'s Local Rule 56.1 Statement in Support of Their Motion for Partial Summary Judgment on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

> Andrew C. Wilson, Esq.
> Simon, Peragine, Smith & Redfearn, L.L.P.
> 30th Floor - Energy Centre
> 1l00 Poydras Street
> New Orleans, LA 70163-3000

> /s/ Richard T. Seymour
> Richard T. Seymour
> *Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*