**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * * * * | **CIVIL ACTION** |
| **PERTAINS TO: BARGE** | * * * * * | **NO. 05-4182 and consolida8ted cases** SECTION "K" (2) |
| *Weisler v. Seymour, et al.*   **09-2737** | * * * * * * * | **JUDGE STANWOOD R. DUVAL, JR.** **MAG. JUDGE JOSEPH C. WILKINSON, JR.** |

# SEYMOUR DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S OPEN ACCOUNTS CLAIM

Plaintiff's Motion is simple. Under La. Rev. Stat § 9-2781, an open account must be stated accurately as a condition of applicability of the statute. Dr. Weisler's claim for more than a hundred totally undocumented hours, at $600 an hour, the shoddy state of his recordkeeping, his aggressive billing tactics, and his complete lack of billing judgment—rounding any time to the next high quarter of an hour, and spending vast amounts of time spinning his wheels without any contemporaneous records of activity—disqualify his onvoices from the certitude required for the Open Accounts law. *Roll-Lite Overhead Doors, a Div. of Architectural Specialties Co., Inc. v. Clover Contractors, Inc.*, 527 So.2d 500, 503 (La.App. 5 Cir. 1988) ("As to the open account segment, prima facie proof must include both the business record of the account and an affidavit or testimony verifying the correctness thereof. That is, "the naked declaration of an employee

1

that the balance of some unproduced account is correct does not constitute the prima facie proof required for a default judgment in a suit on an open account under C.C.P. art. 1702."), *writ denied*, 532 So.2d 115 (La. 1988) (citations omitted); *CACV of Colorado, LLC v. Spiehler*, 11 So.3d 673, 675  (La.App. 3d Cir. 2009) ("No evidence was introduced regarding the purchases **3 underlying the debt, no receipts, invoices, billing statements, or statements of account were introduced to support the accuracy of the amount claimed. There was no way for the court to verify the accuracy of the amount claimed. At the close of Plaintiff's case, there was insufficient data to determine whether the amount claimed was accurate.").

      A proposed form of Order is submitted herewith.

                            Respectfully Submitted,

                            /s/ Richard T. Seymour
                            Richard T. Seymour
                            Law Office of Richard T. Seymour, P.L.L.C.
                            Suite 900, Brawner Building
                            888 17th Street, N.W.
                            Washington, DC 20006-3307
                                  rick@rickseymourlaw.net
                                  (202) 785-2145 – Telephone
                                  (202) 549-1454 – Cell
                                  (800) 805-1065 – Facsimile

                            *Attorney for Defendants Richard T. Seymour and*
                            *"Richard T. Seymour P.L.L.C."*

Dated:  October 18, 2011

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2011, Central time, I served a copy of the foregoing document on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

>Andrew C. Wilson, Esq.
>Simon, Peragine, Smith & Redfearn, L.L.P.
>30th Floor - Energy Centre
>1l00 Poydras Street
>New Orleans, LA 70163-3000

>/s/ Richard T. Seymour
>Richard T. Seymour
>*Attorney for Defendants Richard T. Seymour and [misnamed] "Richard T. Seymour P.L.L.C."*