UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION |
| | * <br> | NO. 05-4182 |
| PERTAINS TO: BARGE | * <br> * | and consolidated cases |
| | * | SECTION "K" (2) |
| Weisler v. Seymour, et al.  09-2737 | * <br> * <br> * <br> * <br> * <br> * | JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO APPLICATION/MOTION
FOR ENTRY OF DEFAULT
ON BEHALF OF DR. RICHARD WEISLER**

**MAY IT PLEASE THE COURT:**

On Tuesday, October 18, 2011, some of the Defendants filed an Application for or Motion for Entry of Default against Plaintiff, Dr. Richard H. Weisler, based upon their counter-claim. This pleading was filed and incorrectly designated as an "Ex Parte" or "Consent" Motion which is hardly the case. Indeed, Plaintiff vigorously opposes this Application just as he has the Defendants' other efforts. In addition, this Application seeks to have the Clerk of Court act contrary to the applicable law. Accordingly, Plaintiff submits

that the Application should be denied.

More specifically, Rule 55 of the Federal Rules of Civil Procedure states in relevant part:

> **Rule 55.  Default; Default Judgment.**
>
> **(a)   Entering a Default.**  When a party against whom a judgment for affirmative relief if sought has **failed to plead or otherwise defend**, and that failure is show by affidavit or otherwise, the clerk must enter the parties' default. (Emphasis added).

As Plaintiff indicated in his Preliminary Opposition Memorandum filed in this matter [20501], before the Defendants filed their Application, Plaintiff had filed a Motion for Summary Judgment [20499], specifically contesting the Defendants' Counter-Claim and seeking the dismissal of same on summary judgment.  Consequently, prior to the Application, Plaintiff had vigorously defended the Defendants' Counter-Claim, seeking its outright dismissal.  When Plaintiff received notice through the Court's electronic CM/ECF system that the Defendants were improperly attempting to have the Clerk of Court enter a default with their improperly characterized "Ex Parte/Consent" Application, Plaintiff also immediately filed an Answer to the Counter-Claim [20506.]   Consequently, any basis for entry of default has been cured.[1]

But more importantly, the jurisprudence makes it clear that in situations such as this, it is improper for the Clerk to enter a default. First, where a defendant has entered a

---

[1]   *See,* e.g.*, Schmir v. Prudential Insurance Company of America*, 220 F.R.D. 4, 5 (D. Maine 2004)

2

response indicating his intent to defend the action, entry of default is improper.[2]  Second, the phrase "plead or otherwise defend" from Rule 55(a) which bars the entry of a default has been interpreted to include the filing of motions seeking other relief in lieu of a formal Answer, as the equivalent of action to "plead or otherwise defend."[3]  This same type of analysis also applies to counter-claims.[4]   Most importantly, numerous courts have concluded that, as here,  a motion for summary judgment likewise constitutes an effort to "plead or otherwise defend" under Rule 55.  For example, in *Rashidi v. Albright*,[5] the Court stated that:

> A summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and undeniable desire to contest the action is sufficient to fall within the ambit of 'otherwise defend'.

Other courts have continued to follow this reasoning.[6]  Accordingly, the Plaintiff's pending Motion for Summary Judgment filed prior to the Application for Entry of Default constitutes an effort by the Plaintiff to "plead or otherwise defend" the subject Counter-Claim, and therefore, entry of default is not warranted and is contrary to existing law under

---

[2]  *Direct Mail Specialists v. Eclat Computerized Techs, Inc.* 840 F.2d 685, 689 (9th Cir. 1988).

[3]  *See*, e.g. *Ritts v. Dealers' Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (M.D. GA. 1997) (Motion to Remand); *de Antonio v. Solomon*, 42 F.R.D. 320 (D.C. Mass. 1967) (assertion of privilege); *Wickstrom v. Ebert,* 101 F.R.D. 26, 32 (E.D. Wis. 1984).

[4]  *Eberhard Investment Associates, Inc. v. Sintino*, 2003 W.L. 22126846 (S.D. N.Y.)

[5]  818 F. Supp. 1354, 1356 (D. Neb. 1993).

[6]  *Brumley v. Dole*, 1994 W.L. 846910 (E.D. Ark. 10/14/94) at *15; *M&A Construction Corp. v. Akzo Nobel Coatings, Inc.,* 936 P. 2d 451, 454 (Wyo. 1997); *First Southwestern Financial Services v. Laird*, 882 P. 2d. 1211, 1214 (Wyo. 1994); *Mutter v. American International Group*, 1998 W.L. 960730 (Del. Super. 1998).

the circumstances of this matter.

Based on the foregoing, Plaintiff, Dr. Richard Weisler, submits that he has already (1) taken action which constitutes an effort to "plead or otherwise defend" the subject Counter-Claim; and (2) already cured any default by filing an Answer to that Counter-Claim. Therefore, the Clerk should not enter a default in this matter and the Defendants' Application should be denied.

Respectfully submitted,

___/s/ Andrew C. Wilson_____
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Susan F. Clade (1033)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

___/s/ Andrew C. Wilson_____

N:\DATA\N\50182001\Pleadings\Opposition to Motion for Entry of Default.wpd