UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * | NO. 05-4182 and consolida8ted cases |
| | * * * * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.*   **09-2737** | * * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# SEYMOUR, FUCHSBERG & GILBERT DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S UNTIMELY ANSWER TO DEFENDANTS' COUNTERCLAIMS

**Table of Contents**

A. The Basis of This Motion................................................................................................ 2
   1.   The Pleadings Relevant to Plaintiff's Default ............................................................. 2
   2.   The Scheduling Orders .................................................................................................. 3
   3.   The Status of This Litigation ........................................................................................ 4
B.   Prejudice ............................................................................................................................. 4
C.   The Rules in Question......................................................................................................... 5
D.   The Law Governing This Motion .................................................................................... 5
E.   The Alternative of a Continuance is Unsatisfactory ........................................................ 6
F.   Conclusion ......................................................................................................................... 7

1

### A. The Basis of This Motion

#### 1. The Pleadings Relevant to Plaintiff's Default

On May 29, 2009, all Defendants filed their "Answer, Affirmative Defenses, Counterclaims And Request For Trial By Jury." (Doc. 18946.)[1] Plaintiff made no response within the discovery period.

On October 18, 2011, the Seymour, Gilbert[2] and Fuchsberg defendants moved the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. Pro. (Doc. 20500), and moved the Court for the following relief:

> (a) that the Court deem General Allegations 2, 5-8 and 12-16 admitted for purposes of this litigation pursuant to Rule 8(b)(6), Fed. R. Civ. Pro.;
>
> (b) that the Court enter judgment on the pleadings on defendants' first, second, and third counterclaims pursuant to Rule 12(c), Fed. R. Civ. Pro.; and
>
> (c) that the Court enter default judgment on defendants' first, second, and third counterclaims pursuant to Rule 55(b)(2), Fed. R. Civ. Pro.

(Doc. 20501.)

On October 19, 2011, plaintiff purported to file an Answer to defendants' counterclaims. (Doc. 20506.)[3] In violation of Rule 16(b)(4), Fed. R. Civ. Pro., and the Scheduling Order in this action, Plaintiff did not seek leave of court to allow the filing, and provided no explanation for his violation of the Scheduling Order and for the lateness of the filing.

---

[1] A copy is attached hereto as Exhibit 1.
[2] The Gilbert defendants subsequently, but on the same day, moved for leave to withdrawn from the submissions on plaintiff's default. (Doc. 20503.)
[3] A copy is attached hereto as Exhibit 2.

2

## 2. The Scheduling Orders

The Case Management Orders in the Barge Track apply to this case. (Weisler separate docket, Doc. 12.) Case Management Order 4 (Weisler separate docket, Doc. 12-3) states at p. 13:

> Except as otherwise provided herein, no further amendments to pleadings, addition of parties, third-party actions, cross-claims and counterclaims will be allowed, except as required by this order or, hereafter, on motion with a proposed order, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P. 16(b).

Plaintiff never acted in compliance with this provision.

The September 15, 2010 Scheduling Order in this action (Doc. 20050) stated at pp. 1-2:

> Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than October 15, 2010. A party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Plaintiff missed the October 15, 2010 deadline without explanation.

The April 13, 2011 Scheduling Order, Doc. 20222, provided at p. 2, on the first page of text:

> Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than **May 12, 2011**. A party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Plaintiff missed the May 12, 2011 deadline without explanation.

Plaintiff's untimely Answer constituted two separate violations of these Scheduling Orders. *First*, it is well after both of the dates specified by the Court. *Second*, plaintiff made no effort to seek written consent from defendants or to request leave of court.

### 3. The Status of This Litigation

The Court's May 12, 2011, deadline for amending pleadings was well within the discovery period. The discovery period expired on October 17, 2011, *id.*, two days before plaintiff filed his purported Answer.

Because plaintiff waited until after the expiration of the discovery period to file his Answer, it is now too late for defendants to conduct discovery on the counterclaims and on General Allegations 2, 5-8 and 12-16.

Witness and exhibit lists were exchanged on September 15, 2011. Docket Nos. 20432 Gilbert defendants), 20434 (Fuchsberg defendants), 20436 (plaintiff), 20437 (Wilson defendants), and 20438 (Seymour defendants).

Motions for summary judgment or partial summary judgment were filed on October 18, 2011. Docket Nos. 20499 (plaintiff), 20502 (Gilbert defendants), and 20504 (Seymour defendants). Plaintiff sought leave to amend his summary judgment submission on October 19, 2011. (Docket 20508.) The Fuchsberg defendants adopted the Seymour defendants' summary judgment submission on October 20, 2011. (Docket 20510.)

The Pretrial Conference is scheduled for November 15, 2011. April 13, 2011 Scheduling Order, Doc. 20222.

Trial is scheduled for December 8, 2011. *Id.*

### B. Prejudice

Defendants limited their discovery according to the pleadings setting forth what is at issue, and considered but did not take discovery to establish the uncontroverted facts set forth in the General Allegations in support of the counterclaims.

For example, the Seymour defendants did not depose the other members of the medical team to establish the facts set forth in General Allegations 2, 3, 4, 7, and 8 of their counterclaims.

For another example, the Seymour defendants did not take a trial deposition of the Centers for Disease Control to establish the facts set forth in the facts set forth in General Allegations 5, 6, and 7 of their counterclaims.

For yet another example, plaintiff has provided defendants with the chopped-off headers of an enormous number of e-mails he sent to and received from persons who were not involved in the underlying Barge litigation, saying who knows what, and provided chopped-off headers of a large number of e-mails he sent to and received from persons who either were or might have been involved in the underlying Barge litigation, saying who knows what.[4]  The Seymour defendants did not move to compel discovery of the bodies of these e-mails, which would have helped establish the facts set forth in General Allegations 12 and 13.

### C. The Rules in Question

Rule 16(b)(4), Fed. R. Civ. Pro., states with respect to scheduling orders:

> **(4) Modifying a Schedule.**  A schedule may be modified only for good cause and with the judge's consent.

The other rules pertinent to this Motion are set forth in the Seymour, Gilbert and Fuchsberg Defendants' Memorandum in Support of their Motion for Judgment on the Pleadings and for Default Judgment on their Counterclaims, and to Deem the Allegations of their Counterclaims Admitted, Pursuant to Rules 8(b)(6), 12(c), and 55(b)(2), Fed. R. Civ. Pro., and need not be repeated here.

### D. The Law Governing This Motion

Once a Rule 16 scheduling order has been entered, the lenient standard of Rule 15 for amendments is replaced as to timing by the terms of the scheduling order.  *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003), stated:

---

[4] A copy is attached hereto as Exhibit 3.  It is marked as Weisler Deposition Exhibit 40.  It was also previously Exhibit 4 to a February 4, 2009 letter from plaintiff's counsel to defendants.

5

> . . . SouthTrust argues, and S&W now concedes, that Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990).

The court added at 536:

> We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

Thus, drive-by filings like plaintiff's are simply not allowed by the rules.

As to the substance of good cause, the Fifth Circuit set that out as well:

> In the context of allowing untimely submission of expert reports, this Court has applied a four-part test to determine whether the district court's refusal to modify its scheduling order was an abuse of discretion. We find this test appropriate as well in the context of untimely motions to amend pleadings. We consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'"

*Id.* at 536 (citations and footnote omitted).

This case is on all four with *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008), a case in which the Court of Appeals affirmed the district court's denial of leave to allow plaintiff to amend her Complaint despite the importance of the amendment to her claim, because she gave no explanation for her delay, allowing the amendment would have prejudiced the defendant, and a continuance would disrupt a long-set trial schedule.

### E. The Alternative of a Continuance is Unsatisfactory

The parties are in the end stages of this case, motions for summary judgment have been filed, the pretrial conference has been long set, and trial has been long set. Plaintiff's grossly inflated claims should be disposed of without further delay.

F.   **Conclusion**

For the reasons stated above, defendants pray that their Motion be granted, and plaintiff's untimely Answer to defendants' counterclaims be stricken and have no further effect in this litigation.

A proposed form of Order is submitted herewith.

                                                      Respectfully Submitted,

                                                    /s/ Richard T. Seymour
Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
    rick@rickseymourlaw.net
    (202) 785-2145 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Facsimile

*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*


/s/Bradley S. Groce
DAVID V. BATT, #2849
BRADLEY S. GROCE, #26037
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

*Attorneys for Defendants Alan Fuchsberg and the Jacob D. Fuchsberg Law Firm*

                                    **LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

                                    */s/Brian A. Gilbert*
                                    2030 St. Charles Avenue
                                    New Orleans, Louisiana 70130
                                    Telephone: (504) 598-1000
                                    Facsimile: (504) 524-1024
                                    bgilbert@briangilbertlaw.com

                                    *Attorney for improperly named individual*
                                    *Defendant Brian A. Gilbert, and Defendant Law*
                                    *Office of Brian A. Gilbert, P.L.C.*

Dated:  October 21, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2011, I served a copy of the Seymour, Fuchsberg & Gilbert Defendants' Memorandum in Support of Their Motion to Strike Plaintiff's Untimely Answer on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

>Andrew C. Wilson, Esq.
>Simon, Peragine, Smith & Redfearn, L.L.P.
>30th Floor - Energy Centre
>1l00 Poydras Street
>New Orleans, LA 70163-3000

>/s/ Richard T. Seymour
>Richard T. Seymour
>*Attorney for Defendants Richard T. Seymour and [misnamed]"Richard T. Seymour P.L.L.C."*