UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION |
| PERTAINS TO: BARGE | * <br> * <br> * | NO. 05-4182<br>and consolidated cases |
| | * | SECTION "K" (2) |
| Weisler v. Seymour, et al.   09-2737 | * <br> * <br> * <br> * <br> * <br> * | JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION OF PLAINTIFF, DR. RICHARD H. WEISLER,
TO MOTION FOR PARTIAL SUMMARY JUDGMENT [20502] BY DEFENDANTS,
<u>BRIAN A. GILBERT AND LAW OFFICE OF BRIAN A. GILBERT, P.L.C.</u>**

**MAY IT PLEASE THE COURT:**

  Defendants, Brian A. Gilbert and the law office of Brian A. Gilbert, P.L.C. ("the Gilbert Defendants") have moved for summary judgment on three basis: (1) agency; (2) disregard of corporate status; and (3) applicability of the Louisiana Open Account Statute to the claims of the Plaintiff, Dr. Richard Weisler.  As will be shown below, the Gilbert Defendants' Motion has no chance of survival because of the Defendants' endless stream of e-mails which completely undermine, if not "torpedo" the Gilbert Defendants'

Motion which should be denied.

## Agency Problems

The Gilbert Defendants attempt to seriously suggest that Defendant, Alan Fuchsberg, was not acting on behalf of the Gilbert Defendants as well as the entire "group of attorneys" when he initially contacted Dr. Weisler.  Initially, it appears that the Gilbert Defendants are attempting to toss Mr. Fuchsberg "under the bus," admitting that there was a contract but that the Gilbert Defendants were not bound by it.  While Plaintiff would agree that Defendant, Alan Fuchsberg, and Defendant, the Jacob Fuchsberg law firm, are indeed liable for all of Dr. Weisler's fees, there is no question that under the facts, Mr. Fuchsberg made it clear from the start that he was acting on behalf of "a group of attorneys" and that the Gilbert Defendants would quickly reveal that they were part of that "group."

First, Mr. Fuchsberg contacted Dr. Weisler on September 26, 2008 in an e-mail specifically indicating that he was acting on behalf of a "group of attorneys."[1]  Next, after speaking with Dr. Weisler and another psychiatrist, Dr. Mark Townsend, Mr. Fuchsberg immediately contacted the members of the "group", which included the Gilbert Defendants, to advise of the "good news" that he had retained these two psychiatrists for the "group."[2]  At that point in time, the Gilbert Defendants could have disassociated themselves from the "group" or from the arrangement with Dr. Weisler and Dr. Townsend. Instead, the Gilbert Defendants immediately revealed themselves as direct principles and

---

[1]     Exhibit No. 5.
[2]     Exhibit No. 1.

2

began to communicate directly with, not only Dr. Weisler[3] and Townsend[4], but also with Dr. Jill Hayes and Dr. Phillip Griffin.[5]  Consequently, any attempt by the Gilbert Defendants to suggest that Defendant, Alan Fuchsberg, was not acting as the agent on behalf of the "group", including the Gilbert Defendants, is completely false, since all of the members of the "group" disclosed themselves.   It remains unclear as to why the Gilbert Defendants would even file a Motion along these lines.

### Individual/Corporate Capacity

Defendant, Brian A. Gilbert, attempts to suggest that he never acted in his individual capacity during the course of the project. Nothing could be further from the truth.  As the attached list of e-mail exchanges between the mental healthcare providers and "fishkat@cox.net", the personal email address of Defendant, Brian A. Gilbert, reflects, Brian A. Gilbert delve into every aspect of the "emotional injury subclass" project at every level.  As the "subject" lines reflect, Mr. Gilbert, in his individual capacity, became involved "hands on" in: the interviews scheduled for the selected representative plaintiffs; the Defendants' choice of Dr. Weisler as the "single point of entry," or representative of the mental health providers team (referenced by the subject "A Psychologist and a Suggestion"); the legal issues and facts to establish recovery of "mental health damages"; the finalization of the "emotional damages report;" and Dr. Weisler's "Duke legal fee schedule".   Oftentimes the Gilbert Defendants would use both Brian Gilbert's individual "fishkat@cox.net" e-mail address, as well as the law firm's

---

[3] Exhibit No. 6.
[4] Exhibit No. 7
[5] Exhibit No. 8

e-mail address in the same e-mail, merging the identities of the two.[6]  Eventually, Mr. Gilbert would not only acknowledge his joint indebtedness to both Dr. Townsend and Dr. Weisler, but would attempt to negotiate the amount owed by "the group of attorneys" downward, although as the attached e-mail reflects, Dr. Townsend would not agree to this.[7]  Consequently, under the facts alone, the Gilbert Defendants' Motion should be denied on this issue as well.   Likewise, under the applicable law, where an individual has merged his identity with whatever corporate entity he is acting, the separate corporate identity is not recognized.[8]  There are several factors a court looks to in order to determine whether or not to pierce the corporate veil.  "The question of whether to pierce the corporate veil is primarily one of fact."[9]   I order for the corporate veil to be pierced, the corporation must be either an "alter ego" of the shareholder/directors, or, the corporate shareholders have disregarded the requisite corporate formalities to the extent that the corporation ceases to be distinguishable from its shareholders.[10]  Further, a finding of control or domination of a corporation by an individual or a corporate entity in the use of the corporate fiction are necessary prerequisites to the application of the alter ego theory of liability.[11]

As the evidence reflects, particularly, the e-mails sent by Defendant, Brian Gilbert, from his personal e-mail address, he was not observing the "corporate fiction."  Nor did

---

[6]  Exhibit No. 4
[7]  Exhibit No. 9
[8]  *See*
[9]  *LeBlanc v. Opt, Inc.*, 421 So.2d 984, 989 (La. App. 3d Cir. 1982)
[10] *Riggins v. Dixie Shoring Company, Inc.*, 590 So.2d 1164, 1167 (La. 1991)
[11] *Talen's Landing, Inc. v. M/V Venture, II*, 656 F.2d 1157, 1161 (5th Cir. 1981); *Noe v. Roussel*, 310 So.2d 806, 826 (La. 1975)

he ever indicate to Dr. Weisler that he was only acting in his capacity as a member of his law firm.  Consequently, there are numerous questions of fact, almost all of which are contested, which would bar summary judgment on this issue, as well. Accordingly, the Gilbert Defendants' Motion should be denied on this legal basis as well.

## This is an Open Account

The Gilbert Defendants also attempt to deny the existence of an "open account" insofar as Dr. Weisler's unpaid multiple invoices are concerned. First, the Gilbert Defendants wrongfully suggest that there is no contract between Dr. Weisler and "the group of attorneys."  Nothing could be further from the truth.  In a lengthy e-mail to the "group", Defendant, Richard Seymour, accidentally establishes each and every element of the Defendants' contractual liability to Dr. Weisler.[12]  In addition, the efforts of Defendant, Brian A. Gilbert, to reduce the "group's" liability to Dr. Weisler as confirmed in his e-mail,[13] confirms that the Gilbert Defendants were also aware of their contractual liability to Dr. Weisler and thus, the existence of the contract.  Consequently, the initial premise of the Gilbert Defendants' "open account" argument is baseless.

The Gilbert Defendant next wrongfully suggests that "there was no meeting of the minds as to whom was contracting at the time that an oral contract was formed with Mr. Fuchsberg."  In reality, as set forth above, Mr. Fuchsberg immediately contacted the "group of attorneys" to advise that he had retained Dr. Weisler and Dr. Townsend on their behalf and the Gilbert Defendants began to immediately communicate directly with the

---

[12] Exhibit No. 10
[13] Exhibit No. 9

mental healthcare providers involved in the "emotional injury subclass" team.  Finally, the mental healthcare providers were also told to send their invoices to the BSPLC of which the Gilbert Defendants were members.[14]  Consequently, the Gilbert Defendants attempt to ignore the facts and admissions established by their own e-mails.

Finally, the Gilbert Defendants attempt to rely upon jurisprudence related to construction contracts which involve a different burden of proof then contracts for professional services, such as expert witness fees which are at issue here.  More importantly, the Gilbert Defendants rely upon a line of cases following the Louisiana Fourth Circuit decision *Acme Windows Cleaners v. Natal Construction Company*,[15]  That decision listed the following factors to be considered as guidelines for determining when the course of dealing between parties may be designated as an "open account":

1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there were on-going or current dealings; and
4. Whether there are expectations of other dealings.[16]

What the Gilbert Defendants apparently don't realize is that this specific holding and four factors was explicitly rejected and overruled by the Fourth Circuit in, *Robert Half of Louisiana, Inc. v. Citizen's Consulting, Inc.*[17].  In *Robert Half,* the Fourth Circuit Concluded that those factors were contrary to the wording of La. R.S. 9:2781(D) which provides as follows:

---

[14] Exhibit No. 2
[15] 95-0448 (La. App. 4 Cir. 8/23/95), 660 So.2d 926.
[16] *Id.*
[17] 00-2415 (La. App. 4 Cir. 10/3/01), 798 So.2d 1124.

6

> D. For the purposes of this Section and Code of Civil Procedure Art. 1702 and 4916, "open account" includes any account for which a part or all of the balances past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties' expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney's fees shall be paid on open accounts owed to the State.

Significantly, in *Robert Half*, that matter involved professional services, as here, which the Fourth Circuit held were "expressly covered by the statute," and not a construction contract, as was the case with much of the prior jurisprudence. The Fourth Circuit also noted that there was "no written contract entered into between the parties," as is the case here. Perhaps more importantly, the Louisiana Supreme Court has made it clear that the "four factors" are no longer relevant. As the Supreme Court stated in, *Frey Plumbing Company, Inc. v. Foster*[18]:

> In summary, we conclude La. R.S. 9:2781(D) must be applied as written. Under a plain reading of that statute, there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions. To the extent the prior case law has imposed any requirements which are inconsistent with the clear language of La. R.S. 9:2781(D), those cases are overruled.

Essentially, this statement by the Louisiana Supreme Court means that, at a minimum, Dr. Weisler should be entitled to partial summary judgment to the effect that the agreement between the parties was a contract on an "open account". Based upon the Defendants' collective showing to date, it may be that Dr. Weisler is also entitled to

---

[18] 2007-1091 (La. 2/26/08), 996 So.2d 969, 973

recovery of the full amount of his invoices, as well as attorney's fees in pursuing same.

## CONCLUSION

Based on the foregoing, Plaintiff, Dr. Richard H. Weisler, submits that the Gilbert Defendants' Motion for Summary Judgment should be denied on all three bases based on the undisputed facts as established by the Gilbert Defendants' own e-mails as well as those of the other Defendants, as well as under the applicable law.

Respectfully submitted,

\_\_\_/s/ Andrew C. Wilson_____
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Susan F. Clade (1033)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

\_\_\_/s/ Andrew C. Wilson_____

N:\DATA\N\50182001\Pleadings\Opposition to MSJ Brian Gilbert.docx