# MEMORANDUM OF UNDERSTANDING

**THIS MEMORANDUM OF UNDERSTANDING (MOU)** is made effective as of the _____day of _____ 2008 (the "Effective Date") by and among Lawrence D. Wiedemann, Esq., Patrick Sanders, Esq., and Brian A. Gilbert, Esq., 821 Baronne Street, New Orleans, Louisiana (hereafter referred to as the New Orleans team); Allen Fuchsberg, Esq., and Leslie Kelmachter, Esq., 500 Fifth Avenue, New York, New York; Richard T. Seymour, Esq., 1150 Connecticut Avenue N.W., Suite 900, Washington, D.C. (hereafter referred to as the Fuchsberg team); Lawrence A. Wilson, Esq. and David W. Druker, Esq., 233 Broadway, New York, New York (hereafter referred to as the Wilson team) (collectively, the "Parties", and each individually, a "Party").

 **WHEREAS**, the Parties wish to explore, evaluate and to jointly prosecute legal action for claims including private property damages, business losses caused by the property damage, business interruption, environmental cleanup, selected personal injuries, emotional damages and other related claims in connection with the flooding of that certain area of New Orleans, Louisiana known as "The Ninth Ward" as a result of the breach of the Industrial Canal in the aftermath of Hurricane Katrina by Barge ING4727 owned by the Ingram Barge Company, by filing one or more complaints against any entity or entities sought to be held liable for the damages outlined above without limitation, in the appropriate courts, on behalf of residents, former residents, and property owners (the "Ninth Ward Residents") within the affected area of the City of New Orleans, Louisiana.  This agreement will cover any other clients who hire any party to this agreement and are affected by the flooding that occurred as described above as well any other claims, whether ripe at the time of the Effective Date of this agreement or thereafter, brought against any other entity or entities sought to be held liable for these damages.  The litigation is hereafter referred to herein as the Hurricane Katrina Barge Litigation

 **WHEREAS**, in addition to individual lawsuits, the Parties wish to explore any issues that are suitable for mass tort and/or class action treatment, with any such actions to be considered as part of the Hurricane Katrina Barge Litigation under this MOU;

 **WHEREAS**, Lawrence D. Wiedemann, Esq., Patrick Sanders, Esq., and Brian A. Gilbert, Esq.,  currently represent several thousand of the Ninth Ward Residents and already have performed work, labor and services and expended substantial funds in connection with the Hurricane Katrina Barge Litigation, and additional Ninth Ward Residents have requested assistance and representation in connection with the Hurricane Katrina Barge Litigation and therefore Lawrence D. Wiedemann, Esq., Patrick Sanders, Esq., and Brian A. Gilbert, Esq. through this MOU seek to associate themselves with the Fuchsberg Team and with the Wilson Team.

 **NOW, THEREFORE**, in consideration of the above premise, the mutual promises and covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Joint Venture.  Upon execution of this MOU, the Parties hereby establish a Joint Venture


EXHIBIT 3

between them to be known as the Hurricane Katrina Barge Litigation Joint Venture. The purpose of the Hurricane Katrina Barge Litigation Joint Venture is for the Parties to work together on the litigation as described above. The Parties shall appear in the litigation as **Lawrence D. Wiedemann & Associates** and the relationship between the Parties shall be as set forth in this MOU. Additional Parties that may be added to this MOU in accordance with provisions hereof shall become members of the Hurricane Katrina Barge Litigation Joint Venture.

2. Scope and Confidentiality. The scope of the Hurricane Katrina Barge Litigation covered by this agreement shall not be expanded to cover other unrelated claims, nor shall Parties to the agreement take on independent representation of clients with claims similar or related to those being brought in the Hurricane Katrina Barge Litigation, without the approval of the Executive Committee. All internal communications and activities conducted between and among the Parties, including this MOU, will be treated confidentially by the Parties except as otherwise provided by law or as otherwise provided hereunder with respect to enforcement of this MOU.

3. Executive Committee.

a.  Establishment and Membership. The Parties hereby establish an Executive Committee (the "EC") consisting of one voting member from each of the aforedescribed "teams" with voting rights as follows:

| | |
|---|---|
| The New Orleans team | 2 votes |
| The Fuchsberg team | 2 votes |
| The Wilson team | 1 vote |

If an additional Party or Parties join this agreement, its degree of representation on the EC will be determined by the then existing EC. Each Party shall have the right to substitute its voting person on the EC from time to time as it deems appropriate without prior notice to the other Parties.

b.  Function. The EC will oversee all aspects of the Hurricane Katrina Barge Litigation, including coordinating the filing of claims, setting case strategy, allocating work (including, for example, discovery, oral argument and briefing) and overseeing any settlement of the Hurricane Katrina Barge Litigation. Except as otherwise provided in this agreement, the EC is the final, non-appealable decision maker with respect to all questions and issues that may arise with respect to this MOU and its implementation, and its decisions are final, with the understanding that the EC shall use their best efforts in good faith to fulfill the scope and intent of this MOU. The EC will make decisions by consensus; provided, however, if a consensus cannot be reached, decisions will be made by a majority vote. Any Party who receives a settlement overture in the Hurricane Katrina Barge Litigation from any defendant will immediately notify the EC. Settlement overtures to defendants in any Hurricane Katrina Barge Litigation matter will be made only through the Negotiations and Settlement Committee, with the prior consent of the EC

c.  Committees. The EC may, as it deems appropriate, appoint the following committees

from among the Parties to assist with the management and prosecution of the Hurricane Katrina Barge Litigation:

      i.    Legal Committee: Responsible for developing overall Hurricane Katrina Barge Litigation themes, for drafting the complaint, and for all written and oral argument.

      ii.    Discovery Committee: Responsible for developing a theme-based discovery plan, for drafting and responding to written discovery, for identification of deponents, scheduling and preparation for depositions.

      iii.    Discovery Negotiations and Deposition Committee: Responsible for communications and negotiations with opposing counsel on discovery issues and for taking and defending depositions.

      iv.    Science/Experts Committee: Responsible for identifying and developing scientific themes and evidence to support the Hurricane Katrina Barge Litigation and for coordinating the efforts of consulting and testifying experts.

      v.    Document Repository Committee: Responsible for collecting and maintaining documentary evidence and support for the Hurricane Katrina Barge Litigation and for organizing documents according to the Hurricane Katrina Barge Litigation themes.

      vi.    Negotiations and Settlement Committee: Responsible for all communications and negotiations with opposing counsel, including all settlement discussions and strategy.

      vii. Public/Client Relations Committee: Responsible for coordinating public relations efforts, including client, community and press relations.

      viii. Government Relations Committee: Responsible for coordinating communications and negotiations with Federal, State and Local government agencies, elected officials and political appointees.

Committee assignments will be made by the EC and adjusted as necessary during the course of the Hurricane Katrina Barge Litigation, provided that the Wilson team shall have the right but not the obligation to participate on all Committees and will not be required to accept or perform assignments for which they do not have the resources or expertise.

4. Additional Counsel.

By mutual agreement between the Parties additional counsel may be selected to assist in providing funding for litigation expenses, providing attorneys or other staff to share in the work load, or providing local counsel for the Hurricane Katrina Barge Litigation. Such additional counsel shall have the rights and obligations of a Party hereunder upon their execution of this MOU and their agreement to be bound by the provisions hereof.

5. Costs.

a.  Costs Allocation. The Parties recognize that the New Orleans team has prior to the Effective Date herein incurred common costs or disbursements (common costs include filing fees, expert fees, deposition costs, document production costs, reasonable travel costs, research costs) in the prosecution of this litigation in excess of $300,000.00. After the Effective date, the Fuchsberg Team shall fund the continuing costs of the litigation. (The Parties agree that all Parties shall advance their travel expenses and be reimbursed at the conclusion of the litigation). The Parties are aware and recognize these financial commitments and that the fee sharing agreement below is made in recognition of these commitments and reflects these commitments. The Parties recognize and agree that the Fuchsberg Team will look to outside funding sources for additional funding as needed. The Parties are aware that the continuing common cost requirements may well exceed $1 million.

b.  Associated Counsel. Unless covered by another provision to this agreement, a Party, with the approval of the EC, may associate counsel to assist that party in the performance of its obligations under the MOU; provided however, that any reimbursement of costs or fee-sharing with such associated counsel must be accomplished by the associating Party from the associating Party's financial entitlements, if any, under the MOU pursuant to agreement between associated counsel and the associating Party, and provided further, that no other Party shall be held directly liable for any costs or expenses attributable to another Party's associated counsel. Further, no associated counsel shall have any right to a direct claim against any Party other than its associating Party for fees or expenses related to work performed in furtherance of the Hurricane Katrina Barge Litigation. This paragraph does not apply to additional counsel added as a Party pursuant to Section 3 hereof.

6. Fee Allocation.

a.  Formula. If there is a Fee and/or Expense Award in the Hurricane Katrina Barge Litigation, the Parties' common costs (disbursements) will be paid first from any fee and/or expense award(s). Reasonable non-common costs borne by each Party, other than firm "overhead" costs, will be paid next from any fee and/or expense award, subject to review and approval by the EC. The balance will constitute "Fees".

The Fees will be allocated as follows:

| | |
|---|---|
| The New Orleans Team | 60% |
| The Fuchsberg Team | 28% |
| The Wilson Team | 12% |

Any proceeds of any judgment or settlement of the Hurricane Katrina Barge Litigation, shall go to The New Orleans team, which shall be responsible for the distribution of the proceeds to the clients and to counsel, as set forth above. The New Orleans team shall pay to all other Parties to this agreement their portion of the Fees within thirty (30) business days after distribution of the costs and recovery to clients.

b.     Definition of "fee and/or expense award". "Fee and/or expense award" shall include any and all collected monetary awards against or from any defendants pertaining to the Hurricane Katrina Barge Litigation, less amounts distributed or to be distributed to clients, whether they are court awarded fees and/or costs or expenses, a percentage of settlement or judgment, or a combination of both, under the Parties' past, current or future fee or retainer agreements with clients, or as provided under applicable orders, provisions of law, or rules pertaining to awards of fees, costs, and/or expenses in class actions, if applicable, in the Hurricane Katrina Barge Litigation. All parties agree to submit their time and expenses as needed for court awards, but the terms of this MOU/Joint Venture and not the court award, if any, will determine the distribution of the total fees and costs recovered in any event.

c.     Cost records. Each Party shall maintain monthly records of their common and non-common costs that are subject to reimbursement hereunder, which shall be made available upon demand to any other Party.

7. Mutual Release. In consideration of the mutual covenants and promises contained herein, the Parties hereby forever discharge each other, their respective employees, attorneys and other agents, from all manner of actions, causes of action, suits, debts, dues and sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims and demands whatsoever, in law or inequity, known or unknown, matured or unmatured, accrued or unaccrued, which the Parties ever had or now have by reason of any manner, cause, or thing whatsoever relating to, referring to, arising out of, or in connection with the facts, circumstances, or occurrences of the relationship or any other dealings between the Parties concerning the subject matter of the Hurricane Katrina Barge Litigation; provided that the release contained in this paragraph shall not cover or release the breach of any obligations created because of this MOU.

8. Authority to Execute Memorandum of Understanding. The Parties covenant and represent that the individuals signing on their behalf are legally empowered to enter into and execute this MOU and to carry out the obligations and undertakings provided herein.

9. Representation by Counsel. The Parties acknowledge that they have had the opportunity to consult with counsel of their own choosing prior to executing this MOU and that they knowingly and voluntarily have executed this MOU.

10. Participation By Counsel. The Parties acknowledge that counsel for all Parties participated in the review of this MOU, and that this MOU is not to be construed for or against any party.

11. Waiver. No waiver, by conduct or otherwise, by any party of any term, provision, or condition of this MOU, shall be deemed or construed as a further or continuing waiver of any such term, provision, or condition nor as a waiver of a similar or dissimilar condition or provision at the same time or at any prior or subsequent time.

12. Governing Law. This MOU shall be construed according to the laws of the State of New York without regard to its choice of law principles. The Parties agree that any action at law, suit in equity, or other judicial proceeding for the enforcement of this MOU or any provision thereof shall be instituted and prosecuted only in the state and federal courts of the State of New York, which shall be the exclusive venues for such action, suit, or other proceeding. The Parties hereby consent to personal jurisdiction in the state and federal courts of the State of New York and waive any and all rights to change of venue with respect to such actions, suits, or proceedings.

13. Notice. Any notice contemplated by, or made pursuant to, this MOU shall be in writing and shall be sent via overnight delivery to the party intended to receive the notice at its address shown at the beginning of this MOU or such other address as shall be designated by that party upon at least ten days' prior written notice.

14. Modifications. This MOU may not be modified or amended at any time unless such modification or amendment is in writing, signed by the Parties.

15. Entire Memorandum of Understanding. This MOU constitutes the complete and entire agreement and understanding by and among the Parties and supercedes any and all prior agreements. No representations, promises, agreements, or understandings, written or oral, relating to the distribution of costs, expenses, and attorneys fees concerning the Hurricane Katrina Barge Litigation not contained herein shall be of any force or effect.

IN WITNESS WHEREOF, the parties hereto have executed this MOU, under seal, as of the Effective Date set forth above.

**The New Orleans Team**

_____
Lawrence D. Wiedemann, Esq.,

_____
Patrick Sanders, Esq.,

_____
Brian A. Gilbert, Esq.

**The Fuchsberg Team**

_____
Allen Fuchsberg, Esq.

_____
Leslie Kelmachter, Esq.,

_____
Richard T. Seymour, Esq.

**The Wilson Team**

_____
Lawrence A. Wilson, Esq.

_____
David W. Druker, Esq.