UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: BARGE | and consolidated cases |
| | SECTION "K" (2) |
| *Weisler v. Seymour, et al.* **09-2737** | |

\* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO GILBERT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come defendants, Alan Fuchsberg and the Jacob D. Fuchsberg Law Firm (hereinafter the "Fuchsberg defendants"), which submit this Memorandum in Opposition to Gilbert's Motion for Partial Summary Judgment, as follows:

The co-defendants, Brian A. Gilbert and the Law Office of Brian A. Gilbert, P.L.C. (hereinafter the "Gilbert defendants") filed the Motion for Partial Summary Judgment (Document 20502). In the Gilbert defendants' motion, an allegation is made that the Gilbert defendants should not be found liable in this lawsuit, as Alan Fuchsberg had no authority to contact plaintiff regarding expert witness services in the Barge P.L.S.C. The Fuchsberg defendants submit this Memorandum in Opposition to Gilbert's Motion for Partial Summary Judgment to refute this allegation.

First, the Fuchsberg defendants assert that no contract was formed wherein plaintiff agreed to provide expert services in connection with this litigation. There was no meeting of the minds required to establish such a contract. Thus, plaintiff's suit is thus without merit and should be dismissed.

Secondly, assuming that this court finds that a contract was formed, the Fuchsberg defendants oppose the Gilbert defendants' allegation that the Gilbert defendants should not be found liable in this lawsuit, as Alan Fuchsberg had no authority to contact plaintiff regarding expert witness services in the Barge P.L.S.C. Such allegation is wholly untrue and is not based on a reasonable appreciation of the facts of this matter. In fact, Alan Fuchsberg's first contact with Dr. Weisler was made following an agreement of co-counsel including, Brian Gilbert, Rick Seymour, Larry Weidemann, and Alan Fuchsberg to contact persons to potentially be experts in the Barge litigation. At the first contact with Dr. Weisler, Mr. Fuchsberg made it clear that his contact was on behalf of a group

of lawyers, as stated in Dr. Weisler's deposition, which is cited in the Gilbert defendants' motion. As the details of the proposed project unfolded, it is clear that Mr. Fuchberg contacted Dr. Weisler for information regarding expert services in connection with the Barge P.L.S.C. It is undisputed that the Gilbert defendants were counsel for plaintiffs in the Barge litigation and were participants in seeking an expert.

The Gilbert defendants' involvement in the conversations with Dr. Weisler are evident and obvious in the attachments to the Gilbert defendants' own motion. For example, an email from Dr. Weisler dated June 19, 2008 is attached to the Gilbert defendants' motion. That email is addressed to Brian Gilbert, Rick Seymour, Lawrence Wiedeman and Alan Fuchsberg. Similarly, the Gilbert defendants' attached an email of August 4, 2008 from Dr. Townsend to Richard Weisler, Brian Gilbert, Rick Seymour, Lawrence Wiedeman and Alan Fuchsberg (among others).

Notably, voluminous emails exist between Brian Gilbert and plaintiff, among others, which demonstrate Brian Gilbert's involvement in this matter. The Gilbert defendants' involvement with Dr. Weisler is further evident, as Brian Gilbert never sent any emails stating that he did not agree to contact or hire Dr. Weisler. Similarly, Brian Gilbert never sent any emails objecting to Alan Fuchsberg's contact of Dr. Weisler, or the use of Dr. Weisler. Thus, even if Alan Fuchsberg did not have authority to contact Dr. Weisler, which the Fuchsberg defendants dispute, by their own actions of communicating with and directing Dr. Weisler, the Gilbert defendants ratified or accepted the Fuchsberg

3

defendants bringing in Dr. Weisler for interviews to potentially become an expert in the Barge P.L.S.C.

The members of the Barge P.L.S.C. decided to attempt the certification of an emotional injury subclass in the Barge litigation, and that an expert would be required. For example, in an email dated May 16, 2008 sent by Brian Gilbert to the co-defendants, (attached as Exhibit "A"), it is clear that Brian Gilbert was working to set up psychological evaluations for the use of proposed experts. Also, please see the Affidavit of Alan Fuchsberg attached. To suggest that the Gilbert defendants did not authorize and accept Alan Fuchsberg contacting experts, including Dr. Weisler, is simply untrue. It is only after the Gilbert defendants were sued by Dr. Weisler that they assert this agency theory seeking a dismissal from this suit. To suggest that the Gilbert defendants are not liable because Alan Fuchsberg had no authority to act is without merit.

Again, the Fuchsberg defendants assert that this matter is without merit and should be dismissed, as no contract was formed between plaintiff and any of the named defendants due, in part, to a lack of a meeting of the minds required to form a contract. However, should this court find that a contract exists, it is clear that Brian Gilbert was involved as a member of the Barge P.L.S.C., and that Brian Gilbert agreed collectively with the co-defendants, including the Fuchsberg defendants, to contact potential experts regarding the Barge litigation. Brian Gilbert cannot now say that Alan Fuchsberg had no authority to do so. Should this court render a judgment against the named defendants

herein, the Gilbert defendants cannot be permitted to escape liability by saying that Alan Fuchsberg acted without authority.

**WHEREFORE,** to the extent that the Gilbert defendants assert that Alan Fuchsberg had no authority to contact plaintiff regarding expert witness services in the Barge P.L.S.C., the Fuchsberg defendants oppose the Gilbert defendants' Motion for Partial Summary Judgment.

Respectfully submitted,

*s/Bradley S. Groce*

_____
DAVID V. BATT, #2849
BRADLEY S. GROCE, #26037
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

***CERTIFICATE OF SERVICE***

I do hereby certify that I have on this 25 day of October, 2011, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

*s/Bradley S. Groce*
_____

5