UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION |
| PERTAINS TO: BARGE | * <br> * <br> * | NO. 05-4182<br>and consolidated cases |
| Weisler v. Seymour, et al.  09-2737 | * <br> * <br> * <br> * <br> * <br> * | SECTION "K" (2)<br><br>JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF, DR. RICHARD H. WEISLER'S, MEMORANDUM IN
OPPOSITION TO SEYMOUR DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON "OPEN ACCOUNT" [20504]**

**MAY IT PLEASE THE COURT:**

Some of the Defendants in this matter, Richard T. Seymour and Richard T. Seymour, P.L.L.C. (The "Seymour Defendants"), joined by Defendants, Allan Fuchsberg and the Jack D. Fuchsberg law firm (the "Fuchsberg Defendants") have filed a Motion for Summary Judgment [20504] related to the "open account" claim of Plaintiff, Dr. Richard H. Weisler, which is based on the Louisiana Open Account Statute.[1]   Dr. Weisler has filed a separate cross Motion for Partial Summary Judgment seeking to establish that his claim

---

[1]   La.R.S. 9:2781

for unpaid expert witness fees indeed constitutes an "open account" under the applicable law.  Both of these Motions are set for Hearing on November 2, 2011.

From the opening line of their Memorandum in support of their Motion, it becomes painfully obvious that the Defendant's Motion is fatally flawed.  This first line reads, "Plaintiff's Motion is simple."  The first problem with this statement is that the Defendants are not the Plaintiff unless this statement is an admission that the Plaintiff's Cross-Motion is, in fact, "simple", and should be granted.  This aside, the second problem with this initial statement is that the Defendants' Motion is so simplistic that it should be denied.  It is lacking for what it is based upon, i.e., inadmissible evidence as well as improperly labeled evidence, and, for what it omits, i.e., the detailed narrative summary which the Defendants demanded of Dr. Weisler and which he provided long ago to explain any gaps in understanding as to what he did for the Defendants.  If the Defendants' inadmissible evidence is eliminated and the relevant evidence of billings submitted by Dr. Weisler is then examined, it is apparent that the Defendant's Motion should be denied and Dr. Weisler's cross-motion should be granted.

## Problematic Exhibits

In support of their Motion, the Defendants have attached, *inter alia*, what is purportedly the "first invoice" of Dr. Mark Townsend[2], a psychiatrist who was retained at the same time as Dr. Weisler by the Defendants at a rate of $600.00 per hour, the same rate

---

[2]   Defendants' Exhibit No. 5.

2

Dr. Weisler charged. As the attached Affidavit of Dr. Townsend[3] reflects, this is *not* his first invoice, but his second invoice[4]. The Defendants have also attached to their Motion an Exhibit No. 6 which is supposedly Dr. Townsend's "final invoice." The Defendants submit the latter as an example of what they would have agreed to pay. Oddly and in reality, Defendants' Exhibit No. 6 is actually Dr. Weisler's interim invoice dated December 2, 2008, which the Defendants have *refused* to pay. Consequently, the Defendants are now caught in the conundrum of presenting an invoice as appropriate to pay, while at the same time refusing to pay the same invoice because they claim it is inappropriate to pay it.

Compounding the Defendants' conundrum is the fact that the Defendants agreed to pay Dr. Townsend's actual "first interim invoice" which is also attached to Dr. Townsend's Affidavit[5]. As is readily apparent, Dr. Townsend's initial invoice contains little in the way of detail concerning his activities. His invoice had no attachments or contemporaneous billing records. His invoice also contains multiple entries for which both hourly blocks and half hour blocks are indicated and provides similar amounts of time as Dr. Weisler charged for similar activities. Comparing the Defendants' attached exhibits and omitted exhibits completely undermines all of the Defendants' contentions concerning the Defendants' feigned "problems" with Dr. Weisler's invoices. Stated succinctly, it is apparent that the Defendants simply didn't want to pay Dr. Weisler's invoices, particularly

---

[3]   Plaintiff's Exhibit No. 1.

[4]   Exhibit No. 1B.

[5]   Exhibit No. 1A.

after they had unilaterally abandoned their "emotional injury subclass" for which Dr. Weisler had been retained, and after the Khorammi firm refused to found the "emotional injury subclass." The Defendants are simply attempting to create new reaons not to pay Dr. Weisler long after the fact.

Indeed, if one compares Dr. Townsend's "first interim invoice" with the other health care providers involved, i.e., Dr. Phillip Griffin[6], Dr. Joy Osofosky and Dr. Howard Osofosky,[7] it is apparent that although these other mental health care providers set forth sufficient detail on their invoices, certainly in line with the level of detail in Dr. Townsend's initial invoice, the Defendants have still refused to pay any of these mental health care providers. In fact, Defendant, Richard T. Seymour, has even refused to pay the invoice of medical records courier/investigator, Ronnie Montgomery,[8] which Mr. Seymour "personally guaranteed" by his own admission.[9]

In sum, the admissible evidence and documentation upon which Defendants' Motion relies is fraught with contested issues of material fact. This obviously requires that the Defendants' Motion be denied. Further, a quick comparison of the invoices attached to the Motion and the Opposition Memorandum, paid and unpaid, confirm that all of the Defendants' contentions and so-called "problems" with his invoices are mere sophistry at

---

[6] Exhibit No. "4".

[7] Exhibit No. "5".

[8] Exhibit No. "3".

[9] Exhibit No. "6".

best.

## Inadmissible Exhibits

In addition to the Defendants' problematic but admissible exhibits as set forth above, the Defendants have also attached exhibits that are clearly inadmissible under the Federal Rules of Evidence. In fact, they are absurd.

## An *Ad Hominem* Attack

The first objectionable document is Exhibit No. 10, which is the diatribe in the form of correspondence from Defendant, Richard T. Seymour, dated February 8, 2009, addressed to undersigned counsel. It is not a sworn statement, it is not a business record and it is completely false. This letter was generated after Dr. Weisler attempted to amicably confer with the Defendants in an effort to answer all of their questions concerning his invoices. Unfortunately, the Defendants took the opportunity at the conference to simply scream at Dr. Weisler and inform him that they would "ruin his reputation."

Significantly, at the time of the conference, Dr. Weisler was represented by undersigned counsel. The correspondence dated February 8, 2009 from Mr. Seymour clearly sets forth its purpose on the first page that "the matter of Dr. Weisler' statements can be resolved amicably." Consequently, putting aside the fact that the letter is filled with self-serving and false assertions, the letter represents an attempt at "compromise and offers to compromise" which is inadmissible under Rule 408 of the Federal Rules of

5

Evidence. As that rule reads in relevant part:

> Rule 408.  Compromise and Offers to Compromise.
>
> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to validity or amount, is not admissible to prove liability for or a validity of the claim or its amount.  Evidence of conduct or statements made in compromised negotiations is likewise not admissible. . .

Consistent with the plain language of Rule 408, the jurisprudence clearly indicates that when a party is represented by counsel, threatens litigation and has initiated first administrative steps in litigation, as Dr. Weisler had by that point in time, any offer made between attorneys will be presumed to be offers within the scope of evidentiary Rule 408, prohibiting the admission of evidence of offers to furnish valuable consideration to compromise a claim.  The party seeking admission of such an offer under those circumstances must therefore demonstrate convincingly that the offer was not an attempt to compromise the claim.[10]  This the Defendants cannot do and, accordingly, the Seymour Defendants' correspondence is inadmissible under Rule 408.

In addition, Dr. Weisler submits that the Seymour Defendants' correspondence is inadmissible for any number of other reasons set forth in the Federal Rules of Evidence. The letter is not relevant under Rule 401 since it is inherently false, and it does not make the "existence of any fact that is of consequence to the determination of the action more

---

[10]     *Pierce v. F.R. Trippler & Company,* 955 F. 2d 820 (2d Cir. 1992).

probable or less probable then it would be without the evidence." Obviously, if not relevant, it is inadmissible as under Rule 402, "(e)vidence which is not relevant is not admissible." Next, even if it were relevant, the letter is inadmissible under Rule 403, as "its probative value is substantially outweighed by the danger of unfair prejudice." This is because the letter is basically an "*ad hominem*" attack on Dr. Weisler, consistent with Mr. Seymour's later e-mail statement to the other members of the "group of attorneys" that he would attack Dr. Weisler's "self-esteem" in the letter. Finally, the letter constitutes rank hearsay as a statement made outside a court proceeding which is offered for the proof of its content and is therefore, inadmissible under Rule 801. Accordingly, for all these reasons, the Seymour Defendants' correspondence of February 9, 2009 should be ruled inadmissible and ignored.

## Son Of Seymour

As with the admissible evidence consisting of the invoices of Dr. Weisler and Dr. Townsend, the Defendants compound their situation here with more unreliable inadmissible evidence. The second highly irregular piece of evidence is the Seymour Defendants' "Declaration of Matthew M. Seymour."[11] As best as can be determined from the scant content of this document, it appears that the "Declarant" is the son of Defendant, Richard Seymour. In other words, instead of finding some person off the street who might have been at least somewhat objective to read and opine on Dr. Weisler's invoices, which would also be irrelevant, the Seymour Defendants have chosen a close relative to present

---

[11]  Exhibit No. "9" to Defendants" Motion.

an obviously biased opinion in favor of the Seymour Defendants. This is totally unnecessary as the invoices should speak for themselves and do not require the opinion of a lay person to inform the Court of the Seymour Defendants' opinions.

If this were not enough to render the "Declaration" inadmissible, it appears that young Seymour's only qualification is that he is over twenty-one and a "paralegal" in the Seymour Defendants' office. It is unclear what, if any, qualifications he might have, or, whether he even has a high school diploma. Certainly, from his lack of knowledge of the facts and his scant qualifications, if any, he would have no expertise in determining what should or should have not been attached to Dr. Weisler's invoices. The veracity of young Seymour's "Declaration" is further undermined by the fact that the Seymour Defendants apparently chose not to provide him with Dr. Weisler's detailed narrative summary[12], which provides all of the information which the Defendants requested concerning Dr. Weisler's invoices, to the extent it was not provided already. It is unclear at this time whether the Seymour Defendants' attachment of this Exhibit to their Motion was meant to push the limits of the absurd, or if they were truly serious in doing so.

In any event, under Rule 702 of the Federal Rules of Evidence, young Seymour's opinion is unreliable and therefore, inadmissible under *Daubert* and its prodigy[13]. Therefore, the Court should not consider it in deciding the pending Motion.[14] In addition,

---

[12]     Plaintiffs' Exhibit No. 2

[13]     *Daubert v. Merril Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1983); *Kumha Tire Company v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999).

[14]     *Dorra Homes, Inc. v. Epperson*, 344 F. Supp. 2d 875 (E.D. N.Y. 2004).

young Seymour's observations clearly constitute rank hearsay as an "out-of-court" statement offered for its truth and thus should be inadmissible under Federal Rules of Evidence 801.  Finally, the Trial Court may exercise its broad discretion to determine that this "affidavit" constitutes untrustworthy and unreliable hearsay as is the case here.[15]  Accordingly, this Exhibit should be stricken as well.

### Open Account

Finally, in terms of the applicable law, it should also be noted that the Defendants failed to address the changes in the applicable law.  At present, all that is required to establish an "open account" under Louisiana law is a contract for "professional services" and an unpaid balance.  The Plaintiffs have failed to address the applicable statutory law.[16]  In addition, the Louisiana Supreme Court has made this clear that there is no requirement for multiple transactions or expectations of future businesses.[17]  A more detailed summary of the applicable law is set out in Plaintiffs' Motion for Summary Judgment [20499].

---

[15] *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S. Ct. 439, 448-49 (1988); *City of New York v. Pullman, Inc.*, 662 F. 2d. 910, 914 (2d Cir. 1981) *cer. denied*, 454 U.S. 1164, 102 S. Ct. 1038 (1982).

[16] La. R.S.9: 2781D.

[17] *Frey Plumbing Company, Inc. v. Foster*, 2007-1091 (La. 2/26/08) 996 So. 2d. 969, 972.

## CONCLUSION

Based on the foregoing, Plaintiff, Dr. Richard Weisler, submits that the Defendants' Motion for Summary Judgment is fatally flawed in that it contains inherently conflicting and irreconcilable evidence which establishes sufficiently contested issues of material fact such that Defendants' Motion should be denied. In addition, Plaintiff submits that the Defendants improperly attached Exhibits which are clearly inadmissible should be stricken from the record under Rules 401, 402, 403, 702 and 801 of the Federal Rules of Evidence.  The Defendants' Motion also fails to address the problems with their Motion under the applicable law.  Accordingly, Plaintiff submits that his claims should be recognized as an "open account" in line with his separate cross-Motion for Summary Judgment.

Respectfully submitted,

___/s/ Andrew C. Wilson_____
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Susan F. Clade (1033)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 25, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        ___/s/ Andrew C. Wilson_____

N:\DATA\N\50182001\Pleadings\Memo in Opposition to MSJ.wpd