UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| Weisler v. Seymour, et al.   09-2737 | * | |
| | * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE OF PLAINTIFF, DR. RICHARD H. WEISLER,
PURSUANT TO L.R. 56.2 TO STATEMENT OF PURPORTED
FACTS [20504-1] ASSOCIATED WITH MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFF'S OPEN ACCOUNT CLAIM [20504] FILED BY
THE SEYMOUR DEFENDANTS AND JOINED BY THE FUCHSBURG DEFENDANTS**

**MAY IT PLEASE THE COURT:**

**STATEMENT OF MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.2 WHICH
PRESENT A GENUINE ISSUE FOR TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Dr. Richard H.

Weisler, and pursuant to Local Rule 56.2, submits the following statement of contested

material facts which present a genuine issue for trial.  Plaintiff first responds to those

facts presented by the Defendants in its prior listing pursuant to L.R. 56.1 and then adds additional contended facts, all as follows:

5.      Denied.   The Defendants have failed to insert a date for the submission of Dr. Mark Townsend's invoice [Exhibit No. 5] and thus, this fact is contested.

6.      Denied. The Defendants have failed to insert a date for the submission of Dr. Mark Townsend's invoice [Exhibit No. 6] and thus, this fact is contested. Additionally, this Exhibit is not Dr. Townsend's invoice, but rather, the invoice of Plaintiff, Dr. Weisler.

7.      Denied. Dr. Townsend's invoices contain little more in the way of detail than Dr. Weisler's invoices or those of the other medical providers whose invoices were paid or which the Defendants refused to pay. Also, Dr. Townsend provided no contemporaneous documentation of his billable time with his invoice, yet the Defendants paid it.

8.      denied. Dr. Weisler's final reconstruction of his time was performed after the Defendants advised that they would pay him if he provided more detail concerning his billings.  Dr. Weisler not only provided his final Revised February 3, 2009 invoice on February 4, 2009, but also previously provided a detailed narrative summary which is attached hereto as Plaintiffs' Exhibit No. 2.  For reasons that remain unclear, the Defendants attached this summary to Dr. Weisler's deposition transcript during his recent deposition, but then omitted the detailed summary in their motion for apparent strategic

reasons.

9.      Denied.  Dr. Townsend was only paid in full by March 9, 2009, after he

retained counsel and threatened litigation, and only after the Defendants

concluded that they might need a psychiatrist to testify on behalf of

individual claimants whom they represented.

10.     Denied.  This fact is denied as the Defendants did *not* attach all of Dr.

Weisler's records and instead, omitted his detailed summary of his activity.

11.     Denied.   Dr. Weisler's time records show all necessary information needed

by the Defendants to justify payment to Dr. Weisler in full.

12.     Denied as written.   None of the medical providers were requested to

provide information concerning "starting or ending times" as Dr.

Townsend's invoices, which the Defendants paid in full, reflect. (See

Defendant's Exhibit 5 and Plaintiff's Exhibit No. 1B)

13.     Denied.   Dr. Weisler's time records reflect the most accurate information

available under the time constraints for the project which constraints were

created entirely by the Defendants.

14.     Denied as written. Dr. Weisler's invoices of February 3, 2009, accurately

reflects his time, particularly when supplemented by his summary.   As to

the thirteen hours of time, the Seymour Defendants appear to have

forgotten the fact that Defendant, Richard Seymour, began sending e-mails

in the middle of the night on June 29, 2008, demanding that Dr. Weisler

immediately revise the entire report.

15.   Denied as written.   The information contained in Dr. Weisler's invoice of February 3, 2009, clearly shows the nature of the activities that were being conducted, as does his narrative summary.

16.   Denied as written.   The information contained in Dr. Weisler's invoice of February 3, 2009, clearly shows the nature of the activities that were being conducted, as does his narrative summary.

17.   Denied as written.   Dr. Weisler's narrative summary, as well as Dr. Weisler's final invoice of February 3, 2009, completely corroborate all time entries for June 27th and provide sufficient narrative information upon which Defendants could have based payment.

18.   Denied as written.   Dr. Weisler's narrative summary, as well as Dr. Weisler's final invoice of February 3, 2009, completely corroborate all time entries for June 27th and provide sufficient narrative information upon which Defendants could have based payment.

19.   Denied. Because of the time constraints created by the Defendants, Dr. Weisler used several methods of recording time spent on the Defendants' fully timed project.

20.   Denied. Because of the time constraints created by the Defendants, Dr. Weisler used several methods of recording time spent on the Defendants' fully timed project.   In addition, Plaintiff objects to the use of the

4

"Declaration of Matthew M. Seymour," as same constitutes inadmissible evidence, rank hearsay and the work product of what appears to be the son of Defendant.   There is no indication that the younger Seymour would have had any qualifications, knowledge, or unbiased insight into the meaning of the records at issue.

21.   Denied.   Because of the time constraints created by the Defendants, Dr. Weisler used several methods of recording time spent on the Defendants' fully timed project.   In addition, Plaintiff objects to the use of the "Declaration of Matthew M. Seymour," as same constitutes inadmissible evidence, rank hearsay and the work product of what appears to be the son of Defendant.   There is no indication that the younger Seymour would have had any qualifications, knowledge, or unbias and insight into the meaning of the records at issue.

22.   Denied.   All of Dr. Weisler's charges are fully documented by his February 3, 2009 invoice, as well as his detailed narrative summary.

23.   Denied.   All of Dr. Weisler's charges are fully documented by his February 3, 2009 invoice, as well as his detailed narrative summary.

24.   Denied.   Because of the time constraints created by the Defendants, Dr. Weisler used several methods of recording time spent on the Defendants' fully timed project.   In addition, Plaintiff objects to the use of the "Declaration of Matthew M. Seymour," as same constitutes inadmissible

5

evidence, rank hearsay and the work product of what appears to be the son of Defendant.   There is no indication that the younger Seymour would have had any qualifications, knowledge, or and unbias insight into the meaning of the records at issue.

25.    Denied.   Because of the time constraints created by the Defendants, Dr. Weisler used several methods of recording time spent on the Defendants' fully timed project.   In addition, Plaintiff objects to the use of the "Declaration of Matthew M. Seymour," as same constitutes inadmissible evidence, rank hearsay and the work product of what appears to be the son of Defendant.   There is no indication that the younger Seymour would have had any qualifications, knowledge, or unbias and insight into the meaning of the records at issue.

26.    Denied.   Because of the time constraints created by the Defendants, Dr. Weisler used several methods of recording time spent on the Defendants' fully timed project.   In addition, Plaintiff objects to the use of the "Declaration of Matthew M. Seymour," as same constitutes inadmissible evidence, rank hearsay and the work product of what appears to be the son of Defendant.   There is no indication that the younger Seymour would have had any qualifications, knowledge, or unbias and insight into the meaning of the records at issue.

27.    Denied.   Because of the time constraints created by the Defendants, Dr.

Weisler used several methods of recording time spent on the Defendants'
fully timed project.   In addition, Plaintiff objects to the use of the
"Declaration of Matthew M. Seymour," as same constitutes inadmissible
evidence, rank hearsay and the work product of what appears to be the son
of Defendant.   There is no indication that the younger Seymour would have
had any qualifications, knowledge, or unbias and insight into the meaning of
the records at issue.

28.     Denied.   Because of the time constraints created by the Defendants, Dr.
Weisler used several methods of recording time spent on the Defendants'
fully timed project.   In addition, Plaintiff objects to the use of the
"Declaration of Matthew M. Seymour," as same constitutes inadmissible
evidence, rank hearsay and the work product of what appears to be the son
of Defendant.   There is no indication that the younger Seymour would have
had any qualifications, knowledge, or unbias and insight into the meaning of
the records at issue.

29.     Denied.   Because of the time constraints created by the Defendants, Dr.
Weisler used several methods of recording time spent on the Defendants'
fully timed project.   In addition, Plaintiff objects to the use of the
"Declaration of Matthew M. Seymour," as same constitutes inadmissible
evidence, rank hearsay and the work product of what appears to be the son
of Defendant.   There is no indication that the younger Seymour would have

7

had any qualifications, knowledge, or unbias and insight into the meaning of the records at issue.

30.   Denied in part. The Defendants' "letter" is inadmissible under FRE 408, and Plaintiff objects to same.   In addition, Plaintiff denies there were any real "problems with Plaintiff's invoices" as the Defendants allege as these so-called "problems" were fabricated after the fact as a means of justifying Defendants' intent to negotiate a lesser amount or a complete avoidance of payment of Dr. Weisler's invoices.

## Additional Contested Facts

1.   Defendants' Exhibit No. 6 is actually the invoice of Dr. Weisler, which Defendants present as an appropriate level of detail to warrant payment. Consequently, Defendants' admission in this regard completely undermines the Defendants' Motion, to the effect that Dr. Weisler's invoices were supposedly somehow inadequate.   In other words, Defendants' admission demonstrates Dr. Weisler provided all necessary clarity for the Defendants to pay his invoice. Dr. Townsend's "first interim invoice" is attached as Plaintiff's Exhibit No. 2 to this Statement.

2.   As Dr. Townsend's invoice  [Plaintiffs' Exhibit No. 13] reflects, he often charged for one hour blocks of time or multiple hour blocks of time, as well as half hour increments.

3.   Defendants can have no complaint, with Dr. Weisler charging just as Dr.

Townsend did, as Defendants paid Dr. Townsend's invoice in full.

4.      Defendants' rationale for not paying Dr. Weisler and delaying and paying Dr. Townsend were unrelated to true, justifiable reasons, all of which were created after the Defendants were advised by the Khorammi law firm, which began bank rolling the litigation,   that no funds would be made available to pay the medical providers.

5.      The Seymour Defendants "personally guaranteed" the expenses of medical records, courier/investigator, Ronnie Montgomery, yet Defendants refuse to pay his invoice (Plaintiff's Exhibit No. "3")

6.      The Defendants also refused to pay the invoice of Dr. Phillip Griffin which accurately reflects the time he spent in this matter.   (Plaintiff's Exhibit No. "4")

7.      Defendants also refused to pay the invoices of Dr. Joy Osofosky and Dr. Osofosky, (Plaintiff's Exhibit No. 5 *in globo*) although all of their time is presented and documented.

8.      Mental health care practitioners often bill for hour or half hour increments of time since their sessions generally span increments of time of hours or half hours.

9

Based on the foregoing, contested issues of fact, the Defendants' Motion for Summary Judgment on the Open Account issue should be denied.

Respectfully submitted,

_____/s/ Andrew C. Wilson_____
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Susan F. Clade (1033)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_____/s/ Andrew C. Wilson_____

N:\DATA\N\50182001\Pleadings\Opposition to Motion for Entry of Default.docx