UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION |
| | * NO. 05-4182 |
| PERTAINS TO: BARGE | * and consolidated cases |
| | * SECTION "K" (2) |
| *Weisler v. Seymour, et al. 09-2737* | * JUDGE |
| | * STANWOOD R. DUVAL, JR. |
| | * MAGISTRATE JUDGE |
| | * JOSEPH C. WILKINSON, JR. |

******************* *** **** *** *********************

**MEMORANDUM OF PLAINTIFF, DR. RICHARD H. WEISLER, IN OPPOSITION TO MOTION FOR JUDGMENT OF THE PLEADINGS AND FOR DEFAULT JUDGMENT [20501]**

**MAY IT PLEASE THE COURT:**

Some of the Defendants have filed an Application for Entry of Default in this matter [20500] as well as a Motion for Entry of Default [20501] based upon their counter-claim, against Plaintiff, Dr. Richard H. Weisler. Plaintiff opposes this Motion for the following reasons:

1. No entry of default has been made by the Clerk of Court as of the time of this filing which is a necessary prerequisite for a Motion for entry of Default;
2. The Clerk of Court should not enter a default where the record suggests

there is no evidence of a “failure to plead or otherwise defend” as defend under the jurisprudence intended FRCP Rule 55(a);

3. The Courts do not favor defaults;

4. The Plaintiff has a meritorious defense which was set out in his timely filed Motion for Partial Summary Judgment seeking, *inter alia*, dismissal of the subject counter-claim; and

5. For other means set forth in the jurisprudence applied in similar circumstances.

Accordingly, Plaintiff submits that the Motion should be denied.

**Rule 55: Entry of Default**

Rule 55 of the Federal Rules of Civil Procedure states in relevant part:

> **Rule 55. Default; Default Judgment.**
>
> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief if sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise, the clerk must enter the parties’ default. (Emphasis added).

As Plaintiff indicated in his Preliminary Opposition Memorandum filed in this matter [20501], before the Defendants filed their Application, Plaintiff had filed a Motion for Partial Summary Judgment [20499], specifically contesting the Defendants’ Counter-Claim and seeking the dismissal of same on summary judgment. This Motion is set for hearing on

November 2, 2011, together with this and several other Motions. Consequently, prior to the Defendants' Application for Entry of Default, Plaintiff had vigorously defended the Defendants' Counter-Claim, seeking its outright dismissal.

Further, when Plaintiff received notice through the Court's electronic CM/ECF system that the Defendants were improperly attempting to have the Clerk of Court enter a default with their improperly characterized "Ex Parte/Consent" Application, Plaintiff also immediately filed an original Answer to the Counter-Claim [20506.] Consequently, any basis for entry of default has been cured.[1] Yet now, the Defendants are seeking to undergo the cure, have filed a Motion to Strike the Plaintiff's original Answer to the Counter-Claim [20515] which is now set for hearing on November 16, 2011.

Under these circumstances, the jurisprudence makes it clear that in situations such as this, it is improper for the Clerk to enter a default. First, where a defendant has entered a response indicating his intent to defend the action, entry of default is improper.[2] Second, the phrase "plead or otherwise defend" from Rule 55(a), evidence which bars the entry of a default has been interpreted to include the filing of motions seeking other relief in lieu of

---

[1] See, e.g., *Schmir v*. Prudential Insurance Company of America, 220 F.R.D. 4, 5 (D. Maine 2004).

[2] *Direct Mall Specialists v. Eclat Computerized Techs, Inc.,* 840 F.2d 685, 689 (9th Cir. 1988).

a formal Answer, as the equivalent of action to "plead or otherwise defend."[3] This same type of analysis also applies to counter-claims.[4] Most importantly, numerous courts have concluded that, as here, a motion for summary judgment likewise constitutes an effort to "plead or otherwise defend" under Rule 55. For example, in *Rashidi v. Albright*[5], the Court stated that:

> A summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and undeniable desire to contest the action is sufficient to fall within the ambit of `otherwise defend'.

Other courts have continued to follow this reasoning.[6] Accordingly, the Plaintiff's pending Motion for Summary Judgment filed prior to the Application for Entry of Default constitutes an effort by the Plaintiff to "plead or otherwise defend" the subject Counter-Claim, and therefore, entry of default is not warranted and is contrary to existing law under

---

3 *See, e.g. Ritts v. Dealers' Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (M.D. GA. 1997) (Motion to Remand); *de Antonio v. Solomon*, 42 F.R.D. 320 (D.C. Mass. 1967) (assertion of privilege); *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984).

4 *Eberhard Investment Associates, Inc. v. Sintino*, 2003 W.L. 22126846 (S.D. N.Y.).

5 818 F. Supp. 1354, 1356 (D. Neb. 1993)

6 *Brumley v. Dole,* 1994 W.L. 846910 (ED. Ark. 10/14/94) at *15; *M&A Construction Corp. v. Akzo Nobel Coatings, Inc*., 936 P. 2d 451, 454 (Wyo. 1997); *First Southwestern Financial Services v. Laird*, 882 P. 2d. 1211, 1214 (Wyo. 1994); *Mutter v. American International Group*, 1998 W.L. 960730 (Del. Super. 1998).

the circumstances of this matter.

**Rule 55(b)(2) Motion for Default Judgment**

Generally, under modern practice, default judgment is not a favored procedure.[7] Further, a party is not entitled to a default judgment as a matter of right, even where defendant is technically in default.[8] Default judgments are generally disfavored in the law, and thus, should not be granted on a claim, without more, that defendant had failed to meet a procedural time requirement.[9] The Fifth Circuit has also indicated that a default judgment is a drastic remedy, not favored by Federal Civil Procedure Rules and resorted to only in extreme situations.[10] Finally, the Fifth Circuit has held that judgments by default are a drastic remedy and should be resorted to only in extreme situations.[11] Accordingly, for policy reasons alone, the Defendants' Motion should be denied.

---

[7] *Midland Engineering Co. v. John A. Hall Construction Co.,* 398 F. Supp. 981, 988 (N.D. Ind. 1975); *Hutton v. Fisher*, 359 F.2d 913 (3d Cir. 1966); *Hugh, 320 F.2d 781 (D.C. Cir. 1963).*

[8] *Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001)

[9] *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998); *Lacy v. Sitel Corp.*, 227 F.3d. 290 (5th Cir. 2000)

[10] *Lewis v. Lynn*, 236 Fo.3d 766 (5th Cir. 2001).

[11] *Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc.*, 556 F.2d 308 (5th Cir. 1977).

Based on the foregoing policy considerations, the Fifth Circuit has stated that, "Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the federal rules and resorted to by courts only in extreme situations."[12]

As a result, the relevant factors the Fifth Circuit Courts consider in determining whether to consider a default judgment are: whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think self-obliged as set aside the default on the Defendants' Motion.[13] Plaintiff submits that all of these factors apply here and that Defendants' Motion should be denied.

---

12 *Sun Bank v. Pelican Homestead & Savings Association*, 874 F.2d 274, 276 (5th Cir. 1989)

13 *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)

Based on the foregoing, Plaintiff, Dr. Richard H. Weisler, submits that there should be no entry of default or granting of a default judgment under the jurisprudence interpreting Rule 55 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Andrew C. Wilson
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Susan F. Clade (1033)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Andrew C. Wilson