UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  ALL BARGE | * | and consolidated cases |
| | * | |
| AND | * | SECTION "K" (2) |
| | * | |
| WEISLER V. SEYMOUR, ET AL | * | |
| NO.  09-2737 | * | JUDGE |
| | * | STANWOOD R. DUVAL,  JR. |
| | * | |
| | * | MAG. |
| | * | JOSEPH C. WILKINSON,  JR. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### GILBERT DEFENDANTS' OPPOSITION TO
### DR. WEISLER'S MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Gilbert Defendants adopt and incorporate their Motion for Summary Judgment (R.Doc. 20502) with attachments and internal references and adoptions, and respond additionally as follows to Dr. Weisler's Motion for Summary Judgment.

*1.    Summary Judgment Standard*

Summary judgment is not only an instrument of "just, speedy and inexpensive" resolution, but also a "lethal weapon" capable of "overkill." *Nunez v. Superior Oil Co.,* 572 F.2d 1119, 1123 (5th Cir. 1978) (*quoting Albatross Shipping Corp. v. Stewart,* 326 F.2d 208, 211 (5th Cir. 1964).  Summary judgment should only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

1

judgment as a matter of law." *Fed.R.Civ.P.* 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Summary judgment is appropriate against a party who, "*after adequate time for discovery[,]* . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). Conversely, "[i]f the evidence would permit a reasonable trier of fact to find for the non-moving party, then summary judgment should not be granted." *Anaya v. Traylor Bros., Inc.,* 478 F.3d 251, 253 (5th Cir. 2007). Moreover, courts may deny a motion for summary judgment where a party has not had an opportunity to conduct the discovery necessary to oppose the motion. *See Haydell Indus., LLC v. Petrucci,* 702 F. Supp. 2d 688, 698 (2010).

"The issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *See Pyland v. Hartford Life & Accident Ins. Co.,* 497 F.3d 536, 538 (5th Cir. 2007) (*citing First Nat'l. Bank v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

Importantly, the "court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial." *See Pylant v. Hartford Life & Accident Ins. Co.,* 497 F.3d 536, 538 (5th Cir. 2007); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). "In

reviewing the evidence, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes[.]"  *See International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264 (5th Cir. 1991).  Moreover, the court may not determine the correctness of an expert's conclusions or soundness of facts on which the conclusion is based.  *Determination Corp. v. Eltec Instruments, Inc.,* 2005 U.S. Dist. LEXIS 46128 (M.D. La. Aug. 4, 2005) (citing *Smith v. Ford Motor Co.,* 215 F.3d 713, 719 (7th Cir. 2000) ("It is not the responsibility of the trial court to determine whether the expert's opinion is correct.  The factual underpinning of the analysis and the correctness of the conclusions are matters to be determined by the trier of fact."); s*ee also Glover v. Hester,* 2011 U.S. Dist. LEXIS 39093 (W.D. La. Apr. 11, 2011) ("The weight to be given to [the expert's] testimony is the sole province of the jury.")

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts."  *See Martin v. John W. Stone Oil Distributor, Inc.,* 819 F.2d 547, 548 (5th Cir. 1987).  "If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment."  *Id.*

2. ***Genuinely Disputed Issues of Material Fact***

As is evident from Gilbert Defendants' Motion for Summary Judgment (R. Doc. 20502), Seymour Defendants Motion for Summary Judgment (R. Doc. 20504; also adopted by Fuchsberg Defendants), this opposition, and additional motions pending in this matter, summary judgment based upon the facts Dr. Weisler seeks to prove is impossible.  Genuinely disputed issues of material fact include those addressed in the foregoing record documents, and, without limitation, the following:

a. Contract Formation

- Was one formed?
- Consent? Cause? Object?
- When?
- Incorporating what terms and conditions? Interpretation?
- Was there shared intent or a meeting of the minds?
- As to price? Billing? Restrictions or limitations on expense?
- Grounds for reformation?

b. Parties to a Contract (if formed)

- Who? Joint? Several? Solidary?
- Were they identified to an extent that comports with law upon which Weisler explicitly or implicitly relies in suing all, any or some of the defendants named?
- Are the parties Law corporations as opposed to attorneys?
- Is the other party Dr. Weisler as opposed to his corporation?
- Existence, characteristics and/or scope of mandate to procure, negotiate, agree, bind? Was anyone bound? Who?

c. Performance

- Did Dr. Weisler do what was promised? Quality of work?
- Did Dr. Weisler do what was reasonable? Or was what he did extraordinary?
- Was he an expert, as claimed, in doing what he undertook in the Barge Litigation?
- Did he not know the science underlying his proclaimed expertise or abilities?
- Was it reasonable for him to invoice for rounding out his currency or education in his own field?

- Was Dr. Weisler motivated by goals other than forensic litigation support? Academic? Self promotion? Publication? Treatment?

- Were all of Dr. Weisler's billed activities justifiable? Reasonable?

- Could he not use testing devices already in widespread use? Was it reasonable for him to invoice

- Were his activities excessive?

- Was he accountable to anyone? Did he tell anyone how expensive it would be?

- Instructions to contain costs?

- If there was a contract, did he breach it?

d.  Invoicing

- Excessiveness?

- Estimated? Reconstructed? Rounded-up? Certain? Reasonableness?

- Reflect activities appropriate under any circumstances urged by any parties to this suit?

- As per any agreement?

- Facts fitting open account treatment?

*Et cetera...*

Some of the above may be personal to Gilbert Defendants, some pertinent to all Defendants. In any event, Dr. Weisler relies almost exclusively upon printouts of email. He has conducted no discovery but one document request (for written communications), and thus, other than this email and the Seymour Defendants' correspondence to his attorney attached as Exhibit C, has - to the best of Gilbert Defendants' knowledge and recollection - nothing else to support his motion for summary judgment. Dr. Weisler

5

cannot resolve these questions by mere allegation, or ambiguous evidence that requires interpretation.  Dr. Weisler also cannot prevail upon questions which turn on credibility assessments.  His motion must fail for absence of proof of a great many genuinely disputed issues of material fact.

### 3. *Legal Matters Precluding Grant of Dr. Weisler's Motion*

Some of the following might be personal to Gilbert Defendants, some applicable to other Defendants.

### a. *Agency, Limited Liability, and Open Account Status*

Gilbert Defendants refer again to their Motion for Summary Judgment at R. Doc. 20502.  Gilbert Defendants reserve their right to reply fully in support of their pending Motion for Summary Judgment, but are aware nonetheless of Mr. Fuchsberg's and Dr. Weisler's oppositions.  Gilbert Defendants reiterate that consent was not given to contract without determining a price, without disclosing or discussing same, or for a price as high as Dr. Weisler claims, without reasonable limitations or oversight in place.  This was never contemplated.  Gilbert Defendants did not learn of this price until the report was tendered, or the nature and extent of excessive and unwarranted activities billed, until their breakdown months later.  *Gilbert Defendants could not <u>ratify</u> terms (or absence thereof) never disclosed - price, limitations or restrictions, billing practices, etc.*  Further, nobody ever told Weisler that Gilbert Defendants would be responsible directly to him for his bill.  There was certainly no meeting of the minds between Dr. Weisler and Gilbert Defendants.

Again, it is plain that Dr. Weisler has not alleged any of the causes of action for which disregard of the corporate status of a professional law corporation is warranted.

6

La. Rev. Stat. 12:807 (corporate status disregarded in cases of fraud, which Dr. Weisler does not allege and did not occur, professional breach, i.e. in an attorney-client relationshipt, which Dr. Weisler did not have, or a negligent or wrongful act, i.e., a tort, which Dr. Weisler does not allege because none occurred).  Moreover, the ability of Dr. Weisler to proclaim whatever state of mind or level of confusion or unawareness without any inquiry whatsoever as to corporate or personal status is clearly nothing more than a moving target.  Dr. Weisler did not contract with either Gilbert Defendant, did not determine the identity of those with whom he contracted, and therefore cannot equitably seek redress against an attorney careful to maintain his corporate status.  Again, the exigencies of practice sometimes require work from home.  This should not afford anyone the ability to disregard the corporate protections.  Were it so, the legal profession would become a strictly 9 - 5 occupation, which it cannot.

Dr. Weisler's open account claim is unsupportable for its lack of certainty alone. Its other flaws only make it less plausible a remedy.

    b.    *Failure to Plead*

In addition, although Gilbert Defendants withdrew from inclusion in Seymour and Fuchsberg Defendants' default motions, it is nonetheless true that Dr. Weisler did not answer Defendants' Counterclaim until attempting to do so untimely, on the more-or-less eve of trial, and certainly beyond the close of discovery.  It is reasonable to suggest that if the Court agrees that Dr. Weisler has judicially admitted matters alleged in the Counterclaim, that he is at least precluded from summary judgment in his favor.

    c.    *Improper Party*

It is also true that Dr. Weisler testified in his deposition that he did not contract with any Defendant.  Rather, Dr. Weisler testified, his corporation did.  If any open account cause of action arose (which it did not, for reasons cited elsewhere), it did so when Dr. Weisler presented his invoice for payment in August 2008, after being instructed to terminate his activities.  The Louisiana Open Account Statute provides for a three year prescriptive period, which has lapsed.  We are also long past the pleading deadline, and discovery has closed in this case in which the Plaintiff is not the actual party in interest.

### 4.   *Some of Dr. Weisler's Points*

Weisler's factual allegations in the section of his supporting memorandum entitled "Introduction" are all genuinely contested, material issues, and without any citation to admissible evidence.  The "Introduction" section should not be considered in connection with Dr. Weisler's motion.  It does not comply with Fed. R. Civ. P. 56.  Likewise, Dr. Weisler fails to cite in his Statement of Uncontested Material Fact to record evidence.

### a.   *Dr. Weisler's Allegations as to Retention or Contract Formation*

It is undisputed that Gilbert Defendants had no communication with Dr. Weisler at anytime he claims a contract to have been formed and/or that he was retained.  It is undisputed that Gilbert Defendants did not negotiate any terms with Dr. Weisler.  It is undisputed that Gilbert Defendants were not informed of any price or payment terms governing any purported contract with Dr. Weisler when any such contract is alleged to have been formed.  It is clear and uncontroverted that Gilbert Defendants were unaware of any terms at any time said those defendants are alleged to have ratified anything.  On

the other hand, and also to the detriment of Dr. Weisler's claims, Mr. Fuchsberg contests that Dr. Weisler informed him of any price or payment terms.

### b. *Project Performance*

While Gilbert Defendants were in favor of attempting to certify an emotional damages subclass, Gilbert Defendants' role as Barge Liaison Counsel does not equate with Gilbert Defendants' plenary or omniscient, omnipresent direction and control of any or all particular aspect(s) of the Barge Litigation.  It has been and still is very much a collaborative effort attained through much delegation and allocation of responsibility, and self-supervised decisions and activities by *de facto* subcommittees. Rather, in accord with this Court's Case Management Orders 4, 5 and 7, Gilbert Defendants' role was as per the provisions of R. Doc. 3299, pp. 4 - 6.  While this placed Gilbert Defendants in the centralized position thus created, it did not change Gilbert Defendants' role from a non-funding PSLC member to one with authority to bind large contracts.  Gilbert Defendants' role was to ensure compliance with deadlines, ensure awareness of the changing docket, and to undertake assignments such as court appearances, logistical coordination, drafting of motions and pleadings, discovery, etc.   Retaining an emotional damages expert or defining the terms of his or her retainer was not included, though any belief that an unreasonable agreement would have been approved - *had its terms been known* - is untenable.

### c. *The Counterclaim*

The counterclaim was not a way of "dodging payment."  The absence of a litigated counterclaim prior to Dr. Weisler's suit was more a matter of forbearance. Although no Defendant or counsel for the Barge Plaintiffs could predict with certainty

whether an emotional damages subclass would be certified, Defendants and their co-counsel believed on the whole that the effort was legally countenanced and worth undertaking if it might lead to compensation for class members or place the Barge Litigation in posture for settlement. Barring other impediments to class certification, which was not yet decided by this Court, Dr. Weisler's conduct on the project not only invalidated counsel's class treatment efforts, but rendered Dr. Weisler unable, in counsel's shared estimation, even to pass muster as an expert on individualized damages were class certification to be denied. Under such circumstances, a party who is actually a nonparty all along, who does not answer a lawsuit, who refuses Court orders to discuss settlement, who presents a legally untenable open account claim, who was reckless in forming and performing a contract that may suffer significant vices of consent, who acts and bills with abandon, etc., goes far beyond reason in proclaim a Fed. R. Civ. P. 11 violation. The fact that Plaintiffs have spent Millions of Dollars in hard cost litigation expense to date, and the fact that Dr. Townsend's invoice was settled, also belie Dr. Weisler's claims that any measure of funding - beyond Plaintiffs' counsel's obligation to behave prudently when incurring expense potentially borne by clients - motivated the counterclaim, or the parties to this litigation's current posture with respect to one another.

Respectfully submitted,

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com,

10

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF upload, this 25th day of October 2011.

\s\*Brian A. Gilbert*