UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES * | |
| CONSOLIDATED LITIGATION       * | CIVIL ACTION |
|                               * | |
|                               * | NO. 05-4182 |
| PERTAINS TO: ALL BARGE        * | and consolidated cases |
|                               * | |
| AND                           * | SECTION "K" (2) |
|                               * | |
| WEISLER V. SEYMOUR, ET AL     * | |
| NO. 09-2737                   * | JUDGE |
|                               * | STANWOOD R. DUVAL, JR. |
|                               * | |
|                               * | MAG. |
|                               * | JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * *

## CONTROVERSION OF DR. WEISLER'S STATEMENT OF UNCONTESTED MATERIAL FACTS

1. Controverted as immaterial to the Gilbert Defendants, and as inconsistent with documentary exhibits Weisler seeks to introduce in support of his motion. Please see Gilbert Defendants' Motion for Summary Judgment, R. Doc. 20502 and attachments, and Weisler Motion for Summary Judgment (R.Doc. 20499-3, 20499-27). Gilbert Defendants are not mentioned in the subject email, which also does not comport with the date stated in Weisler's Stmt. UMF. No party alleges, and/or no proof reflects, that Gilbert Defendants participated or were identified in any writing or oral communication alleged by any party to have constituted formation of an oral contract (the only contract, if any) with Weisler.

2. Controverted as written, and for the reasons stated above, as immaterial to the Gilbert Defendants, which did not communicate with Weisler at any time that a contract is alleged in this matter to have been formed.

   Further, whether Weisler acted generically as an expert in the matter is immaterial. Rather, if any contract was formed with Weisler, though no such contract was formed with Gilbert Defendants, it was for *forensic* expert work, such that the work product would be reasonably consistent with the role of a *testifying* forensic expert in litigation, reasonably likely to pass muster pursuant to Federal Rules of Evidence 702, et set, rather than the role of a treating psychiatrist, or academician producing a scholarly article for peers within his

profession, or advocate on behalf of the putative class members. It is Defendants' shared contention that Dr. Weisler assumed the improper role in these regards. ***Exhibit A***, Excerpts of draft Affidavit of Dr. Weisler, containing comments by Dr. Jill Hayes. The comments reflect problems which, in Defendants' and other Barge Counsel's shared view, persisted through Dr. Weisler's final report This, in addition to other proof, also reflects that his work, for which he charges, is not his own.

See also Docs. 20499-29 and 20499-30, concerning treatment which, while laudable, diligent, humane and certainly fitting of a clinical setting, does not fit within the scope of the study, and could compromise Dr. Weisler's ability    to qualify as an expert, because it places him in the posture of advocate rather than objective source of scientific opinion.

Further controverted in light of Dr. Weisler's deposition testimony at 242, in that the alleged contracting entity is not a party to this litigation:

```
     3
  BY MR. SEYMOUR:
 4
     Q.   Dr. Weisler, when you entered into your
 5
  oral contract with Mr. Fuchsberg did you enter into it
 6
  as an individual or as your corporate entity?
 7
     A.   Actually I entered into it as a corporate
 8
  entity because I told him that I worked as Richard H.
 9
  Weisler, M.D., P.A. and we talked about the fee
 10
  schedule and while I used a Duke schedule it was for
 11
  me privately and for my corporation.
```

3.   Controverted. It is the Gilbert Defendants' understanding that Fuchsberg denies that Dr. Weisler disclosed his rate. Further, Gilbert Defendants were never made aware of Weisler's rate until Weisler provided his Rule 26 disclosure on or about July 1, 2008 (Attachment 16 to his Report). ***Exhibit B***.

Please also note the following excerpt from email Mag. Wilkinson ordered un-redacted in part (which part includes the following), and produced to Weisler as Bates number BargePSLCWeisSeym001774.

> **From:** Richard T. Seymour [rick@rickseymourlaw.net]
> **Sent:** Wednesday, August 20, 2008 7:09 PM
> **To:** 'a.fuchsberg@fuchsberg.com'; 'Kelmachter, Leslie'
> **Subject:** Barge Cases: Withdrawal and Agreement
>
> **Importance:** High
>
> The $216,000 bill from Dr. Weisler is another point of difficulty. Neither I nor anyone in New Orleans was on any call or e-mail in which the doctors were pressing you for an engagement letter specifying the compensation or range of compensation, or discussing how much time was being spent, or pressing you to send in interim statements so that the team would know how much time was being spent, or in which the doctors were told not to do any of these and that there would be no problem. Yet we are told that this all happened. The timing we were told about was also right around the time that Chet refused to provide the remainder of the promised $500,000. The NOLA people and I were not there so we don't have any direct knowledge, but your desire to be held harmless as to the $216,000 bill may also present difficulties.

       Gilbert Defendants do not posit whether or not anyone pressed Mr. Fuchsberg for an engagement letter, etc., but aver the above inasmuch as Gilbert Defendants were not participants in any negotiations of terms of any alleged contract with Weisler.

4.     Controverted. Defendants are not psychiatrists and cannot competently and would not otherwise direct psychiatric assessments except to an extent appropriate to attorneys' duties to clients and the Court to ensure that the expert's methods, activities, or conclusions do not include incompetence, fraud, or jeopardize satisfaction of threshold evidentiary requirements. It is presumed that Weisler does not, by his "Statement of Uncontested Material Fact" No. 4, allege that he allowed non-mental health professionals to affect or influence his conduct within his purported field of expertise, or to influence what he could ethically and lawfully represent under oath in a judicial proceeding.

5.     Uncontested.

6.     Controverted. The report was not "accepted." Seymour Defendants leveled five pages of criticism of the report which were directed via email to Weisler. Ptf. Mot., p. 12, and Ptf. Exh. 18. Seymour Defendants additionally, and on behalf of all co-defendants, detailed in a 26 page letter to Weisler's attorney the defects in Weisler's report. ***Exhibit C***.

        The Gilbert Defendants' courtesies to Dr. Weisler described at p. 13 of Weisler's supporting memorandum should not be construed otherwise, as the remainder of Weisler's Exhibit 19 (R.Doc. 20508-8) makes resoundingly clear.

        Weisler and his attorney are also familiar with documents Defendants produced in the course of discovery in which other attorneys of record in the Barge Litigation who are not made defendants herein lambasted Weisler for his claims of expertise, using such words as "fraud" and offering the opinion that the Barge Plaintiffs would be better served had Dr. Weisler been retained by Lafarge North America.

        Further, the fact that the Barge PSLC was forced to scrap plans to attempt to certify an emotional damages subclass, and the fact that the Barge PSLC disputes Dr. Weisler's claims, is self-evident proof that his report was not "accepted."

7.     Controverted. Weisler actually billed for several different cumulative amounts based upon his shifting or evolving recollection of his activities, questionable reconstruction of timekeeping, estimation of his time spent, and changing explanations and descriptions of his activities. Please see ***Exhibit D***, Counsel for Weisler's December 12, 2008 demand letter, stating an amount due of $321,840.00

        Please see ***Exhibit E***, purported "Weisler Hours From 5/16/08 through 8/15/08 with enhanced explanations plus all merged travel expenses that are also outstanding" reflecting an amount due of $272,049.56, submitted February 4, 2009.

        Please note also R. Doc. 20499-18, which appears to be another invoice with several totals, none of which appear to coincide with the amount Dr. Weisler claims here.

        Please contrast same with the rigor and certitude of Dr. Townsend's invoice (R. Doc. 20499-15) which contains per-activity entries, as opposed to Dr. Weisler's entries (R. Doc. 20499-16) consisting of amassed activities without delineation, claimed by Dr. Weisler in his deposition to result at least in part from reconstruction, estimation, or recreation by repeating activities and then timing himself. Gilbert Defendants Mot. S. J., Exhibit A, Weisler Deposition at 217-225. Dr. Townsend's invoice was paid in full.

8.     Controverted.

        Defendants contest payment of or subjecting the Barge Plaintiffs to an unreasonable, un-agreed-to, unparalleled, unjustified, and shocking bill for unusable product whose amount fluctuates and is absent reliable support. Gilbert Defendants additionally contest payment of a bill for services they did not arrange, specify or negotiate, according to terms, if any, of which they were not

informed and to which they did not agree, as to an alleged contract where Gilbert Defendants were not named as a contracting party, and where the plaintiff suing Gilbert Defendants claims in his deposition not to be the party entering the contract.

Please see ***Exhibit D***, Counsel for Weisler's December 12, 2008 demand letter, stating an amount due of $321,840.00

Please see ***Exhibit E***, purported "Weisler Hours From 5/16/08 through 8/15/08 with enhanced explanations plus all merged travel expenses that are also outstanding" reflecting an amount due of $272,049.56, submitted February 4, 2009.

Please see additional record exhibits as to the quality and character of Dr. Weisler's report.

Defendants have attempted in earnest to bring Dr. Weisler's demands in line with law, reason, and the quality and quantity of services he actually rendered.

Certain defendants attended a meeting with Dr. Weisler's attorney which Dr. Weisler also attended by telephone in efforts to achieve these ends. The meeting ended unsuccessfully.

Further, pursuant to Mag. Wilkinson's instructions during a hearing in Open Court that the parties should settle the case, Gilbert Defendants suggested then and there that they and counsel for Weisler speak in the hallway in efforts to bring Dr. Weisler's demands in line with law, reason, and the quality and quantity of services he actually rendered. Counsel refused.

Again, during a telephone status conference with Mag. Wilkinson on January 18, 2011, when Mag. Wilkinson inquired whether the parties were amenable to settlement talks. While counsel for certain defendants expressed willingness, counsel for Dr. Weisler refused. C.A. 09-2737 R. Doc. 24.

Counsel for Weisler has not complied with this Court's Order (R.Doc. 20222), stating:

> IT IS ORDERED THAT COUNSEL FOR THE PLAINTIFF SHALL CONTACT THE ASSIGNED MAGISTRATE JUDGE **SIX WEEKS** PRIOR TO THE PRETRIAL CONFERENCE DATE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE WHICH SHOULD BE HELD WITHIN TWO WEEKS PRIOR TO THE PRETRIAL CONFERENCE.

*None of the foregoing is to be construed as any waiver of Gilbert Defendants' substantive rights or defenses, or evidentiary objections, or as any admission.*

Respectfully submitted,

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com,

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF upload, this 25th day of October 2011.

\s\*Brian A. Gilbert*