UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES * | |
| CONSOLIDATED LITIGATION        * | CIVIL ACTION |
|                                * | |
|                                * | NO. 05-4182 |
| PERTAINS TO: ALL BARGE         * | and consolidated cases |
|                                * | |
| AND                            * | SECTION "K" (2) |
|                                * | |
| WEISLER V. SEYMOUR, ET AL      * | |
| NO. 09-2737                    * | JUDGE |
|                                * | STANWOOD R. DUVAL, JR. |
|                                * | |
|                                * | MAG. |
|                                * | JOSEPH C. WILKINSON, JR. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF GILBERT DEFENDANTS

1. Law Office of Brian A. Gilbert, P.L.C., through its managing member/and Brian A. Gilbert make this declaration based upon personal knowledge, subject to the penalties of perjury in accord with the laws of the United States of America.

2. Brian A. Gilbert is an adult citizen, of sound mind, with the requisite legal and mental capacity to make this Declaration. Law Office of Brian A. Gilbert is a duly incorporated professional law corporation under the Laws of the State of Louisiana and has been without interruption since July 2005.

3. Declarant is unaware of any instruction to Dr. Weisler that he begin preparing for his deposition which, as of the date he was instructed to discontinue activities, was not even scheduled yet. The following is an excerpt from email bearing Bates number BargePSLCWeisSeym001796 ordered produced in this matter by Mag.Wilkinson, which reflects ongoing negotiations of dates at a time when Barge Plaintiffs counsel were still trying to decide how to salvage the possibility of an emotional damages subclass:

```
From: Walker, Derek [mailto:walker@chaffe.com]
Sent: Wednesday, August 27, 2008 12:55 PM
To: Law Office of Brian A. Gilbert
Subject: FW: depositions---draft to gilbert

Brian:

Following our recent email exchanges, conversations, and your letter
regarding Daubert dates, we "offer" the following. However, we need a prompt
response, as the experts' calendars fill in quickly:

We would agree to move Daubert dates ONLY, as follows: Sept. 19 filing date
to Sept. 26 : Sept 26 opposition filing date to Oct. 3 : hearing date from
Oct. 8 to Oct. 15. , if we can accomplish the following:

1. Weisler-- Sept. 17  or earlier:
2. Spinks-- Sept. 17 or earlier:

3.Bendek-- Sept. 22/23;
4 Suhayda-- Sept. 24/25.

If you want to move all of them up, then we can try to take them sooner, but
we want at least  1 or 2  days between "yours" and then "ours".

A.Fact deps--- Williams, Edwards, Weaver-----Oct. 8 or 9. (subject to final
reconfirmation).




[http://www.chaffe.com/logo.gif]


Derek  Walker
Attorney

Chaffe McCall, L.L.P.
Attorneys at Law
2300 Energy Centre 1100 Poydras Street
New Orleans, Louisiana 70163

Direct: 504-585-7044
Direct Fax: 504-544-6066

Main: 504-585-7000  Fax: 504-585-7075
walker@chaffe.com   www.chaffe.com<http://www.chaffe.com/>



_____
Chaffe McCall L.L.P. IRS Circular 230 Disclosure:  To ensure compliance with
requirements imposed by the Internal Revenue Service, we inform you that any
U.S. federal tax advice contained in this communication (including any
attachments) was not intended or written to be used, and cannot be used, by
```

4. At the time of the above email, Gilbert Defendants, speaking for themselves, were unwilling to concede defeat, that is, that Dr. Weisler's report had actually voided a planned attempt at class certification for emotional damages which were widespread and potentially compensable if scientifically approached correctly. Plaintiffs also had to allow for the possibility that another expert might be able to rectify what Dr. Weisler had rendered within case management deadlines. Hence, even as late as during Gilbert Defendants' evacuation during Hurricane Gustav (landfall on September 2, 2008), telephone conversations were conducted with counsel for Lafarge to continue efforts to schedule a date for Plaintiffs' emotional damages expert to render deposition testimony for class certification discovery. Eventually, Gilbert Defendants and his co-counsel had to face the reality that the case management schedule and other procedural and substantive legal constraints would not allow the study to begin anew using a different mental health expert.

5. Time for preparing for a yet unscheduled deposition was unjustified, and not pursuant to any instruction of which Gilbert Defendants are aware, other than an awareness that Dr. Weisler was aware before his termination that eventually, at some undetermined time in the future, his deposition would occur.

6. Gilbert Defendants reiterate their Affidavit, Exhibit B to their Motion for Summary Judgment, at R. Doc. 20502).

7. Gilbert Defendants further declare that factual matters asserted in the Memorandum and Controversion of Dr. Weisler's Statement of Uncontested Material Facts are true and correct to the best of his knowledge and recollection, and as reflected in documents and things forming the record of this matter.

October 25, 2011.

_____