UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolida8ted cases |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| | * | |
| *Weisler v. Seymour, et al.*     **09-2737** | * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | |
| | * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# SEYMOUR AND FUCHSBERG DEFENDANTS' LOCAL RULE 56.2 STATEMENT, IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OF MATERIAL FACTS THAT CREATE A GENUINE ISSUE

The Seymour and Fuchsberg Defendants hereby submit the following Statement of Material Facts That Present a Genuine Issue.  The first part of this statement addresses the statements made in plaintiff's Rule 56.1 Statement, and sets forth the facts showing that those statements are in genuine dispute.  The second part of this statement addresses other material facts showing the existence of a genuine dispute as to the issues on which plaintiff seeks partial summary judgment.

1

A. **Plaintiff's Statement # 1**

    1. **The Text of Plaintiff's Statement # 1**

On or about May 16, 2008, Defendant, Alan Fucshburg [sic], acting on behalf of "a small group of attorneys" contacted Plaintiff, Dr. Richard Weisler, and requested that he act as an expert to establish an "emotional injury subclass."

    2. **Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 1**

  1. Plaintiff is quoting from an e-mail, which speaks for itself.

B. **Plaintiff's Statement # 2**

    1. **The Text of Plaintiff's Statement # 2**

Dr. Weisler agreed to work as an expert in this capacity.

    2. **Seymour and Fuchsberg Defendants' Response to Plaintiff's' Statement # 2**

Dr. Weisler agreed to work with the medical team on the tasks requested by Mr. Fuchsberg and subsequently by Mr. Seymour and Mr. Gilbert.

    3. **Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 2**

  2. Plaintiff stated that he would perform the work he was requested to perform, and did interview exemplar putative class members, but did not perform adequately or competently the task of analysis and report-writing that were at the core of his responsibility. See the statements below.

C. **Plaintiff's Statement # 3**

    1. **The Text of Plaintiff's Statement # 3**

Dr. Weisler advised Defendant, Alan Fucshburg [sic] that his rate was $600.00 per hour.

## 2. Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 3

3. Plaintiff told Mr. Fuchsberg that his hourly rate of $600 an hour was determined by a fee schedule that applied to faculty members of the Duke University School of Psychiatry.

4. Plaintiff did not inform the Seymour defendants that he was charging $600 an hour until he submitted his first bill on July 29, 2008. See the Declaration of Richard T. Seymour, Part G, ¶¶ 50-59 at pp. 10-12.

5. At the time of Dr. Weisler's assertion to Mr. Fuchsberg, he was not a faculty member of the Duke University School of Psychiatry and his proffered schedule was inapplicable to him. See plaintiff's answers to the Seymour defendants' interrogatories, attached to the accompanying Memorandum as Exhibit 28.

6. Dr. Weisler did not inform Mr. Fuchsberg or any other defendant that he was not in truth a faculty member of the Duke University School of Psychiatry.

7. Dr. Weisler did not teach any students in any classrooms of the Duke University School of Psychiatry, and did not receive any pay as an adjunct faculty member of the Duke University School of Psychiatry.

8. Dr. Weisler did not inform Mr. Fuchsberg or any other defendant that he did not teach any students in any classrooms of the Duke University School of Psychiatry, and did not receive any pay as an adjunct faculty member of the Duke University School of Psychiatry.

9. The source of this asserted rate of $600 an hour was a rate for members of a Clinic at the Duke University School of Psychiatry.

10. Plaintiff did not have any association with this Clinic at the Duke University School of Psychiatry.

11. Plaintiff followed extremely aggressive billing practices, including charging a quarter hour for touching the file, failing to keep accurate time records but making round-number estimates after the fact, and charging 106.25 hours at $600 an hour for which he had no time records at all, not even his usual Post-It notes or small note pads, reconstructing his activities. See the Declaration of Richard T. Seymour, Part I, ¶¶ 77-10 at pp. 15-18.

12. Plaintiff never informed Barge counsel that he would engage in such aggressive billing practices.

13. If plaintiff had so informed Barge counsel, he would never have been retained.

14. Plaintiff built up his the numbers of hours in his bills by churning his file uselessly. See the Declaration of Richard T. Seymour, Part J, ¶¶ 102-129 at pp. 18-23.

15. Plaintiff never informed Barge counsel that he would build up his hours in his bills by churning the file.

16. If plaintiff had so informed Barge counsel, he would never have been retained.

17. Plaintiff was repeatedly informed by Barge counsel of the need to hold expenses down because resources were limited. See the Declaration of Richard T. Seymour, Part F, ¶¶ 33-49, at pp. 7-10; see the Affidavit of Alan Fuchsberg, ¶¶ 19, 25, 26, 28, 30, 33, 34, and 37.

18. Plaintiff ignored the instructions to hold expenses down.

D. **Plaintiff's Statement # 4**

1. **The Text of Plaintiff's Statement # 4**

The Defendants directed the activities of Dr. Weisler, as well as other mental healthcare professionals.

### 2. Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 4

19. Defendants attempted to direct the activities of plaintiff, but were largely unsuccessful.  Plaintiff was given specific questions to address, but his report did not adequately, competently, or persuasively address those questions.

20. Plaintiff and the medical team were given specific questions to address.  See the Declaration of Richard T. Seymour, Parts C and D, ¶¶ 5-25 at pp. 2-6.

21. Plaintiff's report was of poor quality and did not adequately, competently, or persuasively address the questions he and the medical team had been asked to answer.  See the Declaration of Richard T. Seymour, Parts K and L, ¶¶ 130-149 at pp. 24-27.

22. Instead of performing the work plaintiff had been asked to perform, he spent a great deal of time churning the file to no useful purpose.  See the Declaration of Richard T. Seymour, Part J, ¶¶ 102-129.

23. Barge counsel ultimately determined that plaintiff's work was ultimately worthless and could not serve the purposes for which they needed expert assistance, and the claim this work had been intended to support had to be abandoned.  See the Declaration of Richard T. Seymour, Parts K and L, ¶¶ 130-149 at pp. 24-27.

### E. Plaintiff's Statement # 5

#### 1. The Text of Plaintiff's Statement # 5

Dr. Weisler agreed to act as the lead, testifying expert who would write the report requested by the Defendants.

#### 2. Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 5

24. This ultimately occurred during the course of the project, but was not true at the beginning.  See the Declaration of Richard T. Seymour, ¶ 134 at pp. 24.

### F.   Plaintiff's Statement # 6

#### 1.   The Text of Plaintiff's Statement # 6

Dr. Weisler completed the report which the Defendants accepted.

#### 2.   Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 6

25. Plaintiff and the medical team were given specific questions to address. See the Declaration of Richard T. Seymour, Parts C and D, ¶¶ 5-25 at pp. 2-6.

26. Plaintiff's report was of poor quality and did not adequately, competently, or persuasively address the questions he and the medical team had been asked to answer. See the Declaration of Richard T. Seymour, Parts K and L, ¶¶ 130-149 at pp. 24-27.

27. If plaintiff had prepared a draft sufficiently in advance of the June 30, 2008 deadline for service of the report on Barge defense counsel, it might have been possible to get it into shape. However, plaintiff produced an incomplete first draft only on June 27, 2008, it required major revisions, and there was not enough time to make the wholesale revisions needed for it to be useful. *Id.*

28. Plaintiff's report was useless in the Barge litigation. Barge plaintiffs' counsel could not see a way in which his work and report could be used to advance the interests of an emotional-distress class. *Id.*

29. Barge plaintiffs' counsel concluded that there was no point in continuing to hold out plaintiff as an expert witness to be deposed, because of the poor quality of his work. This is why his deposition was canceled. *Id.*

30. Barge plaintiffs' counsel did not accept plaintiff's work. *Id.*

### G.   Plaintiff's Statement # 7

6

### 3. The Text of Plaintiff's Statement # 7

Dr. Weisler billed the Defendants on several occasions for a total amount of $272,049.56.

### 4. Seymour and Fuchsberg Defendants' Material Facts in Genuine Dispute as to Plaintiff's' Statement # 7

31. Dr. Weisler billed different amounts for the same period of time, as between his first and second bills, and as between his first three bills and his fourth and final revised bill. See the Declaration of Richard T. Seymour, Part H, ¶¶ 60-76 at pp. 12-15.

32. Dr. Weisler's fourth and final revised bill is the only bill that states the amount of $272,049.56. *Id.*

## H. Plaintiff's Statement # 8

### 1. The Text of Plaintiff's Statement # 8

The Defendants have refused to pay Dr. Weisler.

### 2. Seymour and Fuchsberg Defendants' Response to Plaintiff's' Statement # 8

Admitted.

        Respectfully Submitted,

        /s/ Richard T. Seymour\
        Richard T. Seymour\
        Law Office of Richard T. Seymour, P.L.L.C.\
        Suite 900, Brawner Building\
        888 17th Street, N.W.\
        Washington, DC 20006-3307\
            rick@rickseymourlaw.net\
            (202) 785-2145 – Telephone\
            (202) 549-1454 – Cell\
            (800) 805-1065 – Facsimile

*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*

/s/Bradley S. Groce\
DAVID V. BATT, #2849\
BRADLEY S. GROCE, #26037\
LOBMAN, CARNAHAN, BATT,\
  ANGELLE & NADER\
THE TEXACO CENTER, SUITE 2300\
400 POYDRAS STREET\
NEW ORLEANS, LOUISIANA  70130\
(504) 586-9292   FAX (504) 586-1290

*Attorneys for Defendants Alan Fuchsberg and the Jacob D. Fuchsberg Law Firm*

Dated:  October 25, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2011, I served a copy of the Seymour and Fuchsberg Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

>Andrew C. Wilson, Esq.
>Simon, Peragine, Smith & Redfearn, L.L.P.
>30th Floor - Energy Centre
>1l00 Poydras Street
>New Orleans, LA 70163-3000

>/s/ Richard T. Seymour
>Richard T. Seymour
>*Attorney for Defendants Richard T. Seymour and [misnamed] "Richard T. Seymour P.L.L.C."*