UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182<br>and consolidated cases |
| PERTAINS TO: BARGE | |
| | SECTION "K" (2) |
| Weisler v. Seymour, et al. 09-2737 | |
| | JUDGE<br>STANWOOD R. DUVAL, JR. |
| | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS OF RICHARD H. WEISLER TO DEFENDANTS RICHARD T. SEYMOUR'S AND (MISNAMED) RICHARD T. SEYMOUR, P.L.L.C'S, FIRST REQUEST FOR DISCOVERY

Plaintiff, Richard H. Weisler, M.D., responds to Richard T. Seymour's and (Misnamed) Richard T. Seymour, P.L.L.C.'s ("Seymour's") First Request for Discovery as following:

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in response to First Interrogatory No. 23.

Richard H. Weisler, M.D. Deposition
Oct. 9, 2011
Exhibit 49

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome. Subject to this objection, Plaintiff furnished all relevant documents responsive to this Request in Plaintiff's Initial Disclosures.

### REQUEST FOR PRODUCTION NO. 2:

All communications between Plaintiff and any of the counsel for any party in the Barge case identified in ¶ 6 of Plaintiff's Complaint herein.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Plaintiff has no recollection of communicating with counsel for any other party in the Barge case other than the members of the BPLSC.

### REQUEST FOR PRODUCTION NO. 3:

All communications between Plaintiff and any of his employees concerning his work or time or expenses in the Barge case identified in ¶ 6 of Plaintiff's Complaint

2

herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request as it is overly broad and ambiguous, and the information sought can be obtained from some other source that is more convenient, less burdensome or less expensive, such as the deposition of the Plaintiff. Subject to this objection, Plaintiff believes that all communications between the Plaintiff and any of his employees were merged into the eventual invoices and supporting documentation, which were furnished to the Defendants some time ago, as well as the expert report which Plaintiff furnished to the Defendants in June, 2008. Plaintiff will supplement this Response if any additional information or documentation responsive to this Request is obtained.

**REQUEST FOR PRODUCTION NO. 4:**

All communications between Plaintiff and any of the other experts or their co-workers or employees concerning his or their work or time or expenses in the Barge case identified in ¶ 6 of Plaintiff's Complaint herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request as they, overly broad and ambiguous, and the information sought can be obtained from some other source that is more convenience, less burdensome or less expensive, such as the deposition of the Plaintiff. Subject to this objection, Plaintiff believes that all communications between the Plaintiff and any of

3

its employees were merged into the eventual invoices which were furnished to the Defendants some time ago, as well as the expert report which Plaintiff furnished to the Defendants in June, 2008. Plaintiff will supplement this Response if any additional information or documentation responsive to this Request is obtained.

### REQUEST FOR PRODUCTION NO. 5:

All communications to or from FirmLogic or any of its officials, agents, or employees, with respect to the expert report in this case, without regard to the senders or stated recipients of such communications.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

any such information would have been in e-mails furnished with Plaintiff's initial disclosures. Plaintiff will supplement this Response if any additional information or documentation responsive to this Request is obtained.

### REQUEST FOR PRODUCTION NO. 6:

All documents showing any relationship between Plaintiff and the Private Diagnostic Clinic, PLLC, referenced in Attachment Z hereto.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

None, although Plaintiff knows colleagues there.

### REQUEST FOR PRODUCTION NO. 7:

All communications between Plaintiff and Bonnie Mincey of PDC Finance, referenced in Attachment Z hereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

None.

## REQUEST FOR PRODUCTION NO. 8:

All notes of Plaintiff, or notes of others in his possession or to which he has access, concerning any of the conversations or other communications alleged in Plaintiff's Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Upon information and belief, the Plaintiff is not aware of any notes other than those associated with activities in which he was represented by counsel.

## REQUEST FOR PRODUCTION NO. 9:

All voice or video recordings of Plaintiff, or voice or video recordings of others in his possession or to which he has access, concerning any of the conversations or other communications alleged in Plaintiff's Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff has previously provided a Transcript of the only recording he had of the telephone conference call with the Defendants. The original is available at the Plaintiff's office for copying or if professional arrangements need me made.

## REQUEST FOR PRODUCTION NO. 10:

All documents of Plaintiff concerning any work he personally performed in the Barge case identified in ¶ 6 of Plaintiff's Complaint herein.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

This Request is vague, overly broad and ambiguous. Subject to this objection, Plaintiff has previously furnished his expert report, the e-mails associated with his involvement in this case, and his invoices.

## REQUEST FOR PRODUCTION NO. 11:

All original records showing any of the time Plaintiff contends he worked in this case, any of the activities he contends he performed on such dates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Previously provided.

## REQUEST FOR PRODUCTION NO. 12:

All partial or complete drafts of "Plaintiff's Summary of Activity" attached as Exhibit 2 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment K, regardless of the titles of the drafts.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

This information is privileged and confidential as information obtained in anticipation of litigation, as it was generated after October 8, 2009, when undersigned counsel for the Plaintiff was retained. Per the Court's ruling, this constitutes privileged and non-discoverable information. The information is also subject to the attorney-client privilege.

6

## REQUEST FOR PRODUCTION NO. 13:

All original records concerning any of the statements in "Plaintiff's Summary of Activity" attached as Exhibit 2 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment K.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

This information is privileged and confidential as information obtained in anticipation of litigation, as it was generated after October 8, 2009, when undersigned counsel for the Plaintiff was retained. Per the Court's ruling, this constitutes privileged and non-discoverable information. The information is also subject to the attorney-client privilege. Subject to this objection, any original records which Plaintiff wish to photocopy are available at the Plaintiff's office.

## REQUEST FOR PRODUCTION NO. 14:

All documents listed in the "Weisler Expert Witness Barge Case Reading List" attached as Exhibit 3 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment L.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

These documents are available to the public at large, through the internet and other sources. To the extent copies of such documents are still in the Plaintiff's possession, these can be copied at the Plaintiff's office.

## REQUEST FOR PRODUCTION NO. 15:

The complete text of all documents listed or referenced in Exhibit 3 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment L.

7

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

These documents are available to the public at large, through the internet and other sources. To the extent copies of documents are still in the Plaintiff's possession, these can be copied at the Plaintiff's office.

## REQUEST FOR PRODUCTION NO. 16:

A complete copy of the May 25, 2008 invoice from the Sheraton New Orleans hotel in the documents in Exhibit 6 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment O.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Upon information and belief, the Plaintiff has furnished all information available to the Plaintiff from the Sheraton which is the best source of such documents.

## REQUEST FOR PRODUCTION NO. 17:

A fully legible and complete copy of the itineraries and receipt from Delta Airlines for the June 2008 trip with itinerary or e-ticket number DL2065512002 in the documents in Exhibit 6 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment O.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Upon information and belief, the Plaintiff has furnished all information available to the Plaintiff from the Delta Airlines which is the best source of such documents.

8

## REQUEST FOR PRODUCTION NO. 18:

Fully legible and complete unredacted copies of the expense receipts in Exhibit 6 to the February 4, 2009 letter of Andrew Wilson, Esq., to Defendants, and attached hereto as Attachment O.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

To the extent these are available, these can be copied at the Plaintiff's office.

## REQUEST FOR PRODUCTION NO. 19:

All documents of Plaintiff concerning his claimed billing rate of $600 an hour.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

This information has been previously furnished. In addition, Plaintiff refers the Defendants to Exhibits No. 1 & 2 attached to these discovery responses. Finally, Plaintiff refers the Defendants to the various e-mails exchanged in this matter.

## REQUEST FOR PRODUCTION NO. 20:

All documents showing the hourly rates Plaintiff has billed for other expert work in litigation or arbitration.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiff objects to this Request, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as

9

worded. Subject to these objections, Dr. Weisler has furnished a list (Exhibit No. 1) consisting of those cases, to the best of his recollection, in which he was involved as an expert. Most of these cases were filed in the North Carolina State Courts with the exception of one South Carolina case. Subject to this objection, Plaintiff reminds the Defendants that the Defendant agreed to pay the Plaintiff's $600.00 hourly rate as confirmed by e-mails with the BPLSC. In addition, the Defendants paid Dr. Weisler's assistant, Dr. Mark Townsend, at the same $600.00 hourly rate. Consequently, the Defendants have confirmed that this was an appropriate rate and thus, this Interrogatory seeks irrelevant information. Subject to this objection, Plaintiff has attached some available records concerning bills in prior cases showing the same $600.00 an hour rate. (Exhibit No. 2)

## REQUEST FOR PRODUCTION NO. 21:

All documents showing the hourly rates Plaintiff has collected for other expert work in litigation or arbitration.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Plaintiff objects to this Request, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished

10

to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler has furnished a list (Exhibit No. 1) consisting of those cases, to the best of his recollection, in which he was involved as an expert. Most of these cases were filed in the North Carolina State Courts with the exception of one South Carolina case. Subject to this objection, Plaintiff reminds the Defendants that the Defendant agreed to pay the Plaintiff's $600.00 hourly rate as confirmed by e-mails with the BPLSC. In addition, the Defendants paid Dr. Weisler's assistant, Dr. Mark Townsend, at the same $600.00 hourly rate. Consequently, the Defendants have confirmed that this was an appropriate rate and thus, this Interrogatory seeks irrelevant information. Subject to this objection, Plaintiff has attached some available records concerning bills in prior cases showing the same $600.00 an hour rate. (Exhibit No. 2)

**REQUEST FOR PRODUCTION NO. 22:**

All journals, diaries, or other documents of Plaintiff for 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this Request, as the information sought is irrelevant and not recently calculated to lead to the discovery of admissible evidence. In addition, this Request constitutes harassment and delves into the Plaintiff's patient-physician privilege with his patients. Finally, this Request is overly broad and burdensome in that it seeks

11

information over the entire year of 2008, as worded.

## REQUEST FOR PRODUCTION NO. 23:

All documents of Plaintiff concerning his contention that he was qualified and competent to perform the specific tasks he represented himself to Defendants as qualified and competent to perform in the Barge case identified in ¶ 6 of Plaintiff's Complaint herein.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

See Plaintiff's expert report with attachments, as well as Defendants' e-mails praising the report, all of which have been previously provided.

## REQUEST FOR PRODUCTION NO. 24:

All documents concerning any of the factual allegations in Plaintiff's Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff objects to this Request, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Request constitutes harassment, as this information, particularly the e-mails associated with the Defendant's communications were previously provided to the Defendants as Rule 26 Disclosures. Finally, this Request is overly broad and burdensome, as well as vague and as worded, encompasses all documents associated with this litigation, including the tens and thousands of e-mails exchanged by the parties.

## REQUEST FOR PRODUCTION NO. 25:

All documents concerning any of the following statements Plaintiff made on or

about August 1, 2008 in a telephone conversation with representatives of the Barge P.S.L.C.:

    a.    that, during the expert study, Plaintiff and Dr. Townsend had repeatedly offered to provide interim statements so that the Barge P.S.L.C. could see the extent of the expert fees piling up and making any changes it wanted in its requests to the medical experts; or

    b.    that, during the expert study, Mr. Fuchsberg explicitly told Plaintiff and Dr. Townsend that "money was no object"; or

    c.    that, during the expert study, Dr. Fuchsberg had explicitly told Plaintiff and Dr. Townsend that "the size of the bill did not matter"; or

    d.    that, during the expert study, Mr. Fuschberg had explicitly told Plaintiff and Dr. Townsend that "there would be no problem paying any statement";

    e.    that, during the expert study, Mr. Fuschberg told Plaintiff and Dr. Townsend that the Barge P.S.L.C. was completely tied up litigating some major things, and they should not distract the Barge P.S.L.C. by sending it an interim statement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

To the extent these contentions accurately reflect statements made by the Plaintiff, Plaintiff refers the Defendants to the contemporaneous e-mails exchanged with Mr. Fuschberg as well as the Transcript of a telephone conversation with the Defendants previously provided by the Plaintiff.

## REQUEST FOR PRODUCTION NO. 26

All drafts of any invoices or statements submitted by Plaintiff or his counsel to any defendant or their counsel.

13

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

This information is privileged as attorney-client communication and information generated or obtained in anticipation of litigation.

### REQUEST FOR PRODUCTION NO. 27:

All e-mails sent or received by Plaintiff on August 14 or 15, 2008, when he alleges he missed sixteen hours of work opportunities for which he seeks compensation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

All relevant e-mails have been previously produced to the best of Plaintiff's knowledge.

### REQUEST FOR PRODUCTION NO. 28:

All appointment books or appointment lists maintained by Plaintiff or his staff, showing his appointment in each week of 2008.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

This information constitutes privileged medical information maintained by the Plaintiff and as such, Plaintiff objects to production of same.

### REQUEST FOR PRODUCTION NO. 29:

All documents concerning cancellations of appointments on August 14 and 15, 2008.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

This Request reflects a fundamental misunderstanding by the Defendants; appointments were never scheduled on August 14 and 15, 2008 because those dates were set aside at the request of the Defendants. The Defendants cancelled the deposition on August 13, 2008, making it impossible to reschedule any appointments for those days.

## REQUEST FOR PRODUCTION NO. 30:

All documents concerning any effort to schedule any work for August 14 and 15, 2008, after Plaintiff was informed his deposition was being cancelled.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

This Request reflects a fundamental misunderstanding by the Defendants; appointments were never scheduled on August 14 and 15, 2008 because those dates were set aside at the request of the Defendants. The Defendants cancelled the deposition on August 13, 2008, making it impossible to reschedule any appointments for those days.

## REQUEST FOR PRODUCTION NO. 31:

All documents created or revised on August 14 or 15, 2006.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

The Plaintiff is not aware of any documents created or revised on August 14 or 15, 2006 that would be relevant to this litigation.

## REQUEST FOR PRODUCTION NO. 32:

To the extent Defendant fails to admit any of the Requests for Admissions set forth below, all documents concerning the subject matter of the requests.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Plaintiff refers the Defendants to Plaintiff's Motion for Protective Order.

**Plaintiff reserves the right to supplement and amend these Request for Production of Documents as additional information and documents become known or available prior to trial.**

Respectfully submitted,

/s/ Daniel J. Caruso

Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Charles E. Riley, IV (28200)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999

Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by facsimile, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 25th day of March, 2011

N:\DATA\N\50182001\Discovery Pleadings\Plaintiff's Response to Seymour Request.wpd