UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| Weisler v. Seymour, et al.  09-2737 | * * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO INTERROGATORIES OF RICHARD H. WEISLER TO DEFENDANTS RICHARD T. SEYMOUR'S AND (MISNAMED) RICHARD T. SEYMOUR, P.L.L.C'S, FIRST REQUEST FOR DISCOVERY

Plaintiff, Richard H. Weisler, M.D., responds to Richard T. Seymour's and (Misnamed) Richard T. Seymour, P.L.L.C.'s ("Seymour's)First Request for Discovery as following:

### INTERROGATORY NO. 1:

Identify every case in which Plaintiff has been a party, and in which the issue concerned Plaintiff's expertise, implementation of a task as an expert, the quality of his work, or billings.

Richard H. Weisler, M.D.  Deposition
Oct. 9, 2011
Exhibit 22

**ANSWER TO INTERROGATORY NO. 1:**

The Plaintiff is not aware of any such cases.

**INTERROGATORY NO. 2:**

Identify every case in which Plaintiff was retained as an expert.

**ANSWER TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler has furnished a list consisting of those cases, to the best of his recollection, in which he was involved as an expert (Exhibit No. 1). Most of these cases were filed in the North Carolina State Courts with the exception of one South Carolina case.

**INTERROGATORY NO. 3:**

Identify every case in which Plaintiff prepared an expert report.

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as being overly broad and burdensome, as

2

there is no time frame given and the interrogatory is entirely open-ended. In addition, Plaintiff is unable to recall specifically at this late date which cases required the furnishing of an expert report. Plaintiff will attempt to determine which of the case involved an expert report and will supplement this response as necessary.

## INTERROGATORY NO. 4:

Identify every case in which the court, arbitrator, hearing examiner, administrative law judge, administrative judge, or other presiding official made a determination whether to allow Plaintiff to testify as an expert, and state the determination.

## ANSWER TO INTERROGATORY NO. 4:

Plaintiff objects to this interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Plaintiff was qualified and testified as an expert in the *Soreign* case. Plaintiff will supplement this response if necessary.

## INTERROGATORY NO. 5:

State the hourly rate at which Plaintiff billed his services, separately for each

3

case identified above.

## ANSWER TO INTERROGATORY NO. 5:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler has furnished a list (Exhibit No. 1) consisting of those cases, to the best of his recollection, in which he was involved as an expert. Most of these cases were filed in the North Carolina State Courts with the exception of one South Carolina case. Subject to this objection, Plaintiff reminds the Defendants that the Defendant agreed to pay the Plaintiff's $600.00 hourly rate as confirmed by e-mails with the BPLSC. In addition, the Defendants paid Dr. Weisler's assistant, Dr. Mark Townsend, at the same $600.00 hourly rate. Consequently, the Defendants have confirmed that this was an appropriate rate and thus, this Interrogatory seeks irrelevant information. Subject to this objection, Plaintiff has attached some

available records concerning bills in prior cases showing the same $600.00 an hour rate. (Exhibit No. 2)

## INTERROGATORY NO. 6:

State the total amount of Plaintiff's billings, separately for each case identified above.

## ANSWER TO INTERROGATORY NO. 6:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepare for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler has furnished a list consisting of those cases, to the best of his recollection, in which he was involved as an expert. Subject to this objection, Plaintiff submits that the information associated with each and every one of these cases is impossible to gather at this late date. Subject to this objection, and without waiver of same, Plaintiff will attempt to gather what information might be

available and will supplement the answer to this Interrogatory, if possible.

## INTERROGATORY NO. 7:

State the total amount Plaintiff collected, separately for each case identified above.

## ANSWER TO INTERROGATORY NO. 7:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler has furnished a list consisting of those cases, to the best of his recollection, in which he was involved as an expert. Subject to this objection, Plaintiff submits that the information associated with each and every one of these cases is impossible to gather at this late date. Plaintiff will attempt to gather what information might be available and will supplement the answer to this Interrogatory, if possible.

## INTERROGATORY NO. 8:

Describe in detail the nature of Plaintiff's involvement with Duke University, referred to in ¶ 1 of the Complaint, and in particular the nature of his involvement with it in 2007 and 2008.

## ANSWER TO INTERROGATORY NO. 8:

Plaintiff is an adjunct professor at Duke University and has been for several

years, including 2007 and 2008, and is not compensated as such. The Plaintiff also works on various research projects associated with Duke University, but which are funded by separate entities.

## INTERROGATORY NO. 9:

Describe in detail the nature of Plaintiff's involvement with the University of North Carolina at Chapel Hill, referred to in ¶ 1 of the Complaint, and in particular the nature of his involvement with it in 2007 and 2008.

## ANSWER TO INTERROGATORY NO. 9:

Plaintiff is an adjunct professor at University of North Carolina at Chapel Hill and has been for several years, including 2007 and 2008, and is not compensated as such. The Plaintiff also works on various research projects associated with University of North Carolina at Chapel Hill, but which are funded by separate entities.

## INTERROGATORY NO. 10:

State the number of hours per week Plaintiff spent in the course of his involvement with Duke University, referred to in ¶ 1 of the Complaint, separately for each week in 2007 and 2008. In the event Plaintiff does not keep such records weekly and therefore cannot answer on a weekly basis, Plaintiff may so state and answer separately for each month in 2007 and 2008.

## ANSWER TO INTERROGATORY NO. 10:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition,

this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler is not compensated for work performed directly for Duke University or University of North Carolina at Chapel Hill, and no such records have been kept.

## INTERROGATORY NO. 11:

State the amounts Plaintiff was paid for his involvement with Duke University, and the University of North Carolina at Chapel Hill, referred to in ¶ 1 of the Complaint, separately for each institution and separately for each week in 2007 and 2008. In the event Plaintiff does not keep such records weekly and therefore cannot answer on a weekly basis, Plaintiff may so state and answer separately for each month in 2007 and 2008.

## ANSWER TO INTERROGATORY NO. 11:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Dr. Weisler is not compensated for work performed directly for Duke University or University of North Carolina at Chapel Hill, and no such records have been kept.

## INTERROGATORY NO. 12:

State the number of hours per week Plaintiff spent in the course of his involvement with University of North Carolina at Chapel Hill, referred to in ¶ 1 of the Complaint, separately for each week in 2007 and 2008. In the event Plaintiff does not keep such records weekly and therefore cannot answer on a weekly basis, Plaintiff may so state and answer separately for each month in 2007 and 2008.

8

**ANSWER TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Dr. Weisler is not compensated for work performed directly for Duke University or University of North Carolina at Chapel Hill, and no such records have been kept.

**INTERROGATORY NO. 13:**

State the amounts Plaintiff was paid for his involvement with the University of North Carolina at Chapel Hill, referred to in ¶ 1 of the Complaint, separately for each institution and separately for each week in 2007 and 2008. In the event Plaintiff does not keep such records weekly and therefore cannot answer on a weekly basis, Plaintiff may so state and answer separately for each month in 2007 and 2008.

**ANSWER TO INTERROGATORY NO. 13:**

This Interrogatory is duplicative of Interrogatory No. 11. This constitutes harassment. Further, Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

State in detail the basis for any contention by Plaintiff that "the standard Duke University billing rate of $600 an hour," as alleged in ¶ 1 of Plaintiff's Complaint, actually

9

existed.

**ANSWER TO INTERROGATORY NO. 14:**

See attached Exhibit "2".

**INTERROGATORY NO. 15:**

State in detail the basis for any contention by Plaintiff that "the standard Duke University billing rate of $600 an hour," as alleged in ¶ 1 of Plaintiff's Complaint, would control, or even have any application to, his billing rate.

**ANSWER TO INTERROGATORY NO. 15:**

See Answer to Interrogatory No. 14 above. Also, see Answer to Interrogatory

No. 5, above.

**INTERROGATORY NO. 16:**

State the number of hours per week Plaintiff spent in his psychiatric practice in North Carolina, separately for each week in 2007 and 2008.

**ANSWER TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and

not reasonably calculated to lead to the discovery of admissible evidence. In addition,

this Interrogatory constitutes harassment. Finally, this Interrogatory is overly broad and

burdensome in that it seeks information over the Plaintiff's entire work history, as

worded. Subject to these objections, Plaintiff submits that it is impossible to make this

determination at this time, as his records are not kept in this fashion.

**INTERROGATORY NO. 17:**

State Plaintiff's billings for work performed in his psychiatric practice in North Carolina, separately for each week in 2007 and 2008.

10

## ANSWER TO INTERROGATORY NO. 17:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment, as it seeks confidential financial information. Finally, this Interrogatory is overly broad and burdensome in that it seeks information related to the Plaintiff's entire practice, as worded.

## INTERROGATORY NO. 18:

State Plaintiff's receipts for work performed in his psychiatric practice in North Carolina, separately for each week in 2007 and 2008.

## ANSWER TO INTERROGATORY NO. 18:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history in 2007-2008, as worded. Subject to this objection, Plaintiff has received no indication that any of his charges for this period of time were ever contested.

## INTERROGATORY NO. 19:

Describe in detail all activities of Plaintiff on August 14 and 15, 2008.

## ANSWER TO INTERROGATORY NO. 19:

At this late date, Plaintiff is unable to recall the specifics of his activities on

11

August 14 and 15, 2008.  He simply returned to his office when no appointments were scheduled.

## INTERROGATORY NO. 20:

Describe in detail Plaintiff's efforts to preserve all documents in his possession, or subject to his control, concerning his allegations in his lawsuit, or concerning his work in the Barge case identified in ¶ 6 of Plaintiff's Complaint.

## ANSWER TO INTERROGATORY NO. 20:

Plaintiff preserved, to the best of his ability, all e-mails and other documentation that appear to be relevant to the issues in this matter, and same have been tendered to the Defendants.

## INTERROGATORY NO. 21:

In the event that Plaintiff or those subject to his control has not preserved any document formerly in his possession, or subject to his control, identify the document and describe its contents in as much detail as possible.

## ANSWER TO INTERROGATORY NO. 21:

See Answer to Interrogatory No. 20, above.

## INTERROGATORY NO. 22:

Separately for each factual allegation of the Complaint, state when Plaintiff first learned of the information set forth in that allegation.

## ANSWER TO INTERROGATORY NO. 22:

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, this

Interrogatory is overly broad and burdensome in that it seeks information which is equally available to Defendants for their own e-mails as well as those tendered by the Plaintiff to Defendants. Subject to these objections, Plaintiff learned of the information in the Complaint when he received communications, including e-mails from various health care providers involved in this matter as well as the Defendants. The subject e-mails, all furnished, contain the dates for all of this information responsive to this Interrogatory.

**INTERROGATORY NO. 23:**

Separately for each Interrogatory above, identify the documents in Plaintiff's possession or subject to his control, which contain information concerning the subject of the Interrogatory.

**ANSWER TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory, as the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory constitutes harassment as this information was previously provided to the Defendants as an attachment to the Plaintiff's expert report prepared for, and furnished to, the Defendants in June of 2008. Finally, this Interrogatory is overly broad and burdensome in that it seeks information over the Plaintiff's entire work history, as worded. Subject to these objections, Plaintiff submits that the e-mails which form the basis for the allegations in the Complaint have all been furnished to the Defendant.

Plaintiff reserves the right to supplement and amend these interrogatories as additional information and documents become known or available prior to trial.

Respectfully submitted,

Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Charles E. Riley, IV (28200)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999

Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by facsimile, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 25th day of March, 2011.

14

# ANSWER TO

# INTERROGATORY

# NO. 2

# LEGAL CASES

**Attorney**

**Reason**

Pepper, Hamilton & Scheetz
3000 Two Logan Square
Eighteenth & Arch St
Philadelphia, PA 19103

Welguin Xie vs. Lilly

Smith Helms Mullis & Moore
PO Box 21927
Greensboro, NC 27420

Charter Hospital vs. Tristian Sovern

Smith, Anderson, Blount
PO Box 2611
Raleigh, NC 27602-2611

Cheek, et al vs. CPC Cedar Springs Hospital

Constance M. Ludwig
16 W Martin St
Raleigh, NC 27601

Ahlman vs. Bock

Mast, Schulz, Mast, Mills & Stern, P.A.
PO Box 119
Smithfield, NC 27577

Gibbons vs. Sharp and Purcell

James Y. Kerr II
2500 First Union Capitol Center
Raleigh, NC 27602-2611

Wall vs. Dr. Lisa Toinich

Richard L. Vanore
PO Box 540
Greensboro, NC 27402

Patsy Hartman vs. Richard Spencer, M.D.

Howard, Stallings, Story, Wyche,
From and Hutton, P.A.
PO Box 12347
Raleigh, NC 27605

Monroe vs. Moore

Maupin Taylor & Ellis, P.A.
PO Drawer 19764
Raleigh, NC 27619

Mizell vs. MCC, et al.

Allen R. Tew, P.A.
PO Box 145
Clayton, NC 27520

Gregory Nelson vs. Georgia Nelson

EXHIBIT

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

PART 2

Smith, Anderson, Blount, Dorsett, Mitchell
& Jernigan L.L. P
P.O. Box 2611
Raleigh, North Carolina 27602-2611

Jane DeMarco, et al vs. Pitt County
Memorial Hospital, Inc. et. Al


Carruthers & Roth, PA
Richard L. Vanore, Attorney At Law
235 North Edgeworth Street
Greensboro, North Carolina 27401

Cunningham vs Cook


Ellis & Winters, LLP
Leslie C. O'Toole, Esq
P.O. Box 33550,
Raleigh, North Carolina 27636

Corrigan vs. Plaza Associates, et al

Karen Weidemann

Barge


Hedrick Gardner Kincheloe & Garofalo LLP
Attorneys At Law
Reid Russell, Partner
4011 Westchase Boulevard, Suite 300
Raleigh, North Carolina 27607

Gregory C. Aardal vs. Beall and Domino's


Smith, Anderson, Blount, Dorsett, Mitchell
& Jernigan L.L. P
P.O. Box 2611
Raleigh, North Carolina 27602-2611

Bayer vs. Crosswell, et al


Smith, Anderson, Blount, Dorsett, Mitchell
& Jernigan L.L. P
P.O. Box 2611
Raleigh, North Carolina 27602-2611

Donna Remaley vs. Cumberland County
Hospital System, Inc., et. al.

# ANSWER TO

# INTERROGATORY

# NO. 5

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## Richard H. Weisler, M.D., P.A. & Associates

700 SPRING FOREST ROAD, SUITE 125
RALEIGH, NORTH CAROLINA 27609
TELEPHONE (919) 872-5900
FAX (919) 876-0942

RICHARD H. WEISLER, M.D.
JONATHAN R.T. DAVIDSON, M.D.

DIANA L. DELL, M.D.
SUSAN A. VAN METER, M.D.

November 27, 2007



COPY

Smith, Anderson, Blount, Dorsett, Mitchell
& Jernigan L.L. P
P.O. Box 2611
Raleigh, North Carolina 27602-2611

Attention: Nancy H. Barham, RN

Re: Jane DeMarco, et al v. Pitt County Memorial Hospital, Inc. et al.
    File No: 5713.176

Dear Nancy:

We are submitting this invoice for time spent on this case.
Please see the attached invoice with charges relative to Case# 5713.176.
Your prompt assistance in this matter is greatly appreciated.
Please feel free to give me a call with any questions you may have.

Sincerely,

Sherry Cofield
Practice/Research Manager

EXHIBIT
2

JANE DEMARCO & PLAINTIFFS vs. PITT COUNTY MEMORIAL HOSPITAL & TESFA ALEM GEBREMESKEL, M.D.
Greenville, North Carolina -    File# 5713.176

## (REVISED 1-24-08)

| DEPOSITIONS / CASE ACTIVITY | EXPLANATION | REVIEW DATE | Actual Work Hours | AMOUNT |
|---|---|---|---|---|
| Deposition of Jane Austen Behan DeMarco | Expert Witness Consultation | 3/10/06 | 5.00 | $3,000.00 |
| | | 11/28/06 | 2.00 | $1,200.00 |
| | | 11/29/06 | 1.50 | $900.00 |
| Deposition of Salvatore Demarco | Expert Witness Consultation | 3/14/06 | 4.75 | $2,850.00 |
| | | 10/1/06 | 2.00 | $1,200.00 |
| | Literature reading | 10/2/06 | 1.00 | $600.00 |
| | Research and literature reading | 10/3/06 | 2.50 | $1,500.00 |
| | | 10/8/06 | 2.50 | $1,500.00 |
| Deposition of Dr. Tesfa-Alem Gebremeskel | | 3/17/06 | 4.00 | $2,400.00 |
| | | 11/11/06 | 3.75 | $2,250.00 |
| Deposition of Hope Byram | | 3/6/06 | 1.00 | $600.00 |
| | | 3/7/06 | 1.00 | $600.00 |
| | | 10/8/06 | 1.25 | $750.00 |
| Deposition of Georgia Huff, M.D. | Volume I Deposition 10-11-2005 | 3/10/06 | 1.75 | $1,050.00 |
| Deposition of Mitzie Hughes | | 3/17/06 | 1.25 | $750.00 |
| | | 3/17/06 | 1.25 | $750.00 |
| | | 3/4/07 | 1.00 | $600.00 |
| Deposition of Georgia Huff, M.D. | Volume II Deposition 10-13-2005 | 3/10/06 | 1.75 | $1,050.00 |
| Deposition of Mike Raisig | | 3/17/06 | 1.50 | $900.00 |
| | | 3/4/07 | 1.50 | $900.00 |
| Deposition of Joel M. Silberberg, M.D. | Research and literature reading | 3/2/06 | 1.50 | $900.00 |
| | | 3/3/06 | 1.00 | $600.00 |
| | | 3/5/06 | 3.00 | $1,800.00 |
| | | 9/29/06 | 2.00 | $1,200.00 |
| | | 10/1/06 | 0.75 | $450.00 |
| | | 4/17/07 | 2.00 | $1,200.00 |
| | Meeting with Bill & Nancy | 4/18/07 | 2.00 | $1,200.00 |
| | | 4/18/07 | 0.75 | $450.00 |
| | | 4/22/07 | 1.00 | $600.00 |
| | | 5/5/07 | 0.50 | $300.00 |
| Deposition of Joel M. Silberberg, M.D. | Review of Complaint & Demarco Medical Records | 12/25/05 | 4.00 | $2,400.00 |
| | | 1/27/06 | 1.00 | $600.00 |
| | | 1/29/06 | 2.50 | $1,500.00 |
| | | 2/10/06 | 1.50 | $900.00 |

| | | | | |
|---|---|---|---|---|
| | | 2/12/06 | 1.50 | $900.00 |
| | | 2/29/2006 | 3.50 | $2,100.00 |
| | | 3/15/06 | 4.50 | $2,700.00 |
| | | 3/16/06 | 1.50 | $900.00 |
| | | 3/17/06 | 2.00 | $1,200.00 |
| | | 3/18/06 | 1.00 | $600.00 |
| | | 3/22/06 | 4.50 | $2,700.00 |
| | | 9/1/06 | 1.50 | $900.00 |
| | | 9/2/06 | 2.00 | $1,200.00 |
| **Deposition of Janet A. Grossman, M.D.** | | 3/10/06 | 1.50 | $900.00 |
| | | 10/6/06 | 1.00 | $600.00 |
| **Deposition of Dr. Pleas Geyer** | | 4/27/06 | 2.75 | $1,650.00 |
| | | 12/17/06 | 1.50 | $900.00 |
| | | 12/20/06 | 0.75 | $450.00 |
| **Deposition of Erica Jane "Rikki" DeMarco** | | 6/12/06 | 1.25 | $750.00 |
| | | 11/19/06 | 1.00 | $600.00 |
| | | 11/27/06 | 0.75 | $450.00 |
| | | 1/23/07 | 2.00 | $1,200.00 |
| **Deposition  Salvatore Sebastian DeMarco** | | 11/27/06 | 1.00 | $600.00 |
| **Deposition of John Parkinson, M.D.** | | 12/13/06 | 2.00 | $1,200.00 |
| **Deposition of Kathleen Seibel, M.D.** | Research and literature reading | 9/24/06 | 2.00 | $1,200.00 |
| **Deposition of Richard H. Weisler, M.D.** | | 2/6/07 | 1.50 | $900.00 |
| **Volumes II & IV medical records** | REVIEW – 1st Holly Hill Admission | 2/27/07 | 2.00 | $1,200.00 |
| | 2nd Holly Hill Admission | 2/27/07 | 2.00 | $1,200.00 |
| | Pitt Memorial Admission | 2/27/07 | 2.75 | $1,650.00 |
| | Record Review | 3/1/07 | 1.50 | $900.00 |
| | | 3/3/07 | 1.00 | $600.00 |
| | | 3/4/07 | 2.50 | $1,500.00 |
| | | 3/2/06 | 1.50 | $900.00 |
| | | 3/3/06 | 1.00 | $600.00 |
| | | 3/5/06 | 3.00 | $1,800.00 |
| | | 3/6/06 | 2.00 | $1,200.00 |
| | | 3/7/07 | 2.00 | $1,200.00 |
| | | | 128.00 | $76,800.00 |
| | | | Subtotal Hrs | Subtotal |
| **Additional Hours Added** | | | | |
| **Trial Preparation** | | 5/11/07 | 5.00 | $3,000.00 |
| **Trial Preparation** | | 5/14/07 | 4.00 | $2,400.00 |
| | | | 9.00 | $5,400.00 |
| | | | 137.00 | $82,200.00 |
| **\*\* See Attached Rate Summary \*\*** | PAGE 2 | | TOTAL HRS | TOTAL |

NO. 9374   P. 23/46

SIMON PERAGINE SMITH

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

From: unknown   Page: 6/12   Date: 3/24/2011 5:17:17 PM

This fax was received by SFI FAXmaker fax server. For more information, visit http://www.gfi.com

# RATE SUMMARY

| TYPE OF APPEARANCE /SERVICE | CHARGES | CHARGE FOR ADDITIONAL 15 MIN OR PART THEREOF |
|---|---|---|
| Court Appearance and/or Preparation | $ 3,500 / half day or $ 700 for portal to portal | N/A |
| Deposition and/or Preparation | $ 600 / hr | $150 |
| Medical/Legal Conference | $ 600 / hr | $150 |
| Review of Records | $ 600 / hr | $150 |

Page 3

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

## Richard H. Weisler, M.D., P.A. & Associates

700 SPRING FOREST ROAD, SUITE 125
RALEIGH, NORTH CAROLINA 27609
TELEPHONE (919) 872-5900
FAX (919) 878-0942

RICHARD H. WEISLER, M.D.
JONATHAN R.T. DAVIDSON, M.D.

DIANA L. DELL, M.D.
VALERIE F. HOLMES, M.D.
BETH A. RIDGWAY, M.D.

30-Jun-08

 COPY

Carruthers & Roth, P.A.
Richard L. Vanore, Attorney At Law
235 North Edgeworth Street
Greensboro, North Carolina 27401

Re: George C. Cunningham, Executor of the Estate of Christine B.
Cunningham, deceased vs. Charles A Cannon, Jr. Memorial
Hospital, Inc., Diamond Healthcare Corporation, and David
Cleo Cook, M.D.; Wilkes County Superior Court; Case # 05
CvS 1734   File# 013396 / 22544

Dear Mr. Vanore:

We are submitting this invoice for time spent on this case. Please see the attached invoice with charges
relative to Case# 05 CvS 1734. File No. 013396 / 22544. Your prompt assistance in this matter is
greatly appreciated. Please feel free to give me a call with any questions you may have.

Sincerely,

Sherry Cofield
Practice Administrator

# CUNNINGHAM v. COOK

**Wilkes County**          Case# 05 CvS 1734          File# 013396 / 22544

| DEPOSITIONS / CASE ACTIVITY | EXPLANATION | REVIEW DATE | Actual Work Hours | AMOUNT |
|---|---|---|---|---|
| **Deposition of Tonya Owens, RN** | Review | 7/31/2006 | 1.50 | $900.00 |
| | Research and literature reading | 8/5/2006 | 1.50 | $900.00 |
| | | 8/11/2007 | 1.00 | $600.00 |
| **Deposition of William Travis Tweed** | Review | 8/13/2006 | 1.75 | $1,050.00 |
| | Research and literature reading | | | |
| **Deposition of Donna Munday** | Review | 8/8/2006 | 2.00 | $1,200.00 |
| | Research and literature reading | | | |
| **Deposition of George G. Cunningham** | Review | 3/31/2006 | 1.00 | $600.00 |
| | Research and literature reading | 4/1/2006 | 1.25 | $750.00 |
| | | 4/2/2006 | 1.50 | $900.00 |
| | | 4/2/2006 | 2.50 | $1,500.00 |
| | | 6/9/2007 | 1.50 | $900.00 |
| | | 6/12/2007 | 2.00 | $1,200.00 |
| | | 6/22/2007 | 2.00 | $1,200.00 |
| **Deposition of Peggy Roberts** | Review of Videotaped Deposition | 1/17/2007 | 2.00 | $1,200.00 |
| | | 1/18/2007 | 0.50 | $300.00 |
| | Literature Reading | 8/9/2007 | 1.00 | $600.00 |
| | | 8/11/2007 | 1.50 | $900.00 |
| **Deposition of James E. Bellard, M.D.** | Review | 7/8/2007 | 3.00 | $1,800.00 |
| | | 8/11/2007 | 0.75 | $450.00 |
| **Deposition of David C. Cook, M.D.** | Completed 10-27-06 | 9/2/2007 | 1.50 | $900.00 |
| | **Volume II Video Deposition** | | | |
| | Review | 10/11/2007 | 1.50 | $900.00 |
| | | 10/13/2007 | 1.00 | $600.00 |
| **Deposition of Patricia S. Jones** | Review of Videotaped Deposition | 1/19/2007 | 1.50 | $900.00 |
| | Research and literature reading | 1/19/2007 | 1.75 | $1,050.00 |
| | **Bipolar Depression Book** | | | |
| | Research and literature reading | 1/21/2007 | 2.00 | $1,200.00 |
| **Deposition of Elizabeth Cunningham** | Review | 12/3/2007 | 4.00 | $2,400.00 |

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

| | | | | |
|---|---|---|---|---|
| | "Simon's Book" | 12/3/2007 | 3.00 | $1,800.00 |
| Deposition of Mohammed Abel-Halim | Review | 12/3/2007 | 1.50 | $900.00 |
| Deposition of Sandra Blankenship Heffinger | Review | 12/3/2007 | 2.25 | $1,350.00 |
| Deposition of Michael A. Hill, M.D. | Review of Videotaped Deposition | 12/6/2007 | 2.00 | $1,200.00 |
| | Records Review | 12/7/2007 | 0.50 | $300.00 |
| | | 12/8/2007 | 1.50 | $900.00 |
| Deposition of Cathy Marusak | Review | 12/3/2007 | 1.50 | $900.00 |
| Deposition of Teana Compeau | Review | 12/4/2007 | 2.00 | $1,200.00 |
| Deposition of Kim Shumate | Review | 12/5-8/2007 | 1.25 | $750.00 |
| Deposition of Vincent H. Shumate | Review | 12/8/2007 | 0.75 | $450.00 |
| Deposition of Thomas Gutheil, MD | Review | 6/29/2007 | 4.00 | $2,400.00 |
| | | 6/30/2007 | 2.00 | $1,200.00 |
| Deposition of Robert I Simon | Research and literature reading | 4/1/2007 | 2.50 | $1,500.00 |
| | | 7/1/2007 | 2.75 | $1,650.00 |
| | | 7/4/2007 | 3.00 | $1,800.00 |
| | | 7/8/2007 | 2.00 | $1,200.00 |
| Deposition of Burton Reifler, MD | Review | 10/7/2007 | 2.25 | $1,350.00 |
| Deposition of Jay Cutspec | Review | 9/16/2007 | 0.50 | $300.00 |
| Deposition of Larry Edward Cummins, MD | Review | 11/24/2007 | 1.50 | $900.00 |
| Deposition of Amanda Hollingsworth, RN | Review | 9/16/2007 | 0.50 | $300.00 |
| Deposition of Richard H. Weisler, M.D. | Deposition | 12/14/2007 | 4.00 | $2,400.00 |
| | | | 82.75 | $49,650.00 |
| | | | TOTAL HRS | TOTAL |

## ** See Attached Rate Summary **

From: unknown        Page: 11/12        Date: 3/24/2011 5:17:18 PM

## RATE SUMMARY

| TYPE OF APPEARANCE /SERVICE | CHARGES | CHARGE FOR ADDITIONAL 15 MIN OR PART THEREOF |
|---|---|---|
| Court Appearance and/or Preparation | $ 3,500 / half day or $ 700 hr portal to portal | N/A |
| Deposition and/or Preparation | $ 600 / hr | $150 |
| Medical/Legal Conference | $ 600 / hr | $150 |
| Review of Records | $ 600 / hr | $150 |

**PRIVATE DIAGNOSTIC CLINIC, PLLC**
**MEDICAL-LEGAL FEE GUIDE**

| TYPE OF APPEARANCE/SERVICE | CHARGES | CHARGE FOR ADDITIONAL 15 MIN OR PART THEREOF |
|---|---|---|
| Court Appearance and/or Preparation | $3,500/half day OR $700/ hr portal to portal | N/A |
| Deposition and/or Preparation | $600/hr | $150 |
| Medical/Legal Conference | $600/hr | $150 |
| Review of Records | $600/hr | $150 |

Notes:  1-All travel and other direct expenses are to be billed in addition to the above.
　　　　2- Mileage = 44.5 (effective 1-2006)

*Deviations from these standard fees may be agreed to by the physician providing the services if the change is mutually agreed to by the physician and the entity requesting the services.*

**Physicians are to notify Bonnie Mincey regarding deposition logistics.  All billing for the above services will be processed through her office.**

**Bonnie Mincey- PDC Finance**
**Duke University Medical Center**
**Box 3070**
**Durham, NC 27710**
**Office:  919-613-7772**
**Fax:    919-684-8467**

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com