UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolida8ted cases |
| | * * | SECTION "K" (2) |
| | * | |
| *Weisler v. Seymour, et al.* 09-2737 | * * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# SEYMOUR AND FUCHSBERG DEFENDANTS' CORRECTED MEMORANDUM OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**Table of Contents**

A. Statement of Facts ................................................................................................... 1
B. Plaintiff's Memorandum Contains Numerous Statements Unsupported by the Record .... 2
C. The Covenant of Good Faith and Fair Dealing ................................................... 3
D. Billing Judgment ................................................................................................... 4
E. An Expert's Charge is Not Dispositive, and Unreasonable Expert Fees Are not Awarded 4
F. Excessive Fee Demands May Lead to the Denial of All Fees .............................. 5
G. Conclusion ............................................................................................................. 5

i

A.   **Statement of Facts**

The following facts are chiefly drawn from the Declaration of Richard T. Seymour, Exhibit 2 hereto, and from the other exhibits it references.

Plaintiff and the members of the medical team were given specific tasks to perform, in support of a claim for injunctive relief under Rule 23(b)(2), Fed. R. Civ. Pro. If plaintiffs had prevailed on liability, the injunctive relief would have consisted of an order requiring the Barge defendant to establish or fund a program whereby class members could be screened inexpensively for need to consult a mental health professional and could receive therapy at the Barge defendant's expense. Given the difficulties of obtaining certification of an emotional-distress class seeking damages, this was one means of potentially obtaining class certification.

Unfortunately, despite the repeated guidance given by Barge plaintiff's counsel, Dr. Weisler and the medical team failed to focus on their task, and Dr. Weisler ultimately produced a report that was not adequate for the needed purpose, was not competently done, and was not persuasive. Dr. Weisler's failure to produce a draft until the last minute made it impossible to resurrect value from his work, and Barge counsel ultimately determined that his work and analysis were so poor that there was no point in continuing to hold him out as an expert witness to be deposed, canceled his deposition, and were forced to abandon the claim for injunctive relief.

As a result, no value was obtained from plaintiff's work.

Plaintiff's work was not accepted within any recognizable meaning of the term.

Plaintiff's claim is further undermined by his having ignored repeated instructions to hold expenses down because resources were limited, by his extraordinarily aggressive billing practices, by his failures to keep accurate contemporaneous time records, by his charging for a

1

106.25 hours—at $600 an hour!—for which he does not even have his usual little slips of paper, and by his churning the file to no purpose.

Under these facts, a reasonable jury could find for defendants and summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> **B.   Plaintiff's Memorandum Contains Numerous Statements Unsupported by the Record**

It is axiomatic that a Rule 56 motion for summary judgment must be supported by an adequate record. Yet plaintiff's Memorandum makes numerous unsupported assertions of material fact. For example, plaintiff has no record evidence to support his assertion on p. 5 that no limit was ever placed on the cost of the project. While it is true that no one ever said not to bill over a quarter million dollars, it is also true that plaintiff was aware of repeated instructions to hold costs down because resources were scarce, and that plaintiff was aware there was difficulty even in paying a runner $300 to pick up medical records.

Plaintiff picks and chooses the inferences he wants to draw from the limited evidence he cites. For example, he emphasizes Mr. Gilbert's laudatory remarks at the beginning of an e-mail but ignores the remainder of the e-mail, which says that the report is inadequate because it fails to address key issues and that a lot of work remains to be done. It is axiomatic that inferences are to be drawn in favor of the opponent of summary judgment, not the movant. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).

Plaintiff also routinely misdescribes the effect of the exhibits attached to his Memorandum. For example, at p. 13 plaintiff cites his Exhibit 16 to support the statement that defendants recognized that the failure to use an outside firm to write the report increased the fees, but fails to inform the Court that in his own Exhibit 15 Mr. Seymour gave specific—and unassailable—reasons for the denial of permission to have someone unfamiliar with the project

come in and perform plaintiff's job by writing a report for him.  That request was denied with reasons *seventeen minutes* after it was made.

Plaintiff also routinely bases his motion on a mischaracterization of the litigation.  For example, plaintiff confuses a damages claim for an emotional-distress class, as to which the use of random samples was a recognized means of handling class damages claims but as to which no expert work was needed, and the injunctive relief that plaintiff and the medical team were told was the focus of their work, which required only exemplars.

Plaintiff's motion is also based on an argumentative re-allocation of responsibility that invades the province of the factfinder.  For example, plaintiff complains on p. 12 of his memorandum that on June 29, 2008 Mr. Seymour sent a list of questions in which the judge would be interested, and that this was only one day before the expert report was due to be served on the Barge defendant.  Yet plaintiff ignores that these questions had all been covered from the beginning, and that plaintiff had been told time and again that the entire purpose of the project was to validate an inexpensive screening device that could be used to separate those who needed mental therapy from those who did not, so that an injunctive program could be established under which the Barge defendant, if it lost on liability, could be ordered to establish or fund such a program.  Plaintiff's draft report was the first indication that plaintiff had ignored all of the instructions he had been given, and had gone off on a frolic of his own.  The reminder list of questions was a means by which the report could be put back into a useful form.

Plaintiff's motion is also disturbingly based on contumely.  This has no place in even a jury trial; it certainly has no place on summary judgment.

      C.    **The Covenant of Good Faith and Fair Dealing**

Louisiana recognizes an implied covenant of good faith and fair dealing in every contract. *Brill v. Catfish Shales of America*, 727 F.Supp. 1035, 1039 (E.D.La.1989); *Bonanza Int'l, Inc. v.*

3

*Restaurant Management Consultants, Inc.*, 625 F.Supp. 1431, 1445 (E.D.La.1986). Defendants have clearly shown a jury issue as to whether plaintiff has breached this covenant in his failure to perform the tasks given to him and in his billing practices and churning of his file.

Like an attorney seeking a fee award, plaintiff is required to use reasonable billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Defendants have clearly shown a jury issue as to whether plaintiff has exercised appropriate billing judgment.

### D. Billing Judgment

Like an attorney seeking a fee award, plaintiff is required to use reasonable billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Defendants have clearly shown a jury issue as to whether plaintiff has exercised appropriate billing judgment.

### E. An Expert's Charge is Not Dispositive, and Unreasonable Expert Fees Are not Awarded

*City of Shreveport v. Noel Estate, Inc.*, 941 So.2d 66, 85-86 (La. App. 2d Cir. 2006), *writ denied*, 948 So.2d 171 (La. 2007), held that only reasonable expert fees are to be awarded, and that the court "is not required to set an expert fee at the amount charged by the expert witness." *Wampold v. Fisher*, 837 So.2d 638, 640-41 (La. App. 1st Cir. 2002), held that the court "is not is not bound by agreements between a party and the expert witness. Expert witnesses are only entitled to reasonable compensation. . . . The fees of an expert may be reduced if expenses were needlessly or excessively incurred." (Citations omitted.)

Flawed and unpersuasive work may be compensated at a rate less than 10% of the amount claimed. *McDaniel v. Carencro Lions Club*, 934 So.2d 945, 980 (La .App. 3d Cir.), *writ denied*, 940 So.2d 671 (2006), awarded $3,000 on a bill of $35,253.10.

*Wingfield v. State ex rel. Dept. of Transp. and Development*, 879 So.2d 766, 770 (La. App. 1st Cir. 2004), agreed that the mere submission of a bill at an agreed rate is not binding on the court and that the claimed fee must be reasonable. The court stated: "Experts are only entitled to reasonable fees and related costs. Neither the agreement between the hiring party and the expert, nor the bill submitted to the court, binds the court's decision." The court continued:

> In setting expert fees and related costs for in-court time, such as testimony and depositions submitted at trial, the trial court may rely upon its own in-court observations and experiences, without further proof. *Wampold*, 01-0808 at pp. 2-3, 837 So.2d at 640. However, for work done or expenses incurred outside the courtroom, such as time spent gathering facts in preparation for trial testimony and time spent away from regular duties, the plaintiff in rule must submit competent and admissible evidence. Unless the parties stipulate to the specifics and costs of the out-of-court work, the expert must testify at the trial, or a subsequent hearing on the rule to tax costs, and be subject to cross-examination. *Wampold*, 01-0808 at p. 3, 837 So.2d at 640; *see Allen v. Roadway Express, Inc.,* 31,628, pp. 3-8 (La.App. 2 Cir. 2/24/99), 728 So.2d 1015, 1017-19. Thus, pursuant to *Wampold v. Fisher,* the mere assertions of an attorney and the expert via the submitted bill, even in conjunction with an expert's affidavit attesting to the correctness and truth of the billing statement, are not sufficient. *Id.* This is especially true for complex, protracted litigation that has produced high expert fees and related costs.

*See also Illinois Central R. Co. v. 16.032 Acres of Land in Jefferson Parish*, 2000 WL 278096 (E.D.La. March 14, 2000) (No. CIV. A. 98-3337).

### F.     Excessive Fee Demands May Lead to the Denial of All Fees

All fees may be denied where the request is so excessive that it shocks the conscience. *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 559 (5th Cir. 1998); *Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92 (4th Cir. 1993). *And see Hopwood v. State of Texas*, 236 F.3d 256 (5th Cir. 2000), *cert. denied*, 533 U.S. 929 (2001).

### G.     Conclusion

For the reasons stated above, defendants pray that plaintiff's Motion be denied.

        Respectfully Submitted,

        /s/ Richard T. Seymour
        Richard T. Seymour
        Law Office of Richard T. Seymour, P.L.L.C.
        Suite 900, Brawner Building
        888 17th Street, N.W.
        Washington, DC 20006-3307
            rick@rickseymourlaw.net
            (202) 785-2145 – Telephone
            (202) 549-1454 – Cell
            (800) 805-1065 – Facsimile

*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*


        /s/Bradley S. Groce
        DAVID V. BATT, #2849
        BRADLEY S. GROCE, #26037
        LOBMAN, CARNAHAN, BATT,
         ANGELLE & NADER
        THE TEXACO CENTER, SUITE 2300
        400 POYDRAS STREET
        NEW ORLEANS, LOUISIANA  70130
        (504) 586-9292   FAX (504) 586-1290

*Attorneys for Defendants Alan Fuchsberg and the Jacob D. Fuchsberg Law Firm*


Dated:  October 26, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2011, I served a copy of the Seymour and Fuchsberg Defendants' Corrected Memorandum of Opposition to Plaintiff's Motion for Partial Summary Judgment on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

>Andrew C. Wilson, Esq.
>Simon, Peragine, Smith & Redfearn, L.L.P.
>30th Floor - Energy Centre
>1l00 Poydras Street
>New Orleans, LA 70163-3000

>/s/ Richard T. Seymour
>Richard T. Seymour
>*Attorney for Defendants Richard T. Seymour and [misnamed]"Richard T. Seymour P.L.L.C."*