# Richard T. Seymour

| | |
|---|---|
| **From:** | Richard T. Seymour [rick@rickseymourlaw.net] |
| **Sent:** | Sunday, June 29, 2008 9:52 PM |
| **To:** | 'RWeisler@aol.com' |
| **Cc:** | Brian Gilbert (bgilbert@briangilbertlaw.com); 'Brian A. Gilbert'; Lawrence Wiedemann (ldwiedeman@aol.com); Karen Wiedemann (karenwiedemann@bellsouth.net) |
| **Subject:** | RE: Please review draft affidavit for general format and then call |

A couple of quick things as to formatting.

Some co-counsel cannot open the document because it was created in Word 2007. I was able to convert it to Word 2003 so that they can read it, but the conversion program sends a message that some formatting may have been lost.

If you can set your word processing program to work as if it were Word 2003, that would help.

Even after conversion, the file will not print out because there are too many fonts. If you block-select all of the text in the document and set it to Times Roman 12-point, that will eliminate the multiplicity of fonts and help make sure that new text is in the same font. When you cut and paste new text in, it should also wind up being Times Roman 12-point.

When you insert text by cutting and pasting, you want to be sure to convert that to Times Roman 12.

You do not need to notarize the document. You can start with the following statement: "I make the following declaration subject to the penalties for perjury under the laws of the United States of America."

Attachment 2 needs to include a complete list of your publications in the last 10 years. Ten years is the minimum.

Rick


Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W.
Suite 900
Washington, D.C.  20036-4129
  Voice:  202-862-4320
  Cell:    202-549-1454
  Facsimile:  800-805-1065
  e-mail:  rick@rickseymourlaw.net
  Web Site:  www.rickseymourlaw.com

"We represent the dispossessed of the Earth, and executives recently shown the door."

Mediation

Arbitration: Listed on American Arbitration Association Commercial Arbitration Roster and Employment Panel Roster.

CONFIDENTIALITY: Please note that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or some computer unconnected to either of us which this e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

The information contained in this e-mail transmission may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that

**Exhibit 45**

# Richard T. Seymour

| | |
|---|---|
| **From:** | Richard T. Seymour [rick@rickseymourlaw.net] |
| **Sent:** | Monday, June 30, 2008 11:49 AM |
| **To:** | 'Jill Hayes' |
| **Cc:** | 'rweisler@aol.com'; Brian Gilbert (bgilbert@briangilbertlaw.com); Brian Gilbert (home) (fishkat@cox.net) |
| **Subject:** | Barge Cases: RE: Referral Questions |

    Dr. Weisler, you need to write the report based on your own conclusions and thoughts, and the organization of statements that makes the most sense to you. My list of questions in which I thought the court would be interested was only an aid.

    That said, the report still needs to begin with identifying the large question covered by the report and supporting documents.

    I do not care if the next section is the qualification section or the independent studies section. However, testimony history is needed only for Dr. Weisler. Also however, getting into methodology before discussing what was done seems counter-intuitive. That's why I had qualifications at item D, and would keep it there if I were writing the report, but it's your report to write.

    A long list of documents and materials reviewed puts a long space between the statement of the question addressed by the report and any substance. Often, this does not matter and the list will go up-front. Here, I think the court will want to see the substance quickly. That's why I had this element at the end. Same comment.

    Jill's items 6, 7, and 8 are not really part of the literature discussion. They're forensic opinions based on your own studies. That's why I put them there in my list. Same comment. As to item 8, I understand you did not find any indication of malingering. I raised the subject because I think the court and the defendant will be interested in it, but no court would ever order a screening program to detect malingerers; the focus of a screening program would be to identify those who were injured in the past even if recovered fully, and to identify those needing ongoing treatment, while not wasting resources on people with bogus claims. The court, the class, and the defendant will all be properly concerned that resources not be wasted or misdirected.

    The rest is largely a matter of taste.


Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W.
Suite 900
Washington, D.C. 20036-4129
   Voice:  202-862-4320
   Cell:   202-549-1454
   Facsimile:  800-805-1065
   e-mail:  rick@rickseymourlaw.net
   Web Site:  www.rickseymourlaw.com

"We represent the dispossessed of the Earth, and executives recently shown the door."

Mediation

Arbitration: Listed on American Arbitration Association Commercial Arbitration Roster and Employment Panel Roster.

CONFIDENTIALITY: Please note that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or some computer unconnected to either of us which this e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to