This did not get through from my Blackberry, so I'm trying again via Outlook and am cc-ing the NOLA
=eam just in case it bounces again. Shawn, if this does not get through again, = leave it to you to send it
to the Barge Management list form your firm since ='m not sure who's on it.
&nbs=; = Rick
**From:** rick@rickseymourlaw.net [mailto:rick@rickseymourlaw.net]
**Sent:** Sunday, August 10, =008 12:21 AM
**To:** Richard T. =eymour
**Subject:** Fw: =pdate
Sent via BlackBerry by AT&T
**From:** rick@rickseymourlaw.net
**Date**: Sun, 10 Aug 2008 =4:06:24 +0000
**To**: Shawn Khorrami<SKhorrami@kpalawyers.com>; Barge
Management<BargeManagement@kpalawyers.com>
**Subject:** Re: Update
I want to be on the 6:00 PM Central, 7:00 PM Eastern call. I need to be =n anything that affects
the class.
Remember, there is no such thing as a liability-only class in the Fifth Circuit. The Rule 23(b)(3)
superiority requirement requires consideraion =f all claims and all forms of relief for class
members, whether or not a claim =r form of relief is included in the class certificatiioon. That is
why we =ave no choice but to include the major forms of relief in the class =ertification. Failure
to do so should doom the motion and any appeal we take from an =dverse ruling, and if by some
miracle we we got a favorable ruling it would =uarantee the Fifth Circuit's acceptance of a
Lafarge Rule 23(f) petition for =eview and would guarantee reversal.
We also need to keep in mind that the class cert motion has been filed, =nd that the Sept. 22
materials are supposed to be in support of the motion =s filed. Changing the structure of what has
been requested may or may not =e doable, but could well be a major deal.
<u>We are trying something new on the emotional-distress claims, relying on = far stronger
medical-monitoring situation than the courts have heretofore =een, with a claim for a Lafargefunded
screening and treatment program, =raditional damages on a classwide model for those
wth past but without ongoing =njuries that could be handled in individual determinations if
Lafarge continues to insist but at some point =fter enough individual trials and be hendled on a
group basis as per Fiifth =ircuit precedent, and a much smaller subset of the class with serious
ongoing =njury whose claims will have to be tried individually.
Such a structure has antecedents and is based on a reasonable argument =or changing the law. It
bears no risk of a Rule 11 violation and is the =nly path I see to getting a full recovery. If we do
not make this pitch, those =ith serious emotional-distress claims will have to be advised of the
need to =pt out of the class. We could still represent them individually. If they =tay in the class
without the approach outlined above, the serious damages they represent could defeat class
certification on any other claim or issue. =br></u>
A lot of thought has already gone into these issues, and we have a chart through the swamp of
Fifth Circuit requirements.
A discussion of these types of issues should be among counsel, without =xperts. Weisler is not
the architect of the approach, and if he gets confused, =r thinks there is a problem of utility with
this approach, it will show up =n his depo this coming week and do a lot of avoidable damage,
perhaps =rrecoverably.
Can we arrange a lawyers-only call before or in lieu of a Sunday Weisler =all?
I have not seen Klpatrick's bills or even our retainer to see what he =as asked to do, but he had
quoted a price half that much for doing his =ross-check against 300 homes and a number of
businesses. If the district court gets =ore rigorous,
completion of this testing could be critical to his survival of a new =aubert challenge in the
district court. Even if he survives again, the faliure =o take this step is a powerful reason for the
Fifth Circuit to grant Lafarge's =ule 23(f) petition and to reverse. I do not know what Kilpatrick
is saying =e needs all that money for, but I suspect it's for a lot more than the minimum =e need.
Kipatrick's classwide mass appraisal is indispensable to the =ertification of any class because it
covers the major category of damages for the =argest number of class members and is thus the
only way to get a classwide determination of liability. Otherwise, it's offensive collateral
=stoppel in individual cases for only the tenth of the class who are signed up, and = huge bill for
individual appraisals that will vary a lot in
quauality and take years to get done.
Can we have a lawyers' call on Kilpatrick as well? What we do here is a potential bet-the-class
situation, and it's worth everyone talking =bout.
I need to fire up the laptop and check one thing. If I find what I'm =ooking for quickly, I'll
**PRIVILEGED AND CONFIDENTIAL BargePSLCWeisSeym001698**
supplement this.
Rick
Sent via BlackBerry by AT&T
**From**: =hawn Khorrami <SKhorrami@kpalawyers.com>
**Date**: Sat, 9 Aug 2008 =9:04:05 -0700
**To**: Barge Management<BargeManagement@kpalawyers.com>
**Subject:** Update
Folks, just an update on a few =ngoing projects:
1. Retention/marketing:
1. We're working on the website. Larry sent =s some photos, and Melissa was kind enough to get us access to a database =f photos. Breanna
Wilson is in charge of the day to day marketing in our firm. We'll have some creative to =istribute in the next few days;
2. Brochure: Our designer is going to have =he brochure together shortly after the website design is =pproved. It'll follow the format that I outlined
previously. =ost: $5,000;
3. We'll run a few test print ads using the same =reative that the group has used in the past. Cost: =5,000;
4. We're running some web advertising. The =illing will be per lead received. We expect this campaign to start =s early as this coming Wednesday
and as late as the following =ednesday;

**Exhibit 51**