UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES § CIVIL ACTION
       CONSOLIDATED LITIGATION § NO. 05-4182 "K" (2)
§
_____ §
§
§ JUDGE DUVAL
PERTAINS TO: MRGO § MAG. J. WILKINSON
       *Armstrong,* No. 10-866 §
_____ §

### DEFENDANT UNITED STATES' OPPOSITION
### TO PLAINTIFFS' MOTION TO EXPEDITE

The plaintiffs seek an expedited hearing of their request to extend the deadlines for the completion of field testing and the submission of expert reports. Given the complexity of the issues presented and the lack of any economic considerations that demand prompt action, the United States requests that the Court consider these issues at its next available hearing date, November 30, 2011.

-1-

**ARGUMENT**

The plaintiffs request an expedited hearing to minimize certain expenses that supposedly will accrue during the pendency of their motion to enlarge the time for field testing.  This argument has no basis in fact.  As the plaintiffs are well aware, the expenses that they cite—rental charges for test equipment—will not accrue, as the equipment in question has been removed from the field and is being returned to the vendor.  In short, hearing the extension motion at the next regularly scheduled hearing will not increase expenses for any of the parties.

Plaintiffs' motion should be heard at the next scheduled hearing so that the Court will be fully informed whether it will even be possible to conduct the additional pump tests near the IHNC that plaintiffs have proposed in six weeks.  If nothing else, the extensive testing program undertaken by each of the parties to date demonstrates that the soils near the IHNC breach sites do not have high hydraulic conductivity.  The upshot of this is that conducting the additional rounds of tests contemplated by the plaintiffs will take much longer than the six weeks requested.  Indeed, the defendants' experts anticipate that a minimum of eleven to twelve weeks will be necessary to conduct the tests

requested by the plaintiffs. Given the history of these pumping tests at these sites, it is likely that the tests will take much longer. It makes little sense to begin yet another round of expensive testing if there is no reasonable possibility that the tests can be completed.

The plaintiffs' motion also cites events during the parties' joint four-month-long exploration-and-testing program and alleges that the United States' actions, as well as those of the contractor retained by the parties, delayed the work. Not surprisingly, the United States disputes much of what the plaintiffs have cited to support their claims. In order to respond adequately to those mischaracterizations, the United States and its experts must review the course of the work over the summer and fall as the program was implemented. Providing the details about the parties' consultations and the contractor's operations is essential to deciding whether more time is needed for tests and for writing reports. Unfortunately, this effort cannot be completed in the time before the plaintiffs wish to have the Court hear their motion. Waiting until the Court's next available hearing date, however, will give the parties adequate time to provide this critical information to the Court.

In addition, the United States believes that the Court will benefit from the submission of declarations by experts who are qualified to offer opinions on the issues that plaintiffs have raised. A simple example will illustrate the complexity of these issues and why the Court should not expedite the hearing before it has the benefit of considering expert declarations. The plaintiffs claim that the defendants have conducted the pumping tests at the IHNC breach sites in violation of the SOP adopted by the parties (Pl. Mem. At 7). Arguing that the pump sites have not been adequately developed, they assert that they will be deprived of evidence that their experts can use to rebut the conclusions of the defendants' experts if the testing stops now.

The crux of this argument is the plaintiffs' belief that additional rounds of well development should take place to satisfy their experts' concerns. While it is true that the SOP anticipates that the development test results will satisfy certain criteria, the SOP also provides that there may be amendments to the procedures if the parties agree to the changes (IHNC-EBIA Pump Protocol, Section 4.3 at 5).[1] The United States' experts believe that the IHNC

---

[1] The parties' experts have routinely agreed to such modifications to accommodate unforeseen developments. For instance, the defendants have readily agreed to
(continued...)

-4-

sites are adequately developed and that additional development and pumping tests will not reveal any information that is not already known. In other words, further testing would be futile since multiple developments and trials will not increase the reliability of the pump test results.

The United States' experts will also provide the Court with guidance regarding the propriety of excavating the school yard site.[2] What the plaintiffs propose will destroy the test sites. Such destructive action should only be undertaken after all of the test data have been assessed and the experts, as well as the Court, are confident that additional efforts are not needed to replicate the original tests. This will take much longer than the six weeks envisioned by the plaintiffs.

## CONCLUSION

Expedited consideration of this motion is unnecessary. The primary argument that plaintiffs cite – economic considerations – do not exist. In addition, the defendants cannot respond to the allegations made by the

---

[1](...continued)
amendments to the SOP during the course of the joint program so that the plaintiffs could complete the tests they had requested.

[2] The school yard site is distinct from the IHNC breach sites. It is approximately one-third of a mile from the IHNC.

plaintiffs in an expedited fashion.  Given the complexity of the issues, the United States believes that expert declarations are necessary.  In light of this, the United States requests that the Court consider these issues at its next available hearing date on November 30, 2011.

                                                  Respectfully Submitted,

                                                  TONY WEST
                                                  Assistant Attorney General

                                                  PHYLLIS J. PYLES
                                                  Director, Torts Branch

                                                   s/ Rupert Mitsch
                                                  RUPERT MITSCH
                                                  ROBIN DOYLE SMITH
                                                  Senior Trial Counsel, Torts Branch
                                                  Civil Division
                                                  U.S. Department of Justice
                                                  Benjamin Franklin Station,
                                                  P.O. Box 888
                                                  Washington, D.C.  20044
                                                  (202) 616-4400/616-5200 (fax)
                                                  Rupert.mitsch@usdoj.gov
                                                  Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served upon all counsel of record by ECF on November 8, 2011.

/s  Robin D. Smith
ROBIN D. SMITH
