UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES | * |
| CONSOLIDATED LITIGATION | *   CIVIL ACTION |
| | * |
| | *   NO. 05-4182 |
| PERTAINS TO: BARGE | *   and consolidated cases |
| | * |
| | *   SECTION "K" (2) |
| *Weisler v. Seymour, et al. 09-2737* | * |
| | *   JUDGE |
| | *   STANWOOD R. DUVAL, JR. |
| | *   MAGISTRATE JUDGE |
| | *   JOSEPH C. WILKINSON, JR. |

******************** *** **** *** **********************

**MEMORANDUM OF PLAINTIFF, DR. RICHARD H. WEISLER, IN
SUPPORT OF MOTION IN LIMINE RELATED TO
<u>DOCUMENTATION ASSOCIATED WITH SETTLEMENT NEGOTIATIONS</u>**

**MAY IT PLEASE THE COURT:**

This matter involves an attempt by a nationally and internationally recognized psychiatrist to recover his fees for professional services be provided as an expert witness for the Defendants at their request.  The Plaintiff, Dr. Richard H. Weisler ("Dr. Weisler"), made every effort to resolve this matter amicably, but the Defendants, for a number of reasons, refused to pay him and instead began to create fictitious reasons for not paying him and also began a series of personal attacks in an effort to diminish Dr. Weisler's "self-esteem."

1

In any event, after Dr. Weisler attempted to confer with some of the Defendants in an effort to resolve this situation, Defendants, Richard T. Seymour and Richard T. Seymour, PLLC ("the Seymour Defendants"), sent a letter on or about February 8, 2009, blessed by several of the other Defendants, basically delivering a lengthy personal attack on Dr. Weisler in an effort to get him to capitulate and accept whatever fraction of the fees the Defendants' owed and were willing to pay. The letter of February 8, 2009, is not a sworn statement, it is not a business record and it is completely false.  This letter was only generated after Dr. Weisler attempted to amicably confer with the Defendants in an effort to answer all of their questions concerning his invoices.  Unfortunately, the Defendants took the opportunity at the conference to simply scream at Dr. Weisler and inform him that they would "ruin his reputation."

Significantly, at the time of the conference, Dr. Weisler was represented by undersigned counsel.  The correspondence dated February 8, 2009 from Mr. Seymour clearly sets forth its purpose on the first page that "the matter of Dr. Weisler' statements can be resolved amicably."  Consequently, putting aside the fact that the letter is filled with self-serving and false assertions, the letter represents an attempt at "compromise and offers to compromise" which is inadmissible under Rule 408 of the Federal Rules of Evidence. As that rule reads in relevant part:

Rule 408.  Compromise and Offers to Compromise.

2

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to validity or amount, is not admissible to prove liability for or a validity of the claim or its amount.   Evidence of conduct or statements made in compromised negotiations is likewise not admissible. . .

Consistent with the plain language of Rule 408, the jurisprudence clearly indicates that when a party is represented by counsel, threatens litigation and has initiated first administrative steps in litigation, as Dr. Weisler had by that point in time, any offer made between attorneys will be presumed to be offers within the scope of evidentiary Rule 408, prohibiting the admission of evidence of offers to furnish valuable consideration to compromise a claim.   The party seeking admission of such an offer under those circumstances must therefore demonstrate convincingly that the offer was not an attempt to compromise the claim.[1]   This the Defendants cannot do and, accordingly, the Seymour Defendants' correspondence is inadmissible under Rule 408.

In addition, Dr. Weisler submits that the Seymour Defendants' correspondence is inadmissible for any number of other reasons set forth in the Federal Rules of Evidence. The letter is not relevant under Rule 401 since it is inherently false, and it does not make the "existence of any fact that is of consequence to the determination of the action more

---

[1]        *Pierce v. F.R. Trippler & Company,* 955 F. 2d 820 (2d Cir. 1992).

3

probable or less probable then it would be without the evidence."  Obviously, if not relevant, it is inadmissible as under Rule 402, as  "(e)vidence which is not relevant is not admissible." Next, even if it were relevant, the letter is inadmissible under Rule 403, as "its probative value is substantially outweighed by the danger of unfair prejudice."   This is because the letter is basically an "*ad hominem*" attack on Dr. Weisler, consistent with Mr. Seymour's earlier e-mail statement to the other members of the "group of attorneys" that he would attack Dr. Weisler's "self-esteem" in the letter.  Finally, the letter constitutes rank hearsay as a statement made outside a court proceeding which is offered for the proof of its content and is therefore, inadmissible under Rule 801.   Accordingly, for all these reasons, the Seymour Defendants' correspondence of February 9, 2009 should be ruled inadmissible and excluded from the trial of this matter.

                Respectfully submitted,

                  /s/ Andrew C. Wilson
                Daniel J. Caruso (3941)
                Andrew C. Wilson (01162)
                Susan F. Clade (1033)
                Christopher B. Conley (31674)
                SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
                30th Floor - Energy Centre
                1100 Poydras Street
                New Orleans, Louisiana 70163
                Telephone (504) 569-2030
                Facsimile (504) 569-2999
                Attorneys for Plaintiff, Richard H. Weisler, M.D.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Andrew C. Wilson

N:\DATA\N\50182001\Pleadings\Memo Support of Motion in Limine.wpd