UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>* CIVIL ACTION<br>*<br>* NO. 05-4182 |
| PERTAINS TO: BARGE | * and consolidated cases<br>*<br>* SECTION "K" (2) |
| *Weisler v. Seymour, et al.* 09-2737 | *<br>* JUDGE<br>* STANWOOD R. DUVAL, JR.<br>* MAGISTRATE JUDGE<br>* JOSEPH C. WILKINSON, JR. |

******************** *** **** *** **********************

**PROPOSED JURY CHARGES ON BEHALF OF PLAINTIFF, RICHARD H. WEISLER**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dr. Richard H. Weisler, and submits the attached Jury Charges in accordance with the Court's Scheduling Order.

                                    Respectfully submitted,

                                       /s/ Andrew C. Wilson
                                    Daniel J. Caruso (3941)
                                    Andrew C. Wilson (01162)
                                    Susan F. Clade (1033)
                                    Christopher B. Conley (31674)
                                    SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
                                    30th Floor - Energy Centre
                                    1100 Poydras Street
                                    New Orleans, Louisiana 70163
                                    Telephone (504) 569-2030
                                    Facsimile (504) 569-2999
                                    Attorneys for Plaintiff, Richard H. Weisler, M.D.

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                          /s/ Andrew C. Wilson

**PROPOSED JURY CHARGE NO. 1**:

**EXISTENCE OF CONTRACT**

In any action based on contract, three elements must be proven (1) an offer, (2) an acceptance, and (3) the consent of the parties.  La. C.C.C. art. 1927.

Absent any formalities as may be required by law, an offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.[1]

---

[1] *Chaisson v. Chaisson*, 29, 243 (La. App. 2 Cir. 2/26/97), 690 So.2d 899, 900.

**PROPOSED JURY CHARGE NO. 2**:

**BREACH OF CONTRACT**

The burden of proof in an action for breach of contract is on the party claiming rights under the contract.[2] The existence of the contract and its terms must be proved by a preponderance of the evidence.[3] The essential elements of a breach of contract claim are: (1) the obligor's undertaking obligation to perform; (2) the obligor failed to perform the allegation, i.e., the breach; and (3) the failure to perform resulted in damages to the obligee.[4] Where a party contends compensation is not owed under a contract because the services provided were inadequate, the party claiming the services were inadequate bears the burden of proof of establishing that defense.[5]

---

[2] *Rabouche v. Harvey*, 2000 - 2327 P. 3 (La. App. 4 Cir. 12/19/01), 805 So.2d 332, 334; *Vignette Publications, Inc. v. Harborview Enterprises, Inc.*, 2000 - 1711 (La. App. 4 Cir. 9/12/01), 799 So.2d 531, 2001 WL 1243664; *Phillips v. Insilco Sports Network, Inc.*, 429 So.2d 447, 449 (La. App. 4 Cir. 1983).

[3] *Bond v. Allemand*, 632 So.2d 326 (La. App. 1 Cir. 1993).

[4] *Favrot v. Favrot*, 2010 - 0986 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1108-1109.

[5] *Quality Flooring v. B.F. Construction Co., Inc.*, 2009 - 1471 (La. App. 4 Cir. 1/5/11), 56 So.2d 395, 399-401.

4

**PROPOSED JURY CHARGE NO. 3**:

**OPEN ACCOUNT**

Under Louisiana law a claim on "Open Account" under La. R.S. 9:2781(D) is "any account for which a part or all of the balance is past due," irrespective of the number of past or future transactions. "Open Accounts" also include debts incurred for professional services. There is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions.[6] In order to prevail on a suit on an "Open Account", the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. Once a *prima facie* case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits.[7]

---

[6] *Frey Plumbing Co., Inc. v. Foster*, 2007 - 1091 (La. 2/26/08), 996 So.2d 969, 971-72.

[7] *Metal Coating, LLC v. Petroquip Energy Services,* LP, 06-1118, P. at 4 (La. App. 3 Cir. 11/21/07) 970 So.2d 695, 698; *Jacobs Chiropractic Clinic v. Holloway*, 589 So.2d 31 (La. App. 1 Cir. 1991).

5