UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE Duval<br>MAG. Wilkinson |
| PERTAINS TO: MRGO<br>*Armstrong*, No. 10-866 | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXPEDITED HEARING ON PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER REGARDING EXPERT DEADLINES**

The primary reason Plaintiffs seek expedited consideration of their request for an extension is to avoid any risk that the extension will jeopardize the current trial setting. If the Court ultimately grants Plaintiffs an extension, but does so only after hearing the matter on a normal briefing schedule, then the schedule proposed by Plaintiffs in their Motion to Amend will no longer be feasible. This is because the additional testing sought by Plaintiffs cannot begin until the Court authorizes the extension of the testing deadline; if and when that authorization is granted, Plaintiffs' counsel have been advised by their geotechnical experts that the additional testing can be completed in six weeks. Plaintiffs seek expedited consideration of this request because every week that passes before a ruling is rendered will further postpone all of the expert-related deadlines that are triggered by the close of the testing period.

Plaintiffs are compelled to point out that the reason an expedited ruling is required is because of Defendants' desire to schedule *Daubert* hearings well in advance of the trial date. Plaintiffs, on the other hand, believe that such a schedule is not necessary—and indeed is contrary to judicial efficiency—given that this case will not be tried before a jury. There is

1

simply no justification for forcing the Court to hear the same evidence twice, once at the *Daubert* stage and then again at trial.  The Court will recall that in the *Robinson* matter—which involved even more complex expert issues—a *Daubert* hearing was not even held.  Indeed, federal courts recognize that *Daubert* hearings in bench trials are of little value.  As Judge Barbier explained:

> [T]he purpose of *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp.2d 1011, 1042 (N.D. Ill. 2003). Given that this case is a bench trial, and thus that the objectives of *Daubert* are no longer implicated, the Court finds that the motion in limine to exclude the expert testimony of Pazos should be denied in all other respects at this time.

*Thompson v. Rowan Cos.*, 2007 U.S. Dist. LEXIS 15822, *2-3 (E.D. La. 2007).

If the Court ultimately concludes that it will not be necessary or expedient to hold *Daubert* hearings in advance of trial, then Plaintiffs believe that expedited consideration of their motion is not required, so long as Plaintiffs' request for an extension is decided prior to the deadline for Dr. Bea's expert report.

Notably, Defendants' opposition to Plaintiffs' Motion to Expedite seeks to have it both ways.  Defendants oppose Plaintiffs' request for additional testing by citing to the results of their own testing.  Thus, Defendants hope to block Plaintiffs' *rebuttal* testing by relying on the very test results that Plaintiffs' testing is intended to rebut.  In this respect, Defendants' argument perfectly demonstrates the unfairness of the status quo.  Plaintiffs should be afforded the opportunity to conduct rebuttal testing, particularly where the testing performed by Defendants was in violation of a protocol that all of the parties jointly agreed to utilize.

Moreover, Defendants' arguments are inconsistent.  On the one hand, Defendants argue that a motion for an extension is premature because the parties will not have the test results until November 17 and that "even Defendants' own experts do not know what their opinions will be at this time."  WGI Opposition at 2.  But then Defendants go on to assert that the additional testing sought by Plaintiffs is not necessary or even feasible because Defendants' own tests purportedly demonstrate that the permeability of the marsh layer is "low".[1]  *Id*. at 4; *see also* United States Opposition at 2.  This contention once again proves Plaintiffs' point as to precisely why the additional data is necessary and thus why an extension is required.  Unless Plaintiffs are permitted to perform their rebuttal testing, WGI and DOJ will be the *only* parties afforded the opportunity to perform pump tests at the EBIA-SB and EBIA-N sites.  Defendants should not be permitted to manipulate the system such that they are allowed to conduct tests using their own flawed methodology in violation of the joint testing protocol, while simultaneously objecting to Plaintiffs' right to conduct tests using a scientifically valid methodology that was agreed to by the parties' experts.

WGI and the United States are correct that, after Plaintiffs filed their Motion to Expedite, an agreement was reached that would avoid the daily costs referenced in Plaintiffs' Motion.  However, as described above, the true cost of delay relates to the Court's desire to try this matter next summer.  If the Plaintiffs are not permitted to begin their testing until sometime next month, and if the Court still elects to hold *Daubert* hearings in advance of trial, a July trial setting will no longer be realistically achievable.

Finally, Plaintiffs wish to inform the Court that the parties' experts jointly conferred on November 9 to see if there was any possibility of an informal resolution.  Unfortunately, the

---

[1] Defendants use of the subjective term "low" is vague and simply begs the question of how this term is being defined.  Testing at various locations in the EBIA area has already demonstrated a range of permeabilities in the marsh layer, which is exactly what Plaintiffs anticipated finding when the testing began.

experts were not able to agree on a compromise at that time. Discussions between the experts are continuing, but because an acceptable compromise continues to elude the experts despite weeks of negotiations, Plaintiffs suggest that guidance from the Court is necessary.

**WHEREFORE**, Plaintiffs pray that this Motion for Expedited Hearing be granted.

Dated: November 10, 2011

         **Respectfully Submitted,**
         **PLAINTIFFS LIAISON COUNSEL**

           /s/ Joseph M. Bruno
         JOSEPH M. BRUNO (La. Bar # 3604)
         Bruno & Bruno, LLP
         855 Baronne Street
         New Orleans, Louisiana 70113
         Telephone: (504) 525-1335
         Facsimile: (504) 561-6775
         Email: jbruno@brunobrunolaw.com

         **MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

           /s/ James Parkerson Roy
         JAMES PARKERSON ROY
         MR-GO PSLC Liaison Counsel
         LA. Bar Roll Number: 11511
         Domengeaux Wright Roy & Edwards LLC
         P.O.Box 3668
         Lafayette, LA. 70502
         Telephone: (337) 593-4190 or (337) 233-3033
         Facsimile: 337-233-2796
         Email: jimr@wrightroy.com

         **MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE**

         Jonathan Andry (The Andry Law Firm, New Orleans, LA)
         Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
         James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

         **CERTIFICATE OF SERVICE**

5

     I certify that a true and correct copy of the foregoing was served upon all counsel of record by ECF on November 10, 2011.

                                        /s/ Joseph M. Bruno