individual, was party to any contract with him.

52.     Whether the Seymour Defendants told Dr. Weisler that Richard T. Seymour, an individual, was party to any contract with him.

53.     Whether all Barge papers filed by the Barge plaintiffs in In Re Katrina Canal Breaches Consolidated Litigation bear the words "Law Office of Brian A. Gilbert, P.L.C." in the signature block.

54.     At all times relevant hereto, whether all Barge papers filed by the Barge plaintiffs in In Re Katrina Canal Breaches Consolidated Litigation bear the words "Law Office of Richard T. Seymour, P.L.L.C." in the signature block.

55.     Whether, at all times pertinent, the Law Office of Brian A. Gilbert, P.L.C. was included in the Membership directory of the Louisiana State Bar Association website, www.lsba.org.

56.     At all times relevant hereto, whether all or virtually e-mails sent by Richard Seymour to Plaintiff from his office Outlook account had the name and address of his law firm, "Law Office of Richard T. Seymour, P.L.L.C." in a name and address block.

57.     At all times relevant hereto, whether the Seymour defendants used any e-mail address with Plaintiff that did not incorporate his law firm domain names "rickseymourlaw.net" or "rickseymourlaw.com."

58.     Whether the defendants collectively decided to obtain an expert.

59.     Whether Alan Fuchsberg made the initial contact with Dr. Weisler acting as a member of the Barge P.S.L.C.

26

60.    Whether the defendants conducted an interview of Dr. Weisler to determine whether Dr. Weisler would perform services including a psychological evaluation of anecdotal clients, which would enable Dr. Weisler and Dr. Townsend to configure an abridged efficient methodology to examine other Katrina victims potentially in the class

61.    Whether the defendants agreed to Dr. Weisler's alleged hourly rate.

62.    The reason(s) the Defendants refused to pay the mental healthcare providers who acted as their experts in this matter.

63.    The amount owed Dr. Weisler, if any.

64.    Whether any additional damages were sustained by Dr. Weisler.

65.    Whether the Defendants' funding issues were a factor in the Defendants' failure to pay Dr. Weisler.

66.    Whether the delayed timing of the Defendants' request for the report less than thirty (30) days before the expert report deadline, affected the quality and content of the emotional injury subclass expert report.

67.    Whether the quality of the Defendants' legal analysis affected the Defendants' choice to pursue the emotional injury subclass, as well as the eventual content of the eventual expert report and/or the Defendants' decision to abandon the emotional injury subclass.

68.    Whether Defendants made personal attacks on Dr. Weisler.

69.    If so, whether such attacks were made in bad faith.

27

70.   Whether Plaintiff demonstrated billing judgment in his charges

71.   Whether Plaintiff breached his agreement to provide a professionally acceptable expert report;

72.   Whether there was any useful value in plaintiff's report;

73.   Whether Plaintiff breached his covenant of good faith and fair dealing; [Plaintiff submits that the Defendants waived this affirmative defense as it was never raised.;]

74.   Whether Plaintiff actually performed the work for which he seeks compensation;

75.   Whether Plaintiff should be compensated for time he did not record;

76.   Whether Plaintff should be compensated for useless activity;

77.   Whether any amount is owed to Plaintiff and, if so, how much;

78.   Whether Richard T. Seymour is a proper defendant in this action;

79.   Whether the Seymour defendants ever agreed to Plaintiff's hourly rate;

80.   Whether the Seymour defendants cautioned Plaintiff and the other medical researchers that funds were very tight and they needed to be as efficient and inexpensive as possible;

81.   Whether the Seymour defendants ever participated in any acceptance of Dr. Weisler's hourly rate;

82.   Whether the Seymour defendants ever told Plaintiff not to make contemporaneous time records;

28

83.    Whether the Seymour defendants ever told Plaintiff to perform the extent of activities for which he claims compensation;

84.    Whether the Seymour defendants ever told Plaintiff to contact the large numbers of persons he contacted;

85.    Whether the Seymour defendants ever told Plaintiff to read the large number of sources he claims to have read,

86.    Whether the Seymour defendants ever told Plaintiff to delay his submission of invoices;

87.    Whether the Seymour defendants ever told Plaintiff anything that could reasonably be construed as meaning that charges or activity on the scale of his charges were acceptable;

88.    Whether the Seymour defendants ever told Plaintiff anything that could reasonably be construed as meaning that charges or activity on the scale of his charges would be paid;

89.    Whether the Seymour defendants ever told Plaintiff anything that could reasonably be construed as meaning that charges or activity on the scale of his charges could reasonably have been paid from any funds awarded to the class or to the clients.

90.    Meeting of the minds/intent.

91.    Whether Gilbert Defendants were identified as alleged principals at the time of contract formation.

92.    Whether any mandate existed, and if so, what was its scope, and whether

it was exceeded or breached.

93.     Whether anyone was authorized to say that Brian Gilbert or his law office were entering into a contract with or financially responsible to Dr. Weisler.

94.     Whether acts or omissions respecting retainer of Dr. Weisler were reasonable.

95.     Nature and extent of any acts or statements by Gilbert Defendants bearing upon alleged ratification of any contract with Dr. Weisler, indicated by clear, absolute and unequivocal intent.

96.     Whether Gilbert Defendants had full knowledge of the material facts.

97.     Whether Gilbert Defendants maintained corporate formalities.

98.     Whether Dr. Weisler was reasonable in reliance upon Mr. Fuchsberg's alleged representations.

99.     Whether there were other business transactions between the parties;

100.    Whether a line of credit was extended by one party to the other;

101.    Whether there are running or current dealings;

102.    Whether there are expectations of other dealings.

103.    Whether Dr. Weisler's bill is a litigation expense.

104.    Whether Dr. Weisler's bill is accurate.

105.    Whether any "meeting of the minds" existed necessary to form a contract between plaintiff and defendants.

106.    Whether Dr. Weisler's billing rate was agreed-to.

107.    Whether Dr. Weisler's scope of services performed was beyond the scope discussed with the defendants.

108.    Whether, in contacting Dr. Weisler, the Fuchsberg defendants were acting in their individual capacities.

109.    Whether the Defendants misunderstood the law related to class action and reimbursement of expert witness fees.

110.    Whether the Defendants acted in bad faith in creating new reasons not to pay the mental health care providers involved in emotional injury subclass project.

111.    The amounts the Defendants paid their other experts.


## IX.    CONTESTED ISSUES OF LAW:

1.    Whether Defendants breached their agreement with Dr. Weisler.

2.    Whether Dr. Weisler breached his agreement with Defendants.

3.    Whether Dr. Weisler's arrangement/agreement with the Defendants constituted an "Open Account" under La. R.S. 9:2781 and other applicable Louisiana law;

4.    The amount Dr. Weisler is owed for fees and/or damages, if any.

5.    Does Plaintiff have Article III standing to sue?

6.    Has the period of limitations expired on an Open Account claim if brought by a proper party?

7.    Did Plaintiff materially breach his contract?

31

8.     Did Plaintiff's work contribute anything of value to the barge litigation?

9.     May Plaintiff recover for his statements of time spent when he kept few or no contemporaneous billing records?

10.    May Plaintiff recover for his statements of time spent when he estimated so much of his time?

11.    May Plaintiff recover for his statements of time spent when he charged for 106.25 hours for which he did not even have an estimated time slip?

12.    May Plaintiff recover for his statements of time spent when he rounded his time to the next quarter hour, half hour, or hour when he spent as little as a minute past the quarter-hour mark?

13.    Did Plaintiff exercise billing judgment?

14.    Did Plaintff breach the covenant of good faith and fair dealing?   [The Plaintiff objects to this issue as it was never raised as an affirmative defense.]

15.    Is Richard T. Seymour a proper defendant?

16.    Issues of Contract;

17.    Issues of Agency/mandate;

18.    Issues of Ratification;

19.    Personal Liability/Disregard of corporate status;

20.    Whether Dr. Weisler and/or his professional liability corporation is a proper party.

21. Whether any "meeting of the minds" existed necessary to form a contract between plaintiff and defendants.

22. Whether the named defendants are solidary obligors.

23. Whether the release of Larry Wilson compromised plaintiff's suit against defendants, as a settlement with a potentially solidary obligor.

24. Any and all contested issues of law implicit in the foregoing Summaries of Material Facts.

25. Whether Dr. Weisler has forfeited any right to compensation by seeking an exorbitant fee.

26. Whether the Defendants should be subject to Rule 11 sanctions.

27. Whether the Defendants acted in bad faith.

28. The Defendants' negligence and incompetence in failing to properly direct their own subclass project.

29. Whether Plaintiff is entitled to prepayment interest under Louisiana law.


**X.   EXHIBITS:**

The parties are working to identify common exhibits, including exhibits from among the hundreds of email exhibits exchanged during discovery, so as to make one list of stipulated exhibits that can go directly into evidence, and remove them from individual exhibit lists. If the parties succeed in this effort, they will provide the Court with a revised stipulated exhibit list as well as a separate list of those exhibits to which

33

objections have been raised.

**A.     On behalf of Plaintiff:**

1.     Invoices and work description prepared by Dr. Weisler.

2.     CD of e-mails provided by Dr. Weisler in discovery.

3.     Transcript of recorded conversation of September 15, 2008.

4.     E-mails provided by Defendants.

5.     Invoices for the following:

   a.     Dr. Mark Townsend;
   b.     Dr. Jill Hayes;
   c.     Dr. Howard Osofsky;
   d.     Dr. Joy Osofsky;
   e.     Dr. Phillip Griffin; and
   f.     Dr. Ronnie Montgomery.

6.     Expert report of Dr. Weisler with attachments.

7.     Emails exchanged with Astra Zeneca on or about July 3-13, 2008.

8.     Correspondence from Astra Zeneca dated May 15, 2008 with attached invoice.

9.     Corporate information related to Dr. Weisler's professional corporation.

10.     Any Exhibit listed by any other party.

**B.     On behalf of the Seymour, Fuchsberg, and Wiedemann & Wiedemann, APLC, defendants:**

| Number | Description |
|--------|-------------|
| 1 | Expert report submitted by Plaintiff in the Barge case |

| 2 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." |
|---|---|
| 3 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." |
| 4 | December 12, 2008 Letter from Plaintiff's counsel, Andrew Wilson, to Brian Gilbert |
| 5 | Invoice for the time of Dr. Mark Townsend for his work in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 6 | Plaintiff's Invoice for work in the Barge case, updated through July 28, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 7 | August 13, 2008 invoice for the work Dr. Townsend performed in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 8 | "Final Invoice" dated "12/02/08" invoice for the work Dr. Townsend purportedly performed in the Barge case identified in ¶ 6 of Plaintiff's Complaint, updated through August 15, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 9 | August 12, 2008, e-mail sent by Brian Gilbert to Plaintiff and Dr. Townsend at 11:29 P.M. Central Daylight Time, asking them to suspend all work on the case. |
| 10 | February 4, 2009 letter from Andrew Wilson to Brian Gilbert |
| 11 | Statement of Plaintiff's purported compensable time and expenses in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 1 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert |

| | |
|---|---|
| 12 | List of "most of the identified articles, books and materials" that Plaintiff contends he "reviewed either in full or in part secondary [sic] to Barge PSLC Attorney instructed "'examination and discussion of peer-review articles and peer accepted methodologies of the entire area of Disaster Mental Health . . . .", Exhibit 3 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert |
| 13 | "Table of Contents" consisting of excerpts of e-mail messages from and to various persons, with everything omitted except a subject line, a date (sometimes with, and sometimes without, time), sometimes with, and sometimes without, a "from" line, sometimes with, and sometimes without, a "CC" line, always without the body of the message if any, always without an indication of any attachment, and always without any attachment, Exhibit 4 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. |
| 14 | Plaintiff's time records for the time he spent working in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 5 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. |
| 15 | Plaintiff's documentation of expenses incurred by Plaintiff while working on the Barge case, Exhibit 6 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. |
| 16 | February 8, 2009 letter from Richard T. Seymour to Andrew Wilson |
| 17 | E-mail thread, with the top e-mail sent by Brian Gilbert at 3:47 P.M. on May 29, 2008, to Plaintiff and others on the medical team and co-counsel, and the second e-mail sent by Dr. Mark Townsend on May 29, 2008, at 2:32 P.M. |
| 18 | E-mail thread, with the top e-mail sent by Mark Townsend at 5:26 P.M. on May 29, 2008, with Plaintiff and others addressed or cc'd. |
| 19 | E-mail thread Bates-numbered, with the top e-mail sent by Richard Seymour addressed or cc'd to Jill Hayes, Plaintiff, Dr. Mark Townsend, and co-counsel at 4:36 P.M. Eastern Daylight Time on June 2, 2008 |

| 20 | E-mail thread Bates-numbered, with the top e-mail sent by Karen Wiedemann addressed to Dr. Mark Townsend, and co-counsel at 5:18 P.M. on June 2, 2008 |
| 21 | E-mail thread with the top e-mail sent by Dr. Mark Townsend and addressed or copied to Dr. Jill Hayes, Plaintiff, others on the medical team, and counsel at 7:47 P.M. on May 29, 2008. |
| 22 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Jill Hayes, Plaintiff, Dr. Mark Townsend, and co-counsel at 2:52 P.M. on June 3, 2008. |
| 23 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and co-counsel at 5:46 P.M. on June 6, 2008, with the subject line "Re: Barge Cases: Conference Call on Draft Report." |
| 24 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and co-counsel at 2:34 P.M. Eastern time on June 29, 2008, with the subject line "Re: Barge Medical: Expert Report." |
| 25 | E-mail Plaintiff sent on August 4, 2008 at 12:31 P.M. to counsel on the Barge case, and to Dr. Mark Townsend, containing information about expert witness fees |
| 26 | Attachment to Plaintiff's August 4, 2008 e-mail, and entitled "Private Diagnostic Clinic, PLLC / Medical-Legal Fee Guide." |
| 27 | Centers for Disease Control and Prevention, Mental Health Survey Instrument, and materials thereon |
| 28 | Plaintiff's Responses to Seymour defendants' Interrogatories to Plaintiff, or any of them |
| 29 | Plaintiff's Responses to Seymour defendants' Requests for Production from Plaintiff, or any of them |
| 30 | Plaintiff's Initial Disclosures, or any of them |
| 31 | Exhibits to Plaintiff's Deposition, or any of them |

| 32 | Plaintiff's Responses to the Gilbert defendants' discovery requests |
| 33 | E-mail threads in which the top e-mail was sent June 2, 2008 |
| 34 | E-mail threads in which the top e-mail was sent June 3, 2008 |
| 35 | E-mail threads in which the top e-mail was sent June 6, 2008 |
| 36 | E-mail threads in which the top e-mail was sent June 29, 2008 |
| 37 | E-mail threads in which the top e-mail was sent July 29, 2008 |
| 38 | E-mail threads in which the top e-mail was sent August 12, 2008 |
| 39 | E-mail threads in which the top e-mail was sent August 15, 2008 |
| 40 | May 27, 2008 e-mail threads discussing Ronnie Montgomery |
| 41 | Any exhibit listed by any other party |
| 42 | Any documents appropriate for impeachment or for rebuttal |

**C.      On behalf of the Gilbert defendants:**

a.      Documents/emails exchanged or disclosed during discovery;

b.      Dr. Weisler's Report, Attachments and Bill;

c.      Dr. Weisler's deposition (rebuttal or impeachment of any party or witness);

d.      Louisiana and Federal tax return extracts/identifiers.

e.      Law Office of Brian A. Gilbert, P.L.C. registration from the Louisiana Secretary of State, Articles of Incorporation, and Bank Account identifiers.

f.      Any and all listed in this Order by any other party to this litigation, regardless of that party's continued joinder in the litigation beyond the present.

**XI.    DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE:**

**A.    On behalf of Plaintiff**

Unknown at this time.  Plaintiffs will use deposition testimony only if a witness is unavailable to attend trial.  Plaintiffs intend to call all witnesses live.  Plaintiffs agree to meet prior to trial to eliminate all irrelevant and repetitive matter and all colloquy between counsel to the content deposition testimony is used.

**B.    On behalf of defendants:**

Excerpts of Plaintiff's deposition for impeachment and rebuttal.

**XII.    CHARTS, GRAPHS, MODELS, SCHEMATIC DIAGRAMS, ETC.:**

**All parties may offer enlargements of portions of the Plaintiff's deposition or of exhibits in the case.**

**A.    On Behalf of Plaintiff:**

Plaintiffs intend to present a time-line of events and e-mail messages.

**B.    On Behalf of Defendants:**

Without having seen Plaintiff's proposed time line, defendants do not yet know whether they will proffer a time line of their own, but reserve the right to do so.

XIII.   **LIST OF WITNESSES:**

A.       **Plaintiffs' Witnesses**

**Will Call Witnesses**:

1.       Dr. Richard Weisler, 700 Spring Forest Road, Suite 125, Raleigh, NC
         27609;
         Subject:       Plaintiff.       He has information regarding the facts and
                                         circumstances of the services performed and
                                         amounts due, as well as his damages related
                                         to same as are set forth in the subject
                                         Complaint.

2.       Mr. Mark Townsend, 2020 Gravier Street, 7th Floor, Suite C, New Orleans,
         70112;
         Subject:       Dr. Townsend has information regarding services he
                        performed, as well as those performed by Dr. Weisler.

**May Call Witnesses:**

3.       Dr. Howard Osofosky, LSU Medical Center, New Orleans, Louisiana.
         Subject:       Dr. Osofosky has information regarding services he
                        performed, as well as those performed by Dr. Weisler.

4.       Dr. Joy D. Osofosky, LSU Medical Center, New Orleans, Louisiana
         Subject:       Dr. Osofosky has information regarding services he
                        performed, as well as those performed by Dr. Weisler.

5.       Dr. Jill Hayes, New Orleans, Louisiana.
         Subject:       Dr. Hayes has information regarding services he performed,
                        as well as those performed by Dr. Weisler.

6.       Kara Koehrn, Durham, Duke University, North Carolina
         Subject:       Ms. Koehrn was a graduate student who assisted Dr.
                        Weisler with his activities and would have personal
                        knowledge of same.

7.       Dr. Phillip Griffin, LSU Health Science Building, New Orleans, Louisiana.
         Subject:       Dr. Griffin has information regarding services he performed,
                        as well as those performed by Dr. Weisler.

8.    Dr.  James Barbee, New Orleans, Louisiana.
      Subject:     Dr. Barbee has information regarding services he performed,
                   as well as those performed by Dr. Weisler.

9.    Dr. Richard Dalton, Tulane University, New Orleans, Louisiana.
      Subject:     Dr. Dalton has information regarding services he performed,
                   as well as those performed by Dr. Weisler.

10.   Dr. Paul Balson, LSU Medical Center, New Orleans, Louisiana.
      Subject:     Dr. Balston has information regarding services he
                   performed, as well as those performed by Dr. Weisler.

11.   Dr. Sherry Cofield, 700 Spring Forest Road, Suite 125, Raleigh, NC
      27609;
      Subject:     Dr. Cofield has information regarding services she
                   performed, as well as those performed by Dr. Weisler.

12.   Ronnie Montgomery, Kenner, Louisiana.
      Subject:     Mr. Montgomery has information regarding his involvement
                   in the emotional injury subclass project.

13.   Any witness listed by any other party.


Plaintiffs have filed a Witness List in accordance with this Court's prior orders.

Undersigned counsel for Plaintiff certifies that there are no expert reports and
therefore, none were exchanged on behalf of any of the Parties.


**B.     The Seymour, Fuchsberg and Wiedemann & Wiedemann, APLC,
defendants' witnesses:**

41

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| 1 | Richard H. Weisler, M.D.<br>Richard H. Weisler, M.D., P.A. & Associates<br>700 Spring Forest Road<br>Suite 125<br>Raleigh, NC 27609 | Will call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 2 | Mark H. Townsend, M.D.<br>LSU Behavioral Sciences Center<br>3450 Chestnut Street<br>New Orleans, LA 70115 | May call | Same, plus plaintiff's invoices and invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 3 | Jill Hayes, Ph.D.<br>525 Huey P. Long Avenue | May call | Plaintiff's allegations and defendants' defenses; plaintiff's invoices, invoicing practices, prior representations, qualifications; representations of |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | Gretna, LA 70053 | | hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 4 | Howard J. Osofsky, M.D., Ph.D. LSU Health Sciences Center School of Medicine at New Orleans 1542 Tulane Avenue Room 228 New Orleans, LA 70112 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 5 | Joy Osofsky, M.D., Ph.D. LSU Health Sciences Center Department of Pediatrics Children's Hospital | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | 200 Henry Clay Ave<br>New Orleans, LA 70118 | | assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 6 | Kara Koehrn<br>Program Analyst,<br>Office of Information Access and Analysis,<br>Office of Environment Information<br>Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 7 | Richard T. Seymour<br>Law Office of Richard T. Seymour, P.L.L.C.<br>Suite 900, Brawner Building<br>888 17th Street, N.W.<br>Washington, DC 20006-3307 | Will call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |

44

| **Number** | **Name and Address of Witness** | **"Will" or "May" Call** | **Expected Testimony** |
|---|---|---|---|
| 8 | Alan L. Fuchsberg<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 9 | Leslie Kelmachter<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 10 | Brian Gilbert<br>Law Office of Brian A. Gilbert, P.L.C.<br>2030 St. Charles Avenue<br>New Orleans, Louisiana 70130 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 11 | Shawn Khorrami<br>Khorrami, Pollard & Abir<br>444 S. Flower Street<br>33d Floor | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of |

45

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|--------|------------------------------|----------------------|--------------------|
|  | Los Angeles, CA 90071 |  | utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 12 | Mark Ravis, M.D., J.D. Mark Ravis & Associates 270 North Canon Dr. 3rd Floor Beverly Hills, Ca 90210 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 13 | Any staff of plaintiff's in 2008 | May call | Plaintiff's work on this case, plaintiff's work on other matters during the time covered by this case, and their involvement in his report |
| 14 | Any witnesses who may be appropriate for impeachment or rebuttal | May call | The subject matter as to which the person may have knowledge suitable for impeachment or rebuttal |

C.     **The Gilbert defendants' witnesses:**

a.     Any and all present parties - roles/responsibilities of co-defendants, emotional damages expert retention, expert governance and supervision, agency/ mandate, reasonableness, ratification, corporate formalities, events of May 2008 through cessation of work by Dr. Weisler, Dr. Weisler's

qualifications, activites and bills, open account status, any matter on cross.

b.      Karl Wiedemann - same as above.

c.      Karen Wiedemann - same as above .

d.      Any and all listed by any other parties.

e.      Any and all for authentication

f.      Any and all for rebuttal/impeachment.

## XIV.   TRIAL:

This will be a jury trial.  The entirety of the case will be tried before the jury. Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

## XV.   LIABILITY

The issue of liability _____ be tried separately from that of quantum.

## XVI.   ANY OTHER MATTERS THAT MIGHT EXPEDITE DISPOSITION OF CASE:

The Parties await the Court's decision as to the pending Motions.

Plaintiff is requesting a settlement conference with Judge Duvall.

## On Behalf of the Fuchsberg defendants:

Due to the recent release of the co-defendant, Lawrence Wilson, the Fuchsberg

47

defendants may have a claim for contribution against Lawrence Wilson for any judgment rendered against the Fuchsberg defendants.

## XVII.  COMMENCEMENT OF TRIAL:

Trial will commence on December 5, at 8:30 a.m., with counsel to report by 8:00 a.m.  The trial will last up to five (5) days.

## XVIII.  STIPULATIONS:

The Parties have met to confer concerning possible stipulations.

The parties stipulate that Plaintiff has already been paid $10,000 pursuant to a settlement with former defendants Lawrence A. Wilson and the law firm of Wilson Druker,_____, and that this should be taken into account as a credit for any amount awarded in the verdict.

## XIX.   AFFIRMATION:

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person or, in the case of Mr. Seymour, by telephone.   Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

## XX.  SETTLEMENT:

Possibility of settlement of this case was considered.


**BY MY SIGNATURE, I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.**

  /s/ Andrew C. Wilson
**ANDREW C. WILSON, ESQ.**
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor – Energy Centre
1100 Poydras Street
New Orleans, LA  70163
        (504) 569-2030 – Telephone
        andreww@spsr-law.com

  /s/Brian A. Gilbert
**BRIAN A. GILBERT, ESQ.**
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
2030 St. Charles Avenue
New Orleans, Louisiana 70130
        Telephone: (504) 598-1000
        Facsimile: (504) 524-1024
        bgilbert@briangilbertlaw.com

  **/s/Lawrence D. Wiedemann**
**LAWRENCE D. WIEDEMANN, ESQ.**
**WIEDEMANN & WIEDEMANN**
110 Veterans Boulevard
Suite 444
Metairie, LA 70005-4910
        (504) 581-6180 - Telephone
        ldwiedemann@gmail.com

  /s/ Richard T. Seymour
**RICHARD T. SEYMOUR, Esq.**
**AND LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C.**
Richard T. Seymour
LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
        rick@rickseymourlaw.net
        (202) 785-2145 – Telephone
        (202) 549-1454 – Cell
        (800) 805-1065 – Facsimile


  /s/ David V. Batt
David V. Batt, #2849
Bradley S. Groce, #26037
400 Poydras Street
Suite 2300
New Orleans, LA  70130
        dvb@lcba-law.com
        bsg@lcba-law.com
        (504) 586-9292
*Attorney for defendants Alan Fuchsberg and The Jacob D. Fuchsberg Law Firm*

SO ORDERED:


        _____
        **HONORABLE STANWOOD R. DUVAL, JR.**
        Senior U.S. District Court Judge


50