8.  Correspondence from Astra Zeneca dated May 15, 2008 with attached invoice.

9.  Motion to Certify 5/15/08 in consolidated proceedings, Civil Action Nos. 09-2737 and 05-4182.

B.  On behalf of the Seymour, Fuchsberg, and Wiedemann & Wiedemann, APLC, defendants:

| Number | Description |
|---|---|
| 1 | Expert report submitted by Plaintiff in the Barge case |
| 2 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." |
| 3 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." |
| 4 | December 12, 2008 Letter from Plaintiff's counsel, Andrew Wilson, to Brian Gilbert |
| 5 | Invoice for the time of Dr. Mark Townsend for his work in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 6 | Plaintiff's Invoice for work in the Barge case, updated through July 28, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 7 | August 13, 2008 invoice for the work Dr. Townsend performed in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |
| 8 | "Final Invoice" dated "12/02/08" invoice for the work Dr. Townsend purportedly performed in the Barge case identified in ¶ 6 of Plaintiff's Complaint, updated through August 15, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert |

32

| | |
|---|---|
| 9 | August 12, 2008, e-mail sent by Brian Gilbert to Plaintiff and Dr. Townsend at 11:29 P.M. Central Daylight Time, asking them to suspend all work on the case. |
| 10 | February 4, 2009 letter from Andrew Wilson to Brian Gilbert |
| 11 | Statement of Plaintiff's purported compensable time and expenses in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 1 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert |
| 12 | List of "most of the identified articles, books and materials" that Plaintiff contends he "reviewed either in full or in part secondary [sic] to Barge PSLC Attorney instructed "'examination and discussion of peer-review articles and peer accepted methodologies of the entire area of Disaster Mental Health . . . .", Exhibit 3 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert |
| 13 | "Table of Contents" consisting of excerpts of e-mail messages from and to various persons, with everything omitted except a subject line, a date (sometimes with, and sometimes without, time), sometimes with, and sometimes without, a "from" line, sometimes with, and sometimes without, a "CC" line, always without the body of the message if any, always without an indication of any attachment, and always without any attachment, Exhibit 4 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. |
| 14 | Plaintiff's time records for the time he spent working in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 5 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. |
| 15 | Plaintiff's documentation of expenses incurred by Plaintiff while working on the Barge case, Exhibit 6 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. |
| 16 | February 8, 2009 letter from Richard T. Seymour to Andrew Wilson |
| 17 | E-mail thread, with the top e-mail sent by Brian Gilbert at 3:47 P.M. on May 29, 2008, to Plaintiff and others on the medical team and co-counsel, and the second e-mail sent by Dr. Mark Townsend on May 29, 2008, at 2:32 P.M. |

| 18 | E-mail thread, with the top e-mail sent by Mark Townsend at 5:26 P.M. on May 29, 2008, with Plaintiff and others addressed or cc'd. |
|---|---|
| 19 | E-mail thread Bates-numbered, with the top e-mail sent by Richard Seymour addressed or cc'd to Jill Hayes, Plaintiff, Dr. Mark Townsend, and co-counsel at 4:36 P.M. Eastern Daylight Time on June 2, 2008 |
| 20 | E-mail thread Bates-numbered, with the top e-mail sent by Karen Wiedemann addressed to Dr. Mark Townsend, and co-counsel at 5:18 P.M. on June 2, 2008 |
| 21 | E-mail thread with the top e-mail sent by Dr. Mark Townsend and addressed or copied to Dr. Jill Hayes, Plaintiff, others on the medical team, and counsel at 7:47 P.M. on May 29, 2008. |
| 22 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Jill Hayes, Plaintiff, Dr. Mark Townsend, and co-counsel at 2:52 P.M. on June 3, 2008. |
| 23 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and co-counsel at 5:46 P.M. on June 6, 2008, with the subject line "Re: Barge Cases: Conference Call on Draft Report." |
| 24 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and co-counsel at 2:34 P.M. Eastern time on June 29, 2008, with the subject line "Re: Barge Medical: Expert Report." |
| 25 | E-mail Plaintiff sent on August 4, 2008 at 12:31 P.M. to counsel on the Barge case, and to Dr. Mark Townsend, containing information about expert witness fees |
| 26 | Attachment to Plaintiff's August 4, 2008 e-mail, and entitled "Private Diagnostic Clinic, PLLC / Medical-Legal Fee Guide." |
| 27 | Centers for Disease Control and Prevention, Mental Health Survey Instrument, and materials thereon |
| 28 | Plaintiff's Responses to Seymour defendants' Interrogatories to Plaintiff, or any of them |

| | |
|---|---|
| 29 | Plaintiff's Responses to Seymour defendants' Requests for Production from Plaintiff, or any of them |
| 30 | Plaintiff's Initial Disclosures, or any of them |
| 31 | Exhibits to Plaintiff's Deposition, or any of them |
| 32 | Plaintiff's Responses to the Gilbert defendants' discovery requests |
| 33 | E-mail threads in which the top e-mail was sent June 2, 2008 |
| 34 | E-mail threads in which the top e-mail was sent June 3, 2008 |
| 35 | E-mail threads in which the top e-mail was sent June 6, 2008 |
| 36 | E-mail threads in which the top e-mail was sent June 29, 2008 |
| 37 | E-mail threads in which the top e-mail was sent July 29, 2008 |
| 38 | E-mail threads in which the top e-mail was sent August 12, 2008 |
| 39 | E-mail threads in which the top e-mail was sent August 15, 2008 |
| 40 | May 27, 2008 e-mail threads discussing Ronnie Montgomery |
| 41 | Any exhibit listed by any other party |
| 42 | Any documents appropriate for impeachment or for rebuttal |

**C.     On behalf of the Gilbert defendants:**

a.     Documents/emails exchanged or disclosed during discovery and/or initial disclosure;

b.     Dr. Weisler's Report, Attachments and Bill;

c.     Dr. Weisler's deposition (rebuttal or impeachment of any party or witness);

d.     Exhibits to Dr. Weisler's deposition

    e.    Any and all pleadings, motions, exhibits and record contents

    f.    Louisiana and/or Federal tax return and/or business banking extracts reflecting corporate status distinct from personal.

    g.    Law Office of Brian A. Gilbert, P.L.C. Articles of Incorporation, Registration Forms, Corporate Filings.

## XI. DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE:

### A. On behalf of Plaintiff

Unknown at this time. Plaintiffs will use deposition testimony only if a witness is unavailable to attend trial. Plaintiffs intend to call all witnesses live. Plaintiffs agree to meet prior to trial to eliminate all irrelevant and repetitive matter and all colloquy between counsel to the content deposition testimony is used.

### B. On behalf of defendants:

Excerpts of Plaintiff's deposition for impeachment and rebuttal.

## XII. CHARTS, GRAPHS, MODELS, SCHEMATIC DIAGRAMS, ETC.:

All parties may offer enlargements of portions of the Plaintiff's deposition or of exhibits in the case.

### A. On Behalf of Plaintiff:

Plaintiffs intend to present a time-line of events and e-mail messages.

### B. On Behalf of Defendants:

Without having seen Plaintiff's proposed time line, defendants do not yet know

whether they will proffer a time line of their own, but reserve the right to do so.

XIII.  **LIST OF WITNESSES:**

    A.    **Plaintiffs' Witnesses**

        **1.**    **Will Call Witnesses**:

1. Dr. Richard Weisler, 700 Spring Forest Road, Suite 125, Raleigh, NC 27609;
   Subject:   Plaintiff.   He has information regarding the facts and circumstances of the services performed and amounts due, as well as his damages related to same as are set forth in the subject Complaint.

2. Mr. Mark Townsend, 2020 Gravier Street, 7th Floor, Suite C, New Orleans, 70112;
   Subject:   Dr. Townsend has information regarding services he performed, as well as those performed by Dr. Weisler.

3. Dr. Howard Osofosky, LSU Medical Center, New Orleans, Louisiana.
   Subject:   Dr. Osofosky has information regarding services he performed, as well as those performed by Dr. Weisler.

4. Dr. Joy D. Osofosky, LSU Medical Center, New Orleans, Louisiana
   Subject:   Dr. Osofosky has information regarding services he performed, as well as those performed by Dr. Weisler.

5. Dr. Jill Hayes, New Orleans, Louisiana.
   Subject:   Dr. Hayes has information regarding services he performed, as well as those performed by Dr. Weisler.

6. Kara Koehrn, Durham, Duke University, North Carolina
   Subject:   Ms. Koehrn was a graduate student who assisted Dr. Weisler with his activities and would have personal knowledge of same.

7. Dr. Phillip Griffin, LSU Health Science Building, New Orleans, Louisiana.
   Subject: Dr. Griffin has information regarding services he performed, as well as those performed by Dr. Weisler.

**May Call Witnesses:**

8. Dr. James Barbee, New Orleans, Louisiana.
   Subject: Dr. Barbee has information regarding services he performed, as well as those performed by Dr. Weisler.

9. Dr. Richard Dalton, Tulane University, New Orleans, Louisiana.
   Subject: Dr. Dalton has information regarding services he performed, as well as those performed by Dr. Weisler.

10. Dr. Paul Balson, LSU Medical Center, New Orleans, Louisiana.
    Subject: Dr. Balson has information regarding services he performed, as well as those performed by Dr. Weisler.

11. Sherry Cofield, 700 Spring Forest Road, Suite 125, Raleigh, NC 27609;
    Subject: Dr. Cofield has information regarding services she performed, as well as those performed by Dr. Weisler.

12. Ronnie Montgomery, Kenner, Louisiana.
    Subject: Mr. Montgomery has information regarding his involvement in the emotional injury subclass project.

13. Any witness listed by any other party.

Plaintiffs have filed a Witness List in accordance with this Court's prior orders.

Undersigned counsel for Plaintiff certifies that there are no expert reports and therefore, none were exchanged on behalf of any of the Parties.

**B.    The Seymour, Fuchsberg and Wiedemann & Wiedemann, APLC, defendants' witnesses:**

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| 1 | Richard H. Weisler, M.D.<br>Richard H. Weisler, M.D., P.A. & Associates<br>700 Spring Forest Road<br>Suite 125<br>Raleigh, NC 27609 | Will call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 2 | Mark H. Townsend, M.D.<br>LSU Behavioral Sciences Center<br>3450 Chestnut Street<br>New Orleans, LA 70115 | May call | Same, plus plaintiff's invoices and invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications |

39

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | | | with counsel for the Barge plaintiffs; communications with members of the medical team |
| 3 | Jill Hayes, Ph.D.<br>525 Huey P. Long Avenue<br>Gretna, LA 70053 | May call | Plaintiff's allegations and defendants' defenses; plaintiff's invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 4 | Howard J. Osofsky, M.D., Ph.D.<br>LSU Health Sciences Center<br>School of Medicine at New Orleans<br>1542 Tulane Avenue Room 228<br>New Orleans, LA 70112 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| 5 | Joy Osofsky, M.D., Ph.D.<br>LSU Health Sciences Center<br>Department of Pediatrics<br>Children's Hospital<br>200 Henry Clay Ave<br>New Orleans, LA 70118 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 6 | Kara Koehrn<br>Program Analyst, Office of Information Access and Analysis, Office of Environment Information<br>Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 7 | Richard T. Seymour<br>Law Office of Richard T. Seymour, P.L.L.C. | Will call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the |

41

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | Suite 900, Brawner Building<br>888 17th Street, N.W.<br>Washington, DC 20006-3307 | | medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 8 | Alan L. Fuchsberg<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 9 | Leslie Kelmachter<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 10 | Brian Gilbert<br>Law Office of Brian A. Gilbert, P.L.C.<br>2030 St. Charles Avenue<br>New Orleans, Louisiana 70130 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|--------|------------------------------|----------------------|--------------------|
|        |                              |                      | plaintiffs' case caused by plaintiff |
| 11     | Matthew M. Seymour 1437 East Capitol Street S.E. Washington, DC 20003-1769 | May call | Calculations he performed on invoice(s) submitted by Plaintiff or other mental health experts in this litigation |
| 13     | Any staff of plaintiff's in 2008 | May call | Plaintiff's work on this case, plaintiff's work on other matters during the time covered by this case, and their involvement in his report |
| 14     | Any witnesses who may be appropriate for impeachment or rebuttal | May call | The subject matter as to which the person may have knowledge suitable for impeachment or rebuttal |

**C.    The Gilbert defendants' witnesses:**

a.    Any and all present parties - roles/responsibilities of co-defendants, emotional damages expert retention, expert governance and supervision, agency/ mandate, reasonableness, ratification, corporate formalities, events of May 2008 though cessation of work by Dr. Weisler, Dr. Weisler's qualifications, activites and bills, open account status, any matter on cross.

b.    Karl Wiedemann - same as above.

c.    Karen Wiedemann - same as above .

43

      d.      Lawrence A. Wilson - same as above.

      e.      Patrick Sanders, to testify to facts pertinent to funding the litigation

      f.      Any and all for rebuttal/impeachment.

## XIV. TRIAL:

This will be a jury trial. The entirety of the case will be tried before the jury. Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

## XV. LIABILITY

The issue of liability will be tried separately from that of quantum.

## XVI. ANY OTHER MATTERS THAT MIGHT EXPEDITE DISPOSITION OF CASE:

The Parties await the Court's decision as to the pending Motions.

Plaintiff is requesting a settlement conference with Judge Duvall.

**On Behalf of the Fuchsberg defendants:**

Due to the recent release of the co-defendant, Lawrence Wilson, the Fuchsberg

defendants may have a claim for contribution against Lawrence Wilson for any judgment rendered against the Fuchsberg defendants.

### XVII. COMMENCEMENT OF TRIAL:

Trial will commence on December 5, at 8:30 a.m., with counsel to report by 8:00 a.m. The trial will last up to five (5) days.

### XVIII. STIPULATIONS:

The Parties have met to confer concerning possible stipulations.

The parties stipulate that Plaintiff has already been paid $10,000 pursuant to a settlement with former defendants Lawrence A. Wilson and the law firm of Wilson, Grochow, Druker & Nolet, and that this should be taken into account as a credit for any amount awarded in the verdict.

### XIX. AFFIRMATION:

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person or, in the case of Mr. Seymour, by telephone. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

XX.  SETTLEMENT:

Possibility of settlement of this case was considered.

**BY MY SIGNATURE, I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.**

　　/s/ Andrew C. Wilson
**ANDREW C. WILSON, ESQ.**
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor – Energy Centre
1100 Poydras Street
New Orleans, LA  70163
　　(504) 569-2030 – Telephone
　　andreww@spsr-law.com


_____
**BRIAN A. GILBERT, ESQ.**
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
2030 St. Charles Avenue
New Orleans, Louisiana 70130
　　Telephone: (504) 598-1000
　　Facsimile: (504) 524-1024
　　bgilbert@briangilbertlaw.com

Jonathan H. Adams, T.A.
E. Alexis Bevis, T.A.
KOEPPEL TRAYLOR
2030 St. Charles Avenue
New Orleans, Louisiana  70130
　　Telephone: (504) 598-1000
　　Facsimile:  (504) 524-1024

46

jadams@koeppeltraylor.com
abevis@koeppeltraylor.com

---

**LAWRENCE D. WIEDEMANN, ESQ.**
**WIEDEMANN & WIEDEMANN**
110 Veterans Boulevard
Suite 444
Metairie, LA 70005-4910
    (504) 581-6180 - Telephone
    ldwiedemann@gmail.com

---

**RICHARD T. SEYMOUR, ESQ.**
**AND LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C.**

Richard T. Seymour
LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
    rick@rickseymourlaw.net
    (202) 785-2145 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Facsimile

47

_____
David V. Batt, #2849
Bradley S. Groce, #26037
LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
400 Poydras Street
Suite 2300
New Orleans, LA  70130
    dvb@lcba-law.com
    bsg@lcba-law.com
    (504) 586-9292
*Attorney for defendants Alan Fuchsberg and The Jacob D. Fuchsberg Law Firm*


SO ORDERED:

                          _____
                          **HONORABLE STANWOOD R. DUVAL, JR.**
                          Senior U.S. District Court Judge