UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolida8ted cases |
| | * * | SECTION "K" (2) |
| | * * | |
| *Weisler v. Seymour, et al.*     **09-2737** | * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# SEYMOUR DEFENDANTS' OBJECTIONS TO PLAINTIFF'S AMENDED PRETRIAL ORDER

The Seymour defendants object to Plaintiff's Amended Pretrial Order (Doc. 20584) on the following grounds:

### A.    Seymour Defendants' Exhibits and Exhibit List

On Sunday, November 20, and early on Monday morning, November 21, the Seymour defendants sent a series of e-mails to all other counsel transmitting groups of exhibits, informing all other counsel that certain exhibits were being withdrawn, and transmitting a revised exhibit list with proper columns for objections and rulings. A copy of these e-mails is attached hereto as Exhibit 1. A copy of the Seymour defendants' revised exhibit list transmitted to all counsel on November 21, 2011 at 1:52 A.M. Eastern time, 12:52 A.M. Central time, is attached hereto as Exhibit 2.

1

Plaintiff's Amended Pretrial Order does not reflect these changes, but left unchanged the Seymour, Fuchsberg and Wiedemann 7 Wiedemann defendants' former exhibit list and did not inform the Court that it had been replaced. Amended Pretrial Order, pp. 32-35.

### B. Plaintiff's Exhibits

At approximately 1:52 PM Central time on Sunday, November 20, plaintiff provided a list of his then 127 exhibits (a number that was then multiplied five times overnight). This is attached hereto as Exhibit 3. It consists solely of e-mails, and does not correspond to the generic listing of plaintiff's exhibits on pp. 31-32 of plaintiff's Amended Pretrial Order.

The list of e-mails sometimes includes subjects and sometimes not, and sometimes includes dates and sometimes not. When dates are listed, there are sometimes single dates (which may or may not involve a thread of multiple e-mails), and sometimes multiple dates indicating a thread of multiple-mails, such as exhibit 9: "9. Email from: Richard Seymour / Dated: 5/15-16/2008 Subj: Scheduling class representatives and class representative descriptions for Motion for Class Certification."

Given the lateness of the list, given the fact that there are multiple e-mails and documents with the same date, and given the fact that the Seymour defendants had a trial in Maryland on November 21, there was no way in which this list could be used to hunt down the documents comprising the exhibits so that the Seymour defendants could make decisions on objections within the time allowed.

The Seymour defendants repeatedly requested copies of the actual exhibits, and plaintiff repeatedly stated that it was impossible to e-mail 3,000 pages. In point of fact, the e-mailing of hundreds and thousands of pages is routinely done, although it may take several e-mails to transmit such a number of pages.

Counsel for plaintiff promised to have a disc delivered to the hotel where the Seymour defendants would be staying on the night of November 21, so that the Seymour defendants could review the exhibits and state objections. Two discs were delivered, each bearing the label "Plaintiff's Exhibits1 and 2" and each apparently containing the same contents. Each has 379 megabytes of data. A document containing screen shots of the files on these discs is attached as Exhibit 4.

Not one file is labeled as an exhibit. Many files contain the same dates and/or subjects as other files. It is not possible to state objections to individual exhibits without knowing what the exhibits are.

Counsel for plaintiff represents that he had the exhibits ready to display to counsel at his office on a screen, on the afternoon of November 21, 2011. If so, they were already in electronic form and could have been exchanged with the Seymour defendants, just as the Seymour defendants exchanged exhibits with counsel for plaintiff.

The Seymour defendants therefore object to all of plaintiff's exhibits.

### C.     The "Joint Exhibits"

Plaintiff's Amended Pretrial Order has an Addendum A, Docs. 20584-3 through 20584-9, which purports to be a Joint Exhibit List on Behalf of All Parties. The Seymour defendants never saw this purported "Joint" list prior to its filing with the Court, and object to the list.

The purported "Joint" list contains a listing of ***682*** e-mails in Part 1 that had never before been circulated, at least to the Seymour defendants:

| Subpart of Part 1 | Number of Exhibits |
|---|---|
| A | 66 |
| B | 89 |
| C | 45 |
| D | 2 |
| E | 25 |
| F | Skipped |
| G | 7 |
| H | 4 |
| I | 10 |
| J | Skipped |
| K | Skipped |
| L | 10 |
| M | 8 |
| N | Skipped |
| O | 165 |
| P | 14 |
| Q | 3 |
| R | 16 |
| S | 218 |
| Total | 682 |

It is possible that this list contains everything on the 379 MB discs provided to the Seymour defendants on the evening of November 21, but even so it is impossible to check 682 e-mails and make decisions on objections in the short time plaintiff has provided.

The Seymour defendants object to all of these e-mails in Part 1 of the list on the ground that plaintiff has failed to comply timely with his obligations, the Seymour defendants never agreed to make these "joint" exhibits, substantial time is needed to review these exhibits for objections, and the time is not available before the start of trial.

As to the remainder of the "Joint" exhibits, the Seymour defendants state:

1. There is no Part 2. The Seymour defendants do not know if this was inadvertent.

2. Part 3 is the plaintiff's expert report and its attachments. Doc. 20584-8, pp. 10-13, and Doc. 20584-9, pp. 1-10. That can legitimately be a joint exhibit, but the Seymour defendants have to review it as it will be introduced, to ensure that the names and confidential health information of the persons evaluated is redacted.

3. Duplicate Part 3, Doc. 20584-9, p. 10, the surreptitious tape recording plaintiff made, of part of a conference call with some defendants and some non-defendants, in an unsuccessful effort to resolve the case: The Seymour defendants object on the basis of Fed. R. Evid. 408, on the basis that this is only part of the conversation, on the ground that they have not been provided with a copy of the tape to check against the transcript made by an unknown person, on the ground that the tape and transcript are irrelevant, on the ground that the tape contains substantial hearsay, and on the ground that the tape and transcript are unduly prejudicial.

Part 4: The Barge plaintiff's May 15, 2008 Motion to Certify the Class is a legitimate joint exhibit.

Part 5: The Seymour defendants object to the invoices because the stated dates do not correspond to the dates of the invoices.  The Seymour defendants also object to the narrative summary plaintiff prepared with his counsel because it is in essence a brief of counsel containing misstatements, hearsay, accusations, and the like, is irrelevant, and is unduly prejudicial.

Part 6. Emails exchanged with Astra Zeneca on or about July 3-13, 2008.  No objection to this as a plaintiff's exhibit, but objection as a "joint" exhibit.

Part 7. July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08."  No objection.

Part 8. August 12, 2008, e-mail sent by Brian Gilbert to Plaintiff and Dr. Townsend at 11:29 P.M. Central Daylight Time, asking them to suspend all work on the case (redacted).  No objection.

Part 10. Attachment to Plaintiff's August 4, 2008 e-mail, and entitled "Private Diagnostic Clinic, PLLC / Medical-Legal Fee Guide."  No objection.

Part 11. Attachment to Plaintiff's August 4, 2008 e-mail, and entitled "Private Diagnostic Clinic, PLLC / Medical-Legal Fee Guide."  Objection as duplicative of Part 10.

Part 12. Plaintiff's Responses to Seymour defendants' Interrogatories to Plaintiff, or any of them.  Objection that parts are irrelevant.

Part 13. Plaintiff's Responses to Seymour defendants' Requests for Production from Plaintiff, or any of them.   Objection that parts are irrelevant.

Part 14. Plaintiff's Initial Disclosures, or any of them.  The Seymour defendants understand from plaintiff's representations that the initial disclosures included many of the documents on the discs provided to them on the evening of November 21.  They object to all of

the initial disclosures on the grounds that parts are irrelevant, unduly prejudicial, contain hearsay, and potentially contain privileged information.

Part 15. Exhibit 25 to Plaintiff's Deposition - June 12, 2008 E-mail from Alan Fuchsberg asking medical team to hold expenses down. No objection.

Part 16. Exhibit 26 to Plaintiff's Deposition - May 16, 2008 E-mail from Alan Fuchsberg introducing Drs. Weisler & Townsend to other counsel. No objection, if properly redacted to exclude extraneous material.

Part 17. Other exhibits from plaintiff's deposition. The Seymour defendants object, since they do not know which exhibits are intended, and object to these being made joint exhibits.

Part 18. Plaintiff's Responses to the Gilbert defendants' discovery requests. The Seymour defendants object to this being made a joint exhibit.

Part 19. August 4, 2008 thread, Weisler at top, with SEAK information also [sic], Barge PSLC000055-59. The Seymour defendants object to this being made a joint exhibit.

Part 20: This was omitted.

Part 21. August 12, 2008, Gilbert to Townsend and Weisler, Barge Case (stop working), Barge PSLC000063. The Seymour defendants object as duplicative of part 8.

Part 22. August 20, 2008 Seymour to Fuchsberg and Kelmachter, Barge Cases: Withdrawal and Agreement, BargePSLCWeisSeym001772-001775. The Seymour defendants object that this is irrelevant and unduly prejudicial, and in any event should not be a "joint" exhibit.

Part 23. Law Office of Brian A. Gilbert, P.L.C. Articles of Incorporation, Registration Forms, Corporate Filings. No objection.

7

Part 24. Law Office of Brian A. Gilbert, P.L.C. corporate income tax return (signature page) & Summary of law Office of Brian A. Gilbert, P.L.C. Bank Accounts.  No objection.

Part 25. webcontent from www.bargecase.com  The Seymour defendants object because they do not know what content is supposed to be in the exhibit, what date the information was supposed to be on the web, what relevance it might have, and whether it is unduly prejudicial.

Part 26. 2008-8-17 Bates 1741-51.SecondStopWorkOrder.pdf.  No objection.

Part 27. Form of Memorandum of Understanding with "the Fuchsberg team".  The Seymour defendants need to see the exhibit before determining any objection.

Part 28. Screen capture of MS Word document properties as to the above Form of MOU.  The Seymour defendants need to see the exhibit before determining any objection.

Part 29. Memorandum of Understanding with Khorrami, Pollard & Abir, L.L.P.  The Seymour defendants object on the grounds of lack of relevance and undue prejudice.

       Respectfully Submitted,

       /s/ Richard T. Seymour
       Richard T. Seymour
       Law Office of Richard T. Seymour, P.L.L.C.
       Suite 900, Brawner Building
       888 17th Street, N.W.
       Washington, DC 20006-3307
       rick@rickseymourlaw.net
       (202) 785-2145 – Telephone
       (202) 549-1454 – Cell
       (800) 805-1065 – Facsimile

       *Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C.*

Dated:  November 22, 2011

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of November, 2011, I served a copy of the Seymour Defendants' Objections to Plaintiff's Amended Pretrial Order, with exhibits, on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

      Andrew C. Wilson, Esq.
      Simon, Peragine, Smith & Redfearn, L.L.P.
      30th Floor - Energy Centre
      1l00 Poydras Street
      New Orleans, LA 70163-3000

      /s/ Richard T. Seymour
      Richard T. Seymour
      *Attorney for Defendants Richard T. Seymour and [misnamed] "Richard T. Seymour P.L.L.C."*