**MINUTE ENTRY**
**DUVAL, J.**
**November 17, 2011**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| **BARGE:** | |
| | **SECTION "K"(2)** |
| **Weisler v. Seymour, et al.,   C.A. No. 09-2737** | |

Attending a pre-trial conference held this day were:

Andrew Wilson for Richard Weisler;
Bradley Groce for Alan Fuchsberg and the Jacob D. Fushsberg Law Firm;
Richard Seymour for Richard T. Seymour and Richard T. Seymour, P.L.L.C.;
Brian Gilbert for Brian Gilbert and the Law Office of Brian A. Gilbert, P.L.C.; and
Lawrence D. Wiedemann for Wiedemann& Wiedemann, P.L.C.

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

Based on the discussion that ensued,

 **IT IS ORDERED** that:

1. A revised Exhibit List filed in compliance with the Court pretrial procedures shall be filed with objections to such exhibits noted. All omnibus listing of exhibits are **STRICKEN.** The Court after reviewing the revised exhibit list with objections noted shall decide whether it will entertain such objections or determine whether such objections were waived by virtue of the parties non-compliance with the Court's rules.

2. An Amended Pre-Trial Order which was used during the conference and a hard copy of which was presented to the Court shall be filed into the record. All in globo objections, omnibus listings, and "reservation of rights" listed therein are **STRICKEN.**

3. The Court shall conduct a settlement conference with the parties present on **Tuesday, November 22, 2011 at 9:00 a.m. in Chambers.**

4. Prior to **November 25, 2011**, counsel shall:

    a. meet, pre-mark, and exchange all exhibits intended to be used at trial and stipulate as to their authenticity and admissibility, if possible.

    b. review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom.

5. No later than **4:30 p.m., November 25, 2011**, counsel shall:

    a. file all memoranda (an original and one copy) relative to the objections to exhibits;

    **No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown.**

    **Furthermore, when filing any motion in limine with respect to an exhibit, counsel must identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be**

       **attached to the motion. Failure to comply with this order may result in the automatic denial of the motion in limine.**

    b.    file all motions in limine and memoranda in support thereof mentioned in the pre-trial order;

    c.    deliver to Court one bench book with copies of marked exhibits for the Court containing a specific list of exhibits with each. A separate compilation of the exhibits **for the record** shall be given to the Courtroom Deputy on the **morning of trial.**

    d.    submit copies of depositions to be used at trial marked with designations shown in high-lighter pen (one color for each party), and all written objections and memoranda relative thereto. **The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived.**

    e.    submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial order.

    f.    submit an original and one copy of proposed jury instructions, jury interrogatories, special voir dire questions, a joint statement of the case (which is a short synopsis of the facts of the case to be used for voir dire purposes).

    g.    identify by name any witness identified as a "representative" in the pre-trial order by addendum to the Pre-Trial Order. **FAILURE TO DO SO WILL CONSTITUTE A WAIVER OF THE RIGHT TO CALL SUCH WITNESS, EXCEPT UPON A SHOWING OF GOOD CAUSE.**

6.    Responses to any memoranda filed on **November 25, 2011** shall be filed no later than **4:30 p.m. November 29, 2011.**

**NOTE--ALL MATERIALS TO BE FILED SHALL BE FILED IN CHAMBERS--NOT IN THE CLERK'S OFFICE**

7. On the **day of trial** counsel shall,

   a. provide the Court with a copy of any deposition testimony to be used for impeachment purposes, along with any other discovery material that has not been previously provided to the Court.

   b. provide the Courtroom Deputy with a list of witnesses counsel intends to call each day of trial.

8. Counsel shall pursue amicable resolution of this matter. In the event a settlement is reached, counsel shall retrieve all bench books and copies of depositions previously submitted to the Court within five days. Failure to timely retrieve these materials shall be construed by the Court as a request to discard same.

9. On the day of trial, counsel shall be present in Chambers at 8:00 a.m. to discuss all necessary preliminary matters. Jury selection and trial shall commence at 8:30 a.m.

10. Counsel are hereby apprised that the courtroom is equipped with an evidence presentation system available for use at trial. This system can be used with counsel supplied laptops, printed documents, photographs and/or actual physical evidence. This system displays the evidence, documents and exhibits to the jury on monitors positioned throughout the jury box and on the 8' x 10' drop-down screen located adjacent to the jury box. The images will also be projected on the monitors on counsel's tables, the witness box and the bench. The lectern houses a digital document camera, touch screen monitor for annotations, DVD/VCR player and connections for a laptop, video camera and a real time transcript feed. If counsel are

unfamiliar with the evidence presentation system, counsel may arrange to have the Case Manager, Sheena Demas, familiarize counsel with the devices at an arranged meeting during the week <u>before</u> trial. The court strongly advises counsel to bring their equipment in (laptops, evidence, photos, etc.) to test during the demonstration. The court requires counsel to make use of this evidence presentation system.

*[signature]*

**JS-10:  1 HOUR**