UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re                                          CIVIL ACTION NO. 05-4182

KATRINA CANAL BREACHES                         SECTION "K" (2)
CONSOLIDATED LITIGATION
                                               JUDGE DUVAL

                                               MAGISTRATE JUDGE WILKINSON

_____

PERTAINS TO:

LEVEE and MRGO:

Kmart Corp., No. 11-2062

_____

## STIPULATION OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS

Plaintiffs, Kmart Corporation and Sears, Roebuck and Co., and Defendant, Board of Commissioners of the Port of New Orleans [the "Dock Board"], stipulate as follows:

1.      On September 13, 2011, the Dock Board filed a motion to dismiss Plaintiffs' Complaint against the Dock Board pursuant to Federal Rule of Civil Procedure 12(b)(6) [Rec. Doc. 20430].  The Dock Board argued that the allegations against it in Plaintiffs' Complaint are virtually identical to the allegations in several other civil actions filed in the consolidated Katrina litigation, No. 05-4182, that have all been dismissed by this Court.  This Court has held that the Dock Board has no duties or responsibilities with respect to flood control, or for the design, construction, and maintenance of any levees and floodwalls.  *See* No. 05-4182, Order and Reasons (entered Oct. 12, 2007) [Rec. Doc. 8389]; No. 05-4182, Order and Reasons (entered Nov. 7, 2007) [Rec. Doc. 8913]; No. 05-4182, Order and Reasons (entered

Oct. 28, 2008) [Rec. Doc. 16192]; No. 05-4182, Order and Reasons (entered Nov. 12, 2008) [Rec. Doc. 16352]. The dismissal of the Dock Board has been affirmed by the United States Fifth Circuit Court of Appeals in *In re Katrina Canal Breaches Litigation*, No. 08-30234, 309 Fed. Appx. 836 (5th Cir. 2/6/2009) [Rec. Doc. 18125].

2.  On September 15, 2011, this Court administratively terminated the Dock Board's motion to dismiss in light of an existing stay [Rec Doc. 20433] (citing No. 05-4182, Stay Order (entered Jan. 17, 2008) [Rec. Doc. 10620]; *see also* No. 05-4182, Amended Stay Order (entered Jan. 22, 2008) [Rec. Doc. 10723]). The Dock Board subsequently filed a Motion for Status Conference to have the Court lift the stay to consider its motion to dismiss [Rec. Doc. 20465]. This Court denied that motion, but noted the parties' willingness to enter into a stipulation that would alleviate the need for motion practice. *See* Order (entered Oct. 13, 2011) [Rec. Doc. 20478].

3.  In opposition to the Dock Board's motion to dismiss [Rec. Doc. 20430], Plaintiffs would rely on the same arguments advanced in the opposition briefs filed by the plaintiffs in the cases dismissed as to the Dock Board by the following court orders and opinions: No. 05-4182, Order and Reasons (entered Oct. 12, 2007) [Rec. Doc. 8389]; No. 05-4182, Order and Reasons (entered Nov. 7, 2007) [Rec. Doc. 8913]; No. 05-4182, Order and Reasons (entered Oct. 28, 2008) [Rec. Doc. 16192]; No. 05-4182, Order and Reasons (entered Nov. 12, 2008) [Rec. Doc. 16352]. Further, Plaintiffs adopt and incorporate said arguments and opposition briefs and assert them herein as if filed herein *in extenso*.

4.  For the reasons set forth above and in this Court's Orders and Reasons entered October 12, 2007, November 7, 2007, October 28, 2008, and November 12, 2008, and for those reasons

2

set forth in the February 6, 2009 Per Curiam Opinion of the Fifth Circuit in No. 08-30234 referenced above, the claims against the Dock Board should be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

5.     Said dismissal, agreed to and accepted by the Court, operates as an adjudication on the merits of the claims against the Dock Board, but without waiver of the parties' rights to review or appeal the claims dismissed or not reached. Each party specifically reserves and maintains its rights of review or appeal of all issues herein.

6.     Plaintiffs reserve any and all rights related to all other defendants in this matter.

7.     Plaintiffs reserve any and all rights they may have at any point in the future in the event that any governmental entity, body and/or program, be it local, state or federal, allocates and/or extends any payments, credits, rights and/or benefits to Plaintiffs and/or any other plaintiff in the *In re Katrina Canals Breaches Consolidated Litigation*, Case No. 05-4182, respecting any actions and/or omissions of the Dock Board or any other defendant in this matter or the *In re Katrina Canals Breaches Consolidated Litigation* matter.


s/ James M. Garner                                      s/ Kirk N. Aurandt
_____        _____
JAMES M. GARNER #19589, T.A.              J. FREDERICK KESSENICH #7354, T.A.
JOHN T. BALHOFF, II #24288                    MICHAEL W. McMAHON #23987
ASHLEY G. COKER #30446                        JON A. VAN STEENIS #27122
**SHER GARNER CAHILL RICHTER**         KIRK N. AURANDT #25336
  **KLEIN & HILBERT, L.L.C.**                     **DAIGLE FISSE & KESSENICH, PLC**
909 Poydras Street, Twenty-eighth Floor      P.O. Box 5350
New Orleans, Louisiana 70112                     Covington, Louisiana 70434
Telephone: (504) 299-2100                            Telephone: (985) 871-0800
Facsimile: (504) 299-2300                             Facsimile: (985) 871-0899
**ATTORNEYS FOR KMART**                    **ATTORNEYS FOR THE BOARD OF**
**CORPORATION and SEARS, ROEBUCK**  **COMMISSIONERS OF THE PORT OF**
**AND CO.**                                                 **NEW ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2012 a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ James M. Garner
_____
JAMES M. GARNER