UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * |
| PERTAINS TO: MRGO | * SECTION "K" (2) <br> * <br> * JUDGE DUVAL <br> * <br> * MAGISTRATE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Washington Group International, Inc.[1] ("WGI"), through undersigned counsel, respectfully submits the following memorandum in support of its motion to strike the claims of Ethel Mae Coats. It is well-settled under Louisiana law that the three children of Mrs. Coats, rather than her succession, are her legal successors. Additionally, Mrs. Coats' husband, Jimmie Coats, who predeceased her, died intestate, and had four surviving children from a previous relationship. Under the Louisiana rules of succession, in the absence of a will, Mr. Coats' children and/or their descendants would be the naked owners of Mr. Coats' interest in the house. Because neither Mrs. Coats' legal successors nor Mr. Coats' heirs are present in the case, Mrs. Coats' claims should be stricken.

---

[1] Subsequent to the activities alleged in Plaintiffs' Complaint, WGII was acquired by URS Corporation, a Delaware Corporation. WGII, now known as URS Energy & Construction, Inc., is a subsidiary of URS E&C Holdings, Inc., a Delaware Corporation. URS E&C Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation. URS Holdings Inc. is a subsidiary of URS Corporation.

I.     **STATEMENT OF THE FACTS**

Ethel Mae Coats filed suit against WGII, the United States, and other defendants alleging, *inter alia*, that her house located at 1020-1022 Charbonnet St. suffered flood damage as a result of the breaches along the IHNC floodwalls. Prior to his death in 1999, Mrs. Coats shared the home with her husband, Jimmie Coats. Mr. Coats, upon information and belief, had four children from a previous relationship. These four children are identified in Mr. Coats' obituary as his survivors.[2] To date, no will has ever been probated in Orleans Parish for Mr. Coats.

Mrs. Coats also had children from a prior relationship: Larry Franklin, Latrice Franklin, and Lintoi Franklin-Alexis.[3] Mrs. Coats passed away during the pendency of the above-captioned action, and her succession representative, Jerald Andry, was substituted as a plaintiff. (Rec. Doc. 19617). Mrs. Coats' succession was opened, and the will filed in the Civil District Court for the State of Louisiana identifies Ms. Franklin-Alexis as a legatee.[4]

Prior to the filing of the instant motion, counsel for WGII contacted Plaintiffs' counsel and requested that they voluntarily take action to bring the proper plaintiffs before the Court in order to spare the parties unnecessary motion practice. Because Plaintiffs' counsel has not done so, and because WGII will be prejudiced by their absence, the Court should grant WGII's motion and strike the claims of Mrs. Coats.

II.    **LAW AND ARGUMENT**

A.    **Standard of Review**

Under Rule 19 of the Federal Rules of Civil Procedure, "all persons that may have an interest in the subject of an action" must be brought together in one forum so that the lawsuit

---

[2]  See Ex. A, Obituary of Jimmie Coats, located at http://files.usgwarchive.org/la/orleans/obits/1/c-15.txt (accessed on Feb. 10, 2012).

[3]  *See* Ex. B, Civil District Court Docket for Succession of Ethel Mae Coats, at p. 1.

[4]  *Id*. at p. 7.

can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986).  Pursuant to the express terms of Rule 19(a), a party is necessary for a just adjudication if any one of the three factors is met:  (1) in the party's absence complete relief cannot be afforded to the existing parties; (2) the absent party claims an interest relating to the subject of the action and the disposition of the action in that party's absence will impede the missing person's ability to protect the interest; or (3) the absent party claims an interest relating to the subject action, and the disposition of the action in that party's absence will leave the defendant subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the absent party's claimed interest. Fed. R. Civ. Pro. 19(a).

Rule 19(b) provides:  "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

**(2)** the extent to which any prejudice could be lessened or avoided by:

**(A)** protective provisions in the judgment;

**(B)** shaping the relief; or

**(C)** other measures;

**(3)** whether a judgment rendered in the person's absence would be adequate; and

**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

The action cannot proceed without Mrs. Coats' legal successors or Mr. Coats' heirs. WGII will be severely prejudiced in the absence of the proper plaintiffs. At present, there is no one in the case who has the legal capacity to represent Mrs. Coats. Moreover, Mr. Coats' heirs are completely absent from these proceedings, even though they appear to own 50% of the house. If they are not present, WGII may be subject to multiple or inconsistent judgments.

**B.  Mrs. Coats' Children Are Her Proper Legal Successors**.

Article 801 of the Louisiana Code of Civil Procedure states that "when a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality."

As used in Articles 801 through 804, "legal successor" means: "(1) the survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; (2) otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein." Article 2315.1 of the Louisiana Civil Code designates "legal successors" as follows:

> (1)  The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2)  The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3)  The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4)  The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
>
> B.  In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

- 4 -

"[T]he Civil Code clearly provides that if a person dies during the pendency of an action, the survivor under Article 2315.1(A) has the first option to continue the suit." Warren Mengis, *The Article 2315.1 Survival Action: A Probate or Non-Probate Item*, 61 LA. LAW REVIEW 417, 421 (2001). Because Mrs. Coats has three surviving children, they are her legal successors pursuant to Article 2315.1 and take precedence over her succession representative.

*Rainey v. Entergy Gulf States, Inc.* described the impact of Article 2315.1 on survival actions. 885 So.2d 1193 (La. App. 1 Cir. 2004). In that case, the court found that even though the decedent made a testamentary donation of her lawsuit, the right of action still devolved in accordance with Civil Code article 2315.1 *Id.* at 1202-1203. As a result, the court required that the children of the decedent be substituted for the legatee identified in the decedent's will. *Id.* at 1204.

> Article 2315.1 is a law that specifically determines how the ownership of a tort cause and right of action is transmitted upon the death of its original owner. Article 2315.1 *clearly and unambiguously* transmits the particular tort cause and right of action to designated classes of beneficiaries after the death of the tort victim without the necessity of a succession proceeding. As provided for in Louisiaan Civil Code Article 870, this transfer is accomplished "by the operation of law."

*Id.* at 1200 (emphasis in original). Therefore, in the action instituted by Mrs. Coats before her death, the members of the favored class of beneficiaries listed in Louisiana Civil Code article 2315.1 would be the proper parties to be substituted as plaintiff in her property tort claim. Because Mrs. Coats has surviving children, they are the proper substitute plaintiffs. Mrs. Coats' succession representative is not the proper plaintiff.

### C. Mr. Coats' Heirs Have an Ownership Interest in the House.

Because Mr. Coats died without a will, his ownership interest in the house would have passed to his surviving children. "In the absence of valid testamentary disposition, the undisposed property of the deceased devolves by operation of law in favor of his descendants,

ascendants, and collaterals, by blood or by adoption, and in favor of his spouse not judicially separated from him, in the order provided in and according to the following articles." La. Civ. Code art. 880. A surviving spouse inherits the deceased's share of the community property only in the event that deceased had no surviving children. La. Civ. Code art. 889. At present, there is no one in the litigation who represents in the interests of Mr. Coats' heirs, even though they appear to collectively own one-half of the property at issue.

Mr. Coats' heirs are necessary parties because WGII may be subject to multiple or inconsistent judgments in their absence. In *Schutten v. Shell Oil Co.*, the Fifth Circuit held that the defendant in an eviction suit would face inconsistent obligations or be otherwise prejudiced if the non-party levee board (who also claimed title to the land the plaintiffs purported to own) were not added as a party. 421 F.2d 869 (5th Cir. 1970). Similarly, WGII could find itself facing inconsistent obligations as to two halves of the same house. Because WGII will be prejudiced by the absence of Mr. Coats' heirs, the Court should strike Mrs. Coats' claims.

### III. CONCLUSION

In the absence of Mrs. Coats' legal successors and Mr. Coats' heirs, WGII cannot obtain a clean judgment disposing of the claims arising from the alleged damage at 1020-1022 Charbonnet St. For this reason and those stated above, the Court should grant WGII's motion and strike the claims of Ethel Mae Coats.

Dated:  February 11, 2012

Respectfully submitted,

*/s/ Heather S. Lonian*
William D. Treeby, 12901
James C. Gulotta, Jr., 6590
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

and

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3891
Facsimile:  (202) 626-1700

Attorneys for Washington Group International, Inc., a division of URS Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Strike has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 11th day of February, 2012.

*/s/ Heather S. Lonian*