UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION (2) | * * * | CIVIL ACTION NO. 05-4182 "K" JUDGE DUVAL |
| PERTAINS TO: MRGO *Armstrong*, No. 10-866 | * * * | MAGISTRATE JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' OPPOSITION TO DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S MOTION TO STRIKE

Defendant Washington Group International, Inc. (WGI) has filed a "motion to strike" the claims of Ethel Mae Coats. In essence, the motion argues that Plaintiffs have failed to join all proper parties, justifying an order "striking" Ms. Coats' claims. The motion should be denied for the following reasons:

FIRST: There is no procedural basis for the motion. A "motion to strike" under federal law (Fed. R. Civ. P. 12(f)(2)) would be untimely and would not in any event afford WGI the relief sought—striking Ms. Coats' "claims" (i.e., apparently dismissing her entire case) for failure to join proper parties. WGI has instead brought some manner of dismissal or summary judgment motion that proffers a "statement of the facts" citing "information and belief" and newspaper clippings for support. WGI cites no authority by which this Court might make factual findings upon such a record to support dismissal of Ms. Coats' claims.

SECOND: As a result, WGI fails to prove any Rule 19 deficiency. It fails to identify any person "required to be joined" pursuant to Rule 19. WGI travels under state procedural law for

1

its substantive arguments as to who may or may not be a proper party while ignoring this Court's own substitution of Jerald Andry as administrator of Ms. Coats' estate in her place and stead.

I.   **BACKGROUND**

Plaintiffs' claims include property damage in the Lower 9th Ward and areas adjacent to the IHNC, from flooding that not only damaged their homes beyond repair, but forced them to relocate and seek alternative employment. Ethel Mae Coats was one of the original representative Plaintiffs in the MR-GO Master Consolidated Class Action Complaint. She alleged *inter alia*, that her house located at 1020-1022 Charbonnet Street suffered damage as a result of WGI's negligence. Mrs. Coats participated in written discovery and was deposed on July 17, 2007. Unfortunately Mrs. Coats died on January 29, 2009. On October 16, 2009, Defendant United States of America ("USA") filed a Statement Noting a Party's Death, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. That pleading notified this Court that Mrs. Ethel Mae Coats died on January 29, 2009.

Mrs. Coats' will named Jerald N. Andry, Jr., as Independent Administrator of her estate. (Rec. Doc. No. 20640-3). On January 14, 2010, Plaintiffs filed a Motion to Substitute Jerald N. Andry, Jr., in his administrative capacity as Independent Administrator of the Estate of Ethel Coats, as a Plaintiff-Class Representative in the place and stead of the late Ethel Coats, (Rec. Doc. No. 19573), pursuant to Federal Rule of Civil Procedure 25. Defendants did not oppose the motion. This Court substituted Mr. Andry as Plaintiff by an Order entered February 3, 2010. (Rec. Doc. No. 19617). More than two years later, WGI filed the subject motion to strike.

WGI suggests that Mr. Andry is not the proper party under the Louisiana Rules of Civil Procedure. But the Louisiana Rules of Civil Procedure are irrelevant to these proceedings. This

Court's order rendered more than two years ago properly substituted Mr. Andry pursuant to Rule 25 of the Federal Rules of Civil Procedure.

II.   **LAW AND ANALYSIS**

WGI's "Motion to Strike" is procedurally improper. First, it is untimely. Fed. R. Civ. P. 12(f)(2) (requiring motions to strike within 21 days of service of the subject pleading). Were it timely, it would be improper because a court must deny a motion to strike if, as here, it presents any question of law or fact. *See, e.g., Fed. Dep. Ins. Co. v. Niblo*, 821 F. Supp. 441, 448-49 (W.D. Tex. 1993). WGI's motion not only requires factual determinations, but it seeks to have those facts determined based upon its "information and belief" derived from review of court files and newspapers. (Mot. at 2.) Finally, a motion to strike is not a dispositive motion. Rather, it is a vehicle for striking "redundant, immaterial, impertinent, or scandalous matter[s]" from pleadings. Fed. R. Civ. P. 12(f). Whatever the appropriate procedural vehicle might be, it must be one accommodates WGI's attempt to place evidence before the Court; and it must be one that affords WGI the drastic relief of dismissing claims, which is essentially what it seeks here. Were WGI to employ such a procedure (assuming it has not waived its right to do so), it would then be required to make its Rule 19 showing of necessary joinder by reference to competent, admissible evidence rather than by the hearsay and speculation cited in the pending motion. It would furthermore require some substantive showing that the purportedly required parties are in fact required pursuant to substantive Louisiana law. WGI instead cites Louisiana *procedural* law to argue that not all proper parties have been joined despite this Court's previous substitution of Mr. Andry in Ms. Coats' place and stead.

Of course the Federal Rules of Civil Procedure apply in this Court, not the Louisiana Code of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141, 14 L. Ed. 2d 8 (1965) (federal courts apply federal procedural rules). Federal Rule of Civil Procedure 25 ("Rule 25") applies. Rule 25(a)(1) sets forth the procedural method by which the original action *in a federal court* may proceed if the right of action in fact survives in favor of the party sought to be substituted. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1954. Rule 25(a)(1) provides:

> *Substitution if the Claim is Not Extinguished.*  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or *by the decedent's successor or representative.*  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added).  The substitution previously allowed in this case was procedurally proper.

First, neither party contends that the claims of Mrs. Coats extinguished upon her death. Second, the Motion to Substitute was filed timely and was unopposed.  The time to substitute a party "does not run until the death is suggested on the record by service of a statement of the fact of death." *Behler v. Nautical Offshore*, 2004 WL 2491612, *1 (November 3, 2004) (Duval, J.) *(citing* 7C Fed. Practice and Procedure, § 1955 at 544.).  As stated above, the USA filed on October 16, 2009, a Statement Noting a Party's Death, pursuant to Rule 25(a)(1). On January 14, 2010, within 90 days, Plaintiffs filed a Motion to Substitute Mr. Andry as proper party for the claims of decedent. (Rec. Doc. No. 19573).  Third, Mr. Andry is the proper party as he is Mrs. Coats' legal representative. Mr. Andry was confirmed by the Civil District Court for the Parish of Orleans—*Succession of Ethel Nelson Coats*, Case No. 2010-501—on January 19, 2010, as the legal representative, specifically the Independent Administrator, of the Succession of Ethel N.

Coats per her will. (Rec. Doc. No. 19573-2). Finally, in early 2010, Mr. Andry satisfied this Court that he was the legal representative of the descendant, and an Order was entered by the Honorable Judge Duval substituting Mr. Andry as a Plaintiff-Class Representative in the place and stead of the late Ethel Coats. (Rec. Doc. No. 19617).

### III. CONCLUSION

Plaintiffs complied with the requirements of Rule 25(a)(1) in early 2010. WGI ignores that fact. WGI instead speculates that non-parties may have an interest in the case, seeks by improper procedural means to have this Court make improper factual findings to that effect, asks the Court to conclude, therefore, that Rule 19 has been violated, and argues that dismissal of Ms. Coats' claims is the appropriate remedy. Respectfully, the Court should reject these arguments and deny the motion.

Respectfully submitted,

PLAINTIFFS' LIAISON COUNSEL

*s/ Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
**BRUNO & BRUNO, L.L.P.**
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

*s/ James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
**Domengeaux Wright Roy & Edwards LLC**

P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

**MRGO PLAINTIFFS SUBGROUP LITIGATION COMMITTEE**

Jonathan Andry (The Andry Law Group, LLC, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties by filing the foregoing with the Clerk of Court by using the CM/ECF system, this 28th day of February, 2012.

*/s/ Joseph M. Bruno*
JOSEPH M. BRUNO