UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION <br><br> NO. 05-4182 |
| PERTAINS TO: MRGO | * <br> * <br> * <br> * <br> * | SECTION "K" (2) <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF
### WASHINGTON GROUP INTERNATIONAL, INC.'S MOTION TO STRIKE

Washington Group International, Inc. [1] ("WGII"), through undersigned counsel, respectfully submits the following reply memorandum in support of its motion to strike the claims of Ethel Mae Coats. In their opposition memorandum, Plaintiffs tellingly fail to address the substance of the motion at all. Plaintiffs' contentions to the contrary notwithstanding, the children of Mr. and Mrs. Coats are not "hearsay" and "speculation".[2] Mrs. Coats' children are named in the pleadings filed in the succession by the her succession representative, Jerald Andry.[3] At no point do Plaintiffs represent that they do not know the whereabouts of Mr. or Mrs. Coats' children. In fact, Plaintiffs would not have to look very far or hard to find one of Mrs. Coats' children. In their discovery responses, Plaintiffs identify Mrs. Coats' daughter,

---

[1] Subsequent to the activities alleged in Plaintiffs' Complaint, WGII was acquired by URS Corporation, a Delaware Corporation. WGII, now known as URS Energy & Construction, Inc., is a subsidiary of URS E&C Holdings, Inc., a Delaware Corporation. URS E&C Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation. URS Holdings Inc. is a subsidiary of URS Corporation.

[2] Pls.' Opp. at 3.

[3] Ex. B at p. 1.

1086702v.1

Lintoi Franklin as the owner of the house that is the subject of Mrs. Coats' claims, and Mr. Morgan (Mrs. Coats' fiancé and usafructuary of the property) testified as to his belief that Ms. Franklin currently resides there.[4]

Plaintiffs correctly note that WGII is not contending that Mrs. Coats' claims extinguished upon her death.[5] Nor does WGII dispute that a motion for substitution was timely filed pursuant to Rule 25. The problem before the Court is that the motion failed to substitute the proper parties for Mrs. Coats, and that Mr. Coats' interest in the property is entirely unrepresented in these proceedings.

Although Plaintiffs attempt to make much of the fact that WGII did not object to the motion to substitution, the motion was filed in January 2010, well after Mrs. Coats' claims against WGII had been dismissed pursuant to summary judgment in Dec. 2008, and several months before the Fifth Circuit reversed the Court's granting of summary judgment and remanded Mrs. Coats' claims against WGII for trial in September 2010. WGII had had no reason to make extensive enquiries into the existence or whereabouts of Mrs. Coats' children during earlier phases of the litigation because Mrs. Coats was still living.

Furthermore, in her 2007 deposition, Mrs. Coats incorrectly testified (1) that Mr. Coats had died testate, (2) that his will had been probated; and (3) that the house had been left to her.[6] At no point did Plaintiffs ever correct this error to WGII or otherwise indicate that there were any other persons who might have an interest in the property. Thus, WGII had no reason to

---

[4] Excerpt of Pls'. Resp. to WGII's First Set of Interrog., Req. for Prod. of Docs., and Requests for Admissions, attached hereto as Ex. C, at Answer to Interog. No. 2. *See also* Excerpt of Dep. of Nathan Morgan, attached hereto as Ex. D, at p. 52.

[5] Pls.' Opp. at 4.

[6] Excerpts of Dep. of Ethel Mae Coats, attached hereto as Ex. E, at 139.

1086702v.1

make detailed enquiries into the existence or whereabouts of Mr. Coats' heirs in prior stages of the litigation. In any event, it is the burden of the Plaintiffs, not WGII, to resolve these defects.

Upon discovering in 2011 that Mr. Coats had in fact died intestate and upon receiving more detailed information from Mr. Morgan's deposition regarding Mrs. Coats' children, WGII contacted Plaintiffs' counsel in an effort to resolve these issues and have proper parties substituted. Plaintiffs contend that no further action is necessary, and instead urge the Court to proceed to a trial that will not result in a clean judgment.

WGII's only motive in filing the instant motion is to receive a clean judgment at the end of the September trial. Through undersigned counsel, it has made several efforts to induce Plaintiffs to add the proper plaintiffs to these proceedings. WGII, having already devoted substantial resources to its defense against Mrs. Coats' claims, desires to have proper plaintiffs added to these proceedings in order to represent the interests of *all* owners of the property, either through an Order of the Court or through Plaintiffs' own initiative. In the alternative (and only as a last resort), WGII urges the strong remedy of striking Mrs. Coats' claims.

While WGII concedes that dismissal of Mrs. Coats' claims is a drastic remedy, Plaintiffs' continued inaction to correct the procedural defects of the claims they chose as exemplar claims leaves WGII with little choice. WGII seeks the requested relief in order to receive a clean judgment from this Court untainted by the absence of the proper plaintiffs. WGII should not face potential liability in subsequent suits because the proper plaintiffs were not present. For these reasons, the Court should Order that the Plaintiffs take the appropriate actions to substitute the proper plaintiffs in short order. In the alternative, the Court should strike the claims of Ethel Mae Coats.

1086702v.1

I.   **LAW & ARGUMENT**

   A.   **The Court Has Discretion to Grant the Relief Sought Herein.**

In their opposition, Plaintiffs argue that WGII's motion should be rejected as procedurally improper and untimely. As noted above, WGII's motion is not untimely in light of the circumstances of this case. It contacted Plaintiffs' counsel as soon as it become fully aware of the facts at issue, and only delayed the filing of the instant motion in its efforts to resolve the matter amicably and avoid unnecessary motion practice. Plaintiffs, having been in communication with WGII's counsel for months over this issue, are not prejudiced by the timing of this motion.

Moreover, even if one were to assume WGII's motion is untimely, the Court has discretion to grant untimely motions to strike. "[T]he time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1380 (3d. ed. 2011). While WGII concedes that motions to strike are not generally favored, WGII demonstrated in its original motion that the portion of the MRGO Master Complaint dealing with Mrs. Coats' claims will unduly prejudice WGII if these defects are not cured. The Court should therefore order the Plaintiffs to substitute proper plaintiffs, or, in the alternative, strike Mrs. Coats' claims.

   B.   **Mrs. Coats' Succession Representative Cannot Serve as Her Legal Successor in This Matter.**

WGII does not dispute that the Federal Rules of Civil Procedure apply to matters of procedure that are directly in conflict with state procedural law and that are not outcome determinative. *See Hanna v. Plumer*, 380 US 460, 470 (1965); *see also* 19 Wright, Miller & Cooper § 4510 (3d. ed. 2011). Federal Rule of Civil Procedure Rule 25 and Article 2315.1 of the

1086702v.1

Louisiana Civil Code (in conjunction with Article 801 of the Louisiana Code of Civil Procedure), however, are not in direct conflict.

Rule 25 designates how a substitution is to be made and the proper procedure for submitting a substitute party. It does not address *who* is a proper party under the rule. "We observe at the outset that Fed. R. Civ. P. 25(a)(1) does not resolve the question what law of survival of actions should be applied in this case. That rule simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Shaw v. Garrison*, 545 F.2d 980, 982 (5th Cir. 1977). Although the Plaintiffs' brief states that Mr. Andry is the legal representative of the Succession of Mrs. Coats, there is nothing to support the notion that a legal representative automatically qualifies as the proper party for purposes of substitution. Therefore, because federal law does not provide who the proper party is, this Court should apply Louisiana law to determine the proper substitute party in this action.

1.  **Rule 25 and Article 2315.1 Are Not in Conflict.**

"In a diversity case where a state law may conflict with a Federal Rule of Civil Procedure, the Court must determine whether there is a 'direct collision' between the federal rule and state law." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749 (1980). If no such conflict is present, the federal court should apply the *Erie* doctrine analysis. *Id.* "[F]ederal courts must be wary to consider carefully whether state and federal rules actually conflict." Wright, Miller & Cooper, § 4510 (3d. ed. 2011)

There is no direct conflict between Federal Rule 25 and Louisiana Civil Code Article 2315.1 (in conjunction with Article 801 of the Louisiana Code of Civil Procedure). "This Court has previously determined that Art. 2315 of the La. Civil Code is substantive rather than procedural and consequently that 'it does not clash with Rule 25(a).'" *Shaw*, 545 F.2d at 982 (5th

Cir. 1977) (*citing Roberson v. N. V. Stoomvaart Maatschappij*, 507 F.2d 994 (5 Cir. 1975). Rule 25 addresses only the proper method for substituting a party, by allowing any party or a successor or representative of the decedent to file the motion for substitution. The rule also addresses the time limits for making such a motion. Fed. R. Civ. P. 25. Article 2315.1, on the other hand, addresses who are a decedent's legal successors in whose favor the decedent's cause of action survives.

This Court has applied Article 2315.1 to determine the proper party to be substituted for the decedent plaintiff. *See Arceneaux v. State Farm Fire & Cas. Co.*, 2009 WL 1393711, *2 (E.D. La. May 18, 2009); *Tranchina v. United States*, 2007 WL 763725, *1 (E.D. La. Mar. 9, 2007). The Middle and Western District Courts of Louisiana have also looked to Article 2315. 1 to determine the proper party in a survival action. *Judge v. Mancuso*, 2009 WL 656345 (W.D. La. Mar. 11, 2009); *Broyle v. Eagle Picher Industries*, 123 F.R.D. 230, 230-231 (M.D. La. 1988).

WGII agrees with the Plaintiffs that Rule 25 sets forth the procedural method by which the action may proceed "if the right of action in fact survives in favor of the party sought to be substituted."[7] In this instance, however, the right of action has not survived in favor of Mr. Andry. Article 2315.1 clearly states that the right of action in property damage survives in favor of the decedent's children, as they are in the highest class of heirs identified by the article. As the First Circuit Court of Appeals for the State of Louisiana found:

> Article 2315.1 is a law that specifically determines how the ownership of a tort cause and right of action is transmitted upon the death of its original owner. Article 2315.1 *clearly and unambiguously* transmits the particular tort cause and right of action to designated classes of beneficiaries after the death of the tort victim without the necessity of a succession proceeding. As provided for in

---

[7]   Pls.' Opp. at 4.

> Louisiana Civil Code Article 870, this transfer is accomplished "by the operation of law."

*Rainey v. Entergy Gulf States, Inc.* (01-2414 (La. App. 1 Cir. 6/25/04), 885 So.2d 1193, 1200 (emphasis in original).  A determination by Louisiana law of the proper party to be substituted does not conflict with the federal rule dictating the proper procedure for submitting a motion for substitution.  Therefore, Article 2315.1 should be applied in this matter.

## 2. Article 2315.1 is a Matter of Substantive Law and Should be Applied.

Because Article 2315.1 is not in conflict with Rule 25, this Court should apply the *Erie* doctrine analysis.  *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749 (1980).  Under *Erie*, a federal court sitting in diversity jurisdiction must apply the substantive law of the relevant state.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  In a diversity case, the Court must look to the state substantive law to determine whether a cause of action survives.  *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971).  As the Eighth Circuit has found, the method of substituting a party for a deceased plaintiff is a procedural law governed by the Federal Rules of Civil Procedure.  *In re Baycol Products Litigation*, 616 F.3d 778, 787-788 (8th Cir. 2010).  However, *who* should be substituted for the deceased party is a matter of substantive law, which is determined by state law.  *Id.*

"Generally, the proper party for substitution is the person who has the legal right and authority to pursue the claims brought by the deceased party ...." James Wm. Moore et al, Moore's Federal Practice, ¶ 25.12[3] (3d Ed. 2011).  "Whether a person is a proper party is, therefore, a substantive rather than procedural question and is determined according to state law." *Id.*  Plaintiffs do not and cannot assert that Mr. Andry would be the proper legal successor under Louisiana state law, and thus they avoid the issue entirely in their opposition.

Although Article 2315.1 could be interpreted as excluding Mr. Andry from these proceedings, WGII has no objection to Mr. Andry remaining in the case in his capacity as Mrs. Coats' succession representative. However, if Mr. Andry is allowed to remain in this case, Mrs. Coats' legal successors in interest to the property must be joined as plaintiffs in this matter. Such a remedy would ensure that the judgment of this Court would have res judicata effect for the claims originally brought by Mrs. Coats.

### C. Mr. Coats' Children Have an Interest in the Property and Must Be Represented Before the Court.

In their opposition, Plaintiffs completely fail to address Mr. Coats' legal interest in the property or the heirs thereto. Under Rule 19 of the Federal Rules of Civil Procedure, "all persons that may have an interest in the subject of an action" must be brought together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). A federal court should not hesitate to require joinder of absentees whose interest may be affected by the action or who otherwise are needed for a just adjudication of the dispute." Wright, Miller & Cooper, § 1621 (3d. ed. 2011).

As is set forth more fully in WGII's original memorandum, because Mr. Coats died intestate, his surviving children are heirs under the laws of the State of Louisiana and therefore have a legal interest in his property, including the house that is the subject of this litigation. Plaintiffs' counsel chose Mrs. Coats as a putative class representative nearly six years ago, and should have investigated whether she had clear title to the property long before counsel for WGII contacted them in the latter half of 2011. Even if Mrs. Coats had not passed away, the absence of Mr. Coats' heirs would still pose an insurmountable burden to the issuance of a clean judgment.

## II.  CONCLUSION

For the foregoing reasons, the Court should require that the proper parties be joined and substituted in this matter.  Alternatively, the Court should grant WGII's motion and strike the claims of Ethel Mae Coats.

Dated:  March 7, 2012                                   Respectfully submitted,

/s/Heather S. Lonian
William D. Treeby, 12901
James C. Gulotta, Jr., 6590
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361

and

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3891
Facsimile:  (202) 626-1700

Attorneys for Washington Group International, Inc., a division of URS Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Strike has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 7th day of March, 2012.

/s/Heather S. Lonian

1086702v.1