**McGLINCHEY STAFFORD** PLLC

ATTORNEYS AT LAW

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

Stephen W. Rider
(504) 596-2798
Fax (504) 910-9566
srider@mcglinchey.com

March 27, 2012

Joseph M. Bruno
Jason Cruz
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, LA 70113

    Re:  Mass Actions And Single Plaintiff Suits Filed By The Joe Bruno Firm
**Connie Abadie, et al. v. Aegis Security Ins. Co., et al.**, U.S.D.C., E.D. La., C.A. No. 06-5164, Sec. K, Mag 2 ("Abadie I"), and **Susan Abadie, et al. v. Aegis Security Insurance Company, et al.**, U.S.D.C., E.D. La. C.A. No. 07-5112, Sec. K, Mag. 2 ("Abadie II").

Dear Joe and Jason:

    The Court called me today to inquire about the status of remaining severed individual amended complaints filed by your firm against Balboa, Meritplan and Newport Insurance Companies. These individual lawsuits arose out of the captioned *Abadie I* and *Abadie II* Hurricane Katrina related mass action lawsuits. The Bruno firm filed approximately 81 severed amended single plaintiff complaints against Balboa, Meritplan and Newport Insurance Companies.

    According to our records, there are now 12 lawsuits remaining against Balboa, Meritplan and Newport brought by the Bruno firm arising out of these mass actions. We believe all the cases should be dismissed for various reasons.

    We have attached a chart listing the 12 remaining lawsuits. The attached chart includes each plaintiffs' name, civil action number, and reason why dismissal is appropriate.

    For the first 5 lawsuits (Gilmore, Temple-Esco, Duplessis, Mitchum and Musacchia), the plaintiffs lack standing to sue under the subject single interest lender placed insurance policies. The Court has previously ruled that the borrower-plaintiffs do not have standing to sue Balboa/Meritplan/Newport Insurance Companies under these single interest lender placed insurance policies. The Court's Order and Reasons were issued on April 1, 2010 in C.A. No. 05-4182 (Insurance Force-Placed Docket). The Court entered a judgment dated April 16, 2010.

    These 5 severed individual amended complaints were not included in the motion to dismiss filed by the lender placed insurers at that time, because we did not then have the coverage information for these 5 lawsuits. We subsequently obtained and provided that coverage information to your firm in our June 22, 2011 letter, along with our prior request that these cases be voluntarily dismissed. It would be an unnecessary waste of resources for the defendants to have to file another dispositive motion seeking another determination that there is no standing,

EXHIBIT
1

March 27, 2012
Page 2

when the Court has already ruled on these exact same issues and lender-placed insurance policies.

The Baker lawsuit was subject to a prior agreement for a voluntary dismissal. That lawsuit was not included in a prior voluntary motion to dismiss in which similar lawsuits were voluntarily dismissed. Please voluntarily dismiss this lawsuit, as previously agreed.

As to the Holmes lawsuit, we previously informed the Bruno firm that Balboa/Meritplan/Newport have never been able to locate any insurance policy for the Holmes property. As you have not provided us with policy information, this case should be voluntarily dismissed.

As to the Brooks lawsuit, we previously informed the Bruno firm that the lender placed insurance policy purchased by the lender for that property was canceled before Hurricane Katrina. Accordingly, there was no insurance coverage for Hurricane Katrina related damages to that property provided by Balboa, Meritplan or Newport.

The remaining 4 lawsuits were also subject to dismissal or settlement. We previously provided you with reasons why these claims lack merit and should be dismissed or otherwise resolved, as set forth in our letters of August 30, 2010 and June 22, 2011.

Thank you for your consideration.

Sincerely,

Stephen W. Rider

SWR/mvg

989604.1

## REMAINING BRUNO LAW FIRM CASES WITH BALBOA/MERITPLAN/ NEWPORT INSURANCE COS.

| No. | Plaintiff's Name | Civil Action No. | Reason to Dismiss |
|---|---|---|---|
| 1. | Dana Gilmore | 09-1613 | Subject to single interest Newport/CHL LPI Policy – could have been in LPI Motion to Dismiss |
| 2. | Yolanda Temple-Esco | 09-2580 | Subject to single interest Meritplan/Saxon Policy – could have been in LPI Motion to Dismiss |
| 3. | Ada Duplessis | 09-2602 | Subject to single interest Newport/CHL LPI Policy –could have been in LPI Motion to Dismiss |
| 4. | Cheryl Mitchum | 09-2606 | Subject to single interest Newport/CHL LPI Policy – could have been in LPI Motion to Dismiss |
| 5. | Georgia and Troy Musacchia | 09-2608 | Subject to single interest Newport/CHL LPI Policy – could have been in LPI Motion to Dismiss |
| 6. | Dwight and Sandra Baker | 09-2643 | CYA lawsuit missed in Bruno Firm's 7/27/10 Voluntary Motion to Dismiss CYA suits |
| 7. | Gene Holmes | 09-2701 | No coverage - no LPI Policy found |
| 8. | Ruby Brooks | 09-2707 | No coverage - Bayview LPI Policy cancelled pre-Katrina |
| 9. | Diane Ramsey | 09-1601 | Plaintiff to make settlement offer |
| 10. | Bernice Duplessis | 09-2639 | Subject to dismissal under *Graphia v. Balboa Holding* |
| 11. | Harry Parker | 09-2725 | No coverage – other insurance policy |
| 12. | Kevin Menard | 09-2726 | No coverage – other insurance policy |

989625.1