UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
|     *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### AMENDED NOTICE OF FEDERAL RULE 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE** that Plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the videotaped deposition upon oral examination of **Hillary Nunez, Director of Public Works for St. Bernard Parish** concerning the matters as set forth on Exhibit A and B attached hereto.

The oral examination will take place on **4 April, 2012 at 9:00a.m.** at the offices of **The St. Bernard Parish Public Works Building, 120 Agriculture Road, Chalmette, LA 70043; 504.278.1530.** The deposition will be taken for all purposes allowed under the Federal Rules of Civil Procedure before a court reporter or other official duly authorized to administer oaths and record oral testimony. The deposition will be stenographically recorded and transcribed.. This deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure. You are invited to attend and examine the witnesses if you so desire.

1

The **St. Bernard Parish Department of Public Works** is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and to set forth, for each person designated, the matters on which the person will testify.

In connection with and pursuant to Fed. Rule of Civil Procedure, Rule 30(b)(2) and Rule 34, the deponent is requested to designate and produce for inspection and copying documents responsive to this Notice five (5) business days prior to the deposition as identified on Exhibit "B."

## DEFINITIONS

1. "You" and its various forms such as "your" and "yourself" shall mean the person and/or entity subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person and/or entity, including, but not limited to, the deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of the entity subject to the Notice.

2. "Describe" means to explain in detail and/or provide a detailed description of the information sought in the particular Request Interrogatory.

3. "Document(s)" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, original and all non-identical copies, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(2), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications and attachments, instant messages, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills,

vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), graphic and aural representations of any kind (including, without limitation, photograph, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans drawings and surveys) and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, including metadata, blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

The term "photographs" shall be interpreted to mean all pictorial depictions by whatever means and shall include negatives, positive prints, and copies of prints, Polaroid, or any other pictorial information in the custody of the defendant.

The term "file" shall be interpreted to mean any and all documents, as defined herein, in your possession.

"Imaged copy" means bit-by-bit copy or replication of data stored on a device in an accessible format.

4. "Relate(s) to," "related to", or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

5. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such document (and, where applicable, each attachment thereto):
    a.    the name of the sender, if any, of the document;
    b.    the name of the author of the document;
    c.    the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

        d.        the name of the person, if any, to whom the document and copies were sent;

        e.        the name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading, or substantial summarization;

        f.        the date of the document;

        g.        the date on which the document was received by those having possession of the document;

        h.        a description of the nature and the subject matter of the document;

        i.        the statute, rule or decision which is claimed to give rise to the privilege;

        j.        the last-known custodian of the document and the present location of the document;

        k.        attachments to the document;

        l.        the number of pages comprising the document;

        m.        whether the document is handwritten, typewritten or otherwise prepared;

        n.        a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice;

        o.        the identity and position of the person(s) supplying the attorney, if any, signing the list with the information requested in the subparagraphs above.

        p.        any other information which is useful in identifying or is necessary to identify the document.

6.        If any response is qualified, made in part, but not in whole, objected to, or if any requested information is withheld on the basis of privilege or otherwise, please:

        a.        State the name, address, and status or job title of the person(s) asserting any objection or privilege, or withholding any requested information;

        b.        State in detail the privilege asserted or other reason for withholding the requested information; and

        c.        State in general the nature of the information or response withheld sufficient to establish the claim or privilege or other reason for withholding the information.

7.        Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

8.        All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

9. "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

10. "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

   "Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

   "Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

11. The term "IHNC/Industrial Canal" means the Inner Harbor Navigation Canal a/k/a the "Industrial Canal," which connects Lake Pontchartrain, the Mississippi River and Reach 1 of the MRGO.

12. The term "IHNC Lock Replacement Project" means the project authorized by the River and Harbor Act of 1956 and the Water Resources Development Acts of 1986 and 1996 designed to enlarge and deepen the IHNC lock.

13. The term "IPET Report" means the Final Report of the Interagency Performance Evaluation Task Force, Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System, all volumes, dated March 26, 2007.

14. The term "TLR" means Team Louisiana report.

15. The term "ILIT" means Independent Levee Investigation Team.

16. The term "LPVHPP" means the Lake Pontchartrain and Vicinity Hurricane Protection Project as authorized by the Flood Control Act of 1965.

17. The term "GIWW" means the Gulf Intracoastal Waterway.

18. The term "MR-GO" or "MRGO" means the Mississippi River Gulf Outlet (specifically including the reach along Lake Borgne and the reach between New Orleans East and St. Bernard Parish referred to at times by the Defendants as a reach of the GIWW).

19. The term "Reach 1" means the segment of the MRGO connecting with the Gulf Intracoastal Waterway between New Orleans East and St. Bernard Parish that runs into the IHNC/Industrial Canal.

20. The term "Reach 2" means the land cut segment of the MRGO along Lake Borgne, between the interconnection of the MRGO and the GIWW running southeasterly into the Gulf of Mexico.

21. "17th Street Canal," "London Avenue Canal," "Orleans Canal," and "Industrial Canal" means the entirety of the canal systems associated with the 17th Street Canal, London Avenue Canal, Orleans Canal and Industrial Canal and, unless otherwise noted, is not limited to any specific breach location.

22. The East Jefferson Levee District also means the Pontchartrain Levee District.

23. The term "RPC" means Regional Planning Commission.

**THIS DEPOSITION IS NOT FOR RECORDS ONLY.**

      Respectfully Submitted,

      PLAINTIFFS' LIAISON COUNSEL

      s/ *Joseph M. Bruno*
      JOSEPH M. BRUNO (La. Bar No. 3604)
      BRUNO & BRUNO, L.L.P.
      855 Baronne Street
      New Orleans, Louisiana 70113
      Telephone: (504) 525-1335
      Facsimile: (504) 561-6775
      Email: jbruno@brunobrunolaw.com

      MR-GO   PLAINTIFFS   SUB-GROUP   LITIGATION COMMITTEE

      s/ *James Parkerson Roy*
      JAMES PARKERSON ROY (La. Bar No. 11511)
      MR-GO PSLC Liaison Counsel
      Domengeaux Wright Roy & Edwards LLC
      P.O. Box 3668
      Lafayette, LA. 70502
      Telephone: (337) 593-4190 or (337) 233-3033
      Facsimile: 337-233-2796
      Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 3rd day of April, 2012.

/s/ *Joseph M. Bruno*
Joseph M. Bruno

**"EXHIBIT "A"**

Please produce, pursuant to Federal Rule 30(b)(6), the person(s) most knowledgeable of the following areas:

1. The organizational structure and management hierarchy of the St. Bernard Parish Department of Public Works;

2. The hydrological parameters of the polder in St. Bernard Parish; including the dimensions of the polder, the areas of the polder drained, and the drainage pathways within the polder;

3. The total rainfall from the Hurricane Katrina event calculated or recorded by the St. Bernard Parish Department of Public Works;

4. The operation of all pumps under the authority of the St. Bernard Parish Department of Public Works from August 28, 2005 through September 28, 2005; including but not limited to, times of operation, at what capacity the pumps were operating, how much water was discharged from St. Bernard Parish, and when particular pumps in St. Bernard Parish stopped operating on or after August 28, 2005, and when particular pumps resumed operation after August 28, 2005;

5. The performance of the drainage canals and interior drainage system in conveying and storing runoff from rainfall for the pump stations to evacuate water from St. Bernard Parish;

6. The pumping capacity of the outfall pump stations of St. Bernard Parish;

7. The pumping capacity of the interior lift stations of St. Bernard Parish;

8. All pump station data provided to the IPET team, or any other agency, after August 29, 2005;

9. The configuration of the lift and pump stations of St. Bernard Parish;

10. The location of each lift and pump station of St. Bernard Parish;

11. The pump performance curves of each lift and pump station of St. Bernard Parish;

12.     The operation plans of each lift and pump station of St. Bernard Parish;

13.     The operation (operator's) logs, including the names of any individual pump operators, of each lift and pump station of St. Bernard Parish;

14.     The operation of backflow prevention devices of each lift and pump station of St. Bernard Parish;

15.     The elevation of the outfall canals and their impact on pumping efficiencies for pump stations of St. Bernard Parish.

### EXHIBIT "B"

1.     Any and all documents relative to Paragraph 1 of Exhibit "A";

2.     Any and all documents relative to Paragraph 2 of Exhibit "A";

3.     Any and all documents relative to Paragraph 3 of Exhibit "A";

4.     Any and all documents relative to Paragraph 4 of Exhibit "A";

5.     Any and all documents relative to Paragraph 5 of Exhibit "A";

6.     Any and all documents relative to Paragraph 6 of Exhibit "A";

7.     Any and all documents relative to Paragraph 7 of Exhibit "A";

8.     Any and all documents relative to Paragraph 8 of Exhibit "A";

9.     Any and all documents relative to Paragraph 9 of Exhibit "A";

10.     Any and all documents relative to Paragraph 10 of Exhibit "A";

11.     Any and all documents relative to Paragraph 11 of Exhibit "A";

12.     Any and all documents relative to Paragraph 12 of Exhibit "A";

13.     Any and all documents relative to Paragraph 13 of Exhibit "A";

14.     Any and all documents relative to Paragraph 14 of Exhibit "A";

15.     Any and all documents relative to Paragraph 15 of Exhibit "A";