UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| ARMSTRONG, C.A. No. 10-866 | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT
OF ITS MOTION FOR A PROTECTIVE ORDER**

The plaintiffs in this case have noticed a deposition of the United States under Rule 30(b)(6), Fed. R. Civ. P., to occur on April 17, 2012.  R.D. 20752.  The notice requires the United States to provide testimony and documents concerning five topics involving flood control projects or levees/floodwalls  Two of the topics are focused on the United States Army Corps of Engineers, New Orleans District, and the three other topics are focused largely across the entire Corps of Engineers.  The plaintiffs' deposition notice directly contravenes the Court's Orders limiting the plaintiffs to deposing the Corps of Engineers for eight business days involving 40 deposition topics and limiting requests for production.

**DISCUSSION**

On March 1, 2007, the Court provided in Case Management and Scheduling Order ("CMO") No. 4 for the Katrina Canal Breaches Consolidated Litigation involving the MRGO category, which includes the *Armstrong* East Bank Industrial Area ("EBIA") litigation,[1] that "a

---

[1] The *Armstrong* case was consolidated with C.A. No. 05-4182 on April 28, 2010, and is governed by CMO No. 4.

single seven-hour long Rule 30(b)(6)[2] deposition of each entity defendant" is all that will be allowed "absent written agreement of the Liaison Counsel or order of the Court based on motion for good cause shown." R.D. 3299, at p. 35, ¶ D(3).  "When the Court crafted CMO No. 4, it anticipated that the Rule 30(b)(6) deposition of the United States would be complex and wide-ranging and would probably require more than seven hours. That does not mean, however, that the deposition should be completely unlimited."  R.D. 14393, at p. 3.

The Court rightly anticipated the deposition issue when the plaintiffs served the United States with a Rule 30(b)(6) deposition notice for the Corps of Engineers comprising 168 topics.[3] R.D. 14393, at p. 4; R.D. 13621.  Thereafter, the United States filed written objections with the Court regarding this broad and far-reaching deposition notice.  R.D. 13560 and 13624.  After careful deliberation, the Court exercised its discretion by limiting the plaintiffs' deposition of the Corps of Engineers to only "40 deposition topics derived from their 168 topics in their revised deposition notice" and limited the depositions to eight business days.  R.D. 14393, p. 7. Accordingly, the plaintiffs noticed the United States for depositions of the Corps of Engineers regarding their 40 topics.  The depositions were scheduled for September 30, October 1 thru 3, 7 thru 10, and November 25, 2008.  R.D. 15349, 15760, 16423. The United States complied with the deposition notices by providing Corps of Engineers witnesses to answer the 40 topics

---

[2] Rule 30(b)(5) depositions of parties will <u>not</u> be permitted.  Requests for production must be made pursuant to Rule 34 and the special rules for document requests provided in this order.

[3] The plaintiffs had previously served an Amended Notice of Federal Rule 30(b)(6) Deposition (Relative to the TERC, Task Order No. 26) on the United States to depose the Corps of Engineers on sixty topics involving the EBIA.  R.D. 13575.  The United States acquiesced to this deposition notice.

propounded by the plaintiffs. The Court also stated that written discovery in the *Armstrong* litigation was to be propounded no later than June 27, 2011.  R.D. 20200, p. 6.

The plaintiffs' current Rule 30(b)(6) deposition violates both of the Court's above referenced Orders. The deposition notice, dated April 5, 2012, requests that the Corps of Engineers provide "[a]ny and all documents relative" to the enumerated paragraphs of Exhibit A to the deposition notice. R.D. 20752, p. 8.  The first two topics in the Notice of Deposition require the Corps of Engineers to collect documents across the entire Corps of Engineers other than the Kansas City and New Orleans Districts for the Corps of Engineers' "policies, procedures, and manuals regarding guidance regarding [sic] engineering, operation and maintenance aspects of construction within critical areas of flood control projects" to specifically include "all policies, customs and practices regarding use of manuals or standards issued by or used in districts." R.D. 20752, p. 8.  This far-reaching request for documents not only violates the Court's instructions that written discovery be propounded no later than June 27, 2011, but it would now require the Corps of Engineers to scour almost all of its district offices to locate the requested documents by the deposition notice date of April 17, 2012.  This is an impossible deadline.  The documents potentially responsive to these two topics and the other three topics could have easily been requested by the plaintiffs before the written discovery deadline, but they were not.

The plaintiffs' current Rule 30(b)(6) deposition clearly violates the Court's Order limiting the plaintiffs' deposition of the Corps of Engineers to 40 deposition topics and eight days. This limitation balanced the extraordinary scope of this litigation against the substantial imposition that is necessarily entailed in the preparation of witnesses for such a deposition. By prohibiting

3

multiple 30(b)(6) depositions, CMO No. 4 avoids the unnecessary intrusion and interference that results from multiple depositions of an individual or organization. If the presently noticed deposition were allowed, it would require substantial preparation of witnesses because the designated topics are over-broad and fail to identify any time-frame for the specified topics. "An overbroad 30(b)(6) notice subjects the noticed party to an impossible task," and where "the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *See Reed v. Bennett,* 193 F.Doc. 689, 692 (D. Kan. 2000). The plaintiffs were permitted to conduct an extraordinary eight-day deposition of the Corps of Engineers, covering 40 topics of their choosing. Therefore, they are precluded under CMO No. 4 from further deposing the Corps of Engineers in this litigation.

CONCLUSION

For these reasons, the United States' motion for a protective order should be granted.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

s/ James F. McConnon, Jr.
JAMES F. McCONNON, JR.
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Dated: April 11, 2012           Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2012, the foregoing Defendant United States' Motion in Support of its Motion for Protective Order was filed electronically. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ James F. McConnon, Jr.
                                              JAMES F. MCCONNON, JR.