UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO | § | |
| ARMSTRONG, C.A. No. 10-866 | § | |
| _____ | § | |

### United States' Memorandum in Support of its Motion for a Protective Order

Plaintiffs have noticed depositions of two U.S. Army Corps of Engineers employees—Gerald Colletti and Richard Varuso—on April 19 and 20, respectively. But Plaintiffs have already deposed Messrs. Colleti and Varuso in this very track of the litigation. This Court's Case Management Order forbids such deposition duplication. And such duplication is unduly burdensome to Defendants. Accordingly, this Court should grant the United States' Motion for a Protective Order.

### Background

In March of 2007, this Court entered Case Management and Scheduling Order Number 4. This Court consolidated numerous cases because they included "common issues of law and fact" involving the flooding of Greater New Orleans during Hurricane Katrina. Doc. 3299. This Court entered the CMO to resolve "common liability issues, including . . . discovery." *Id.* To streamline discovery, this Court

ordered that "all parties to these consolidated cases, including all parties to any administrively closed matter within the *In re Katrina Canal Breaches Consolidated Litigation* who are not also parties to other open matters, *shall be bound by all common liability issues discovery and will not be permitted to duplicated any discovery*. *Id.* at 19–20 (emphasis added). Furthermore, this Court stated that it will "not allow unnecessary duplication of discovery *such as. . . more than one deposition of the same fact witness*." *Id.* at 20 (emphasis added).

On April 1, 2008, Plaintiffs' Liaison Counsel, Joseph Bruno, deposed Richard Varuso, a Corps employee. Varuso Deposition (Ex. 1) at 1. At that time, the claims arising out of the site-remediation efforts at the East Bank Industrial Area—the sole subject of this litigation—was part of the *Robinson* case.[1] Furthermore, WGI had not yet been dismissed by this Court[2] and it was represented at Mr. Varuso's deposition. *See id.* Mr. Bruno extensively questioned Mr. Varuso on the claims relating to the EBIA—the questions and answers on that subject fill almost 80 pages of the transcript. Varuso Deposition at 152–234.

The next day, Mr. Bruno deposed Mr. Colletti. Colletti Deposition (Ex. 2) at 1. Again, WGI was represented at the deposition. *See id.* And again, Mr. Bruno questioned Mr. Colletti about the EBIA site-remediation work. Colletti Deposition at 38-50. This questioning continued even after Mr. Colletti stated that he didn't

---

[1] This Court dismissed those claims from *Robinson* on September 28, 2008. *In re Katrina Canal Breaches Consol. Litigation,* 2008 WL 445570 (E.D. La. Sept. 29, 2008).

even know that WGI was hired by the Corps to perform remediation work. *Id*. at 40:3–13.

Despite these depositions and having obtained testimony on the very subject matter of this case, three years later, on April 10, 2012, Plaintiffs noticed Messrs. Varuso and Colletti's depositions, (Doc. 20770 and 20771), ten days before the close of discovery. (Doc. 20705). The next day, Plaintiffs amended their notices. (Docs. 20779 & 20783).

**Argument**

**Plaintiffs' attempt to re-take the deposition of two Corps fact witnesses violates this Court's case-management order and presents good cause for court protection.**

Under Rule 26(c), a party seeking a protective order "prohibiting deposition testimony . . . must establish good cause and a specific need for protection."*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex 2003) (citing *Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir 1990). Good cause exists when "justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

In ordering CMO 4, this Court sought to prevent exactly the wasteful duplication of discovery which Plaintiffs now seek. Allowing Plaintiffs a second crack at previously-deposed witnesses to re-hash the same subject material about which they have already testified violates CMO 4's command that the Court would "not allow more than one deposition of the same fact witness." Doc. 3299 at 20.

Not only that, but such duplication and would serve not only as an annoyance to

3

the deponents, but an undue burden and expense to them and Defendants. To re-trod the same ground would not only prove to be an irritating annoyance to the deponents themselves, but unnecessarily take them away from their daily work. The burden on them individually is compounded by the fact that the depositions were noticed only ten days in advance, thus given them limited time to make room in their schedules. Defendants also will have to spend time preparing and perhaps defending any such depositions. Given that they have already done so, this is the epitome of an undue burden and expense. With little time left and many things still to do before the discovery period closes, the wasted time duplicating efforts has increased opportunity costs.

## Conclusion

This Court has long recognized that to resolve this litigation efficiently, duplicate depositions of fact witnesses could not be permitted. Plaintiffs' attempt to re-take two fact witnesses' depositions thwarts this command and creates all this court sought to prevent—annoyance, needless duplication, and undue burdens of additional costs in time and money. This Court should accordingly grant the United States' Motion for a Protective Order.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

ROBIN D. SMITH
Senior Trial Attorney

 s/ John A. Woodcock
JOHN A. WOODCOCK
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400/ (202) 616-5200 (Fax)

Attorneys for the United States

Dated: April 13, 2012

## <u>CERTIFICATE OF SERVICE</u>

I, John A. Woodcock, hereby certify that on April 13, 2012, I served a true

copy of the foregoing upon all parties by ECF. Notice of this filing will be sent by e-

mail to all counsel of record by operation of the Court's electronic-filing system.

Parties may access this filing through the Court's system.


 s/ John A. Woodcock
JOHN A. WOODCOCK