UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION
                                                        NO. 05-4182

PERTAINS TO:                                    SECTION "K"(2)
*Armstrong*, C.A. No. 10-866


Before the Court is a Motion to Strike (Doc. 20640) filed by Washington Group International, Inc. ("WGI") by which WGI seeks to "strike" the claim of Ethel Mae Coats. WGI contends that as the parties are now constituted, under Fed. R. Civ. P. 19 , not all of the necessary persons that may have an interest in the subject of this action have been joined in the suit. Specifically, it contends that 7 necessary parties are absent from this litigation and as such, Ethel Mae Coats' claim should be dismissed. This position arises from (1) the absence from this litigation of Mrs. Coats' three children who it contends are her legal successors and (2) the absence of Mr. Coats' four children who WGI contends would be the naked owners of Mr. Coats' ownership interest in 1020-1022 Charbonnet Street as Mr. Coats died intestate. They maintain that all of these children are must be added to pursue Ethel Coats' claims arising from the damage to that house. WGI contends counsel has failed to "to bring the proper plaintiffs before the Court in order to spare the parties unnecessary motion practice. Because Plaintiffs' counsel has not done so, and because [WGI] will be prejudiced by their absence, the Court should grant [WGI]'s motion and strike the claims of Mrs. Coats."

WGI cites to the provisions of Fed. R. Civ. P. 19(b) which provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

>  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>  (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provision in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>  (3) whether a judgment rendered in the person's absence would be adequate; and
>  (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P 19(b). Thus, the first question is whether these parties are indeed "required" parties under Louisiana law. With that in mind, the Court will turn to the motion.

**Background**

Ethel Coats owned residential property that sustained damage due to flooding on or about August 29, 2005, located at 1020-1022 Charbonnet Street, New Orleans, Louisiana. Mrs. Coats filed suit against WGI, the United States and other defendants alleging their liability for the failure of the IHNC floodwalls in the wake of Hurricane Katrina and the resulting damages she sustained. Plaintiffs sought to make her a class representative in a motion for Class Certification filed on March 30, 2007 (Doc. 3612). She participated in written discovery and was deposed on July 17, 2007. (Doc. 19573-1). She testified then that (1) Mr. Coats had died testate, (2) that his will had been probated; and (3) that the house had been left to her. (Doc. 20682-3 Exh. E). From the one page of this deposition attached to this motion, it appears that they bought this home after they were married.

As noted, Ethel Coats died testate on January 29, 2009. Her succession was opened on January 14, 2010, in the Civil District Court for the Parish of Orleans, State of Louisiana. In the Petition for Probate of Testament and Administration (Doc. 20640-3), it states that Mrs. Coats

was married but once, and then to Jimmy Coats who predeceased her.  She had three children, Larry and Latrice Fanklin and Lintoi Franklin Alexis.  In the Detailed Descriptive List , three assets were named: (1) 1020 Charbonnet St., New Orleans LA; (2) 756 Louisiana Avenue, New Orleans, LA; and (3) "Chose in Action against Agency of Federal Government U.S. Corps of Engineers" which is her claims in the instant litigation.

On January 14, 2010, the MRGO plaintiffs filed a Motion to Substitute Plaintiff-Class Representative.  By that motion, they sought to substitute Jerald N. Andry, Jr. in his administrative capacity as executor of the Estate of Ethel Coats.  The motion was granted on February 3, 2010.

On February 11, 2012, the instant motion was filed.  Here, WGI opines that the three children of Mrs. Coats rather than her succession representative are her legal successors and must be present in this proceeding to properly represent Mrs. Coats' interest in the Charbonnet property.  In addition, with out any admissible evidence other than a internet generated retyped copy of a death notice, which the Court is unable to retrieve using the internet cite provided, and the representation in a reply brief that WGI discovered "that Mr. Coats had in fact died intestate[1] and upon receiving more detailed information from Mr. Morgan's deposition" (Doc. 20682 p.3 of 9) (this person being Mrs. Coats fiancé after the death of Mr. Coats in 1999), WGI contends the four children of Mr. Coats must be present to represent their alleged half-interest in damages to the Charbonnet property which they would have inherited from their intestate father.  With

---

[1]WGI asserts that to date, no will has ever been probated in Orleans Parish for Mr. Coats. This information is not competent evidence and cannot serve as the basis for the "striking" of Ethel Mae Coats' claim. There is no affidavit from any person attesting to what methods were used, what names were searched and whether the Charbonnet residence was indeed community property.  The Court takes judicial notice of the difficulties concerning probate of property in the Ninth Ward.

this as background, the Court turns to the substantive issue as to whether to strike the claim of Ethel Coats based on these parties being "required parties" to litigate this claim.

**Analysis**

Court must then first determine pursuant to the provisions of Fed. R. Civ. P. 19(b) and in light of the substantive inheritance laws of Louisiana whether any of these children are indeed required to proceed with the prosecution of Ethel Mae Coats' claim. If not, no further action need be taken.

While the provisions of La. Civ. Code art. 2315.1 clearly indicate that the proper parties to a survival action for Mrs. Coats' portion of damages would in this case be the surviving children of Mrs. Coats were **they to have instituted this action,** they did not. This case was filed prior to Mrs. Coats' death. As such, the case was heritable, and indeed as Lintoi Franklin is the sole residual legatee, she is the only one entitled to the proceeds of Mrs. Coats' portion of damages.

The Court has reviewed the note penned by Warren L. Mengis, *The Article 2315.1 Survival Action: A Probate or Non-Probate Item*, 61 La. L. Rev. 417 (2001) and finds the analysis unavailing and nonsensical. *Nathan* clearly stands for the proposition that once a suit has been filed, the suit is a choate, inheritable thing. In this instance, Ethel Mae Coats left this asset to one daughter only, Lintoi Franklin Alexis. The Court can see no practical reason to require two non-inheriting siblings to be made part of this litigation; furthermore, Mr. Andry is representing the estate which has as an asset this lawsuit. Again, Lintoi Franklin Alexis is ably

4

represented by Mr. Andry. However, out of an abundance of caution, the Court will allow her to be added as a party plaintiff should counsel so choose.

The analysis provided the Louisiana Supreme Court in *Nathan v. Touro Infirmary*, 512 So.2d 352 (La. 1987) supports this determination:

> In *Guidry v. Theriot*, [337 So. 2d 319, 323 (La. 1979)], we stated that there is a significant difference between inheriting an instituted action and inheriting the right to institute an action. In *Guidry*, we held that once an action has been instituted under C.C. art. 2315, the one year prescriptive period of that article no longer applies to the survival action, but rather the nonabatement and substitution provisions of the Code of Civil Procedure control. A logical extension of the holding in *Guidry* is that if the C.C. art. 2315 prescriptive period no longer applies once the suit has been instituted, neither does the limitations of beneficiaries. C.C.Art. 2315 includes the phrases "right to recover" and "right of action." Here the victim has already asserted his right to recover so there is no need to provide who will inherit his right to the action. The victim himself has made this decision by instituting suit, creating a property right which is heritable even if there are no C.C. art. 2315 beneficiaries in existence.

*Nathan*, 512 So.2d at 355. *See Hellpenstell v. Bonnabel Hosp.*, 523 So.2 887(La. 4th Cir. 1988). It was on this legal basis that the Court signed an order allowing the substitution of Mr. Andry for the open succession of Ethel Mae Coats in February of 2010. [2]

Louisiana Code of Civil Procedure art. 801 concerns substitution for a deceased party. It states:

> When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
> As used in Articles 801 through 804, "legal successor" means:
> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and

---

[2] The Court recognizes that WGI was not a party to the action when this substitution was made as this Court had granted summary judgment in its favor and the Fifth Circuit's decision reversing and remanding WGI for trial on these claims occurred on September 14, 2010.

> (2) Otherwise, it meas the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

La. Code Civ. Proc. art. 801. In this case, the lawsuit in question was instituted before Ethel Mae Coats' death and she bequeathed to one child. As such, the Court finds that it does not "survive in their favor" as embodied in art. 2315.1 where the "right to institute an action" had already been exercised by Mrs. Coats and then bequeathed to one daughter. It has been left to one party in a succession that is open and the Court will allow that succession executor to proceed. This step is justified by the provisions of La. Code Civ. Proc. 801(2).

Furthermore, it is in line with La. Code Civ. Proc. art. 685 which provides:

> Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real or mixed.

*Id.*

As to the four children fathered by Mr. Coats being "required" parties, WGI has made this argument based solely on the undocumented, unsupported reference in a motion that there is an absence of a will being probated. To find these parties are "required" where no competent, admissible evidence has been adduced to prove that (1) the Charbonnet home was community property, (2) Jimmy Cotes died without a will in contravention of Mrs. Coats' sworn testimony, (3) there was no probating of Jimmy Cotes' will, and thus (4) four children named in a retyped obituary that does not indicate whether they are alive or where they are presently located would be judicially irresposible. The Court will not and cannot be so cavalier in rendering a decision that four unidentified persons are "required" parties. In the event WGI can produce competent evidence to support their claim that the Charbonnet property was community property, there was

no will and that indeed these persons are Mr. Coats' children and are alive and well, then the Court will order them joined as necessary parties. However, based on the state of the record at this time, there is no competent evidence for this Court to find that these persons are required parties as contemplated by Rule 19. Accordingly,

**IT IS ORDERED** that Washington Group International, Inc.'s Motion to Strike is **DENIED.**

**IT IS FURTHER ORDERED** that WGI is given 60 days to file competent evidence such as an affidavit by an individual with personal knowledge to support the contention that the alleged four children of Mr. Coats are required parties.

New Orleans, Louisiana, this   13th   day of April, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**