UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE Duval<br>MAG. Wilkinson |
| PERTAINS TO:  MRGO<br>   *Armstrong*, No. 10-866 | |

**PLAINTIFFS' RESPONSE TO DEFENDANT USA'S MOTION FOR A
PROTECTIVE ORDER DATED APRIL 11, 2012**

PLAINTIFFS respond hereby to Defendant USA's motion for a protective order precluding a 30(b)(6) deposition scheduled for April 17, 2012.

1. The USA correctly outlines events leading up to the current deposition sought by Plaintiffs, including the fact that the 30(b)(6) depositions of the USA occurred more than three years ago, whereas the subject deposition notice was intended to wrap up discovery on critical trial issues that have not yet been addressed.

2. In the Court's order on summary judgment in this action, which issued after the last 30(b)(6) deposition had been taken, the Court addressed Plaintiff's contention that the USACE Kansas City District set forth regulations governing backfill within 300 feet of a floodwall, and observed that the Kansas City requirements "are not Corps requirements in New Orleans" so that WGI was not bound by the requirements. *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 5234369 at *9 n.5 (E.D. La. Dec. 15, 2008). In March 2012, defense expert Dr. *_____ Sykora's written report opined that the Kansas City

1

requirements were "developed for a different district and each district has distinct and separate engineering authority," and that the Kansas City guideline "was not officially adopted by NOD . . . ." (Ex. A, Expert Report of Dr. *_____ Sykora at 52).

3. Plaintiffs' deposition notice, issued within the specified discovery period, seeks discovery of the USA on the discrete issues raised by the Defendants' position in this regard. Namely, it seeks testimony regarding the customs, policies, and practices of the Corps in working in critical areas adjacent to floodwalls, specifically focused on (1) the extent to which the Kansas City manual is used outside the Kansas City District (Topic 1); (2) the extent to which the NOD's policies and practices involve use of manuals issued by other districts (Topic 2); and (3) Corps' practices regarding coordination and permitting of work in critical areas.

4. *Do we have an argument that we sought inquiry on the KC manual based on earlier 30(b)(6) notice and USA refused as not encompassed? Scott thinks so. See my email to Joe and Scott re same. Would be excellent to include if true.

5. The USA must show "good cause" to obtain a protective order forbidding this discovery, the relevance and importance of which is not disputed. *Blanchard & Co. v. Barrick Gold Corp.*, 02-3721, 2004 WL 737485 at *4 (E.D. La. Apr. 5, 2004). The Court "must balance the risk of injury without the protective order and the requesting party's need for information [and] [t]he court has wide discretion in determining the scope of a protective order." *Id.* The USA does not challenge Plaintiffs' need for the information sought by this deposition—the need is patent and goes to a potentially dispositive issue in the case addressed by Defendants' own experts in their recent reports. The risk of injury to the USA is virtually non-existent. It would be required to designate a corporate representative to sit

2

for a deposition of less than one day, the first such deposition in nearly more than three years in this complex case.[1]

*I think we have a much better chance of winning if we limit to the first two topics. The last three are very far-reaching and not so obviously tied to the "KC Manual issue" that I understood the notice was to address.

WHEREFORE, Plaintiffs seek an order striking WGI's Affirmative Defense R (Res Judicata and Preclusion).

Dated: July ___, 2011

       **Respectfully Submitted,**
       **PLAINTIFFS LIAISON COUNSEL**

       ____/s/ Joseph M. Bruno
       JOSEPH M. BRUNO (La. Bar # 3604)
       Bruno & Bruno, LLP
       855 Baronne Street
       New Orleans, Louisiana 70113
       Telephone: (504) 525-1335
       Facsimile: (504) 561-6775
       Email: jbruno@brunobrunolaw.com

       **MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE**

       Jonathan Andry (The Andry Law Firm, New Orleans, LA)
       Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
       James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

---

[1] The USA overstates the burden of producing documentary evidence. The deposition notice seeks only documents or portions of documents going to the discrete areas of inquiry discussed above. Additional time to collect documents or prepare a witness could be arranged by agreement of the parties if required.