UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE Duval<br>MAG. Wilkinson |
| PERTAINS TO: MRGO<br>*Armstrong*, No. 10-866 | |

## PLAINTIFFS' RESPONSE TO DEFENDANT USA'S MOTION FOR A PROTECTIVE ORDER FILED APRIL 11, 2012

PLAINTIFFS respond hereby to Defendant USA's motion for a protective order precluding a 30(b)(6) deposition scheduled for April 17, 2012.

1. The USA's motion correctly outlines events leading up to the current deposition sought by Plaintiffs, including the fact that the 30(b)(6) depositions of the USA occurred more than three years ago. The Court should know, additionally, that the subject matter now sought for deposition was not included in the Plaintiffs original 30(b)(6) notice to the USA. (*See* Ex. A, Notice of Video-Taped Federal Rule 30(b)(6) Dep., 6/17/08). Moreover, the USA repeatedly objected to any lines of questioning regarding the IHNC in depositions taken throughout the *Robinson* case. Thus, the deposition for which the USA is now seeking a protective order is intended to wrap up discovery on a critical issue that has not yet been addressed.

2. Plaintiffs attempted to resolve this matter by agreeing to pursue only the first two topics designated in the deposition notice. The USA still refuses to designate a witness. Only those two interrelated topics are at issue. They are:

> (1) The U.S.A. Corps of Engineers policies, procedures, and manuals regarding guidance regarding engineering, operation and maintenance aspects of

1

construction within critical areas of flood control projects (e.g., the Kansas City manual, attached), specifically including all policies, customs and practices regarding use of this manual or any part of it in districts other than the Kansas City District); and

(2) The Corps of Engineers, New Orleans District, policies, procedures, and manuals regarding guidance regarding engineering, operation and maintenance aspects of construction within critical areas of flood control projects specifically including all policies, customs and practices regarding use of manuals or standards issued by or used in Districts other than the New Orleans District.

In essence, Plaintiffs wish to cover the standards set forth in the Kansas City manual and wish to determine whether the manual is used outside of the Kansas City district, including whether the New Orleans district has policies or customs in place that would permit or require its use.

3. The "Kansas City manual" bears the full title "Guidance for Work Proposed Near or Within Federally Constructed Flood Control Projects." (Ex. B., Opening Pages of Kansas City Manual (excerpt).) The manual governs "engineering, operation and maintenance aspects of construction within the critical area of flood control projects constructed by the Corps of Engineers [which] is generally considered the area from 300 feet riverward to 500 feet landward of a flood control project centerline." (*Id.*) The manual was obtained from the Corps' web page and is not on its face limited to projects within the Kansas City district.

4. Defense expert Dr. David Sykora's March 2012 expert report opines that the Kansas City requirements do not apply here because they were "developed for a different district and each district has distinct and separate engineering authority." He also opines that the Kansas City guideline "was not officially adopted by NOD and many of NOD's own engineers were unaware of the guideline." (Ex. C, Expert Report of Dr. David Sykora at 52 (excerpt).)

2

5. Plaintiffs' timely deposition notice seeks narrow discovery of the USA on the discrete issues raised by the Defendants' position in this regard, and has been significantly narrowed from five topics to two through the parties meet-and-confer as described above.[1]

6. The USA must show "good cause" to obtain a protective order forbidding this discovery, the relevance and importance of which is not disputed. *Blanchard & Co. v. Barrick Gold Corp.*, 02-3721, 2004 WL 737485 at *4 (E.D. La. Apr. 5, 2004). The Court "must balance the risk of injury without the protective order and the requesting party's need for information [and] [t]he court has wide discretion in determining the scope of a protective order." *Id.*

The USA does not challenge Plaintiffs' need for the information sought by this deposition—the need is patent and goes to a critical issue in the case addressed by Defendants' own experts in their recent reports. The risk of injury to the USA is nil. It would be required to designate a corporate representative to sit for a deposition of less than one day; the first such deposition in nearly more than three years in this complex case.

WHEREFORE, Plaintiffs request that the Court deny the USA's motion.

Dated: April 13, 2012.

**Respectfully Submitted,
PLAINTIFFS LIAISON COUNSEL**

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

---

[1] Plaintiffs also agreed to significantly narrow the scope of documents for witness production. Specifically, Plaintiffs agreed to seek only written policies or guidelines directly governing the subject matter of the two topics (i.e., Kansas City policies/guidelines for Topic 1 and NOD policies/guidelines for Topic 2). This is not an end-run around the written discovery timetable as the USA suggests. The documents sought are tailored to the deposition notice and would apply directly to the witness's testimony.

3

**MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE**

Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

4