UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO *Armstrong*, No. 10-866 | * | SECTION "K"(2) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DECLARATION OF DR. ROBERT BEA IN SUPPORT OF THE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. ROBERT BEA'S "REBUTTAL REPORT"**

1. My Expert Report of Robert Glenn Bea, Ph.D, P.E. (February 1, 2012) was developed to present engineering findings relative to the causes of failure for the two breaches (North and South Breach) that occurred in the New Orleans Hurricane Protection System along the east bank of the Inner Harbor Navigational Canal ("EBIA") adjacent to the Lower 9th Ward during hurricane Katrina.

2. My forensic engineering analyses of the North and South Breaches were based upon the application of ***steady flow*** conditions within the buried swamp/marsh layer of the EBIA.

3. My Expert Report, its appendices, and the associated reliance materials set forth and justify the conclusions reached through the analyses of the North and South Breaches.

4. The defense expert reports attempt to establish the defendants' theory of flood wall failure based upon ***non-steady flow*** analysis for the buried swamp/marsh layer.





5. My Rebuttal Report of Robert Glenn Bea, Ph.D, P.E. (April 3, 2012) was developed to establish an understanding of the defendants' theory of failure based upon ***non-steady flow*** conditions within the buried swamp/marsh layer versus ***steady flow*** conditions, and then to critically analyze the conclusions presented within each respective defense expert's report.

6. The analyses performed in my Rebuttal Report were specifically developed to address fundamental elements established in the defense expert reports.

7. As it relates to the site clearing excavations, my "EBIA Swiss Cheese graphics" were developed to rebut the multiple defense assertions that there were no important improperly backfilled excavations on the EBIA that would have influenced breach causation. This exhibit provides a visual demonstration of the perforations and holes throughout the EBIA surface layer and presents no new information.

8. My hydraulic pressure conductivity analyses and validations directly compare the defendants' ***non-steady flow*** conditions within the buried swamp/marsh layer versus ***steady flow*** conditions. The Sherman Island piezometer records are presented to illustrate the use of appropriate soil compressibility analyses. By so illustrating, these records specifically negate the defense assertions that ***non-steady flow*** analyses should be used to help evaluate the breach and near breach causation. Further, I describe the guidance provided by various Corps manuals analyzing hydraulic conductivity based on ***steady flow*** conditions. (Rebuttal Report, ¶ 19).

9. In my Expert Report, the materials addressed relative to the engineering standard of care were intended to demonstrate from an engineering standpoint that any foundation condition that may impact the seepage potential under a levee must be evaluated. Dr. Sykora took the

position in his report that such an obligation could not apply to WGI because it was only a general contractor hired to perform an environmental restoration. Dr. Lucia's position was more simple, that the Corps's Project Delivery Team had no obligation to evaluate the potential for underseepage because that consideration had been analyzed in 1966. To rebut these fallacies, it was necessary to present two factors for consideration: the contract documents governing the relationship between WGI and the Corps, as well as basic principles of the Engineering Standard of Care.

10. My Expert and Rebuttal Reports: Forensic Engineering Quantitative Analyses of Robert Glenn Bea, Ph.D, P.E. (April 11, 2012) was developed to address specific inquiry by defense counsel to document hand calculation validations of the computer model outputs presented in the Expert Report. These hand calculations do not constitute new opinions. They are proof offered to rebut the defense allegation that I take "liberality with facts."[1]

New Orleans, Louisiana, this 15th day of April, 2012.

Robert Glenn Bea, Ph.D, P.E.

[1] Bea deposition, Volume II, comment by Mr. Treeby, p. 28, l. 15- p. 29, l. 11. (See Exhibit A).