UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION <br><br> NO. 05-4182 <br><br> SECTION "K"(2) |
| PERTAINS TO: MRGO<br>*Armstrong*, No. 10-866 | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO DEFENDANT USA'S MOTION FOR PROTECTIVE ORDER FORBIDDING THE DEPOSITIONS OF MESSRS. COLLETTI AND VARUSO

PLAINTIFFS hereby respond to Defendant USA's motion (Doc. 20785) for a protective order to prevent Plaintiffs' depositions of Corps employees Gerald Colletti and Richard Varuso.

### I. Introduction

Mr. Colletti and Mr. Varuso are Corps employees identified as trial witnesses by both Defendants. The USA is correct that both have been deposed before. However, those depositions occurred four years ago and were not, as the USA argues, "in this very track of the litigation." (Def. USA Memo. at 1.) The USA acknowledges they were taken in the *Robinson* case, *id.*, and says that when the depositions occurred, "claims arising from site remediation were part of Robinson." (Def. USA Memo. at 2.) At the time of the depositions, however, counsel for the USA, Mr. Baeza, objected to questions pertaining to the EBIA:

> "I'm going to have to lodge an objection to any references to the EBIA because it hasn't been added to the complaint." (Doc. 20785-2: Varuso Dep. at 15.)

> "Before he answers, I'm just going to object again, as we did yesterday, because the EBI[A] has not been added to the complaint." (Doc. 20785-3: Colletti Dep. at 39.)

1

Questions were asked subject to the objections, but neither party proceeded at that time as if the deponents were sitting for full-blown discovery depositions in the EBIA case, i.e., covering every matter on which they might now be called to testify at trial, as discussed below. These depositions were taken in the *Robinson* case at a time when the EBIA issues were largely focused, in practical terms, on issues surrounding government contractor's immunity. The issues now, four years later, are differently and more clearly defined.

## II. Mr. Colletti

WGI identified Mr. Colletti as a witness <u>for the first time</u> on April 6, 2012, listing him to testify on "[p]ermitting review/evaluation by Corps for works conducted in the vicinity of flood control projects." (Doc. 20755: Def. WGI's Final Witness List, 4/6/12.)[1] Plaintiffs' handful of questions to Mr. Colletti four years ago were in the form of hypothets because the USA objected and because Mr. Colletti could not even identify WGI as a contractor working for the Corps. (Doc. 20785-3: Colletti Dep. at 40.) Mr. Colletti stated, in essence, that canal work within 300 feet of a floodwall would require Department of the Army and OLD permits. (*Id.* at 42-43.) Yet, defense expert Patrick Lucia recently testified that he spoke personally with Mr. Colletti and confirmed that permits would not have been required. (Ex. A, Excerpt Dep. of P. Lucia at 189.) Surely Plaintiffs are allowed to explore this topic, particularly when it is relied upon by a defense expert.

## III. Mr. Varuso

The same timing considerations apply to the deposition of Mr. Varuso taken more than four years ago. And, as with Mr. Colletti, Mr. Varuso was identified <u>for the first time</u> by WGI on April

---

[1] The USA had identified Mr. Colletti on its earlier (and final) witness list as a witness on potentially related but distinct issue of "U.S. Army Corps of Engineers' operations and maintenance of levees/floodwalls." (Doc. 20669: United States' Preliminary List of Witnesses, 3/2/12)

2

6, 2012, as a witness who may be called to trial to speak on "Geotechnical issues relating to Task Order 26." (Doc. 20755: Def. WGI's Final Witness List at 6.) When deposed four years ago, Mr. Varuso was asked: "Are you familiar with Task Order 26?" to which he responded, "No." (Doc. 20785-2: Varuso Dep. at 182.) When questioned on geotechnical issues specific to WGI's work, counsel for the USA objected on grounds that "The witness already said he lacks personal knowledge about this project." (*Id.* at 185.) Yet now WGI identifies him as a potential witness on "geotechnical issues relating to Task Order 26." Plaintiffs have a right to know what he may say on issues he knew nothing about when deposed four years ago.

It is also important to point out that although Mr. Varuso has been identified as a witness for the USA on the issue of "U.S. Army Corps of Engineers' geotechnical engineering practices," (Doc. 20757: USA Final Witness List at 4), he disclaimed any knowledge of or familiarity with the so-called Kansas City manual, which is subject to yet another motion for protective order by the USA (seeking to forbid a 30(b)(6) deposition on the Kansas City manual). (Doc. 20785-2: Varuso Dep. at 154-55.) This underscores the need for Plaintiffs to take testimony of someone knowledgeable on this key issue.

## IV. Conclusion

Plaintiffs served timely deposition notices for these two Corps employees, each of whom is identified by both Defendants as trial witnesses (having been listed as WGI witnesses just two weeks before the discovery cutoff). Plaintiffs should, for the reasons set forth above, be permitted to take their depositions. Plaintiffs therefore respectfully request that the USA's motion for protective order be denied.

3

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

s/ *Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ *James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com
for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 18th day of April, 2012.

/s/ Joseph M. Bruno
Joseph M. Bruno