UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re   KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, | § | |
| Armstrong, No. 10-866 | § | |
| _____ | § | |

**REPLY MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION FOR A PROTECTIVE ORDER**

On April 11, 2012, the United States filed its Motion for a Protective Order (R.D. 20777). The Motion argues that CMO No. 4, as amended by Court Order, limited the plaintiffs' Rule 30(b)(6) depositions of the Army Corps of Engineers to 40 topics and eight business days. Those depositions were completed over three years ago.  Moreover, written discovery in this litigation was foreclosed on June 27, 2011.  Consequently, the plaintiffs are prohibited from taking any further Rule 30(b)(6) depositions and making additional written discovery requests of the Army Corps of Engineers.

On April 13, 2012, Plaintiffs filed a Response to Defendant USA's Motion for a Protective Order Filed April 11, 2012 (R.D. 20791). The Plaintiffs argue that the "subject matter now sought for deposition was not included in the Plaintiffs original 30(b)(6) notice to the USA" and "the USA repeatedly objected to any lines of questioning regarding the IHNC in depositions taken throughout the Robinson case. Thus, the deposition for which the USA is now seeking a protective order is intended to wrap up discovery on a critical issue that has not yet been addressed." R.D. 20791, p. 1.  The plaintiffs further argue that they have now "significantly narrowed" their Rule 30(b)(6) deposition of the Army Corps of Engineers to the first two topics

designated in their notice, and they want the Corps to produce documents related to those topics. R.D. 20791, p. 1 and f.n. 1.

The plaintiffs claim that they have "significantly narrowed" their deposition to only the first two topics in their notice. While the United States lauds the plaintiffs' efforts to narrow their deposition notice, they have not appreciably reduced the burden on the Army Corps of Engineers. The first two far-reaching topics, and their respective document requests, concern the policies, procedures and manuals for the engineering, operation and maintenance aspect of construction within critical flood control projects including all policies, customs and practices regarding the use of manuals or standards issued by or used in virtually every district office within the Army Corps of Engineers since time immemorial. It will take considerable man-hours for the Army Corps of Engineers to search across almost every district office to locate the requested documents, and to identify and prepare Army Corps of Engineers' personnel to testify on these far-reaching topics.

The plaintiffs argue that the "subject matter now sought for deposition was not included in their original 30(b)(6) notice to the USA" and "the USA repeatedly objected to any lines of questioning regarding the IHNC in depositions taken throughout the *Robinson* case. Thus, the deposition for which the USA is now seeking a protective order is intended to wrap up discovery on a critical issue that has not yet been addressed." The United States strongly denies that it has objected to any lines of questioning regarding the IHNC in depositions taken throughout the *Robinson* case. In fact, on April 1, 2008, Plaintiffs' Liaison Counsel, Joseph Bruno, deposed Richard Varuso, an Army Corps of Engineers' employee. Varuso Dep. (Ex. 1 at 1). At that time, the claims arising out of the site-remediation efforts at the East Bank Industrial Area – the sole

subject of this litigation – was part of the *Robinson* case.[1]  Although the topics listed in the plaintiffs' current 30(b)(6) deposition notice were not one of the 40 topics listed in the original 30(b)(6) deposition notice, Mr. Bruno extensively questioned Mr. Varuso on the claims relating to the EBIA – the questions and answers on that subject fill almost 80 pages of the transcript. Varuso Deposition at 152-234.  During the deposition, Mr. Bruno questioned Mr. Varuso on the issue of construction activities within flood control projects and the Kansas City manual,[2] the very subject of the plaintiffs' first two topics in their current Rule 30(b)(6) deposition notice. The next day, Mr. Bruno deposed Gerald Colletti, another Army Corps of Engineers' employee. Colletti Dep. (Ex. 2) at 1.  During the deposition, Mr. Bruno questioned Mr. Colletti about the EBIA site-remediation work.[3]  Colletti Dep. at 38-50.  Therefore, the plaintiffs have already been afforded an opportunity to depose the Army Corps of Engineers on the first two topics of their current Rule 30(b)(6) deposition notice and should not be afforded another opportunity to depose the Army Corps of Engineers.

---

[1] This Court dismissed those claims from *Robinson* on September 28, 2008. *In re Katrina Canal Breaches Consol. Litigation*, 2008 WL 445570 (E.D. La. Sept. 29, 2008).

[2] Q. "So my first question to you is, is it necessary for the Corps to evaluate excavations that my be, using the words as outlined here, in the critical area of a flood control project?" Varuso Dep. at p. 158, line 25, and p. 159 line 1. Questioning regarding the Kansas City manual is at Ex. A. of Varuso's deposition at pp. 165 - 176.

[3] Q. "All right. Let's see. Let's talk about - - make sure I cover what I want to cover. Let's talk about the IHNC now. And you'll please forgive me, because now the depositions are running together in my head. I don't recall if I asked if you had knowledge of the WGI. Did I ask you that? The Washington Group International?" A. "You asked earlier, yeah." Ex. B, Coletti Dep. at p. 177, lines 10 - 18.

## CONCLUSION

For the forgoing reasons, the United States respectfully asks that the Court grant its Motion for a Protective Order.

Dated April 17, 2012

>Respectfully submitted,
>
>STUART F. DELERY
>Acting Assistant Attorney General
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>JAMES G. TOUHEY, JR.
>Assistant Director, Torts Branch
>
>s/ James F. McConnon, Jr.
>JAMES F. MCCONNON, JR.
>Trial Attorney, Torts Branch, Civil Division
>U.S. Department of Justice
>Benjamin Franklin Station, P.O. Box 888
>Washington, D.C.  20044
>(202) 616-4400 / (202) 616-5200 (Fax)
>Attorneys for the United States

**CERTIFICATE OF SERVICE**

      I, James F. McConnon, Jr., hereby certify that on April 17, 2012, I served a true copy of the Reply Memorandum in Support of United States' Motion For a Protective Order upon counsel for all the Plaintiffs by CM/ECF.

                                           /s/ James F. McConnon, Jr.
                                           JAMES F. McCONNON, JR.