UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
| *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED EXCAVATION OF JOURDAN AVENUE BOX CULVERT

PLAINTIFFS hereby note their formal objection to Defendants' proposed inspection of the Jourdan Avenue on the grounds set forth below.

1. The Jourdan Avenue Box Culvert was installed in the 1990s. Defendants question whether existing sheet piles were removed or whether they remained after installation of the culvert. Defendants believe the answer to this question is relevant to the larger issue of pressures and water flow in and around the Industrial Canal. Defendants raised this issue with Plaintiffs' liaison counsel recently and wrote yesterday, (Ex. A, Email, 4/19/12), indicating their intent to undertake "an investigation of the area," which will involve seeking a right of entry from the Orleans Levee District and excavating the site with a backhoe to "verify[] that sheet piles were extracted when the canal was boxed." Defendants hope to carry out the work next week. (*Id.*)

2. Today is the last day of discovery. Nearly every expert has been deposed. Any revelations made by the Defendants' proposed excavation would constitute discovery of new

1

facts that presumably would impact expert analyses of subjects already addressed by the experts (hence the Defendants' perceived need for the inspection in the first place). Plaintiffs see no legal means of prohibiting the OLD granting Defendants' permissive entry into the OLD premises to carry out this work, other than to serve a copy of this opposition on counsel for the OLD. Plaintiffs are therefore compelled to formally note their objection to the work and to the use of any new facts that may be discovered as a result of it, particularly to the extent that this will modify their experts' opinions or reinforce them with facts that Plaintiffs' counsel were unable to address during their depositions.

3. Should Defendants nevertheless carry out the work, Plaintiffs are for obvious reasons compelled to accept Defendants' invitation to observe the work.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

s/ *Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

        MR-GO PLAINTIFFS SUB-GROUP LIT. CMTE.

        s/ *James Parkerson Roy*
        JAMES PARKERSON ROY (La. Bar No. 11511)
        MR-GO PSLC Liaison Counsel
        Domengeaux Wright Roy & Edwards LLC
        P.O. Box 3668
        Lafayette, LA. 70502
        Telephone: (337) 593-4190 or (337) 233-3033
        Facsimile: 337-233-2796
        Email: jimr@wrightroy.com
        for

        MR-GO PLAINTIFFS SUB GROUP LIT. CMTE.
        Jonathan Andry (The Andry Law Firm, New Orleans, LA);
        Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL);
        James Parkerson Roy (Domengeaux, Wright, et al.,
        Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission. A copy also has been provided to counsel for the OLD, Thomas Anzelmo (tanzelmo@mcsalaw.com).

This the 20th day of April, 2012.

/s/ Joseph M. Bruno
Joseph M. Bruno