UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO:  MRGO<br>Armstrong C.A. No. 10-866 | JUDGE DUVAL<br>MAG. WILKINSON |

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION:  United States' Motion for a Protective Order (Depositions of Varuso and Colletti), Record Doc. No. 20785

O R D E R E D:

XXX : GRANTED.  The depositions of Gerald Colletti and Richard Varuso are quashed. Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides in pertinent part: "A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . ."

In addition, Fed. R. Civ. P. 30(a)(2)(B) provides that "(a) party must obtain leave of court, . . . if . . . the person to be examined already has been deposed in the case." Leave of court to permit the second deposition of a witness "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Those principles include avoidance of unreasonably cumulative or duplicative discovery, Fed. R. Civ. P. 26(b)(2)(C)(i); prohibition of discovery when the party seeking discovery "has had ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C)(ii); and restricting discovery when "the burden or expense of the proposed discovery outweighs its likely benefit," considering a variety of cost-benefit factors.  Fed. R. Civ. P. 26(b)(2)(iii).

The prohibition of cumulative and duplicative deposition-taking of just this sort was precisely what the court had in mind when the scores of cases against the United States Corps of Engineers and others were brought together in this consolidated action for purposes of combined discovery and pretrial procedures.  Through Case Management Order No. 4 and the other consolidated procedures adopted in these matters by this court, plaintiffs have had ample opportunity to obtain the information they now seek through a

repeat of these depositions. Plaintiffs' assertion in their opposition memorandum that the depositions of Colletti and Varuso "were taken in the <u>Robinson</u> case," Record Doc. No. 20802, is erroneous. In fact, they were taken pursuant to Case Management Order No. 4 in the matter of <u>In re Katrina Canal Breaches Consolidated Litigation</u>. The fact that counsel for the United States may have objected to certain questions with particular relevance to the exemplar <u>Armstrong</u> case now moving to trial is of no moment. There was no instruction to the witness not to answer. As Case Management Order No. 4 expressly provided, Fed. R. Civ. P. 30(c)(2) governed objections, and the testimony of the witnesses still proceeded, subject to them. Similarly, the timing of the identification of the deponents as witnesses in the exemplar <u>Armstrong</u> case is of no moment. They are Corps personnel whose knowledge relevant to the common issues that lead originally to the consolidation of these matters for <u>joint</u> discovery, trial preparation and pretrial procedures has been known to all parties for years.

      It was obvious to all involved from the inception of the scores of cases involving the alleged responsibility of the Corps of Engineers for the various Hurricane Katrina canal breaches that the depositions of particular Corps (and other) personnel would be relevant to scores of individual cases. One purpose of the court's consolidated case management of these actions was to avoid the burden, expense and extreme potential for duplication of deposing such witnesses on multiple occasions. As to these witnesses in particular, plaintiffs have had more than ample opportunity to obtain the information they now seek, not only through their original depositions, but also the other substantial discovery of the Corps and depositions of others of its personnel already conducted by plaintiffs.

      For all of the foregoing reasons, good cause to support the protective order sought by this motion has been established, and evaluation of the Rule 30(a)(2)(B) and 26(b)(2) factors militate strongly <u>against</u> permitting these witnesses to be deposed again.

      New Orleans, Louisiana, this __23rd__ day of April, 2012.

      JOSEPH C. WILKINSON, JR.
      UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**