UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: MRGO<br>Armstrong C.A. No. 10-866 | JUDGE DUVAL<br>MAG. WILKINSON |

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   United States' Motion for a Protective Order (USA Rule 30(b)(6) Deposition), Record Doc. No. 20777

O R D E R E D:

 XXX :  GRANTED.  The Rule 30(b)(6) deposition notice and its accompanying Rule 34 requests for production of documents pursuant to Fed. R. Civ. P. 30(b)(2) are quashed.

Three (3) legal standards are applicable. First, Fed. R. Civ. P. 26(c)(1) governs motions for protective orders.  The Rule provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

Second, Fed. R. Civ. P. 30(a)(2)(B) provides that "(a) party must obtain leave of court, . . . if . . . the person to be examined already has been deposed in the case." Leave of court to permit the second deposition of a witness "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Those principles include avoidance of unreasonably cumulative or duplicative discovery, Fed. R. Civ. P. 26(b)(2)(C)(i); prohibition of discovery when the party seeking discovery "has had ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C)(ii); and restricting discovery when "the burden or expense of the proposed discovery outweighs its likely benefit," considering a variety of cost-benefit factors.  Fed. R. Civ. P. 26(b)(2)(iii).

Third, a Rule 16 order setting deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added).  In determining "good cause" in connection with a Rule 16 scheduling order, the court must weigh the following factors:  (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested

action and (4) the availability of a continuance to cure such prejudice.  Nunez v. United States Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline); Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883-84 (5th Cir. 2004) (court did not abuse discretion in barring testimony of late-designated expert witness).

As to the deposition testimony component of this Rule 30(b)(6) notice, the prohibition of cumulative and duplicative deposition-taking of just this sort was precisely what the court had in mind when the scores of cases against the United States and its Army Corps of Engineers were brought together in this consolidated action for purposes of combined discovery and pretrial procedures.  Through Case Management Order No. 4 and the subsequent procedures adopted in these matters by this court, plaintiffs have had ample opportunity to obtain the information they seek through this repeat deposition.  Pursuant to a supplemental order, after much briefing and consideration, the court permitted the Rule 30(b)(6) deposition of the United States to cover 40 broad topics over an eight-day period. The Rule 30(b)(6) deposition was in fact conducted. Plaintiffs' assertion in their opposition memorandum that the United States "repeatedly objected to any lines of questioning regarding the IHNC in depositions taken throughout the Robinson case," Record Doc. No. 20791 at p. 1, is of no moment.  The lengthy and extensive previous Rule 30(b)(6) deposition of the Corps was taken in the matter of In re Katrina Canal Breaches Consolidated Litigation, not just in Robinson. Even if counsel for the United States may have objected to certain questions with particular relevance to the exemplar Armstrong case now moving to trial, Case Management Order No. 4 expressly provided that Fed. R. Civ. P. 30(c) governed the objections and that the testimony of the witness(es) must  proceed, subject to them.

As to the Rule 34 requests for production of documents attached to the deposition notice pursuant to Rule 30(b)(2), the court set a deadline for written discovery of June 27, 2011, Record Doc. No. 20200 at p. 6, and these requests were served more than nine (9) months after that deadline.  Plaintiffs' explanation for this late Rule 34 discovery [a deposition "notice to a party deponent may be accompanied by a request under Rule 34"], i.e., that the requests are "intended to wrap up discovery on a critical issue that has not been addressed," Record Doc. No. 20791 at p. 1, is wholly unpersuasive.  If relevant, this information should already have been addressed long ago both in plaintiffs' written discovery requests and in their deposition questioning. Certainly, ample opportunity to obtain it has already been provided.  Information concerning the Kansas City District appears particularly unimportant.  Defendant will be prejudiced in terms of the burden of this late discovery request, and yet another continuance is not available to cure that prejudice.

It was obvious to all involved from the inception of the scores of cases involving the alleged responsibility of the Corps of Engineers for the various Hurricane Katrina canal breaches that the Rule 30(b)(6) deposition of the Corps, the depositions of particular Corps

personnel and extensive written discovery to the Corps, would be relevant to scores of individual cases. One purpose of the court's consolidated case management of these actions was to avoid the burden, expense and extreme potential for duplication of deposing the Corps and its employees more than once. As to this proposed additional discovery from the Corps in particular, plaintiffs have had more than ample opportunity to obtain the information they now seek, through the other substantial discovery of the Corps and its personnel already conducted by plaintiffs.

For all of the foregoing reasons, good cause to support the protective order sought by this motion has been established; good cause to extend the deadline for written discovery in the form of additional requests for production of documents to the Corps has not been established; and evaluation of the Rule 30(a)(2)(B) and 26(b)(2) factors militate strongly against permitting another Rule 30(b)(6) deposition of the United States Corps of Engineers.

New Orleans, Louisiana, this ___23rd___ day of April, 2012.

**CLERK TO NOTIFY:**　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
**HON. STANWOOD R. DUVAL, JR.**　　　UNITED STATES MAGISTRATE JUDGE