32 Am. J. Trial Advoc. 541

**American Journal of Trial Advocacy**
Spring, 2009

Trial Technique
TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE ROLE OF MOTIONS IN LIMINE AND THE IMPORTANCE OF PRESERVING THE RECORD ON APPEAL

Jennifer M. Miller[d1]Copyright © 2009 by American Journal of Trial Advocacy; Jennifer M. Miller

**Abstract**
*Motions in limine are effective tools that can be used to expedite trials, prevent prejudice, and undermine opposing counsel's trial strategy. This Article examines the various types of motions in limine and how to use them successfully in trial practice.*

**Introduction**

Trial advocacy employs both strategic and artistic skills that the trial lawyer must master as part of her practice. Part of these skills requires a strong understanding of both evidence and procedural rules which govern the presentation of a case. Appreciation of the rules can help keep evidence in, limit or completely bar prejudicial evidence, or even under-mine the opponent's trial strategy.[1]

The purpose of a motion in limine is to avoid potential prejudicial questions, irrelevant evidence, and objections from entering the courtroom and the record.[2] Motions in limine are "'designed ... to forestall the introduction of potentially prejudicial evidence until the court has ruled on its admissibility outside the presence of the jury.'"[3] *In limine* means **\*542** "at the outset" or "preliminary" and such motions are presented to the judge before the issue arises in the presence of the jury, commonly before the trial commences.[4]

Motions in limine can be filed to bar an opponent and all witnesses from presenting evidence in the presence of the jury that cannot be effectively rectified by an objection and admonishment to disregard, to obtain a preliminary ruling allowing counsel to do something in the presence of the jury without the need for prolonged sidebars or

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 2 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

objections, or to flush out the opponent's strategy.[5] Utilizing the motion can "foster judicial economy by shortening [the] trial and simplifying [the] issues."[6] Motions in limine are important at the trial level and serve a role in preserving the record on appellate review.[7] In many states, merely filing a motion in limine does not preserve the objection on review.[8] Thus, objections must be made when the evidence is introduced at trial. This is different from federal practice where objections raised in motions in limine are preserved for appeal without further objection.[9]

***543** Understanding the role of the motion in limine at the state and federal level is an essential tool that a litigator must master in her practice. This article discusses the three most common types of motions in limine and the most effective utilization of the motion in trial practice.

## I. Types of Motions in Limine

No state or federal rule clearly recognizes the motion in limine.[10] Rule 16 of the Federal Rules of Civil Procedure implicitly recognizes the motion in federal courts by permitting a pretrial conference judge to consider matters that will aid in the disposition of the action.[11] The first attempt to bar evidence by a motion to exclude prior to trial was introduced in *Bradford v. Birmingham Electric Co.*[12] In *Bradford*, the plaintiff alleged negligence and wanton wrong for personal injuries sustained while a passenger in a street car in Birmingham, Alabama.[13] Prior to trial, the plaintiff's attorney filed a motion to "ascertain whether or not the attorney for the defendant intended to offer certain testimony with regard to ... the life and character of the plaintiff ... '[that] was illegal and incompetent.'"[14] The trial court refused to make an order or enter upon an investigation into the alleged evidence.[15] On appeal, the Supreme Court of Alabama held:

> There is no rule of law or of practice in this state which authorized the procedure called for by plaintiff's said motion. The trial court will not put itself in the position of assuming, in advance of the trial, that an attorney licensed to practice before it will offer illegal or incompetent testimony, nor will it arrogate to itself the prerogative of requiring counsel to inform it as ***544** to what evidence he will or will not offer in his client's behalf. Nor will a trial court assume the right, in advance of the offering of any evidence, to "instruct" an attorney what evidence he may introduce on the trial of a cause. Such a procedure, in this jurisdiction, finds no support in any of our adjudged cases. To give judicial sanction to the procedure attempted to be engrafted upon our well-understood and long-established practice in the trial of cases would be wholly unjustified by, and in violation of, all precedent, and an unwarranted usurpation of judicial power and authority. To say more would be supererogation. The trial court properly overruled plaintiff's said motion.[16]

Since 1933, Alabama has recognized the motion in limine in various applications.[17]

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 3 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

### A. Motions as a Complete Bar

The most common motion in limine seeks to completely bar the admission of certain evidence even though some of the evidence may be relevant to the issues being litigated. However, most state courts seem to follow the reasoning of Federal Rule of Evidence 403, which provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."[18] Rulings typically can be made on these issues before trial because the case law is well-defined and the court can usually rule on them without considering the facts of a case.

### *545 B. Motions to Limit

It is a common perception among trial lawyers that prejudice once implanted in the minds of jurors can win trials, that objecting to the prejudicial material will only emphasize it, and that traditional curative actions taken by trial judges when prejudicial material is objected to are ineffective and unrealistic. In an effort to curb this effect at trial, trial lawyers have often sought to secure, in advance, the exclusion of prejudicial evidence or other references to otherwise prejudicial matters by means of the preliminary motion in limine.[19]

Motions to limit evidence to certain parties or purposes are often made after the trial court has denied a motion to bar certain evidence completely. The attorney then submits the motion and requests that the court give an instruction to the jury that the evidence may be considered only for a limited purpose or in connection with a certain party.[20] "'The ability to restrict interrogation makes the in limine order a powerful weapon. This power, however, also makes it a potentially dangerous one.'"[21] Motions are routinely made to limit an expert's testimony to those areas already explored and to prevent "surprise."[22]

### C. Advance Rulings on Witnesses

The third category consists of motions in limine, usually made well in advance of the actual trial date, designed to help structure the case *546 presentation and resolve practical problems that arise during the course of a proceeding.[23] Advance rulings on witnesses, typically experts, determine how scheduling and preparation of the trial will proceed.[24] If the expert is barred, the expense of bringing the witness to court can be saved.[25] Expert testimony is typically barred if it is cumulative, not beyond the juror's knowledge, or for other reasons.[26]

### II. Making the Motion

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 4 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

Most motions in limine are filed before trial commences or during the trial.[27] Pre-trial motions are obtained to keep potentially harmful evidence from prejudicing the jury.[28] A motion in limine moves the judge to rule that the offending evidence be found inadmissible and not be offered or introduced at trial.[29]

Once the judge determines that there are prejudicial matters which should not properly enter the trial, the advantage of having the evidence excluded is obvious. However, in making the motion, the moving party may have strengthened the case against her client by suggesting proof that the opposing counsel may not have considered.[30]

**\*547** A motion in limine can be based on any substantive rules of evidence.[31] Generally, motions are required to contain something more than mere subject evidence that is objectionable, but rather a showing that the evidence is so damaging that once it is mentioned a sustained objection at trial will not be sufficient to remedy its prejudicial impact.[32]

When filing a motion in limine, it should be accompanied by a memorandum of law supporting the motion.[33] The memorandum should present concise arguments and citation to supporting case law.[34] The motion should clearly state what specific evidence and what specific motion in limine is being requested.[35] A concise and clearly defined motion not only assists the trial judge in understanding the evidence and the motion itself, but also preserves the record for appeal.[36] A well-documented motion will preserve the motion and its supporting law so that, on appeal, the court will have a complete record to review the motion and any possible abuse of discretion by the court.[37]

Great care must be taken in drafting the motion in limine. The terminology of the order must be general enough to prohibit the opposing party from injecting the same prejudice in an indirect manner, yet precise enough to warn the opposition of the specific prohibited tactics and references.[38] The order should make clear that all parties and witnesses, as well as attorneys, are forbidden to raise the subject evidence before the jury and should leave no doubt that all direct and indirect forms of communication are within the scope of the court's order.[39] These forms of communication include questions, testimony, remarks, and arguments.[40]

**\*548** "A motion in limine may be brought either before or during trial."[41] Motions made during the course of the trial should also be supported by law.[42] These motions do not need to be written arguments, but counsel should present the basis for the objection "in a very skeleton form" to the judge.[43] Again, this form of concise and well-supported law preserves the record for the motion in limine on appeal.[44]

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 5 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

Motions that are filed unnecessarily or in an unorganized fashion can be unduly burdensome on the court and time-consuming. Oral argument is routinely required before the granting of the motion.[45]

As a practical matter, after making the motion, it is essential to obtain a ruling on the motion. If the ruling is ambiguous or misleading, attempt to get the judge to clarify the rule.[46] If attempts are unsuccessful, state a de facto ruling in the record such as, "I assume from what Your Honor has said you have admitted the evidence."[47] Stating the rule on the record preserves the statement and the motion in the record for appeal.[48]

### III. Preserving the Motion on Appeal

Appellate courts typically will not consider issues that were not originally raised at the trial court.[49] The admission of evidence generally **\*549** cannot be reviewed unless it was the subject of a motion in limine or unless a timely objection was made at trial.[50] Objections serve the function of alerting the trial judge to the need for a ruling and defining the scope of evidentiary issues that are to be considered on appeal.[51]

Filing a motion in limine in state court that is subsequently denied does not automatically preserve an objection for review. To preserve objections for appeal, objections must be made when the evidence is introduced at trial unless the trial judge expressly agreed that subsequent objections would be unnecessary.[52] If an objection is not in the trial record, it is considered waived when reviewed on appeal.[53] This is different from federal practice, where once the objection is raised in the motion in limine, the motion is preserved for appeal without further objection.[54] **\*550** A denied motion in limine in support of the admissibility of evidence is also insufficient to preserve the issue for review.[55]

### A. Granting the Motion

The decision to grant a motion in limine rests in the sound discretion of the trial judge.[56] When a motion in limine is made and granted at the time of trial, it is not necessary to renew the objection to preserve the issue for appeal.[57] Furthermore, if the trial court's ruling on the motion is unconditional or absolute, the ruling is preserved for appeal.[58]

The effect of granting a motion in limine is to exclude all references to the subject evidence.[59] Not only is the evidence itself suppressed, but opposing counsel may not even refer to it during the course of the trial.[60] This includes not mentioning the evidence during jury selection, opening statements, or closing arguments.[61] Witnesses may also be instructed not to volunteer testimony concerning the excluded evidence.[62]

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 6 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

A partial motion in limine excludes some, but not all, of the subject evidence or may allow an order limiting the use of the evidence.[63] In this **\*551** type of motion in limine, the subject evidence can only sparingly or under certain circumstances be admitted in the presence of the jury.[64]

A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence and is considered as being only interlocutory, tentative, or preliminary in nature.[65] The tentative nature of the motion in limine leaves it subject to reconsideration or reversal by the court during the course of the trial, as the evidence is not fully developed prior to trial when most motions in limine are presented to the court.[66] A motion in limine is advisory and its denial does not constitute reversible error because nothing objectionable has reached the jury.[67] Rulings on the motion may change based on testimony or a reconsideration or interpretation of the law.[68]

The court should be certain, prior to granting a motion in limine, "that such action will not unduly restrict the opposing party's presentation of **\*552** its case."[69] "An order in limine should only be used as a shield and never to gag the truth and permit other evidence to mislead the jury because the limine order presents such evidence from being rebutted."[70] "It is improper for the court to allow a motion *in limine* which limits or refuses the introduction of relevant admissible evidence"[71] Similarly, an in limine order, which precludes the opponent from presenting a valid defense, is an abuse of discretion by the court. Since the motion prevents one party from presenting her evidence in the usual way, it should only be granted sparingly.[72]

The Alabama Supreme Court has noted that if a motion in limine is granted, the non-moving party should appeal rather than attempt a writ for mandamus.[73] In *Ex parte Sysco Food Services of Jackson*, a former employee, in a retaliatory discharge action, filed a motion in limine to bar his former employer from presenting evidence that the employee had previously committed dishonest or criminal acts in connection with his work.[74] The trial court granted the motion.[75] The employer petitioned for a writ of mandamus seeking the Supreme Court of Alabama to compel the trial judge to vacate the ruling on the motion in limine.[76] The court denied the petition and held that appeal, rather than mandamus, was the appropriate method for review of an absolute order.[77]

If a motion in limine is violated, the offended party should seek a mistrial in order to preserve the error for appellate review.[78] In most **\*553** circumstances, counsel would likely seek a curative instruction that the jury should disregard the prejudicial matter.[79] However, such an instruction may only emphasize the prejudicial effect.[80]

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 7 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

### B. Withholding Ruling on the Motion

It is within the discretion of the judge to reserve ruling on a motion in limine.[81] It is often difficult or impossible to determine whether evidence should be excluded until the trial has begun.[82] Some evidence may be either admissible or inadmissible, depending on the foundational testimony that precedes its admission.[83] Thus, the judge may delay ruling until the trial evidence is more fully developed.[84] If the ruling on the motion in limine would not impact the parties' evidentiary burdens or preparation for trial, then the better practice regarding the motion is to wait until the trial to rule on objections.[85]

To prevent prejudice to the moving party, many judges will instruct counsel to refrain from mentioning the evidence until the motion is ruled upon.[86] This is achieved when the offering attorney believes the foundation for the evidence has been laid, and then approaches the bench and **\*554** requests a decision on the motion in limine.[87] The delayed motion in limine affords the judge the opportunity to examine the evidence as it is being offered and places the subject evidence in context with the trial and with the rules of evidence.[88]

### C. Denying the Motion

The denial of a motion in limine to exclude does not mean that the evidence is admissible.[89] The denial may mean that there were insufficient grounds to exclude prior to the beginning of trial.[90] "Thus, even if a pre-trial motion has been denied, an objection to the same evidence at trial may be sustained."[91] Further, in order to preserve the record for appeal, an objection must be made when the evidence is introduced at trial.[92]

If a motion is denied, it is important for the moving party to seek a clarification from the court as to its reasons for denying the motion in limine.[93] It is not clear whether the pre-trial motion in limine is sufficient to preserve the objection for review.[94] The federal rules of evidence are unambiguous on the answer. Federal Rule of Evidence 103 provides that error may not be predicated on a ruling admitting evidence unless there has been a timely objection or motion to strike.[95] On the other hand, Federal Rules of Evidence 46 and 51, while not literally inconsistent with **\*555** the terms of Rule 103, seem to incline against formality with respect to preserving for appeal an objection to evidence.[96] Some courts have held generally that a motion at trial is unnecessary, while others have found under particular circumstances that a motion in limine is not sufficient to preserve the movant's objection to the evidence.[97] When the motion in limine is denied, the issue is not preserved for appellate review unless the trial judge expressly acquiesces and agrees that the objection does not have to be repeated at trial when the evidence is offered.[98] Thus, when the evidence is offered at trial the moving party should repeat the original objection made in the motion in limine.[99]

### Conclusion

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 8 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

Motions in limine do not replace objections at trial; rather, they are tools to expedite trials and prevent prejudice. It is important to present the motion to the court in a concise and legally supported manner. Whether the motion is granted, delayed, or denied the movant must take all necessary steps to preserve the record for appeal. A failure to preserve *556 the record accurately leaves the motion exposed to reversal, which ultimately permits prejudicial and potentially harmful evidence into the courtroom. Used properly, motions in limine serve a plethora of purposes; however, used improperly, motions in limine are dangerous tools. Understanding how and when to use the motion in limine can shape the outcome of a trial by limiting harmful evidence against one's client and altering opposing counsel's strategy.

Footnotes

| | |
|---|---|
| d1 | B.A. (2001), University of Alabama at Birmingham; M.A. (2003), University of Alabama at Birmingham; J.D. (2008), Indiana University School of Law-Indianapolis. The author is an associate practicing litigation at Sirote & Permutt, P.C. in Birmingham, Alabama. |
| 1 | Black's Law Dictionary 1038 (8th ed. 2004) ("Typically, a party makes [a motion in limine] when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard."). |
| 2 | See Ex parte Houston County, 435 So. 2d 1268, 1271 (Ala. 1983) (stating that "[i]n some cases a motion in limine is a proper vehicle for preventing a jury from hearing prejudicial evidence"). |
| 3 | Bacot v. State, 597 So. 2d 754, 756 (Ala. Crim. App. 1992) (quoting Charles Gamble, McElroy's Alabama Evidence § 426.01 (4th ed. 1991)). |
| 4 | Black's Law Dictionary 803 (8th ed. 2004). |
| 5 | See Thomas A. Mauet, Trial Techniques 447-49 (7th ed. 2007); see also Reeve v. McBrearety, 660 P.2d 75, 77 (Kan. Ct. App. 1983) (stating "[t]he purpose of a motion in limine is to assure all parties a fair and impartial trial by prohibiting inadmissible evidence, prejudicial statements, and improper questions by counsel" (quoting State v. Quick, 597 P.2d 1108, 1112 (Kan. 1979))). It is unnecessary for counsel to make evidentiary pre-trial motions in a bench trial unless the motion is dispositive. John N. Sharifi, *Approaching the Bench: Trial Techniques for Defense Counsel in Criminal Bench Trials*, 28 Am. J. Trial Advoc. 687, 691 (2005). |
| 6 | Oliver v. Hayes Int'l Corp., 456 So. 2d 802, 805 (Ala. Civ. App. 1984). |
| 7 | See Mauet, supra note 5, at 448 (noting pretrial motions, such as a motion in limine, "allow[] the opposing lawyer to make a good record for appellate purposes"). |
| 8 | See Marceaux v. Conoco, Inc., 124 F.3d 730, 733-34 (5th Cir. 1997) (stating, in the Fifth Circuit, a party whose motion in limine has been overruled must renew the objection at trial); Reeve v. McBrearety, 660 P.2d 75, 77 (Kan. Ct. App. 1983) (stating that when a motion in limine is denied, the moving party must object to the evidence at trial to preserve that issue on appeal). |
| 9 | See Allison v. Ticor Title Ins. Co., 979 F.2d 1187, 1200 (7th Cir. 1992) (stating, "the law in this circuit is that an unsuccessful motion in limine does preserve the issue for appeal"); United States v. Wilson, 118 F.3d 228, 238 (4th Cir. 1997) (stating that a renewed objection was not required so long as a motion in limine was clearly "'sought and the trial court has ruled upon it'" (quoting State v. Williams, 81 F.3d 1321, 1325 (4th Cir. 1996))). |
| 10 | Ulloa v. McMillin Real Estate & Mortgage, Inc., 57 Cal. Rptr. 3d 1, 4 (Cal. Ct. App. 2007) (stating "'[a]lthough not expressly authorized by statute, [a motion *in limine*] is recognized in decisions as a proper request which the trial court has inherent power to entertain and grant'" (citation omitted)). |
| 11 | Fed. R. Civ. P. 16(a)(1). |
| 12 | 149 So. 729 (Ala. 1933). |
| 13 | *Bradford*, 149 So. at 730. |
| 14 | *Id.* (citation omitted). |
| 15 | *Id.* |
| 16 | *Id.* |
| 17 | See Oliver v. Hayes Int'l Corp., 456 So. 2d 802, 805 (Ala. Civ. App. 1984) (stating "motion in limine practice is available in Alabama"); see also Ex parte Houston County, 435 So. 2d 1268, 1271 (Ala. 1983) (stating "[i]n some cases a motion in limine is a proper vehicle for preventing a jury from hearing prejudicial evidence"); Acklin v. Bramm, 374 So. 2d 1348, 1349 (Ala. 1979) (stating "[i]n limine practice is available in Alabama, and, in many instances, desirable"); Bacot v. State, 597 So. 2d 754, 756 (Ala. Crim. App. 1992) (noting that "[a] motion in limine is 'a pretrial motion designed ... to forestall the introduction of potentially prejudicial evidence until the court has ruled on its admissibility outside the presence of the jury.'" (citations omitted)). |

Case 2:05-cv-04182-SRD-JCW    Document 20848-2    Filed 05/21/12    Page 9 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

| | |
|---|---|
| 18 | Fed. R. Evid. 403. |
| 19 | *See, e.g., Ex parte* Jackson, 836 So. 2d 979, 985 (Ala. 2002) (noting the motion in limine is also a "proper method by which to prohibit the introduction of irrelevant evidence"). |
| 20 | *See* Steven Lubet, *Objecting*, 16 Am. J. Trial Advoc. 213, 216 (1992); *see also* United States v. Muscato, 534 F. Supp. 969, 980 (E.D. N.Y. 1982); United States v. Cobb, 588 F.2d 607, 611-13 (8th Cir. 1978); United States v. Johnson, 720 F.2d 519, 522(8th Cir. 1983). |
| 21 | Lockett v. Bi-State Transit Auth., 445 N.E.2d 310, 315 (Ill. 1983) (quoting Reidelberger v. Highland Body Shop, Inc., 416 N.E.2d 268, 271 (Ill. 1981)); *see id.* ("Before granting a motion *in limine,* courts must be certain that such action will not unduly restrict the opposing party's presentation of its case. Because of this danger, it is imperative that the *in limine* order be clear and that all parties concerned have an accurate understanding of its limitations." (quoting *Reidelberger*, 416 N.E.2d at 271)). |
| 22 | Lubet, *supra* note 20, at 236. |
| 23 | *See id.* |
| 24 | *See generally* Jeffery F. Ghent, Annotation, *Modern Status of Rules as to Use of Motion in Limine or Similar Preliminary Motion to Secure Exclusion of Prejudicial Evidence or Reference to Prejudicial Matters*, 63 A.L.R.3d 311 (1975). |
| 25 | *See* Lubet, *supra* note 20, at 214-15. |
| 26 | *See* Dempsey v. Phelps, 700 So. 2d 1340, 1349 (Ala. 1997) (noting the plaintiffs motion in limine to exclude expert witness testimony was granted at the trial court level because the defendant did not disclose the names of thirteen doctors he planned to call as witnesses until one week before trial). |
| 27 | See Mauet, *supra* note 5, at 448. |
| 28 | *See* Orbit Elecs., Inc. v. Helm Instrument Co., 855 N.E.2d 91, 97 (Ohio Ct. App. 2006) (stating "[t]he purpose of a motion in limine 'is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial'" (citations omitted)). |
| 29 | *See* Mauet, *supra* note 5, at 448 (stating "a written pretrial motion to preclude testimony ... asks the court to bar evidence the other side will seek to have admitted at trial"). A motion in limine may also be used to obtain an advance ruling that evidence is admissible. With such a ruling, counsel can better formulate a strategy for presenting the evidence in a case. However, the reverse use of the motion in limine is rarely utilized. *Id.* |
| 30 | *Id.* |
| 31 | *See generally* James E. Sullivan & Rosie M. Lipinski, *Recent Trends in Motions in Limine*, 78 Ill. B.J. 244, 245 (1990). |
| 32 | Fed. R. Evid. 103(a)(1). |
| 33 | *See* Robert A. Johnson et al., *How to Try a Case in Order to Effectively Appeal,* 31 N.M. L. Rev. 219, 221-22 (2001) (citing Sylvia H. Walbolt & Susan L. Landy, *Pointers on Preserving the Record*, Litig., Winter 1999, at 31). |
| 34 | *Id.* |
| 35 | *Id.* |
| 36 | *Id.* |
| 37 | *Id.* |
| 38 | *Id.* |
| 39 | *See* 20 Am. Jur. *Trials* 441, §§ 63-65 (2008) (sample forms of such motions). |
| 40 | *See* Cook v. Phila. Transp. Co., 199 A.2d 446, 448 (Pa. 1964) (excluding remarks by witnesses and stating, "it is obvious that the plaintiff could have been irreparably prejudiced by testimony that she came out of a place called the 'Crazy Bar,' especially in view of the fact that the accident occurred about 2 a.m., the bewitching hour many people are willing to believe can be an intoxicating hour when associated with a nocturnal drinking establishment"); Wagner v. Larson, 136 N.W.2d 312, 326 (Iowa 1965) (The court excluded evidence of any past criminal activity, evidence of past marital problems or usage of any form of pension. In doing so, that court stated the "[motion in limine] is a useful tool for preventing immaterial matter from encumbering record, giving court opportunity to rule in advance on admissibility of evidence."). |
| 41 | Neal v. Nimmagadda, 665 N.E.2d 424, 431 (Ill. App. Ct. 1996) (citing Pepper v. Marks, 522 N.E.2d 688, 690 (Ill. 1988)). |
| 42 | 20 Am. Jur. *Trials* 441, § 54. |
| 43 | *See* Johnson et al., *supra* note 33, at 226. |
| 44 | *Id.* |
| 45 | *See* Lubet, *supra* note 20, at 216. |
| 46 | *Id.* at 222. |
| 47 | *Id.* |
| 48 | *Id.* |

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 10 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

| | |
|---|---|
| 49 | Fed. R. Evid. 103(a)(1). The only exception is in the case of "plain error," in which case the appellate court can take notice of egregious errors affecting substantive rights, even if they were not brought to the attention of the trial judge. Fed. R. Evid. 103(d). |
| 50 | Fed. R. Evid. 103(a)(1). |
| 51 | See Lubet, *supra* note 20, at 216 n.3. |
| 52 | See Parks v. State, 587 So. 2d 1012, 1015 (Ala. 1991) (noting that "[a] party who suffers an adverse ruling on a motion in limine can preserve the ruling for post-judgment and appellate review *only* by objecting to the introduction of the proffered evidence and assigning specific grounds at the time of trial"); Phillips v. State, 527 So. 2d 154, 156 (Ala. 1988) (stating that "[t]o be reviewable, error must be preserved by properly invoking adverse rulings by the trial court. An objection to the evidence must be made and grounds stated therefor, or the objection and any error are deemed to have been waived"); Robinson v. Kierce, 513 So. 2d 1005, 1010 (Ala. 1987) (holding "since Robinson did not object to the evidence that he sought to exclude when it was proffered and did not obtain an express acquiescence by the trial court that such objections were not necessary, error, if any, in denying the motion is waived"); Liberty Nat'l Life Ins. Co. v. Beasley By & Through Beasley, 466 So. 2d 935, 936 (Ala. 1985) (holding "that an appellant who suffers an adverse ruling on a **motion** to **exclude evidence** ... pre-serves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence ... and assigns specific grounds therefor at the time of trial"); Odom v. Schofield, 480 So. 2d 1217, 1218 (Ala. 1985) (stating "that a movant who receives an adverse ruling on a **motion** to **exclude evidence**, made *in limine*, preserves the adverse ruling for post-judgment and appellate review *only* if he objects to the introduction of the evidence when it is offered at trial, *and* if he assigns specific grounds for the objection"); *cf.* Bacot v. State, 597 So. 2d 754, 756 (Ala. Crim. App. 1992) (noting a ruling on a pretrial motion to suppress evidence is a final ruling). |
| 53 | Phillips v. State, 527 So. 2d 154, 156 (Ala. 1988). |
| 54 | See Allison v. Ticor Title Ins. Co., 979 F.2d 1187, 1200 (7th Cir. 1992) (stating that "the law in this circuit is that an unsuccessful motion in limine does preserve the issue for appeal"); United States v. Wilson, 118 F.3d 228, 238 (4th Cir. 1997) (stating that a renewed objection was not required so long as a motion in limine was clearly "sought and the trial court has ruled upon it"). |
| 55 | See Marceaux v. Conoco, Inc., 124 F.3d 730, 733-34 (5th Cir. 1997) (stating, that a party whose motion in limine has been overruled must renew the objection at trial); Reeve v. McBrearety, 660 P.2d 75, 77 (Kan. Ct. App. 1983) (stating that when a motion in limine is denied, the moving party must object to the evidence at trial to preserve that issue on appeal). |
| 56 | Jefferson County v. S. Nat. Gas Co., 621 So. 2d 1282, 1288 (Ala. 1993); Works By & Through Works v. Allstate Indem. Co., 594 So. 2d 60, 63 (Ala. 1992); Zasadil v. City of Montgomery, 594 So. 2d 231, 232 (Ala. Crim. App. 1991); Primm v. State, 473 So. 2d 1149, 1158 (Ala. Crim. App. 1985). |
| 57 | Darwin Dobbs Co. v. Wesson, 714 So. 2d 989, 992 (Ala. Civ. App. 1997). |
| 58 | Perry v. Brakefield, 534 So. 2d 602, 606 (Ala. 1988). |
| 59 | 20 Am. Jur. *Trials* 441, § 2. |
| 60 | *Id.* |
| 61 | *Id.* |
| 62 | See *id.* (stating the purpose of a motion in limine "is to obtain an order in effect enjoining an opponent from using or mentioning certain prejudicial evidence before the jury"). |
| 63 | See Lubet, *supra* note 20, at 216 (noting a "court might grant only a partial motion in limine. The court may exclude some, although not all, of the subject evidence, or may enter an order limiting the use of the evidence"). |
| 64 | See *id.* |
| 65 | Burks v. State, 838 N.E.2d 510, 517 n.6 (Ind. Ct. App. 2005) (stating that "a favorable ruling on a motion in limine does not serve as the ultimate determination on the admissibility" of certain evidence); State v. Sowers, 763 So. 2d 394, 398 (Fla. Dist. Ct. App. 2000) (explaining that "granting a pretrial motion in line is a nonfinal order"); *see also* State v. Edwards, 837 N.E.2d 752, 757-58 (Ohio 2005); People v. Bennett, 769 N.E.2d 117, 127 (Ill. App. Ct. 2002); Ely v. Nat'l Super Mkts., Inc., 500 N.E.2d 120, 126 (Ill. App. Ct. 1986). |
| 66 | Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) (finding that "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of the trial"); Ely v. Nat'l Super Mkts., Inc., 500 N.E.2d 120, 126 (Ill. App. Ct. 1986). |
| 67 | See Parks v. State, 587 So. 2d 1012, 1015 (Ala. 1991) (citing White v. State, 527 So. 2d 1349, 1350 (Ala. Crim. App. 1988)); Eslava v. State, 473 So. 2d 1143, 1148 (Ala. Crim. App. 1985); Neal v. State, 460 So. 2d 257, 261 (Ala. Crim. App. 1984). |

Case 2:05-cv-04182-SRD-JCW Document 20848-2 Filed 05/21/12 Page 11 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

| | |
|---|---|
| 68 | Lubet, *supra* note 20, at 217; *see* Sullivan, *supra* note 31, at 247. Furthermore,[a]n order in limine merely presents an issue of admissibility of evidence which is likely to arise at trial, in a pretrial setting. As such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Because the order limits the jury's access to certain evidence, the in limine order is a powerful and potentially dangerous weapon. Courts must be certain that the order be specific to preclude introduction of the inadmissible evidence while not restricting the opposing party's presentation of its case. Any correction or interpretation of the order should be made by the trial court to accommodate these competing interests.Beasley v. Huffman Mfg. Co., 422 N.E.2d 241 (Ill. App. Ct. 1981) (citations omitted). |
| 69 | Reidelberger v. Highland Body Shop, Inc., 416 N.E.2d 268, 271 (Ill. 1981). |
| 70 | Iowa Nat'l Mut. Ins. Co. v. Worthy, 447 So. 2d 998, 1000 (Fla. Dist. Ct. App. 1984). |
| 71 | Mack v. First Sec. Bank of Chicago, 51 l N.E.2d 714, 718-19 (Ill. App. Ct. 1987). |
| 72 | Bellardini v. Krikorian, 537 A.2d 700, 704 (N.J. Super. Ct. App. Div. 1988); *see also* Fatica v. Super. Ct., 120 Cal. Rptr. 2d 904, 906 (Cal. Ct. App. 2002) (stating that "[w]hile motions in limine are commonly used tools of trial advocacy, they must not be misused"). |
| 73 | *Ex parte* Sysco Food Servs. of Jackson, LLC, 901 So. 2d 671, 674-75 (Ala. 2004). |
| 74 | 901 So. 2d 671, 672-73 (Ala. 2004). |
| 75 | *Sysco*, 901 So. 2d at 674. |
| 76 | *Id.* at 672. |
| 77 | *Id.* at 674-75. |
| 78 | *See* State v. Smith, 65 P.2d 1075, 1078-79 (Wash. 1937) (holding a trial judge's admission of certain prejudicial testimony after he had granted a preliminary motion directing the prosecutor to refrain from eliciting it is reversible error); Seay v. Urban Med. Hosp., Inc., 323 S.E.2d 190, 192 (Ga. Ct. App. 1984) (finding reversible error in a medical malpractice action where admission of evidence of the amount recovered by the patient for original neck injury against the driver who collided with her was excluded by the court's ruling on a motion in limine, but was later introduced by defense counsel). |
| 79 | Lubet, *supra* note 20, at 229-31. |
| 80 | *Id.*; *see* Lapasinskas v. Quick, 170 N.W.2d 318, 319-20 (Mich. Ct. App. 1969) (finding the trial judge committed reversible error by permitting the violation of an exclusionary ruling made pursuant to a preliminary motion to secure the exclusion of anticipated prejudicial matter, even though the trial judge had instructed the jury to disregard the prejudicial matter). |
| 81 | Lubet, *supra* note 20, at 217. |
| 82 | *Id.* |
| 83 | *Id.* |
| 84 | *Id.* |
| 85 | *Id.*; *see* Koch v. Koch Indus., Inc., 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998) (citing Cipollone v. Liggett Group, Inc., 644 F. Supp. 283, 286 (D. N.J. 1986)). |
| 86 | Lubet, *supra* note 20, at 217. |
| 87 | *Id.* |
| 88 | *Id.* |
| 89 | *Id.*; *see* Lussier v. Mau-Van Dev., Inc., 667 P.2d 804, 826 (Haw. 1983). |
| 90 | Lubet, *supra* note 20, at 217. |
| 91 | *Id.* |
| 92 | *Ex parte* McNabb, 887 So. 2d 998, 1002 (Ala. 2004). |
| 93 | Lubet, *supra* note 20, at 217; *see* State v. Merrill, 566 N.W.2d 742, 746-47 (Neb. 1997). |
| 94 | *Compare* United States v. Muscato, 534 F. Supp. 969, 979-80 (E.D. N.Y. 1982) (holding that a party, whose pretrial **motion** to **exclude evidence** was denied and who later introduced the disputed evidence at trial, waived or would waive any objection to that evidence), *with* Werner v. Upjohn Co., 628 F.2d 848, 853 (4th Cir. 1980) (holding that a pretrial **motion** to **exclude evidence** was sufficient to preserve the issue of the admissibility of the evidence for review). |
| 95 | Fed. R. Evid. 103(a)(1). |
| 96 | *Compare* Fed. R. Evid. 103, *with* Fed. R. Evid. 46, *and* Fed. R. Evid. 51. |
| 97 | *See* Colleen R. Courtade, *Sufficiency in Federal Court of Motion in Limine to Preserve for Appeal Objection to Evidence Absent Contemporary Objection at Trial*, 76 A.L.R. Fed. 619 (1986); Johnson et al., *supra* note 33, at 220. |

Case 2:05-cv-04182-SRD-JCW   Document 20848-2   Filed 05/21/12   Page 12 of 12

TO ARGUE IS HUMAN, TO EXCLUDE, DIVINE: THE..., 32 Am. J. Trial Advoc....

98  McCarthy v. State, 749 N.E.2d 528, 537 (Ind. 2001) (stating "that a party may not assert on appeal a claim of trial court error in the overruling of a motion in limine seeking the exclusion of evidence unless the party objected to the evidence at the time it was offered"). "The motion in limine, in and of itself, preserves nothing for appeal," and the trial court's denial of a defendant's motion in limine is insufficient to preserve for appeal the question of the admissibility of the challenged evidence. State v. McCullum, 63 S.W.3d 242, 259-60 (Mo. Ct. App. 2001); *see* State v. Stokes, 528 S.E.2d 430, 434 (S.C. Ct. App. 2000) (stating that "merely raising an argument in *limine* does not preserve the issue for appellate review"). If the trial judge denies the motion and admits the questionable evidence, the party who made the motion in limine ordinarily must object at the time the evidence is actually offered to preserve her objection for appellate review, because a motion in limine is not the equivalent of a continuing, a standing, or a contemporaneous objection. State v. McNeil, 518 S.E.2d 486, 501 (N.C. 1999) (stating that "the trial court's denial of [a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of the challenged evidence").

99  Stamp v. Jackson, 887 So. 2d 274, 279 (Ala. Civ. App. 2003) (quoting Liberty Nat'l Life Ins. Co. v. Beasley, 466 So. 2d 935, 936 (Ala. 1985)).

**End of Document**                                                                 © 2012 Thomson Reuters. No claim to original U.S. Government Works.