# EXHIBIT 24

**KARL SCHNEIDER**                                               **April 16, 2012**

---

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE:
KATRINA CANAL BREACHES        CIVIL ACTION
CONSOLIDATED LITIGATION       NO. 05-4182 "K"(2)

PERTAINS TO: MRGO        JUDGE DUVAL
Armstrong, No. 10-866    MAG. WILKINSON


    Deposition of KARL G. SCHNEIDER,
Madsen, Kneppers & Associates, Inc., Suite 370,
3300 Irvine Avenue, Newport Beach, California
92660-3113, given at the offices of BRUNO &
BRUNO, L.L.P., 855 Baronne Street, New Orleans,
Louisiana 70113, on Monday, April the 16th,
2012, at 9:00 a.m.

---

Page 3

1    APPEARANCES CONTINUED:
2
3
4    REPRESENTING WASHINGTON GROUP INTERNATIONAL,
5    INC.:
6
7        STONE PIGMAN WALTHER WITTMANN, L.L.C.
8        (BY:  JAMES C. GULOTTA, JR., ESQ.
9        And AGNIESZKA A. McPEAK, ESQ.)
10       546 Carondelet Street
11       New Orleans, Louisiana 70130
12       504-581-3200
13
14
15    REPORTED BY:
16
17       MARY E. NELSON, CCR
18       Certified Court Reporter
19
20
21
22
23
24
25

---

Page 2

1    APPEARANCES:
2
3
4    REPRESENTING THE PLAINTIFFS:
5
6        DeGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE,
7        LLP
8        (BY:  JOSHUA M. PALMINTIER, ESQ.)
9        618 Main Street
10       Baton Rouge, Louisiana  70801-1910
11       225-344-3735
12
13
14    REPRESENTING THE UNITED STATES OF AMERICA:
15
16       U.S. DEPARTMENT OF JUSTICE
17       (BY:  JAMES F. McCONNON, JR., ESQ.)
18       Torts Branch, Civil Division
19       Post Office Box 888
20       Benjamin Franklin Station
21       Washington, D.C.  20044
22       202-353-2604
23
24
25

---

Page 4

1         E X A M I N A T I O N   I N D E X
2
3    EXAMINATION BY:                    PAGE
4
5    Mr. Palmintier              12
6    Mr. Gulotta                 249
7    Mr. Palmintier              254
8
9         E X H I B I T   I N D E X
10
11   EXHIBIT NO.                   PAGE
12
13   WGI 1                    8
14   WGI 2                    8
15   WGI 3                    9
16   WGI 4                    9
17   WGI 5                    10
18   Schneider 1              43
19   Schneider 2              43
20   Schneider 3              152
21   Schneider 4              176
22   Schneider 5              207
23   Schneider 6              226
24   Schneider 7              237
25

---

                                1 (Pages 1 to 4)

**KARL SCHNEIDER**                                              **April 16, 2012**

---

Page 69

```
 1        reports, depositions, all
 2        documentation for each one of the
 3        individual files and sat down and
 4        reviewed everything and got a feel for
 5        what Katrina was all about.
 6   BY MR. PALMINTIER:
 7        Q.   You were asked to create a report
 8   based on the claimants in this case regarding
 9   their loss of contents and their additional
10   living expenses.  Is that correct?
11        A.   Correct.
12        Q.   And in evaluating the claim, you
13   reviewed certain materials.  Is that correct?
14        A.   Correct.
15        Q.   One of the materials, the first one
16   you mentioned, I believe, in this deposition it
17   was the first one you mentioned, was the Scott
18   Taylor report and, like I said, specifically as
19   they related to contents and additional living
20   expenses.  Is that correct?
21        A.   Correct.
22        Q.   Okay.  In addition you reviewed
23   depositions of the homeowners.  Is that
24   correct?
25        A.   I believe so, correct.
```

Page 70

```
 1        Q.   Did you also review or read the
 2   depositions of other people other than the
 3   homeowners?
 4        A.   I would say yes.
 5        Q.   What depositions did you read other
 6   than those of the homeowners?
 7        A.   Scott Taylor's.
 8        Q.   Did you read John Crawford's
 9   deposition?
10        A.   I don't recall.
11        Q.   You read through the homeowners'
12   depositions for what purpose?
13        A.   To find and locate information
14   relative to contents, claims, ownership,
15   location if it was discussed, location
16   referring to specific areas in the home, value
17   if an item was discussed for value purposes,
18   any compensation they may have received for
19   items claimed damaged or claims that may have
20   been made for wind and rain versus flood.
21        Q.   Did you make a determination on
22   whether certain items were affected by wind and
23   rain as opposed to affected by flood?
24        A.   No.
25        Q.   But you reviewed certain documents
```

Page 71

```
 1   that you felt were relevant because they made a
 2   distinction between wind and rain, that which
 3   was affected by wind and rain and that which
 4   was affected by flood?
 5        A.   In response to that, I would say that
 6   that's not the only reason I was looking at the
 7   documents.  That's information that's available
 8   in the documents that I noted.
 9        Q.   Can you tell me -- Give me a list of
10   those documents.  When I say those documents, I
11   mean those documents that you reviewed for
12   purposes of coming to your, reaching your
13   opinion as to contents and additional living
14   expenses.  That would be other than the Scott
15   Taylor report and the depositions of the
16   homeowners and possibly other depositions.
17        A.   Insurance company files.
18        Q.   Anything else?
19        A.   I believe that would be it.  Well,
20   no.
21        Q.   And I'm really not trying to trick
22   you up.  Did you read --
23             MR. GULOTTA:
24             Let me object.  You're asking him
25        obviously from his memory today as to
```

Page 72

```
 1        what he reviewed for his engagement.
 2        Is that correct?
 3             MR. PALMINTIER:
 4             That is correct.  When you say
 5        this engagement, I'm talking about in
 6        preparation for the creation of his
 7        reports.
 8   BY MR. PALMINTIER:
 9        Q.   So what materials did you rely on?
10   And you can reference --
11        A.   May I reference --
12        Q.   Absolutely.
13        A.   In my Armstrong report dated November
14   14th, 2011, on Page 2 of 13, the caption
15   Documentation, documents available for my
16   review, the Denson Engineering Report.  Do you
17   want dates?
18             The revised loss report from
19   Scott Taylor Adjusting Service, deposition and
20   exhibits of Kenneth Armstrong, deposition and
21   exhibits of Jeannine Armstrong, final report by
22   Scott Taylor, flood damage assessment by
23   Crawford Engineering, Liberty Mutual claim,
24   Allstate Insurance flood claim, and Road Home
25   file.
```

**JOHNS, PENDLETON, FAIRBANKS & FREESE**                **504 219-1993**

**KARL SCHNEIDER**                                                          **April 16, 2012**

Page 257

```
 1
 2
 3
 4
 5              WITNESS' CERTIFICATE
 6
 7         I, KARL G. SCHNEIDER, do hereby
 8    certify that the foregoing testimony was given
 9    by me, and that the transcription of said
10    testimony, with corrections and/or changes, if
11    any, is true and correct as given by me on the
12    aforementioned date.
13
14    _____      _____
15    DATE SIGNED              KARL G. SCHNEIDER
16
17
18
19
20
21    DATE TAKEN:  April 16, 2012
22
23
24
25
```

Page 258

```
 1         REPORTER'S CERTIFICATE
 2
 3         I, MARY E. NELSON, CCR, CERTIFIED
 4    COURT REPORTER in and for the State of
 5    Louisiana, do hereby certify that the
 6    aforementioned witness, after having been first
 7    duly sworn by me to testify to the truth, did
 8    testify as hereinabove set forth.
 9         That said deposition was taken by me
10    in computer shorthand and thereafter
11    transcribed under my supervision, and is a true
12    and correct transcription to the best of my
13    ability and understanding.
14         I further certify that I am not of
15    counsel, nor related to counsel or the parties
16    hereto, and am in no way interested in the
17    result of said cause.
18
19
20
21
22    _____
23    MARY E. NELSON, CCR
      CERTIFIED COURT REPORTER
24
25
```

**JOHNS, PENDLETON, FAIRBANKS & FREESE**                    **504 219-1993**