# EXHIBIT 45

## Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES   CIVIL ACTION
CONSOLIDATED LITIGATION
              NO. 05-4182
                  "K" (2)
PERTAINS TO: MRGO           JUDGE DUVAL
FILED IN: 05-4181, 05-4182,   MAG. WILKINSON
05-5237, 05-6073, 05-6314,
05-6324, 05-6327, 05-6359,
06-0225, 06-0886, 06-1885,
06-2152, 06-2278, 06-2287,
06-2824, 06-4024, 06-4065,
06-4066, 06-4389, 06-4634,
06-4931, 06-5032, 06-5155,
06-5159, 06-5161, 06-5162,
06-5260, 06-5771, 06-5786,
06-5937, 07-0206, 07-0621,
07-1073, 07-1271, 07-1285

                DEPOSITION OF
                CHAD A. MORRIS,
545 Shady Lake Parkway, Baton Rouge, Louisiana
70810, taken in the offices of Stone, Pigman,
Walther, Wittmann, 546 Carondelet Street, New
Orleans, Louisiana 70113, on Friday, March 9,
2012.

## Page 2

1  APPEARANCES:
2  DOMENGEAUX, WRIGHT, ROY & EDWARDS
     (BY: ELWOOD C. STEVENS, JR., ESQ.)
3    556 Jefferson Street
     Suite 500
4    Lafayette, Louisiana 70501
         FOR THE PLAINTIFFS
5
6
     STONE PIGMAN WALTHER WITTMANN
7    (BY:  WILLIAM D. TREEBY, ESQ.
           HEATHER LONIAN, ESQ.)
8    546 Carondelet Street
     New Orleans, Louisiana  70130-3588
9        AND
     JONES DAY
10   (BY: DEBRA S. CLAYMAN, ESQ.
         ADRIAN WAGER-ZITO, ESQ.)
11   51 Louisiana Avenue N.W.
     Washington, D.C. 20001-2113
12       ATTORNEYS FOR WASHINGTON GROUP
             INTERNATIONAL, INC.
13
14   UNITED STATES DEPARTMENT OF JUSTICE
     (BY: CONOR KELLS, ESQ.
15       RUPERT MITSCH, ESQ.)
     Torts Branch, Civil Division
16   Post Office Box 888
     Ben Franklin Station
17   Washington, D.C. 20044
         ATTORNEY FOR UNITED STATES OF
18       AMERICA
19
20  REPORTED BY:  ROGER D. JOHNS, RMR, CRR, CSR
           Certified Court Reporter,
21         State of Louisiana
22
23
24
25

## Page 3

1        S T I P U L A T I O N
2
3       It is stipulated and agreed by and between
4  counsel for the parties hereto
5  that the deposition of the aforementioned
6  witness is hereby being taken under the
7  Federal Rules of Civil Procedure, for all
8  purposes, in accordance with law;
9       That the formalities of reading and
10 signing are specifically not waived;
11      That the formalities of certification and
12 filing are specifically waived;
13      That all objections, save those as to the
14 form of the question and the responsiveness of
15 the answer, are hereby reserved until such
16 time as this deposition, or any part thereof,
17 may be used or sought to be used in evidence.
18
19          * * * *
20
21      ROGER D. JOHNS, RDR, CRR, Certified Court
22 Reporter for the State of Louisiana,
23 officiated in administering the oath to the
24 witness.
25

## Page 4

1             I N D E X
2                        PAGE
   Exhibit Number 1........................... 8
3  Exhibit Number 2.......................... 44
   Exhibit 3................... 86
4  Exhibit 4................... 87
   Morris Number 5........................... 139
5  Bates number WGI-057610.................. 143
   Exhibit Number 6.......................... 157
6  Exhibit 7................... 175
   WGI-006447............................... 175
7  Exhibit Number 8......................... 187
   Exhibit Number 9...(Exhibit not attached)
8  (Washington Charbonnet elevation)......... 200
9
10 EXAMINATION BY MS. CLAYMAN: ............... 5
   EXAMINATION BY MR. KELLS: ............... 201
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 193

1          Figure 5 on page 9.  Okay.
2          THE WITNESS:
3          Yes.
4    EXAMINATION BY MS. CLAYMAN:
5       Q.  I think this is a photograph -- this
6    is a photograph we saw earlier in your report
7    and I just wanted to ask you about the area
8    immediately adjacent to where it says
9    "Break".
10      A.  Uh-huh (affirmatively).
11      Q.  And for the record, this is an
12   aerial photograph dated 9/2/2005, which has
13   overlays of Washington Group's work areas.
14   Have you seen any evidence in the photographs,
15   the materials you looked at that there were
16   any excavations immediately adjacent to and to
17   the west of where it says "Break" in this
18   photograph?
19      A.  I guess you have to qualify what
20   "immediate" means in terms of the -- what
21   distance does "immediate" mean.
22      Q.  Let's say within 25 feet?
23      A.  Based on the photographs, I don't
24   think I have seen any extensive excavations
25   within 25 feet there of the extensive --

Page 194

1    extensive even excavations I saw were more
2    out, where you can see the shoreline came in
3    substantially towards the breach.
4       Q.  Okay.  Do you recall seeing any
5    within 50 feet of where it says "Break"?
6       A.  Again, the exact location of every
7    excavation is not something I can clearly
8    ascertain from the data that we have been
9    provided.  And the aerial photographs, we've
10   got four different dates over many years.  A
11   hole could be dug and closed and filled in
12   certainly without being able to see it in one
13   of these three or four dates on the aerial
14   photographs.  I don't think they're the proper
15   tool for that.
16      Q.  Okay.
17      A.  The only ones that kind of remained,
18   or you could see from the aerial photographs
19   where they drastically changed the bank line
20   are which, you know, happened immediately
21   across from the north breach.
22      Q.  Okay.  And I just have the same
23   question for you, the same report on page 22,
24   figure 23 relating to the south breach, --
25      A.  I guess it's the same answer.

Page 195

1       Q.  -- which is dated September 2, 2005
2    and I wanted to know if you recall seeing any
3    photographs in Washington's files documenting
4    an excavation greater than 5 feet within 25
5    feet of the breach.
6       A.  I can't pin down where exactly
7    excavations are.
8       Q.  Okay.
9       A.  All I have done is what I have, I
10   think said more than a few times so far, is
11   document the types of activities that
12   happened, show where they had planned
13   construction activities.  I can't say how deep
14   they dug in any location.  I mean I know that
15   they did some trenching in some areas.
16   Exactly how deep and whether or not it got to
17   within 25 feet, whether or not there were
18   underground piles and all of those types of
19   things, I simply was not able to gather that
20   information that would allow me to pinpoint
21   exactly where each excavation was.
22      Q.  Okay.  I just want to ask you a
23   couple of more questions about your
24   interactions with Dr. Bea.  Earlier in the
25   deposition you mentioned that Dr. Bea had

Page 196

1    given you instructions as to what to look for
2    and to provide him when you were looking
3    through these photos.  Can you give me a
4    detailed -- can you detail more me on the
5    record again exactly what he told you to look
6    for in these photographs?
7       A.  Well, as I mentioned, the gist of
8    the case is that excavations happened, a bunch
9    of construction work was done, and that I
10   believe every one degrees, especially at the
11   north breach, that the wall went down before
12   it was overtopped and there's some indication
13   that groundwater seepage may have contributed
14   to that and we were looking for excavations
15   and anything -- and pile removals, anything
16   that would be evidence that would lead to how
17   the water could be connected with the marshy
18   layers where there could be conductivity.
19   That was what he asked me to look for.
20      Q.  When did he ask you to do that?
21      A.  During Robinson.  And the time frame
22   -- before this report was made that you just
23   gave me.  What's the date on this thing?
24      MR. STEVENS:
25      The report you co-authored with

Page 209

1   Q.  I don't want to summarize anything
2   for you.
3       MR. STEVENS:
4       No, I appreciate the work.  I
5       just object to the admissibility.
6   EXAMINATION BY MR. KELLS:
7   Q.  Would it be fair for me to say that
8   this report, this Exhibit 2 that you have
9   looked at, is the sum and substance of all the
10  opinions and conclusions that you have been
11  asked to provide as part of the Armstrong
12  case?
13  A.  To date, yes.
14  Q.  So you have not been asked to do
15  anything else to date as of the date of this
16  deposition?
17  A.  Other than that additional
18  Washington property, no.
19  Q.  You have not been asked to put any
20  additional exhibits in here to explain your
21  testimony in any way?
22  A.  No.
23      MR. KELLS:
24      I don't think I have anything
25      further to ask.

Page 210

1       MS. CLAYMAN:
2       I'm done.
3       MR. STEVENS:
4       Okay.  Well, I have no questions
5       at this time.  Thank you very much.
6           *   *   *

Page 211

1
2                WITNESS'S CERTIFICATE
3
4       I, CHAD A. MORRIS, read or have had
5   the preceding testimony read to me, and hereby
6   certify that it is a true and correct
7   transcription of my testimony, with the
8   exception of any attached corrections or
9   changes.
10
11
               _____
12               (Witness' Signature)
13  _____
    DATE SIGNED
14
15  DEPONENT PLEASE INITIAL ONE:
16
    _____  Read with no corrections
17
18  _____  Read and correction sheet attached
19
20
    DATE TAKEN:  MARCH 9, 2012
21

Page 212

1
2                REPORTER'S CERTIFICATE
3
4       I, ROGER D. JOHNS, RMR, RDR, CRR,
5   Certified Court Reporter, do hereby certify
6   that the above-named witness, after having
7   been first duly sworn by me to testify to the
8   truth, did testify as hereinabove set forth;
9   that the testimony was reported by me in
10  shorthand and transcribed under my personal
11  direction and supervision, and is a true and
12  correct transcript, to the best of my ability
13  and understanding; that I am not of counsel,
14  not related to counsel or the parties hereto,
15  and not in any way interested in the outcome
16  of this matter.
17
18
19
20              ROGER D. JOHNS
21         CERTIFIED COURT REPORTER
22             STATE OF LOUISIANA