UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * |
| PERTAINS TO: MRGO <br> *Armstrong, No.* 10-866 | * SECTION "K" (2) <br> * <br> * <br> * JUDGE DUVAL <br> * <br> * MAGISTRATE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### EVIDENCE SUPPORTING WGI'S MOTION TO JOIN JIMMIE LEE COATS, SR.'S CHILDREN AS NECESSARY PARTIES

NOW INTO COURT, comes Washington Group International, Inc. ("WGI") to present evidence to the Court in accordance with the Order issued on April 13, 2012 (Doc. 20787).

WGI submits the following evidence in support of its contentions that the property located at 1020-1022 Charbonnet was community property, no succession has been opened or will has been probated for the estate of Jimmie Lee Coats, Sr. in Orleans Parish, title to the Charbonnet residence was not transferred prior to the death of Ethel Mae Coats, and at least three children survive Jimmie Lee Coats, Sr.

In support of its contention that the property located at 1020-1022 Charbonnet was community property, WGI attaches hereto as Exhibit A a certified copy of the title to 1020-1022 Charbonnet Street, New Orleans, Louisiana, dated May 18, 1994, evidencing that the property was purchased during the community of Jimmie Coats, Sr. and Ethel Mae Coats. Under Louisiana Civil Code article 2430, "[t]hings in the possession of a spouse during the existence of

- 2 -

a regime of community of acquets and gains are presumed to be community…."

In Louisiana, "[a] proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death."  La. Code Civ. Proc. art. 2811.  In support of its contention that no will has been probated for the estate of Jimmie Lee Coats, Sr. in Orleans Parish, WGI attaches hereto as Exhibit B correspondence from the Orleans Parish Clerk of Court certifying the absence of a Succession for Jimmie Lee Coats, Sr. in the public records of Orleans Parish, as of June 7, 2012.  "The absence of a record of an event which would ordinarily be recorded gives rise to a legitimate negative inference that the event did not occur."  *United States v. Robinson*, 544 F.2d 110, 114 (2d Cir. 1976).

Additionally, WGI attaches as Exhibit C a certified copy of the title search performed by Statewide Abstracting Services, LLC related to the property located at 1020-1022 Charbonnet Street.  Pursuant to Art. 871 of the Civil Code, "Succession is the transmission of the estate of the decedent to the deceased to his successors.  The successors thus have the right to take possession of the estate of the deceased after complying with applicable provisions of law."  As the Comments to Art. 871 state, "[s]uccession means the process by which heirs and legatees succeed to the property of the deceased."  Had a court issued a judgment of possession related to the Charbonnet residence, that judgment should have been filed with the Orleans Parish conveyance office.  Further, had a court issued a judgment of possession, the judgment should have been filed with the Orleans Parish assessor's office within 15 days of its issuance.  *See* La. R.S. 9:1425.  The title search indicates that as of August 18, 2011, the Charbonnet residence was not transferred to Ethel Mae Coats in full ownership and that no title to the Charbonnet residence was transferred prior to her death.

In support of its contention that Jimmie Lee Coats, Sr. has surviving children,

WGI attaches hereto as Exhibit D an affidavit by Jimmie Lee Coats, Jr., evidencing that he is the son of Jimmie Lee Coats, Sr.  He further states that Mr. Coats is also survived by a daughter, Danielle Coats, and another son, James Taylor, who are both still living.  He further states that he is unaware of the opening of a succession for his father or any probate of his father's estate.  Under Louisiana law, the children of the decedent inherit the naked ownership of the decedent's portion of the community property, subject to a usufruct of the surviving spouse.  La. Civ. Code arts. 888, 890.  At Ms. Coats' death, Mr. Coats' portion of the community property would have devolved in full ownership to his children.  La. Civ. Code art. 890.

WGI prays that the Court find the submitted evidence sufficient proof that Jimmie Lee Coats, Jr., Danielle Coats, and James Taylor are necessary parties to this litigation and order that they be joined as parties.

Dated: June 12, 2012                                     Respectfully submitted,

*/s/ William D. Treeby*
William D. Treeby, 12901
James C. Gulotta, Jr., 6594
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361
    and
Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Attorneys for Washington Group
    International, Inc.*

1095616v.1

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Evidence Supporting WGI's Motion to Join Jimmie Lee Coats, Sr.'s Children As Necessary Parties has been served upon all counsel of record through the Court's CM/ECF electronic filing system, this 12th day of June, 2012.

*/s/ William D. Treeby*

- 4 -

1095616v.1