UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES     CIVIL ACTION
          CONSOLIDATED LITIGATION

                                                                                        NO. 05-4182

PERTAINS TO:     MRGO                                SECTION "K"(2)
                         *Armstrong,* C.A. NO. 10-866

## AMENDED ORDER

It having come to the Court's attention that there was a typographical error in its order of June 14, 2012 (Doc. 20878) with respect to whether Dr. Bea's Rebuttal Report could also be considered a Supplemental Report and, if so, its timeliness,

**IT IS ORDERED** that the Order be **AMENDED** as follows:

The Court has reviewed the United States' Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Doc. 20759) and Washington Group International, Inc.'s Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Doc. 20764). The Court has also reviewed the Opposition to Defendant's Motions to Dr. Robert Bea's Rebuttal Report filed by the plaintiffs (Doc. 20794). Additionally, the Court has made a summary review of Dr. Bea's Expert Report of February 1, 2012 and his Rebuttal Report of April 3, 2012, as well as the Expert Report of Francisco Silva-Tulla of March 12, 2012 and the Expert Report of Dr. W. Allen Marr of March 12, 2012 with errata corrected April 5, 2012.

Based thereon and the Court's appreciation of these materials,

**IT IS ORDERED** that the Court shall entertain oral argument on United States' Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Doc. 20759) and Washington Group International, Inc.'s Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Doc. 20764).

on **June 28, 2012 at 10:00 a.m.**  The parties should be prepared to discuss the following at oral argument:

1. Whether in a rebuttal report, an expert may buttress or bolster his original report.

2. Whether Dr. Bea's Rebuttal Report could also be considered a Supplemental Report pursuant to Fed. R. Civ. P. 26(e)(2) and, if so, whether it is timely under Fed. R. Civ.P. 26(a)(3). The Court is aware that the various scheduling orders in this proceeding are silent as to supplement reports.

3. Plaintiffs shall incisively point out the areas in the defendants' expert reports ostensibly being rebutted by the first 53 pages of Dr. Bea's report.

4. The defendants shall incisively discuss why the "Swiss cheese" demonstratives, the information on steady flow, and the standard of care are unduly prejudicial and why a deposition of Dr. Bea before trial on these issues is not feasible and sufficient to remedy any undue prejudice.

Plaintiffs and defendants shall each collectively will be allowed one (1) hour for oral argument.  The defendants may use up to 20 minutes of that time for a rebuttal argument.  The plaintiffs shall have no rebuttal.  The parties may, of course, discuss any other salient issues within the time frame set forth herein.

New Orleans, Louisiana, this 15th day of June, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE