UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 |
| | * | "K" (2) |
| PERTAINS TO: INSURANCE FORCED PLACE Specific Case Nos.: 09-1613, 09-2580, 09-2602, 09-2606 and 09-2608 | * * * | JUDGE DUVAL |
| | * | MAGISTRATE -JUDGE: |
| ************************************** | * | WILKINSON |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

This Motion to Dismiss is filed by Balboa, Meritplan, and Newport Insurance Companies ("Insurer Defendants") named in the Forced-Placed Insurance Umbrella litigation before this Court ("FPI Umbrella"). This Honorable Court has previously dismissed identical claims against these same three Insurer Defendants involving the same two single interest lender placed insurance policies at issue in this dispositive motion.[1] The Court should dismiss the five above-captioned individual FPI Umbrella lawsuits[2] for the same reasons the Court previously ruled in the Insurer Defendants' favor.

The plaintiffs cannot recover against these Insurer Defendants under the theories of liability asserted, because the plaintiffs: do not have a contract of insurance with the Insurer

---

[1]   *See,* Order and Reasons dated April 1, 2010, and Judgment dated April 16, 2010. [Doc. Nos. 19694 and 19730]. The Order and Reasons and the Judgment are attached hereto as Exhibits A and B.

[2]   The five captioned lawsuits and the plaintiffs subject to this Motion to Dismiss are:

| 1. | 09-1613 | Dana Gilmore |
|---|---|---|
| 2. | 09-2580 | Yolanda Temple-Esco |
| 3. | 09-2602 | Ada Duplessis |
| 4. | 09-2606 | Cheryl Mitchum |
| 5. | 09-2608 | Georgia & Troy Musachia |

1004313.1

-1-

Defendants; have no standing to recover damages under the two subject single interest lender-placed policies; and are not third-party beneficiaries under the two insurance policies.

Without the requisite standing, plaintiffs can not assert claims against these Insurer Defendants for breach of contract, violations of La. R. S. 22:658, 22:658.2, and 22:1220, including claims for bad faith, or any other cause of action contained within any of the five above-captioned complaints. Accordingly, this Court should dismiss the five captioned FPI Umbrella cases in their entirety, with prejudice.

The FPI Plaintiffs are property owners whose mortgage lenders purchased forced-placed (also known as "lender-placed") insurance policies from Newport or Meritplan Insurance Companies because plaintiffs allowed their homeowners insurance coverage to lapse for non-payment of premium and/or plaintiffs failed to provide their respective mortgage lenders with acceptable evidence of continuous insurance coverage of their property. The respective mortgage lenders purchased the insurance coverage from Newport and Meritplan Insurance Companies to protect the lenders' interests in the plaintiffs' properties. The ***mortgage lenders,*** and not the plaintiffs, are the only insureds under these two lender-placed insurance policies, and it is for the protection and benefit of the ***mortgage lenders*** that the Insurer Defendants issued these two policies.

**II.     THE PRIOR MOTION TO DISMISS**

The plaintiffs in the five cases subject to this Motion to Dismiss were originally plaintiffs in other mass action cases, *Abadie I*, C.A. No. 06-5164, and *Abadie II*, C.A. No. 07-5112. Pursuant to this Court's January 12, 2009 Order, the Court severed the claims of these plaintiffs,

1004313.1

and they filed the five amended complaints listed in this caption.[3]  The Court ordered that the severed amended suits be consolidated under the "Forced-Placed Insurance Umbrella" so that the Court could consider the claims of all the plaintiffs who are borrowers with regard to lender-placed policies.

These three Insurer Defendants previously filed a Motion to Dismiss identical claims of many plaintiffs who sued under the same two single interest lender placed insurance policies ("LPI Policies") at issue in this Motion. [Doc. No. 18088].  On April 1, 2010, the Court granted that Motion to Dismiss, and dismissed dozens of severed amended complaints filed against several insurers, including these Insurer Defendants.  [Doc. No. 19694].  In granting the Defendants' prior Motion to Dismiss, the Court disposed of 28 individual severed lawsuits brought against Balboa, Meritplan and Newport.  *Id.,* at p. 19.

In its Order and Reasons, the Court agreed with these Insurer Defendants that the single-interest LPI insurance policies issued by Newport to Countrywide Home Loans, and by Meritplan to Saxon Mortgage Services, did not provide coverage or standing to borrowers/homeowners to sue Balboa, Meritplan and/or Newport Insurance Companies.  [Doc. No. 19694]  This Court held that the borrowers are not named insureds, additional insureds, nor third-party beneficiaries under the subject Newport or Meritplan single interest LPI Policies.  *Id.*, at pp. 11-14.

The two specific Newport and Saxon single interest LPI Policies were discussed at pages 18 and 19 of the Opinion.  The Court held that the intent of the Newport and Saxon LPI Policies is to protect only the interests of the mortgage lenders; here Countrywide and Saxon.  The

---

[3] The original mass joinders have all been dismissed by the Court via an Order dated February 4, 2009. The Order dismissed all of the listed mass actions, "without prejudice as to all claims that have been reasserted via severed amended complaint, pursuant to the Court's severance Order.

1004313.1

borrowers are not third-party beneficiaries under the Newport or Saxon Policies. The Court recognized that several of the LPI policy provisions show that the intent of the LPI Policies is to protect the interests of the mortgage lenders, and not to provide benefits or coverage to the individual borrowers.[4]

The plaintiffs in the five captioned lawsuits also have properties subject to the same Newport and Meritplan single interest LPI Policies. They were not included in the prior LPI Motion to Dismiss, because the Insurer Defendants did not have their coverage information when they filed the prior dispositive Motion. The claims of these additional plaintiffs should be governed by the outcome of the prior LPI Motion to Dismiss.

The plaintiffs filed a Stipulation of Facts on March 30, 2012, in which these plaintiffs stipulated that these five above-captioned lawsuits "all involving single interest lender-placed insurance policies identical to those previously dismissed in the Court's April 1, 2010 Order and Reasons . . . The Parties further stipulate that if the Defendant Balboa had filed the same Motion to Dismiss in any of the above-captioned cases, the Court would rule in an identical fashion as it did in its April 1, 2010 Order and Reasons." [Doc. No. 20741, attached hereto as Exhibit C.].

The Court should dismiss the additional five above-captioned lawsuits based on the prior dismissal, and the plaintiffs' Stipulation.

### III. THE POLICIES AT ISSUE

Plaintiffs do not attach to their complaints the policies referenced in their conclusory pleadings and for good reason—the only two insurance policies at issue demonstrate that their

---

[4] The Court also opined that lenders owe no duty to homeowners in the LPI context. *See*, Order and Reasons, p. 12. The Court stated that there is no legal relationship involving the lender and homeowner, and no obligation owed by the lender to a homeowner, which could possibly impose any liability on the lender in the LPI context. *Id.*

1004313.1

claims fail as a matter of law.[5]  The policies are "forced-placed," meaning the plaintiffs' mortgage lenders were forced to purchase the policy from Newport or Meritplan to protect the lender's interests in the properties as mortgage collateral when the plaintiffs failed to maintain insurance for their properties according to the terms of their respective mortgage loan agreements.  This situation most commonly arises when borrowers, such as the plaintiffs, fail to pay their homeowner's insurance premiums, and therefore, the insurance covering their property lapses.  The borrowers are then notified of the need to replace the lapsed coverage by their mortgage lenders, yet still fail to purchase insurance coverage for the property.  The mortgage lender then purchase insurance to protect its own interest in the collateral - property.  The mortgage lender is the only named insured under the Newport and Meritplan single interest LPI policies.  The FPI Plaintiffs do not pay premiums or any other monies directly to Defendants, and they are neither named insureds nor additional insureds of the forced-placed policy purchased by their mortgage lender.[6]

Filed herewith as Exhibits D and E are copies of the two lender-placed insurance policies at issue in these five suits.  This Court may consider the copies of the insurance policies at issue a part of the pleadings because the policies are referred to in plaintiffs' complaints and are central to plaintiffs' claims.  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir. 2000): *Riley v. Southwest Bus. Corp.,* 06-4884, 2008 WL 4286631 at *3 (E.D. La. Sept. 17, 2008) (Judge Vance); *see also Weiner, D.P.M.. v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (stating that the policy behind considering critical material not attached to a complaint is

---

[5] This Court may consider the copies of the insurance policies at issue a part of the pleadings because the policies are referred to in plaintiffs' complaints and are central to plaintiffs' claims. *See* cases cited infra.
[6] As discussed herein, the law may be different when the borrower is specifically named as an additional insured in a "dual-interest policy." Defendants are filing this Motion only with regard to two insurance policies that do not name borrowers as additional insureds or conditional additional insureds ("single-interest policies").

to prohibit a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document upon which it relied). It follows from these decisions that the two insurance policies central to plaintiffs' claims against these Insurer Defendants should be considered by this Court in connection with this Motion to Dismiss.

**IV.     ARGUMENT AND CITATION OF AUTHORITIES**

The FPI Umbrella complaints are subject to dismissal because they fail to satisfy the basic pleading requirements of Rule 12(b)(6) and are inappropriate shotgun pleadings. More importantly, however, even if plaintiffs were to cure that deficiency, they lack the requisite standing to pursue their claims against the Insurer Defendants. Therefore, this Court should dismiss all of the Amended Complaints, with prejudice.

**A.     Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *See Twombly,* 127 S. Ct. at 1974*; In Re Katrina Canal Breaches Litigation,* 495 F.3d at 205. The factual allegations must be enough to raise a right to relief above the speculative level. *See Twombly* 127 S. Ct. at 1965. Further, a pleading must contain something more than a statement of fact that merely creates a suspicion of a legally cognizable right of action. *Id.* Following *Twombly, a* complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* at 1965. In *Twombly,* the Supreme Court retired the "no set of facts" standard of review as overly favorable to deficient complaints in that it invited courts to speculate without regard to the actual facts established at the time of pleading. *Flynn v. The CIT Group,* 294 Fed. Appx. 152 (5th Cir. 2008); *see also In Re Katrina Canal Breaches Litigation, 495* F.3d 191, 205 (5th Cir. 2007); *In re Katrina Canal Breaches Consolidated Litigation,* 2009 WL 224072 (E.D. La. 7/26/09);

*Graphia v. Balboa Ins. Co.,* 517 F.Supp.2d 854, 856 *(*E.D. La. 2007) (J. Vance).  Under the *Twombly* standard, all five of these five captioned suits should be dismissed, with prejudice.

      **B.**     **Plaintiffs' Deficient Allegations Are Subject To Dismissal under Rule 12(b)(6).**

The Bruno Law Firm filed separate amended complaints on behalf of 173 plaintiffs who were previously part of the *Abadie I* (06-5164) and *Abadie II* (07-5112) suits. Each complaint is identical aside from the party names and the property address. Each asserts a claim against the insurer defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith violations of La. R. S. 22:658, 22:658.2, and 22:1220, as well as claims for breach of contract and *actio in rem verso* against a mortgage company defendant. These complaints do not even reference the forced-placed nature of these policies and are devoid of any factual allegations regarding any third-party beneficiary relationship.

Importantly, the Bruno complaints incorrectly allege that plaintiffs purchased homeowners insurance policies from the Insurer Defendant (see Bruno Complaint, ¶¶ VI, XXVI). This is demonstrably wrong, as evidenced by the attached policies.  Second, the plaintiffs contend that the insurance coverage was in an amount based upon the estimated cost of replacing the home and its contents, an amount estimated by the Defendant insurer. (See Bruno Complaint, ¶ IX.).  This, too, is plainly wrong, as the coverage amount is set by the mortgage lender, based on the amount of its financial interest in the property (i.e., the amount of the unpaid mortgage).  No other detail is provided regarding the plaintiff or his/her relationship to the mortgage lender or the insurer.

      **C.**     **Plaintiffs Lack Standing To Assert Any Claims Against These Three Defendants.**

Plaintiffs' claims must be dismissed because plaintiffs lack standing to assert them in the first instance.  They are not named insureds and there is no insurer-insured relationship between

1004313.1

-7-

any plaintiff and the Insurer Defendants.  Finally, there are no allegations purporting to establish *a stipulation pour autrui* or any rights as a "third-party beneficiary" under the forced-placed insurance contracts.  Based upon the applicable forced- placed policy and the allegations of the complaints, plaintiffs lack standing to bring a contract claim, or any other claim, against the Insurer Defendants, and their complaints should be dismissed with prejudice.

> **1.     Plaintiffs are Not Named Insureds Under These Two Lender-Placed Policies.**

While the complaints make the conclusory allegation that plaintiffs have policies of insurance with defendants, the plain wording of the two attached lender-placed insurance policies clearly establish that no plaintiff has any contract of insurance with any Defendant.  No plaintiff is identified as a Named Insured, Additional Insured, or any other type of "insured" under the single interest forced-placed policies issued by Newport to Countrywide, or by Meritplan to Saxon.

> **2.     Plaintiffs Lack a Legal Relationship with the Insurer Defendants.**

Louisiana Courts recognize that there is no legal relationship between a borrower and the insurer in a forced-placed insurance policy. *Kilson v. American Road Insurance Co.,* 345 So. 2d 967, 969 (La. App. 2d Cir. 1977). In *Kilson,* the court reviewed a forced-placed insurance policy and rejected a plaintiff/borrower's claim for coverage, finding "no rights under the policy which can be asserted by him." *Id.* Because there is no legal relationship, borrowers with single-interest forced-placed policies may not sue the insurers under those policies. *Lea v. Balboa Life & Cas. Ins. Co.*, No. 91-1896, 1992 WL 74591 (L.D. La. Apr. 9, 1992) (J. Schwartz).

In *Lea,* the plaintiff borrower, like plaintiffs here, attempted to recover from these same Insurer Defendants under a forced-placed policy. The court found the plaintiff had no coverage under the policy and rejected his direct claims against the forced-placed insurer. *Id.* at *3.  In

rejecting the plaintiff's efforts to seek coverage, the Court ruled "[t]he [plaintiffs] cite no authority which can be construed so as to lend any support for the proposition that property coverage forced-placed for the mortgagee's protection upon failure of the mortgagor to procure same should be 'equitably reformed' to include coverage for the mortgagor." *See id at \*4; see also Darby v. Proctor Finan. Ins. Corp.,* 07-5847. 2008 WL 170046 (E.D. La. Jan. 16, 2008) (J. Porteous); *Jones v. Proctor Finan. Ins. Corp.,* 06-9503, 2007 WL 4206863 at \*2 (E.D. La. Nov. 21, 2007) (J. Fallon).

As in *Kilson* and *Lea,* the coverage under the forced-placed insurance policy here is for the protection of the mortgage lender's interest, and plaintiffs, who are neither named insureds or additional insureds, cannot sue under the policies because no facts have been alleged in any complaint that support any rights by any plaintiffs under any of the forced-placed insurance policies at issue. "If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. The policy must be construed as a whole, and one portion should not be construed separately at the expense of disregarding another." *Graphia,* 517 F.Supp.2d at 857 (citing *Pareti v. Sentry Indem. Co.,* 536 So.2d 417, 420 (La. 1988)); *see also Riley, 2008* WL 4286631 at *\*2; Harrison v. Safeco Ins. Co. of Am., 2007 WL* 1244268 at \*4-5 (E.D. La. Jan. 26, 2007); *Lea,* 1992 WL 74591 at *\*3; Schaefer v. Balboa Ins. Co.,* _ So.2d _, 2008-1008, 2008 WL 5263776. at \*3 (La. App. 4 Cir. 12/17/08); *Kilson,* 345 So. 2d at 969. Put simply, plaintiffs have no standing under the forced-placed insurance policy for any of the claims made in the FPI complaints.

### 3. Stipulation Pour Autrui Is Neither Pled Nor Applicable.

The theory of *stipulation pour autrui* cannot salvage plaintiffs' claims. Notably, plaintiffs have failed, in any of the complaints, to plead facts sufficient to allege that they should be considered third-party beneficiaries under the forced-placed policies at issue. The complaints

1004313.1

simply allege that the plaintiffs had insurance contracts with the various defendants, which is refuted directly by the policies themselves. None of the complaints allege that any part of the insurance policies is intended to benefit the plaintiffs, or even that there is *a stipulation pourautrui* at all. Even if plaintiffs were to amend their complaints to assert this theory in an attempt to salvage their claims, however, the theory has no application in this case.

A *stipulation pour autrui* is never presumed in Louisiana; rather, the party claiming the benefit must show that such a stipulation exists. For a *stipulation pour autrui* to exist, (1) the stipulation in favor of a third party must be manifestly clear; (2) there must be certainty as to the benefit owed to the third party; and (3) the benefit must not be a mere incident of the contract between the promisor and the promisee. *Joseph v. Hospital Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006); *see also Graphia,* 517 F.Supp.2d at 858; *Riley*, 2008 WL 4286631 at *3.

Moreover, the third-party relationship must form the consideration for a condition of the contract. *See In re Adoption of S.R.P.*, 555 So. 2d 612, 618 (La. Ct. App. 1989); *see also DePaul Hosp. v. Mart. Life Ins. Co. of IV. Y.*, 487 So. 2d 143. 146 (La. Ct. App. 1986) (a valid *stipulation pour autrui* must be in writing and clearly state an intention to confer a benefit upon a third party). This Court has recognized these long-standing principles of Louisiana law. *See Rowan Cos. v. Greater Lafourche Port Comm'n,* No. 05-30, 2006 WL 2228950, at *9 (E.D. La. Aug. 2, 2006) (The "contract must ***explicitly provide*** that the direct benefit to the third party constitutes consideration or the condition of the contract.") (emphasis added). That is, it must be shown that, as a condition to entering into a contract of insurance, the Insurer Defendants and the mortgage lenders intended to provide a direct benefit to the third-party.

Notably, a Louisiana appellate court confirmed that *stipulation pour autri* does not apply in the context of forced-placed policies issued by these Insurer Defendants. *See Scheaffer v. Balboa Ins. Co.,* __ So.2d ___ 2008-1008, 2008 WI 5263776 (La. App. 4 Cir. 12/17/08). In *Scheaffer*, just as here, the plaintiff allowed his home insurance to lapse and his mortgage lender, Countrywide, purchased insurance to protect its interest in the property. The Louisiana Fourth Circuit Court of Appeal rejected plaintiff's contention that he was a third-party beneficiary to the insurance contract. Countrywide was the only insured under the policy, which contained the same policy language that is at issue here, and there was no direct benefit to the borrower under the policy. The Court therefore affirmed the dismissal of plaintiffs' claims, Id. at *4.

      **a.**    **Plaintiffs are Not Named as Additional Insureds in the Forced-Placed Policies, and Therefore, Cannot be Third-Party Beneficiaries to Those Policies Under Louisiana Law.**

The "proper means" to include a *stipulation pour autrui* in an insurance contract "is to name the third party as an additional insured." *Nesom v. Chevron U.S.A., Inc.,* 633 F. Supp. 55, 58 (E.D. La. 1984) (emphasis in original)*; see also St. Julien v. Diamond M. Drilling,* 403 F. Supp. 1256, 1259 (E.D. La. 1975) ("It is not uncommon to include a stipulation for the benefit of a third person in an insurance contract; the means used is to name the third party as an additional insured."). Here, plaintiffs were not specifically named as additional insureds under the policies. Because the proper method of creating a *stipulation pour autrui* has not been utilized, the relationship does not exist, and the analysis should end here. Plaintiffs' claims must be dismissed under Rule 12(b)(6) for failure to state a claim. *See, e.g., Jones v. Proctor*, 2007 WL *4206863 at* *3; *Harrison*, 2007 WL *1244268 at* *5.

However, for the reasons outlined below, even if this Court is inclined to consider the three factors outlined by the Louisiana Supreme Court in *Joseph,* there can be no finding of a *stipulation pour autrui.*

> b.   The Policies do Not Contain a Clear Manifestation of Intent to Benefit Plaintiffs.

Regardless of the failure to name plaintiffs as additional insureds, as required, plaintiffs purpose of any forced-placed policy. Unquestionably, the purpose of a forced-placed policy is to provide coverage for residential or commercial property on which the mortgage lender does not have evidence of insurance coverage protecting its interest in the property. As with all forced-placed policies, the mortgage lenders purchased coverage to protect their own security interest in the property, not to provide any sort of benefit for the borrower. *See Riley,* 2008 WL 4286631 at *3; *Darby,* 2008 WL 170046 at *4: *Jones v. Proctor,* 2007 WL 4206863 at *2; *Lea,* 1992 WL 74591 at *3. The fundamental purpose and intent of a lender-placed policy therefore, is to protect and benefit the mortgage lender, not the borrower.

Under the lender-placed Mortgage Protection Policy issued by Newport to Countrywide Home Loans, Inc. ("Countrywide"), Newport policy no. MP4800-0100, the only named insured is Countrywide. *See* Declarations Page, Ex. B. N-00004, 33, 63, 91, 120. The borrower is not a named insured or an additional insured. The intent of this lender-placed Mortgage Protection Policy to protect only the interests of the mortgage lender is evidenced by the following policy provisions:

- The Definitions Section of the Policy states that the "words you' and 'your' rctcr to the financial institution shown as the NAMED INSURED in the Declarations." (emphasis original), Ex. B. p. I of 11, N-00005, 35, 64, 92, 121.

- Coverage under this section applies only to Residential Property for which you have an interest as a mortgagee. .." Id.

- The lender-placed Policy limits recovery not to exceed "the Net Loan Balance at time of loss." (emphasis original), Ex. B, p. 8 of 11, N-00012, 42, 71, 99, 128.

- A condition precedent to liability is that "Your [lender's] interest in the Covered property is impaired because of the covered loss." (emphasis original), Ex. B, p. 9 of 11, N-00013, 43, 72, 100, 129.

- The borrower has no right to cancel the policy. Only the mortgage lender may cancel the Policy. Ex. B, p. 10 of 1 I. N-00014, 44, 73, 101, 130.

- Only the named insured lender can request coverage under the Policy. Id.

- The Notice of Premium sent to each borrower after the lender purchased the policy states that the borrower is not insured under the Policy and is not to be paid any insurance proceeds:

  **THE POLICY PROTECTS THE MORTGAGEE'S INTEREST IN THE DESCRIBED LOCATION. YOU ARE NOT AN INSURED UNDER THIS POLICY, AND YOU ARE NOT ENTITLED TO RECEIVE THE PROCEEDS FROM THIS POLICY IN THE EVENT OF LOSS OR DAMAGE 'I'O YOUR PROPERTY. (emphasis original), Ex. B, N-00019, 49, 78, 106. 135.**

The claims brought by certain additional plaintiffs were barred by the Meritplan Lender Single Interest Fire Insurance Policy issued to Saxon Mortgage Services, Inc., policy no. 6041-8002. That Meritplan policy also states explicitly that the lender (Saxon) is the only named insured.

      c.    **That Plaintiffs May Incidentally Derive Some Benefit From the Forced-Placed Policies Does Not Evidence *a Stipulation Pour Auirui.***

Any benefits obtained by plaintiffs from the policies are merely incidental benefits, which are insufficient to create a *stipulation pour autrui*. To establish that a party is a third-party beneficiary, the benefit the third-party claims cannot be merely incidental to the contract between the promisor and promisee. See *Joseph*. 939 So. 2d at 1214 ("A person may derive a benefit from a contract to which he is not a party without being a third-party beneficiary"); *Scaffidi & Chetta Entm't v. Univ. of New Orleans Found.*, 898 So. 2d 491, 496 (La. Ct. App. 2005) ("The fact that a third party may incidentally derive a benefit from a contract does not in and of itself mean that the contract contains a *stipulation pour autrui*.").

The policy in this case may be in some way beneficial to plaintiffs. If the mortgage lender had not secured the forced-placed policies when plaintiffs defaulted on their respective loan agreements with the lenders, there would have been no money available to pay for damages to plaintiffs' property by Hurricane Katrina. However, even where payments may be made directly to a third party under an insurance contract upon the claim of the insured, *a stipulation pour autrui* does not exist, and "any benefit ultimately received by [the third party] is a mere incident of the obligation owed the [insured." *Logan*, et al. v. *Hollier, et al*., 424 So. 2d 1279, 1282 (La. Ct. App. 3"~ Cir. 1982); *see also Graphia,* 517 F. Supp. 2d at 858; *Riley,* 2008 WL 4286631 at *3; Kilson,* 345 So. 2d at 969.

As Judge Vance noted in *Riley,* the purpose of the forced-placed policy is to protect the lender's security interest in the property. Thus, a borrower may gain some incidental benefit, yet he is not an intended beneficiary and is not entitled to enforce the contract in court. *Riley,* 2008 WL 4286631 at *3. While the policies at issue in this case do not name the borrowers as additional insureds, this Court has found that there is no third party benefit created even when the policy specifies that the borrower is considered an <u>additional insured</u> with respect to amounts paid over and above the lender's insurable interest in the property and where the amount to be paid under the policy is b eater than the amount of the lender's interest. *See Graphia,* 517 F. Supp. 2d at 857.

> 4. **In Parallel Hurricane Katrina Cases Examining Identical or Similar Forced-Placed Policies, Other Divisions of This Court Have Held That Borrowers Have No Standing To Assert Claims Under Forced-Placed Insurance Policies.**

Numerous judges within the Eastern District have addressed this question in similar cases. Most notably, in a factually similar Hurricane Katrina case, Judge Barbier reached the conclusion that borrowers, like the plaintiffs in this case, have no rights under forced-placed

insurance policies, because "no relationship exists between Plaintiffs and the Defendant insurers." *Harrison v. Safeco Ins. Co. of Am.*, 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007). The *Harrison* case is directly on point. Following Hurricane Katrina, several borrowers, whose lenders had obtained similar forced-placed coverage, sued several Safeco entities for alleged underpayment of claims. Judge Barbier, analyzing insurance policies with essentially the same terms as the policies here, granted Safeco's motion to dismiss, holding that, "Plaintiffs have no standing to bring their claims against Defendants as Plaintiffs are not parties to any insurance contracts with Defendants and because Plaintiffs are not the direct or third-party beneficiaries of the insurance contracts at issue." *Id.* at *4. Judge Barbier's well-reasoned opinion completely forecloses any attempt by plaintiffs to assert third-party beneficiary status under at least the Safeco policies and the other single-interest forced-placed policies with similar language.

In his opinion, Judge Barbier, consistent with the Louisiana law cited above, made several distinct holdings, each supporting defendants' contentions that a borrower whose lender has obtained a forced-placed insurance policy has no standing to assert claims against the insurer, including:

- "This Court finds that Plaintiffs have no standing to bring their claims against Defendants as Plaintiffs are not parties to any insurance contracts with Defendants and because Plaintiffs are not the direct or third party beneficiaries of the insurance contracts at issue." *N.* at *4.

- "[T]here is no legal relationship between Plaintiffs and Defendants so as to permit the assertion of the claims brought in this lawsuit." *Id.* at *6.

- "Here, there is no clear manifestation in either policy that confers a benefit upon Plaintiffs. The policies at issue in this case were intended to benefit [the mortgage lenders] and particularly [their] interests in Plaintiffs' properties." Id. at *5.

- "Louisiana federal courts have determined that the 'proper means' to include a *stipulation pour autrui* in an insurance contract is to 'name the third party as an additional insured.'

> Plaintiffs were not named as such in either of the policies at issue in this case." *Id.* at *5-6 (citations omitted).

- "[T]his Court determines that Plaintiffs' payments made to their lenders in reimbursement for the insurance premiums do not create stipulations pour autrui." *Id.* at *6.

In short, Judge Barbier found that the *Harrison* plaintiffs had no standing to assert claims against Safeco under the forced-placed insurance policies. This Court previously followed *Harrison* and dismissed dozens of claims with prejudice. Other divisions of this Court have reached the same conclusions. *See, e.g., Edwards v. Southwest Bus. Corp.,* 06-9881, 2008 WL 4372893 (E.D. La. Sep. 22, 2008) (J. Feldman); *Riley v. Southwest Bus. Corp.,* 06-4884, 2008 WL 4286631 (E.D. La. Sept. 17, 2008) (J. Vance): *Sanchez v. Certain Underwriters at Lloyds, London,* 07-4666. 2008 WL 687200 (E.D. La. Mar. 10, 2008) (J. Fallon); *Darby v. Proctor Fin. Ins. Corp.,* 07-5847, 2008 WL 170046 (E.D. La. Jan. 16. 2008) (J. Porteous); *Richardson v. Southwest Bus. Corp.,* 07-1142, 2007 WL 4259300 (E.D. La. Dec. 3, 2007) (J. Vance); *Jones v. Proctor Fin. Ins. Corp.,* 06-9503, 2007 WL 420683 (E.D. La. Nov. 21, 2007) (J. Fallon); *Graphia v. Balboa Ins. Co.,* 57 F.Supp.2d 854 (E.D. La. 2007) (J. Vance); *Riley v. Southwest Bus. Corp.,* 06-4884, 2007 WL 2460986 (E.D. La. Aug. 24, 2007) (J. Porteous); *Saunders v. State Nat'l Ins. Co.,* 06-9142, 2007 WL 2127574 (E.D. La. July 24, 2007) ( J. Porteous); *Anderson, et al. v. Ace Am. Ins. Co., et al.,* 06-5485 (E.D. La. Mar. 7, 2007) (J. Berrigan); *see also Scheaffer v. Balboa Ins. Co.,* _ So.2d _, 2008-1008. 2008 WL 5263776 (La. App. 4 Cir. 12/17/08) (discussed infra at 16); *but see* the following pre-*Schaeffer* decisions that did find a third-party beneficiary relationship: *Lee V. Safeco Ins. Co. of Am., 08-1100.* 2008 WL 2622997 (E.D. La. July 2, 2008) (J. Africk); *Navarrette, et a. v. General Ins. Co. of Am.,* 07-4865, 2008 WL 659477 (E. D. La. Mar. 7, 2008) (J. Engelhardt); *Peters v. Safeco Ins. Co. of Am.,* 07-5612, 2008 WL 544226 (E.D. La. Feb. 25,

2008) (J. Engelhardt); *Martin v. Safeco Ins. Co.,* 06-6889, 2007 WL 2071662 (E.D. La. July 13, 2007) (J. Barbier).

## V.   CONCLUSION

Insurer Defendants respectfully urge the Court to again conclude that the plaintiffs in the five captioned lawsuits do not have a contractual relationship with the Insurer Defendants as insureds, additional insureds or as third party beneficiaries.  They do not have standing to sue these Defendants, and their claims should be dismissed, with prejudice.

All five of the captioned FPI Umbrella complaints filed against these Insurer Defendants should be dismissed in their entirety, with prejudice.

Respectfully submitted, this 26th day June, 2012.

*/s/ Stephen W. Rider*
Stephen W. Rider T.A. (La. Bar No. 2071)
Daniel T. Plunkett (La. Bar No, 21822)
**MCGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12 Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
**Attorneys for Defendants Balboa Insurance Company, Meritplan Insurance Company And Newport Insurance Company**

**CERTIFICATE OF SERVICE**

      I hereby certify that in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. Service to all known counsel of record and parties who have not consented to email notification and electronic service has been made via U.S. Mail, postage prepaid, this 26th day of June, 2012.

                                                              */s/ Stephen W. Rider*
                                                              STEPHEN W. RIDER