UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

SECTION "K"(2)

PERTAINS TO: FORCED PLACE DOCKET:

**Specific Case Nos.** 09-1600, 09-1604, 09-1610, 09-1611, 09-1612, 09-1614, 09-1615, 09-2559, 09-2560, 09-2562, 09-2563, 09-2564, 09-2565, 09-2566, 09-2567, 09-2568, 09-2589, 09-2593, 09-2594, 09-2595, 09-2597, 09-2598, 09-2575, 09-2582, 09-2584, 09-2585, 09-2586, 09-2588, 09-2589, 09-2593, 09-2594, 09-2595, 09-2597, 09-2598, 09-2599, 09-2600, 09-2607, 09-2612, 09-2613, 09-2614, 09-2615, 09-2617, 09-2622, 09-2640, 09-2642, 09-2644 , 09-2645, 09-2646, 09-2647 , 09-2648, 09-2649, 09-2650, 09-2651, 09-2652, 09-2653, 09-2655, 09-2656, 09-2657, 09-2658, 09-2659, 09-2660, 09-2661, 09-2662, 09-2663, 09-2664, 09-2665, 09-2668, 09-2683, , 09-2691, 09-2692, 09-2693, 09-2694, 09-2695, 09-2696, 09-2697, 09-2702, 09-2703, 09-2706, 09-2729, 09-2730, 09-2879, 09-2880

## ORDER AND REASONS

Before the Court is Defendant's (sic) Motion to Dismiss (Document 18100) filed by

defendants, Safeco Insurance Company of America, General Insurance Company of America,

Balboa Insurance Company, Meritplan Insurance Company, Newport Insurance Company, The

Involved Lloyd's Underwriters, Southwest Business Corporation, and Proctor Financial

(collectively "Insurance Defendants"). These insurers contend that the above-listed complaints

should be dismissed because they are insufficiently pled and because plaintiffs have no standing

to assert any cause of action against any Insurer Defendants. All of these cases concern "Forced

Place Insurance" and were consolidated in the *In Re Katrina Canal Breaches Consolidated*

*Litigation*, C.A. No. 05-4182,  for pre-trial purposes.  Having reviewed the pleadings,

memoranda, exhibits and the relevant law, the Court is prepared to rule.

**Background**



Forced Placed Insurance ("FPI") is a term used to describe instances where plaintiffs' mortgage lenders were forced to purchase policies of insurance from the Insurer Defendants to protect their respective interest in property as mortgage collateral when plaintiffs failed to maintain insurance for their property according to the terms of their respective mortgage loan agreements. As properly described by Insurer Defendants this situation occurs when a borrower fails to pay an insurance premium on insurance that is required under the terms of the mortgage. Generally, the borrower is then notified of the need to replace the lapsed coverage but fails to do so. As a result, the mortgage lender purchases insurance to protect its interest in the property. The mortgage lender is the only named insured under the policy and the borrower is not named and is not named as an additional insured under that policy.[1]

**The Plaintiffs**

Plaintiffs to these suits were originally plaintiffs in other mass joined insurance coverage cases which had been consolidated under the *In re Katrina* umbrella. Indeed at one point in this massive litigation there were 22 mass joinder cases filed with a total of 11,850 plaintiffs. Of those, through the work of Magistrate Judge Jay Wilkinson, by January of 2009, 9550 of these claims had been settled. In dealing with these mass joined cases, it became apparent that a separate category of insurance cases was required to be carved out–that being those claims based

---

[1] As noted, there are instances where the borrower is named as an additional insured in a "dual interest policy." Insurer Defendants aver that this motion does not include such claims dealing with such policies. However, as will be explained, *infra*, a number of the policies in question provide direct coverage for the homeowner's contents or additional living expenses. These coverages create issues that preclude the granting of the motion to dismiss of those complaints.

on Forced Place Insurance.  So, the Court undertook a process to manage this category of litigation.

On January 12, 2009, the Court entered an Insurance Umbrella Forced Place Policy Case Management Order (Doc. 17105) which concerned *Abram*, C.A. No. 07-5205, *Acevedo*, C.A. No. 07-5199, *Abadie I*, C.A. No. 06-5164, *Abadie II*, C. A. No. 07-5112; *Aaron*, C.A. No. 06-4746; *Aguilar*, C.A. No. 07-4852 ; and *Alexander,* C.A. No. 07-4538 creating the Forced Place Insurance category.  In addition, in other documents, the Court ordered that these original mass joinder cases be dismissed without prejudice as to all claims that had been reasserted via severed amended complaint which likewise had been ordered accomplished.   The above-numbered cases which are the subject of the instant motion are the product of these orders.

There are four sub-categories within this group of cases subject to this motion.  Counsel for the majority of the above-listed cases is Joe Bruno as he filed individual suits on behalf of each of the severed Forced Placed plaintiffs that was his client.  Those that are not handled by him are as follows:

a.    *Howard*, C.A. 09-2612 (Becnel); this is an individual suit which was dismissed on March 31, 2009 (Doc. 4) and thus, the motion is moot as to this suit.[2]

b.    *Ross, et al.*, C.A. No. 09-2913and *Johnson*, C.A. No. 09-2614; these cases concern multiple plaintiffs with respect to multiple defendants. There is no indication in the pleadings themselves which plaintiffs seek redress against which defendant insurer.

---

[2]This case was included in the caption of the instant motion, but is not discussed in the body of the motion. Instead, *Danny and Deidre Howard v. Certain Underwriters at Lloyds and Southwest Business Corp.*, C.A. No. 09-2611 is briefed.  However, on July 10, 2009, this case was severed out of the Forced Place docket and was ordered to be set for trial as the case is **not** one arising under the forced place rubric.  Thus, the motion is **MOOT** as to this suit as well.

These cases are handled by Mssrs. Rausch and Hall and will be referred to as "Rausch/Hall complaints."

c.   *Brock, et al.*, C.A. No. 09-2879 and *Fields, et al*, C.A. No. 09-2880; these cases likewise concern multiple plaintiffs with respect to multiple defendants. There is no indication in the pleadings themselves which plaintiffs seek redress against which defendant insurer. These cases are being handled by Larry Centola and arise out of the Hurricane Center litigation. These cases will be referred to as "HLC complaints."

## The Defendants[3]

### A.   The Safeco Companies

The Safeco Companies refer to the family of companies that sell a variety of insurance products, including Safeco Financial Institutions Solutions' Portfolio Security Policies. The Safeco entity that issued the forced-placed insurance policies at issue in the FPI Umbrella was General Insurance Company of America. A Safeco entity has been named in 64 cases filed in the FPI Umbrella.

### B.   Balboa, Meritplan and Newport

Balboa Insurance Company ("Balboa"), Meritplan Insurance Company ("Meritplan"), and Newport Insurance Company ("Newport") are insurance companies that issued insurance policies in Louisiana. Each sold insurance policies to mortgage lenders to protect the lenders'

---

[3]A list all of the forced-placed cases re-filed in January 2009 pursuant to the Court's order and lists the defendants named in each suit can be found at Doc. 18100-2, pp. 1-13.

interests in properties subject to the lenders' mortgages. Balboa, Meritplan and Newport have been named in many of the amended complaints that have been consolidated under the FPI Umbrella, and which are subject to this motion to dismiss.

### C.   The Involved Lloyd's Underwriters, Proctor Financial and Southwest Business Corporation

Defendants, The Involved Lloyd's Underwriters (erroneously named and identified in plaintiffs' Amended Complaints as "Certain Underwriters at Lloyd's of London" and/or "Underwriters at Lloyds of London," and hereinafter collectively "Underwriters"), are comprised only of Those Certain Underwriters at Lloyd's, London who severally subscribed to the force-placed policies issued to the following Named Insured Mortgagees:

1. Fidelity Homestead Association;
2. Bank One Corporation;
3. HomeComings Financial Network, Inc.;
4. Washington Mutual Bank F.A.;
5. Standard Mortgage Company;
6. Litton Loan Servicing, LP;
7. Hibernia National Bank;[4] and
8. Novastar Financial.

Each individual and separate Master Certificate was issued to the individual Named Insured Mortgagees by a separate and distinct group of Underwriters as reflected in the respective policies. The Involved Lloyd's Underwriters have been named in seven cases filed in the FPI Umbrella, including several suits that join multiple plaintiffs and defendants without "matching" individual plaintiffs to particular defendants.

---

[4]     Underwriters issued two Master Policies identified with Master Certificate Nos. FP-1431 and FL-0507 to Hibernia National Bank (the "Hibernia Policies"). The Hibernia Policies provide coverage to Hibernia in its capacity as assignee and/or subrogee of the mortgages issued by mortgagee, Dovenmuehle Mortgage.

Southwest Business Corporation ("SWBC") is a wholesale broker and is not an insurer. SWBC acts as a general agent or "Coverholder" for the Underwriters who subscribed to the force-placed policies issued to the following Named Insured Mortgagees: Standard Mortgage Company, Litton Loan Servicing, LP and Hibernia National Bank, as outlined above. SWBC has been named in 28 cases filed in the FPI Umbrella, including several suits that join multiple plaintiffs and defendants without "matching" individual plaintiffs to particular defendants. Further, as SWBC is not an insurer; therefore, it contends that it is improperly named as a defendant in the FPI cases at issue. Thus, SWBC has expressly reserved any and all rights it has under the policies and/or the law to challenge its particular inclusion as a defendant in the Amended Complaints at issue.

Likewise, Proctor Financial ("Proctor") is a wholesale broker and is not an insurer. Proctor acts as a general agent or "Coverholder" for the Underwriters who subscribed to the Novastar Financial Policy. Proctor is named as a defendant in the *Ross* matter (09-2613) which is an Amended Complaint in the *Aaron* matter (06-4746). Proctor, however, was not named as a defendant in the *Aaron* matter and, as such, has expressly reserved all rights to challenge its inclusion in this lawsuit. Proctor has further expressly reserved any and all rights it has under the Novastar Policy and/or the law to challenge its inclusion as a defendant in the Amended Complaints at issue.

**Contentions of Movers**

Insurer Defendants seek the dismissal of these complaints because (1) no Forced-Placed Insurance ("FPI") plaintiff has any policy of insurance with the Insurer Defendants; (2) plaintiffs are not insureds entitled to recover damages for loss under any policy of insurance issued by any

defendant; and (3) plaintiffs are not third-party beneficiaries of the forced-placed policies. Thus, Insurer defendants maintain that plaintiffs cannot assert claims against defendants for breach of contract, violations of La. Rev. Stat. Ann. §§22:658, 22:658.2 and 22:1220, including claims for insurance bad faith, or any other cause of action contained within any of the complaints.

Plaintiffs primary opposition to the motion is that these contracts provide a third-party beneficiary relationship. Furthermore, with respect to the Rausch/Hall plaintiffs, they note that only some of their plaintiffs' claims are sought to be dismissed with respect to Balboa Insurance Company, not all claims. In addition, the Rausch/Hall plaintiffs contend that they should be allowed to proceed individually.

In response to these oppositions, the Court ordered the parties to provide, *inter alia,* further clarification as to which plaintiff was suing which insurer, the specific policy applicable thereto, identification of the page and paragraph of insuring language which formed the basis of each plaintiff(s) contention of entitlement to third-party beneficiary status, and an indication of whether such claim was moot as full proceeds had been paid out. (Doc. 19612). Counsel for the Rausch/Hall complainants and the HLC complainants did not file any response to that order. However, the Bruno plaintiffs eventually filed a detailed spreadsheet concerning each plaintiff's contentions with respect to the insurance policy coverage for his individual plaintiffs. (Doc. 19679). After that filing, at a telephonic status conference, Mr. Bruno raised for the first time the fact that some of the insurance policies at issued provide Contents and Additional Living Expenses Coverages (Coverages C and D respectively) and stated that a revised spreadsheet would be filed. Based on these facts, Safeco's counsel concurred that these kinds of additional coverages would take those specific policies out of the "forced place" rubric as this Court has defined it and makes such suits subject to being severed

and reallotted as there are questions of fact at issue as a result of such coverages in the event that

the *Twombly*[5] based motion is denied.  With this in mind, the Court will now take up defendants'

arguments.

**Motion to Dismiss**

As this Court has previously stated with respect to the proper standard to employ when

considering a Rule 12(b)(6) motion:

> In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at 563, 127 S.Ct. at 1969. "To survive a *Rule 12(b)(6)* motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).

---

[5] *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007).

*Pere Marquette Hotel Partners, L.L.C. v. United States,* 2010 WL 925297 at * 2 (E.D.La. March 10,

2010). Indeed, defendants invite the Court to dismiss all of the complaints based on the infirmities

in the various pleadings.

### *Twombly* Defense

Defendant Insurers seek dismissal based on *Twombly* noting the extreme confusion and less

than specific pleadings that have been filed in this category of the litigation. The *Ross, et al.,* C.A.

No. 09-2913, *Johnson,* C.A. No. 09-2614, *Brock, et al.,* C.A. No. 09-2879 and *Fields, et al,* C.A.

No. 09-2880 complaints unquestionably are muddled in they do not even specifically identify the

individual plaintiff to alleged the individual Insurance Defendant much less allege harm with

specificity.  As previously noted, these plaintiffs had been ordered in these cases to file a single

mass-joined suit for those plaintiffs that had Forced Place claims and had been in the other insurance

litigation. However, plaintiffs' counsel clearly failed to take the opportunity to set forth in a cogent

manner which plaintiffs sought relief based on specific policies underwritten by specific insurance

concerns and the relevant policy language on which they rely. Defendants also find fault with the

pleadings filed in the individual suits by Mr. Bruno. For instance, they contend there is confusion

with respect to plaintiffs having properly named the defendants. This problem often arises where

the insurance policy is styled as one name, but the actual company issuing the insurance is another.[6]

---

[6]    For instance, defendants contend that many of the complaints are deficient and subject to dismissal
because plaintiffs have named as a defendant an entity that does not exist or the wrong defendant. They argue that it
is entirely unclear which Safeco entity plaintiffs have sued. In the Hurricane Legal Center Amended Complaints,
only "Safeco" is identified.  No such entity, however, exists. The complaints filed by the Bruno firm (*see* Appendix
A,Doc. 18100-2) identify "Safeco Insurance Company" as the Defendant/insurer. Again, there is no such entity as
"Safeco Insurance Company." Only the two Hall Complaints allegedly name the correct entity, General Insurance
Company of America, along with three entities that are non-existent or not correct in relation to these suits.
Similarly, in the HLC Amended Complaints, plaintiffs refer simply to "Balboa" and to "Meritplan." There is no
reference at all to Newport. Each of the Bruno Amended Complaints severed from the *Abadie* mass actions refers
simply to "Balboa Insurance Group," while also naming Meritplan Insurance Company and Newport Insurance

Nonetheless, considering the posture of this case, a *Twombly* based dismissal is not indicated. To begin, the specific policies and specific plaintiffs have been identified and the insurance policies have been filed into the record. While the Court does not condone the cavalier pleading that has occurred in this litigation, it cannot shirk its duties to the litigants to consider what has been filed. Furthermore, it is clear with the supplemental briefing that some plaintiffs clearly have claims that must be considered by virtue of Additional Living Expenses and Contents coverages which will be discussed *infra.*

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend when justice so requires. As one court stated:

> Federal Rule of Civil Procedure 15(a) provides that amendments to a pleading may be made once as a matter of course, and after that, only by leave of court or with the consent of the opposing party. *See* Fed.R.Civ.P. 15(a). Under the rule, "[t]he court should freely give leave when justice so requires." *Id.* The standard for granting leave is generous, as "the policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussoy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981). Unless there is a "substantial reason," such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party," the court should grant leave to amend.

*Gonzalez v. U.S. Dept. of Commerce,* 2009 WL 3157355, 1 (S.D.Tex. September 29,2009). Thus, under the proper circumstances, the Court must allow amendment. However, clearly, if the Court finds that the policy by its terms does not provide any benefit to a plaintiff, the court must deny leave to amend as such an amendment would be futile. *Parra v. Markel Intern. Ins. Co. Ltd.,* 2007

---

Company.To the degree that the Court should find any of these cases survive dismissal, plaintiffs shall be required to amend their respective complaint to name the proper insurance entity as well.

WL 2363013, *1 (S.D. Tex. August 16, 2007) *citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.

227, 9 L.Ed.2d 222 (1962).

**Named Insured/Additional Insured**

Other than those parties involved in the cases that involved Contents coverage and/or

Additional Living Expenses coverage, none of the other cases involve situations where plaintiffs are

named insureds or additional insureds.  No proof to the contrary has been provided by plaintiffs'

counsel, and the Court will accept these contentions as true.  Thus, there are no contractual

relationships extant between any of the plaintiffs and any of the defendants with respect to that

subset of cases.  So the question presented is whether any of these non-Coverage C and/or D

plaintiffs enjoy the status of third-party beneficiary.  Only in the event that the Court finds such a

legal relationship, would the Court properly allow leave to amend these complaints further.  If no

such beneficial relationship exists, then any amendment would be futile.  Thus, the Court will now

turn to that issue.

**Third-Party Beneficiary Under Louisiana Law**

As this Court has previously stated:

> Contractual stipulations in favor of third persons are favored in Louisiana law
> and are "specifically authorized in broad terms." *Andrepont v. Acadia Drilling Co,
> Inc.*, 255 La. 347, 357 (La.1969). La.Civ.Code Art.1978 provides that parties "may
> stipulate a benefit for a third person called a third party beneficiary," and "[o]nce the
> third party has manifested his intention to avail himself of the benefit, the parties
> may not dissolved the contract by mutual consent without the beneficiary's
> agreement." *Id.* The question of whether a stipulation *pour autrui* exists is a
> "question of what was the intention of the parties, **and that intention must be
> gathered, just as in the case of any other contract, from reading the contract,
> as a whole, in light of the circumstances under which it was entered into.**" *Allen*

11

*v. Curry Mfg. Co. v. Shreveport Waterworks Co.,* 37 So. 980, 984 (La.1905); *Concept Design, Inc. v. J.J. Krebs & Sons, Inc.,* 692 So.2d 1203, 1206. Specific factors to be looked at when determining whether a stipulation *pour autrui* exists include (1) the existence of a legal relationship between the promisee and the third party involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are kinship ties or other circumstances indicating a benefit by way of a gratuity was intended. *See Andrepont v. Acadia Drilling Co., Inc.,* 231 So.2d 347, 351 (La.1969).[7]

To establish a stipulation *pour autrui,* there must not only be a third party advantage, **but the third party relationship must form the consideration for the contract, and the benefit may not be merely incidental to it.** *City of Shreveport v. Gulf Oil Corp.,* 431 F.Supp. 1, 3-4 (W.D.La.1975), aff'd 551 F.2d 93 (5th Cir.1977). The benefit may not be merely incidental to the contract and **the contract must explicitly provide that the direct benefit to the third party constitutes consideration or the condition of the contract.** *In the Matter of the Complaint of Dann Marine Towing,* 2004 WL 744881 (E.D.La.2004).

*Rowan Companies Inc. v. Greater Lafourche Port Com'n.,* 2006 WL 2228950, *9 (E.D.La., August 2, 2006) (emphasis added).

The promisee in this instance would be the mortgage holder as the insurer promises to insure the property. There is no obligation from the mortgage holder to the homeowner that has been demonstrated. Actually, the obligation runs in the opposite direction–that is the homeowner is obliged to pay for insurance. It is the failure of the homeowner to fulfill that obligation that causes FPI to be put in place. Furthermore, in the FPI context, there is no possibility of future liability on the part of the mortgage holder to the home owner for which the mortgage owner owes protection. Simply put, there exists of no legal relationship between the mortgage holder and home owner

---

[7]These factors have been noted to be an analytical tool to determine whether a stipulation *pour autrui* has been established- not a definitive analysis. *Joseph v. Hospital Service District No. 2 of the Parish of St. Mary*, 939 So.2d 1206 (La. 2006).

Case 2:05-cv-04182-SRD-JCW   Document 19694   Filed 04/01/10   Page 13 of 31

involving an obligation owed by the mortgage holder to the homeowner which performance of the promise will discharge, and there exists no factual relationship between the mortgage holder and the homeowner, where there is a possibility of future liability either personal or real on the part of the mortgage holder to the homeowner against which performance of the mortgage owner will protect the former.

The Louisiana Supreme Court in a comprehensive discussion concerning this concept in *Joseph v. Hospital Service District No. 2 of the Parish of St. Mary*, 939 So.2d 1206 (La. 2006) succinctly outlined the inquiry:

> Our study of the jurisprudence has revealed three criteria for determining whether contracting parties have provided a benefit for a third part: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee.

*Id.* at 1212. Judge Vance applied this analysis to a forced place insurance contract in *Riley v. Southwest Business Corp.*, 2008 WL 4286631 (E.D.La. 2008). In rejecting the insureds' attempt to recover based on an alleged stipulation *pour autrui*, the court noted that the *Joseph* court required for the existence of a third party benefit, that "'the contract manifest a clear intention to benefit the third party: absent such a clear manifestation, a party claiming to be a third-party beneficiary cannot meet his burden of proof.'" *Riley* at *3 *citing Joseph*, 939 So.2d at 1212.

Judge Vance found that the intent for the mortgagor to enter into the contract with the insurer was "to protect its own security interest in the property, not to provide any sort of benefit for the mortgagor. Indeed, the very purpose of a forced placed policy is to cover the uninsured portion of the *mortgagee's* interest." *Id.* While an mortgagee might benefit incidentally from the FPI coverage, that person was not "an intended beneficiary and is thus not entitled to enforce the

contract in court." *Id. See Williams v. Fidelity Nat'l Ins. Co.*, 2009 WL 2922310 (E.D. La. Sept. 2009); *Sanchez v. Certain Underwriters at Lloyds, London*, 2008 WL 687200 (E.D. La. March 10, 20080; *Richardson v. Southwest Business Corp.*, 2007 WL 4259300 (E.D.La. Dec. 3, 2007); *Graphia v. Balboa Ins. Co.*, 517 F. Supp.2d 854 (E.D. La. 2007) (Vance, J.); *Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D.La. 2007).  With this in mind the Court will review the relevant insurance policy language presented by this motion.


**Safeco Policy**

At issue in this motion are policies that are the same policy form: SM 25 00/EF09/96 entitled "Portfolio Security Policy."  The language cited by defendant to evince Safeco's intent includes the following:

* "You" and "Your" in the forced-placed policy refers to the Named Insured Mortgagee; (Doc. 18100, Ex. A, p. 1 of 11 ).*See, e.g.*, Safeco 00042 (The 11 page "Portfolio Security Policies" are identical in each of the fifteen policies).

* "Eligible property" is property that "<u>you</u>" do not have evidence of fire insurance protecting "*your* interest" as mortgagee, "mortgage servicing agent" or "owner due to foreclosure." *Id.*

* The forced-placed policy provides that the Limit of Liability on an insured location is "the amount of insurance *you* (the mortgage lender) request and report to us." *Id.*

* The policy further defines the Limits of Liability as "the amount of indebtedness to *you*." *Id.*

* The borrower has no rights to cancel the policy.  Only the mortgage lender may cancel the policy. *Id.* at 7-8 of 11, *see, e.g.*, Safeco 00048-49.

* No action by the "borrower" shall prejudice <u>your (the mortgage lender's)</u> rights under the policy; *Id.* at 11 of 11 (emphasis added), *see, e.g.*, Safeco 00052.

* This policy, including all endorsements and monthly reports, contain all agreements between you (the mortgage lender) and us. *Id.*
* Only the mortgage lender can request coverage on an "eligible property." *Id.*

However, the loss payment provision provides:

> We will adjust all losses with you [t he mortgage lender]. We will pay you [the mortgage lender] ut in no event more that the amount of your interest in the 'insured location.' amounts payable in excess of your [the mortgage lender's] interest will be paid to the borrower' unless some other person is named by the borrower to receive payment.

(Safeco policies, Ex. A to Doc. 18100, p. 10 of 11). *See, e.g.* Safeco 00051. The Court is aware of two cases that have held that this type of language is sufficient to create a third-party beneficiary relationship. *Martin v. Safeco Ins. Co.*, 2007 WL 2071662(E.D.La. July 13, 2007) and *Lee v. Safeco Ins. Co. of America*, 2008 WL 2622997(E.D.La. July 2, 2008). However the Court finds these cases unconvincing in that they fail to recognize the true purpose and intent of FPI insurance. Where there is no direct benefit outlined in the policy as purchased–such as there being no Content coverage or Additional Living Expense coverage, there is simply no evidence that such a contract was made to benefit the mortgagee. This insurance was intended to insure that the mortgagor would be made whole in the event of the loss of the insured structure. Indeed, the only reason for the FPI contract to be put into place was because of the mortgagee's failure to abide by the terms of his or her contract with the mortgagor. Thus, the following Bruno[8] complaints shall be dismissed:

| | |
|---|---|
| 09-2562 | Monica Jones |
| 09-2563 | Lee Ausama |
| 09-2564 | Lordell Shearod |
| 09-2565 | Henry Youngblood |

---

[8]The Court notes that a substantial amount of plaintiffs covered by the Defendant Insurers were dismissed without prejudice by Mr. Bruno with the agreement of counsel prior to ruling on this motion. Thus, while these individuals were included in the motion, the motion is moot with respect to those individuals. The Court will thus only include in the dismissal those individuals who were not previously dismissed.

| 09-2566 | Twanda Coleman |
|---------|----------------|
| 09-2567 | Bernadette Butler |
| 09-2569 | Theresa Ross |
| 09-2570 | Lester Gaines |
| 09-2571 | Lester Gaines |
| 09-2572 | Ida Smith |
| 09-2573 | Odelia Condiff |
| 09-2584 | Oliver White |
| 09-2585 | Gustavis Biagas |
| 09-2686 | Celeste Ovide |
| 09-2595 | Darren Miller |
| 09-2597 | Eddie Smith |
| 09-2598 | Kevin Fabre |
| 09-2599 | Karen Harris & Sharon Lee |
| 09-2600 | Betty Price |
| 09-2617 | Brenda Singleton |
| 09-2622 | Brenda Singleton |
| 092644 | Carol Nelson |
| 092645 | Roslyn Flot |
| 09-2646 | Tina Ball |
| 09-2647 | Ronald Rollins |
| 09-2648 | Jerome Devezin |
| 09-2649 | Louella Parnell |
| 09-2651 | Sherrel Harris |
| 09-2652 | Madiere Moore |
| 09-2653 | Isaac Miller |
| 09-2683 | Dan Miller |
| 09-2691 | Shakir Hameed |
| 09-2692 | Jeanetta Burton |
| 09-2693 | Pamela Finney |

However, there are four exceptions to this general proposition with respect to the Safeco policies that are the subject of Bruno complaints, which the Court finds requires the denial of the motion to dismiss, the permitting of amended complaints to be filed, and a severance and re-allotment to occur. The following complaints wherein the declaration sheet for these policies

demonstrate coverage that would inure directly to the benefit of the homeowner or borrower as they

are referred to in the policy itself:

| C.A. No. 09-2568 | *Lillie Jefferson* | $20,000 contents; $8,000.00 ALE |
| C.A. No. 09-2588 | *Francisco Blanco* | $30,000 contents; $12,000.00 ALE |
| C.A. No. 09-2589 | *Isadore Willis* | $20,000 contents; $8,000.00 ALE |
| C.A. No. 09-2650 | *Larry Posey* | $30,000 contents; $12,000 ALE |

These circumstances place these plaintiffs within the realm of at a minimum third-party

beneficiaries; such a provision establishes a clear intent to provide specific coverage to the plaintiffs

involved. Accordingly, with respect to these plaintiffs, the motion to dismiss will be denied. Leave

will be granted to amend these complaints to correct any infirmity and the cases will be severed and

reallotted randomly.

    Likewise, with respect to the Rausch/Hall[9] and the HLC[10] complaints, no materials have

been provided to the Court to indicate that any of those plaintiffs are provided any kind of direct

benefit under the Safeco policies. Thus, the Court will grant the motion to dismiss with respect to

the mass joined complaints as to all of the plaintiffs identified as Safeco "insureds" with the proviso

that the Court would consider a motion to reconsider in the event any of these individuals can

demonstrate Coverage C or D provisions in their respective policies.

---

[9]The Rausch/Hall Amended Complaints Safeco plaintiffs are: Bertha & Chris Ballard, Eirene Berard, Sonya Brown, Cheryl Cook, Alita Cusher, Lawrence & Betty Hamilton, Evelyn and Joseph Harrison, *Sylvester W. Lucien*, Carrie Milton, Linye & Robert Mitchell, Sr., Natalie B. & Anthony J. Price, Ida Mae Smith, Robin Watkins, Philip & Marietta Williams, Audrey Palmer, Theresa Robertson, Evangeline Brown, and *Karen Alfred.* Sylvester W. Lucien (09-2613), Karen Alfred (09-2614) (all in italic) are listed as plaintiffs in their respective suits and have been identified by plaintiffs' counsel as having policies issued by a Safeco Company. However, Safeco has been unable to identify any policies that insure properties owned by these individuals.
    Furthermore, the Harrison and Mitchells claims were dismissed by Judge Barbier in *Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D.La. Jan. 26, 2007) and thus are barred by *res judicata* and should be dismissed on those grounds as well.

[10]The HLC Amended Complaints: Emma & Lawrence Brock, Jerry & Elaine Honore, George McCray, Anthony Owens, John Quiette, Janis Wright, A.C. & Ora Fields, Janice Garcia, Cynthia A. Gibson, Morice Gibson, Kay Jackson, Tammi Lewis, and Andria Polk.

**Balboa, Meritplan and Newport Policies**

Most of the plaintiffs who seek relief against this group of companies are those whose lender was the named insured under a lender-placed Mortgage Protection Policy issued by Newport to Countrywide Home Loans, Inc ("Countrywide").  *See* Doc. 18100, Exh. B,  Declarations Page, N-00004, 33, 63,91, 120.  The borrower is not a named insured or an additional insured.  The intent of this lender-placed Mortgage Protection Policy to protect only the interests of the mortgage lender is evidenced substantially throughout the policy.  The named insured is the financial institution and it is to that institution that the terms "you" and "yours" apply.  The borrower has not right to cancel the policy and only the named insured lender can request coverage under the policy.  Finally, the Notice of Premium sent to each borrower after the lender purchased the policy states that the borrower is not insured under the Policy and is not to be paid any insurance proceeds:

> **THE POLICY PROTECTS THE MORTGAGEE'S INTEREST IN THE DESCRIBED LOCATION.  YOU ARE NOT AN INSURED UNDER THIS POLICY, AND YOU ARE NOT ENTITLED TO RECEIVE THE PROCEEDS FROM THIS POLICY IN THE EVENT OF LOSS OR DAMAGE TO YOUR PROPERTY.**

*See* Doc. 18100, Exh. B, n-00019, 49,78,106, 135.

Likewise, the claims brought by other plaintiffs pursuant to a Meritplan Lender Single Interest Fire Insurance Policy issued to Saxon Mortgage Service, In. policy no. 6041-0002 must fail. There is no indication in this policy of any intent to create a third-party beneficiary relationship. The only named insured is Saxon Mortgage Services, Inc. The coverage was limited to the mortgagor's interest in the property and "No coverage is provided for the interest of any other party or entity." The policy further provide that the Borrower is not an additional insured, and no coverage is

18

Case 2:05-cv-04182-SRD-JCW   Document 19694   Filed 04/01/10   Page 19 of 31

provided for the borrower's interest in the property.  As such, these claims must be dismissed as well. The Bruno complaints are as follows:

| | |
|---|---|
| 09-1600 | John Johnson J |
| 09-1604 | Diane Butler |
| 09-1610 | Matthew Williams M |
| 09-1611 | Michelle Johnson M |
| 09-1612 | Shirley Gaines |
| 09-1614 | Iolanda Johnson I |
| 09-1615 | Alice Wroten |
| 09-2582 | Angela Chalk |
| 09-2607 | David and Justin Perkins |
| 09-2640 | Robert Booth & Nadedge Wynden-Booth |
| 09-2642 | Charlie Burgess & Wanda Shedd-Burgess |
| 09-2702 | Sheila Franklin |
| 09-2703 | James Allen |
| 09-2706 | Barbara Wilson, (cont'd) |
| 09-2729 | Jean West |
| 09-2730 | James Hardy |

The Hall complaints concern Wayne Johnson, Lois Conway, Sandra · Cummings, Roosevelt and Lynette Patterson, Daisy voice-Perkins, and Meredith. Williams.  The HLC complaints concern Stella Ford, Willie Baker and Patricia Jackson, latonya Montegu, Joe Simpson, Keith Stevens and Helen Stewart.

### The Involved Lloyd's Underwriters Policies

(iii)　　　**The Involved Lloyd's Underwriters Policies[11]**

None of the policies provided to the mortgagees by the Involved Lloyd's Underwriters name the FPI Plaintiffs/borrowers as Named Insureds or Additional Insureds; thus, unless the language

---

[11]　　The Involved Lloyd's Underwriters have made every effort to identify any and all applicable policies at issue under the FPI Umbrella.  This notwithstanding, to the extent Underwriters have not yet been able to identify all policies involved based on the FPI Plaintiffs/borrowers' Amended Complaints, Underwriters have reserve their rights to assert any and all applicable defenses, including the defense of lack of standing, against any latter identified policies.

of the policy expresses an intent to create a third-party benefit, the complaints based on these policies must be dismissed. However, there are a number of policies which provide for Contents and ALE coverage. These policies and complaints thus require examination.

A.   The Fidelity Homestead Association Policy Form

Certain Involved Lloyd's Underwriters provide coverage to the Named Insured Mortgagee, Fidelity Homestead Association, through Master Certificate No. MSP0801000005 (the "Fidelity Policy").[12] FPI Plaintiffs/borrowers, Samuel L. Morrison and Sharon Samuel (*Brock* C.A. No 09-2879), allege coverage under the Fidelity Policy in the HLC Amended Complaints. However, the Fidelity Policy expressly provides that the definition of "you" and "your" refers "to the Named Insured Mortgagee shown on the Declarations."[13] The Declaration lists "Fidelity Homestead Association" as the Named Insured and no reference is made to either Mr. Morrison or Ms. Samuel.

Moreover, the Fidelity Policy provides under the Loss Payment Condition, that Underwriters will "adjust all losses with you."[14] Again, no reference is made to the FPI Plaintiffs/borrowers. Similarly, any requests for coverage are to come solely from the Named Insured Mortgagee, not the borrower, and only the Named Insured Mortgagee may cancel the Fidelity Policy.[15] With no evidence to the contrary presented, the Court finds that this motion to dismiss should be granted as to Samuel L. Morrison and Sharon Samuel (*Brock* C.A. No 09-2879).

B.   The Bank One, HomeComings Financial and Washington Mutual Policy Forms

---

[12]   The Fidelity Policy was filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.
[13]   *See* Form MSP 1000/0704, of the Fidelity Policy, p. 1.
[14]   *Id.* at p. 10.
[15]   *Id.* at p. 11.

Certain Involved Lloyd's Underwriters issued force-placed policies to Named Insured Mortgagees Bank One, HomeComings Financial and Washington Mutual. FPI Plaintiff/borrower Ralph Amat alleged coverage under Master Certificate No. 1901-3337 issued to Bank One (the "Bank One Policy").[16]   However, the Court has been informed that HLC does not intend to pursue this claim and a joint stipulation dismissing this claim is to be filed.

FPI Plaintiff/borrower Mary Leicher (*Fields*, C.A. No. 09-2880) alleges coverage under Master Certificate No. 1901-8293 issued to HomeComings Financial (the "HomeComings Policy").[17]   FPI Plaintiff/borrower Bernard Singleton (*Fields*, C. A. No. 09-2880) alleges coverage under Master Certificate No. 1901-4145-001 issued to Washington Mutual (the "Washington Policy").[18]   The Bank One, HomeComings and Washington Policies contain identical language that expressly defines "insured(s)" to be the "assured named on the Declarations Page."[19]   In each case, only the lender is so named.[20]   No reference is made to the FPI Plaintiffs/borrowers on the individual Declarations Pages.   Moreover, the Insuring Agreement for each of these policies clearly states that:

I.   **Agreement**

We insure **you** and **your** legal representatives against **direct physical loss by or from flood** to the **insured property**. . . .[21]   (emphasis in original)

---

[16]   The Bank One Policy was filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.
[17]   The HomeComings Policy was filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.
[18]   The Washington Policy was filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.
[19]   *See* Form FLD-11 (6/03), Section (II)(19) - Definitions, p. 3 of 19, of the Bank One, HomeComings and Washington Policies.
[20]   *See* Declaration Pages for the Bank One, HomeComings and Washington Policies, attached manually in The Involved Lloyd's Underwriters' policies disk.
[21]   *See* Form FLD-11 (6/03), Section (I) - Agreement, p. 1 of 19, of the Bank One, HomeComings and Washington Policies.

Further, each of the involved policies provide that the policy is a contract "between **you** and **us**...."[22] (emphasis in original) Most importantly, however, the General Conditions section of these policies provides that "Regardless of the **insurable interests** of the **owner** or any other person or persons in the **insured property, you** are **our** sole **insured** under this **policy**."[23] (emphasis in original) This limitation further is restated in both the Flood Insurance Deficiency Coverage Endorsement and Deductible Buy-Back Coverage Endorsements outlined these policies. Moreover, additional policy provisions reinforce this position including the Loss Payment condition that provides that all loss payments will be made "directly to **you**...."[24] (emphasis in original). As no evidence to the contrary has been presented, the Court finds the motion in this regard should be granted as to Mary Leicher (*Fields*, C.A. No. 09-2880) and Bernard Singleton (*Fields*, C. A. No. 09-2880). As to Mr. Amat, the Court can not identify from the material provided which case is his, therefore, it expects at stipulation of dismissal to be filed forthwith as to that plaintiff.

C.   The Standard Mortgage, Litton Loan and Hibernia Bank Policy Forms

Certain Involved Lloyd's Underwriters, through SWBC, provide force-placed coverage to Named Insured Mortgagees Standard Mortgage Company, Litton Loan Servicing, LP and Hibernia National Bank. Master Certificate No. FP-1565 was issued to Standard Mortgage Company (the "Standard Mortgage Policy"). Those FPI plaintiffs seeking relief under that policy and the policy terms as based on the declaration sheet are as follows:

---

[22]    *See* Form FLD-11 (6/03), Section (II)(25) - Definitions, p. 3 of 19, of the Bank One, HomeComings and Washington Policies.
[23]    *See* Form FLD-11 (6/03), Section (VII)(A) - Insurable Interest and Limit of Liability, p. 11 of 19, of the Bank One, HomeComings and Washington Policies.
[24]    *See* Form FLD-11 (6/03), Section (VII)(L) - Loss Payment, p. 15 of 19, of the Bank One, HomeComings and Washington Policies.

**Standard Mortgage Policy With Coverage C and or D**
    Emile Armstrong, Jr.,( C.A. No. 09-2655 Cov. C & D);
    Kelvin and Mary Bush (C.A. NO. 09-2664 Cov. C &D), Sr.,
    Belinda Chism (C.A. No. 09-2695 Cov. C&D),
    Owanda Campbell (C.A. No. 09-2696 Cov. C & D),
    Oliver Comeaux, Sr. (C.A. No. 09-2662 Cov. C & D) ,
    Stacey Davis (C.A. No.09-2656 Cov. C &D),
    C.F. Finnie (C.A No. 09-2668 Cov. C & D),
    Clarence Hunter (C.A. No. 09-2661 Cov. C & D),
    Keith Riley, Sr. C. A. No. 09-2694 Cov. C & D),
    Deanne M. Marshall (C.A. No. 09-2658 Cov. C &D),
    Unel Mitchell (C.A . No. 09-2697 Cov. C&D) ,
    Patricia Thompson Noel (C.A. No. 09-2657 Cov. C & D),
    Henry and Barbara Williams[25] (C.A. No. 09-2594 Cov. C & D),
    Dorothy Waker (improperly identified as Debra A. Walker)(C. A. No. 09-2660 Cov. C &D);
    Ernest Washington (C.A. No. 09-2663 Cov. D)

**Standard Mortgage PolicyWithout Coverage C and/or D**
    Laura Barthelemy (C.A. No. 2614)[26]
    Danny Howard ( C.A. No. 09-2613),
    Pam Pugh (unidentified case no.)[27]
    Calvin Martin (C.A. No. 09-2613),
    Marvin J. Mercadel (C.A. No. 2613),

Litton Loan Servicing, LP was provided coverage under Master Policy No. FP-1451 (the "Litton Policy"). The following plaintiffs seek relief pursuant to that policy:

**Litton Policy With Coverage C and/or D**
    William Clayton C.A. No. C.A. No. 09-2593 Cov. D),
    Dwayne Edwards (C.A. No. 09-2559 Cov. D),

---

[25] Mr. and Mrs. Williams assert a claim for coverage under the Standard Mortgage Policy. Although the Standard Mortgage Policy insures Standard Mortgage's interest in the property located at 14582 Tilbury Rd., *i.e.*, the property referenced in Mr. and Mrs. Williams' Amended Complaint (Civ. No. 09-2594), neither Mr. nor Mrs. Williams are the referenced borrowers associated with the Tilbury location described. This fact alone is a basis for dismissal of the Williams' Amended Complaint.
[26] The Involved Lloyd's Underwriters do not have a force-placed policy that references Ms. Barthelemy as a Standard Mortgage Company borrower. Rather, the borrower referenced is Mr. Donald Barthelemy. On this basis alone, Ms. Barthelemy has no standing to pursue claims against Underwriters and/or SWBC.
[27] Ms. Pugh asserts a claim for coverage under the Standard Mortgage Policy. Although the Standard Mortgage Policy insures Standard Mortgage's interest in the property located at 2713 Dante Street., *i.e.*, the property referenced in Ms. Pugh's Amended Complaint (Civ. No. 09-22667), Ms. Pugh is not the referenced borrower associated with the Dante Street location described. This fact alone warrants the dismissal of the Pugh Amended Complaint.

     Joan Hyde (C.A. No. 09-2560 Cov. D),

     Laura Waguespack (C.A. No. 09-2659 Cov. C & D)

     [ Barbara Simpson, C. A. No. 09-2665 Cov. D was not listed as a plaintiff, but should have been as there is a suit pending]

**Litton Policy Without Coverage C and/or D**

     Cynthia and Gregory Christian (C.A. No. 09-2613),

     Irvin Hatcher (C.A No. 09-2614),

     Percy Kelson (unidentified complaint),

     Barbara Lewis-Oliver (unidentified complaint),

     Scott Riley (unidentified complaint) and

Hibernia National Bank was provided coverage under Master Certificate No. FP-1431 (the "Hibernia Policy"). The following plaintiffs seek relief pursuant to that policy:

**Hibernia Policy With Coverage D**

     Frank Davis, Jr. (C.A. No. 09-2615 Cov. D)

**Hibernia Policy Without Coverage C and/or D**

     Pamela P. Taylor (unidentified complaint)

     The Standard Mortgage, Litton and Hibernia Policies contain identical language. None of the FPI Plaintiffs/borrowers outlined herein are named insureds and/or additional named insureds under these policies except those as indicated as have Contents and/or Additional Living Expenses coverage.[28] Lloyds maintains that the Standard Mortgage, Litton and Hibernia Policies provide coverage solely for the benefit of the respective Named Insured Mortgagees. They rely on the language of Endorsement No. 17, which states: "The loss will be covered up to **your** interest in the property at the time of loss and notification will be issued to the borrower that coverage protecting

---

[28]    The following FPI Plaintiffs/borrowers have been identified by plaintiffs' counsel as having policies issued by The Involved Lloyd's Underwriters and/or SWBC: Mary Green (Civ. No. 09-2614), Michael Reed (Civ. No. 09-2614), Joann Howard (Civ. No. 09-2613), Dennis Price (Civ. No. 09-2613). Notwithstanding the inclusion of the above-listed FPI Plaintiffs/borrowers, The Involved Lloyd's Underwriters have been unable to identify any policies that insure properties owned by these individuals. Undersigned counsel has requested additional information from plaintiffs' counsel, such as a policy number, but that information has not been provided.

only your interest has been placed on the property. . . ."[29] Moreover, Standard Mortgage, Litton and Hibernia are the only Insureds listed on the Declaration Pages of the Master Certificates at issue.[30] No reference is made to the FPI Plaintiffs/borrowers on these Declarations Pages. Rather, in each case, only the lender is so named.[31] Further, none of the FPI Plaintiffs/borrowers are listed as Insureds and/or Additional Insureds on the individual Notices of Insurance associated with the Master Certificates as the sole purpose of these policies is to protect the respective lender's interest.[32]

However, there is proof in the record that the Bruno plaintiffs noted above have been provided Contents coverage or Addition Living Expenses coverage; thus, there is a question as to whether these persons have a valid third-party beneficiary claim. As such, the Court will not dismiss the complaints of those individuals. These circumstances place these plaintiffs within the realm of at a minimum third-party beneficiaries; such a provision establishes a clear intent to provide specific coverage to the plaintiffs involved. Accordingly, with respect to these plaintiffs, the motion to dismiss will be denied. Leave will be granted to amend these complaints to correct any infirmity and the cases will be severed and reallotted randomly.

Likewise, as there is no proof of any Rausch/Hill or HLC complainant being provided such additional coverage, the Rausch/Hill and HLC complaints shall be dismissed as to these Defendant Insurers. However, to the extent that those in the Rausch/Hill or HLC complaints can demonstrate such coverage, the Court will entertain a motion to reconsider individual plaintiffs in the event such plaintiff can demonstrate additional personal coverage.

---

[29]   *See* Automatic Coverage Provision, Endorsement No. 17, of the Standard Mortgage, Litton and Hibernia Policies.
[30]   *See* Declaration Pages of Master Certificate Nos. FP-1565, FP-1451 and FP-1431; attached manually in The Involved Lloyd's Underwriters' policies disk.
[31]   *Id.*
[32]   *See* Notices of Insurance produced in conjunction with Master Certificate Nos. FP-1565, FP-1451 and FP-1431; attached manually in The Involved Lloyd's Underwriters' policies disk.

D.   The Novastar Policy Form

Certain Involved Lloyd's Underwriters, through Proctor, issued a forced-placed policy to Named Insured Mortgagee Novastar Financial, identified with Master Certificate No. MP7001349 (the "Novastar Policy"). The Novastar Policy provided force-placed coverage to Novastar for the period December 7, 2004 to December 7, 2005. This is the policy under which FPI Plaintiff/borrowers Tyrone Jones[33], Jerry Darby[34], Aline LaCour (*Fields*, C.A. No.09-2880) and Daniel and Erica Ross (*Ross*, C.A. 09-2613) allege coverage. The FPI Plaintiffs/borrowers outlined herein are neither insureds, additional named insureds, nor third-party beneficiaries to the Novastar Policy. The Novastar Policy inures only to the benefit of the Named Insured Mortgagee, Novastar Financial. The FPI Plaintiffs/borrowers, therefore, have no standing to pursue Underwriters and/or Proctor.

Pursuant to the Novastar Policy Conditions and Definitions, outlined in Endorsement No. 3, the policy "insures (but only in the event there is no other insurance applicable) the Lending Institution (the Insured listed on the Declaration Page) against direct loss resulting from destruction of or damage to insured property . . . " Novastar Financial is the only insured listed on the Declarations Page and none of the FPI Plaintiffs/borrowers are listed as Insureds and/or Additional Insureds. Further, Condition No. 5 of the Novastar Policy states that a "Loss shall be adjusted with

---

[33]   Mr. Jones' previous *two* lawsuits seeking payment under the Novastar Policy were dismissed by orders dated November 21, 2007 and November 7, 2008 (Case No. 06-9503). In that case, Hon. Judge Eldon Fallon of this Court held that Mr. Jones was neither an insured nor third-party beneficiary of the Novastar Policy. Mr. Jones' currently pled claims must, therefore, be and would be dismissed on basis of res judicata. *See Jones v. Proctor,* 2007 WL 4206863. However, this Court is unable to find the lawsuit in which this plaintiff is included, the Court assumes that there is no complaint before it to dismiss.

[34]   Mr. Darby's previous lawsuit seeking payment under Novastar Policy was also dismissed. Hon. Judge G. Thomas Porteous, Jr. of this Court held, on January 16, 2008, that Mr. Darby was neither an insured nor a third-party beneficiary of the Novastar Policy. Under the principles of res judicata, his claims must fail here as well. *See Darby v. Proctor Fin. Ins. Co.*, 2008 WL 170046 (E.D. La. June 16, 2008) and thus would be dismissed on basis of res judicata. However, this Court is unable to find the lawsuit in which this plaintiff is included, the Court assumes that there is no complaint before it to dismiss.

and made payable to the insured unless another payee is specifically named."   None of the FPI

Plaintiffs/borrowers are identified as loss payees under the Novastar Policy.   This fact is further

emphasized in Exclusion No. 2 of the Novastar Policy, which states that there is no coverage for

"personal property of the owner or occupant."   Thus, the Novastar Policy is intended to protect only

Novastar's own financial interest in property being pledged as collateral to secure a loan instrument.

All of the policy language discussed above underscores and embodies the clear purpose of

the FPI Policies, to provide coverage for the mortgage lenders in order to protect their own security

interests in the properties.   There is no language showing any clear intent to benefit the borrowers,

as is required by the Louisiana Supreme Court in *Joseph*, 939 So. 2d at 1212, rather the opposite is

true.   Therefore, no *stipulation pour autrui* has been established with respect to Aline LaCour

(*Fields*, C.A. No.09-2880) and Daniel and Erica Ross (*Ross*, C.A. 09-2613) and thus, these claims

shall be dismissed as well.   Accordingly,

   **IT IS ORDERED** that the Motion to Dismiss is **MOOT** with respect to *Howard*,

C.A. 09-2612 (Becnel); this is an individual was dismissed on March 31, 2009.[35]

   **IT IS FURTHER ORDERED** that the Motion to Dismiss is **MOOT** with respect

to *Danny and Deidre Howard v. Certain Underwriters at Lloyds and Southwest Business Corp.*,

C.A. No. 09-2611 as this case has been severed as not concerning forced place coverage.

   **IT IS ORDERED** that the Motion to Dismiss is **GRANTED** with respect to all

plaintiffs contained in *Ross, et al.*, C.A. No. 09-2913; *Johnson*, C.A. No. 09-2614; *Brock, et al.*, C.A.

No. 09-2879; and *Fields, et al*, C.A. No. 09-2880; however, in the event counsel can demonstrate

---

[35]This case was included in the caption of the instant motion, but is not discussed in the body of the motion. Instead, *Danny and Deidre Howard v. Certain Underwriters at Lloyds and Southwest Business Corp.*, C.A. No. 09-2611. However, on July 10, 2009, this case was severed out of the Forced Place docket and was ordered to be set for trial as the case is not one arising under the forced place rubric. Thus, the motion is **MOOT** as to this suit as well.

that any individual plaintiff in these mass joined complaints have Content coverage or Addition

Living Expense coverage, the Court shall entertain a Motion to Reconsider with respect only to

those discrete individuals.  Such a motion must be filed no later than **April 20, 2010.**

      **IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** with respect to

the following cases:

    **Safeco:**

| | |
|---|---|
| 09-2562 | Monica Jones |
| 09-2563 | Lee Ausama |
| 09-2564 | Lordell Shearod |
| 09-2565 | Henry Youngblood |
| 09-2566 | Twanda Coleman |
| 09-2567 | Bernadette Butler |
| 09-2569 | Theresa Ross |
| 09-2570 | Lester Gaines |
| 09-2571 | Lester Gaines |
| 09-2572 | Ida Smith |
| 09-2573 | Odelia Condiff |
| 09-2584 | Oliver White |
| 09-2585 | Gustavis Biagas |
| 09-2686 | Celeste Ovide |
| 09-2595 | Darren Miller |
| 09-2597 | Eddie Smith |
| 09-2598 | Kevin Fabre |
| 09-2599 | Karen Harris & Sharon Lee |
| 09-2600 | Betty Price |
| 09-2617 | Brenda Singleton |
| 09-2622 | Brenda Singleton |
| 092644 | Carol Nelson |
| 092645 | Roslyn Flot |
| 09-2646 | Tina Ball |
| 09-2647 | Ronald Rollins |
| 09-2648 | Jerome Devezin |
| 09-2649 | Louella Parnell |
| 09-2651 | Sherrel Harris |
| 09-2652 | Madiere Moore |
| 09-2653 | Isaac Miller |
| 09-2683 | Dan Miller |
| 09-2691 | Shakir Hameed |

| | |
|---|---|
| 09-2692 | Jeanetta Burton |
| 09-2693 | Pamela Finney |

**Balboa, Meritplan and Newport Policies**

| | |
|---|---|
| 09-1600 | John Johnson J |
| 09-1604 | Diane Butler |
| 09-1610 | Matthew Williams M |
| 09-1611 | Michelle Johnson M |
| 09-1612 | Shirley Gaines |
| 09-1614 | Iolanda Johnson I |
| 09-1615 | Alice Wroten |
| 09-2582 | Angela Chalk |
| 09-2607 | David and Justin Perkins |
| 09-2640 | Robert Booth & Nadedge Wynden-Booth |
| 09-2642 | Charlie Burgess & Wanda Shedd-Burgess |
| 09-2702 | Sheila Franklin |
| 09-2703 | James Allen |
| 09-2706 | Barbara Wilson, (cont'd) |
| 09-2729 | Jean West |
| 09-2730 | James Hardy |

**Standard Mortgage Policy**
Laura Barthelemy (C.A. No. 2614)
Danny Howard ( C.A. No. 09-2613),
Pam Pugh (unidentified case no.)
Calvin Martin (C.A. No. 09-2613),
Marvin J. Mercadel (C.A. No. 2613),

**Litton Policy**
Cynthia and Gregory Christian (C.A. No. 09-2613),
Irvin Hatcher (C.A No. 09-2614)
Percy Kelson (unidentified complaint),
Barbara Lewis-Oliver (unidentified complaint),
Scott Riley (unidentified complaint) and

**Hibernia Policy**
Pamela Taylor (unidentified complaint)

**Novastar Policy**
Aline LaCour (*Fields*, C.A. No. 09-2880)
Daniel and Erica Ross (*Ross* C.A. No. 09-2613)

**IT IS FURTHER ORDERED** that with respect to the following suits, because there

has been identified   with respect to the individual plaintiffs policies providing Coverage C

29

(Contents) and/or Coverage D (Additional Living Expenses), the Motion to Dismiss is **DENIED**;

counsel shall be given 60 days from the entry of this order to attempt to settle these cases. In the

event such a course of action is unsuccessful, amended complaints shall be filed to cure all pleading

deficiencies **no later than June 1, 2010.** On June 4, 2010, these cases must be severed and

reallotted for trial purposes.

**Safeco:**
C.A. No. 09-2568    *Lillie Jefferson*
C.A. No. 09-2588    *Francisco Blanco*
C.A. No. 09-2589    *Isadore Willis*
C.A. No. 09-2650    *Larry Posey*

**Standard Mortgage Policy:**
Emile Armstrong, Jr.,( C.A. No. 09-2655 Cov. C & D);
Kelvin and Mary Bush (C.A. NO. 09-2664 Cov. C &D), Sr.,
Belinda Chism (C.A. No. 09-2695 Cov. C&D),
Owanda Campbell (C.A. No. 09-2696 Cov. C & D),
Oliver Comeaux, Sr. (C.A. No. 09-2662 Cov. C & D) ,
Stacey Davis (C.A. No.09-2656 Cov. C &D),
C.F. Finnie (C.A No. 09-2668 Cov. C & D),
Clarence Hunter (C.A. No. 09-2661 Cov. C & D),
 Keith Riley, Sr. C. A. No. 09-2694 Cov. C & D),
Deanne M. Marshall (C.A. No. 09-2658 Cov. C &D),
Unel Mitchell (C.A . No. 09-2697 Cov. C&D) ,
Patricia Thompson Noel (C.A. No. 09-2657 Cov. C & D),
Henry and Barbara Williams[36] (C.A. No. 09-2594 Cov. C & D),
Dorothy Waker (improperly identified as Debra A. Walker)(C. A. No. 09-2660 Cov.
C &D)
Ernest Washington (C.A. No. 09-2663 Cov. D)

**Litton Policy**
William Clayton C.A. No. C.A. No. 09-2593 Cov. D),
Dwayne Edwards (C.A. No. 09-2559 Cov. D),
Joan Hyde (C.A. No. 09-2560 Cov. D),
Laura Waguespack (C.A. No. 09-2659 Cov. C & D)

---

[36]    Mr. and Mrs. Williams assert a claim for coverage under the Standard Mortgage Policy. Although
the Standard Mortgage Policy insures Standard Mortgage's interest in the property located at 14582 Tilbury Rd., *i.e.,*
the property referenced in Mr. and Mrs. Williams' Amended Complaint (Civ. No. 09-2594), neither Mr. nor Mrs.
Williams are the referenced borrowers associated with the Tilbury location described. This fact alone is a basis for
dismissal of the Williams' Amended Complaint.

[ Barbara Simpson, C. A. No. 09-2665 Cov. D was not listed as a plaintiff, but should have been as there is a suit pending]

**Hibernia Policy**
Frank Davis, Jr. (C.A. No. 09-2615 Cov. D)

**IT IS FURTHER ORDERED** that to the extent that any of these cases have been identified only by plaintiff name, Defendant Insurer shall provide the appropriate case name and number to Bridget Gregory, Docket Clerk for Section K, no later than 5:00 p.m., April 5, 2010.

**IT IS FURTHER ORDERED** that counsel for Insurance Defendants shall prepare a judgment in accordance with this Order and Reasons for the cases dismissed pursuant hereto **no later than April 15, 2010.**

New Orleans, Louisiana, this ___1st___ day of April, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE