UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO: MRGO<br>    *Armstrong, No.* 10-866 | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>*<br>* SECTION "K" (2)<br>*<br>*<br>* JUDGE DUVAL<br>*<br>* MAGISTRATE WILKINSON |

## AUTHORITIES IN RESPONSE TO COURT'S JUNE 14 MINUTE ENTRY

As a courtesy to the Court and opposing counsel and for ease of reference, Washington Group International, Inc. ("WGI") hereby submits a list of authorities it plans to discuss in oral argument at the June 28, 2012 hearing on its Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Rec. Doc. 20764). WGI respectfully submits that these authorities are responsive to the questions the Court directed the parties to address in its June 14, 2012 Minute Entry (Rec. Doc. 20878).

1. *Akeva LLC v. Mizuno Corporation,* 212 F.R.D. 306, 210-311 (M.D.N.C. 2002)("The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions….It does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc in docket control

1097448v.1

and amount to unlimited expert opinion preparation.")(internal citations omitted). A copy is attached hereto as Exhibit 1.

2. *Coles v. Perry,* 217 F.R.D. 1, 3-4 (D.D.C. 2003)("By 'locking' the expert witness into what [Rule 26] calls a 'complete statement of all opinions to be expressed and the basis and reasons therefor,' the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and how to prepare for cross examination and rebuttal. When the expert supplements her report by addressing a new matter after discovery has ended, the very purpose of the rule is nullified."). A copy is attached hereto as Exhibit 2.

3. *DAG Enterprises, Inc. v. Exxon Mobil Corp.,* 226 F.R.D. 95, 110 (D.D.C. 2005)("supplemental" report not allowed when the proposed supplement was "an attempt to rework" analyses and opinions based upon information that had been previously available to the proponent). A copy is attached hereto as Exhibit 3.

4. *Gallagher v. Southern Source Packaging, LLC,* 568 F. Supp. 2d 624, 629-632 (E.D. N.C. 2008)("Supplementation of an expert report permits a party to correct inadvertent errors or omissions.  Supplementation, however…does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report…."Courts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship….") A copy is attached hereto as Exhibit 4.

5. *Lory v. General Elec. Co.*, 179 F.R.D. 86 (N.D.N.Y. 1998) (when there is a court-approved discovery plan the Court looks to Rule 16(f), not Rule 37, and the relevant inquiry is whether plaintiff has shown good cause for its failure to timely disclose). A copy is attached hereto as Exhibit 5.

6. *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991)("The trial court generally admits rebuttal evidence . . . to rebut evidence unavailable earlier through no fault of the plaintiff.")(citation omitted). A copy is attached hereto as Exhibit 6.

**WHEREFORE**, WGI hereby submits a list of authorities it plans to address in oral argument at the June 28, 2012 hearing in response to the questions the Court directed the parties to address in its June 14, 2012 Minute Entry.

Dated:  June 26, 2012

Respectfully submitted,

*/s/ William D. Treeby*
William D. Treeby, 12901
James C. Gulotta, Jr., 6590
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361

and

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3891
Facsimile:  (202) 626-1700

Attorneys for Washington Group International, Inc., a division of URS Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 26th day of June, 2012.

*/s/ William D. Treeby*

1097448v.1