212 F.R.D. 306
United States District Court,
M.D. North Carolina.

AKEVA L.L.C., a North
Carolina Corporation, Plaintiff,

v.

MIZUNO CORPORATION, a Japanese
Corporation; and Mizuno USA, Inc.,
a Georgia Corporation, Defendants.

No. 1:00CV00978.  |  Dec. 20, 2002.

On defendants' motions to exclude allegedly untimely expert reports submitted by plaintiff in patent infringement suit, the District Court, Eliason, United States Magistrate Judge, held that: (1) plaintiff did not establish good cause for untimely expert disclosures in violation of discovery control order; (2) exclusion of second test and opinion by plaintiff's original expert was justified by plaintiff's untimely disclosure of second test and opinion in violation of expert disclosure order; and (3) plaintiff's untimely disclosure of second expert's report in violation of expert disclosure order did not warrant its exclusion.

Motions granted in part and denied in part.

West Headnotes (11)

[1]     **Federal Civil Procedure**
        🔑 Failure to Respond;  Sanctions
        **Federal Civil Procedure**
        🔑 Order

When a dispute arises concerning violation of expert disclosure obligations pursuant to a court approved discovery plan, a court should first look to rule governing scheduling or pretrial orders for determining both compliance and sanctions, as opposed to general sanctions rule concerning failure to disclose. Fed.Rules Civ.Proc.Rules 16(f), 37(c), 28 U.S.C.A.

3 Cases that cite this headnote

[2]     **Federal Civil Procedure**
        🔑 Failure to Respond;  Sanctions
        **Federal Civil Procedure**
        🔑 Effect

When there is a discovery plan covering expert disclosures, the plan controls whether an expert disclosure is timely and not the explicit provisions of discovery rule. Fed.Rules Civ.Proc.Rule 26(a)(2)(C), 28 U.S.C.A.

[3]     **Federal Civil Procedure**
        🔑 Depositions and Discovery

Discovery rule concerning supplementation of discovery disclosures and responses envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading; it does not cover failures of omission because the expert did an inadequate or incomplete preparation. Fed.Rules Civ.Proc.Rule 26(e), 28 U.S.C.A.

22 Cases that cite this headnote

[4]     **Federal Civil Procedure**
        🔑 Failure to Respond;  Sanctions
        **Federal Civil Procedure**
        🔑 Order

Plaintiff did not establish good cause for untimely expert disclosures in violation of discovery control order, where facts simply showed that plaintiff was surprised by testimony of defendant's expert, and decided to bolster its case by getting a new expert and having its first expert conduct another type of test. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

[5]     **Federal Civil Procedure**
        🔑 Failure to Respond;  Sanctions
        **Federal Civil Procedure**
        🔑 Order

In determining sanction to impose for untimely expert disclosure in violation of discovery control order, factors to consider include: (1) the explanation for the failure to obey the order; (2) the importance of the expert opinion; (3) the prejudice to the opposing party by allowing the



disclosures; and (4) the availability of alternative or lesser sanctions. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

4 Cases that cite this headnote

[6] **Federal Civil Procedure**
 Failure to Respond; Sanctions
 **Federal Civil Procedure**
 Order

Relevant factors to consider in determining sanction for untimely expert disclosure in violation of discovery control order include: (1) the interest in expeditious resolution of litigation; (2) a court's need to manage its docket; and (3) public policy favoring disposition of cases on the merits. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

4 Cases that cite this headnote

[7] **Federal Civil Procedure**
 Failure to Respond; Sanctions

Docket control planning is sufficiently important factor to alone justify the exclusion of an untimely disclosed expert report or opinion even in absence of prejudice to the opposing party. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

3 Cases that cite this headnote

[8] **Federal Civil Procedure**
 Failure to Respond; Sanctions
 **Federal Civil Procedure**
 Order

Exclusion of second test and opinion by plaintiff's original expert was justified by plaintiff's untimely disclosure of second test and opinion in violation of expert disclosure order, by plaintiff's failure to immediately request court permission for the test and opinion, and by fact that said report was not disclosed to defendants until after discovery ended, which was a second violation of court's discovery order. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

5 Cases that cite this headnote

[9] **Federal Civil Procedure**
 Failure to Respond; Sanctions
 **Federal Civil Procedure**
 Order

Plaintiff's untimely disclosure of expert report in violation of expert disclosure order did not warrant its exclusion, where plaintiff submitted the report prior to the end of discovery and within the thirty-day time period for rebuttal discovery that would have applied had case been operating without a discovery plan. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

8 Cases that cite this headnote

[10] **Federal Civil Procedure**
 Order

When there is a substantial violation of rule governing scheduling orders, even without bad faith, deliberation or other aggravating factors, some sanctions in the form of attorney's fees and cost-shifting are appropriate in order to: (1) act as a general deterrent to violation of the court's order; (2) encourage adequate pretrial preparation; (3) ensure the party will not profit by its own failures; and (4) eliminate prejudice to the opposing party. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

[11] **Federal Civil Procedure**
 Failure to Respond; Sanctions

In order to protect defendants against prejudice from plaintiff's untimely expert disclosure, court would require plaintiff to pay the costs and expense of the expert's deposition, including the expert fees, if any, of and the attorney's fees incurred by defendants in connection with motions to exclude expert reports, up to the amount of $3,000.00. Fed.Rules Civ.Proc.Rule 16(f), 28 U.S.C.A.

2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*307** William C. Connor, Scott Andrew Schaaf, Tuggle, Duggins & Meschan, P.A., Greensboro, NC, Patrick J. Flinn, Alston & Bird, Atlanta, GA, for plaintiff.

James Jason Link, John Steven Gardner, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, Douglas D. Salyers, Troutman Sanders, Atlanta, GA, for defendants.

**Opinion**

### ORDER

ELIASON, United States Magistrate Judge.

This matter comes before the Court on two motions filed by the defendants, hereinafter denominated collectively as "Mizuno." Both motions seek to exclude allegedly untimely expert reports submitted by plaintiff. One concerns the expert report of a Dr. Karl B. Fields, and the other seeks to exclude the additional expert report of a Mr. Fredericksen with respect to experiments conducted by him at Michigan State University subsequent to his initial expert report. Defendants contend that both these expert reports are unauthorized and untimely and that plaintiff **\*308** Akeva L.L.C. ("Akeva") should be prohibited from using the expert reports at trial.

After this case was filed and the Court denied defendants' motion to dismiss, the Court, on May 29, 2002, entered a Rule 26(f) Report and Order based on the parties' stipulations. After some modifications, discovery was set to end on November 15, 2002. The trial is set for March 31, 2003.

The Rule 26(f) Report and Order specifically provides times for expert disclosure pursuant to Fed.R.Civ.P. 26(a)(2). The parties chose a bifurcated schedule wherein the party bearing the burden of proof on an issue must first disclose the expert and the expert's report on or before September 3, 2002. In the second tier, any party offering expert testimony in rebuttal had to disclose the expert and the report on or before October 3, 2002.

The expert opinions in this case concern plaintiff's claim that Mizuno produced various models of athletic footwear which infringed its patents. Plaintiff argues that defendants inserted a "wave" plate in the shoes that does not operate as defendants contend with respect to weight bearing displacement and, therefore, infringes plaintiff's patents. It appears that plaintiff's first expert witness, Mr. Fredericksen, performed an alleged industry standard test on the plate in question. He submitted his expert report and was deposed on or about October 9, 2002. Prior to that time, and on October 7, defendants identified a Dr. Pourdeyhimi and disclosed his expert report on October 7, 2002. He performed a test different from Mr. Fredericksen and came to a conclusion that defendants' athletic shoes did not infringe plaintiff's patents.

Before discovery ended on November 15, 2002, and on November 1, 2002, plaintiff identified a new expert, Dr. Fields, who conducted a different test of the athletic shoes by inserting a lead tape into the shoes and then taking an x-ray to note the displacement when weight was applied. Plaintiff offered Dr. Fields for deposition. Later, and on November 18, 2002, plaintiff notified defendants of its intent to "supplement" Mr. Fredericksen's report with the result of an additional test supervised by Mr. Fredericksen to be conducted at Michigan State University on November 21, 2002.

Defendants argue that plaintiff's two new expert disclosures are untimely and violate Fed.R.Civ.P. 37(c)(1), along with Local Rule 16.1(e). [1] They assert that plaintiff was required to disclose the expert reports at the time of initial disclosure. The failure to do so allegedly violates Rule 37(c) because plaintiff did not have justification, and the failure to disclose was harmful to defendants and, therefore, the Court should exclude the experts' opinions from being used at trial.

Plaintiff responds that the disclosures were timely under Rule 26(a)(2)(C) which provides:

> These disclosures shall be made at the times and in the sequence directed by the court. *In the absence of other directions from the court or stipulation by the parties,* the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The **\*309** parties shall supplement these disclosures when required under subdivision (e)(1). (But note, emphasis added)

It argues that under this rule, Dr. Fields' report was a rebuttal report and that under Fed.R.Civ.P. 26(a)(2)(C), plaintiff

had thirty days after disclosure of the Pourdeyhimi report on October 7, 2002 to disclose the Fields' report, whose disclosure on November 1, 2002 was, thus, timely. With respect to Mr. Fredericksen's new test, plaintiff contends that it is a supplemental report and that Rule 26(e)(1) requires supplementation of expert reports as provided for in Rule 26(a)(3), which only requires disclosures at least thirty days prior to trial and, thus, the new Fredericksen test was timely disclosed.

Defendants retort that these reports are neither supplemental nor rebuttal reports, and so should have been initially disclosed. They allege harm because they relied on the Rule 26(f) Report and Order for disclosure times in order to prepare their case. Allowing the additional expert reports will cost them the advantage they procured as a result of plaintiff being dissatisfied with Fredericksen's initial report, and will impose the extra costs of having to depose both Fredericksen and Fields, along with perhaps procuring another expert of their own.

### Discussion

 **[1]**  The first question to be decided is what rule to apply in evaluating whether plaintiff's expert report filings were untimely and what sanctions to impose. Defendants request sanctions under Fed.R.Civ.P. 37(c). The 1993 Amendment Advisory Notes characterize this rule as a revision which "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A)." However, in this case, there was an initial pretrial conference scheduling plan and order pursuant to Rules 16 and 26 which governed and controlled disclosures. [2]

When a dispute arises concerning violation of expert disclosure obligations pursuant to a court approved discovery plan, the Court should first look to Rule 16(f) for determining both compliance and sanctions, as opposed to Rule 37(c). Rule 16(f) specifically speaks to non-compliance with a scheduling or pretrial order. Rule 37(c), on the other hand, is self-executing and will likely come into play later in the court proceedings, often at or near trial. It serves the situation where there is no discovery plan and the timing of the parties' discovery is controlled only by the Federal Rules of Civil Procedure. One difference between Rule 37(c) and Rule 16(f) is that violations of Rule 16(f) must be brought to the Court's attention by motion. Both rules permit the Court to impose sanctions contained in Rule 37(b)(2)(B) & (C), along with imposing attorney's fees and reasonable expenses because of any non-compliance. In addition, Rule 16(f) provides for the contempt sanction contained in subsection (b)(2)(D) of Rule 37.

Because there was a court approved discovery plan in this case, the Court looks to Rule 16(f) to determine violations for not disclosing expert reports at the time required under the scheduling order, and to determine sanctions. At this stage, the question is not whether the defendants have been prejudiced, but whether plaintiff has shown good cause for its failure to timely disclose. *Lory v. General Elec. Co.,* 179 F.R.D. 86 (N.D.N.Y.1998); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997)(Rule 16(b) only permits modification of scheduling order for good cause). Under Rule 16(f), the Court may impose the full range of sanctions, including precluding the expert's testimony. *Boardman v. National Medical Enterprises,* 106 F.3d 840, 843 (8th Cir.1997); *Lory,* 179 F.R.D. 86.

As noted above, plaintiff approaches this case as if no pretrial order had been entered. It, therefore, relies on the disclosure times set by the latter portions of Rule 26(a)(2)(C) **\*310** which govern in the absence of a pretrial order. Consequently, plaintiff presents a number of confusing justifications for its actions. The facts show that plaintiff presented two new expert opinions after the time set in the discovery plan. Plaintiff first argues that even though the second-tier disclosure talked about rebuttal opinions, this was in error and that the second-tier disclosure was merely for responsive disclosure. However, plaintiff had as much a role in choosing the words, as did defendants. Moreover, even under plaintiff's argument, the discovery plan simply did not provide a third-tier time for rebuttal experts. To meet this problem, plaintiff relies on the remaining provisions of Rule 26(a)(2)(C) which state that rebuttal experts' disclosures may be made at any time within thirty days of learning the need for rebuttal testimony (according to plaintiff, irrespective of a court approved discovery plan). Yet, even that justification will not work for Mr. Fredericksen, whose disclosure came outside of the thirty-day period. Therefore, for him, plaintiff turns to the supplementation provisions of Rules 26(e)(1) and 26(a)(3), claiming that it had the right to make these "supplemental" disclosures up to thirty days before trial. [3] The Court rejects all of plaintiff's constructions.

 **[2]**  Starting with the alleged rebuttal testimony of Dr. Fields, the discovery plan did not permit a third tier of expert disclosure as plaintiff contends. This was due simply to

inadvertence or neglect in the formulation of the discovery plan itself. Nothing prevented plaintiff from putting in a three-tier or even four-tier expert discovery provision. Second, when there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C). Consequently, the Court finds that Dr. Fields' untimely opinion was not permissible under the discovery plan and violated the Court's order.

 [3]   The Court also finds that Mr. Fredericksen's additional opinion does not constitute supplementation. Rule 26(e)(1) requires supplementation when a "party learns that in some material respect the information disclosed is incomplete or incorrect." If the additional or corrective information has not otherwise been made known, a party must disclose at the times set out in Rule 26(a). *But see* n. 2, *supra.* Plaintiff does not argue that Mr. Fredericksen's initial opinion was incorrect, but appears to argue that it was incomplete. The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions. Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. *See Keener v. United States,* 181 F.R.D. 639 (D.Mont.1998). It does not cover failures of omission because the expert did an inadequate or incomplete preparation. *Id.* at 641; *see Schweizer v. DEKALB Swine Breeders, Inc.,* 954 F.Supp. 1495, 1510 (D.Kan.1997)(no reason opinions could not have been stated earlier). To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation. Therefore, Mr. Fredericksen's second test and opinion was not supplementation, but merely an out-of-time disclosure.

 [4]   Having rejected plaintiff's legal excuses, the Court turns to the factual basis for plaintiff's good cause argument. After the smoke of plaintiff's argument clears, the facts simply show that plaintiff was surprised by Dr. Pourdeyhimi's testimony. What is more difficult to tell is whether that surprise is justified. In essence, because Dr. Pourdeyhimi conducted a test that might cast doubt on Mr. Fredericksen's test of the shoes, plaintiff decided to bolster its case by getting a new expert and having Mr. Fredericksen conduct another type of test. These expert reports certainly have some aspects of rebuttal testimony about them, but may also be characterized as makeup for initially inadequate or incomplete preparation. In all events, the Court cannot find that plaintiff **\*311** has advanced just cause for failing to obtain this testimony earlier,

and the Court finds plaintiff has violated the scheduling order by attempting to introduce additional expert testimony at times not authorized by the discovery control order.

 [5]  [6]  [7]   Having found a violation of Rule 16(f), the next issue is what kind of sanctions to impose, if any. The Court has broad discretion in employing sanctions. Courts have considered a number of factors. One set of factors looks to: (1) the explanation for the failure to obey the order; (2) the importance of the expert opinion; (3) the prejudice to the opposing party by allowing the disclosures; and (4) the availability of alternative or lesser sanctions. *See Reliance Ins. Co.,* 110 F.3d at 257; *Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 49 F.Supp.2d 456, 461 (D.Md.1999); and *Fritter v. Dafina, Inc.,* 181 F.R.D. 215, 217 (N.D.N.Y.1998). Additional relevant factors, include: (1) the interest in expeditious resolution of litigation; (2) a court's need to manage its docket; and (3) public policy favoring disposition of cases on the merits. *Keener,* 181 F.R.D. at 641. The factors involving docket control planning are sufficiently important to alone justify the exclusion of an untimely disclosed expert report or opinion even in absence of prejudice to the opposing party. *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.,* 109 F.3d 739, 745 (Fed.Cir.1997).

Where a plaintiff operates in bad faith or with deliberation, exclusion of evidence is often appropriate. *Quevedo v. Trans–Pacific Shipping, Inc.,* 143 F.3d 1255 (9th Cir.1998)(one and one-half month delay with no explanation); *Trilogy Communications, Inc.,* 109 F.3d 739 (not only untimely but attempt to squeeze in second expert opinion, rebuttal opinion, and affidavit); *Reliance Ins. Co.,* 110 F.3d 253 (only ten days late, prior to the end of discovery period, but intentional delay); *Boardman,* 106 F.3d 840; *McRae v. Publications Intern. Ltd.,* 985 F.Supp. 1036 (D.Kan.1997)(parties warned that expert discovery deadlines would be strictly enforced, exclusion to avoid trial by ambush); *Fritter,* 181 F.R.D. 215 (deliberate delay in testing of over one to two months in order to save costs); *Keener,* 181 F.R.D. 639 (one month and a dramatically different opinion).

 [8]   In the instant case, the Court does not find deliberate delay or aggravated circumstances, as occurred in the above cases. Moreover, plaintiff argues that defendants will suffer no prejudice because Dr. Pourdeyhimi actually conducted his test prior to the expert discovery exchange. Thus, defendants did not completely rely on Mr. Fredericksen in preparing their case. Also, the new tests are fairly important. It appears that there may be a number of different tests which can be

performed in order to reveal the true nature of defendants' shoes, none of which may be definitive, but all of which may help provide an answer. Therefore, permitting the tests might provide a greater chance that the case would be decided on the merits and that the jury would be adequately informed in order to make a decision. On the other side of the equation, strict adherence to discovery rules are necessary to prohibit not only trial by ambush, but discovery gaming wherein a party holds back evidence or does not pay sufficient attention in the first instance to develop expert testimony. All of this imposes costs on the court and the opposing parties, both in the short and long run.

Even though defendants will not suffer prejudice in the sense of not being able to fairly present their case if the new opinions are allowed,[4] they nevertheless will suffer some prejudice in the form of additional costs and a loss of the surprise advantage that they had in selecting Dr. Pourdeyhimi and his unexpected test. Plaintiff may be additionally faulted because, although it immediately took steps to procure additional testimony and attempted to do so within the discovery time limits,[5] significantly, "plaintiff **\*312** never sought an extension of time from the district court." *Quevedo,* 143 F.3d at 1258. The Court is disturbed by these considerations and by plaintiff's actions, including its misconstruction of the Federal Rules relating to the disclosure of expert witness testimony as discussed above. The disruption caused by the proliferation of untimely expert testimony is real and attorneys must know such will not be permitted. To that end, the Court finds that the exclusion of Mr. Fredericksen's second test and opinion is well justified for all the reasons noted above, including plaintiff's failure to immediately request court permission for the test and opinion, and the fact that said report was not disclosed to defendants until after discovery ended and was a second violation of the Court's discovery order. *See Lory,* 179 F.R.D. at 87 (may consider using lesser sanctions when non-compliance limited to single instance).

 [9]  Dr. Fields' report stands in a slightly different position. Here, although plaintiff failed to immediately request that the Court permit it to prepare additional initial or else rebuttal expert testimony, plaintiff did submit the report prior to the end of discovery and within the thirty-day time period for rebuttal discovery that would have applied had this case been operating without a discovery plan. In other words, the Court finds that plaintiff did act marginally expeditiously with respect to Dr. Fields. The report is important to the merits of the case and the Court believes it will aid in reducing jury confusion or misunderstanding. Plaintiff's inadequate discovery plan submission and expert witness preparation show no sign of being other than simple mistakes with no ulterior motives. The costs to defendants of additional expert witness preparation do not necessarily require the exclusion of new expert opinions. *Tucker,* 49 F.Supp.2d 456 (discovery cutoff rescinded and trial indefinitely delayed). Therefore, the Court will deny defendants' motion for exclusion and consider alternative sanctions.

 [10]  As noted earlier, Fed.R.Civ.P. 16(f) provides for a range of sanctions for the untimely disclosure of expert witnesses and their reports. When there is a substantial violation of Rule 16(f), even without bad faith, deliberation or other aggravating factors, some sanctions in the form of attorney's fees and cost-shifting is not inappropriate in order to (1) act as a general deterrent to violation of the court's order, (2) encourage adequate pretrial preparation, (3) ensure the party will not profit by its own failures, and (4) eliminate prejudice to the opposing party. *Old Country Toyota Corp. v. Toyota Motor Distributors, Inc.,* 168 F.R.D. 134 (E.D.N.Y.1996).

 [11]  In the instant case, defendants were forced by plaintiff's non-compliance to file two motions to exclude the expert reports. As noted above, plaintiff's need for additional expert opinion arises as much from inadequate preparation as from surprise. Plaintiff makes much of the fact that Dr. Pourdeyhimi did not use an "industry standard" test. On the other hand, plaintiff fails to explain why it did not initially select the best test or tests if the industry standard test is viewed by plaintiff to now be inadequate. In order to protect defendants against prejudice, the Court will require plaintiff to pay the costs and expense of the Fields' deposition, including the expert fees, if any, of Dr. Fields, and the attorney's fees incurred by defendants in connection with these motions, up to the amount of $3,000.00. *Lory,* 179 F.R.D. 86; and *Old Country Toyota Corp.,* 168 F.R.D. 134. In addition, within thirty days from the date of this Order, defendants may name a rebuttal expert to Dr. Fields and produce an expert witness report. Said witness shall be subject to deposition by plaintiff at its own cost.

**IT IS THEREFORE ORDERED** that defendants' motion to exclude the second expert report of Mr. Fredericksen (docket no. 76) is granted.

**IT IS FURTHER ORDERED** that defendants' motion to exclude the expert report of Dr. Fields (docket no. 61) is denied on the condition that plaintiff pay defendants'

attorney's fees for bringing both the instant motion and the motion relating to Mr. Fredericksen in the amount not to exceed $3,000.00 and further, that plaintiff submit Dr. Fields for deposition by defendants, with plaintiff paying the cost of the deposition and Dr. **\*313** Fields' expert witness fees.

Within thirty days of the date of this order, defendants may name a rebuttal expert to Dr. Fields and produce an expert report. Plaintiff shall pay the costs for the deposition and any expert fees incurred at the deposition. The above costs are not reimbursable should plaintiff prevail in this action.

Footnotes

1    Fed.R.Civ.P. 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

     Local Rule 16.1(e) reads:

> The initial pretrial order, whether based upon a joint Rule 26(f) Report or a conference following the filing of separate reports, shall provide that discovery with respect to experts be conducted within the discovery period established in the case. The order shall set the date on which disclosure of expert information under Fed.R.Civ.P. 26(a)(2) must be made.

2    Plaintiff overlooks this fact when it argues that it had thirty days to rebut evidence under Fed.R.Civ.P. 26(a)(2)(C). Plaintiff ignores the second sentence of the rule which specifically provides that those times only apply in "the absence of other directions from the court or stipulation by the parties." As will be discussed later, the Court's order, not the latter provisions contained in Rule 26(a)(2)(C), governed the parties' expert witness disclosures.

3    Plaintiff, again, disregards the discovery plan which required supplementation within thirty days after the close of discovery. Nevertheless, if the new Fredericksen opinion constitutes supplementation, it would have been timely made.

4    Defendants will lose the advantage they had because Dr. Pourdeyhimi's new test surprised plaintiff and its expert. This type of prejudice is of a lesser quality than that which hinders a party from presenting its case on an equal footing.

5    At oral argument, plaintiff informed the Court that Mr. Fredericksen's second test and opinion was delayed because of his inability to gain access to a university's laboratories in order to conduct his test.

**End of Document**      © 2012 Thomson Reuters. No claim to original U.S. Government Works.