UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>*Armstrong*, C.A. No. 10-866 | SECTION "K"(2) |

### ORDER AND REASONS

Before the Court are a Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Doc. 20759) filed by the United States and a Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report filed by Washington Group International, Inc. ("WGI") (Doc. 20764). The Court heard oral argument to on June 28, 2012 and in the interest of providing the litigants with a swift decision and recognizing as well that the litigants are well-versed in the facts and circumstances surrounding this decision, the Court will dispense with a long exposition in that regard.

**Applicable Standards**

"'Rebuttal is a term of art, denoting evidence introduced by a *plaintiff* to meet new facts brought out in his opponent's case in chief.'" *Rodriguez v. Olin Corp.*, 780 F.2d 491, 494 (5th Cir. 1986) citing *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979). Furthermore, the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence. *Id*. Thus, the question before the Court is whether the rebuttal reports that are the subject of these motions should be excluded.

As succinctly stated in *Pakootas v. Teck Cominco Metals, Ltd.,* 2012 WL 1833397 (E.D.Wash. April 4, 2012):

> A rebuttal expert report is one which is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)2)(D)(ii). Rebuttal evidence is appropriate to "explain, repel, counteract or disprove the evidence of the adverse part" and is not "an opportunity for the correction of any oversights in the plaintiffs' case-in-chief." *Crowley v. Chait,* 322 F. Supp.2d 530, 551 (D.N.J.2004), quoting *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 752 F. Supp. 181, 193 (E.D.Pa. 1990). That said Rule 26 "does not automatically exclude anything an expert could have included in his or her original report" because "[s]uch a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material." *Id.* "All that is required is for the information to repel other expert testimony." *Id.* "An opening expert report is an early salvo in the process of defining issues for trial, and thus it is more understandable at the expert discovery stage that a party may need to include significant elaboration in a rebuttal report to challenge the assertions of the opponent's expert reports." *Bone Care Intern. LLC v. Pentech Pharmaceuticals, Inc.*, 2010 WL 3894444 at fn.13 (N.D.Ill.2010).

*Id.* at *1 (emphasis added). With this standard in mind, the Court will now turn to the reports.

**Analysis**

In the April 3, 2012 Bea Rebuttal Report, Dr. Bea opines on three issues: (1) Dr. Bea's opinion on the "East Bank Industrial Area Site Clearing Excavations (the "Swiss Cheese Graphics"); (2) the Steady Flow v. the Non-Steady Flow Analysis; and (3) the Engineering Standard of Care. At oral argument, counsel for the defendants withdrew the motion with respect to the Engineering Standard of Care, and thus, the Court will not strike this portion of the report.          As to the Steady Flow-Non-Steady Flow Analysis, the Court finds this material constitutes proper rebuttal evidence and opinion that was timely filed and will not strike same. At oral argument, it became clear that this portion of the report concerns Dr. Bea's response to

criticism encountered with respect to his method of analysis and the Court will allow it to be admitted as it is in the true nature of rebuttal and is timely filed.

However as to the Swiss Cheese Graphics, the issue is more clouded.  During oral argument, the Court learned that the underlying materials for this portion have not been provided to defendants.  Moreover, and more disturbingly, the actual model runs have not been provided, if not even completed,  and the necessary "supplemental" report to the Rebuttal Report  has not been prepared for the conclusions reached in the "Swiss Cheese Demonstrative."  Indeed, in the Rebuttal Report itself, Dr. Bea opines, " Due to Court's scheduling order, and the very tight time constraints associated with writing this Rebuttal Report, not all pertinent data sources could be incorporated into the 3D GIS graphic models."  (Doc. 20764-2 Exh. 1 at 5 of 145).  In essence, then, it appears to the Court that this portion of the "Rebuttal Report" is in essence a place holder for a more precise, if not actual report to be produced according to counsel within the **next** 10 to14 days.  As such, the Court finds that the material concerning the 3D GIS graphic models is not proper rebuttal in that it is not even complete.  Filing a "place holder" in lieu of a properly completed report cannot be accepted.  In essence, the true Rebuttal Report concerning 3D Graphics has yet to be finalized or produced.

On March23, 2012, the Court ordered that Dr. Bea's Rebuttal Report was to be filed not later than April 3, 2012.  When this order was entered, it was contemplated that the rebuttal report would be complete and based on scientific analyses and computer runs that had been accomplished. Such was not the case. On April 11, 2012, after the Court learned that Dr. Bea had produced yet another report, the "Expert and Rebuttal Reports: Forensic Engineering Quantitative Analyses issued on April 11, 2012",  the Court ordered that "The Court would strike

immediately any further reports filed by Dr. Bea as time barred." (Doc. 20775 at 2 ).  Thus, any report sought to be filed after April 11th, is time barred under the Court's order.  Having now learned that the materials for the Swiss Cheese Demonstrative are still being formulated, the Court finds that it must strike the portion of the April 3rd Rebuttal Report beginning on page 3 starting with "I. Additional Analyses" and ending with Figure 9 at page 16 and the caption thereunder.

These GIS models are apparently a  work in progress and as such are not timely rebuttal.  Furthermore, the Court cannot consider any anticipated report on this subject as the proper subject of a "supplemental report" as all of the documents necessary for its generation  have been available for more than two years.  "Supplementation under the Rules means correcting inaccuracies, or filling in the interstices of an incomplete report based upon information that was **not available at the time of the initial disclosure**." *Dag Enterprises, Inc. v. Exxon Mobil Corp.* 226 F.R.D. 95, 109-110 (D.D.C.2005) (emphasis added).   The basis materials are not "newly discovered".  Dr. Bea has already testified in this Court in the Barge case concerning the mechanism of failure of the IHNC floodwall; the concept and theory of failure and the materials to support that theory have been available far too long.  There simply is no excuse that can justify the unraveling of the discovery schedule as contemplated and the extreme prejudice that would be imposed upon defendants.

More importantly, to allow this portion into evidence along with the late "supplemental" report that would be necessary to make this report anything but speculative would result in the need for defendants' experts to review all of these materials approximately 2 months before trial, depose at least two experts–Dr. Bea and the person who ran the GIS model.  Then, the

defendants would very likely seek to file their own supplemental reports and plaintiffs would seek depositions with respect to those reports, all at a time when pretrial briefing and preparation for trial would be on-going.  The Court cannot and will not allow the orderly preparation of this matter for trial to unravel in such a fashion.

Plaintiffs made no mention of seeking a continuance in order to allay the Pandora's box of prejudice outlined above had these rebuttal materials being allowed into evidence.  Therefore, the Court assumes that plaintiffs are not asking for a continuance regardless of the Court's ruling.

Finally as to the "Expert and Rebuttal Report : Forensic Engineering Quantitative Analyses of Robert Glenn Bea, PH.D.,P.E." prepared on April 11, 2012, it shall be considered supplemental in nature, timely and will not be stricken.

In addition, the Court notes that it intends to deny the Motion to Exclude Testimony of Scott Taylor (Doc. 20830), the Motion to Exclude the Testimony of Dr. Bea filed by WGI (Doc. 20822) and the Motion to Exclude Testimony of Dr. Bea filed by the United States (Doc. 20823). This ruling with reasons will be entered at a later date; however, for the sake of trial preparation, the Court finds that the parties should be so apprised.  Accordingly,

**IT IS ORDERED** that the Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report (Doc. 20759) filed by the United States and the Motion to Strike Portions of Dr. Robert Bea's Rebuttal Report filed by Washington Group International, Inc. (Doc. 20764) is **GRANTED** as to the portion of the April 3 Rebuttal Report beginning on page 3 starting with "I. Additional

Analyses" and ending with Figure 9 at page 16 and the caption thereunder and **DENIED** as to all other relief sought.

**IT IS FURTHER ORDERED** that the deposition of Dr. Bea shall be taken **no later than August 1, 2012 and shall be limited to those portions of the rebuttal reports not stricken by this Order.**

New Orleans, Louisiana, this 28th day of June, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE