UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | *   CIVIL ACTION NO.: 05-4182 * *   SECTION "K" |
| PERTAINS TO: C. Abadie, 06-5164 | * *   Judge Stanwood R. Duval, Jr. |
| This pleading applies only to the claim of Demetrius Temple regarding 5050 W. St. Andrew Circle, New Orleans, LA 70128 | * *   MAGISTRATE (2) *   Magistrate Joseph C. Wilkinson, Jr. |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

## MEMORANDUM IN SUPPORT MOTION FOR DISCHARGE

**MAY IT PLEASE THE COURT:**

Lexington Insurance Company, in support of its Motion for Discharge, respectfully sets forth the following:

### I. BACKGROUND

Lexington reached a settlement agreement with Demetrius Temple in connection with property damage related to Hurricane Katrina. Lexington asserts that since the settlement was reached it has tried to disperse the funds associated with that settlement but has been unable to do so due owing to its inability to identify and vet the interests of the various claimants to the settlement funds. Claimants include the following persons and entities;

- Demetrius Temple, Insured;

- State of Louisiana, Division of Administration, Office of Community Development, Louisiana Recovery Authority (hereinafter "Road Home"), Administrators of the Road Home Program, a program for victims of Hurricanes Katrina and/or Rita, which, on information and belief, is an instrument of the Louisiana Division of Administration for the State of Louisiana;

- Chase Manhattan Mortgage Corporation, which, on information and belief, is an entity with its principal place of business in New Jersey; and

- The Law Office of Joseph M. Bruno, APLC, a Louisiana entity with its principal place of business in Louisiana.

This Honorable Court has granted Lexington's MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT (R. Doc. 20354). The disputed funds have been placed into the registry of the court and all known stakeholders of these funds have either waived service or have been served in this interpleader action (R. Docs. 20820 and 20821). Lexington has met the appropriate statutory requirements concerning actions in interpleader and now moves this court to discharge Lexington from further liability.

## II. LAW AND ARGUMENT

Under 28 U.S.C. § 1335, "district courts shall have original jurisdiction of any civil action of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more." 28 U.S.C. § 1335(a). Courts require a single, identifiable fund to bring a statutory interpleader. Wausau Ins. Co. v. Gifford, 954 F.2d 1098, 1100 (5th Cir. 1992)(citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). In addition, Section 1335 requires that 1) two or more adverse claimants have diversity of citizenship, and 2) the plaintiff has deposited the fund into the court registry. 28 U.S.C. § 1335(a). Lexington has met the requirements of statutory interpleader. The settlement agreement satisfies the single fund requirement. Claimants are of diverse citizenship and since the case involves both a Louisiana claimant and a claimant from another state, the Court has jurisdiction pursuant to § 1335. That multiple claimants are from the same state does not defeat jurisdiction so long as one claimant is diverse. See Haynes v. Felder, 239 F.2d 868 (5th Cir. 1957) (minimal diversity existed over five Texas claimants and one Tennessee

claimant). Finally, Lexington properly paid the fund into the court registry. Accordingly, interpleader is available.

Lexington now seeks a discharge from further liability. Under 28 U.S.C. § 2361, a "district court . . . may discharge the plaintiff from further liability . . . and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. If "the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2001); see also U.S. v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007)(discharge is appropriate when the court decides that interpleader is available); Mendez v. Teachers Ins. and Annuity Assn. and College Retirement Equities Fund, 982 F.2d 783, 787 (2d Cir. 1992) (district court is authorized to discharge the stakeholder if there is a fund greater than $500 that is paid into the court registry, adverse claimants of diverse citizenship, and a disinterested stakeholder). Lexington is a disinterested party because it paid the entirety of the fund into the court registry, disavowing interest in it, and there is no material controversy involving Lexington. See Gen. Elec. Capital Assurance v. Van Norman, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002) (stakeholder is entitled to discharge when claimants do not oppose the motion and there was no material controversy involving stakeholder); New York Life Ins. Co. v. Deshotel, No. 94-3278, 1995 WL 529838, at *2 (E.D. La. Sept. 7, 1995) (stakeholder is disinterested when there are no claims against it, it has deposited proceeds, and it disavows any portion of the proceeds).

### III. CONCLUSION

For the foregoing reasons, Lexington is entitled to be discharged from any further obligations associated with this matter and should be released from and relieved of all liability

and responsibility in connection with the funds so deposited, and, pursuant to 28 U.S.C.A. § 2361, the Defendants be restrained or enjoined from prosecuting suits against Lexington either directly or indirectly, and from any effort to collect from Lexington any judgments rendered in any such suits.

        Respectfully submitted;

        */s/ Robert I. Siegel*
        ROBERT I. SIEGEL (# 12063)
        JOHN E.W. BAAY II (# 22928)
        ERIC C. WALTON (#29471)
        **GIEGER, LABORDE & LAPEROUSE, LLC**
        SUITE - 4800 One Shell Square
        701 Poydras Street
        New Orleans, Louisiana 70139-4800
        Telephone:   (504) 561-0400
        Facsimile:    (504) 561-1011
        E-mail: rsiegel@glllaw.com
               ewalton@glllaw.com
        *Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 3rd day of July, 2012.

        */s/ Robert I. Siegel*
        ROBERT I. SIEGEL