UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
|     *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMO IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY THE COURT'S RULING OF JUNE 28, 2012, REGARDING THE DEPOSITION OF DR. BOB BEA**

PLAINTIFFS have requested clarification regarding the scope of the deposition that will occur pursuant to this Court's order of June 28, 2012.

1. Plaintiffs will dispense with a lengthy narrative of the procedural background, given how recently the Court ruled. As Plaintiff's appreciate the Court's ruling vis-a-vis Dr. Bea's reports as follows:

    ➢ WGI withdrew its motion as to the standard of care, so that portion of the report will not be stricken, and that issue is resolved, (Order at 2);

    ➢ as to the Steady Flow/Non-Steady Flow analysis, it constitutes proper rebuttal evidence and will not be stricken, (*Id.*);

    ➢ the Swiss Cheese Graphics do not constitute proper rebuttal, so the portion of Dr. Bea's April 3 rebuttal report pertaining to the Swiss Cheese Graphics is stricken (specifically, pages 3 starting with I. Additional Analyses through page 16, Figure 9), (*Id.* at 3-4);

    ➢ Dr. Bea's report of April 11 is deemed supplemental and will not be stricken, (*Id.* at 5); and

    ➢ Dr. Bea shall no later than August 1, 2012, sit for a deposition "limited to those portions of the rebuttal reports not stricken by this Order." (*Id.* at 6.)

2. Plaintiffs seek clarification as to the final item, i.e., the scope of Dr. Bea's deposition. The deposition is limited to matters not stricken from Dr. Bea's reports. That

includes: (1) Dr. Bea's engineering standard of care rebuttal; (2) Dr. Bea's Steady Flow/Non-Steady Flow rebuttal, and (3) Dr. Bea's report of April 11 (Plaintiffs assume his "supplemental" report falls within the Court's use of the term "rebuttal" in the ordering paragraph quoted above).

Clarification is needed because Dr. Bea sat for deposition on April 16, 2012, regarding his rebuttal report. He was questioned on the issues of engineering standard of care rebuttal and his Steady Flow/Non-Steady Flow rebuttal.[1] The only matter <u>not</u> stricken by the Court on which Dr. Bea has <u>not</u> been deposed is his supplemental report of April 11.

Finally, Plaintiffs read the Court's Order to hold that Dr. Bea will <u>not</u> be questioned concerning the Swiss Cheese Graphic or any materials underlying the Swiss Cheese Graphic because that portion of Dr. Bea's rebuttal has been stricken.[2]

3. In sum, of the three matters not stricken by the Court's June 28 Order, Dr. Bea already has been deposed on two—standard of care and Steady vs. Non-Steady Flow.

Accordingly, Plaintiffs request a ruling clarifying that the scope of Dr. Bea's upcoming deposition shall be limited to Dr. Bea's supplemental report of April 11.

---

[1] In addition to being questioned on engineering standard of care at his April 16 deposition, Defendants dropped any opposition to this portion of the rebuttal, mooting the issue.

[2] This is an important point because the Court's order reflects an impression that Plaintiffs failed to furnish the "underlying materials" for the graphic—but those underlying materials are WGI's own documents and nothing of Plaintiffs' creation. Likewise, the Court indicates that Plaintiffs failed to furnish the "actual model runs" to Defendants; but there are no model runs. The Swiss Cheese Graphic was merely a 3-D pictorial representation of data taken primarily from WGI documents and populated into a database. The Defendants created their own GIS database which has not been furnished to Plaintiffs. (Ex. A, Supp. Dep. of Dr. Silva-Tulla at 62:6-9 (defense GIS database includes information defense experts collected on the excavations); 70:10-71:19 (defense GIS database information comes from WGI documents using LiDAR data as a gap-filler for elevations); 73:16-73:25 (defense GIS database was created for ease of sharing information among defense experts).

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

s/ *Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE

s/ *James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com
for

MR-GO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE
Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 6<u>th</u> day of July, 2012.

<u>/s/ Joseph M. Bruno</u>
Joseph M. Bruno
