# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION NO. 05-4182 "K"(2) |
| CONSOL IDATED LITIGATION | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO | § | |
| *Armstrong*, No. 10-866 | § | |
| | § | |

§ § § § § § § § § § § § § § § § § § § § § § § § §

## DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY THE COURT'S RULING OF JUNE 29, 2012

Plaintiffs' so-called "Motion to Clarify" this Court's June 29, 2012 Order is not seeking clarification at all. The Court's Order is in fact abundantly clear: "[T]he deposition of Dr. Bea shall be taken **no later than August 1, 2012 and shall be limited to those portions of the rebuttal reports not stricken**." Order at 6 (Doc. No. 20890) (emphasis in original). The Court did not strike (1) the Engineering Standard-of-Care and "Steady Flow-Non-Steady Flow" analyses from Dr. Bea's April 3 Rebuttal Report, or (2) his entire April 11 Rebuttal Report. *Id.* at 5-6.[1] Instead, Plaintiffs are asking the Court to reconsider its Order, and prohibit the Defendants from deposing Dr. Bea on his "Steady Flow - Non-Steady Flow" rebuttal opinion. Pls.' Mem. at 2. Plaintiffs' motion should be denied.

---

[1] During oral argument on June 28, WGI withdrew its motion to strike the engineering standard-of-care section of Dr. Bea's April 3 Rebuttal Report. Defendants do not intend to depose Dr. Bea again on this section of his Report.

In this district, Courts routinely apply Federal Rule of Civil Procedure 59(e) to motions to reconsider non-dispositive pre-trial rulings, such as the one at issue here.  *See Soule v. RSC Equipment Rental, Inc.*, No. 11-2022, 2012 WL 2405312, at *2 (E.D. La. June 25, 2012) (citing *Harveston v. Falcon Workover Co., Inc.*, No. 96-4172, 1998 WL 166209 (E.D. La. Apr. 8, 1998);  *Freeport-McMoran Sulpher, L.L.C. v. Mike Mullen Energy Equip. Res.*, 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004)).   Reconsideration is an "extraordinary remedy that should be used only sparingly."  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998).  Thus, a court should entertain a motion to alter or amend a ruling only where the movant shows:  "(1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law."  *Soule*, No.11-2022, 2012 WL 2405312, at *2 (citing *Gregg v. Weeks Marine, Inc.*, No. 99-1586, 2000 WL 802865, at *2 (E.D. La. May 26, 2000));  *Asset Funding Group, L.L.C. v. Adams and Reese, L.L.P.*, No. 07-2965, 2009 WL 1605190, at *2 (E.D. La. June 5, 2009).

Here, Plaintiffs have not put forth a single reason that would justify the Court's reconsideration of its June 29 Order.  Rather, Plaintiffs half-heartedly claim, without any citation to the record, that Dr. Bea already "was questioned on . . . his Steady Flow/Non-Steady Flow rebuttal" opinions on April 16, 2012.  Pls.' Mot. at 2.  Plaintiffs' representation is completely inaccurate.  Dr. Bea's Steady Flow/Non-Steady Flow rebuttal opinion consists of nearly twenty-one pages.  April 3 Rebuttal Rep. at 16-38.  Dr. Bea devotes at least thirteen of these twenty-one pages attempting to "validate" his use of a steady-flow analysis with a levee research project in

2

the California Delta where Dr. Bea was the "Principal Investigator" (hereinafter, the "California Delta Study").  *Id.* at 25-38, ¶ 33.  During Dr. Bea's April 16 deposition, WGI did <u>not</u> question Dr. Bea about the California Delta Study.  As WGI explained in its Motion to Strike, to meaningfully question Dr. Bea on this newly-disclosed study, Defendants' geotechnical engineering experts would need time to review not only the technical publications about the study, but also the "digital computer analyses upon which the results of the engineering study are based."  Motion to Strike, Apr. 9, 2012 (Doc. No. 20764) at 10.  The latter information has not yet been provided to Defendants, despite repeated demands.

Even more troubling, when WGI recently requested copies of the digital computer files underlying the California Study (*see* Email string from July 2 to July 6 between WTreeby and JBruno, Ex. 1), Defendants learned that Dr. Bea no longer has the SEEP/W computer files and claims he cannot locate them.  "[A]s far as I know, the 'original files' requested are in the possession of the graduate student [Miles Brodsky] who performed the analytical work," and "[I] do not know the whereabouts of Mr. Brodsky."  *Id.,* July 2 Email from J. Bruno.[2]  WGI's requests for other digital files needed to properly examine Dr. Bea on or before August 1 were met with the similar response:  "[I] do not know where either the students are currently located or where the computer files they generated during their research project are."  *Id,.* July 6 email from JBruno.[3]

---

[2] The Court will recall that Defendants faced a similar problem trying to obtain the computer files that Dr. Bea claims provide support for his 3-dimensional seepage analysis related to the EBIA breaches.  In that instance, Dr. Bea testified that his graduate student's laptop containing the computer files had been stolen, and the separate hard drive containing the files had been dropped and damaged, and then stolen.  Bea Dep. Vol. 1 at 148:8-21.

[3] Notably, Dr. Bea insists that he can only be deposed in New Orleans this week (obviously without these digital files that have not been produced) and that the reason he cannot be deposed in New Orleans after this week-

1098512v1

Accordingly, WGI suspects that Plaintiffs' real basis for the "Motion to Clarify" is to further prevent the Defendants' experts from exposing further flaws in Dr. Bea's previously-unchallenged, unscientific seepage-induced failure opinions.  Regardless, Defendants are entitled to discover Dr. Bea's opinions contained in the California Delta Study and how they relate to the so-called "steady-flow" analysis he performed in this case.  As stated above, the Court's June 29 Order unambiguously provides Defendants the opportunity to take Dr. Bea's deposition for this purpose, and Plaintiffs have not provided any credible reason why the Court should reconsider its ruling.[4]

---

(continued…)

despite this Court's Order is:  "from July 13 through August 5, [I] do not have a 3 day block of time (one day travel to New Orleans, one day deposition, one day travel to Moraga) that is available for a deposition in New Orleans.  [I] have a series of projects (e.g. PG&E San Bruno and San Pedro LPG litigation, NSF RESIN project report, UCB office closure) that have important deliverables and obligations during that time period."  *Id.*, July 6 Email from JBruno.  All 13 testifying experts, of all parties, have come to New Orleans for their depositions because of the obvious efficiencies involved.  WGI will continue to attempt to resolve these issues with Plaintiffs, failing which WGI will file appropriate motions for relief.

[4] Finally, although not relevant to their requested relief, Plaintiffs also attempt to "clarify" the Court's June 29 Order with respect to the "Swiss Cheese" graphics.  Pls.' Mem. at 2 n.2  Whether in fact Dr. Bea relied "primarily" on WGI documents to form the still-incomplete "Swiss Cheese" graphics is entirely beside the point.  It is Dr. Bea's "correlation" (indeed his opinion) allegedly connecting WGI's work with the EBIA breaches that is at issue here.  Dr. Bea's essential opinion which the Court's Order struck was "A number of these excavations would have exacerbated the hydraulic conductivity pressure 'connection' with the underlying saturated, high-water content swamp marsh deposits."  WGI's June 28 PowerPoint Presentation at 15; Rebuttal Rep. at 4, ¶7.  As of his April 16 deposition, Dr. Bea still had not completed the correlation.  *Id.*  He could not even testify to the depths of specific excavations, their locations or how they were backfilled--all information critical to his alleged "correlation"--nor does the "Swiss Cheese" graphic provide any of this information.  *Id.* at 14-15.  Thus, the Court's June 29 Order properly excludes Dr. Bea from testifying at trial about <u>both</u> the content of the "Swiss Cheese" graphics and any <u>opinion</u> Dr. Bea may base on those graphics.  Order at 5-6.  Plaintiffs' attempt to make any "clarifications" to the contrary is misplaced and a waste of time.

1098512v1

Dated: July 10, 2012                          Respectfully submitted,

                                              /s/ William D. Treeby
                                              William D. Treeby, Bar No. 12901
                                              James C. Gulotta, Jr., Bar No. 6590
                                              Heather S. Lonian, Bar No. 29956
                                              STONE PIGMAN WALTHER WITTMANN LLC
                                              546 Carondelet Street
                                              New Orleans, LA 70130
                                              Phone:  504-581-3200
                                              Fax:  504-581-3361

                                              Adrian Wager-Zito
                                              Debra S. Clayman
                                              Christopher Thatch
                                              JONES DAY
                                              51 Louisiana Avenue, N.W.
                                              Washington, D.C. 20001-2113
                                              Phone:  1-202-879-3939
                                              Fax: 1-202-626-1700

                                              *Attorneys for Defendant*
                                              *Washington Group International, Inc.*


## CERTIFICATE OF SERVICE

        I hereby certify that on July 10, 2012, a true copy of the foregoing was served

upon all parties by ECF.  Notice of this filing will be sent by e-mail to all counsel of record by

operation of the Court's electronic-filing system.


                                              /s/ William D. Treeby

5

1098512v1