UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: MRGO | * | SECTION "K"(2) |
| *Armstrong, No. 10-866* | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S MOTION TO STRIKE

**I.  INTRODUCTION**

On February 11, 2012, Defendant, Washington Group International, Inc. ("WGI") filed with this Court a Motion to Strike the claims of Ethel Mae Coats.[1] WGI contends in its Motion that under Federal Rule of Civil Procedure 19 not all of the necessary persons that may have an interest in the claim of Ethel Mae Coats have been joined in the suit.  Specifically, WGI contends that seven necessary parties are absent from this litigation and as such, Mrs. Coats' claim should be dismissed. This position arises from (1) the absence from the litigation of Mrs. Coats' three children who WGI contends are her legal successors and (2) the absence of four children alleged to be born of Mrs. Coats' husband that pre-deceased her, Jimmy Lee Coats, Sr., who WGI contends are naked owners of Mr. Coats' ownership interest in 1020 - 1022 Charbonnet Street (the "Subject Property").  WGI maintains that all of these children must be added to pursue Mrs. Coats' claim arising from the damage to the Subject Property.

---

[1] Rec. Doc. No. 20640.

1

After the parties filed pleadings on the issue,[2] this Court entered an Order on April 13, 2012.[3] This Court held that as this case was filed prior to Mrs. Coats' death, the case is heritable.[4] Lintoi Franklin Alexis is the sole residual legatee and is the only one of Mrs. Coats' children entitled to the proceeds of Mrs. Coats' portion of the damages.[5]  "Mr. Andry is representing the estate which has as an asset this lawsuit.  Again, Lintoi Franklin Alexis is ably represented by Mr. Andry.  However, out of an abundance of caution, the Court will allow her to be added as a party plaintiff should counsel so chose."[6]  This Court also held that, as to WGI's contention that the alleged four children of Mr. Coats are required parties to this suit, WGI had 60 days from the date of the Order to file competent evidence of that contention.[7]

Defendant WGI filed with this court on June 12, 2012, a pleading titled "Evidence Supporting WGI's Motion to Join Jimmie Lee Coats, Sr.'s Children as Necessary Parties."[8] Along with this pleading, WGI submitted as evidence (1) a certified copy of the title to 1020-1022 Charbonnet Street, New Orleans, Louisiana, dated May 18, 1994, (2) correspondence from the Orleans Parish Clerk of Court certifying the absence of a Succession for Jimmie Lee Coats, Sr. in the public record of Orleans Parish, (3) a certified copy of the title search performed related to the property located at 1020-1022 Charbonnet Street, and (4) an affidavit of Jimmie Lee Coats, Jr. stating that he is unaware of the opening of a succession for his father or any probate of his father's estate.

---

[2] On February 28, 2012, Plaintiffs filed "Plaintiffs' Opposition to Defendant Washington Group International, Inc.'s Motion to Strike". (Rec. Doc. No. 20662).  On March 8, 2012, Defendant filed a " Reply Memorandum in Support of Washington Group International, Inc.'s Motion to Strike." (Rec. Doc. No. 20682).
[3] Rec. Doc. No. 20787.
[4] *Id.* at p. 4.
[5] *Id.*
[6] *Id.* at pp. 4-5.
[7] *Id.* at p. 7.
[8] Rec. Doc. No. 20875.

In response to WGI's June 12, 2012 pleading, Plaintiffs file this Supplemental Brief in Opposition to WGI's Motion to Strike. Attached to this Supplemental Brief in Opposition is (1) the Last Will and Testament of Jimmie Lee Coats, Sr. dated January 27, 1999, which bequeaths to his wife, Ethel Nelson Coats, all of the property he owned at the time of his death, attached as Exhibit A; (2) the Affidavit of Notary and Attesting Witness of Tracy A. Petruccelli and Lisa R. Graves as the notary and witness before the Last Will and Testament of Jimmie Lee Coats, Sr. dated January 27, 1999, attached as Exhibit B; (3) correspondence from the Independent Administration of the Succession of Ethel Nelson Coats, Mr. Jerald N. Andry, Jr., to defense counsel, Bill Treeby, dated June 13, 2012, to notify Mr. Treeby that the Last Will and Testament of Jimmie Lee Coats, Sr. had been located and that a succession is being opened to probate the will, attached as Exhibit C; and (4) the Last Will and Testament of Ethel Nelson Coats dated October 22, 2008, attached as Exhibit D.

The only existing copy of the Last Will and Testament of Jimmie Lee Coats, Sr. is being filed contemporaneously with the instant Supplemental Brief in Opposition. Currently there is no evidence of any other will of Mr. Coats. Until the succession of Mr. Coats has been probated, and Ethel Coats judgment of possession is amended, the matter is not concluded. It would nevertheless be inappropriate to rely on the affidavit of Jimmie Lee Coats, Jr. to cause him or anyone else to be named as a plaintiff in the instant case. With leave of this Court, the completed succession documents of Jimmie and Ethel Coats will be filed with this Court and leave will then be requested to substitute the appropriate plaintiffs if necessary.

It is Plaintiffs' position that considering the existence of the Last Will and Testament of Jimmie Lee Coats, Sr. dated January 27, 1999, and Louisiana Code Articles 935 – 937, 957, 962, and 1624, that WGI's Motion to Strike the claims of Ethel Mae Coats, WGI's Reply

Memorandum in Support of the Motion to Strike, and WGI's pleading titled Evidence Supporting WGI's Motion to Join Jimmie Lee Coats, Sr.'s Children as Necessary Parties are now moot and should be denied.

## II.   LAW AND ANALYSIS

Ownership of property of a particular legacy vests in the legatee upon the deceased's death.[9] Present Louisiana Civil Code Article 935 states that immediately at the death of the decedent, particular successors acquire ownership of the things bequeathed to them. Mr. Coat's Last Will and Testament leaves to his wife, Ethel Nelson Coats, "all of the property I own at the time of my death."[10] This description includes the Subject Property at issue in this litigation. Thus, at the time of Mr. Coats' death, Mrs. Coats as a particular successor, acquired ownership of the things bequeathed to her in the Last Will and Testament of Jimmie Lee Coats, Sr. dated January 27, 1999, which included the Subject Property. In other words, Mrs. Coats acquired the ownership rights of her husband, Mr. Coats, over the Subject Property at the moment of his death.

No formal acceptance of Mrs. Coats of the succession of Mr. Coats has been located. However, Louisiana Civil Code Article 957 allows for acceptance of a succession by an informal acceptance. "It is informal when the successor does some act that clearly implies his intention to accept."[11]   Further, Louisiana Civil Code Article 962 provides that in the absence of a renunciation, a successor is presumed to accept succession rights. Mrs. Coats informally accepted the succession by remaining in possession of the Subject Property. This is also evidenced by Mrs. Coats' own Last Will and Testament dated October 22, 2008, whereby she

---

[9] *Baten v. Taylor*, 386 So.2d 333 (La.1979).
[10] *See* Exhibit A, the Last Will and Testament of Jimmie Lee Coats, Sr. dated January 27, 1999.
[11] La. C.C. art. 957.

4

bequeathed the entirety of the Subject Property in naked ownership to her daughter, Lintoi Franklin, with a usufruct over half of the Subject Property to her then fiancé, Nathan Morgan.[12] Mrs. Coats did accept her right to the ownership of Mr. Coats' ownership interest in the Subject Property.

Mr. Coats' Last Will and Testament further states that he only has two children, Danielle Coats and Jimmie Lee Coats, Jr., despite defendant WGI's contention that Mr. Coats had four children. Mr. Coats did not intend to leave any interest in the Subject Property to Danielle or Jimmie, Jr. "I hereby disinherit my son, Jimmie Lee Coats, Jr. and my daughter, Danielle Coats, under the provisions of La. Civil Code Article 1621(12) because my son and my daughter, having known how to contact me, have both failed, without just cause, to communicate with me for a period of more than two years after attaining the age of majority." Louisiana law requires that for disinherison "[t]he testator shall express in the instrument the reason, facts, or circumstances that constitute the cause of the disinherison."[13] "The reason, facts, or circumstances expressed in the instrument shall be presumed to be true."[14] Mr. Coats expressed in his Last Will and Testament the reasons for disinhersion of his two children, Jimmie Jr. and Danielle. Jimmie Jr. and Danielle are not legatees of Mr. Coats.

### III. CONCLUSION

As stated above, the only existing copy of the Last Will and Testament of Jimmie Lee Coats, Sr. is being filed contemporaneously with the instant Supplemental Brief in Opposition. Until the succession of Mr. Coats has been probated, and Ethel Coats judgment of possession is amended, the matter is not concluded. It would nevertheless be inappropriate to rely on the

---

[12] *See* Exhibit D, the Last Will and Testament of Ethel Nelson Coats dated October 22, 2008.
[13] La. C.C. art. 1624.
[14] *Id.*

affidavit of Jimmie Lee Coats, Jr. to cause him or anyone else to be named as a plaintiff in the instant case. With leave of this Court, the completed succession documents of Jimmie and Ethel Coats will be filed with this Court and leave will then be requested to substitute the appropriate plaintiffs if necessary.

Plaintiffs have shown that the children of Mr. Coats - Jimmie Jr. and Danielle - are not required parties to this litigation as is the contention of WGI. Therefore, WGI's Motion to Strike the claims of Ethel Mae Coats should be denied.

Respectfully submitted,

PLAINTIFFS' LIAISON COUNSEL

*s/ Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
**BRUNO & BRUNO, L.L.P.**
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

*s/ James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
**Domengeaux Wright Roy & Edwards LLC**
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

**MRGO PLAINTIFFS SUBGROUP LITIGATION COMMITTEE**

        Jonathan Andry (The Andry Law Group, LLC, New Orleans, LA)
        Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
        James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties by filing the foregoing with the Clerk of Court by using the CM/ECF system, this _____th day of July, 2012.

        */s/ Joseph M. Bruno*
        JOSEPH M. BRUNO