MINUTE ENTRY
DUVAL, J.
July 26, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
    CONSOLIDATED LITIGATION
                                         NO. 05-4182

PERTAINS TO: *Armstrong* , No. 10-866     SECTION "K"(2)


Attending a pre-trial conference held this day were:

Joseph Bruno, Philip Gregory, Elwood Stevens, Matt Schultz, Bonnie Kendrich and Scott Joanen for Plaintiffs;

Robin Smith, Rupert Mitsch, and Connor Kells for the United States; and

William D. Treeby, Adrian Wager, J. Gullotta, Heather Lonian, Debra Clayman and Christopher Thatch for WGI.


**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

A general discussion ensued concerning problems that the parties have had confecting the a Joint Exhibit List. The Court had previously given the parties leave to file a Joint Exhibit List on **August 6, 2012.** However, a disagreement on the approach to admission of documents and their relevance was aired. Consequently,

**IT IS ORDERED** that on **August 6, 2012**, any objection to a Joint Exhibit, or one that will be filed by separate listing, must be lodged in writing with the filing of the Joint Exhibit List

including any objection based on relevance. Briefing on those objections will be required by motion as ordered herein.

**IT IS FURTHER ORDERED** that:

1. Prior to **August 10, 2012** counsel shall:

   a. review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom. Counsel for all parties shall designate by underlining the portions of deposition testimony upon which they intend to rely. Such designations shall be made by counsel shading their respective designations using different colored "hi-liter" or similar inks. The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown.

2. No later than **5:00 p.m. on August 10, 2012** counsel shall:

   a. file all memoranda (an original and one copy) relative to the objections to exhibits.

   **No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown;**

   **Furthermore, when filing any motion in limine with respect to an exhibit, counsel <u>must</u> identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be attached to the motion. Failure to comply with this order may result in the automatic denial of the motion in limine.**

   b. file all motions in limine and memoranda in support thereof that were mentioned in the pre-trial order;

    c.    submit copies of the designated portion of depositions with written objections, if any, to deposition testimony. **The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived;**

        Counsel shall also prepare a two-page summary of such designated testimony that will accompany each designation or cross-designation with specific page citations into the deposition excerpts. In other words, the party designating testimony is responsible for synopsizing its/their designations.

        **In lieu of filing depositions in their entirety, counsel shall provide a CD-ROM of all deposition testimony for the Court's use should it find it requires a "context" for any designated portion of a deposition.**

    d.    deliver to Court one bench book with **copies** of marked exhibits;

    e.    submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial; and

    f.    file an original and one copy of a pre-trial memoranda, including the issue concerning third-party beneficiary status, and suggested findings of fact and conclusions of law. As to the memoranda of law, these filings should not be elaborate; they should be concise and to the point as there will be post-trial briefing on all issues ordered at the appropriate time.

**Responses to any memoranda regarding motions in limine must be filed by August 17, 2012, at 5:00 p.m.**

**Responses to proposed findings of fact and conclusions of law and pre-trial memoranda concerning contested issues of law are unnecessary as parties shall include such reply as part of their post-trial briefing.**

        **ALL SUCH MATERIALS SHALL BE FILED IN CHAMBERS--
        NOT IN THE CLERK'S OFFICE**

6.    On **Friday, September 7, 2012**, plaintiffs' counsel shall provide defense counsel and the Courtroom Deputy with a list of witnesses they intend to call for the first two days of trial and supplement this list thereafter so that the Court is aware of the witness list for each day of trial and the day thereafter. Likewise, defendants shall provide list of witnesses two days prior to such witnesses being called.

7. On each **day of trial**, counsel shall:

   a. provide the Court with a copy of any deposition testimony to be used for impeachment purposes on that day, along with any other discovery material that has not been previously provided to the Court.

   b. provide the Court a hard-copy of any power point demonstrative presentation a party utilizes at trial on that day. Such copy is for the use of the Court; a separate copy should be provided to the Courtroom Deputy should a party intend to introduce same into evidence. Each slide in such presentation must have the actual exhibit identification in the bottom right corner.

   c. provide the law clerk with a list of the Joint Exhibit Volumes and or other Exhibits that are to be used at trial that day.

8. On the day of trial, counsel shall be present in Chambers at 8:30 a.m. to discuss all necessary preliminary matters. Trial shall commence at 9:00 a.m.

9. The parties shall arrange with the Court's technology staff to set up real time reporting, DSL lines, and any other necessary arrangements. A meeting of technology specialist shall occur on **Thursday September 6, 2012 at 10:00 a.m.** for purposes of preparing the Courtroom for trial.

10. The parties shall contact Betty DiMarco (504-589-7778) should they want daily transcripts and shall make the necessary financial arrangements for such a service with her. **Parties must submit a glossary of terms for the real time reporter by August 27, 2012.**

10. The post-trial briefing schedule will be determined at the end of trial.

11. The parties shall utilize the provisions Fed. R. Evid. 705 when presenting an expert witness.

12. The Court has allocated 120 hours total for trial testimony–60 hours for the plaintiffs and 60 hours for the defendants.

13. The Court will provide seating for the media. The parties shall also arrange with the Court for additional seating for trial teams if necessary, with the understanding that ample seating shall be reserved for the public.

14. The parties agreed to supply the Court with one copy of the joint exhibit book, along with necessary copies of electronic files by compact disc. The Court shall not deem any deposition or exhibit to be submitted by consent merely because it is within a joint submission. The Court will permit any objections to be lodged as noted above.

15. By agreement of the parties, demonstrative evidence to be used in direct examination of each witness shall be exchanged 48 hours prior to such testimony. The Court directs that demonstrative evidence to be used in cross-examination of a witness must be submitted to opposing counsel by 5:00 p.m. the day preceding such testimony.

16. At the time a witness is called, counsel is asked to identify the subject matter of his or her testimony.

17. Counsel will meet with Court staff on **Wednesday, August 1, 2012 at 10:30** to discuss the seating of counsel and any other logistical matters that can be handled prior to trial.

18. It has come to the Court's attention that Yom Kippur is on September 26, 2012; it is the Court's intention not to hold trial that day.

*[signature]*

JS-10: 1 HOUR