UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
| *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE TESTIMONY AND EVIDENCE PERTAINING
TO DR. ROBERT DALRYMPLE'S SUPPLEMENTAL REPORT**

**I.   STATEMENT OF THE FACTS**

Dr. Robert Dalrymple submitted an expert report on March 21, 2012 where he opined how and when the storm surge generated by Hurricane Katrina entered the Lower Ninth Ward and portion of St. Bernard Parish west of Paris Road ("LNW/SBP").  After employing two numerical models – the ADCIRC and FLOW-3D – to represent the storm surge generated by Hurricane Katrina, Dr. Dalrymple purported to determine when the breach occurred at the North and South Breaches of the Inner Harbor Navigation Canal ("IHNC").  However, although Dr. Dalrymple is a hydrologist expert, he relied on the wrong flood wall heights in forming his opinions because he deferred the decision of counsel for Washington Group International, Inc.  to re-survey the 40 Arpent Levee (Dr.

1

Dalrymple's Deposition at 12:5-11), after its height had been increased. (Dr. Dalrymple's Deposition at 19:17-24).

Dr. Dalrymple now concedes that, in his initial ADCIRC numerical modeling of 40 Arpent Levee east of Paris Road, he erroneously used post-Katrina levee heights of 8 to 10 feet, instead of the levee's actual height. (Dr. Dalrymple's Supplemental Report at 2). After realizing the proper levee heights were accessible from previously produced information, Dr. Dalrymple admitted that running the ADCIRC model with the correct levee height, "would be a more complete way of doing it, to see if [Dr. Dalrymple's] supposition is correct." (Dr. Dalrymple's Deposition at 209:14-20). To cure his mistake, Dr. Dalrymple performed a new ADCIRC modeling with the correct levee heights and produced a supplemental report on July 23, 2012 (the "Dalrymple Supplemental Report"), where he concluded that the flood arrival times and depths at the individual Plaintiffs' properties remained unchanged.

There is no legal justification for Dr. Dalrymple to submit his supplemental report this late. The United States Army Corps of Engineers' ("USACE") LIDAR Survey dated September 29, 2005 – available to Dr. Dalrymple at the time of his initial report – illustrates that the actual height of 40 Arpent Levee east of Paris Road was lower than the numerical modeling initial established by Dr. Dalrymple. (Dr. Dalrymple's Deposition at 38:13-39:6). (*See also* Dr. Dalrymple's Deposition Exhibit 4 – Lake Pontchartrain Louisiana and Vicinity Lake Borgne Basin Levee District, Emergency Levee Repairs, Chalmette Back Levee Enlargement Paris Road To Violet Canal). Further, the delayed submission of Dr. Dalrymple's supplemental report fosters utter disregard of the Court's discovery deadline, since it was more than four months after the deadline for his expert report and

more than three months after his deposition. Consequently, the belated submission of Dr. Dalrymple's supplemental report makes it impossible for the Plaintiffs to re-depose him before trial.

**II.    LAW & ARGUMENT**

In defining when a party may submit a supplemental expert report under Rule 26(e), this Court has stated that "[s]upplementation under the Rules means correcting inaccuracies, or filling in the interstices of an incomplete reported based upon information that was not available at the time of the initial disclosure." Order and Reasons at 4, dated June 28, 2012, *In Katrina Canal Breaches Consolidate Litigation*, *Pertains To*: *Armstrong*, C.A. No. 10-866, No. 05-4182 [Document No. 20890] (citation omitted). In contrast, this Court will not consider a "supplemental report" when the document(s) have been available for several years. Therefore, an expert cannot submit a supplemental report, when "[t]he basis materials are not 'newly discovered'". *Id*.

Additionally, courts will exclude an expert's supplemental disclosure when it is not timely submitted under Rule 26. The Federal Rules require each party seeking to use the testimony of an expert to submit an expert report "at the times and in sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order, the disclosures must be made … at least 90 days before the date set for trial or within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(i)(ii). This Court's Scheduling Order states that Dr. Dalrymple's expert report was due on March 8, 2012. (Order, November 23, 2011, Document Number 20592). Moreover, this Court held in connection with Dr. Bea's supplemental report that "[t]here simply is no excuse that can justify the unraveling of the discovery schedule as contemplated and the extreme prejudice that would be imposed on the [opposing party]." Order and Reasons at 4, dated June 28, 2012, *In Katrina Canal Breaches Consolidate Litigation*, *Pertains To*: *Armstrong*, C.A. No. 10-866, No. 05-4182,

[Document No. 20890]. As a result, this Court was unwilling to re-open discovery to allow the Defendants to re-depose the expert concerning his supplemental report that was produced after the discovery deadline. Order and Reasons at 4, dated June 28, 2012, *In re Katrina Breaches Consolidated Litigation*, *Pertains To Armstrong*, C.A. No. 10-866, No. 05-4182, [Document No. 20890].

The Dalrymple Supplemental Report does not meet these requirements. For one, Dr. Dalrymple was aware of the height of the 40 Arpent Levee east of Paris Road prior to submitting his initial expert report. Since the USACE established the actual height of 40 Arpent Levee on September 29, 2005 (in its LIDAR Survey), Dr. Dalrympe was able to access and incorporate this survey into the numerical modeling he used for his initial report. Because Dr. Dalrymple nonetheless erred in calculating the height of the 40 Arpent Levee east of Paris Road, he should not be entitled to run another ADCIRC model to expand his initial opinion. Moreover, this Court's exclusion is also appropriate because Dr. Dalrymple acknowledges that lowering a section of the 40 Arpent Levee does not significantly change the timing and depth of flooding from each source as alleged in his original report. (Dr. Dalrymple's Supplemental Report at 6).

Second, the Dalrymple Supplemental Report will prejudice the Plaintiffs. In addition to performing another numerical modeling test, without this Court's permission, Dr. Dalrymple decided to submit his supplemental report less than two months before trial. As the Plaintiffs are fully engaged in trial preparation, it is impossible to re-depose Dr. Dalrymple on the amendments set forth in his supplemental report at this late stage to avoid the prejudice his untimely submission has caused. And even if this Court were to allow the Plaintiffs to re-depose Dr. Dalrymple before trial, such a decision would re-open discovery and may require Plaintiffs' expert, Dr. Robert Bea, to

modify his report as well, opening up a Pandora's box of additional issues.  An alteration of the discovery process of this magnitude will not only frustrate the Court's case management plan but may even affect the Court's trial date – none of which is an acceptable outcome.

### III. CONCLUSION

For these reasons, the Court should grant the Plaintiffs' motion to exclude the testimony or evidence pertaining to Dr. Dalrymple's supplemental report.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

/s/ *Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

/s/ *James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry (The Andry Law Firm, New Orleans, LA)

Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

### **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of August, 2012.

*/s/ Joseph M. Bruno*
Joseph M. Bruno