UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
| *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION IN LIMINE TO PRECLUDE DEFENDANTS' EXPERTS
FROM OFFERING OPINIONS QUANTIFYING DAMAGE ATTRIBUTABLE
TO WATERS FROM THE INNER HARBOR NAVIGATION CANAL (IHNC)**

**I.   FACTS**

On March 21, 2012 (inadvertently marked as March 21, 2011), Dr. Robert A. Dalrymple submitted his Expert Report in which he discussed the flooding of the Lower Ninth Ward and St. Bernard Parish during Hurricane Katrina and reviewed Plaintiff's model of the same flooding. On July 23, 2012, Dr. Robert A. Dalrymple submitted his Supplemental Report. As more thoroughly explained below, the Expert Report and Supplemental Report of Dr. Robert A. Dalrymple do not answer the question before this Honorable Court, which is the amount of damage attributable to waters from the Inner Harbor Navigation Canal (IHNC), and therefore Defendant's Experts should

1

not be allowed to offer opinions at trial regarding the amount of damage attributable to waters from the IHNC.

## II. LAW AND ARGUMENT

Federal Rules of Civil Procedure Rule 26 (a) (2) (A) states that "in addition to the disclosures required by Rule 26 (a) (1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Additionally, an expert's report "must contain a complete statement of all opinions [he] will express and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Courts have "consistently limited expert's testimony to the opinions and bases disclosed in their expert report. *Witt v. Chesapeake Exploration, L. L. L.*, 2011 WL 2790174 at 7 (E.D. Tex. July 14, 2011). Allowing an expert to testify regarding a position not disclosed in his report would unfairly prejudice the opposing party … "and defeat one of the primary purposes that the expert report serves." *Smith and Nephew, Inc. v. Arthrex, Inc.* 2010 WL 457142 at 8.

In determining damages for Lucille and Anthony Franz, in the Findings of Fact and Conclusions of Law, dated November 18, 2009, in the case IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION, PERTAINS To: Robinson C.A. No. 06-2268, this Honorable Court found that the 10 feet of water that impacted the Franz's residence was not all attributable to the MRGO, but that "the destruction of the home was caused by the six feet of water that rushed through the breaches of the IHNC floodwall causing the destruction of the foundation of the Franz home." This Honorable Court however noted "that the Franz home is a two-story residence and their living quarters are contained on the second story." The Court stated "clearly without the Reach 2 Levee breaching, the second floor would have not been flooded and the majority

2

of the contents would not have been damaged." In determining the amount of damages recoverable by plaintiffs, this Honorable Court had to determine the amount damage attributable to waters from the IHNC and the amount of damage attributable to waters from the MRGO, so that the Court did not allow plaintiffs to recover for damages which were not attributable to the MRGO.

Likewise in the current case before this Honorable Court, IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION, PERTAINS TO: Armstrong No. 10-866, in determining the amount damages recoverable by plaintiffs, this Honorable Court needs to determine the amount of damage attributable to waters from the IHNC and the amount of damage attributable to waters from the MRGO.  If Plaintiffs succeed in proving that the IHNC water arrived first, the quantity and height of the IHNC water that arrived and what damage was caused by the IHNC water, defendant's experts should not be able to opine on the subject of the amount of damage attributable to waters from the IHNC without first producing an expert report embodying conclusions and the underlying support for them, as explained in more detail below.

**Expert and Supplemental Report of Dr. Robert A. Dalrymple**

The Expert Report of Dr. Robert A. Dalrymple contains four "What-if" scenarios that Dr. Robert A. Dalrymple says were used to provide an understanding of how flooding in the Lower Ninth Ward would have been different: (1) IF, the North Breach had not occurred, (2) IF, the South Breach had not occurred, (3) IF, only the MRGO breaches had occurred, and (4) IF, no breaches in the IHNC or MRGO occurred.

The problem with these four What-if Scenarios and with the Supplemental Expert Report of Dr. Robert A. Dalrymple is that none of them answer the question before this Honorable Court, which is to quantify the amount of damage attributable to waters from the Inner Harbor Navigation

Canal (IHNC). Each of these four scenarios fail to include the North and South breach of the IHNC together and but separate from the MRGO breaches. Number (1) only includes the South breach and the MRGO breaches. Number (2) only includes the North breach and the MRGO breaches. Number (3) only includes the MRGO breaches with zero contribution from either the North or South breach, and Number (4) assumes that there were no breaches along either the IHNC or the MRGO. Therefore, none of these four What-if Scenarios address the question before this Honorable Court (the amount of damage attributable to waters from the IHNC).

In addition, in his Discussion of Plaintiffs' Expert Reports, Dr. Robert A. Dalrymple provided model hydrographs for each of the Plaintiff's properties for each of the following scenarios: No Breaching, MRGO Only, No South Breach, No North Breach and All Causes. Like the What-if Scenarios, described above these selected hydrographs also fail to answer the question before this Court, because none concurrently involve waters from the South and North breach of the IHNC. In contrast, as explained below, Plaintiffs' Experts did hydrographs of seven scenarios for the plaintiffs' six locations which included: "all causes", "No IHNC breaches", "No IHNC North breach", "No IHNC South breach", "No MRGO breaches", "No IHNC North and No MRGO breach" and "No IHNC South and No MRGO breach".

### March 2, 2012 Memorandum from Bob Maaskant & Matthijs Kok

In their March 2, 2012 memorandum Maaskant & Kok of Delft University, did hydrographs of seven scenarios for the plaintiffs' six locations which included: "all causes", "No IHNC breaches", "No IHNC North breach", "No IHNC South breach", "No MRGO breaches", "No IHNC North and No MRGO breach" and "No IHNC South and No MRGO breach". Because their multiple scenarios, included a scenario which excludes waters from the MRGO breaches, this Court will be

4

able to determine what time waters solely attributable to the IHNC arrived at each plaintiffs' residence and quantify the amount of same. Only this quantification will enable the Court to then assess the amount of damages caused to the each plaintiff's residence, from the Inner Harbor Navigation Canal (IHNC).

### III. **CONCLUSION**

For the reasons explained above, neither the Expert Report and nor the Supplemental Report of Dr. Robert A. Dalrymple quantifies the IHNC waters impacting Plaintiffs' residences. Thus, Defendant's experts should not be allowed to opine on this issue at trial and this Court should issue an order in *limine* prohibiting any attempt to now quantify that amount.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

/s/ *Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

/s/ *James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502

Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of August, 2012.

   */s/ Joseph M. Bruno*
   Joseph M. Bruno