UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
|     *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF WEATHER-RELATED FACTS

**Judicial Notice Generally.**

Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As this Court has previously explained, "[w]hen a court or an agency finds facts concerning the immediate parties - who did what, where, when, how, and with what motive or intent - the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts." *In re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 632 (E.D. La. 2008) (internal citation omitted). Where such adjudicative facts are at issue, a

1

"District Court clearly ha[s] the right to take notice of its own files and records and it ha[s] no duty to grind the same corn a second time." *Aloe Creme Labs. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *see also* ; *MacMillan Bloedel, Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court."); *Fla. Bd. of Trustees v. Charley Toppino and Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975) (same).

**Judicial Notice of This Court's Previous Findings Is Appropriate.**

John Adams famously observed that "facts are stubborn things."[1]  Plaintiffs ask the Court to take judicial notice of the basic facts pertaining to Hurricane Katrina—facts that do not change from trial to trial.  The Court will recall USA counsel's statement in the pretrial conference that the USA does not even dispute these facts; rather, the USA refuses to stipulate to them because they fear having the stipulation held against them in some later Katrina-related trial.  That concern does not change the facts themselves.[2]

The five facts subject to judicial notice are set forth in this Court's Final Barge Order. (Doc. 20149.)  They are "adjudicative facts" as contemplated by Rule 201 because they are facts involving "who [or in this instance, 'what'] did what, where, when, how, and with what motive or intent." *In re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d at 632.  In addition to being adjudicative facts, these facts are not subject to reasonable dispute as

---

[1] "Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passion, they cannot alter the state of facts and evidence." *Argument in Defense of the British Soldiers in the Boston Massacre Trials (Dec. 4, 1770)*, publicly available at: http://en.wikiquote.org/wiki/John_Adams.

[2] Defendant WGI agreed to stipulate to the facts proposed for judicial notice, as indicated during the pretrial conference of July 26, 2012.  Only Defendant USA declined.

described in Rule 201, given that they can be readily determined as consistent with sources whose accuracy cannot reasonably be questioned—namely, the government weather reports utilized throughout the Katrina litigation, including the National Hurricane Center Report on Hurricane Katrina, (Ex. A), NOAA's National Climactic Center, Technical Report 2005-01, Hurricane Katrina, A Climatological Perspective, (Ex. B), and the Hindcast Data on Winds, Waves and Currents in Northern Gulf of Mexico in Hurricanes Katrina and Rita, Submitted to US Department of the Interior Minerals Management Service, September 2006. (Ex. C.) Where, as here, "particular facts are outside of reasonable controversy, [the introduction of evidence] is dispensed with as unnecessary." *MacMillan Bloedel*, 760 F.2d at 588 (internal citation omitted).

    Judicial notice is appropriate even though the USA was not a party to the Barge trial. In *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978), the Plaintiff requested the trial court take notice of "discovery depositions which were extensive and thorough and the pleadings" from prior cases involving the plaintiff, even though the defendant was not a party to those proceedings. The Fifth Circuit Court of Appeals noted that "the district court was faced with issues similar and in some respects identical to those considered in [the] prior proceedings." *Id.* The *Kinnett Dairies* court concluded there was "no error in the district court's judicial notice of materials in the court's own files from prior proceedings." *Id.* Here, of course, the previous trial occurred as part of the same overall legal action. As in *Kinnett Dairies*, Plaintiff asks the Court to judicially notice facts "identical to those considered in prior proceedings." *Id.*

By taking judicial notice of these adjudicative facts, they will be deemed conclusively established for purposes of this case pursuant to Rule 201(f), which is entirely appropriate given that no party to this proceeding disputes their accuracy.[3]  The parties will have no obligation to present evidence on these undisputed points, thereby streamlining the trial, which serves the interests of all parties and the Court.

        Respectfully Submitted,

        PLAINTIFFS' LIAISON COUNSEL

        /s/ *Joseph M. Bruno*
        JOSEPH M. BRUNO (La. Bar No. 3604)
        BRUNO & BRUNO, L.L.P.
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775
        Email: jbruno@brunobrunolaw.com

        MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

        /s/ *James Parkerson Roy*
        JAMES PARKERSON ROY (La. Bar No. 11511)
        MR-GO PSLC Liaison Counsel
        Domengeaux Wright Roy & Edwards LLC
        P.O. Box 3668
        Lafayette, LA. 70502
        Telephone: (337) 593-4190 or (337) 233-3033
        Facsimile: 337-233-2796
        Email: jimr@wrightroy.com

        for

---

[3] *See* Rule 201, *Advisory Cmte Notes* ("[T]he rule contemplates there is to be no evidence before the jury in disproof. The judge instructs the jury to take judicially noticed facts as established.")

        MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
        Jonathan Andry (The Andry Law Firm, New Orleans, LA)
        Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
        James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of August, 2012.

        */s/ Joseph M. Bruno*
        Joseph M. Bruno