UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
|     *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OF OR EVIDENCE PERTAINING TO MILES BRODSKY

**NOW INTO COURT**, through undersigned counsel, come the *Armstrong* Plaintiffs, who in support of their Motion in Limine to Exclude Any Testimony of or Evidence Pertaining to Mile Brodsky, and strike him from the defendants' Pre-Trial Order witness list, do state as follows:

**I.**

Defendant Washington Group International, Inc. (WGI) have identified Miles Brodsky as a trial witness despite not having timely listed him.  He should not be permitted to testify at trial because   his testimony would violate this Court's case management orders.

**II.**

This motion in limine is necessitated by WGI's ongoing attempts to untimely submit witnesses that were not originally on the defendant's witness list in a procedurally prohibited attempt to bolster their case.

**II.**

The *Armstrong* case falls within the *MRGO* category of the *In re Katrina Canal Breaches Consolidated Ligation* umbrella. For case management purposes, the Court issued Case Management Order No. 4 on March 1, 2007, which obligated the *MRGO* parties to update their witness list on the 20th day of each month "to facilitate regular and ongoing preparation for common liability issues trials." (*See* MRGO Case Management Order No. 4 ("CMO No. 4") (A)(2)(Rec. Doc. 3299)). The defendant, despite ample opportunities to make the addition timely and contrary to the notion of equitable notice to the opposing party, failed to add Miles Brodsky to the witness list until the Joint Pre-Trial Order submitted to this Honorable Court on July 24, 2012.

Upon the acceptance of the *Armstrong* matter as a common liability issues trial, the Court re-issued CMO No. 4 on April 28, 2010 to govern the present litigation. In that Order, the Court specified that "[n]o witness who is not identified in the [final witness] list will permitted to testify...without an order to do so on motion for good cause shown." (Rec. Doc 19743-2, p. 26, § (3)). The court provided further specificity to the parties' pre-trial obligations through its order of March 17, 2011. (Rec. Doc. 20200).

WGI filed its Preliminary Witness List on May 27, 2011, electing not to identify Miles Brodsky as a witness in this matter. (Rec. Doc 20255). WGI's subsequent witness lists, including its Final Witness List dated April 6, 2012, excluded Miles Brodsky. The *Armstrong* discovery period expired on April 20, 2012, without WGI ever identifying Miles Brodsky as a witness. For this reason, Miles Brodsky should be excluded.

**III.**

Federal Rules of Civil Procedure, Rule 26 (a)(2)(A) requires that "a party must disclose to

the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." WGI never included Miles Brodsky in any of its *Armstrong* witness lists nor produce a timely expert report.

Consistent with F.R.C.P., Rule 26, the Court's Pre-Trial Notice was incorporated into the Court's case management protocol referenced above. The Pre-Trial Notice specified that:

> "13.
> c.   Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders."

Clearly, WGI has failed to comply with any of the procedural requirements for presenting any testimony by Miles Brodsky.

## IV.

Based upon the dictates of the above referenced case management orders, WGI carries the burden of overcoming a tardy witness designation by establishing "good cause" for the admissibility of that witness's testimony. The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (C.A.9 (Cal.),1992); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va.1995). Likewise, the absence of prejudice to the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate "good cause." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (C.A.5 (Tex.),1990). Instead, the movant may demonstrate "good cause" only by showing that, despite his diligence, he could not have reasonably met the scheduling deadline. *Callais v. Susan Vizier, Inc.*, 2000 WL 278097 (E.D.La.,2000) (Africk, Magistrate J).

3

Here, WGI gives no good cause explanation in order to overcome the burden.

**XVIII**.

To date, Plaintiffs have expended substantial efforts to prepare its case in compliance with the Court's succinct management protocol against the ever changing defense theories. Since the close of discovery, Plaintiffs have received numerous defense expert reports containing additional analyses that are the subject of concurrently filed motions in limine. Furthermore, there has been more than one late witness addition to the witness list, in violation of this Honorable Court's order.

**XIX.**

This court would be well within its discretion in striking or precluding any testimony of Miles Brodsky given WGI's multitude of procedural and substantive violations. The Fifth Circuit has consistently recognized Fed.R.Civ.P., Rule 16(b)'s authority to the courts "to control and expedite the discovery process through a scheduling order" and trial court's "broad discretion to preserve the integrity and purpose of the pretrial order." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (C.A.5 (Tex.),1996). As such, Fed.R.Civ.P. 37(b)(2)(B) authorizes the trial court to impose sanctions on a party that violates the scheduling order "by refusing to allow that party to introduce designated matters into evidence." *Id*.

The preclusion of witnesses based on even less egregious reasons has been approved by the Fifth Circuit. It has found that a district court did not abuse its discretion in refusing to allow a party to call a witness to testify on rebuttal because that party had never included the witness on its witness list, and could not provide a valid reason for this omission. *Singer v. City of Waco, Tex.*, 324 F.3d 813 (C.A.5 (Tex.),2003).

More recently, the Fifth Circuit found that the district court did not abuse its discretion in

excluding the testimony of certain witnesses on the grounds that the party had failed to include the witnesses on its pre-trial witness lists and that the witnesses had not been deposed before trial. *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, (C.A.5 (La.),2004), abrogated on other grounds.

**XX.**

    For all of the foregoing reasons, Plaintiffs pray that this Court grant this Motion In Limine, thereby precluding any evidence and testimony from Miles Brodsky, and striking him from the defendants' Pre-Trial Order witness list.

Respectfully submitted,

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com
MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

MRGO PLAINTIFFS SUBGROUP LITIGATION COMMITTEE

Jonathan Andry (The Andry Law Group, LLC, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of August, 2012.

    /s/ Joseph M. Bruno
    Joseph M. Bruno