UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
|     *Armstrong*, No. 10-866 | * | SECTION "K"(2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF, OR
REFERENCE TO, CLAIMS DISMISSED BY CLIFFORD WASHINGTON**

**MAY IT PLEASE THE COURT:**

Plaintiffs submit this memorandum in support of their motion *in limine* for an order excluding evidence of, and reference to, claims dismissed by Clifford Washington.

**I.    BACKGROUND**

Claims were brought on behalf of Plaintiff Clifford Washington for, *inter alia*, property damage sustained to properties believed to be owned by Mr. Washington in New Orleans at the time of Hurricane Katrina, specifically the properties with the physical addresses of (1) 5027-5027 ½ Derbigny Street, and (2) 1910-1910 ½ Charbonnet Street. However, it was later discovered that the property located at 5027-5027 ½ Derbigny Street had in fact gone through a

1

foreclosure proceeding prior to Hurricane Katrina and was no longer owned by Mr. Washington at the time of the hurricane.  After discussion with Mr. Washington, it was agreed upon by Mr. Washington and plaintiffs' counsel that <u>only</u> Mr. Washington's claim for the property damage to the property located at 1910-1910 ½ Charbonnet Street would be pursued. All other previously asserted claims were voluntarily dismissed with prejudice.  Plaintiffs' counsel and Mr. Washington stated as much for the record in the deposition of Mr. Washington held on September 27, 2011:

```
p. 228
8      MR. BRUNO:
9      Hello, everybody. My name is
10     Joseph Bruno.  I'm making a very brief
11     appearance as Plaintiffs' liaison
12     Counsel.
13     We just want to state for the
14     record that the witness, after
15     consultation with Counsel, is going to
16     withdraw and dismiss with prejudice
17     his claim for emotional distress as
18     well as his claim for property damage
19     with regard to the
***
23     Derbigny address, so that the
24     only claim that he has present in this litigation
25     is his claim for property
p. 229
1      damages for the address located at
***
2      1910 Charbonnet
***
21     MR. BRUNO
22     The only claim he is making is a
23     claim for property damage. Is that
24     true?
25     THE WITNESS [Mr. Washington]:
p. 230
1      Yes, sir.
2      MR. BRUNO
```

2

>     3      Did I say everything correctly?
>     4      THE WITNESS:
>     5      Yes, sir.[1]

Plaintiffs bring the instant motion seeking to exclude at trial evidence of, or reference to, those claims Mr. Washington has dismissed with prejudice because they are irrelevant, confusing and wasteful.

## II.    LAW AND ANALYSIS

The concept of "relevance" is the cornerstone of the law of admissibility of evidence. When a piece of evidence is found to be "relevant," there are two distinct links between the piece of evidence and the case. First, there must be a probative relationship between the piece of evidence and the factual proposition to which the evidence is addressed.[2] Second, the evidence must be material. That is, there must be a link between the factual proposition which the evidence tends to establish, and the substantive law.[3] These two aspects of relevance are combined in Federal Rule of Evidence 401: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 provides that, except as otherwise provided by the Rules or by other specific enactment, "all relevant evidence is admissible…" and that "evidence which is not relevant is not admissible."

---

[1] Deposition Transcript of the deposition of Clifford Washington held on September 27, 2011, *In re: Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182, pp. 228 – 230 (E.D. La).

[2] Graham Lilly, *An Introduction to the Law of Evidence*, p. 24 (2nd Ed. 1987).

[3] *Id.* at p. 24.

3

Mr. Washington's only remaining claim in this litigation is for the damage to his property with the physical address of 1910-1910 ½ Charbonnet Street in New Orleans, Louisiana. Thus, evidence of Mr. Washington's physical injuries, or the property damage that occurred to the property located at 5027-5027 ½ Derbigny Street, is not probative of or material to Mr. Washington's claim for property damage to his residence located at 1910-1910 ½ Charbonnet Street. Therefore, any evidence concerning any of the previously asserted claims dismissed by Mr. Washington should be excluded from trial.

### III. CONCLUSION

Mr. Washington's only remaining claim in this litigation is for the property damage that occurred to his property with the physical address of 1910-1910 ½ Charbonnet Street in New Orleans, Louisiana. Accordingly, Plaintiffs respectfully request that this Court enter an Order to exclude at trial any evidence of, or reference to, the previously asserted claims of Mr. Washington that have been dismissed. Plaintiffs contend that not only would this evidence be irrelevant, but confusing and wasteful.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

/s/ *Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

4

        MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

        /s/ *James Parkerson Roy*
        JAMES PARKERSON ROY (La. Bar No. 11511)
        MR-GO PSLC Liaison Counsel
        Domengeaux Wright Roy & Edwards LLC
        P.O. Box 3668
        Lafayette, LA. 70502
        Telephone: (337) 593-4190 or (337) 233-3033
        Facsimile: 337-233-2796
        Email: jimr@wrightroy.com

        for

        MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
        Jonathan Andry (The Andry Law Firm, New Orleans, LA)
        Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
        James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)


## **CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of August, 2012.

        */s/ Joseph M. Bruno*
        Joseph M. Bruno

5