UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Armstrong*, No. 10-866 | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE OR LIMIT TESTIMONY OF CHAD MORRIS**[1]

**INTRODUCTION**

In the Joint Pre-Trial Order filed with this Court on July 24, 2012, Plaintiffs indicated that they expect to call Chad Morris at trial to:

> [P]rovide expert testimony evaluating spatial characteristics of the EBIA and surrounding region, spatial characteristics of the earth work performed by defendants at the EBIA, and spatial characteristics of the locations of the Plaintiffs' residences.

Doc. 20920, at 63 ¶ 15.

Mr. Morris's expert report contained his conclusions and opinions regarding the elevations of Plaintiffs' residences, which is a "spatial characteristic[] of the location of Plaintiffs' residences," and there is no objection to Mr. Morris testifying to his opinions and conclusions as to those elevations.[2]

Mr. Morris's expert report, however, contained no opinions or conclusions concerning "spatial characteristics of the earth work performed by defendants at the EBIA."

---

[1] Defendant Washington Group International, Inc., (WGI) is filing a concurrent motion to join and adopt this motion in full. Accordingly, this motion uses "Defendants" to mean both the United States of America and WGI unless otherwise specified.

[2] A copy of Mr. Morris's July 18, 2011 report is attached as Exhibit A for the Court's convenience.

1

It contained no opinions or conclusions concerning "spatial characteristics of the EBIA and surrounding region." Instead, Mr. Morris's report, with the exception of the elevations of Plaintiffs' residences, consists of a few photographs previously produced by Defendant WGI and a summary of what he believes the captions on those photos appear to depict. Far from being based on "scientific, technical, or other specialized knowledge," as required for expert testimony to be admissible under Federal Rule of Evidence 702, Mr. Morris's "opinions" could not even qualify as "lay opinions," as they are not based on personal knowledge or perception (since he was never present at the EBIA site during Task Order 26) and could not plausibly assist the trier of fact beyond what a trier of fact could deduce with his own eyes.

As discussed more fully below, Mr. Morris made clear in his deposition that he had not, at the time he prepared and disclosed his report, created any GIS or GPS maps for use in the upcoming *Armstrong* trial (other than two figures in his report), could not identify locations of excavations, could not identify depths of excavations, was not familiar with any of WGI's work plans or work locations, did not review the daily reports documenting WGI's work, and had no relevant geotechnical or other engineering background in soils or soil compaction. Mr. Morris's report is, in essence, a compilation of photographs that he picked out of a box, coupled with general statements about those photos that are not based on scientific, technical, or other specialized knowledge.

In Mr. Morris's own words: (1) "the exact location of every excavation is not something I can clearly ascertain from the data we have been provided"; (2) "I can't say

how deep they dug in any location"; and (3) "what I was trying to convey in the report is . . . the type of activities that happened out there."[3]

Based on the actual contents of Mr. Morris's report, illuminated by his deposition testimony, he can offer no scientific, technical, or other specialized expertise that would assist the trier of fact. Defendants, therefore, jointly request that Mr. Morris's testimony be excluded with the exception of his conclusions concerning the elevations of Plaintiffs' residences. In the alternative, because "spatial characteristics" is a general and vague description of the testimony Plaintiffs intend to proffer through Mr. Morris, Defendants move this Court to disallow Mr. Morris from testifying to opinions, conclusions, or matters outside of those explicitly contained in his expert report.

## ARGUMENT

"Motions *in limine* are designed to narrow the evidentiary issues at trial."[4] The Federal Rules of Evidence generally provide that "relevant evidence"—evidence having a tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence—is admissible unless proscribed by the Rules of Evidence, an Act of Congress, or the Constitution.[5] To this end, relevant evidence can be excluded if its probative value is substantially outweighed by, among other things, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[6]

Where expert testimony is involved, meaning that "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence," the witness

---

[3] Exhibit B, Morris Dep. 194:6-9; 195:13-14; 148:5-6.
[4] *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010).
[5] *Id.* (citing Fed.R.Evid. 401-02).
[6] Fed.R.Evid. 403.

3

must be qualified by knowledge, skill, experience, training, or education, and the testimony is admissible if it is based upon sufficient facts or data, is the product of reliable principles and methods, and those principles and methods are applied reliably to the facts of the case.[7] If an expert is to testify under Federal Rule of Evidence 702, however, the expert must provide a written report containing (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; and (3) any exhibits that will be used to summarize or support them.[8] An expert's opinions that are not relevant or are otherwise inadmissible may be excluded before trial in a motion *in limine*. Moreover, because the Federal Rules circumscribe an expert's testimony to the opinions contained in his report, a motion *in limine* is also appropriate to preclude an expert from offering opinions at trial that are not contained in that report.[9] Indeed, even where an expert witness offers opinions in deposition testimony not explicitly contained in his report, such deposition testimony "does not serve to place his trial testimony within the scope of his expert report."[10]

As a preliminary matter, to the extent that Mr. Morris, whose expertise is in surveying and mapping, will testify to the surveyed elevations of Plaintiffs' homes,

---

[7] Fed.R.Evid. 702.
[8] Fed.R.Civ.P. 26(a)(2)(B)(i)-(iii).
[9] *See Paradigm Sales, Inc. v. Weber Marking Systems, Inc.*, 880 F. Supp. 1247, 1252 (N.D. Ind. 1995) (granting motion *in limine* to exclude expert's testimony as irrelevant and further granting motion *in limine* to preclude expert from offering opinions not contained in his report).
[10] *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, 237 F.R.D. 106, 113 (D. Del. 2006); *see also Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) ("Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony.").

Defendants do not object to the testimony.  These conclusions are contained in Mr. Morris's report.

However, Plaintiffs also intend to call Mr. Morris to testify about the "spatial characteristics" of the EBIA and surrounding region and the "spatial characteristics" of the earth work performed by defendants at the EBIA.[11]  Although Mr. Morris's report includes figures purporting to show the location of the proposed future by-pass channel and WGI's proposed work plans in relation to the floodwall adjacent to the EBIA site, his report does not include any opinions, conclusions, or figures demonstrating the "spatial characteristics" of any actual earth work performed by the defendants at the EBIA or the "spatial characteristics" of the surrounding region.[12]

During his deposition, Mr. Morris candidly admitted that he could not testify to the "exact location of every excavation," and could not "say how deep [the defendants] dug in any location."[13]  Indeed, all Mr. Morris's report purports to do, by his own admission, "is document the types of activities that happened, show where they had planned construction activities."[14]  In other words, Mr. Morris's report and testimony serve only to demonstrate that WGI performed work in the EBIA – a fact not in dispute.[15]  Mr. Morris conceded that the photos underpinning his expert report did not provide him a basis to opine about any

---

[11] The term "spatial" is spectacularly vague, defined by the Oxford English Dictionary as meaning "Having extension in space; occupying or taking up space; consisting of or characterized by space" or "Of, pertaining, or relating to space; subject to, or governed by, the conditions of space." Oxford English Dictionary, Second Ed. 1989.
[12] Mr. Morris did not even make physical measurements or report any measurements for the height of the levee or floodwall adjacent to the EBIA.  Morris Dep. 48:18 – 49:3.
[13] Morris Dep. 194:6-7; 195:13-14.
[14] *Id.* 195:9-13.
[15] *See* Pre-Trial Order, Doc. 20920, at pp. 35-36, ¶¶ 60-64.

5

of the details of work performed at any location.[16]  Mr. Morris stated that he had not been asked to do any GPS surveying of the EBIA area, and had not undertaken to create any GIS models of any kind despite having data that could have been used to create such models.[17] He further conceded that he had not been asked to provide any additional exhibits to explain the testimony he would give at trial based on his report, and to date, Mr. Morris has not sought to supplement his expert report in any way.[18]  Defendants even pointed out to Mr. Morris, on the record, that Rule 26(a)(2) required full disclosure of all facts, data, and exhibits that would be used to support his opinions and conclusions at trial.[19]  Mr. Morris's response was that "everything that is in this report is what I have been asked today to date."[20]

It is clear that Mr. Morris, based on his report and deposition, did not, has not, and could not offer any opinions concerning the depths or locations, *i.e.,* "spatial characteristics," of any earth work performed by the defendants at the EBIA site unless he has performed additional work or formulated additional exhibits or models that have never been furnished or provided to supplement the opinions and conclusions contained in his July 18, 2011 report.  Defendants, therefore, must request that Mr. Morris not be permitted to offer any testimony, opinion, or conclusion about "spatial characteristics," such as the depths or locations of any work performed by defendants at the EBIA, as Mr. Morris's report did not express any opinion or the reasons supporting his opinion concerning the

---

[16] *Id.* 98:20-25.
[17] *Id.* 49:23 – 50:3; 61:8 – 62:3.
[18] *Id.* 209:19-22
[19] *Id.* 150:17 – 151:14.
[20] *Id.* 151:15-17.

"spatial characteristics" of the earth work performed at the EBIA site. Any testimony concerning the "spatial characteristics" of the earth work performed is outside the scope of Mr. Morris's report and must be excluded under Rules 26(a)(2) and 37(c)(1).[21]

In addition, Defendants contend that because Mr. Morris's report consists of nothing more than his personal extrapolation of "the work done" based on the captions contained on photos, it is not properly the subject of "expert" testimony.[22] Mr. Morris conceded that his report does nothing more than "depict . . . that there was a bunch of work done out there and then depict photographs that show the type of work that was done."[23] In other words, he read the caption on a photo and concluded from a snapshot in time contained on a photo that WGI performed work.[24] Mr. Morris's opinions as to what those photos show are not, by his own admission, based on any particular expertise, but rather on the "caption on the image."[25] Not surprisingly, Mr. Morris concedes that he is not an engineer, geotechnical or otherwise, and has no expertise in soil characterizations, soil behavior, or hydrology.[26]

In short, Mr. Morris's report and testimony is not based on any particular scientific, technical, or other specialized knowledge as required by Rule 702. Moreover, Mr. Morris was never present at the EBIA site for any of the work performed.[27] He never reviewed

---

[21] *Paradigm Sales, Inc.*, 880 F. Supp. at 1252.
[22] Indeed, Mr. Morris admitted that this was all he was asked to do and that Dr. Robert Bea, another of Plaintiffs' experts, directed him to merely pick photos out of boxes showing construction activities. Morris Dep. 195:22 – 196:19.
[23] *Id.* 124:7-12.
[24] *Id.* 134:13-22.
[25] *Id.* 153:17-21.
[26] *Id.* 201:12 – 202:3.
[27] *Id.* 206:17-19.

7

any of the daily reports or documentation of the work that actually occurred on the EBIA site.[28]  Nothing that he might testify to at trial based on the contents of his report or deposition testimony is beyond the ken of the fact finder to assess using common experience and knowledge, rendering his "expert" testimony unnecessary.[29]  In addition, the Court will undoubtedly be receiving fact testimony concerning the work performed at the EBIA site from persons who were physically present and involved in the work itself, as well as from experts who actually took the time to review the available documentation and information to ascertain depths and locations of the earth work performed at the EBIA, rendering any testimony Mr. Morris might offer on these topics cumulative, unnecessary, and properly excluded under Rule 403.

---

[28] *Id.* 206:20-24.
[29] *Cf. Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990) (affirming exclusion of expert testimony as unnecessary where the jury could assess the facts using only their common experience and knowledge).

## CONCLUSION

For the foregoing reasons, Defendants jointly request that any testimony of Mr. Morris as to matters other than the elevations of Plaintiffs' residences be excluded as outside the scope of his report, irrelevant, cumulative, and not properly the subject of expert testimony. Defendants further request that Mr. Morris not be permitted to testify to "spatial characteristics" of earth work performed at the EBIA site or any other matter not set forth in his expert report.

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General
    PHYLLIS J. PYLES
    Director, Torts Branch
    JAMES G. TOUHEY, JR.
    Assistant Director, Torts Branch

    /s/ Conor Kells
    CONOR KELLS
    Trial Attorney, Torts Branch
    Civil Division
    U.S. Department of Justice
    Benjamin Franklin Station,
    P.O. Box 888
    Washington, D.C. 20044
    (202) 616-4400/616-5200 (fax)
    Conor.Kells@usdoj.gov
    Attorneys for the United States

**CERTIFICATE OF SERVICE**

      I hereby certify that, on August 10, 2012, I served a true copy of the foregoing upon the Court via hand-delivery pursuant to the Court's July 26, 2012 Minute Entry.  Notice of this filing will be delivered electronically via CM/ECF to all counsel of record.

/s/ Conor Kells
Conor Kells
