UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re Katrina Canal Breaches | § | Civil Action |
| Consolidated Litigation | § | No. 05-4182 "K" (2) |
| | § | Judge Duval |
| | § | Mag. Wilkinson |
| | § | |
| | § | |
| Pertains to : MRGO | § | |
|     *Armstrong*, C.A. No. 10-866 | § | |
| | § | |
| | § | |

**United States' Memorandum in Support
of its Motion to Strike Dr. Reed Mosher's
*Robinson* testimony from the Master Exhibit List**

Under Federal Rule of Civil Procedure 16 and Federal Rules of Evidence 402, 403, 802, and 804, the United States, on behalf of all Defendants,[1] requests this Court to strike two exhibits containing Dr. Reed Mosher's prior testimony in *Robinson* from the Master Exhibit List. Plaintiffs have included both Dr. Mosher's deposition and trial testimony as separate exhibits. This Court should strike the transcripts from the exhibit list because Plaintiffs were required to list all the transcripts they intended to offer at trial in the Pretrial Order. They failed to do so. Further, this Court should strike Dr. Mosher's deposition and trial testimony because it is irrelevant, is inadmissible hearsay, and its probative value (if any) is outweighed by the danger of unfair prejudice, waste, and confusion its admission would create.

---

[1] Washington Group International, Inc. is filing a concurrent Motion to Join the United States' Motion in Limine to Exclude or Limit Testimony of Chad Morris and Motion to Strike Dr. Reed Mosher's Robinson Testimony from the Master Exhibit List.

**Background**

As this Court will recall, Dr. Reed Mosher served as an expert witness for the United States in *Robinson*. There, the plaintiffs deposed Dr. Mosher and he testified at trial. As the Court is also aware, it determined that it lacked jurisdiction over the *Robinson* plaintiffs' claims related to the clean-up work at the EBIA because they did not properly present them administratively. *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4449970, at *6 (E.D. La. Sept. 29, 2008) (Duval, J.). Accordingly, Dr. Mosher's testimony, barely even mentioned the subject of this suit. Nonetheless, Plaintiffs have included both his deposition testimony (Ex.1) and trial testimony (Ex. 2) as exhibits in this suit. (Joint Ex. List, Doc. 20934).

The Pretrial Order entered in this case required the Parties to include the "deposition testimony to be offered at trial." (Doc. 20920). In accordance with that order, the Parties have jointly worked to create designations, counter-designations, and witness summaries for all testimony to be offered at trial. Plaintiffs, however, did not include Dr. Mosher's deposition or trial testimony in that those designations, so none of his testimony has been designated or counter-designated. Moreover, neither Plaintiffs nor defendants included Dr. Mosher on their respective witness lists.

**Argument**

**1. Dr. Mosher's testimony should be stricken because Plaintiffs failed to comply with this Court's Pretrial Order.**

Under Rule 26(a)(3)(ii), a party must provide "the designation of those witnesses whose testimony the party expects to present by deposition." This Court issued a final Pretrial Order that contained such a list, and which is subject to modification after the pretrial conference *"only to prevent manifest injustice."* Fed. Rule Civ. P. 16(e) (emphasis added). Although the Federal Rules were amended to change the "manifest injustice" standard for amending *nonfinal* pretrial orders in favor of a more flexible standard, the "stringent standard and the words 'to prevent manifest injustice'" were retained for *final* pretrial orders. Fed. R. Civ. P. 16 advisory committee's 1983 note. That familiar standard describes "the restraint a trial judge should exercise." *Id.* Therefore, "where the evidence and issue were known at the time of the pretrial conference, amendments [to the pretrial order] may generally be refused." *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 346 (5th Cir. 2002). And at the pretrial conference, each party has a duty to present "all the factual and legal bases" that it wants to present and "its failure to do so may implicate waiver." *Id.*

By attempting to place into the record deposition and trial testimony under the guise of an "exhibit" Plaintiffs have violated this Court's pretrial procedures. In listing testimony (whether by deposition or trial) as an exhibit, Plaintiffs have bypassed the very procedures that the Parties were required to follow with respect

3

to all other testimony. Plaintiffs have not sought leave to amend the Pretrial Order and to add Dr. Mosher's testimony to their witness list and designations. Instead, they have simply listed it as an exhibit. This Court should not countenance such a clear attempt to circumvent its order. Moreover, given that Dr. Mosher's testimony was given in a case which did not even include the claims alleged here, Plaintiffs cannot demonstrate anything remotely close to manifest injustice.

**2. Further, Dr. Mosher's testimony is inadmissible.**

Furthermore, Dr. Mosher's testimony is inadmissible, for three independent reasons.

First, it is irrelevant. Under Federal Rule of Evidence 402, evidence that is not relevant is inadmissible. Evidence is relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Dr. Mosher's testimony in *Robinson* has no bearing on this litigation because *Robinson* expressly did not include the very claims at issue here. Dr. Mosher testified only after this Court determined it lacked jurisdiction over the claims related to the work done at the EBIA. Accordingly, the Court could not hear, nor did Dr. Mosher address, any of the site-remediation work and its affect on the east-bank floodwall. His testimony, then, can have no consequence on this action.

Second, Dr. Mosher's testimony is inadmissible hearsay. Under Federal Rule of Evidence 801 a statement is not hearsay if it is an opposing party's statement

4

and:

   (A) was made by the party in an individual or representative capacity;
   (B) is one the party manifested that it adopted or believed to be true;
   (C) was made by a person whom the party authorized to make a statement on that subject;
   (D) was made by the party's agent or employee on a matter within the scope of theat relationship and while it existed; . . . .

   The Third Circuit's decision in *Kirk v. Raymark Indus. Inc.* is on point. 61 F.3d 147 (3d Cir. 1995). There, a defendant, Owens-Corning presented an expert witness who testified that an asbestos-induced affliction was caused by a certain fiber, which Owens-Corning's product did not contain. But, over Owens-Corning's objection, Plaintiffs were allowed to hear the trial testimony of a different expert Owens-Corning used in a different case. In that case, the previous expert testified that the asbestos affliction could be caused by a fiber included in Owens Corning's product.

   The Plaintiff argued that the previous expert's prior testimony in a different case qualified as an admission by a party opponent because Owens-Corning authorized that expert to speak on its behalf regarding the asbestos affliction. But the circuit court rejected the argument, remarking that it "misconsture[d] the entire premise of calling expert witnesses." *Id.* at 164. The court held that an expert witness was not "subject to the control of the party opponent with respect to consultation and testimony" and therefore "cannot be deemed an agent." *Id.* Thus, without a finding of agency, an expert's testimony for a party in one case cannot be used against the same party in different litigation. *Id.*

The analysis in *Kirk* applies here. The United States has retained numerous experts to present its defense here. Dr. Mosher is not one of them. His testimony in different litigation, which did not encompass the issues being litigated here, cannot possibly bind the United States. First, Dr. Mosher gave his own opinions, and was not subject to the control of the United States in presenting his expert testimony. Second, even if he is considered an agent of the United States, that agency must be limited to the subject matter of the *Robinson* litigation, which is indisputably different that the subject matter of this suit. Dr. Mosher cannot be deemed to have authority to speak on the EBIA remediation when that very subject was dismissed from the case in which he served as an expert.

By contrast, the Fifth Circuit's decision, *Collins v. Wayne Corp,* 621 F.2d 777 (5th Cir. 1980), which also addressed Rule 801's applicability to prior expert testimony, is inapposite for the simple reason that it involved an expert's testimony in the *same* case. *Collins* involved a bus accident. Two days after the accident, the defendant, Wayne, hired an expert to analyze the crash. The expert wrote a report, which was given to Plaintiffs, and then Plaintiffs deposed the expert. Plaintiffs later sought to admit the deposition transcript as an admission by Wayne. The circuit court determined that Wayne had employed the expert "to investigate the bus accident" and therefore he acted as Wayne's agent when "he explained his analysis and investigation." *Id.* at 782.

6

*Collins* is immediately distinguishable because it involved the same expert in the same case. That is not true here; Dr. Mosher is not an expert in this case.

Further, Federal Rule of Evidence 804 does not offer an exception to the rule against the admission of Dr. Mosher's former testimony. Rule 804(b)(1)(B) provides that former testimony may be admissible if that testimony is offered against a party who had an opportunity and similar motive to develop it by direct, cross-, or redirect examination. The United States had no motive to develop Dr. Mosher's testimony as it relates to the issues being litigated in the instant case since they were not at issue in *Robinson*.

Third, under Federal Rule of Evidence 403, any minimal probative value of Dr. Mosher's *Robinson* testimony is outweighed by the danger of unfair prejudice, the time it would waste, and confusion it would bring. As noted above, both Dr. Mosher's deposition and trial testimony occurred after this Court dismissed the EBIA claims from *Robinson*. An application of his testimony to the issues in *this case*, therefore would be incomplete, improper, and prejudicial because Dr. Mosher's testimony did not address the salient issues concerning any work done in the EBIA. Furthermore, even if Dr. Mosher's testimony is pertinent here, it is based on outdated information: the Parties joint soils-exploration program had not happened, and new information, such as the refined height of the east-bank floodwall, were not yet discovered. Numerous experts have examined and opined upon a host of new data available since Dr. Mosher's testimony. Dr. Mosher's opinion testimony did not consider that data and it is impossible to know whether

his opinions would have changed based on it. Adding such stale opinion testimony to the raft of new analyses here is surely only going to confuse the issues and waste time.

## Conclusion

This Court should strike the two exhibits containing Dr. Mosher's *Robinson* testimony: PX-0742 and PX-4023.

Dated: August 10, 2012.                         Respectfully submitted,

                                                STUART F. DELERY
                                                Acting Assistant Attorney General

                                                PHYLLIS J. PYLES
                                                Director, Torts Branch

                                                JAMES G. TOUHEY, JR.
                                                Assistant Director, Torts Branch

                                                 *s/ John A. Woodcock*
                                                JOHN A. WOODCOCK
                                                Trial Attorney, Torts Branch,
                                                Civil Division,
                                                U.S. Department of Justice
                                                Benjamin Franklin Station,
                                                P.O. Box 888
                                                Washington, D.C.  20044
                                                (202) 616-4400/ (202) 616-5200 (Fax)

                                                Attorneys for the United States

### CERTIFICATE OF SERVICE

I, John A. Woodcock, hereby certify that on August 10, 2012, a true copy of the foregoing was hand-delivered to the Court and served upon all parties by ECF. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic-filing system. Parties may access this filing through the Court's system.

                         *s/ John A. Woodcock*
                         JOHN A. WOODCOCK