UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:  MRGO<br>     *Armstrong, No.* 10-866 | *  CIVIL ACTION<br>*<br>*  NO. 05-4182<br>*<br>*  SECTION "K" (2)<br>*<br>*  JUDGE DUVAL<br>*<br>*  MAGISTRATE WILKINSON |

**MEMORANDUM IN SUPPORT OF WASHINGTON GROUP INTERNATIONAL, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING REPAIR OR REPLACEMENT COSTS FOR CERTAIN PLAINTIFFS' IMMOVABLE PROPERTY**

Defendant Washington Group International, Inc. ("WGI") respectfully moves the Court on behalf of all defendants[1] to exclude irrelevant evidence and testimony relating to the repair and/or replacement costs for the immovable properties previously owned by Plaintiffs Armstrong, Holmes, and Livers.  Plaintiffs intend to offer the testimony of Scott Taylor regarding the repair and/or replacement costs of the Armstrong, Holmes, and Livers residences. Under Louisiana law and the facts of this case, Plaintiffs Armstrong, Livers, and Holmes are limited to recovery of the diminution in value of their immovable property because they did not, and have no intent, to repair or restore the properties.  Therefore, evidence related to repair or

---

[1]  The United States is filing a concurrent Motion to Join WGI's Motions in Limine to Exclude Testimony and Evidence Concerning Melvin McElwee, to Exclude Evidence and Testimony Regarding Repair or Replacement Costs for Certain Plaintiffs Immovable Property, to Exclude Evidence Regarding Dr. Robert Bea's 3D Seepage Analyses and "Dilatational Wave Velocity" Theory, and to Strike Certain Exhibits From the Master Exhibit List.

replacement costs of the residences is irrelevant and should be excluded pursuant to Federal Rule of Evidence 402.

I. **STATEMENT OF FACTS**

In their Complaint, Plaintiffs allege that WGI and/or the United States undermined the floodwall adjacent to the Inner Harbor Navigational Canal as a result of their activities at the East Bank Industrial Area.  Plaintiffs contend that their residences were damaged by floodwaters released by breaches of the floodwall and seek relief for those damages.  After the filing of this litigation, Plaintiffs Armstrong, Holmes, and Livers have established permanent residences elsewhere and sold the subject properties to the Louisiana Road Home Program.

A. **Plaintiffs Armstrong, Holmes, and Livers Have Sold Their Properties to the Louisiana Road Home Program.**

In June of 2006, the Armstrongs moved to Covington, Louisiana, with the intent of staying on the Northshore until their daughter finished high school.[2]  The Armstrongs currently live in Meraux, Louisiana.[3]  The Armstrongs sold the property located at 4016 Hamlet Place to the Road Home Program on January 11, 2008, and did not perform any repairs to the home prior to the sale.[4]  The Armstrong residence was demolished,[5] and the land was still vacant at the time the experts in this matter viewed the property.

The Holmeses established a permanent residence in Spring, Texas in January of 2006 and continue to live at that residence through the present day.[6]  The Holmeses sold their

---

[2] Exhibit 1, Excerpts of Deposition of Kenneth Armstrong, September 12, 2011, at 50:20-25; 51:12-16; 57:20-24.

[3] *Id.* at 17:5-6.

[4] *Id.* at 54:7-55:17; 307:20-309:5; Exhibit 2, Armstrong Act of Sale.

[5] Exhibit 1 at 54:1-6; 58:24-59:4.

[6] Exhibit 3, Excerpts of Deposition of Fred Holmes, Jr., dated September 24, 2011, at 71:14-22; 76:8-13.

property at 1205 Perrin Drive to the Road Home Program on March 13, 2009, and did not perform any repairs to the home prior to the sale.[7] The Holmes residence was demolished,[8] and the land was still vacant at the time the experts in this matter viewed the property.

The Liverses established a permanent residence in Gonzales, Louisiana in April of 2006 and continue to live at that residence through the present day.[9] The Liverses sold their property at 4924 St. Claude Avenue to the Road Home Program on April 18, 2007, and did not perform any repairs to the home prior to the sale.[10] At the time that the experts in this matter viewed the property, the house was still standing and was in the same condition.

### B. Scott Taylor's Reports Do Not Consider Diminution in Value.

Plaintiffs' expert, Scott Taylor, produced reports in this matter regarding Plaintiffs' damages to immovable property, contents, and additional living expenses.[11] Mr. Taylor's damage estimates related to the immovable property of Plaintiffs are based on extensive repair or total replacement costs of the residences.[12] His reports do not consider the value of the subject residences prior to or following the damage occurring on August 29, 2005.[13]

---

[7]   *Id.* at 274:17-277:12; Exhibit 4, Holmes Act of Sale.

[8]   Exhibit 3 at 80:2-5.

[9]   Exhibit 5, Excerpts of Deposition of Alvin Livers, dated September 14, 2011, at 18:22-19:3; 21:22-22:14; 163:6-13; 164:11-20.

[10]  *Id.* at 164:23-165:9; 240:7-12; Exhibit 6, Livers Act of Sale.

[11]  *See* Revised Damage Reports of Scott Taylor for Plaintiffs Kenneth and Jeannine Armstrong, Fred Holmes, and Alvin Livers, dated October 20, 2011. Hard copies and electronic versions of the same were provided to the Court pursuant to Court Order on August 10, 2012.

[12]  Exhibit 7, Excerpt of Deposition of Scott Taylor, dated January 20, 2012, 377:19-378:17; *see also* Revised Report for Kenneth and Jeannine Armstrong at 1-2, Revised Report for Fred Holmes at 1-2, and Revised Report for Alvin Livers at 1-2.

[13]  *Id.*

**II.    LAW AND ARGUMENT**

   **A.    Standard of Review**

Federal Rule of Evidence 402 prohibits the admission of evidence that is not relevant. An item of evidence is relevant if it "tends to prove or disprove the matter sought to be proved." Fed. R. Evid. 401 advisory committee's note. To be admissible, evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Implicit in that definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *U.S. v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). It is well-settled that the trial court is afforded wide discretion in assessing the relevance and prejudicial effect of evidence. *U.S. v. Seale*, 600 F.3d 473, 494 (5th Cir. 2010).

   **B.    Diminution in Value is the Appropriate Measure of Damage for Immovable Property That is Not Repaired by the Owner.**

Louisiana law considers two methods for determining the appropriate measure of damages for immovable property. A plaintiff in a tort action may recover either (1) the reasonable costs that have been or may be incurred to repair or replace the damaged property, or (2) the difference between the value of the property before or after the harm, which is often referred to as diminution in value. *Roman Catholic Church of the Archdiocese of New Orleans v. Louisiana Gas Service Co.*, 618 So.2d 874, 879-80 (La. 1993).

In *Roman Catholic Church*, the Louisiana Supreme Court considered the circumstances under which it is appropriate to allow a plaintiff to recover the cost of repair when the repair cost exceeded the value of the property prior to the damage. *Id.* at 880. The court held that in such circumstances, a plaintiff may only recover the cost of repair if he demonstrates (1)

he actually has performed or will perform the repairs, or (2) there is a reason "personal to the owner" for seeking the repairs.  *Id.* at 879-80.  Even in the latter case, there is no reported jurisprudence that has allowed a plaintiff who no longer owns the immovable property to recover repair costs on the basis of a personal reason.  In any event, self-serving testimony regarding personal reasons for restoration of the property is not sufficient to support recovery costs in excess of property value.  *See Hornsby v. Bayou Jack Logging*, 902 So.2d 361, 368 (La. 2005).

It is inappropriate to award a plaintiff the cost of repair or restoration if he has already sold the property in an unrepaired condition.  *See Maryland Cas. Co. v. Rittiner*, 133 So.2d 172, 174-175 (La. App. 4 Cir. 1961).  "[I]t is important to know how the land is used and what interest in it is asserted, so that the measure can be adopted that will afford compensation for any legitimate use the plaintiff makes of his land.  This, of course, means that if the plaintiff is unlikely to repair for any reason and is likely instead to sell, then diminution in value rather than repair costs would be a more appropriate measure."  DAN B. DOBBS, HANDBOOK ON THE LAW OF REMEDIES 317 (1973).[14]

### C. Plaintiffs Armstrong, Holmes, and Livers Are Not Entitled to Restoration Costs.

The Armstrongs, Holmes, and Livers did not repair or replace their homes and cannot do so.  Since these plaintiffs have sold their immovable property to the State of Louisiana through the Road Home Program, it is clear that they can not and will not make repairs to the residences in the future.  Under the law established in *Roman Catholic Church*, if WGI is liable for damage to Plaintiffs' properties, Armstrong, Holmes, and Livers may recover only the

---

[14] The Louisiana Supreme Court in *Roman Catholic Church* cites to the Dobbs treatise, and specifically refers to Dobbs' discussion of the appropriate application of diminution in value.

difference between the value of their properties immediately prior to and following Hurricane Katrina.  618 So.2d 874, 879-880 (La. 1993).

If the Plaintiffs are entitled to damages, they should be placed in the same position as before the property damage, but not a superior position.  *Mossy Motors, Inc. v. Sewerage and Water Board of the City of New Orleans*, 753 So.2d 269, 280 (La. App. 4 Cir. 1999).  To allow Plaintiffs to recover the value of hypothetical repairs that they have neither the intention, nor the ability, to make would place Plaintiffs in a superior position, contrary to the principle of tort recovery.

### D. Scott Taylor's Opinions Regarding Repair or Replacement Estimates for Armstrong, Holmes, and Livers Residences Will Not Assist the Finder of Fact and Should be Excluded.

As Mr. Taylor's reports do not contain opinions regarding the values of the properties prior to or subsequent to August 29, 2005, his report does not provide a basis for determining the diminution in value of Plaintiffs' properties attributable to the events of August 29, 2005.  Accordingly, Mr. Taylor's reports cannot assist the Court in estimating the appropriate value of damages to the Armstrong, Livers, or Holmes residences.  His opinions and testimony regarding the repair or replacement costs associated with these residences are irrelevant and should be excluded.

The actual, compensable loss sustained by Armstrong, Holmes, and Livers consists of the difference between the value of their residences prior to Katrina and the value of the residences in their damaged, unrepaired state at the times they there were in fact sold.  WGI's expert, Michael Truax, will provide opinions and testimony that can assist the Court in determining the diminution in value.  Mr. Traux has performed appraisals of the properties as of August 28, 2005 and as of the date the property was sold to the Road Home program and will testify accordingly.

**III.     CONCLUSION**

Because plaintiffs Armstrong, Holmes, and Livers cannot recover damages related to the repair or restoration of their immovable property at issue in this litigation, all such evidence of repair or restoration costs associated with these plaintiffs are irrelevant and must be excluded.  For the foregoing reasons, the Court should grant WGI's motion in limine.

Dated:  August 10, 2012

Respectfully submitted,

*/s/ Heather S. Lonian*
William D. Treeby, 12901
James C. Gulotta, Jr., 6590
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361

and

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3891
Facsimile:  (202) 626-1700

Attorneys for Washington Group International, Inc., a division of URS Corporation

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Washington Group International, Inc.'s Motion in Limine to Exclude Evidence and Testimony Regarding Repair or Replacement Costs for Certain Plaintiffs' Immovable Property has been served upon the Court via hand-delivery pursuant to the Court's July 26, 2012 Minute Entry (Doc. 20927) this 10th day of August, 2012.  Notice of this filing will be sent by e-mail to all counsel of record.

                                                */s/ Heather S. Lonian*
                                                Heather S. Lonian

1101657v.1