UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: MRGO | * | |
|     *Armstrong*, No. 10-866 | * | SECTION "K" (2) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSES TO DEFENDANTS
OBJECTIONS TO CERTAIN TESTIMONY IN THE
DEPOSITION DESIGNATIONS SUBMITTED BY THE PARTIES**

**NOW INTO COURT**, through undersigned counsel, come the Plaintiffs in the above enumerated action, who attach hereto Plaintiffs' responses to Defendants' objections to certain testimony in the deposition designation submitted by the parties.

### I. **WALTER O. BAUMY**

Defendants' Objection at Page 23:

While the Kanas City Guidelines are referenced the question relates to the New Orleans District. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be

1

performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objection at Page 24:

While the Kanas City Guidelines are referenced the question relates to the New Orleans District. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

## II. JOHN GREISHABER

U.S.'s Standing Objection at Page 8:

Plaintiffs aver that all questions put to John Greishaber fall within the categories for which he was designated a 30(b)(6) witness.

Defendants' Objection at Page 24:

Furthermore, the question did not relate to the Kansas City Guidelines. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows

that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy.  Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District.  Rather, the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective.  These guidelines are evidence of how a reasonable, prudent person would act when engaged in construction activities near a flood control structure.  These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objection at Page 25:

The question does not relate to the Kansas City Guidelines.  Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled.  There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project.  There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy.  Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District.  Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective.  These guidelines are evidence of how a reasonable, prudent person would act when engaged in construction activities near a flood control structure.  These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objection at Page 33:

Defendants' objection to references to the Kansas City Guidelines should be overruled.  There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project.  There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy.  Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District.  Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective.  These guidelines are evidence of how a reasonable, prudent person would act when engaged in construction activities near a flood control structure.  These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objection at Page 36:

Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable, prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objection at Pages 38-39:

The question does not relate to the Kansas City Guidelines. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable, prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

## III.  ST. BERNARD PUBLIC WORKS

Defendants' 1st objection at Page 8:

This objection does not merit a response.

Defendants' 2nd objection at Page 8:

This objection does not merit a response.

<u>Defendants' Objection at Page 9:</u>

This objection does not merit a response.

<u>Defendants' Objection at Page 11:</u>

This objection does not merit a response.

<u>Defendants' Objection at Page 17:</u>

This objection does not merit a response.

<u>Defendants' Objection at Page 25:</u>

This objection does not merit a response.

<u>Defendants' Objection at Page 36:</u>

This objection does not merit a response.

## IV.  LAKE BORGNE LEVEE DISTRICT

<u>Defendants' objections at Page 2:</u>

Defendants' expert Dalrymple after alleging that Professor Vrijling used incorrect heights for the 40 Arpent levee, acknowledged during cross examination that he used incorrect heights of the 40 Arpent levee.

<u>Defendants' objection at Page 2:</u>

He further acknowledged that information that he obtained the inaccurate data from Washington Group International's counsel. He further acknowledged that he used that data in the computer modeling he did to evaluate flooding in the Lower Ninth Ward and St. Bernard. He then testified that his conclusions were correct despite the fact that he used the incorrect data. It is preposterous for the defendant to suggest that these facts are irrelevant. Furthermore the evidence will show that even after he corrected his mistakes he still is in error about the 40 Arpent levee heights.

## V.    STEPHEN ROE

Defendants' Objections at Page 64:

The question does not relate solely to the Kansas City Guidelines. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objections at Page 65:

The question does not relate solely to the Kansas City Guidelines. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objections at Page 66:

The question does not relate solely to the Kansas City Guidelines. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an

engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objections at Page 67:

The question does not relate solely to the Kansas City Guidelines. Furthermore, Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Defendants' Objections at Page 76:

The Attorney client privilege was waived by the 30(b)(6) witness. Counsel for Washington Group International indicated:

"I'm not going to let you testify to any advice of counsel."

The witness then voluntarily answered. Despite these facts it is not important to the plaintiffs' case that Washington Group International's counsel advised WGI not to sign the permit. Plaintiffs agree to the removal of any reference regarding their counsel's advice as long as Washington Group International agrees that the evidence is that Washington Group International received the permit and did not sign it.

## VI.   RICHARD VARUSO

Defendants' Objection at Page 17:

The questions and the responses do not in any way regard the Kansas City Guidelines.

Defendants' Objection at Page 21:

The questions and the responses do not in any way regard the Kansas City Guidelines.

Defendants' Objection at Page 24:

The questions and the responses do not in any way regard the Kansas City Guidelines.

Defendants' Objection at Page 26:

The questions and the responses do not in any way regard the Kansas City Guidelines.

Defendants' Objection at Page 32:

The questions and the responses do not in any way regard the Kansas City Guidelines.

Defendants' Objection at Page 34:

The relevance is clear.  Pilings were removed in the EBIA.  The need for the use of the bentonite is relevant to the potential of the holes left by piling removal to promote underseepage.

Defendants' Objection at Page 35:

The relevance is clear.  Pilings were removed in the EBIA.  The need for the use of the bentonite is relevant to the potential of the holes left by piling removal to promote underseepage.

Defendants' 1st Objection at Page 38:

The relevance is clear.  Pilings were removed in the EBIA.  The need for the use of the bentonite is relevant to the potential of the holes left by piling removal to promote underseepage.

Defendants' 2nd Objection at Page 38:

Defendants' objection to references to the Kansas City Guidelines should be overruled. There is a substantial body of evidence which establishes that the New Orleans District of the USACOE had a policy regarding the need for an engineering evaluation of any work contemplated to be performed in the vicinity of a flood control project. There is an equal body of evidence that shows that very few of the employees of the New Orleans District Office of the USACOE are able to articulate that policy. Plaintiffs are not using or offering the Kansas City Guidelines to show that those guidelines applied to the New Orleans District. Rather the fact that a different office put written guidelines in place shows that it was feasible from an engineering and economic perspective. These guidelines are evidence of how a reasonable, prudent person would act when engaged in construction activities near a flood control structure. These guidelines are akin to industry customs and standards which are always relevant in a negligence case to help prove the existence of a duty or its breach.

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar No. 3604)
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

/s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 17th day of August, 2012.

/s/ Joseph M. Bruno
Joseph M. Bruno