UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re Katrina Canal Breaches § | Civil Action |
| Consolidated Litigation § | No. 05-4182 "K" (2) |
| § | Judge Duval |
| Pertains to: MRGO § | Mag. Wilkinson |
| *Armstrong,* C.A. No. 10-866 § | |
| § | |
| § | |
| § | |

**Plaintiffs' Response in Opposition to the United States' Motion to Strike
Dr. Reed Mosher's *Robinson* Testimony from the Master Exhibit List (Dkt. 20959)**

Plaintiffs' exhibit list includes PX-0742 and PX-4023, transcripts of the deposition and trial testimony of the Army Corps' senior engineer Reed Mosher. The United States moved to strike these exhibits on two grounds: (1) the timely-filed exhibit designation allegedly is an untimely amendment to the Joint Pre-Trial Order; and (2) the prior testimony of the Corps' own senior employee and expert is hearsay and irrelevant. The United States' objections as to the Mosher exhibits are inconsistent with the position this Defendant took as to Plaintiffs' witnesses when it designated *inter alia* deposition and trial testimony by Dr. Robert Bea and Melvin Spink in the "barge case". The infirmities in the United States' objections are addressed below. The Motion to Strike should be denied.

1

## I.     FACTUAL BACKGROUND

Reed Mosher is a senior employee of the Army Corps of Engineers and was a defense expert testifying at deposition and at trial in *United States v. Robinson*. *See* Dep. Mosher of 2/19/09 (filed at 20959-2), p. 12:5-17; Mosher Trial Testimony in 06-CV-2268 (filed in part at 20959-3). The *Robinson* case is consolidated with *Armstrong* as part of the *In re Katrina Canal Breaches Consolidated Litigation*. As this Court has repeatedly explained:

> [The Court's] primary duty in this litigation is to adjudicate the issues which arose from the collapse of the Lake Pontchartrain and Vicinity Hurricane Protection levees and floodwalls in the aftermath of Hurricane Katrina which occurred on August 29, 2005. It was for this reason that the *In re Katrina Canal Breaches Consolidated Litigation* umbrella was created and for this reason that it continues to exist.

Dkt. 20200, p. 1. Thus, Mr. Mosher's prior testimony was offered in litigation that is under the same "umbrella" as the case at bar.

Reed Mosher is a "senior leader" supervising 160 civilians and 120 contractors. *See* Dep. Mosher of 2/19/09 (filed at 20959-2), pp. 12:25 – 13:16. He testified for the United States as an expert in geotechnical engineering at the *Robinson* trial. The Court accepted Dr. Mosher as tendered by counsel for the Corps; indeed, plaintiffs' counsel did not object to that tender. Trial Testimony of 5/7/09 (filed at 20959-3), p. 2964:3-6.

Plaintiffs timely listed Dr. Mosher's deposition and trial testimony as Exhibits PX-0742 and PX-4023. *See* Dkt. 20934-1. Plaintiffs did not list Reed Mosher's name in the "deposition testimony to be offered at trial" category of the Joint Pre-Trial Order because Plaintiffs do not intend to offer Dr. Mosher's testimony as part of Plaintiffs' case-in-chief. The documents are listed on the exhibit list because they may be used as rebuttal evidence and/or during cross-examination of defense witnesses.

The Court need look no further than Defendants' own Joint Pre-Trial Order and trial exhibit listings to discern that Plaintiffs followed the same philosophy as Defendants in this regard. Specifically, Defendants also listed testimony transcripts as exhibits notwithstanding that the witness was not listed by Defendants in the Joint Pre-Trial Order, Dkt. 20920, at p. 60. For example, Defendants listed deposition and trial testimony transcripts of witnesses who testified in the "barge" case:

| Defense exhibit number in list filed at Dkt. 20934-1 | Date | Description |
| --- | --- | --- |
| DX-01587 | 9/14/2009 | Deposition of Robert Bea, In re Katrina Canal Breaches Consolidated Litig. (BARGE) |
| DX-01588 | 7/7/2010 | Trial Testimony of Robert Bea, In re Katrina Canal Breaches Consolidated Litig. (BARGE) |
| DX-01590 | 7/8/2010 | Trial Testimony of Robert Bea, In re Katrina Canal Breaches Consolidated Litig. (BARGE) |
| DX-02437 | 6/3/2010 | Trial Testimony: Melvin Spinks: In re Katrina Canal Breaches Consolidated Litigation (BARGE); Author: Spinks, M. |

Defendants further included deposition transcripts for additional witnesses that are omitted from Defendants' Joint Pre-Trial Order list of deposition testimony to be offered at trial:

| Defense exhibit number in list filed at Dkt. 20934-1 | Date | Description |
| --- | --- | --- |
| DX-01699 | 9/25/2011 | Deposition of Jeneen Holmes, September 25, 2011 |
| DX-01728 | 9/15/2011 | Deposition of Barbara Livers, September 15, 2011 |
| DX-01769 | 9/28/2011 | Deposition of Patricia Washington, September 28, 2011 |
| DX-01811 | 3/17/2012 | Deposition of J. David Rogers (Vol. II) |

Defendant objects to two of Plaintiffs' exhibits because (1) the witness was not on the Joint Pre-Trial list and (2) the testimony, while elicited in *In re Katrina Canal Breaches Consolidated Litig.*, was not taken specifically in *Armstrong*. Defendant's position is inconsistent with the protocol that Defendants themselves followed in composing their Joint Pre-Trial and exhibit list disclosures. As explained below, the defense objections are unfounded and the motion should be denied.

## II.   ARGUMENTS AND AUTHORITIES

### A. Because Plaintiffs Are Neither Calling Dr. Mosher as a Trial Witness Nor Planning to Introduce His Prior Testimony in Plaintiffs' Case-in-Chief, His Name Did Not Need to Be Included on the Pre-Trial Order.

The United States first argues that the two trial exhibits should be stricken from the exhibit list because Reed Mosher was not disclosed as a witness by Plaintiffs in the Joint Pre-Trial Order. Plaintiffs do not intend to call Dr. Mosher as a witness or to use his testimony in Plaintiffs' case-in-chief; therefore, Plaintiffs are not tardy in disclosing the two exhibits. Plaintiffs chose to give these exhibits a trial exhibit number in the event that Plaintiffs use the exhibits as rebuttal evidence, for impeachment, and/or during cross examination of defense witnesses. The determination of whether, how, and what specific testimony will be used and/or introduced must of necessity be made during trial. If anything, Plaintiffs have disclosed rebuttal and impeachment evidence in advance of identifying the specific need for it; they certainly have not made a late disclosure.

Defendant's contrary argument is inescapably disingenuous because Defendant has done the same thing. Transcripts of the testimony of no less than half a dozen witnesses identified above appeared on the defense exhibit list without the witnesses being disclosed in the Defendant's "testimony offered at trial" section of the Joint Pre-Trial Order.

Irreconcilable with its own behavior, Defendant faults Plaintiffs for not moving to amend the Joint Pre-Trial Order to add Reed Mosher's name as a witness. While the standard for amending a pre-trial order is a red herring, Plaintiffs note that, were the Court to require an amendment, allowing Plaintiffs to amend would be the proper recourse rather than striking the exhibits. The Court's discretion to allow amendment or modification of a pre-trial order is guided by the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment;

4

and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (cit. & internal quote om.). Here, Plaintiffs did not place Reed Mosher on the list of deponents to be offered by Plaintiffs because Plaintiffs do not plan to offer his testimony in their case-in-chief. Defendant cannot claim prejudice considering that it did the same thing.

### B. The Transcripts Are Not Hearsay.

Reed Mosher is a senior employee of the Corps, and the Corps asked the Court to accept his opinion by soliciting his testimony at trial. Because Reed Mosher spoke on behalf of the Corps, his opinion is not hearsay, but rather the statement of an opposing party:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay …
> (2) *An Opposing Party's Statement*. The statement is offered against an opposing party and:
> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject; [or]
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed….

Fed. R. Evid. 801(d)(2). Reed Mosher, speaking as a senior employee whose testimony the Corps chose to tender to the Court, clearly meets this test, in particular subsections (C) and (D). As a person selected by Defendant to both investigate and testify, Reed Mosher is "a person whom [Defendant] authorized to make a statement on the subject". Fed. R. Evid. 801(d)(2)(C). Additionally, Reed Mosher is a senior employee of the Corps, and the statements were made "on a matter within the scope of" his employment as a senior engineer and as an expert.

The testimony of a party's chosen expert and that expert's report of his investigation is not hearsay and is admissible under Rule 801(d)(2). *Collins v. Wayne Corp.,* 621 F.2d 777 (5th Cir. 1980); *see also Theriot v. J. Ray McDermott & Co., Inc.*, 742 F.2d 877, 882 (5th Cir. 1984)

5

(citing *Collins* at 781-82, and explaining that *Collins* holds an agent's statement, made within the scope of his authority, is admissible against the principal as an admission).  In the *Collins* case, an expert had been hired by the defendant two days after the accident that was the subject of the case, and he prepared a Report of Investigation in this regard.  621 F.2d at 780.  The expert was deposed, but the defendant thereafter moved *in limine* to exclude his testimony on the ground that the expert was a consultant.  The district court ruled the expert's deposition testimony was not an admission of the defendant under Rule 801(d)(2), but the appeals court found this ruling to be in error.  The Fifth Circuit determined the expert was the defendant's agent because he was employed to investigate and analyze the accident.  Thus, his "report on his investigation and his deposition testimony in which he explained his analysis and investigation was an admission of" the defendant.  621 F.2d at 782.  The proper procedure was for the district court to admit the testimony as an admission of the defendant, giving the defendant an opportunity to explain why some of its expert's conclusions were inconsistent with the defendant's position at trial.  *Id*.

An analogous decision was reached by the Ninth Circuit in *In re Hanford Nuclear Reservation Litig.,* 534 F.3d 986 (9th Cir. 2007).  The *Hanford* plaintiffs' expert testimony at trial was unfavorable for one of the plaintiffs.  534 F.3d at 999.  Her case had to be re-tried, and she tried to exclude references to that certain line of analysis by the expert.  *Id*. at 1016.  The Ninth Circuit determined the defendants could properly cross-examine the expert on this previous testimony, finding that the testimony at the first trial was an admission of a party opponent under Rule 801(d)(2)(C).  *Id*. The court explained: "Plaintiff cannot now exclude trial testimony that she, herself, proffered." *Id*.

A number of courts have agreed that the testimony of an opponent's expert is not hearsay and is admissible.  *See Glendale Fed. Bank, FSB v. United States,* 39 Fed. Cl. 422, 425 (1997) ("[W]hen an expert is put forward for trial it is reasonable and fair to presume they have been

6

authorized. This of necessity includes prior deposition testimony of that expert."); *Long v Fairbank Farms, Inc.*, 1:09-CV-59, 2011 U.S. Dist. LEXIS 73887, at *36, 2011 WL 2516378 (D. Me. May 31, 2011) ("I conclude that the testimony of Dr. Zirnstein on which Fairbank relies is admissible pursuant to Rule 801(d)(2)(C). It is clear that Dr. Zirnstein was authorized by GOPAC to make the statements that he made during his December 2010 deposition. While GOPAC did not expressly authorize Dr. Zirnstein to make 'admissions,' it expected him to testify impartially within the sphere of his expertise as to his independently formed opinions."), *amended*, 2011 U.S. Dist. LEXIS 67119 (D. Me. June 22, 2011), *aff'd*, 1:09-cv-592, 2011 U.S. Dist. LEXIS 73818, 2011 WL 2669199 (D. Me. July 7, 2011); *Bianco v. Hultsteg AB*, No. 05C0538, 2009 U.S. Dist. LEXIS 9284, 2009 WL 347002, at *12 (N.D. Ill. Feb. 5, 2009) ("We agree that [the plaintiff's expert's] sworn testimony constitutes admissions by a party opponent within the meaning of Federal Rule of Evidence 801(d)(2), which [one of the defendants] may offer into evidence against plaintiff without running afoul of the Rule prohibiting admission of hearsay evidence."); *Dean v. Watson*, No. 93C1846, 1996 U.S. Dist. LEXIS 2243, 1996 WL 88861 (N.D. Ill. Feb. 28, 1996) (expert's testimony was admissible pursuant to Rule 801(d)(2)(C); he was authorized to make statements regarding the issues in the cause of action); *Barnett v. Hidalgo*, 732 N.W.2d 472, 479 (Mich. 2007) (expert not withdrawn before trial is essentially authorized by the party); *Yarbrough's Dirt Pit, Inc. v. Turner*, 65 S.W.3d 210, 214 (Tex. Ct. App. 2001) (holding, pursuant to Texas hearsay exception rule, that "a conclusion of an expert witness hired by an opposing party to speak on the subject matter on behalf of the party opponent is admissible against the party opponent"; observing, "Based on his designation by [party] as an expert witness and the tenor of the deposition questions submitted to him, [expert] was specifically authorized to speak on behalf of [the party] about the fault of the parties.").

Further, in addition to speaking in his capacity as an expert chosen to testify for the United States, Reed Mosher acted in his authorized capacity, and within the scope of Defendant's employment of him, when he investigated and reported on the causes of Katrina's destruction, particularly when he participated in the IPET.  As such, transcripts of his testimony are admissible as the authorized opinions of an employee retained to investigate the subject of the litigation.  *See Collins, supra; see also Reid Bros. Logging Co. v. Ketchikan Pulp Co*, 699 F.2d 1292, 1306-1307 (9th Cir. 1983) (report prepared by an employee of a shareholder of the defendant's parent company at the request of the chairman of the board of the defendant's company that was circulated to the officers and managers was an authorized statement under Rule 801(d)(2)(C)); *Marceau v. IBEW, Local 1269*, 618 F. Supp. 2d 1127, 1142-43 (D. Ariz. 2009) ("[I]t appears that the Report may be admissible as a admission by a party-opponent under Fed.R.Evid. 801(d)(2)(C)….  It appears that Corporate Defendants specifically authorized Moss & Barnett to investigate the subject matter of the Report and then issue the Report.").

The United States misinterprets Rule 801 by arguing that *Collins* and its progeny are inapplicable here, allegedly because the testimony was taken and tendered in *Robinson* rather than in *Armstrong*.  Defendant is attempting to impose a same-case requirement that is not stated in the Rule's text.  Subsection (d)(2)(C) uses the language "on the subject," and (d)(2)(D) states "within the scope of that relationship."  Neither subsection requires the prior statements to have been made in the same case.

Here, Reed Mosher is a senior engineer employed by the Corps, was one of the IPET investigators, and was the expert whose testimony Defendant chose to present to the Court *with* the request that the Court believe and accept his opinions as the truth.  Mosher undeniably acted "within the scope" of his employment with the Corps when the Corps tendered him as an expert.  As the numerous courts cited above have concluded, a party authorizes an expert, and the expert

is within the scope of the relationship, when he is asked to investigate and report or when he is designated as a trial expert. Both circumstances apply here.

For Defendant to now suggest that Dr. Mosher had somehow gone rogue, "g[iving] his own opinions" beyond the control of his employer (*see* Def. Mem., p. 6), while he was sitting in the witness stand after having been tendered to the Court by the Corps to give ostensibly accurate testimony on the Corps' behalf, is not credible. As the Court will recall, that is not what happened in the *Robinson* trial. For Defendant to further argue the Corps allegedly "had no motive to develop Dr. Mosher's testimony" (*see* Def. Mem., p. 7), is also belied by the facts. Reed Mosher was one of the IPET investigators and he testified about that investigation. The United States chose, in the Joint Pre-Trial Order in *this* case, to specifically claim in "Defendant United States' Summary of Material Facts" that the IPET investigation allegedly supports Defendant's position. *See* Dkt. 20920, p. 21. Undeniably, then, Reed Mosher's investigation and opinions were authorized (801(d)(2)(C)) and within-the-scope-of-his-employment (801(d)(2)(D)) are connected to the defense that Defendant has announced in the Joint Pre-Trial Order in *Armstrong*.[1]

In sum, Defendant chose to employ Reed Mosher as a senior engineer, chose to have Reed Mosher investigate the Katrina catastrophe as part of the IPET, chose to present him as a

---

[1] Defendant's reliance on a Third Circuit decision is unavailing. *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995) is distinguishable because the expert there was not a senior employee acting within the scope of his employment in making the statements, and the *Kirk* court did not consider Subsection (d)(2)(D). Defendant's Memorandum overlooks the language of Rule 801(d)(2)(D), which was not analyzed in *Kirk*.

Independently, *Kirk*'s 801(d)(2)(C) analysis is inapplicable because the court did not follow the Fifth Circuit's decision in *Collins*. *See* 61 F.3d at 163-64. Contrary to the Fifth Circuit's decision, the *Kirk* court found that an expert is not an agent. Defendant's invitation to apply Third Circuit precedent in a manner that conflicts with Fifth Circuit precedent should be rejected. Further, *Kirk* found the prior case to be "unrelated," and here the prior case is part of the same *In re* litigation, with the IPET placed at issue in both.

defense expert for deposition, and chose to tender him as a trial expert whose testimony Defendant asked this Court to credit in the *Robinson* case.  According to the controlling law in this Circuit, which properly interprets the plain language of Federal Rule of Evidence 801(d)(2), Reed Mosher's opinions are admissible as the statements of a party opponent.

### C. The Transcripts Will Be Patently Relevant If or When They Are Used at Trial During Cross-Examination of Defense Witnesses.

Finally, Defendant argues the trial transcripts are irrelevant.  If the transcripts are used by Plaintiffs during the cross examination of defense witnesses at trial, then Reed Mosher's testimony will be relevant, for example, to demonstrate that a senior Corps engineer deemed the walls to be not defectively designed and/or in explaining the IPET.  *See* Dkt. 20959-3, p. 2980:13 – 2982:6 (testifying regarding hydrology and geotechnical issues applicable to state of levees); *see also, generally,* Dkt. 20959-2, pp. 386:12 – 392:8 (IHNC), p. 406 (IPET), pp. 492-93 (IHNC & IPET); PX-4023.1, p. 3122:6-11 (IPET and Corps' position is no design defect).[2]

It is, of course, assumed the Court sitting in a bench trial will rely on relevant evidence only.  *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 287 (5th Cir. 1987) (cit. om.) (rules of admissibility are generally relaxed in bench trials, as appellate courts assume that trial judges rely upon relevant evidence); *see also Southern Pacific Transp. Co. v. Chabert*, 973 F.2d 441, 448 (5th Cir. 1992) ("A trial judge sitting without a jury is entitled to greater latitude in the admission or exclusion of evidence.") (cit. om.).  The relevance of Dr. Mosher's testimony in impeaching the defense will be best assessed in the context in which the transcripts are used and/or introduced by Plaintiffs at trial.  Ruling now that the transcripts would be irrelevant if used by Plaintiffs for rebuttal and/or cross-examination purposes would be premature.

---

[2] At trial, other portions of Reed Mosher's prior testimony may be used.

10

### III.     CONCLUSION

The United States' Motion to Strike Dr. Reed Mosher's *Robinson* testimony from the Master Exhibit List should be denied.  First, Defendant faults Plaintiffs for interpreting the Pre-Trial Order requirements in the same manner in which Defendants have interpreted them.  Second, as a Corps' senior employee, IPET investigator, and defense expert, Reed Mosher's prior testimony is admissible pursuant to Rule 801(d)(2).  Finally, the relevance of the testimony will be patent if or when Plaintiffs use the exhibits during trial.  The motion to strike should be denied.

Respectfully submitted,

PLAINTIFFS' LIAISON COUNSEL

*/s/ Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
**BRUNO & BRUNO, L.L.P.**
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

*s/ James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
**Domengeaux Wright Roy & Edwards LLC**
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

        **MRGO PLAINTIFFS SUBGROUP LITIGATION COMMITTEE**
        Jonathan Andry (The Andry Law Group, LLC, New Orleans, LA)
        Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
        James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties by filing the foregoing with the Clerk of Court by using the CM/ECF system, this 17th day of August, 2012.

        */s/ Joseph M. Bruno*
        JOSEPH M. BRUNO