UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| IN RE:  KATRINA CANAL BREACHES | * CIVIL ACTION |
| CONSOLIDATED LITIGATION | * |
| | * NO. 05-4182 |
| | * |
| PERTAINS TO:  MRGO | * SECTION "K" (2) |
| *Armstrong*, No. 10-866 | * |
| | * JUDGE DUVAL |
| | * |
| | * MAGISTRATE WILKINSON |
| | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF DIMINUTION OF VALUE AS MEASURE OF DAMAGES**

Defendant Washington Group International, Inc. ("WGI") respectfully submits this brief in opposition to Plaintiffs' motion to exclude any evidence or expert testimony relating to diminution in value of the residences of Plaintiffs Armstrong, Holmes, or Livers.[1]  Plaintiffs' position incorrectly summarizes the applicable law, ignores the requirement that a plaintiff must demonstrate actual repairs or the intent to repair, and misleads the Court as to WGI's position regarding Plaintiffs Armstrong, Holmes, and Livers' measure of damages.  Under the particular facts and circumstances of this case, the appropriate measure of damages for Plaintiffs

---

[1]     Mtn. to Exclude Evidence of Diminution of Value as Measure of Damages (Rec. Doc. 20955). For additional analysis of this issue, the Court may also refer to WGI's Motion in Limine to Exclude Evidence And Testimony Regarding Repair Or Replacement Costs For Certain Plaintiffs' Immovable Property (Rec. Doc. 20965).

Plaintiffs attached a chart to the Motion (Rec. Doc. 20955-2) referencing exhibits to which the Motion is purported to object.  However, none of the exhibits were referenced in Plaintiffs' Motion or Memorandum in Support.  WGI is unable to determine how the exhibits relate to diminution in value and cannot respond to objections that were not raised in Plaintiffs Motion and Memorandum in Support.

1102022v.1

-2-

Armstrong, Holmes, and Livers is the difference in the value of their properties before and after damages.  As a result, Plaintiffs' motion should be denied.

## I.      ARGUMENT

### A.      Plaintiffs Incorrectly Summarize Louisiana Law Related to Property Damages.

Plaintiffs' claim:  "Courts have held that the replacement/restoration cost measure of damages is the only proper measure of damages when there is a reason personal to the plaintiff for replacing/restoring the property."[2]  The holding from *Roman Catholic Church* to which the Plaintiffs refer is that a plaintiff may recover repair costs in excess of the value of his property if "there is a reason *personal to the owner for restoring the original condition* or there is a reason to believe that the plaintiff will, in fact, make the repair."  618 So. 2d 874, 879-80 (La. 1993) (emphasis added).  "The 'personal reasons' usually are the owners' desires to enjoy and live in their homes …."  *Id.* at 878.

Plaintiffs' arguments ignore that the personal reason referenced by the court is a personal reason *for restoring the original condition.*  Plaintiffs cannot demonstrate that they have a personal reason to restore a home that they do not intend to live in and no longer own.  The homesteads for which Plaintiffs claim damages are no longer used for a purpose "personal to the owner."  Therefore, the usual measure of damages for a homestead is not applicable.

There is no jurisprudence in which a Louisiana court has found that a plaintiff who has subsequently sold the damaged property has a "personal reason" to restore the property. WGI does not contend that the homeowners who have repaired their property are prohibited from claiming replacement or restoration damages.  Accordingly, WGI has no intention of presenting

---

[2]      Memo. in Support of Mtn. to Exclude Diminution in Value at 1-2.

-2-

evidence regarding diminution in value related to the Coats or Washington properties—Plaintiffs who currently own the property at issue and demonstrated their "personal reasons" for restoring the properties by actually making repairs to their property.

Dobbs' treatise on tort remedies (cited by the Louisiana Supreme Court in *Roman Catholic Church*) provides some insight into "reasons personal to the owner."

> If the plaintiff wishes to use the damaged property, not sell it, repair or restoration at the expense of the defendant is the only remedy that affords full compensation. To limit repair costs to diminution in value is to either force a landowner to sell property he wishes to keep or to make repairs partly out of his own pocket. Of course, there should be some reasonable likelihood that repairs will in fact be made if repair costs exceed diminution in value; otherwise the landowner will pocket the repair costs and then sell the property, thus deriving a net gain from the tort.

DAN B. DOBBS, HANDBOOK ON THE LAW OF REMEDIES 317 (1973).  This is exactly what Plaintiffs Armstrong, Holmes, and Liver propose to do by seeking repair costs.  Because they have already sold their residences, any awarded repair costs would not go toward repairs. Limiting Armstrong, Holmes, and Livers to diminution in value does not force them to sell the properties they wish to keep, as each has already sold his property.  Nor does limiting damages to diminution in value force them to make repairs out of their own pockets, as they have not made repairs and will not make repairs to the properties they no longer own.  Therefore, Plaintiffs Armstrong, Holmes, and Livers have not demonstrated that they have reasons personal to the owner to justify an award of restoration damages in excess of the value of their properties.

**B.      Plaintiffs' Election of Damages is Not Supported by the Law.**

"Here, all Plaintiffs have elected to receive restoration/replacement damages to their family homes."[3]  The law does not support Plaintiffs' contention that merely "electing" to

---

[3]      Memo. in Support of Mtn. to Exclude Diminution in Value at 2

receive restoration damages entitles the Plaintiffs to recovery of restoration damages.  In fact, the jurisprudence is replete with plaintiffs who elected to receive restoration damages, but were not entitled to such damages under the applicable law.  *See, e.g. Hornsby v. Bayou Jack Logging*, 902 So. 2d 361, 368-69 (La. 2005) ("[P]laintiffs' self-serving testimony of their inchoate intent to develop the land at some undetermined future point is insufficient to justify recovery of restoration costs in excess of the actual market value of the land and the trees cut."); *Rose v. Tennessee Gas Transmission, Co.* 2009 WL 4891910 (E.D. La. 12/8/2009) (plaintiff did not meet the "personal reasons" requirement and was limited to recovery of diminution in value); *Abramson v. Florida Gas Transmission Co.* 909 F. Supp. 410, 419-20 (E.D. La. 1995) (despite plaintiffs' claims for remediation damages related to a pipeline system, lack of supporting evidence regarding the plaintiffs' personal reasons for remediation damages led the court to conclude that diminution in value was the appropriate measure of damages).  Plaintiffs cannot choose a remedy to which they are not entitled.  Notwithstanding the language regarding "election" in *Roman Catholic Church*, Plaintiffs must still demonstrate that they are entitled to restoration damages under the applicable law.

### C.      Plaintiffs are Not Entitled to Repair Costs They Did Not and Will Not Incur.

Plaintiffs do not dispute that the cost of restoring the property in its original condition is disproportionate to the value of the property.  *See Roman Catholic Church*, 618 So. 2d at 879.  In fact, the chart provided by Plaintiffs demonstrates that their expert's repair or restoration costs exceed the pre-Katrina values of each Plaintiffs' home.[4]   Under the law established in *Roman Catholic Church*, in order to recover for repair damage in excess of the

---

[4]        Memo. in Support of Mtn. to Exclude Diminution in Value at 4.

-5-

value of their properties, Plaintiffs must demonstrate a personal reason for making repairs *or* that repairs have been or will be made.  As discussed above, Plaintiffs have not demonstrated a personal reason for restoration recognized by Louisiana jurisprudence.  Therefore, in order to receive restoration damages, they must demonstrate at the very least that they will make repairs. This they cannot do.

There is no case law that holds that a former homeowner may recover repair or restoration damages for a home that they no longer own and for which they did not incur repair costs.  Only one reported case in Louisiana has addressed such a fact pattern, and that court found that diminution of value was the appropriate measure of damages.  *Maryland Cas. Co. v. Rittiner*, 133 So. 2d 172, 174-175 (La. App. 4 Cir. 1961).

Plaintiffs correctly state that a plaintiff "is entitled to recover damages including the cost of restoration that has or may be reasonably incurred." *Roman Catholic Church*, 618 So. 2d at 879-80.  The Armstrongs, Holmes, and Livers did not repair or replace their homes and cannot do so.  Since these Plaintiffs have sold their immovable property to the State of Louisiana through the Road Home Program, it is clear that they cannot and will not make repairs to the residences in the future.  Under the law established in *Roman Catholic Church*, if WGI is liable for damage to Plaintiffs' properties, Armstrong, Holmes, and Livers may recover only the difference between the value of their properties immediately prior to and following Hurricane Katrina.  618 So. 2d 874, 879-880 (La. 1993).  To award damages for restoration would amount to economic waste—not because the repair damages exceed the values of the residences (as the Louisiana Supreme Court considered in the contract damages claim *Corbello v. Iowa Prod.*, 850 So. 2d 686 (2003)), but because WGI would be liable for repairs that could never be made.

1102022v.1

-6-

> **D.** **Plaintiffs Misrepresent the Amounts Plaintiffs Would be Awarded for Diminution in Value.**

Plaintiffs misrepresent the amount that would be awarded to Plaintiffs Armstrong, Holmes, and Livers if the Court applied diminution in value as the appropriate measure of damages. The chart on page 4 of Plaintiffs' Memorandum, includes a column labeled "Truax post-K, MV," which is in bold font. It appears that Plaintiffs used the values in this column to determine the difference between Plaintiffs' damages under a theory of replacement costs versus a theory of diminution in value. However, Plaintiffs failed to calculate the difference between the pre-Katrina values of the homes and the post-Katrina values of the homes, which would be the correct measure of diminution in value. In the case of the Armstrong residence, the diminution in value would be $116,000; for the Holmes residence, $85,000; and for the Livers residence, $94,000. Plaintiffs contend that applying diminution in value would result in Plaintiffs' damages being uncompensated.[5] However, there is no contention that Plaintiffs Armstrong, Holmes, and Livers incurred any repair cost associated with floodwaters from the IHNC, much less those estimated by Scott Taylor.

## II.   CONCLUSION

For the foregoing reasons, and for the reasons cited in WGI's Motion in Limine to Exclude Evidence and Testimony Regarding Repair Or Replacement Costs For Certain Plaintiffs' Immovable Property (Rec. Doc. 20965), Plaintiffs' Motion should be denied.

---

[5]   Memo. in Support of Mtn. to Exclude Diminution in Value at 4.

1102022v.1

-7-

Dated:          August 17, 2012                    Respectfully submitted,


            */s/ William D. Treeby*
            William D. Treeby, Bar No. 12901
            James C. Gulotta, Jr., Bar No. 6590
            Heather S. Lonian, Bar No. 29956
            STONE PIGMAN WALTHER WITTMANN LLC
            546 Carondelet Street
            New Orleans, LA 70130
            Phone:  504-581-3200
            Fax:  504-581-3361

            Adrian Wager-Zito
            Debra S. Clayman
            JONES DAY
            51 Louisiana Avenue, N.W.
            Washington, D.C. 20001-2113
            Phone:  1-202-879-3939
            Fax: 1-202-626-1700

            *Attorneys for Defendant*
            *Washington Group International, Inc.*

-7-

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Memorandum in Opposition to Plaintiffs' Motion in Limine to Exclude Evidence of Diminution of Value as Measure of Damages has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 17th day of August, 2012.

*/s/ William D. Treeby*

1102022v.1