UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>* |
| PERTAINS TO: MRGO<br>*Armstrong*, No. 10-866 | * SECTION "K" (2)<br>*<br>* JUDGE DUVAL<br>*<br>* MAGISTRATE WILKINSON<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OF OR EVIDENCE PERTAINING TO MILES BRODSKY

Defendant Washington Group International, Inc. ("WGI") respectfully submits this brief in opposition to Plaintiffs' motion to exclude any testimony of or evidence pertaining to Miles Brodsky.[1] WGI designated Mr. Brodsky as a "may call" witness only because Dr. Bea identified him as the source for reliance materials that were not in Dr. Bea's possession. Mr. Brodsky was identified as a potential witness soon after WGI first learned of his role in the RESIN Sherman Island Project, and WGI's identification is not untimely. However, Mr. Brodsky is outside of the subpoena power of this Court, WGI cannot force his attendance at trial, and WGI does not expect to call him as a witness. Therefore, Plaintiffs' motion insofar as it seeks to preclude the testimony of Mr. Brodsky at trial is moot.

Additionally, WGI has no intention of offering Mr. Brodsky as an expert witness. Therefore, Federal Rule of Civil Procedure 26(a)(2)(A) is not applicable. Because Dr. Bea

---

[1] Mtn. to Exclude Any Testimony of or Evidence Pertaining to Miles Brodsky (Rec. Doc. 20954).

revealed the identity of Mr. Brodsky after the deadline for submitting witness lists, WGI has good cause for its inability to meet the deadline if it intended to call Mr. Brodsky as a witness. Additionally, Plaintiffs have cited no basis for excluding any evidence that may have been received from Mr. Brodsky. To the extent Plaintiffs' Motion attempts to limit the use of "evidence pertaining to Mr. Brodsky" that is admissible by virtue of conversations between Mr. Brodsky and WGI's expert witness, Plaintiffs' motion should be denied.

I.    ARGUMENT

    A.    **Defendants Can Demonstrate Good Cause Regarding Recent Disclosure of Mr. Brodsky and "Evidence Pertaining To" or "Evidence From" Mr. Brodsky**

Plaintiffs are correct that Miles Brodsky was not included on WGI's Final Witness List submitted on April 6, 2012.[2] At the time of these deadlines, Defendants could not have anticipated the need for "evidence pertaining to" or "evidence from" Mr. Brodsky. In fact, the Defendants did not even know of his existence or connection to this matter.

WGI first learned of the identity of Miles Brodsky on July 2, 2012. In preparation for its deposition of Dr. Bea, counsel for WGI reviewed the RESIN Sherman Island Project report, first referenced in Dr. Bea's Rebuttal Report of April 3, 2012.[3] The reliance materials that Dr. Bea provided to the Defendants included the report dated April 2011 but none of the underlying data associated with the report. Therefore, WGI requested that Dr. Bea supplement his reliance materials with the digital files of the underlying data.[4] Dr. Bea responded to WGI's request through Plaintiffs' counsel:

---

[2]    Memo. in Support of Mtn. at 2.

[3]    Bea Rebuttal Report at p. 27, *et seq.*

[4]    Exhibit 1, Email correspondence from William Treeby to Joseph Bruno, dated July 2, 2012.

> i do not have the digital files requested below (numbers 1-4). previously, i furnished all of the digital files i have that are connected with that NSF research project. as far as i know, the 'original files' requested are in the possession of the graduate student who performed the analytical work…Miles Brodsky. at this time, i do not know the whereabouts of Mr. Brodsky.[5]

Defendants took it upon themselves to locate Mr. Brodsky and obtain the digital files related to the Sherman Island Project. WGI received those files on or about July 13, 2012. As a result, WGI included Mr. Brodsky on its may call witness list submitted to the Court in the Joint Pre-Trial Order submitted on July 24, 2012.[6]

Plaintiffs cite *Callais v. Susan Vizier, Inc.*, 2000 WL 278097 (E.D. La. 2000) for the proposition that a party may demonstrate "good cause" "by showing that, despite his diligence, he could not have reasonably met the scheduling deadline."[7] WGI first learned of Mr. Brodsky's existence and received his SEEP/W data files related to the Sherman Island Project three months after receipt of Dr. Bea's Rebuttal Report and three months after the deadlines for filing final witness lists. WGI could not have included Mr. Brodsky as a potential witness, when Dr. Bea had yet to reveal his identity or his role in the Sherman Island Project. Therefore, WGI has good cause for not meeting the deadline to include Mr. Brodsky on the Final Witness List.[8]

---

[5] Exhibit 2, Email correspondence from Joseph Bruno to William Treeby, dated July 2, 2012.

[6] Joint Pre-Trial Order (Rec. Doc. 20920) at 65.

[7] Memo. in Support of Mtn. at 3.

[8] Plaintiffs also object that WGI did not disclose Mr. Brodsky as an expert witness nor produce an expert report. Defendants do not intend to call Mr. Brodsky as an expert in this matter, and, therefore, Federal Rule of Civil Procedure 26(a)(2)(A) is inapplicable.

### B. "Evidence Pertaining To" or "Evidence From" Mr. Brodsky is Relevant.

Dr. Bea offers the RESIN Sherman Island Project as validation of his work in this case.[9] Defendants are entitled to examine the materials on which Dr. Bea relies to ostensibly validate his work in this case. Dr. Bea was unable to provide all of the materials that served as a basis for this supposed validation. Mr. Brodsky was able to provide the materials related to the Sherman Island Project, and those materials are relevant as to whether the Sherman Island Project should in fact serve to validate Dr. Bea's methods in this case. However, because Mr. Brodsky is outside of the subpoena power of this Court, WGI does not expect to call him as a witness at trial.

### C. Defendants Are Entitled to Introduce Evidence Related to Dr. Bea's Reliance Materials.

Plaintiffs' Motion and Memorandum in Support offer no basis for excluding "evidence from Miles Brodsky." The only evidence obtained from Mr. Brodsky was the SEEP/W data associated with Dr. Bea's Sherman Island Project. Printouts from those files were attached as Deposition Exhibit 72 at Dr. Bea's August 10, 2012 deposition. Defendants included a place holder for deposition exhibits related to Dr. Bea's deposition (DX-02659), and introduction of the files at trial for purposes of cross-examination of Dr. Bea would not prejudice Plaintiffs. It would, however, be prejudicial to not allow WGI to fully cross-examine Dr. Bea on his own reliance materials. In an effort to determine Mr. Brodsky's role in the Sherman Island Project, WGI's expert, Dr. Silva, had a conversation with Mr. Brodsky regarding his role in and understanding of the study. Pursuant to Federal Rule of Evidence 703, Dr. Silva may consider and rely on what was learned from Mr. Brodsky in offering his opinions in this case.

---

[9] Bea Rebuttal Report at 27-38, 119.

Rule 703 allows an expert to base his opinion on facts or data perceived or made known to him. "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." Fed. Rule of Evid. 703. The underlying data related to the Sherman Island Project report and information gleaned from the discussion with Mr. Brodsky are the kind of facts and data that an engineer may evaluate to determine the validity of a study. Because Dr. Bea has introduced the Sherman Island Project report as "validation" of his work in this case, Dr. Silva must be able to evaluate the reasonableness of Dr. Bea's conclusions. Accordingly, Dr. Silva should be allowed to testify regarding any evidence received from Mr. Brodsky that is relevant to his opinions in this matter.

**II.    CONCLUSION**

Plaintiffs' inability to provide the reliance materials referenced in Dr. Bea's Rebuttal Report was the direct cause of WGI's delay in adding Mr. Brodsky to its may call witness list. WGI could not have reasonably included Mr. Brodsky on the witness list submitted to the Court on April 6, 2012. However, since WGI does not intend to call Mr. Brodsky as a witness at trial, Plaintiffs Motion is moot. Furthermore, Plaintiffs have provided no reason for excluding evidence that may have been obtained from, or that may pertain to, Mr. Brodsky and is referenced in their own expert's reliance materials. For the foregoing reasons, Plaintiffs' Motion in Limine to Exclude Any Testimony of or Evidence Pertaining to Miles Brodsky should be denied.

Dated: August 17, 2012 Respectfully submitted,

    */s/ William D. Treeby*
William D. Treeby, Bar No. 12901
James C. Gulotta, Jr., Bar No. 6590
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Memorandum in Opposition to Plaintiffs' Motion in Limine to Exclude Testimony of or Evidence Pertaining to Miles Brodsky has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 17th day of August, 2012.

    */s/ William D. Treeby*

-6-

1102056v.1