# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| | § § | |
| PERTAINS TO: | § § | |
| | § | |
| MRGO | § | |
| *Armstrong*, No. 10-866 | § § | |
| | § | |

### DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S
### OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO
### EXCLUDE ANY EVIDENCE OR REFERENCES RELATING TO THE
### DECLARATION OF T. WILLIAM LAMBE, ScD., P.E. AND TO
### STRIKE DR. LAMBE FROM DEFENDANTS' WITNESS LIST

Defendant Washington Group International, Inc. ("WGI") respectfully submits this brief in opposition to Plaintiffs' motion to exclude any evidence or references relating to the Declaration of T. William Lambe, Sc.D., P.E., and to strike Dr. Lambe from the Defendants' Pre-Trial Order witness list.[1]  The Defendants designated Dr. Lambe as a "may call" witness only because Plaintiffs' expert Dr. Robert Bea intentionally misrepresented Dr. Lambe's seminal work, *Soil Mechanics*, and Defendants expect Dr. Bea to do the same at trial.  Because Dr. Bea's misrepresentations were made ***after*** the deadlines for expert designations and witness lists, Defendants can show good cause why those deadlines were not met.  As a result, Dr. Lambe's testimony and declaration have been properly disclosed by the Defendants, and Plaintiffs' motion should be denied.

---

[1]     Mtn. to Exclude Dr. Lambe (Rec. Doc. 20964).  Dr. Lambe's declaration is identified as DX-02459 on the Master Trial Exhibit List.

## I.     ARGUMENT

### A.     Plaintiffs Once Again Butcher the Applicable Science and Misrepresent Defendants' Intent in Offering Dr. Lambe.

Plaintiffs claim that WGI added Dr. Lambe to their Pre-Trial Order witness list to somehow rehabilitate the "untenable" position of its "compromised" geotechnical expert, Dr. Francisco Silva-Tulla.[2]  Dr. Silva-Tulla has not been compromised in the least, and Plaintiffs' assertions to the contrary are entirely unsupportable.  Indeed, Plaintiffs continue to run in circles trying to justify Dr. Bea's erroneous geotechnical analyses.  Their motion to exclude Dr. Lambe offers more of the same: Plaintiffs confuse permeability values with compressibility values[3]; they continue to promote the flawed notion that fully saturated soils are "virtually incompressible,"[4] despite opposite testimony from Dr. Bea himself[5]; they misrepresent alleged "admissions" by Dr. Silva-Tulla regarding "dilatational wave velocity" that, when taken in context, actually demonstrate why it is wholly improper to use "dilatational wave velocity" to measure compressibility at the EBIA during the Hurricane Katrina storm surge[6]; and so on.

---

[2]     Memo. in Support of Mtn. to Exclude Dr. Lambe at 7, 9.  (Rec. Doc. 20964-1).

[3]     *Id.* at 7.  Plaintiffs claim that "WGI's comment that Dr. Bea's understanding of the [compressibility of the EBIA organic clay layer] were figments of his imagination is easily debunked by Dr. Silva-Tulla's own Expert Report, wherein he conceded that 'a review of the EBIA **hydraulic conductivity** measurements at the EBIA ranged from a low of about 10(-9) cm/sec to a high of about 10(-4) cm/sec.'"  *Id.* (emphasis added).  Of course, Dr. Silva-Tulla was referring to a permeability range in his report, not a compressibility range.

[4]     *Id.* at 8.

[5]     Deposition of Dr. Robert Bea, March 28, 2012, excerpts attached hereto as Exhibit 1, at 231:20-22 ("Q. When saturated, organic clay is likely to be very compressible.  A. Correct.").

[6]     Memo. in Support of Mtn. to Exclude Dr. Lambe at 8-9 (Rec. Doc. 20964-1).  WGI has explained in detail why  "dilatational wave velocity" is irrelevant to the compressibility of the EBIA soils during the Katrina storm surge, and Dr. Silva-Tulla's "admissions"

1102355v1

In reality, the inclusion of Dr. Lambe on the Defendants' Pre-Trial Order witness list has nothing to do with Dr. Silva-Tulla and everything to do with Dr. Bea. During his April 16, 2012, "rebuttal" deposition, Dr. Bea referred to Dr. Lambe's seminal textbook, *Soil Mechanics*, several times in an effort to justify the unscientific flow analyses that Diego Cobos-Roa ran for Dr. Bea in this case.[7] In addition, this Court will recall that, in their opposition to the Defendants' motions to exclude Dr. Bea's testimony, Plaintiffs cited liberally to *Soil Mechanics* to purportedly validate Dr. Bea's flawed opinions.[8] All of these references—both under oath and in briefing—were intentionally misconstrued to create the false impression that Dr. Lambe's work supports Dr. Bea's analyses.[9] The Defendants have no doubt that Dr. Bea will use the same deceptive tactics at trial.

To address Dr. Bea's deceit and properly illuminate the relevant geotechnical engineering principles for the Court, the Defendants designated Dr. Lambe as a witness for the

---

(continued…)

support that explanation. Reply to Opp. to Mtn. to Exclude Dr. R. Bea at 20-26 (Rec. Doc. 20865-2). Plaintiffs' accusations to the contrary are inapposite.

[7] Deposition of Dr. Robert Bea, April 16, 2012, excerpts attached hereto as Exhibit 2, at 149:11-150:22, 185:2-25, 223:24-225:12, 230:12-232:12, 271:10-25, 274:5-275:8, 277:1-278:20.

[8] Reply to Opp. to Mtn. to Exclude Dr. R. Bea at 28-32 (Rec. Doc. 20865-2).

[9] As an example, to support Dr. Bea's improper use of "dilatational wave velocity" to determine the compressibility of the EBIA organic clay layer during the Katrina storm surge, Plaintiffs cite to a portion of *Soil Mechanics* in their opposition to the Defendants' motions to exclude Dr. Bea's testimony. Opp. to Defendants' Mtns. to Exclude Testimony & Opinions of Dr. Bea at 27-28 (Rec. Doc. 20849-2). Just two sentences after the portion of *Soil Mechanics* that Plaintiffs cite in their brief, Dr. Lambe explicitly states that "[d]ilatational velocity, which can be measured easily in the field, unfortunately does not provide useful information regarding the stiffness of the mineral skeleton." WGI's Reply to Opp. to Defendants' Mtns. to Exclude Testimony & Opinions of Dr. Bea at 32 (Rec. Doc 20865-2).

1102355v1

limited purpose of rebutting Dr. Bea's lies about Dr. Lambe's own textbook.[10]  Such rebuttal

witness designations are commonplace at trial, including the use of experts to rebut the testimony

of other experts.

> **B.    Defendants Can Demonstrate Good Cause for Why Evidence Related to Dr. Lambe Was Recently Disclosed.**

Plaintiffs are correct that Dr. Lambe was not included on WGI's Final Witness

List submitted on April 6, 2012, nor did WGI submit expert disclosures for Dr. Lambe pursuant

to Rule 26.[11]  That is because the Defendants could not have reasonably known that Dr. Lambe's

testimony would be necessary for trial until Dr. Bea misrepresented Dr. Lambe's work—events

that occurred *after* the relevant deadlines for expert witnesses in this Court's scheduling order.

As a result, evidence related to Dr. Lambe should not be stricken.

Rule 16(b) of the Federal Rules of Civil Procedure authorizes this Court to control

pretrial discovery through a scheduling order, including the decision to exclude evidence as a

means of enforcing the order.  Fed. R. Civ. P. 16(b); *Geiserman v. MacDonald*, 893 F.2d 787,

790-91 (5th Cir. 1990).  The scheduling order may be modified—and by extension, a party's

---

[10]    Joint Pre-Trial Order at 66 (Rec. Doc. 20920).  The Defendants designated Dr. Lambe as a "Witness that Defendants May Call at Trial if the Need Arises." *Id.*  Dr. Lambe has been designated for the following purpose: "Dr. Lambe co-authored the textbook, Soil Mechanics (published in 1969) with the late Robert V. Whitman.  Dr. Bea referred to Soil Mechanics in this rebuttal deposition of April 16, 2012.  Dr. Lambe may be called to testify in response to Dr. Bea's trial testimony relating to this textbook." *Id.*

[11]    Plaintiffs also point out that WGI previously designated Dr. Lambe as a potential testifying expert at a time when trial was far off and expert designations were still unclear.  Memo. in Support of Mtn. to Exclude Dr. Lambe at 2-3 (Rec. Doc. 20964-1).  Indeed, Plaintiffs' own Preliminary Witness List from May 27, 2011, includes a number of purported experts—Rune Storesund and Matthijs Kok, for instance—who Plaintiffs have since decided will not testify.  Armstrong Plaintiffs' Prelim. Witness & Exhibit Lists, May 27, 2012, at 2 (Rec. Doc. 20257).  Likewise, in the interest of time and to streamline evidence at trial, WGI determined as of April 6, 2012, that it would not call Dr. Lambe as a testifying expert.  WGI was well within its rights to do so.

failure to obey the order will be permitted—only for "good cause" shown.  Fed. R. Civ. P. 16(b)(4).[12]  As Plaintiffs point out in their motion, "good cause" is satisfied only where it is clear that, "despite [the party's] diligence, he could not have reasonably met the scheduling deadline." *Callais v. Vizier*, 2000 WL 278097, *4 (E.D. La Mar. 13, 2000).

It was not until Dr. Bea misused Dr. Lambe's work in the "rebuttal" deposition and in Plaintiffs' opposition to the Defendants' motion to exclude Dr. Bea's testimony that it became clear Defendants might need to call Dr. Lambe at trial, and only for the limited purpose of rebutting Dr. Bea's testimony, to the extent he continues to misrepresent Dr. Lambe's seminal work.  Both the "rebuttal" deposition and Plaintiffs' opposition brief occurred after the April 6, 2012, due date for final witness lists, and well after the March 8, 2012, deadline for geotechnical expert reports.  The Defendants could not have reasonably known of Dr. Bea's intention to misinterpret Dr. Lambe's work before either of these scheduling deadlines, notwithstanding their best efforts.  *Callais*, 2000 WL 278097, *4.

In addition to evaluating the Defendants' explanation for failing to timely designate Dr. Lambe, this Court may consider the importance of the testimony at issue, the potential prejudice in allowing the testimony, and the availability of a continuance to cure such prejudice.  *Geiserman*, 893 F.2d at 791; *Morgan v. Chet Morrison Contractors, Inc.*, 2008 WL 7602163, *1 (E.D. La July 8, 2008).  Each of these factors weighs in favor of allowing Dr. Lambe to testify.  Dr. Lambe's testimony may be important to explain why Dr. Bea's references to *Soil Mechanics* are flat wrong and, even worse, plainly deceptive.  Certainly Dr. Lambe is best suited to provide such evidence about his own textbook.  In addition, Plaintiffs are not prejudiced because Dr. Lambe has been designated for the sole purpose of explaining what the relevant

---

[12]     *See* Case Management Order No. 4, April 28, 2010, at 26 § (3) (Rec. Doc. 19743-2).

portions of *Soil Mechanics* mean, without more.  He will not testify about Dr. Bea's opinions, nor will he present his own opinions about this case.  As such, there is no need for Dr. Lambe to file an expert report, and Plaintiffs will not need to depose Dr. Lambe.  Further, because there is no prejudice, a continuance would be unnecessary.

The addition of Dr. Lambe is the result of Dr. Bea's dishonesty about a textbook that he himself admits is a "foundational document" that is "widely used" in geotechnical engineering.[13]  Defendants are entitled to rebut that dishonesty and create a clear record for this Court.  Evidence related to Dr. Lambe therefore should not be excluded.

### C.    Plaintiffs' Other Reasons for Excluding Evidence Regarding Dr. Lambe Are Unavailing.

Finally, Plaintiffs offer several reasons why, in their view, "[e]ven if Dr. Lambe had been properly identified by WGI in compliance with the Court's case management protocol, his testimony ***could be*** properly excluded."[14]  Plaintiffs' reasons are meritless and should be disregarded by this Court .

*First*, Plaintiffs argue that "[e]xpert testimony can be properly excluded if it is introduced merely to cast doubt on the credibility of other witnesses, since evaluation of a witness's credibility is a determination usually within the jury's exclusive purview."[15]  This proposition and the case that Plaintiffs cite to support it, *United States v. Dorsey*, 45 F.3d 809 (4th Cir. 1995), are inapposite.  *Dorsey* dealt with a party's attempt to use expert testimony to

---

[13]    Deposition of Dr. Robert Bea, March 27, 2012, excerpts attached hereto as Exhibit 3, at 40:10-41:3.

[14]    Memo. in Support of Mtn. to Exclude Dr. Lambe at 5, 10-12 (Rec. Doc. 20964-1) (emphasis added).

[15]    *Id.* at 10.

1102355v1

supplant the eye-witness testimony of a fact witness in a jury trial.  *Id.* at 812-15.  Those facts do not exist here.

Second, Plaintiffs insist that "no other expert should be allowed to testify as a conduit for the opinion testimony of Dr. Lambe," and that "one scientist is not permitted to be the mouthpiece of another scientist."[16]  There is no indication from the Defendants' Pre-Trial Order witness list or anywhere else that the Defendants' experts will somehow parrot Dr. Lambe's testimony at trial.  Indeed, if Dr. Lambe is called to testify, he alone will offer evidence to rebut Dr. Bea's lies about *Soil Mechanics*.  He needs no "mouthpiece" to correct misstatements about his own work.

Third, Plaintiffs argue that "the proffered affidavit of Dr. Lambe is inadmissible as hearsay."[17]  Of course, if Dr. Lambe appears at trial, his declaration will not be offered as evidence.  But even if Dr. Lambe does not appear at trial, his declaration is admissible under Federal Rules of Evidence 804 and 807 as an exception to the hearsay rule.  To the extent Dr. Lambe is determined to be unavailable, Rule 804 allows for his declaration to be admitted for the reasons stated in Rule 807.  Fed. R. Evid. 804(b)(5), 807.  Those reasons are met here.  There are "equivalent circumstantial guarantees of trustworthiness" because Dr. Lambe gave his declaration under the penalty of perjury.  Fed. R. Evid. 807(a)(1).  The declaration is relevant— indeed, important—to Dr. Bea's claims about the EBIA floodwall breaches and therefore is "offered as evidence of a material fact."  *Id.* at 807(a)(2).  The declaration is certainly "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; no one is better suited to explain *Soil Mechanics* than its

---

[16]     *Id.*

[17]     *Id.* at 11.

7

author.  *Id.* at 807(a)(3).  Admitting the declaration "will best serve the purposes of these rules and the interests of justice" by making it impossible for Dr. Bea to poison the record and confuse the Court with misconceptions about Dr. Lambe's work.  *Id.* at 807(a)(4).  Finally, Plaintiffs have been given reasonable notice of the Defendants' intent to offer the declaration, including providing Dr. Lambe's name and address.[18]  *Id.* at 807(b).

## II.    CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiffs' Motion in Limine to Exclude Any Evidence or References Relating to the Declaration of Dr. Lambe and to Strike Dr. Lambe from Defendants' Witness List.

Dated: August 17, 2012                           Respectfully submitted,


                                                 /s/
                                                 _____
                                                 William D. Treeby, Bar No. 12901
                                                 James C. Gulotta, Jr., Bar No. 6590
                                                 Heather S. Lonian, Bar No. 29956
                                                 STONE PIGMAN WALTHER WITTMANN LLC
                                                 546 Carondelet Street
                                                 New Orleans, LA 70130
                                                 Phone:  504-581-3200
                                                 Fax:  504-581-3361

                                                 Adrian Wager-Zito
                                                 Debra S. Clayman
                                                 Christopher N. Thatch
                                                 JONES DAY
                                                 51 Louisiana Avenue, N.W.
                                                 Washington, D.C. 20001-2113
                                                 Phone:  1-202-879-3939
                                                 Fax: 1-202-626-1700

                                                 *Attorneys for Defendant*
                                                 *Washington Group International, Inc.*

---

[18]     *See, e.g.*, MRGO Defs.' Ninth Prelim. List of Witnesses for Potential Merits Trial(s), June 20, 2008, at 11 (Rec. Doc. 13579).

1102355v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 17, 2012, I served a true copy of the foregoing upon all parties via Electronic Court Filing ("ECF").  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic-filing system.

*/s/ William D. Treeby*
_____
William D. Treeby

1102355v1