# Unreported Cases

Not Reported in F.Supp.2d, 2000 WL 278097 (E.D.La.)
**(Cite as: 2000 WL 278097 (E.D.La.))**

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Clivington CALLAIS
v.
SUSAN VIZIER, INC.

No. Civ.A. 99–2008.
March 13, 2000.

AFRICK, Magistrate J.

**\*1** On June 29, 1999, plaintiff filed his original complaint alleging Jones Act and general maritime law jurisdiction pursuant to 46 U.S.C. § 688 [FN1] and 28 U.S.C. § 1333.[FN2] Plaintiff specifically prayed for a trial by jury.[FN3] On October 13, 1999, defendant answered the complaint.[FN4] On November 3, 1999, a preliminary conference was held.[FN5]

> FN1. The Jones Act provides in part that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury ..."
>
> FN2. 28 U.S.C. § 1333 provides, in part,
>
> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> FN3. Rec. Doc. No. 1. "[A] plaintiff may elect to bring a maritime in personam action (1) 'in admiralty,' or (2) 'at law.' *E.g.,* 28 U.S.C. § 1333, *Leon v. Galceran,* 78 U.S. (11 Wall.) 185, 191 [20 L.Ed. 74] (1871). If the plaintiff elects to proceed 'in admiralty,' not only must he sue in federal court ... but he must also designate his federal claim as 'an admiralty and maritime claim' under Federal Rule of Civil Procedure 9(h).... Procedurally, the '9(b)' claim is tried before the court, not before a jury. *See* Fed.R.Civ.P. 38(e). On the other hand, if the plaintiff elects to proceed 'at law,' he has two options. First, he could sue on the 'law side' of the federal court (i.e., without a 'Rule 9(h)' designation) if there exists an independent, nonadmiralty basis of jurisdiction. Procedurally, the 'law' claim could be tried by a jury. *See* U.S. Const. amend. VII; Fed.R.Civ.P. 38(a). Second, plaintiff could sue 'at law' in state court. Procedurally, whether he, or the defendant, would have a right to trial by jury would depend on state civil procedure." *Linton v. Great Lakes Dredge & Dock Company,* 964 F.2d 1480, 1487 (5th Cir.), *(quoting Pellegrin v. International Independent Towing,* No. 88–5255, slip op. at 3–4 (E.D.La. March 6, 1989)), *cert. denied,* 506 U.S. 975, 113 S.Ct. 467, 121 L.Ed.2d 375 (1992).
>
> FN4. Rec. Doc. No. 4.
>
> FN5. Rec. Doc. No. 7.

On February 7, 2000, plaintiff filed a motion to file a first amended seaman's complaint.[FN6] The amended complaint states that jurisdiction is conferred by Fed.R.Civ.P. 9(h) [FN7] and it deletes plaintiff's request for a trial by jury. Defendant opposes the motion, arguing that Fed.R.Civ.P. 38(d) [FN8] and Fed.R.Civ.P. 39(a) [FN9] preclude plaintiff from removing the jury demand without consent of the parties.[FN10] In his reply, plaintiff cites *Rachal v. Ingram Corporation,* 795 F.2d 1210 (5th Cir.1986) in support of his argument that Fed.R.Civ.P. 38 and Fed.R.Civ.P. 39 are inapplic-

Not Reported in F.Supp.2d, 2000 WL 278097 (E.D.La.)
**(Cite as: 2000 WL 278097 (E.D.La.))**

able.

> FN6. Rec. Doc. No. 9.

> FN7. Fed.R.Civ.P. 9(h) provides:

>> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292(a)(3).

> FN8. Fed.R.Civ.P. 38 provides:

>> (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

>> ...

>> (d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

>> (e) Admiralty and Maritime Claims. These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

> FN9. Fed.R.Civ.P. 39 provides:

>> (a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

> FN10. Defendant's memorandum in opposition, pp. 2–3 and rejoinder memorandum in opposition to plaintiff's motion, p. 1.

"In *Rachal,* the Fifth Circuit upheld a district court's allowing the amendment of a Jones Act case originally designated as a jury trial to one designated under Fed.R.Civ.P. 9(h) whereby plaintiff struck his jury demand. The Court based its decision on the fact that at the time of plaintiff's motion, defendant had no constitutional right to a jury trial." FN11 The *Rachal* Court stated: FN12

> FN11. *Adams v. Falcon Drilling Co.,* 1998 WL 195981,[*]2 (E.D.La.) (Duval, J.).

> FN12. 795 F.2d at 1215–1216.

... Rule 39(a) does not absolutely preclude a Jones Act plaintiff from withdrawing a jury demand earlier made; it conditions the withdrawal of a jury demand on certain protections of the defendant's rights. Neither does Rule 39 grant the defendant here any new or independent right to a jury trial; it simply protects rights to a jury trial

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

that the defendant may have been granted elsewhere.

With this understanding of the relevant Federal Rules, we turn to the case upon which Ingram relies, *Johnson v. Penrod Drilling Co.,* 469 F.2d 897 (5th Cir.1972), which indeed is the case most closely on point. Johnson involved two actions for maritime personal injury against a common defendant, two cases consolidated on appeal because they presented a common legal issue. The plaintiffs had filed actions against Penrod alleging diversity and Jones Act jurisdiction. Jury trials were demanded. Later, the plaintiffs amended their complaints to elect an admiralty action and made no demand for a jury trial. Penrod then moved for a jury trial in the respective cases, arguing in each case that it had not consented to the plaintiff's withdrawal of the demand.

The *Johnson* court framed the issue before it as follows: "Could the plaintiffs, through the device of amending their complaints to state admiralty and maritime claims under Rule 9(h), effectively withdraw their demands for jury trials without compliance with the specific procedures set forth in Rule 39(a) for the withdrawal of such demands?" *Johnson,* 469 F.2d at 902. The issue in the case before us may be stated similarly.

**\*2** The plaintiffs in *Johnson* argued that they could withdraw their jury demand without complying with Rule 39(a) because an amendment to replead a claim as one in admiralty should be freely allowed under Rule 15. Penrod relied upon the text of Rule 39(a).

The *Johnson* court resolved the issue in Penrod's favor, stating: Rule 38 unhesitatingly affirms that the Seventh Amendment's guarantee of the right to trial by jury in federal civil cases "shall be preserved to the parties inviolate." Rule 38(a), supra. The procedure set forth in Rule 39(a) for transferring an action from a district court's jury docket to its nonjury docket gives explicit recognition to the quasi-constitutional privilege of the party who did not originally demand trial by jury to rely upon the jury trial demand made by the adverse party. We therefore hold that the district court erred when it transferred these two actions from its jury docket to its nonjury docket without first obtaining Penrod's Rule 39(a) consent to the transfers because the two transfers constituted violations of Penrod's Seventh Amendment right to trial by jury. Id. at 903.

There is an important distinction between *Johnson* and the case before us today, however: the *Johnson* plaintiffs alleged diversity jurisdiction as well as Jones Act jurisdiction, while here Rachal has asserted only admiralty and Jones Act jurisdiction.

The presence of diversity jurisdiction in Johnson influenced that case in several ways. First, the *Johnson* court relied on the seventh amendment in its analysis, and diversity jurisdiction was the only possible connection to a seventh amendment right to jury trial in Johnson. The right to a jury trial under the Jones Act is a statutory right. Of course, it is uncontested that admiralty jurisdiction gives no right to a jury trial. *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (admiralty does not fall under "federal question" jurisdiction, 28 U.S.C. § 1331, which would give jury right); Bethlehem Steel Corp., 515 F.2d at 1252–54 (Rule 9(h) election of admiralty means no right to jury trial).

Second, as we have noted, Rule 39(a) grants no independent right to a jury trial. In *Johnson,* diversity provided an independent constitutional basis for Penrod's claim to a jury. In *Johnson,* therefore the plaintiffs could not ignore Rule 39(a) because the district court was precluded from finding that a right to jury trial did not exist "under the Constitution or statutes of the United States." As the advisory committee notes to Rule 9 make clear, however, once the plaintiff pleads his case in admiralty, by a properly allowed amendment or otherwise, the federal court sits in

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2000 WL 278097 (E.D.La.)
**(Cite as: 2000 WL 278097 (E.D.La.))**

admiralty and no party has the right to a jury trial, regardless of diversity jurisdiction. "For example, a longshoreman's claim for personal injuries suffered by reason of the unseaworthiness of a vessel may be asserted in a suit in admiralty or, if diversity of citizenship exists, in a civil action. One of the most important procedural consequences is that in the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial except as provided by statute." Fed.R.Civ.P. 9 advisory committee note (emphasis added).

**\*3** The Court finds *Rachal* applicable to this case. In his complaint, plaintiff alleged this Court's jurisdiction pursuant to the Jones Act and general maritime law.[FN13] Neither party has asserted this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The only right to a jury trial arose pursuant to the plaintiff's Jones Act claim.[FN14] Under the circumstances, defendant has no Seventh Amendment right to a jury trial and Fed.R.Civ.P. 38 and Fed.R.Civ.P. 39 are inapplicable.

> FN13. Rec. Doc. No. 1.

> FN14. *Baggs v. Highland Towing, L.L.C.,* 1999 WL 1034743,\*1 (E.D.La.)(Wilkinson, M.J.)(*quoting Adams v. Falcon Drilling Co,* 1998 WL 195981,\*2 (E.D.La.)(Duval, J.)(the Jones Act gives only the plaintiff the right to choose a jury trial, unless there is present a separate basis of jurisdiction or some other circumstance that would create for the defendant a Seventh Amendment right to a jury trial); *see also Woodard v. Diamond Offshore Drilling, Inc.,* 2000 WL 174889,\*1 (E.D.La.)(district court upheld magistrate's denial of plaintiff's motion to amend to make Rule 9(h) election where plaintiff set forth the domicile of the parties which showed that diversity of citizenship in fact existed).

The Court notes, however, that generally "[t]he amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15."[FN15] Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."

> FN15. *Hayden v. Acadian Gas Pipeline System,* 1997 WL 180380,\*5 (E.D.La.)(*quoting* Fed.R.Civ.P. 9(h)); *see Woodard v. Diamond Offshore Drilling, Inc.,* 2000 WL 19842,\*2 (E.D.La.)(Shushan, M.J.)(*citing* notes of the advisory committee on rules for the 1996 amendment of Rule 9(h)) (*aff'd* 2000 WL 174889 (E.D.La.) (Berrigan, J.)); *see Adams v. Falcon Drilling Co., Inc.,* 1998 WL 195981,\*2 (E.D.La.)(Duval, J.).

Defendant argues that Fed.R.Civ.P. 16(b), rather than Fed.R.Civ.P. 15(a), applies inasmuch as the proposed amendment was filed past this Court's December 3, 1999, deadline to amend pleadings.[FN16] Defendant contends that because the proposed amendment comes after the deadline set by the Court at the November 3, 1999, preliminary conference, plaintiff's motion is governed by Rule 16(b) and by the Court's November 3, 1999, minute entry which provides that deadlines can only be "modified by court order upon a showing of good cause."[FN17]

> FN16. Defendant's "rejoinder" memorandum in opposition to plaintiff's motion to file amended complaint, p. 2.

> FN17. Defendant's "rejoinder" memorandum in opposition to plaintiff's motion to file amended complaint, p. 2.

In *Geiserman v. MacDonald,* 893 F.2d 787 (5th Cir.1990), the Fifth Circuit stated that " Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. Consistent with the authority vested in the trial court by rule 16, our court gives the trial court 'broad discre-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion to preserve the integrity and purpose of the pretrial order.", FN18 Other than *Geiserman,* which is distinguishable in that it concerned the striking of a late expert witness designation and the preclusion of the expert's testimony, defendant cites no cases from this circuit in support of its theory. FN19 However, the Court notes a recent case from the Northern District of Texas, *McCombs v. All-waste,* FN20 which discusses the relationship between Fed.R.Civ.P. 15(a) and Fed.R.Civ.P. 16(b).

> FN18. *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5 th Cir.1990)(*quoting Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir.1979)(affirmed refusal to modify pretrial order) and *citing* Fed.R.Civ.P. 16(b), Advisory Committee Note (trial court may modify scheduling order for good cause)); *but see Roper v. Exxon Corp.,* 1998 WL 431838 (E.D.La.)(in balancing factors, liberal policy of Rule 15 outweighs the Court's interest in maintaining sceduling deadlines).

> FN19. In *Rachal* the plaintiff filed a motion to strike his jury demand rather than a motion to amend. 795 F.2d at 1212. On appeal, the United States Fifth Circuit Court of Appeals utilized Fed.R.Civ.P. 15 noting that "[a] case such as this should ordinarily be decided by the district court pursuant to a Rule 15 motion, rather than a motion to strike a jury demand.". *See Rachal,* 795 F.2d at 1213–1214 and 1217, n. 11. A close reading of *Rachal* does not disclose that a preliminary conference had been held prior to the time plaintiff filed his motion to strike his jury demand. At most, the opinion mentions that "a pretrial order providing for a nonjury trial was filed." *Id.* at 1212. Thus, the *Rachal* court did not address Fed.R.Civ.P. 16.

>> This Court notes that some judges in this district have not mentioned Fed.R.Civ.P. 16 in deciding whether to allow amendments filed well after the court imposed deadlines have passed. *See e.g., Hayden v. Acadian Gas Pipeline System,* 1997 WL 180380,<sup>*</sup> 4 (E.D.La.)(Wilkinson, M.J.); *see Adams v. Falcon Drilling Co. Inc.,* 1998 WL 195981 (E.D.La.)(Duval, J.); *but see LMB v. Lard Oil Company, Inc.,* 1998 WL 777825 (E.D.La.)(Fallon, J.)(motion to amend denied pursuant to Fed.R.Civ.P. 16(b) four months after deadline set at the preliminary conference).

> FN20. 1999 WL 102816 (N. D.Tex.).

In a civil case, the trial court must enter a scheduling order that limits inter alia the time for the parties to join other parties. Fed.R.Civ.P. 16(b)(1). Once the deadline to join other parties has expired, a court considering a motion to join other parties must first determine whether to modify the scheduling order under the standards of Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992) ; *SIL–FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir.1990); *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N. D.Ind.1995); *accord Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990). The court considers the more liberal standards of Rule 15(a) or Rule 21 only if the movant satisfies the requirements of Rule 16(b). *Cf. Johnson,* 975 F.2d at 608 (discussing motion to amend pleadings).

**\*4** Rule 16(b) requires that a party who seeks to modify a scheduling order must show good cause. Fed.R.Civ.P. 16(b); *Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997); *cf. Geiserman,* 893 F.2d at 790 (noting that trial court has "broad discretion to preserve the integrity and purpose of the pretrial order")(*quoting Hodges v. United States,* 597 F .2d 1014, 1018 (5th Cir.1979)); *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996)(same). The "good cause" standard focuses on the diligence of the party seeking the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

modification to the scheduling order. *Johnson,* 975 F.2d at 609; *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W.Va.1995). The absence of prejudice to the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate "good cause." See *Geiserman,* 893 F.2d at 791; *Tschantz,* 160 F.R.D. at 571; *Fellows v. Earth Constr., Inc.,* 794 F.Supp. 531, 537–38 (D.Vt.1992). Instead, the movant may demonstrate "good cause" only by showing that, despite his diligence, he could not have reasonably met the scheduling deadline. *American Tourmaline Fields v. International Paper Co.,* 1998 WL 874825, at *1 (N.D.Tex. Dec. 7, 1998) (Fitzwater, J.).[FN21]

> FN21. *McCombs v. Allwaste,* 1999 WL 102816 at *1–2 (N.D. Tex.).

The reasoning in *McCombs* is sound. "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'"[FN22]

> FN22. *Parker v. Columbia Pictures Industries,* 204 F.3d 326, 2000 WL 223790 (2d. Cir.).

United States District courts have the discretion to modify pretrial orders pursuant to Rule 16.[FN23] In this case, no information is provided as to why plaintiff filed his amendment over two months beyond the December 3, 2000, deadline to amend pleadings. Plaintiff simply states that the election will not cause undue delay or prejudice any party[FN24] and that the granting of the amendment will promote judicial economy because it will minimize the expenses of and time allotted for trial.[FN25] The pretrial conference is set for May 18, 2000, and trial is scheduled to begin on July 10, 2000. Plaintiff has failed to demonstrate that despite his diligence, he could not have reasonably met the December 3, 1999, scheduling deadline. Because plaintiff has failed to show "good cause," the Court need not address whether plaintiff satisfied Fed.R.Civ.P. 15(a).

> FN23. *Southwestern Engineering Company v. No. 89–3813,* 915 F.2d 972, 979 (5th Cir.1990); *see also Johns v. United States of America,* 1997 WL 13725, *2 (E.D.La.1997).

> FN24. Plaintiff's reply, p. 2.

> FN25. Plaintiff's reply, p. 2.

Accordingly,

IT IS ORDERED that the motion is DENIED.

E.D.La.,2000.
Callais v. Susan Vizier, Inc.
Not Reported in F.Supp.2d, 2000 WL 278097 (E.D.La.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 1

Not Reported in F.Supp.2d, 2008 WL 7602163 (E.D.La.)
**(Cite as: 2008 WL 7602163 (E.D.La.))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Louisiana.
Reginald C. MORGAN
v.
CHET MORRISON CONTRACTORS, INC.

Civil Action No. 04–2766.
July 8, 2008.

Named Expert: Dr. Robert Alexander, Rand Voorhies, Narinder Gupta

David Christopher Whitmore, Lawrence Blake Jones, Scheuermann & Jones, New Orleans, LA, for Reginald C. Morgan.

Robert Seth Reich, Lawrence R. Plunkett, Jr., Reich, Album & Plunkett, LLC, Metairie, LA, for Chet Morrison Contractors, Inc.

Ronna Marie Steele, New Orleans, LA, pro se.

*ORDER*

STANWOOD R. DUVAL, JR., District Judge.

**\*1** Before the Court is Defendant's Motion to Exclude Plaintiff's Expert Witnesses (Rec.Doc.108). Plaintiff has filed an opposition, to which the Defendant has filed a reply. This Court has reviewed the relevant law and the pleadings, and finds that it is appropriate to deny the Defendant's motion.

**I. BACKGROUND**

The suit before the Court is a Jones Act claim brought by a seaman against his former employer. Plaintiff Reginald Morgan has waffled notoriously in this litigation, hiring and firing several attorneys several times over each prior to trial, resulting in several continuances. His present counsel is new and will presumably be carrying this case to trial.

Defendant seeks exclusion of Plaintiff's expert witnesses. Specifically, it moves for exclusion of Drs. Robert Alexander, Rand Voorhies, and Narinder Gupta on the grounds that Plaintiff designated these expert witnesses on May 28, 2008. Defendant concedes that this designation was prior to the deadline for noticing witnesses, but Defendant asserts that such designation should have occurred by April 28, 2008, the deadline for Plaintiff to produce expert reports. In response, Plaintiff claims that Defendant is misconstruing this Court's scheduling order, which excludes treating physicians from the requirement of submitting expert reports. Defendant replies that none of these physicians have been designated as "treating" physicians, and in any case this "treating physician" exception is designed to allow updated expert reports to be submitted closer to trial date.

**II. ANALYSIS**

Federal Rule of Civil Procedure 16 commands a district court to issue a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). Consequently, the Federal Rules provide that "the court may issue any just orders" against a party that "fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f); Fed.R.Civ.P. 37(b)(2). A district court's order "striking the late expert witness designation and precluding any expert witness testimony involves both the enforcement of a scheduling order and the enforcement of local rules." *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990). A court must evaluate four factors in deciding whether to strike a late-designated witness: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir.2007) (footnote omitted). "Consistent with the authority vested in

Not Reported in F.Supp.2d, 2008 WL 7602163 (E.D.La.)
**(Cite as: 2008 WL 7602163 (E.D.La.))**

the trial court by Rule 16 ... [the trial court has] broad discretion to preserve the integrity and purpose of the pretrial order." *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996), *quoting Geiserman,* 893 F.2d at 790.

As a preliminary matter, Defendant is incorrect as to the nature of this Court's "treating physician" exception. This Court's scheduling order in this matter states:

> **\*2** Written reports of experts, excluding treating physicians, who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than April 29, 2008. If any party determines that because of special circumstances an expert report should be provided by a treating physician (i.e. if a causation opinion is rendered) a motion shall be filed no later than 120 days prior to the trial date to compel a report.

Scheduling Order, Mar. 24, 2008 (Rec.Doc.100). The exception is not intended to require treating physicians to submit reports by the deadline, and then allow them to update these reports as trial nears. The exception is not designed to require an expert report at all, in fact. Instead, the treating physician exception is intended to permit such doctors to provide expert testimony concerning their treatment without having to submit any expert report. "Courts have held that written reports are not required for treating physicians whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert." *Gray v. Vastar Offshore, Inc.,* No. Civ. A. 04–1162, 2005 WL 399396, at \*1 (E.D.La. Feb. 14, 2005) (Vance, J.). The opposing side has access to that physician's medical records in treating the patient, thus allowing ample basis for cross-examination. Therefore, considering that these three witnesses have been designated on the Plaintiff's witness list prior to the deadline for submitting the list to the defense, they have sufficiently complied with this Court's scheduling order.

Turning to the Fifth Circuit's four factor analysis, Plaintiff has not proffered a reason why he identified his treating physicians late because he claims that he did not identify them late at all. Indeed, the deadline for identifying witnesses was May 29, 2008, and Plaintiff apparently did identify all relevant treating physicians by that time. However, the Court notes that generally a party will receive much more notice during discovery of which doctors treated an injured party where such injury is the crux of the claim. Plaintiff provides no reason for this delay. As to the second factor, there is no assertion by the Plaintiff considering the importance of the testimony. The Court presumes that Plaintiff attaches some value to the testimony, but its precise nature is unclear at this point.

The third and fourth factors are critical here. Defendant has claimed that it will suffer prejudice here, although at this time such prejudice is speculative. This matter is a straightforward seaman injury claim. With more than a month before trial, Defendant has the opportunity to depose these witnesses. The Defendant need be concerned that these treating physicians will range far and wide in their testimony; because they qualify for a special exception to the expert report rule, treating physicians may only testify about "the actual treatment they rendered to plaintiff and opinions derived directly therefrom." *Gray,* 2005 WL 399396, at \*1. The Court presumes that these physicians are only elaborating on those physical ailments that have already been divulged to the Defendant. As the parties well know, a continuance is not available in this matter due to the Plaintiff's inconstancy throughout this litigation that has already resulted in several continuances. The Court notes that this matter is a non-jury trial, thus there is limited harm that can come from improper admission of any expert testimony. Should Plaintiff's treating physicians go beyond the scope of the injuries disclosed to Defendant, however, such testimony shall be stricken.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 7602163 (E.D.La.)
**(Cite as: 2008 WL 7602163 (E.D.La.))**

**\*3** This Court cannot complete this discourse without a warning to the Plaintiff. It is indeed dismaying that new treating physicians should crop up at the last moment in discovery. Generally treating physicians are long-term doctors providing ongoing care. However, this Court has allowed doctors to testify as treating physicians where only a late examination has been made as long as it was done "on the sincere desire to both provide the best treatment to [plaintiff], and the most accurate testimony to the Court." *Fitch v. Settoon Towing, LLC,* Civ. A. No. 06–3235, 2008 WL 1805482 (E.D.La. Apr. 18, 2008) (Berrigan, J.).

Plaintiff is admonished that he must establish that each medical expert indeed is a "treating physician" to the satisfaction of the Court prior to the solicitation of any testimony from such witnesses. Plaintiff will not be permitted to introduce treating physicians to establish new ailments that have not yet been the subject of discovery by Defendant. Furthermore, this Court will strictly limit these physicians to testimony regarding the care they provided to the Plaintiff and opinions based directly on that treatment. The Court presumes that all relevant documentation regarding the care provided by all treating physicians has already been provided to Defendant. The Plaintiff shall make these treating physicians available for depositions at the very earliest time possible for Defendant. Should any of these conditions be violated, or if the Plaintiff attempts to assert any new claims at this late hour, the Court will certainly be willing to consider a renewed motion to exclude testimony. Likewise, should any late discovery submitted by Plaintiff cause unnecessary prejudice to Defendant, this Court shall be willing to take appropriate measures.

### III. CONCLUSION

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Experts (Rec.Doc. 108) is **DENIED.**

E.D.La.,2008.

Morgan v. Chet Morrison Contractors, Inc.
Not Reported in F.Supp.2d, 2008 WL 7602163 (E.D.La.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.