UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: MRGO | * | SECTION "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |

**MEMORANDUM IN OPPOSITION TO MOTION IN
LIMINE BY PLAINTIFFS TO EXCLUDE EVIDENCE OF, OR
REFERENCE TO, PAYMENTS FROM COLLATERAL SOURCES**

Washington Group International, Inc. ("WGI") respectfully submits the following memorandum in opposition to Plaintiffs' Motion in Limine to Exclude Evidence of, or Reference to, Payments from Collateral Sources (Rec. Doc. 20956). Because the overwhelming majority of the exhibits to which Plaintiffs object are also the subject of their Motion in Limine to Exclude Insurance Claim Files and Unrelated Legal Proceedings. (Rec. Doc. 20953), WGI adopts its memorandum in opposition to that motion, being filed simultaneously herewith, as though set forth herein in its entirety. WGI also adopts its memorandum in opposition to Plaintiffs' Motion in Limine to Exclude Evidence of Diminution of Value as Measure of Damages (Rec. Doc. 20955) , as though set forth herein in its entirety in order to address the exhibits that overlap with that motion.

**I.     Introduction**

WGI does not contend that it is entitled to an offset for financial assistance that Plaintiffs received from charitable or governmental sources. Plaintiffs' motion, however, is overbroad, and WGI should be permitted to question Plaintiffs regarding forms in their files that

1102371v.1

Plaintiffs either submitted to the Road Home or received from the Road Home, once a proper evidentiary foundation has been laid. Additionally, Defendants' damages experts should be allowed to testify regarding evidence from Plaintiffs' Road Home, SBA, FEMA files (or other sources of assistance) to the extent that they relied upon it to form their opinions.

**II.     Law & Argument**

      **1.     WGI Should Be Allowed to Examine Plaintiffs Regarding Factual Representations They Made in Their Road Home Files.**

In their depositions, Plaintiffs were able to identify documents within their Road Home files that they had prepared and submitted. Mr. Livers also identified copies of documents from his Road Home file that he had previously seen in the process of applying for and receiving Road Home assistance[1], including documents that he himself completed and that bear his signature.[2] Similarly, Mr. Armstrong testified regarding forms he and his wife submitted (bearing their signatures)[3] and also the process by which they disputed the initial valuation the Road Home assigned to their property.

Any documents prepared by the Plaintiffs and submitted to the Road Home program are statements by party opponents under Rule 801, and WGI should be allowed to question Plaintiffs concerning factual representations in these documents once a proper foundation has been laid. For example, in his Road Home file, Mr. Washington signed an affidavit attesting that at the dates of Hurricane Katrina or Hurricane Rita he was the occupant of 1910 Charbonnet St., and that it was his primary residence.[4] This representation was false

---

[1]     JX-1506; Excerpts of A. Livers Dep. at 236:9-237:3, attached hereto as Exhibit 1.

[2]     JX-1507; Ex. 1. at 240:22-242:1;

[3]     JX-1459.

[4]     JX-1539; Excerpts of C. Washington Dep. at 239:21-242:3, attached hereto as Exhibit 2.

because Mr. Washington's primary residence prior to Katrina was at 5027 Derbigny St.[5] The fact that Mr. Washington made these false factual representations to the Road Home Program under penalty of perjury is relevant to his credibility, and WGI should be permitted to examine him about it.

### 2. Even If the Court Determines That This Evidence Is Inadmissible, Defendants' Damages Experts May Still Rely Upon It.

Even if the Court determines that neither Defendant is entitled to an offset for the assistance Plaintiffs received from various sources, Defendants' damages experts should not be precluded from relying upon the evidence contained therein. Federal Rule of Evidence 703 allows an expert to base his opinion on facts or data perceived or made known to him. "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." Fed. Rule of Evid. 703. Plaintiffs' Road Home files contain evidence regarding the dates, the fact of transfer of title, and potentially the amounts paid for those transfers of title. This information is relevant to the appropriate measure of damage, since diminution of value is the appropriate measure of damages of certain Plaintiffs since they disposed of their property to the Road Home Program. This information is also potentially relevant to the opinions and testimony of Defendants' expert, Michael Truax, Sr. MAI regarding the valuations of Plaintiffs' property, although WGI is not seeking a dollar amount credit or reduction in damages for the Road Home payments. Defendants' experts should be allowed to testify about their reliance upon this evidence, and Plaintiffs will be free to cross-examine Defendants' experts at trial about said reliance.

---

[5] Ex. 2 at 83:23-84:2.

B. **Certain Exhibits Which Plaintiffs Seek to Exclude Do Not Refer to Payments from Collateral Sources.**

In their motion, Plaintiffs seek to exclude JX-1425, which is correspondence between the Armstrongs and the United States Army Corps of Engineers regarding the Armstrongs' Form-95.  While this exhibit is not relevant to Plaintiffs' claims against WGI, it is arguably relevant and admissible as to their claims against the United States.  Plaintiffs also move to exclude JX-1434, which is a form submitted to the Defendants by Plaintiffs' counsel in order to provide basic information about the nature of Plaintiffs' claims.[6]  It is a statement by a party opponent and clearly admissible under Rule 801.  Similarly, JX-1468 consists of Mr. Holmes' responses to WGI's Requests for Admission.  These are statements by party opponents and clearly admissible under Rule 801(d).

WGI does not object to the exclusion of JX-1436, which is a form submitted to the Defendants by Plaintiffs' counsel in order to provide information about the Levee Plaintiffs.  Because that phase of the case has been terminated, this exhibit has no relevance to these proceedings.

Dated:  August 17, 2012                          Respectfully submitted,

                                       */s/William D. Treeby*
                                       William D. Treeby, 12901
                                       James C. Gulotta, Jr., 6594
                                       Heather S. Lonian, 29956
                                           Of
                                       STONE PIGMAN WALTHER WITTMANN L.L.C.
                                       546 Carondelet Street
                                       New Orleans, Louisiana  70130
                                       Telephone:  (504) 581-3200
                                       Facsimile:  (504) 581-3361

                                       and

---

[6] Excerpts of Dep. of K. Armstrong, dated July 9, 2007, attached hereto as Exhibit 3 at 67:3-9

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Attorneys for Washington Group
International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2012, a copy of the above and foregoing Memorandum in Opposition has been served upon the Court via hand-delivery pursuant to the Court's July 26, 2012 Minute Entry (Doc. 20927) this 17th day of August, 2012. Notice of this filing will be sent by e-mail to all counsel of record

*/s/William D. Treeby*

1102371v.1