UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re Katrina Canal Breaches | § | Civil Action |
| Consolidated Litigation | § | No. 05-4182 "K" (2) |
| | § | Judge Duval |
| | § | Mag. Wilkinson |
| | § | |
| | § | |
| Pertains to : MRGO | § | |
|     *Armstrong*, C.A. No. 10-866 | § | |
| | § | |
| _____ | § | |

**United States' Opposition to Plaintiffs' Request for
Judicial Notice of Weather-Related Facts**

Plaintiffs have requested that this Court take judicial notice of its factual findings in the *Barge* case regarding winds in the IHNC during Hurricane Katrina. But courts cannot take judicial notice of factual findings from other court proceedings because those facts are usually disputed and almost always disputable. The wind-related facts that Plaintiffs wish this Court to judicially notice are disputable and were disputed. They therefore cannot be judicially noticed. Moreover, the wind "facts" that Plaintiffs seek to import here are actually expert opinion, interpolated from complex modeling of Katrina's wind field. To judicially notice these facts would be to improperly brand controvertible expert opinion and analysis as unquestionably accurate.

**Background**

In the *Barge* trial, which involved none of the Parties in this litigation, this Court heard testimony from multiple experts about wind direction and speed in the IHNC during Katrina. This Court assessed the expert opinions and ultimately credited Dr. Austin Dooley's wind analysis. Dr. Dooley interpolated a hindcast of Hurricane Katrina's wind field that Oceanweather, Inc., created by using the storm's horizontal and vertical pressure patterns. Barge Order (Doc 20149) at 16. Crediting Dr. Dooley's testimony, this Court found the exact direction (*e.g.*, 46.66°) that the wind blew in the IHNC at 4:30, 7:00, and 7:30 a.m. In so finding, this Court necessarily rejected the opinions of other experts as to the IHNC's wind conditions. *See id.* at 18–19 n.13.

In this case, the Parties recently agreed to stipulate to numerous facts. *See* Pretrial Order (Doc. 20920 at 29–43). Among them, the Parties stipulated to facts concerning the very basic and indisputable nature of Hurricane Katrina. (Doc. 20920 at 30). The Parties also stipulated only to the general (*e.g.*, north-northeast) wind direction and exact wind speed at each of Plaintiffs' individual properties during the storm that were prepared for and relied on by Defendants' expert, James R. Danner, Jr., P.E. (Doc. 20920 at 30–31). Plaintiffs had proposed that the Parties also stipulate to this Court's *Barge* findings as to wind direction. These findings were at a different location, in the IHNC; were much more precise than the general direction stipulated to at Plaintiffs' properties; and were the analysis of an expert whom none of the Parties here had a chance to examine. The Defendants declined to

2

stipulate to such specific wind direction and speed in the IHNC.[1] Plaintiffs then asked this Court to take judicial notice of the wind direction and maximum speed in the IHNC that it had found in *Barge*. Doc. 20951.

**Argument**

**1. Settled law precludes taking judicial notice of factual findings from a different case with different parties.**

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is not "subject to reasonable dispute" because it is either generally known or can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." To be subject to judicial notice under Rule 201, a fact must be a "self-evident truth that no reasonable person could question, a truism that approaches platitude or banality." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir 1998).

Applying Rule 201, the Fifth Circuit in *Taylor* foreclosed taking judicial notice of the very sort of facts Plaintiffs propose here—factual findings made in a different case. *See id.* There, the plaintiff asked for judicial notice of a finding made in an earlier class-action suit—that the private-hospital defendant was a state actor. The circuit court held that it "generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually

---

[1] In their Memo in Support of Plaintiffs' Request for Judicial Notice of Weather-related Facts Plaintiffs incorrectly assert that WGI, Inc. agreed to stipulate to the facts proposed for judicial Notice. Doc. 2095-1 at n.2. Both WGI and the United States refused to stipulate to those facts.

are disputed." *Id.* at 830. The court noted that it would have "difficulty conceiving of an adjudicative fact found in a court record that is not subject to reasonable dispute and, therefore, of which a court could take judicial notice." *Id.* at 830 n.18. The court explained that if the fact were truly indisputable, then it would not gain such status from a court's factual finding.

*Taylor* controls and precludes this Court from taking judicial notice of the facts it found in a different case.[2] The wind-related factual findings that this Court made in *Barge* and which Plaintiffs propose to take judicial notice of here are not merely theoretically disputable, but were actually disputed in *Barge:* wind in the IHNC was subject to different expert opinions. The specific wind-related facts Plaintiffs propose this Court to take notice of are inherently disputable because they are the product of complex expert analyses, were actually subject to dispute, and are patently not "truisms that approach platitude or banality." *See Taylor,* 162 F.3d at 830. They therefore are inappropriate for judicial notice under Rule 201.[3]

---

[2] Further, the *Barge* opinion itself is not admissible evidence. *See Homebuilders Ass'n of Miss., Inc v. City of Brandon, Miss.*, No. 3:07-cv-716, 2009 WL 1788115 at *1 (S.D. Miss. June 19, 2009) ("judicial opinions are properly excluded from evidence on the bases of hearsay and undue prejudice.").

[3] Plaintiffs' reliance on *Kinnett Dairies, Inc v. Farrow*, 580 F.2d 1260 (5th Cir. 1978), is unavailing. Kinnett is inapposite because it did not involve judicial notice. As the court noted in *Taylor*, "the issue in *Kinnett* was not even properly categorized as judicial notice, despite the court's use of that term." *Taylor* 162 F.3d at 831–32. Plaintiffs' retreat to *Kinnett,* which did not involve judicial notice, offers them no refuge from the application of *Taylor*, which directly forecloses taking judicial notice of factual findings from another case.

4

## Conclusion

Plaintiffs' request to take judicial notice of wind-related facts that this Court found in a different proceeding involving different parties should be denied.

Dated: August 17, 2012.                    Respectfully submitted,

                                                   STUART F. DELERY
                                                   Acting Assistant Attorney General

                                                   PHYLLIS J. PYLES
                                                   Director, Torts Branch

                                                   JAMES G. TOUHEY, JR.
                                                   Assistant Director, Torts Branch

                                                   *s/ John A. Woodcock*
                                                   JOHN A. WOODCOCK
                                                   Trial Attorney, Torts Branch,
                                                   Civil Division,
                                                   U.S. Department of Justice
                                                   Benjamin Franklin Station,
                                                   P.O. Box 888
                                                   Washington, D.C.  20044
                                                   (202) 616-4400/ (202) 616-5200 (Fax)

                                                   Attorneys for the United States

**Certificate of Service**

I, John A. Woodcock, hereby certify that on August 17, 2012, a true copy of the foregoing was hand-delivered to the Court and served upon all parties by ECF. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic-filing system. Parties may access this filing through the Court's system.

                                                *s/ John A. Woodcock*
                                                JOHN A. WOODCOCK