UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| ARMSTRONG, C.A. No. 10-866 | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' RESPONSE TO
PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF, OR REFERENCE TO, PAYMENTS FROM COLLATERAL SOURCES**

On August 10, 2012, the Plaintiffs filed their Motion in Limine to Exclude Evidence of, or Reference to, Payments from Collateral Sources ("Pls. Collateral Source Mot."). R.N. 20956. Plaintiffs argue that the federal benefits they received through the Federal Emergency Management Agency and the Louisiana Road Home program for Hurricane Katrina-related damages are collateral sources as to defendant United States, and therefore that evidence of their receipt of such benefits are neither admissible nor relevant to this litigation. Accordingly, they "seek an Order from this Court excluding evidence of or reference to, payments by collateral sources" to the Plaintiffs. *Id.*, p. 2.

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity which must be construed strictly and narrowly, in favor of the sovereign. *O'Rourke v. Smithsonian Institution Press*, 399 F.3d 113, 121 (2nd Cir. 2005) (citing *Lane v. Pena*, 518 U.S. 187, 195 (1996)). This limited waiver does not extend to paying twice for the same injury. As the Supreme Court recognized in *Brooks v. United States*, 337 U.S. 49 (1949), *opinion on remand,*

176 F.2d 483 (4th Cir. 1949), *adhered to in United States v. Brown*, 348 U.S. 110 (1954), in waiving the United States's sovereign immunity from suit on tort claims in the FTCA, there is "no indication that Congress meant the United States to pay twice for the same injury." 337 U.S. at 53.[1]

Applying this rule, the courts have held that federal benefits received by plaintiffs must be deducted from awards under the FTCA on account of the same injuries. *See, e.g., Brooks,* 179 F.2d at 484 (award to plaintiff should not include medical expenses which government paid or amount he had received or would receive in future by way of veterans disability pay); *Overton v. United States*, 619 F.2d 1299 (8th Cir. 1980) (Medicare payments from special government fund were deductible because beneficiary made no contributions to program); *Steckler v. United States*, 549 F.2d 1372, 1378-79 (10th Cir. 1977) (veterans benefits are a deductible non-collateral source); *Feeley v. United States*, 337 F.2d 924, 933-34 (3d Cir.1964) ("The defendant United States has provided free hospital care for these specific injuries . . . . To allow the plaintiff to recover this item in his damages would not only result in a double recovery for him, but also a

---

[1] In *Brooks,* suit was brought by a serviceman who was injured in a collision with an Army truck while on furlough. At issue was whether the hospital expenses and veterans' disability benefits paid by the United States on account of the serviceman's injuries should be deducted from the award to him under the FTCA. On remand from the Supreme Court, the Fourth Circuit held: "It seems perfectly clear that in making the award of damages to plaintiff nothing should be included on account of hospital or medical expenses which the government has paid or on account of loss of earning power for the period for which he has drawn Army pay. It seems equally clear that the award should be diminished by the amount which he has received or is to receive from the government by way of disability benefits." 176 F.2d at 484. *Accord Brown v. United States*, 348 U.S. at 113 (adhering to view that award under FTCA must be reduced by amount of veterans' disability benefits awarded to plaintiff on account of same injury).

double-payment out of the general treasury by the United States.").[2]

The Plaintiffs are now seeking to recover tort damages from the United States for the same injuries for which they have received federal benefits. The source of the federal monetary assistance is not, therefore, collateral to the United States, and the Supreme Court's admonition that the United States not pay twice for the same injury under the FTCA controls. Even if the Plaintiffs have not been fully compensated for all of their alleged injuries, the United States is still entitled to an appropriate reduction in any tort damages which might be awarded to the Plaintiffs, making the evidence of the federal benefits received by the Plaintiffs relevant and admissible for purposes of computing damages. This is particularly true since the Plaintiffs did not themselves contribute to the funds out of which the benefits they received were paid.[3]

The Plaintiffs rely on several cases in support of their argument that the federal grants are a collateral source as to the Army Corps of Engineers. In each of the cited cases, however, the monies received by the plaintiffs were from sources completely independent of the particular defendant, and thus were collateral sources as to that defendant. The cases cited by the Plaintiffs are therefore inapposite and do not establish that the *federal* benefits paid to the Plaintiffs in this case are collateral *to the United States*. Consequently, the federal benefits paid to the Plaintiffs

---

[2]*See also Kennedy v. United States*, 750 F. Supp. 206 (W.D. La. 1990) ("CHAMPUS payments are not from a source collateral to the United States, and to award damages for a loss for which the United States has already compensated (and will compensate) the plaintiffs would constitute an impermissible double recovery."); *Kornegay v. United States*, 929 F. Supp. 219, 221 (E.D. Va. 1996) (TRICARE benefits paid to dependent of military retiree not a collateral source under Virginia law).

[3]Indeed, this Court has recognized that the LRA payments are "provided free of cost to eligible homeowners and is funded by a grant through the United States Department of Housing and Urban Development." *Metoyer v. Auto Club Family Ins. Co.*, 536 F. Supp. 2d 664, 670 (E.D. La. 2008).

should be considered by the Court when assessing any damages awarded to the Plaintiffs under the FTCA.[4]

## CONCLUSION

For the aforementioned reasons, the Plaintiffs' motion should be DENIED.

Dated: August 17, 2012                                Respectfully submitted,

                                                STUART F. DELERY
                                                Acting Assistant Attorney General

                                                PHYLLIS J. PYLES
                                                Director, Torts Branch

                                                JAMES G. TOUHEY, JR.
                                                Assistant Director, Torts Branch

                                                s/ James F. McConnon, Jr.
                                                JAMES F. McCONNON, JR.
                                                Trial Attorney, Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                Benjamin Franklin Station, P.O. Box 888
                                                Washington, D.C.  20044
                                                (202) 616-4400 / (202) 616-5200 (Fax)
                                                Attorneys for the United States

---

[4] The Plaintiffs assert, without citing any authority, that "[u]pon the state's receipt of funds pursuant to a CDBG [United States Department of Housing and Urban Development's Community Development Block Grant] Grant, these Grants are no longer considered federal funds but state funds." Pls. Collateral Source Mot., p. 5.  Contrary to this assertion, however, the Louisiana Road Home program web site itself specifically states:

> FACT: The Road Home grant funds are held by the federal government until needed for closings.  Upon each scheduled closing, the title company informs the state Office of Community Development which requests, through HUD, that the funds be sent directly from the US Treasury to a banking institution for deposit in a homeowner's account.  At no time do funds accumulate interest in a state account.

See https://www.road2la.org/about-us/myth-buster.htm#myth7.  Even if the Plaintiffs' assertion was true, however, the United States still is the source for the CDBG grants and such benefits therefore are not collateral to the United States.

## CERTIFICATE OF SERVICE

    I, James F. McConnon, Jr., hereby certify that on August 17, 2012, I served a true copy of the Defendant United States' Response to Plaintiffs' Motion in Limine to Exclude Evidence of, or Reference to, Payments from Collateral Sources upon the Court via hand-delivery pursuant to the Court's July 26, 2012 Minute Entry (R.N. 20927).  Notice of this filing will be served by ECF upon all counsel.

                                  s/ James F. McConnon, Jr.
                                  JAMES F. McCONNON, JR.