UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: MRGO | * | SECTION "K"(2) |
| *Armstrong, No. 10-866* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUR-REPLY BY PLAINTIFFS TO DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, PAYMENTS FROM COLLATERAL SOURCES**

**MAY IT PLEASE THE COURT:**

Plaintiffs submit this Sur-reply to Defendant United States' Response to Plaintiffs' motion *in limine* for an Order Excluding Evidence of, and Reference to, Payments by Collateral Sources.[1]

The Defendant United States has responded with the same arguments that it made in the *Robinson* matter.[2] In *Robinson* this Court held that Road Home grants were not an item to be deducted from plaintiffs' losses.[3]

---

[1] Rec. Doc. No. 21001.

[2] *See* United States of America's Trial Brief, Rec. Doc. 18448, p. 45-46, *Robinson*, 06-2268.

[3] "The Court also notes that she [plaintiff] received $101,000.00 as a Road Home grant. It is the Court's opinion that this not an item to be deducted from her losses as she is obligated to reimburse the Road Home from any insurance proceeds or other recovery she may receive." *In re Katrina Canal Breaches Consolidated Litigation*, 647 F.Supp.2d 644, 736 (E.D. La. 2009).

1

This Court also addressed the issue as to FEMA relocation funds on June 30, 2009.[4] The Defendant United States attempted at the conclusion of the *Robinson* trial to proffer certain exhibits and testimony that concerned authenticated excerpts from the FEMA files of the named plaintiffs in that matter, Anthony Franz, Kent Lattimore and Tanya Smith.[5] The exhibits and testimony offered by Defendant in the *Robinson* matter that are relevant to the discussion here are the exhibits Defendant offered to evidence that FEMA awarded Disaster Assistance Grants under the Stafford Act to Mr. Franz, Mr. Lattimore and Mrs. Smith.[6] The Government contended that these "benefits" were like TRICARE and CHAMPUS, that the payments were funded by the United States without contributions from plaintiffs.[7] The Defendant then concluded that the payments therefore were not collateral source payments and should be deducted from any recovery made by these plaintiffs.[8] The conclusion was based on the holding in *Kennedy v. United States*.[9] This Court was not persuaded by that argument and held that:

> In Louisiana, the collateral source rule provides that "a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tort-feasor's procuration or contribution." *Bozeman v. State of Louisiana*, 879 S.2d 692, 698 (La. 2004). The moneys paid through the Stafford Act by FEMA were for emergency food and housing necessitated by plaintiffs'' being displaced by the flooding of their properties. None of these plaintiffs is seeking compensation for displacement losses, rather, they are seeking compensation for expenses such as mortgage payments and insurance payments for uninhabitable homes or offices. As such, a double recovery is neither being sought nor will it be awarded. According, it is

---

[4] *In re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 1951807, * 1 (E.D. La. June 30, 2009).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] 750 F.supp. 206 (W.D. La. 1990).

ordered that the request for the Admission of Defense Proffer Number 1 is denied.[10]

Similarly, as discussed in Plaintiffs' Motion *in limine*, the Honorable Judge Barbier in 2008, in the matter of *Metoyer v. Auto Club Family Insurance Company*, held that LRA funds constitute a collateral source, and therefore all evidence of LRA funds should be excluded from evidence so as not to taint the jury.[11]

As this issue has been addressed several times by this Court, with the same arguments raised before by Defendant United States, there is no reason for this Court to rule differently in this matter.  Road Home grants and FEMA relocation grants are collateral sources as to the Defendant United States and Defendant WGI and thus all evidence of, and reference to, payments by collateral sources should be excluded.

Respectfully submitted,

PLAINTIFFS' LIAISON COUNSEL

*/s/ Joseph M. Bruno*
JOSEPH M. BRUNO (La. Bar No. 3604)
**BRUNO & BRUNO, L.L.P.**
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

---

[10] *In re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 1951807, * 1 (E.D. La. June 30, 2009).
[11]   536 F.Supp. 2d 664, 665 (E.D. La. 2008).

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

*/s/ James Parkerson Roy*
JAMES PARKERSON ROY (La. Bar No. 11511)
MR-GO PSLC Liaison Counsel
**Domengeaux Wright Roy & Edwards LLC**
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

**MRGO PLAINTIFFS SUBGROUP LITIGATION COMMITTEE**

Jonathan Andry (The Andry Law Group, LLC, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties by filing the foregoing with the Clerk of Court by using the CM/ECF system, this 27th day of August, 2012.

*/s/ Joseph M. Bruno*
JOSEPH M. BRUNO

4