UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES　　　　　　　　　　　CIVIL ACTION
　　　　　CONSOLIDATED LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NO. 05-4182

PERTAINS TO: *Armstrong*, No. 10-866　　　　　　　　　　SECTION "K"(2)

# ORDER AND REASONS

　　　　Before the Court is Defendant Washington Group International, Inc.'s Motion to Exclude Evidence Regarding Plaintiffs' Notice of Intent to Introduce Summary Evidence. (Doc. 20996). Washington Group International, Inc. ("WGI") contends that the Court should exclude from trial all of the materials so noticed because in WGI's view these materials are not proper summary evidence but instead constitute a back-door attempt by plaintiffs to introduce the materials stricken by this Court in its June 29, 2012, ruling concerning of portions of Dr. Bea's Rebuttal Report. (Rec. Doc. 20890).

　　　　The central issue addressed by the Court in its June 29th ruling concerned Dr. Bea's expert rebuttal report with respect to what came to be known as the "Swiss Cheese Graphics." The Court struck this portion of Dr. Bea's rebuttal report based on the Court's finding that it was in essence a place holder for a more precise if not actual report that had yet not been produced. Furthermore, the opinion and graphics would have been based on 3D GIS computer generated graphic models that had not been provided to defendants in compliance with the discovery schedule. In addition, the late nature of the report supported the Court's decision to strike that part of the report and Dr. Bea's ability to testify based thereon.

At issue in the instant motion is the admissibility of four summary exhibits listed as follows in the "Notice of Intent to Introduce Summary Evidence" (Doc.20971):

Exhibit A:  EBIA Excavation Summary Table

A-1: EBIA Excavation Summary Table (xl spreadsheet)

Exhibit B:  Boland Marine Excavation Summary Document List

PDF file with layers of activities:

B-1: 2005 Aerial Image

B-2: North Arrow

B-3: Borrow Pits

B-4: E-Parcels

B-5: Fiber Optic Cable

B-6: Future Lock Alignment

B-7: Grid Trenching

B-8: Legend

B-9: NFAATT

B-10: NOPSI

B-11: North Breach

B-12: Piles

B-13: Sewerage and Water Board

B-14: Site Inventory

B-15: Surekote Road

B-16: Wedding Cake

Exhibit C: Saucer Marine Excavation Summary Document List

    C-1: 2005 Aerial Image

    C-2: North Arrow

    C-3: Borrow Pits

    C-4: E-Parcels

    C-5: Future Lock Alignment

    C-6: Grid Trenching

    C-7: Legend

    C-8: NFAATT

    C-9: NOPSI

    C-10: Piles

    C-11: RECAP

    C-12: Sewerage and Water Board

    C-13: Sewer Lift Station

    C-14: Site Inventory

    C-15: South Breach

    C-16: Surekote Road

Exhibit D:  Itemized List WGI EBIA Excavation Project Photos ( Plaintiff ex ID and WGI Bates Nos.)

In the notice, plaintiffs' counsel states unequivocally that the originals of the documents, materials, reports and photographs used to prepare these summary exhibits are already in the

possession of WGI and the USA, as they were all produced by either defendant in response to plaintiffs' discovery requests.

WGI seeks to exclude all of this summary evidence and the underlying documents attached thereto based on its contention that these materials are precisely the same "graphics" which the Court struck in the context of the Rebuttal Report. However, this argument belies the nature of the Court's ruling. The material stricken was Dr. Bea's analysis based on 3 dimensional computer runs arising out of calculations and models never produced to defendants. It is patently absurd, as indeed it appears WGI recognizes, to prohibit the factual evidence that constitutes in essence business records of defendants coming into evidence. The sheer numerosity of these exhibits requires their presentation in a summary fashion. For example the Court has been informed that one exhibit would constitute thousands of pages of slips concerning the materials that were disposed of during the course of a multi-year remediation project.

Rule 1006 of the Federal Rules of Evidence provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. Clearly the materials as characterized by plaintiff are precisely that, the organization of the monumental records of the excavations that took place at the EBIA as recorded by the defendants themselves and produced to them for this trial.

In addition, WGI contends that the Fifth Circuit requires that the underlying materials must have been introduced prior to a summary being allowed into evidence pursuant to Rule

1006.  However, the Court finds there is not such a hard and fast rule.  While the Fifth Circuit stated in *United States v. Bishop*, 264 F.3d 535 (5th Cir. 2001) that "summary evidence must have an adequate foundation in evidence that is already admitted", the appellate court distinguished *Bishop* in *U.S. v. Valencia,* 600 F.3d 389 (5th Cir. 2010):

> Valencia complains that the government failed to introduce Dynegy's databases into evidence or show that the databases were business records subject to a hearsay exception. Valencia cites our decision in *Bishop,* where we noted that "Rule 1006 allows admission of summaries when (1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient." 264 F.3d at 547. *Bishop* is different because it concerned summaries of live testimony and exhibits presented in court, *see id.,* not voluminous records which "cannot conveniently be examined in court." *See* Fed.R.Evid. 1006; *United States v. Nguyen,* 504 F.3d 561, 571–72 (5th Cir.2007) (citation omitted) (recognizing that Rule 1006 does not concern summaries of trial exhibits or trial testimony). Therefore, despite its broad wording, *Bishop* did not mandate that the databases be admitted into evidence before Labhart could summarize their contents, as this would contravene the plain language and purposes of Rule 1006. Additionally, Labhart and Chovanec testified *418 that Dynegy maintained its databases in the course of regularly conducted business activities. Therefore, the district court did not err, much less abuse its discretion, in overruling Valencia's hearsay-based objections to Labhart's conclusions. *See* Fed.R.Evid. 803(6).

*Id.* at  417 -418.  This rationale applies equally in this instance.

The Court is unable to review each and every underlying exhibit described in the Notice of Summary Evidence.  WGI states this is an attempt to circumvent this Court's ruling with respect to the stricken portion of Dr. Bea's rebuttal opinion.  This Court assumes the parties and witnesses will conduct themselves honorably with the knowledge the Court will enforce its previous rulings.

Facts are facts; actions taken are actions taken.  This evidence is a summary of WGI and the United States' conduct of the remediation of the EBIA.  Clearly, this information is relevant and is no surprise to defendants as the materials have been produced by them.  Clearly, the Court will not strike the exhibits which simply present in a clear, visual fashion the excavations and

back-fill which occurred at the EBIA as demonstrated by WGI and the United States' own business records.

Nonetheless, the Court has made clear and reiterates to all parties that all experts will be limited to testify within the bounds of their respective reports. No new opinions that are not contained in the expert reports will be allowed to be proffered by any expert during trial. The Court will not condone trial by ambush and will not preside over any semblance thereof. Moreover, the Court again reminds counsel to review the precepts of civility in the Courtroom; pejorative personal attacks and allegations of sinister motives will not be tolerated and indeed often prove deleterious to that proponent's credibility.   Accordingly,

**IT IS ORDERED** that Defendant Washington Group International, Inc.'s Motion to Exclude Evidence Regarding Plaintiffs' Notice of Intent to Introduce Summary Evidence. (Doc. 20996) is **DENIED.**

New Orleans, Louisiana, this   4th   day of September, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE