UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES　　　　　　　　　CIVIL ACTION
　　　　　CONSOLIDATED LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NO. 05-4182

PERTAINS TO: *Armstrong*, No. 10-866　　　　　　　　SECTION "K"(2)


# ORDER AND REASONS

The following are the Court's rulings on the *Armstrong* Plaintiffs' Motions in Limine;

(1)　Plaintiffs' Motion in Limine to Exclude Testimony and Evidence Pertaining to Dr. Robert Dalrymple's Supplemental Report **(Doc. 20947)**

Plaintiffs' Motion to exclude Dalrymple's report is **DENIED**. Dalrymple produced his supplemental report on July 23, 2012. The purpose of this report was to correct two errors made in his original report. The Court also notes that there was no substantive difference in the conclusions reached in the second report from the first report. The Court regards the second report as a classic supplemental report, which was timely filed under Federal Rules of Civil Procedure 26(e)(2), and it was filed pursuant to the time limit set forth under the Federal Rules of Civil Procedure 26(a)(b), that is, at least 30 days before trial. The Court also finds that the report is not unduly prejudicial to the Plaintiffs.

(2)　Plaintiffs' Motion in Limine to Preclude Duplicative Testimony by Defendants' Expert Witnesses **(Doc. 20948)**

Plaintiffs' Motion in Limine is **DENIED**. The Court has previously imposed time limits which will be strictly enforced on ALL parties. Moreover, during trial, the Court will control

testimony only if it becomes unnecessarily cumulative and Plaintiff may object at that time, if the testimony is truly duplicative and not complimentary.  Moreover, if the parties squander their time on cumulative testimony it will ultimately not be to their respective benefit.

    (3)    Plaintiffs' Motion in Limine to Preclude Defendant's Experts from Offering Opinions Qualifying Damage Attributable to Waters from the Inner Harbor Navigation Canal (IHNC) **(Doc. 20949)**

Plaintiffs' Motion in Limine is **DENIED**.  Implicit in the Plaintiffs' Motion is the question as to whether one or more of the Plaintiffs' homes were totally destroyed by one event and would have been partially or totally destroyed by the other event, i.e., the INHC breaches and/or the MRGO breaches.  If the home was destroyed by the IHNC breach before the MRGO breach, it is this Court's opinion that if the destruction was total, and if either or both of the defendants here are found liable, the MRGO waters would be irrelevant.  However, if the MRGO waters caused all or part of the damage, then that would either relieve or mitigate the liability.

As to the specific issue raised in the Motion in Limine, the Court will allow Dr. Dalrymple to testify as to this topic since he does render an opinion as to this issue in his report. Plaintiff is free to cross-examine Dr. Dalrymple concerning any deficiencies that may be inherent in his opinion, because of his failure to run an IHNC ONLY scenario.

    (4)    Plaintiffs' Motion in Limine to Preclude Testimony Based on Unproduced GIS Model or, in the Alternative, to Compel Production of the Model to Plaintiffs **(Doc. 20950)**

The Plaintiffs' Motion in Limine to preclude testimony based on unproduced GIS model is **DENIED**. However, the Plaintiffs' motion to compel production of the model is **GRANTED** subject to the following limitations.

The Court has carefully reviewed the briefing of the parties. At this point, the Court acknowledges it is perplexed. WGI states that none of the experts relied on the GIS model, but simply the information obtained within it. This seems somewhat metaphysical to the Court and out of an abundance of caution the Court will order Dr. Silva's GIS model to be produced to the Plaintiffs. In the event each and every expert for the defendants clearly and unequivocally testifies that in no way did they rely on the model to produce the results set forth in their respective expert opinions, then the model will in all likelihood be irrelevant. The Court cannot ascertain this from the briefs. As a matter of fact, from reading the excerpts in the plaintiffs' memorandum, it appears that certainly the GIS model was used in some way to derive the geometric and spatial configurations relied on by some of the defendants' experts in rendering their opinions. The Court cannot make a definitive ruling on this until it questions the experts. The Court intends to question the experts on this issue in a very short series of questions. However, in an abundance of caution, the model should be produced.

In the event evidence is adduced at trial that indeed the experts did in some way rely on the model and the model was not produced, the Court would be compelled to strike the entire testimony, which would be a Draconian remedy which will be avoided by the production of the model.

WGI's comments about the plaintiffs' failure to produce a GIS model are quite irrelevant because plaintiffs' model will not be introduced into evidence and may not be relied on by the

plaintiffs' experts as the GIS portion of Dr. Bea's opinion was stricken by the Court. The Court also notes that vitriolic remarks from both sides are incredibly unpersuasive and will not be tolerated at trial. This production should take place on or before Friday, September 7, 2012 at 5:00 p.m.

(5) Plaintiffs' Motion in Limine for Judicial Notice of Weather-Related Facts **(Doc. 20951)**

Plaintiffs' Motion in Limine is **DENIED**. Although the Court did find these facts in its judicial opinion, it is not an appropriate source for judicial notice. In the Government's opposition, it pointed out that there was testimony that disputed these wind directions. The Court notes that this testimony was based on alleged microbursts, which the Court found did not exist. Unless the Government has microburst evidence that shows the wind directions that the Court found were not correct, this issue is a "tempest in a teapot." The Court's tolerance to such tempest will be geometrically proportional to the number the Court finds as it goes through these motions and the trial.

(6) Plaintiffs' Motion in Limine to Exclude Testimony And/Or Evidence Relating to the Supplemental Report of W. Allen Marr **(Doc. 20952)**

Plaintiffs' Motion in Limine is **DENIED**. However, although the Court is not convinced the information contained in Dr. Marr's report is "new", the Court will give the Defendants the benefit of the doubt. Clearly, the supplemental report and initial report will be the subject of vigorous cross-examination. The supplemental report was filed timely under the Federal Rules

and does not cause the Plaintiffs undue prejudice.

      (7)      Plaintiffs' Motion in Limine to Exclude Insurance Claim Files and Unrelated Legal Proceedings **(Doc. 20953)**

Plaintiffs' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. If the Defendants intend to introduce all of the information in insurance claim files and in unrelated legal proceedings, it is conceivable that some, but not all, of this information would be admissible.  If the information was prepared by the Plaintiffs themselves it may be relevant.  Some of the information might be clearly hearsay and not admissible in these proceedings.  Moreover, if an appropriate foundation is laid concerning photographs then it is conceivable those photographs could be admissible.  More importantly, the payments received by the Plaintiffs for wind and rain damage would be admissible, as the Plaintiffs would not be allowed double recovery.  This, of course, does not relate to the collateral source rule, as the insurance would not have been for the damages sustained from flood, but from some other source.  The Court will not allow the admission of adjuster's opinions, reports and other such data.  The Court will allow information produced by the Plaintiffs that is relevant; such as photographs if the appropriate foundation is established, and payments relating to wind and rain damage.  Therefore, the Defendants are on notice that the entire file will not be admitted and this ruling is intended to give some guidance as to what portions in respect to the insurance claims files that will be admitted.

  (8)  Plaintiffs' Motion in Limine to Exclude Any Testimony of, or Evidence Pertaining to Miles Brodsky **(Doc. 20954)**

Plaintiffs' Motion in Limine is **DENIED**. Neither Plaintiffs, nor Defendants intend to call Mr. Brodsky as a witness and therefore the motion is **MOOT**.

  (9)  Plaintiffs' Motion in Limine to Exclude Evidence of Diminution of Value as Measure of Damages **(Doc. 20955)**

The Court will **DEFER** ruling on this Motion until after the trial, and of course, only in the event liability is found. *The Roman Catholic Church of the Archdiocese of New Orleans v. Louisiana Gas Service Co,* 618 So.2d 874 (La.1993) held that it is the general rule of thumb "when a person sustains damage due to the fault of another, he is entitled to recover damages including cost of restoration that has been or may be reasonably incurred, or, at his election, difference between value of property before and after harm". It goes on to say, that if the cost of restoring the property to its original condition is disproportionate to the value of the property or economically wasteful, unless there is a reason personal to the owner for restoring to the original condition OR there is a reason to believe that the plaintiff will, in fact. make repairs, damages are measured only by the difference between the value of the property before and after the harm. However, the Court did hold that a homeowner generally is entitled to recover the restoration cost. One of the questions to be answered by the Court depends on the facts and circumstances surrounding the sale of certain of the plaintiffs home. In the event liability is found, the Court will entertain briefing on whether if the plaintiff does not have sufficient funds to restore the property and is compelled to sell the property, if the rule of the *Catholic Church* would still apply.

6

    (10)    Plaintiffs' Motion in Limine to Exclude Evidence of, or Reference to, Payments from Collateral Sources **(Doc. 20956)**

Plaintiffs' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

The defendants are not entitled an offset for the assistance Plaintiffs received from charitable, government or insurance proceeds recovered, unless the funds are insurance funds for damages other than the flood damages claimed herein.  The Court will allow the defendant's experts to testify as to information in the Road Home files that may relate to the value of the property and the extent of damages, however, the Court is certainly not convinced that the appropriate measure of damages is the diminished value as stated previously in the ruling regarding the measure of damages.  The Court does note that the amounts received from various collateral sources certainly does not necessarily indicate the value of the home, or its cost of restoration.

The Court, however, will **not** exclude JX-1425, JX-1434 and JX-1468.  The Court also **excludes** JX-1436, as there is no objection by WGI to its exclusion.

    (11)    Plaintiffs' Motion in Limine to Exclude Evidence of, or Reference to, Claims Dismissed by Clifford Washington **(Doc. 20957)**

The Plaintiffs' Motion in Limine is **GRANTED**, in the event Plaintiff formally dismisses with prejudice the claim of Mr. Washington in reference to the 5027-5027 ½ Derbigny Street property.

    (12)    Plaintiffs' Motion in Limine to Exclude Evidence or Reference Relating to the Declaration of T. William Lambe, ScD., P.E. and to Strike Dr. Lambe from the Defendants' Witness List **(Doc. 20964)**

8

The Plaintiffs' Motion in Limine is **GRANTED**.  The Court will not allow Dr. Lambe to testify, as he would clearly be as an expert for the defendants.  The defendants have not timely filed the required disclosures and the Court will not allow this testimony at this late stage of the proceedings.

New Orleans, Louisiana, this ___4th___ day of September, 2012.

                        **STANWOOD R. DUVAL, JR.**
                     **UNITED STATES DISTRICT COURT JUDGE**