UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES           CIVIL ACTION
       CONSOLIDATED LITIGATION

                                                                                               NO. 05-4182

PERTAINS TO: *Armstrong*, No. 10-866              SECTION "K"(2)

## ORDER AND REASONS

The following are the Court's rulings on Defendants' Motions in Limine;

(1)     Defendant Washington Group International, Inc.'s Motion to Exclude Testimony and Evidence Concerning Melvin McElwee **(Doc. 20962)** Filed by WGI and joined by United States of America **(Doc. 20970)**

The Defendants' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. Although the Court was provided with voluminous material concerning Mr. Melvin McElwee's deposition testimony, tests, reports, letters, etc., the Court does not know precisely what Mr. McElwee is going to testify about at trial. Clearly, he may not give opinion testimony and clearly he may only testify as to matters based on his personal knowledge. The Court understands that the focus of his testimony is on the Dwyer Road project and not in the area involved in this litigation. The Court at this point is unable to determine the relevance, if any, of the problems he encountered at the Dwyer Road area and how they correlate, if at all, to the EBIA area. To the extent Mr. McElwee's experiences informed Plaintiff's experts, the Court can determine after trial if such information has any relevance or validity in direct and cross-examination. However, the Court reiterates that Mr. McElwee will **not** be able to give any testimony except lay testimony under Rule 701 and such testimony must be within his personal

knowledge.  The Court will determine the significance and or relevance of that testimony after trial.

    (2)    Motion in Limine to Exclude Evidence and Testimony Regarding Repair or Replacement Costs for Certain Plaintiffs' Immovable Property **(Doc. 20965)** filed by Washington Group International, Inc. and joined by United States of America **(Doc. 20970)**

The Defendants' Motion in Limine is **DENIED** for essentially the same reasons relating to this issue set forth in the Plaintiffs' Motion in Limine

    (3)    Defendant Washington Group International, Inc.'s Motion to Exclude Evidence Regarding Dr. Robert Bea's 3D Seepage Analyses and "Dilatational Wave Velocity" Theory **(Doc. 20967)** and joined by United States of America **(Doc. 20970)**

The Defendants' Motion is **DENIED**.  The Court has made its *Daubert* rulings and any issues the Defendants have with the 3D Seepage Analyses can be vigorously explored on cross-examination.

    (4)    Defendant Washington Group International, Inc.'s Motion to Strike Certain Exhibits from the Master Exhibit List **(Doc. 20968)** joined by United States of American **(Doc. 20970)**

The Defendants' Motion is **DENIED IN PART** and **GRANTED IN PART**.   While the Court understands the argument made by WGI, the Court has considerable time constraints and

to go over each of these documents meticulously and attempt to determine whether there is sufficient relevance or admissibility in a systematic and careful manner is virtually impossible. This is a Judge trial and the Court will not be unduly swayed by any "bad acts" by WGI which do not relate to the issues at hand.  The issues at hand being; did the work performed by WGI compromise the floodwall, was such action negligent and was it a substantial cause of the breaches, i.e., the North and South Breach.  Again, the Court has placed time limits on this trial and if Plaintiff focuses on matters which are peripheral or have attenuated relevance, it does so at its own peril.  Plaintiffs argue that the probative value of these documents will be illustrated during the cross-examination by Mr. Stags and WGI's standard of care expert, Dr. Skyora.  At that time and during the course of the trial, the Court will be able to discern and fully evaluate the  relevance of these documents.  The Court is reluctant to strike these documents until it receives more context and that can only be done at trial.

### A. Documents Relating to Unsubstantiated Allegations of Improper Handling of Contaminated Materials at the EBIA During Task Order 26.

The following documents are **excluded**: PX-0940, PX-0947, DX-2688, PX-2911, PX-2920, PX-2921, and PX-2922.  The Court notes that many of these are duplicates and are not complete copies.  Moreover, many of these exhibits deal with environmental matters that are peripheral, at best, to the issues the Court must determine here.

For the same reasons set for immediately above, the Court **strikes** PX-0905, PX-0931, PX-2740, PX-2745, PX-2746, PX-2908, and PX-2987.

### B. Testimony of Reed Mosher in *Robinson* v. *United States*

This part of the Motion in Limine is **DENIED** with the following explanation.  Dr. Reed

Mosher was at the time an employee of the United States Army Corps of Engineers and a relatively small portion of his testimony relates in part to the East Bank Industrial Area. The Court will allow Plaintiff to use this exhibit in cross-examination, but will not allow under any circumstance all of the testimony to be introduced. None of the testimony may be introduced in Plaintiffs' case in chief and only very limited portions *might* be allowed to be introduced if used in cross-examination or rebuttal.

    **C.**    **The "Kansas City Guidelines"**

This Motion in Limine is **DENIED.**

    **D.**    **Documents and Expert Reports Relating to Flooding and Flood-Control Projects in Areas Other than New Orleans.**

This Motion in Limine is **DENIED**.

    **E.**    **Subcontractor Documents Unrelated to Excavations at the EBIA.**

This part of the Motion in Limine is **DENIED**. The Court guarantees it will not be overwhelmed by the number of documents and does not expect Plaintiffs will spend much of its specifically limited time on these thousands of documents.

    **F.**    **Documents Relating to the Elevation of the 40 Arpent Levee.**

This part of the Motion in Limine is **DENIED**.

    **G.**    **Documents Relating to Post-Katrina Work Performed by Third Parties at the EBIA.**

This part of the Motion in Limine is **DENIED**.

    **H.**    **Sewerage and Water Board Standard Drawings**

This part of the Motion in Limine is **DENIED**.

    (5)    Defendants' Motion in Limine to Limit or Exclude Testimony of Plaintiffs' Expert, Chad Morris, and to Limit Chad Morris' Testimony to Opinions Contained in His Expert Report **(Doc. 20958)** filed by United States and joined by Washington Group International, Inc. **(Doc. 20969)**

This Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. The Court will not allow Mr. Morris to testify beyond the opinions set forth in his report. The Court intends to enforce this protocol as to all experts who testify. However, Mr. Morris did render opinions that the defendants are now claiming are not scientific and in essence do not pass *Daubert* muster. Such a motion is not appropriate in a Motion in Limine, but in a *Daubert* motion, which had to be timely filed. There was no timely filed *Daubert* motion in reference to Mr. Chad Morris, therefore he will be able to opine, but limited to the opinions rendered in his report. The Court notes that on page 15 of his report he states in part "These images show that their work in the area was extensive and it included multiple excavations and pile removals which extended to elevations as deep as 25' below sea level. Based on the WGI images that I have seen, backfilling of these excavations appears to have consisted primarily of non-compacted material and sand." Of course, if these estimates are simply guesses, this can be explored by cross-examination. The Court will not hear a putative *Daubert* motion at this time.

    (6)    United States' Motion to Strike Dr. Reed Mosher's *Robinson* Testimony from the Master Exhibit List **(Doc. 20959)** joined by Washington Group International, Inc. **(Doc. 20969)**

The United States' Motion in Limine is **DENIED** for the reasons previously stated in a prior ruling relative to Dr. Mosher's testimony.

New Orleans, Louisiana, this  4th   day of September, 2012.

STANWOOD R. DUVAL, JR.<br>
**UNITED STATES DISTRICT COURT JUDGE**