UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>*Armstrong*, C.A. No. 10-866 | SECTION "K"(2) |

On April 13, 2012, the Court ruled on a Motion to Strike (Doc. 20640) filed by Washington Group International, Inc. ("WGI") by which WGI sought to "strike" the claim of Ethel Mae Coats. WGI contended that under Fed. R. Civ. P. 19 , not all of the necessary persons that may have an interest in the property of Ethel Mae Coats had been joined in the suit. Specifically, it contended that 7 necessary parties were absent from this litigation and as such, Ethel Mae Coats' claim should be dismissed. It argued that Mrs. Coats' three children, who WGI contended were her legal successors, and (2) Mr. Coats' four children, who WGI contended would be the naked owners of Mr. Coats' ownership interest in 1020-1022 Charbonnet Street as Mr. Coats died intestate ,were all necessary parties.

The Court rejected the first contention that Mrs. Coats' three children were necessary as this matter had been brought prior to her death, and thus it was inherited by Lintoi Franklin who is the sole residual legatee as Mrs. Coates left her entire estate to that child. The Court had previously allowed the substitution of Jerald N. Andry, Jr. in his administrative capacity as executor of the Estate of Ethel Coats and the matter is proceeding to trial with Mr. Andry in that capacity.

As to the second issue of the four children fathered by Mr. Coats being "required" parties, the Court found that WGI had made that argument without any valid, competent,

admissible evidence to prove its contention.  The Court gave WGI the opportunity to produce competent evidence to support its claim that the Charbonnet Street property was community property, that there was no will and that indeed these persons were Mr. Coats' children and were alive and well.

On June 12, 2012, WGI filed "Evidence Supporting WGI's Motion to Join Jimmie Lee Coats, Sr.'s Children as Necessary Parties."  (Doc. 20875).  As exhibits thereto, it provided the Court with a certified copy of the title to the Charbonnet Street property evidencing that it was purchased during the community of Jimmie Coats, Sr. and Ethel Coats.  Also included was a letter from the Clerk of Court for the Civil District Court for the Parish of Orleans stating that it was unable to fine a copy of a will for Jimmie Lee Coats, Sr. and that the probate for Mr. Coats did not appear in its records.  A copy of the title search performed by Statewide Abstracting Services, LLC was also included in WGI's supplemental filing which indicated that as of August 18, 2011, the Charbonnet Street residence was not transferred to Ethel Mae Coats in full ownership and that no title to the Charbonnet Street residence was transferred prior to her death. Finally, WGI adduced the affidavit of Jimmie Lee Coats, Jr. which stated that he is the son of Jimmie Lee Coats, Sr. and that Mr. Coats is also survived by a daughter, Danielle Coats, and another son, James Taylor who are both still living.  Mr. Coats, Jr. also averred that he had no knowledge of the probate of any will executed by his father and had no knowledge of any succession having been opened for his father's estate.  As such, WGI continued to maintain that Mr. Coats' portion of the community property would have devolved in full ownership to Mr. Coats' Sr.'s children under the provisions of La. Civ. Code art. 890.  As such, WGI now

contends that Jimmie Lee Coats, Jr., Danielle Coats, and James Taylor are necessary parties and should be joined as parties.

In response, plaintiff's counsel filed into the record a copy of the Last Will and Testament of Jimmie Lee Coats and the affidavit of Notary and Attesting Witness who affirmed that the original of the will, which had been in the decedent's possession, was lost and that the copy filed with the Court is a true copy of the original Last Will and Testament of Jimmie Lee Coats. That will is dated January 27, 1999, and in it, Mr. Coats bequeathed all of the property he owned at the time of his death to Ethel Coats. Thus, these three children have no claim as the property was bequeathed outright to Ethel Coats. As such, the Court finds the supplemental brief without merit and its original ruling will stand. Accordingly,

**IT IS ORDERED** that Washington Group International, Inc.'s Motion to Strike (Doc. 20640) is again **DENIED.**

New Orleans, Louisiana, this  11th  day of September, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

3