UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION NO. 05-4182 "K"(2) <br> § JUDGE DUVAL <br> § MAG. WILKINSON <br> § <br> § |
| PERTAINS TO: <br><br> MRGO <br> *Armstrong*, No. 10-866 | § <br> § <br> § <br> § <br> § <br> § <br> § |

**WASHINGTON GROUP INTERNATIONAL INC.'S REPLY
IN SUPPORT OF DEFENDANTS OBJECTIONS TO CERTAIN TESTIMONY
IN THE DEPOSITION DESIGNATIONS SUBMITTED BY THE PARTIES**

Defendant Washington Group International, Inc. ("WGI") respectfully submits this Reply in Support of Defendants'[1] Objections to Certain Testimony in the Deposition Designations Submitted by the Parties.

### Lee Guillory

In the parties' designations for Volume 1 of the deposition of Lee Guillory, WGI objected to certain of Plaintiffs' designations on attorney-client privilege grounds. The testimony at issue involves questions posed by Plaintiffs' counsel, and Mr. Guillory's answers thereto, regarding privileged communications between WGI's in-house counsel and its employees. *See* Designations of Guillory (Vol. 1) at 56. Plaintiffs first attempted to discover this privileged information at the deposition of Stephen Roe, WGI's Program Manager for the TERC at the outset of Task Order 26. WGI objected to Plaintiffs' questions on privilege grounds during Mr.

---

[1] In their Response, Plaintiffs erroneously refer only to "Defendant, the United States [*sic*] objections to certain testimony in the deposition designations submitted by the parties." Plaintiffs' Response at 1. In fact, the objections interposed to the designations in question were made on behalf of both the United States and WGI.

Roe's deposition, and raised the same objection to the Plaintiffs' attempt to designate that portion of Roe's deposition testimony, as well as to the similar questions they posed to Mr. Guillory.

In their Response, Plaintiffs incorrectly claim that WGI's objection should be overruled because "the Court has already admitted the underlying evidence," *i.e.*, Roe's testimony regarding the privileged communications. In fact, in its September 4, 2012, Order and Reasons, this Court **sustained** WGI's objection to Plaintiffs' attempt to designate that portion of Mr. Roe's testimony. *See* Order and Reasons (Sept. 4, 2012) at 4 (Doc. 21020). WGI's corresponding objection in the Guillory designations concerns the same testimony, and should likewise be sustained.

### Jack Huerkamp (Sewerage and Water Board 30(b)(6) designee)

Defendants also interposed hearsay and relevance objections to certain testimony Plaintiffs designated from the Rule 30(b)(6) deposition of Jack Huerkamp of the Sewerage and Water Board of New Orleans ("SWB"). Plaintiffs opposed each of Defendants' objections on the same grounds, namely that the testimony in question was (1) not hearsay because Mr. Huerkamp testified as a 30(b)(6) witness for the SWB; and (2) relevant because it shows that "Station 19 remained operational and generating power during the storms and sending power to Station 5," since the testimony of William Villavasso, the operator at Pump Station 5 was "ambiguous relative to time." Plaintiffs' Response at 3-5. Plaintiffs are incorrect on both counts.

First, the statements to which the Defendants have objected are textbook hearsay. In them, Mr. Huerkamp describes statements made to him by other SWB employees that relate to weather conditions and other issues unrelated to the operation of the SWB's pump stations during Hurricane Katrina. For example, Mr. Huerkamp testifies that Mr. Villavasso told him that during the storm "he heard a loud boom, he saw a barge hit the wall and the wall cave in, and at that

time, he told me, he says, he figured he was finished because he can't swim." Parties' Deposition Designations for John R. Huerkamp at 15.  Elsewhere Mr. Huerkamp testifies that during the storm Phil Joyce, the operator at Station 19, "didn't feel it was safe enough . . . to open the door because the wind would have just slammed it shut on him" but that Joyce was able to "notic[e] the water spilling over the floodwall on the north side of the station." *Id*. at 20.  Mr. Huerkamp's status as the SWB's 30(b)(6) designee cannot overcome the fact that these out-of-court statements are not admissible evidence.  As Plaintiffs themselves acknowledge, Mr. Huerkamp's testimony regarding statements made to him by other SWB employees during the course of his investigation is not hearsay only insofar as it "comprise[s] . . . conversations with others ***concerning pump stations' operations***."  Plaintiffs' Response at 3-5 (emphasis added).  None of the testimony to which Defendants have objected relates to the operations of the SWB's pump stations.  It is therefore outside the purview of Rule 30(b)(6).

    Second, and contrary to Plaintiffs' representations, the testimony to which Defendants have objected has no relevance to the time at which the power to Pump Station 5 was cut.  Indeed, *nowhere* in Mr. Huerkamp's deposition designations does he testify that Pump Station 19 was able to provide power to Pump Station 5 during Hurricane Katrina, nor does he provide any information regarding the time that power to Station 5 was shut down.[2]  Moreover, as this Court is already aware, there exists "hard, concrete written evidence" that the power to Pump Station 5 was shut off at 6:10 a.m. on the morning of August 29:  the SWB's Central Control Center logs clearly indicate that power to Pump Station 5 was terminated at precisely that time.  *In re Katrina Canal Breaches Consol. Litig. (Pertains to: BARGE)*, 2011 WL

---

[2] In fact, Mr. Huerkamp expressly states that Mr. Villavasso "did not tell me when they physically shut down."  Designations of J. Huerkamp at 17.

1792542, *12 (E.D. La. Jan. 20, 2011); *accord* DX-02603-0004 (SWB Central Control Logs) (attached as Exhibit A).

   For the foregoing reasons, Defendants respectfully request that the court sustain their objections to certain testimony in the parties' deposition designations.

Dated: September 17, 2012          Respectfully submitted,

                */s/Heather S. Lonian*
                William D. Treeby, 12901
                James C. Gulotta, Jr., 6594
                Heather S. Lonian, 29956
                  Of
                STONE PIGMAN WALTHER WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana  70130
                Telephone:  (504) 581-3200
                Facsimile:   (504) 581-3361

                and

                Adrian Wager-Zito
                Debra S. Clayman
                Christopher R. Farrell
                JONES DAY
                51 Louisiana Avenue, N.W.
                Washington, D.C. 20001-2113
                Telephone:  (202) 879-3939
                Facsimile:  (202) 626-1700

                *Attorneys for Washington Group*
                *International, Inc*.

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply in Support of Defendants' Objections to Certain Testimony in the Deposition Designations Submitted by the Parties has been served upon the Court and counsel for the parties via hand-delivery this 17th day of September, 2012. Notice of this filing will be sent by e-mail to all counsel of record

*/s/Heather S. Lonian*
Heather S. Lonian

1104343v1