UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                              CIVIL ACTION
CONSOLIDATED LITIGATION
NO. 05-4182

PERTAINS TO: *Armstrong*, C.A. No. 10-866                       SECTION "K"(2)

## ORDER AND REASONS

Before the Court are the following motions:

    (1) Motion to Exclude Testimony and Opinions of Scott Taylor filed by Washington Group International, Inc. ("WGI") (Doc. 20819);

    (2) Motion to Exclude Testimony and Opinions of Dr. Robert Bea filed by WGI (Doc. 20822); and

    (3) Defendant United States' Motion to Exclude the Expert Testimony or Robert Glenn Bea (Doc. 20823).

These *Daubert* motions are predominantly based on attacks concerning the underlying facts upon which each opinion was based. That approach is not contemplated under a *Daubert* challenge. "[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002)." *General Electric Capital Business Asset funding Corp. v. S.A.S.E. Military Ltd.,* 2004 WL 5495590, *4 (W.D. Tex. Oct. 21, 2004). As further discussed in *General Electric Capital Business:*

> Courts should not [be] lured by arguments disguised as *Daubert* challenges that actually attack the weight of the expert testimony, not its admissibility. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hartley*, 310 F.3d at 1061 (*quoting Bonner v. ISP Tech., Inc.,* 259 F.3d 924, 929-30 (8th Cir. 2001) (internal citations and quotations omitted). Therefore, challenges to the factual bases or underpinnings of an expert opinion usually go only to weight and credibility of the evidence, not admissibility. *Moss v. Ole South Real Estate, Inc.*, 993 F.2d

>   1300, 1307 (5th Cri. 1991);  *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).

*Id.* at *5.

As Judge Barbier noted in *Thompson v. Rowan Companies, Inc.*, 2007 WL 724646 (E.D.La. March 6, 2007):

> . . . that purpose of [a] *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas city Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 1113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).  Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where the a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)." *Daubert* requires a binary choice- admit or exclude- and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corps.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

*Thompson*, at *1.

The case at bar is a bench trial.   Thus, the primary objectives of *Daubert* are no longer implicated.  Furthermore, "'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.' *Daubert*, 509 U.S. at 596." *Deville v. Comar marine Corp.*, 2009 WL 1870896 (E.D.La. June 25, 2009).  Based on the foregoing,

**IT IS ORDERED** that:

(1) Motion to Exclude Testimony and Opinions of Scott Taylor filed by Washington Group International, Inc. ("WGI") (Doc. 20819);

(2) Motion to Exclude Testimony and Opinions of Dr. Robert Bea filed by WGI (Doc. 20822); and

(3) Defendant United States' Motion to Exclude the Expert Testimony or Robert Glenn Bea (Doc. 20823)

are **DENIED**.

New Orleans, Louisiana, this 20th day of September, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**