UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br> <br> PERTAINS TO: C. Abadie, 06-5164 <br> <br> This pleading applies only to the claim of <br> Wendell Youngblood regarding 11120 Idlewood <br> Court, New Orleans, LA 70128 <br> * * * * * * * * * * * * * * * * * * * * * * * * * | * CIVIL ACTION NO.: 05-4182 <br> * <br> * SECTION "K" <br> * <br> * Judge Stanwood R. Duval, Jr. <br> * <br> * MAGISTRATE (2) <br> * Magistrate Joseph C. Wilkinson, Jr. <br> * |

**MEMORANDUM IN SUPPORT MOTION FOR DISCHARGE**

**MAY IT PLEASE THE COURT:**

Lexington Insurance Company, in support of its Motion for Discharge, respectfully sets forth the following:

**I. BACKGROUND**

Lexington reached a settlement agreement with Wendell Youngblood in connection with property damage related to Hurricane Katrina. Lexington asserts that since the settlement was reached it has tried to disperse the funds associated with that settlement but has been unable to do so due owing to its inability to identify and vet the interests of the various claimants to the settlement funds. Upon information and belief, Lexington has identified the following persons and entities as potential claimants to the settlement funds;

- Wendell Youngblood, Insured;

- State of Louisiana, Division of Administration, Office of Community Development, Louisiana Recovery Authority (hereinafter "Road Home"), Administrators of the Road

Home Program, a program for victims of Hurricanes Katrina and/or Rita, which, on information and belief, is an instrument of the Louisiana Division of Administration for the State of Louisiana;

- The Law Office of Joseph M. Bruno, APLC, a Louisiana entity with its principal place of business in Louisiana;

- Countrywide Home Loans, Inc.; and

- U.S. Bank c/o Firststar Home Mortgage.

This Honorable Court has granted Lexington's MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT (R. Doc. 20385). The disputed funds have been placed into the registry of the court and all known claimants of these funds have either waived service or have been served in this interpleader action (R. Doc. 20825). Both U.S. Bank and Countrywide have been notified of the settlement funds and have informed the undersigned that they do not have an interest in the funds that are held in the Court's registry. Lexington has voluntarily discharged U.S. Bank and Countrywide from the interpleader action. Lexington now moves this court to discharge Lexington from further liability.

## II. LAW AND ARGUMENT

Under 28 U.S.C. § 1335, "district courts shall have original jurisdiction of any civil action of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more." 28 U.S.C. § 1335(a). Courts require a single, identifiable fund to bring a statutory interpleader. Wausau Ins. Co. v. Gifford, 954 F.2d 1098, 1100 (5th Cir. 1992)(citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). In addition, Section 1335 requires that 1) two or more adverse claimants have diversity of citizenship, and 2) the plaintiff has deposited the fund into the court registry. 28 U.S.C. § 1335(a).

2

The voluntary dismissal of U.S. Bank and Countrywide leaves only Louisiana claimaints and thus the statutory requirements to maintain an interpleader action are no longer met. This development is laregely academic as the goal of an interpleader action is to devine the rightful claimants to a stake and that goal has now been accomplished. Upon information and belief based on Lexington's diligence and documents previously provided to Lexington by Youngblood's counsel and the Road Home program, the only claimants to the disputed funds are the insured, Road Home, and counsel for the insured; all of which are parties to this suit.

On further information and belief, the allocation of funds between these parties has been established and thus all that remains to be done to bring this matter to conclusion is to discharge Lexington from any further liability, dismiss it from this matter, and have the remaining parties move this court for disbursement of the funds in the Court's registry.

### III. CONCLUSION

There is no longer any controversy in the underlying matter, all claimants have been identified, and their allocation of the funds held in the Court's registry has been set through amicable agreement between those claimants.

For the foregoing reasons, Lexington moves to be discharged from any further obligations associated with this matter and be released from all liability and responsibility in connection with the funds so deposited. Lexington should be dismissed from this matter.

Respectfully submitted;

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (# 12063)
JOHN E.W. BAAY II (# 22928)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:     (504) 561-0400

                         Facsimile:    (504) 561-1011
                              E-mail: rsiegel@glllaw.com
                                          ewalton@glllaw.com
                        *Counsel for Lexington Insurance Company*

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 25th day of September, 2012.

| | |
|---|---|
| Joseph M. Bruno, Esq. | Dan Rees |
| Melissa DeBarbieris, Esq. | Kristen Parnell |
| **LAW OFFICE OF JOSEPH M. BRUNO, APLC** | Office of Community Development, DRU |
| 855 Baronne Street | 150 Third Street, Second Floor |
| New Orleans, Louisiana 70113 | Baton Rouge, Louisiana 70801 |
| **ATTORNEYS FOR PLAINTIFF,** | **ATTORNEYS FOR LOUISIANA OFFICE** |
| **WENDELL YOUNGBLOOD** | **OF COMMUNITY DEVELOPMENT, DRU** |

                                          */s/ Robert I. Siegel*
                                          ROBERT I. SIEGEL