UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION NO.: 05-4182<br>*<br>* SECTION "K" |
| PERTAINS TO: C. Abadie, 06-5164 | *<br>* Judge Stanwood R. Duval, Jr. |
| This pleading applies only to the claim of Hosea Galmon regarding 4721 Francisco Verret Drive, New Orleans, Louisiana 70126 | *<br>* MAGISTRATE (2)<br>* Magistrate Joseph C. Wilkinson, Jr. |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

**EX PARTE MOTION FOR LIMITED REOPENING OF CASE FOR THE PURPOSE OF FILING A MOTION FOR LEAVE TO FILE CROSSCLAIM IN INTERPLEADER AND A MOTION FOR LEAVE TO DEPOSIT <u>FUNDS INTO THE REGISTRY OF THE COURT</u>**

**MAY IT PLEASE THE COURT:**

This motion and accompanying supporting filings pertain only to the claims of Hosea Galmon. The parties to this suit have reached a settlement agreement. There are no issues of material fact related to the original suit before this court. The parties attempted to perfect the settlement, however, several issues have developed that have precluded Lexington from disbursing the funds. Lexington now reasonably believes that there are at least three stakeholders that may have an interest in the settlement proceeds: the insured, counsel for insured, and The State of Louisiana Road Home Program. Lexington is a mere disinterested stakeholder who wishes to disburse settlement funds in accordance with the settlement agreement with Galmon. It would be improper for Lexington to unilaterally dictate the amount to disburse between the suspected stakeholders. Such an action would almost certainly result in

additional litigation alleging that Lexington acted to the detriment of a stakeholder. This Court may determine which stakeholders have a valid interest in the settlement funds in question. Lexington believes that the Court's assistance in bringing this matter to a full and final conclusion is in the interests of judicial efficiency. Lexington's position is more fully set forth in the companion motions for leave to file a crossclaim in interpleader and leave to deposit funds into the registry of the court.

**WHEREFORE**, Lexington prays that this court reopen this matter for the limited purpose of considering Lexington's Motion for Leave to File Crossclaim in Interpleader and Motion For Leave To Deposit Funds Into Registry of The Court.

Respectfully submitted;

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (# 12063)
JOHN E.W. BAAY II (# 22928)
ERIC C. WALTON (#29471)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:     (504) 561-0400
Facsimile:     (504) 561-1011
E-mail: rsiegel@glllaw.com
            ewalton@glllaw.com
*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 25th day of September, 2012.

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL