UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| | * | SECTION "K" |
| PERTAINS TO: C. Abadie, 06-5164 | * | |
| | * | Judge Stanwood R. Duval, Jr. |
| This pleading applies only to the claim of Hosea Galmon regarding 4721 Francisco Verret Drive, New Orleans, Louisiana 70126 | * | |
| | * | MAGISTRATE (2) |
| | * | Magistrate Joseph C. Wilkinson, Jr. |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT**

**NOW INTO COURT,** through the undersigned counsel, comes Lexington Insurance Company (hereinafter "Lexington"), and in support of its Motion for Leave to Deposit Funds Into the Registry of the Court, respectfully sets forth the following:

1.

Fed. R. Civ. P. 67 allows a party, on notice to every other party and with leave of the Court, to deposit all or part of the money at issue into the registry of the Court.

2.

Lexington is merely a disinterested stakeholder in settlement funds payable pursuant to a settlement agreement by and among Galmon and Lexington in connection with a cause of action entitled *In Re: Katrina Canal Breaches Consolidated Litigation,* Docket No. 05-4182, pertains to *C. Abadie,* No. 06-5164, United States District Court for the Eastern District of Louisiana, which sought, *inter alia*, coverage under the Lexington policy for damages due to Hurricane Katrina to

property insured by Lexington (the "Underlying Litigation"). Specifically, Lexington is ready, willing, and able to make payment totaling in excess of $500.00 (hereinafter the "Proceeds").

3.

The Law Office of Joseph M. Bruno, APLC, and more specifically Joseph M. Bruno, Esq., was the attorney of record for Hosea Galmon and, on information and belief, has a contractual and statutory interest in proceeds from this suit.

4.

Upon information and belief, Galmon executed a partial Assignment of Insurance Proceeds in connection with a Road Home grant prior to settlement with Lexington.

5.

By reason of the foregoing, Lexington is unable to determine who is the proper payee for the Proceeds and is, or may be, exposed to multiple liability if it were to act unilaterally at the exclusion of one or more of the claimants.

6.

A companion filing asserting Lexington's Crossclaim for Interpleader has been filed in hopes that the proper payees can be determined and Lexington can satisfy its contractual and statutory obligation(s) regarding the Proceeds at issue. Deposit of the Proceeds the Registry of this Honorable Court is in the interest of judicial efficiency.

Respectfully submitted;

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (# 12063)
JOHN E.W. BAAY II (# 22928)
ERIC C. WALTON (#29471)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:     (504) 561-0400
Facsimile:     (504) 561-1011
E-mail: rsiegel@glllaw.com
            ewalton@glllaw.com
*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 25th day of September, 2012.

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL

3