# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES     *   CIVIL ACTION NO.: 05-4182
CONSOLIDATED LITIGATION           *
                                  *   SECTION "K"
PERTAINS TO: C. Abadie, 06-5164   *
                                  *   Judge Stanwood R. Duval, Jr.
This pleading applies only to the claim of Janice   *
Morgan and Andre Morgan regarding 2248 Leon   *   MAGISTRATE (2)
C. Simon, New Orleans, LA 70122   *   Magistrate Joseph C. Wilkinson, Jr.
* * * * * * * * * * * * * * * * * * * * * * * * *   *

## CROSSCLAIM IN INTERPLEADER

NOW INTO COURT, through the undersigned counsel, comes Lexington Insurance Company (hereinafter "Lexington"), who submits Crossclaim in Interpleader under 28 U.S.C.A. § 1335, 28 U.S.C.A. § 1397, and 28 U.S.C.A. § 2361.

1.

Crossclaim plaintiff Lexington is a surplus lines insurer and is a Delaware corporation with its principal place of business in Boston, Massachusetts.

2.

This is a Hurricane Katrina claim. Lexington Insurance Company and defendant, Janice Morgan, have reached a settlement agreement that disposes of the claim alleged in the original petition. On information and belief: Morgan has had foreclosure actions against the insured property and is represented by counsel.

3.

Pursuant to Fed. R. Civ. P. 22, named defendants herein are:

1. Janice Morgan and Andre Morgan ,who, upon information and belief are persons residing in the state of Louisiana;

2. The Law Office of Joseph M. Bruno, APLC, a Louisiana entity with its principal place of business in Louisiana;

3. Ocwen Loan Servicing, successor in interest to Aegis Mortgage Company, on information and belief Ocwen is an entity with its principal office in Atlanta, Georgia; and

4. State of Louisiana, Division of Administration, Office of Community Development, Louisiana Recovery Authority (hereinafter "Road Home"), Administrators of the Road Home Program, a program for victims of Hurricanes Katrina and/or Rita, which, on information and belief, is an instrument of the Louisiana Division of Administration for the State of Louisiana.

4.

Two or more adverse claimants in this action are of diverse citizenship, and the amount in controversy exceeds $500.00 as more fully appears below.  This Court has jurisdiction of this cause and venue is proper in this district and division.

5.

Janice Morgan and Andre Morgan entered into a contract for homeowners insurance with Lexington Insurance Company to provide coverage against certain perils for the property located at 2248 Leon C. Simon, New Orleans, Louisiana 70117 including ancillary structures.

6.

On or about August 29, 2005, Hurricane Katrina caused damage to Southeastern Louisiana and more specifically the property located at 2248 Leon C. Simon, New Orleans, Louisiana 70117.

7.

Upon notification of the effects of Hurricane Katrina on the subject property, Lexington opened a claims file and began the process of adjusting the loss to determine what damage, if any, was attributable to a peril that was covered under the Lexington Policy No. LE0549136 03 (the "Lexington Policy").

8.

During the adjustment of the loss, a series of inspections were conducted by independent adjusters retained by Lexington determined that a certain amount of damage to the subject property was attributable to perils covered under the Lexington Policy.

9.

On information and believe, Aegis Mortgage Company ("Aegis") held a mortgage on the subject property. On information and belief, Aegis filed for Chapter 11 bankruptcy in 2007. Ocwen Loan Servicing is Aegis' successor in interest and foreclosed on the property. On information and belief, Ocwen Loan Servicing is a claimant to the settlement proceeds.

10.

The Law Offices of Joseph M. Bruno, APLC, and more specifically Joseph M. Bruno, Esq., is the attorney of record for Janice Morgan and Andre Morgan and, on information and belief, has a contractual and statutory interest in proceeds from this suit.

11.

Janice Morgan and Andre Morgan have entered into an agreement with the State of Louisiana's Road Home program and on information and belief, the State of Louisiana is a stakeholder to the settlement proceeds.

12.

Lexington files this interpleader action to ensure that it makes the correct payments to the proper persons/entities. In light of the conflicting or potentially conflicting claims of the defendants with respect to the proceeds represented by the proceeds, Lexington is or may be subject to multiple liability and to a multiplicity of suits.

13.

As a result of the multiple and conflicting potential interests to the Proceeds contained in this action, Lexington is in doubt and cannot safely determine as among the interests to the Proceeds, without great hazard to itself, and Lexington does not know to which it should correctly pay the Proceeds.

14.

Unless the several defendants are restrained or enjoined from prosecuting suits against Lexington either directly or indirectly and from any effort to collect from Lexington any judgments rendered in any such suits, Lexington may be subjected to multiple or vexatious interests in the Proceeds, inconsistent judgments, and will be prejudiced, and subjected to numerous suits, the outcome of which will not be properly determinative of the manner in which the Proceeds should be apportioned among the several defendants.  This matter therefore falls within the purview of 28 U.S.C.A. § 2361.

15.

Lexington is merely a disinterested stakeholder in this action inasmuch as it claims no interest in the Proceeds, and admits that the Proceeds are due and owing to someone.  Lexington is prepared to make payment of the Proceeds to whichever defendant or defendants this Honorable Court shall designate as the proper payee(s).  However, to facilitate the prompt tender of funds to the appropriate parties and pursuant to Fed. R. Civ. P. 67, Lexington desires to deposit the Proceeds into the Registry of this Honorable Court as more fully explained in the companion Motion for Leave to Deposit Funds into the Registry of the Court.

16.

Lexington requests leave of court and, by notice of this Action in Interpleader to the defendants, hereby notifies each party of Lexington's intention to deposit the aforementioned Proceeds into the Registry of this Honorable Court as more fully plead in the companion filing.

17.

Lexington desires to be released from and relieved of all liability and responsibility in connection with the Proceeds so deposited.

WHEREFORE, Lexington prays as follows:

1.    That Lexington be granted leave of court to deposit into the Registry of this Honorable Court the Proceeds represented by the Settlement Checks, totaling in excess of $500.00;

2.    That on Lexington's deposit of the Proceeds into the Registry of this Honorable Court, Lexington will be discharged from any liability in this action;

3.    That Lexington be released from and relieved of all liability and responsibility in connection with the funds so deposited;

4.   That Defendants be cited and served in accordance with law and be impleaded and required to assert their respective claims contradictorily against all other parties claiming adversely, and that after all due proceedings are had herein, there be judgment distributing the funds so deposited as the interest of the parties may appear, and decreeing that the funds so deposited are in full compliance with the obligations of Lexington, and releasing Lexington from any liability with regard to the Proceeds;

5.   That, pursuant to 28 U.S.C.A. § 2361, the Defendants be restrained or enjoined from prosecuting suits against Lexington either directly or indirectly, and from any effort to collect from Lexington any judgments rendered in any such suits;

6.   That Lexington be released from and relieved of any and all liability or responsibility for costs herein, and that all costs of this proceeding be assessed against the Proceeds deposited into the Registry of this Honorable Court; and

7.   That there be judgment in favor of Lexington granting all general and equitable relief.

Respectfully submitted;

/s/ Robert I. Siegel
JOHN E.W. BAAY II (#22928)
ROBERT I. SIEGEL (#12063)
ERIC C. WALTON (#29471)
Gieger, Laborde & Laperouse, LLC
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
E-mail: rsiegel@glllaw.com
        ewalton@glllaw.com
Counsel for Lexington Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 25th day of September, 2012.

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL