UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 |
| PERTAINS TO:  MRGO | * * * * * * | SECTION "K" (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## JOINT APPENDIX TO FINAL MASTER TRIAL EXHIBIT LIST

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, the United States and Washington Group International, Inc. ("WGI"), and respectfully submit the following Joint Appendix to Final Master Trial Exhibit List.

## I.       CATEGORIES OF EXHIBITS

Every exhibit on the Final Master Trial Exhibit List (filed simultaneously herewith)("the Exhibit List") has been assigned to one of three categories:  Joint, Defendant, or Plaintiff.

### A.       Joint Exhibits

Prior to the trial, each Party prepared its own preliminary exhibit lists consisting of every exhibit that the Party contemplated using at trial for any purpose.  Pursuant to the Court's July 26 Minute Entry (Rec. Doc. 20927), the Parties then conferred for the purpose of preparing the final Exhibit List to be submitted to the Court.  As an initial step, the Parties identified those exhibits that appeared on all of the Parties' preliminary lists.  These exhibits were listed as Joint Exhibits, which were designated with a "JX"-prefix.  The designation of Joint

Exhibits was intended to avoid duplication on the Exhibit List by preventing the Defendants and Plaintiffs from giving the same document two distinct exhibit numbers.

In designating these exhibits as Joint Exhibits, the Parties were not seeking to move these exhibits into evidence, and reserved the right to object to the admission of all or part of any JX-Exhibit.  In its July 26, 2012 Minute Entry, the Court stated that it "shall not deem any deposition or exhibit to be submitted by consent merely because it is within a joint submission. The Court will permit any objections to be lodged" in the manner set forth in its Minute Entry. (Rec. Doc. 20927 at p. 5)

**B.**   **Party Exhibits**

The Defendants' Exhibits are designated with the "DX"-prefix. The Plaintiffs' Exhibits are designated with the "PX"-prefix.  These exhibits are those which were on the respective Party's preliminary list (or either the US' or WGI's list, in the case of the Defendants), but not on the list of the opposing Party.  Although the opposing Party did not list that exhibit, it does not necessarily object to its admission unless explicitly noted.  For example, the Defendants have no objection to the admission of PX-0052, although they did not include that exhibit on their preliminary exhibit lists.

As with the case of JX-exhibits, even though one party may have listed an exhibit on its preliminary exhibit list, it is not necessarily seeking to move that exhibit into evidence. For example, a party may have listed a complete deposition transcript as an exhibit in anticipation that portions of the transcript would be used to cross-examine a witness, but is not seeking to move the entire transcript into evidence.

Furthermore, the Parties wish to advise the Court that the issue of whether a given exhibit was "admitted" at trial is, unfortunately, a contested issue between the Parties.  For example, although one or more Parties may contend that certain exhibits were "admitted" on a

- 2 -

certain date, the opposing Party may not believe that the referenced transcript and/or record citations support the admission of the exhibit in question.

      **C.**    **DX-2260**

      In an e-mail dated January 8, 2013, the Court made an inquiry regarding exhibit DX-2260. DX-2260 appears to be the combination of two exhibits (JX-1238 and PX-1341) that were listed separately and have been moved into evidence without objection. The original basis for objection was that the exhibit was a combination of two separate documents created at two different times. Because the Defendants did use this exhibit during the examination of a witness, they have withdrawn their objection, as noted on page 132 of the Exhibit List. DX-2260 is now listed in the "Admitted" category of exhibits.

      **1.**    **Deposition Designations**

      Although the Parties did collaborate in good faith to avoid duplication on the Exhibit List, the Parties' deposition designations are separate as exhibits on the Exhibit List for certain witnesses solely because the summary descriptions of that designated testimony were not agreed upon. The designated testimony was agreed upon, and is the same in each exhibit. Specifically, the designations of the following witnesses' depositions are listed as exhibits for Plaintiffs and Defendants: Greishaber Vol. I (DX-02662; PX-4674); Grieshaber Vol. II (DX-2663; PX-4675); Veigel (DX-2664; PX-4676); O'Connor (DX-2665; PX-4681); Bacuta (DX-2666; PX-4682); Villavaso (DX-2667; PX-4683); Smith (DX-2668; PX-4684); Montegut (DX-2669; PX-4685); Varuso (DX-2670; PX-4686); Pinner (DX-2671; PX-4687); Baumy (DX-2672; PX-4688); and Clouatre (DX-2673; PX-4689). Both versions of each witness' designations contain the same testimony, but the exhibits themselves are not identical because the DX-exhibits contain the Defendants' deposition summaries, while the PX-versions do not.

D.     **Demonstratives**

The Demonstratives the Defendants seek to move into evidence are identified on pages 235 through 240.   The Demonstratives Plaintiffs offer are identified on pages 241 through 242.   Plaintiffs object to <u>all</u> demonstratives being admitted as evidence, including those presented and listed by Plaintiffs.  Plaintiffs maintain that the slides presented at trial are/were simply "demonstrative" of some underlying documentary evidence, physical evidence or testimony.  As such they serve only to illustrate a point for the benefit of the Court.

Plaintiffs are mindful that in the instant case an already complex litigation is made even more complex due to the voluminous record.  Plaintiffs agree that submitting a complete set of the demonstratives would be beneficial to understanding and reviewing much of the testimony presented at trial, provided that each slide was in fact published to the Court and was not excluded via a successful objection.  For this reason Plaintiffs agree to listing the Demonstratives so the Court, and all subsequently placed in a position of reviewing this record, would have the benefit of better understanding the testimony elicited from the witnesses.  For these reasons, Plaintiffs' find themselves in the unique position of objecting to the admission into evidence of <u>all</u> Demonstratives, including those listed by Plaintiffs' yet finding it necessary to include them on this Master List of Exhibits.

In response, Defendants note that several demonstratives were moved into evidence at trial with no objection and some demonstratives were admitted.  The admission of demonstratives will greatly assist the Court in its review of the expert testimony.  To the extent that either Defendant objects to the admission of a specific demonstrative or any portion thereof, the objection is noted in the Defendants' respective "response" column in Plaintiffs' Chart.

- 4 -

## II.    CATEGORIES OF OBJECTIONS

### A.    Exhibits to Which There Are No Objection

The Exhibits which one or more Parties sought to move into evidence and to which no other Party objected are identified on pages 1 through 228 of the Exhibit List. These exhibits were accepted into evidence at the outset of trial.

### B.    Category 2 ("Hearsay/Portions Admissible") Objections

Category 2 exhibits are those that one Party seeks to move into evidence, but to which the Party Opponent(s) objects on the basis that all or portions of the exhibit are inadmissible hearsay. None of these exhibits were accepted into evidence at the outset of trial; instead, the offering Party was required to move the exhibit into evidence.

It was Plaintiffs' understanding that a Category 2 objection, once asserted on the pre-trial exhibit list, did not have to be re-asserted at trial. Thus, even if one of the Defendants sought to move a given exhibit into evidence at trial, and Plaintiffs' counsel indicated at the time that s/he had no objection, Plaintiffs' Category 2 objection would still be preserved by virtue of being on the list. The Defendants did not share this understanding, and contend that a Category 2 objection that was explicitly waived on the record at trial by any party is deemed to have been waived for the purposes of the Exhibit List.

### 1.    Defendants' Category 2 Charts

The exhibits that Defendants seek to move into evidence, but to which Plaintiffs make Category 2 objections are identified on pages 228 through 230 of the Exhibit List. There is a column for the description of the exhibit and relevant Bates Nos. The specific pages of a given exhibit that Plaintiffs seek to move into evidence are listed in the "Pages Moved for Admission" column.

1117538v.1

Plaintiffs' objection to a given exhibit is set forth in the "Plaintiffs' Objection" column, and the Defendants' response is set forth in the "Defendants' Objection" column.  If, for example, Defendants contend that a given exhibit was used or admitted during trial, they refer the Court to the page of the transcript or the docket number of the relevant minute entry.

### 1.      Plaintiffs' Category 2 Chart

The exhibits that Plaintiffs seek to move into evidence, but to which one or both of the Defendants make Category 2 objections are identified on pages 231 through 234 of the Exhibit List.  There is a column for the description of the exhibit and relevant Bates numbers. The layout of the Plaintiffs' chart is substantively similar to the one prepared by Defendants.

Each Defendant's objection to a given exhibit is set forth in its respective column. Many of the documents that were objected to before trial on Category 2 grounds were not used at trial, and therefore do not appear on the Exhibit List.

For those exhibits to which one or more Defendant is preserving its Category 2 objection, the nature and/or basis of the objection is set forth in the Party's respective column. Plaintiffs' response, if any, to Defendants' objection is set forth in the "Pls.' Response" column. For example, if Plaintiffs contend that a certain exhibit was previously admitted, they state "Admitted at [Transcript citation]".[1]

### 2.      Preserved Objections

In response to Plaintiffs' efforts to admit certain summary evidence, WGI responds, "Objection:  Improper Summary (Objection overruled 10/1/12)."  WGI notes that its objections, more fully set forth in its Motion to Exclude Evidence Regarding Plaintiffs' Notice of Intent to Introduce Summary Evidence (Rec. Doc. 20996) and supporting memoranda and on the

---

[1]      As noted above, Defendants do not believe that the transcript and/or record citations referred to by Plaintiffs support the admission of many of the exhibits in question.

record at trial, were overruled by the Court.  WGI is not asking the Court to issue any further rulings on its objections, but is merely preserving them for the record on any appeal.

Similarly, Plaintiffs seek to preserve their objections to certain damages-related evidence.  They note that their objections were overruled at trial, and are not asking the Court to re-visit those rulings.  They are merely preserving them for the record on any appeal.

### 3.   Record Corrections to Plaintiffs' Chart

Plaintiffs seek to address the following instances in which exhibits were misidentified either on prior exhibit lists or on the record at trial.

1.   PX-4674 was misidentified as JX-1647.

2.   PX-4681 was misidentified as JX-1648.

3.   PX-4687 was misidentified as JX-1668.

4.   PX-4686 was misidentified as JX-1669.

5.   PX-4688 was misidentified as JX-1670.

6.   JX-1710 was misidentified as JX-1709.

7.   PX-4676 was misidentified as PX-4646.

8.   PX-4682 was misidentified as PX-4684.

9.   PX-4684 was misidentified as PX-4648.

10.   PX-4752 was misidentified as "State of Louisiana in globo".

**WHEREFORE**, Plaintiffs, Washington Group International, Inc., and the United

States respectfully submit this Joint Appendix to Final Master Trial Exhibit List.

Dated:  February 15, 2013

Respectfully submitted,

/s/Robin D. Smith
Robin D. Smith
Senior Trial Counsel
Torts Branch, Civil Division
United States Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)

Attorney for the United States

/s/Heather S. Lonian
William D. Treeby, 12901
James C. Gulotta, Jr., 6590
Heather S. Lonian, 29956
   Of
STONE   PIGMAN   WALTHER   WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361

and

/s/Joseph M. Bruno
Joseph M. Bruno, 3604
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana  70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

Plaintiffs' Liaison Counsel

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3891
Facsimile:  (202) 626-1700

Attorneys for Washington Group
International, Inc., a division of URS
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Joint Appendix to Final

Master Trial Exhibit List has been served upon all counsel of record by electronic notice via the

Court's CM/ECF system this 15th day of February, 2013.

/s/Heather S. Lonian

1117538v.1