## STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
WWW.STONEPIGMAN.COM

WILLIAM D. TREEBY
DIRECT DIAL: (504) 593-0807
DIRECT FAX: (504) 596-0807
E-Mail: wtreeby@stonepigman.com

OUR FILE NUMBER

62,272

October 25, 2011

**VIA E-MAIL**

Joseph M. Bruno, Esq.
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113

Re:   **In re: Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 (Pertains to Armstrong, C.A. No. 10-866)**

Dear Joe:

      This responds to your letter of October 25, 2011 with respect to the pump tests being conducted as part of the soils investigation in the captioned case. While we disagree with some of the matters of fact in your letter, let me address first the premise that you raise regarding "referring ... Daubert [issues]" to the scheduled trial on the merits. We do not agree that this would be appropriate in this case, given the significant role that expert testimony will play in determining causation issues. As an aside, we will also want to preserve our right to address damage issues at a Daubert hearing on the dates set by the Court. Given the schedule in this case, with which we agree, the deadlines for the soils investigation work should not be moved, because to do so would cause disruption of all of the remaining deadlines for reports, and for discovery depositions.

      Only two pump tests have actually been completed at this time, not three. Both of these completed tests were at sites selected by Plaintiffs, one at each of the Plaintiffs' sites. As you know, plaintiffs experts selected pump test sites (outside of the EBIA) that were thought to be less than ideal by the defendants' experts. The sites selected by defendants' experts, within the EBIA, were sites that the plaintiffs' experts thought were not ideal. The SOP recognized that the plaintiffs' test sites were the primary responsibility of the plaintiffs' experts and that the defendants' test sites were the primary responsibility of the defendants' experts.

      The defendants' experts allowed the plaintiffs' experts to conduct their pumping tests, and test well development, in ways that the defendants' experts thought were inappropriate or unnecessary, in recognition of the fact that those test sites were the primary responsibility of the plaintiffs' experts. Contrary to your letter, second paragraph, the plaintiffs' tests did not conform to the SOP. Rather, defendants' experts, while recognizing this lack of conformity and expressing reservations about the potential for over-development of the plaintiffs' test wells, allowed the plaintiffs' experts' tests to proceed. Similarly, the plaintiffs' experts, yesterday



EXHIBIT D

1073710v.1

2
October 25, 2011

morning, expressed objections and reservations to defendants' experts about defendants' experts pump tests, but indicated that "Plaintiff Experts will not prevent Defense Experts from performing" their tests. This possibility of objection and reservation, while allowing tests to proceed was in fact contemplated in the SOP. Certainly the defendants' experts believe that our two test wells have been properly developed, and that the test results obtained will be reliable.

While it would have been ideal to have full agreement on every aspect of the joint soils investigation work, that has not happened, as you well know. Very early on this necessitated a hearing with Magistrate Wilkinson and Judge Duval in which it was determined that the plaintiffs would not participate in the vast majority of the testing work that has been accomplished, and as a result the plaintiffs did not pay for the vast majority of the testing work that has been accomplished. However, on the issues related to the pumping tests, even though the experts have had objections and disagreements with approaches taken, the parties did agree to participate and pay a fair share of the costs of those tests. We appreciate the continued cooperation of your experts as our team presses to start and complete our pump testing program in the remaining time allowed by Judge Duval's order.

With kind regards,

Sincerely,

*William D. Treeby*

William D. Treeby

WDT/jpb

Cc:   Robin D. Smith

# Treeby, William D.

| | |
|---|---|
| **From:** | francisco silvatulla <silvatulla@verizon.net> |
| **Sent:** | Tuesday, October 25, 2011 8:20 PM |
| **To:** | Treeby, William D.; Gulotta, James C.; 'Christopher Thatch' |
| **Cc:** | mark.worthington@underground-energy.com |
| **Subject:** | [FS#297320] FW: S. EBIA Pump Test |

FYI,

I do not have concerns.

F.

---

**From:** Kevin Pope [mailto:kpope@reliable-env.com]
**Sent:** Tuesday, 25 October, 2011 9:15 PM
**To:** 'Rune Storesund'; 'Rogers, David'; tstark32@gmail.com; 'Mark Worthington'
**Cc:** 'Thomas Sims'; Allen@geocomp.com; silva@alum.mit.edu
**Subject:** S. EBIA Pump Test

After looking at the hydrographs that came out just a few minutes ago I think we are good to go on another pump test on S. EBIA. Just talked to Fugro and they are short staff tomorrow so the earliest we can go is Thursday. If anyone has any concerns please voice them know. If not we will start Thursday morning.

Kevin Pope

**Reliable Environmental Services & Technology**
Enviropump
The Remediation Shop

1448 W. Kramer Ridge Rd.
Reedley, CA 93654

**Toll Free Phone:** 877-794-1789
**Phone Number:** 559-637-9898
**Toll Free Fax:** 866-203-2191

**Email:** Kpope@reliable-env.com
**Websites:** www.reliable-env.com  www.enviropump.com  www.remediationshop.com  www.isocsales.com

1