U.S. Department of Justice

Civil Division,

Torts Branch

Federal Tort

Claims Act Staff

---

Robin Doyle Smith

Senior Trial Counsel

P.O. Box 888, Benjamin Franklin Station
Washington, DC   20044
Tel.: (202) 616-4289    Fax: (202) 616-5200
robin.doyle.smith@usdoj.gov

PJP:JT:RDSmith
157-0-272

October 26, 2011

VIA EMAIL

Joseph M. Bruno, Esq
Bruno & Bruno.
855 Baronne Street
New Orleans, LA 70113

    Re:   *In re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182

Dear Joe:

    I am writing in response to your letter sent electronically yesterday, which followed your telephone call to Bill Treeby and me Monday.  In your letter, as in your phone call, you suggested that we seek an enlargement of time for field testing.  I remain of the opinion, as I informed you Monday, that the field-testing cut-off cannot be put off without affecting our trial date next July.  I cannot agree at this time with your suggestion that we dispense with a *Daubert* hearing at the conclusion of discovery.  Although the need for such a hearing cannot be finally ascertained until after we receive your experts' reports, it is already apparent that proof of causation depends on the efficacy of  your experts' opinions.  Given the centrality of those opinions and the many questionable decisions that your experts have made during the course of the field-sampling and testing program, I anticipate that a *Daubert* hearing will be needed in advance of trial.


EXHIBIT E

Letter to Joseph M. Bruno, Esq.
July 10, 2013
Page 2

      Your assertion that we are at an impasse is incorrect. Fugro is preparing to begin pumping tests at the North- and South-Breach sites based on our experts' conclusion that those wells are fully developed. Although your experts disagree, their disagreement is no more of an impediment to proceeding than was our experts' disagreement with the procedures that your experts employed for the pumping tests at the sites they selected. Indeed, the Standard Operating Procedures (SOP) acknowledged that each party's "experts will have primary responsibility for design of field activities at sites" selected by that party, "in consultation and agreement
with" the other party's experts. Contrary to your letter's assertion, none of the pumping tests conducted at the plaintiffs' sites conformed to the SOP. We believe our pumping tests will conform to the SOP. These disagreements will undoubtedly provide fodder for the experts as they prepare their reports, but they certainly do not require a modification of the pretrial schedule.

                                                Very truly yours,

                                                s/s Robin D. Smith

                                                Robin D. Smith
                                                Senior Trial Counsel
                                                U.S. Department of Justice