# IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION
## (USDC, E.D. La. No. 05-4182 "K")

PLAINTIFFS' LIAISON
COUNSEL,
JOSEPH M. BRUNO

LEVEE SUBGROUP
LITIGATION COMMITTEE
Gerald E. Meunier,
Liaison
Daniel E. Becnel, Jr.
Joseph M. Bruno
Walter C. Dumas
Darleen M. Jacobs
Hugh P. Lambert

MRGO SUBGROUP
LITIGATION COMMITTEE
James. P. Roy, Liaison
John B. Andry
Joseph M. Bruno
Clay H. Mitchell
Pierce O'Donnell

INSURANCE SUBGROUP
LITIGATION COMMITTEE
Calvin C. Fayard, Jr.,
Liaison
Joseph M. Bruno
John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier

LITIGATION
COORDINATOR
J. Robert Warren, II

855 BARONNE STREET
NEW ORLEANS, LA. 70113
(504) 525-1335
(504) 561-6775 FACSMILE

October 25, 2011

**VIA ELECTRONIC MAIL**
Robin Smith- robin.doyle.smith@usdoj.gov
Bill Treeby- wtreeby@stonepigman.com

RE:  *In Re Katrina Canal Breach Consolidated Litigation;*
*Case No.: 05-4182*

Dear Robin and Bill:

As you know, the pump tests were selected by the parties in order to measure the in situ permeabilities at the EBIA site. Before any pump tests were initiated, the experts for the parties met and agreed upon a standard operating protocol ("SOP") for the completion of the pump tests. The protocol set forth certain "well development" criteria that must be satisfied before a pump test could begin (unless all of the parties' experts agreed to a variance of the criteria). The agreed-upon SOP is attached to this letter.

To date, three pump tests at sites selected by Plaintiffs have been completed and all have conformed with the SOP. However, in preparing to conduct pump tests at the two test sites selected by Defendants, a disagreement has arisen among the experts as to whether the wells have been properly developed. It is our understanding that the representing parties' experts acknowledge that the SOP criteria for well development have not been satisfied, and the only issue is whether further well development should be completed before the pump tests begin. As a result of the experts' disagreement, we understand that you plan to proceed with the pump tests over the objections of Plaintiffs' experts.

Plaintiffs believe that proceeding with the pump tests at the defense sites at this point in time will result in a significant disagreement among the parties expert's regarding the reliability of test results. This is exactly the type of disagreement that we think the Court hoped to avoid when it ordered the parties to work together to develop a joint test program.

Plaintiffs believe that this impasse between the parties can be resolved by an extension of the deadline for completing the field work (which is currently November 3, 2011). We believe that his can be accomplished without moving the trial date by referring the Daubert Motion for a Trial on the Mertis.

Very truly yours, I remain

Sincerely,

Joseph M. Bruno

**EXHIBIT**
**C**

**Treeby, William D.**

**To:**     Treeby, William D.
**Subject:** Rune's approval to go ahead

**From:** Rune Storesund [mailto:rune@storesundconsulting.com]
**Sent:** Monday, 24 October, 2011 1:11 AM
**To:** 'Marr, Allen'; silva@alum.mit.edu; kpope@reliable-env.com; mark.worthington@underground-energy.com; mmayo@sdmgis.com; phil@morrisonengineers.com; bea@ce.berkeley.edu; rogersda@mst.edu; tbrandon@vt.edu; tstark32@gmail.com; TNaymik@Geosyntec.com; Rune Storesund
**Subject:** RE: Defense pump tests

Hello Allen and Francisco,

Plaintiffs received two tables today from Defense Experts that summarize the timeline of well development and slug testing.  Per our previous teleconference discussions, Plaintiff Experts were also awaiting (not included in the email today) a proposed discussion by Defense Experts of recommended exemptions (and rationale) from the Pump Test SOPs, as the majority of current well-development results are not in compliance with the Pump Test SOPs.  Plaintiff Experts have significant reservations as to the adequacy (per Pump Test SOPs) of the well development at many wells.  Plaintiff Experts are aware of the schedule constraints for field testing, and would be in full support of a joint time extension request to allow additional well development and thereby ensure greater compliance with the Pump Test SOPs.  Should Defense Experts opt to proceed with commencing pump tests at the EBIA-NB and EBIA-S sites, Plaintiff Experts will not prevent Defense Experts from performing the test, but we do note our objection and significant reservations associated with the lack of well-development.

Plaintiff Experts, in conjunction with the Pump Test Committee, previously approved SOP Amendment No. 1 (attached) to incorporate the Constant Head Drawdown test into the Pump Test SOPs.  We approve Defense Experts to utilize the Constant Head Drawdown test at their sites in accordance with Amendment No. 1.

Rune

William D. Treeby (A Professional Corporation)
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Direct Dial (504) 593-0807
Direct Fax (504) 596-0807
e-mail <wtreeby@stonepigman.com>

10/25/2011

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication. The sender's name and other information in this e-mail are for information purposes only and are not electronic signatures.

10/25/2011