U.S. Department of Justice

*Torts Branch*

*Civil Division,*

*Federal Tort*

*Claims Act Staff*

---

Robin Doyle Smith

Senior Trial Counsel

P.O. Box 888, Benjamin Franklin Station
Washington, DC   20044
Tel.: (202) 616-4289    Fax: (202) 616-5200
robin.doyle.smith@usdoj.gov

PJP:JT:RDSmith
157-0-272

October 26, 2011

<u>VIA EMAIL</u>

Joseph M. Bruno, Esq
Bruno & Bruno.
855 Baronne Street
New Orleans, LA 70113

      Re:    *In re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182

Dear Joe:

     I am writing in response to your letter sent electronically yesterday, which followed your telephone call to Bill Treeby and me Monday.   In your letter, as in your phone call, you suggested that we seek an enlargement of time for field testing.   I remain of the opinion, as I informed you Monday, that the field-testing cut-off cannot be put off without affecting our trial date next July.   I cannot agree at this time with your suggestion that we dispense with a *Daubert* hearing at the conclusion of discovery.   Although the need for such a hearing cannot be finally ascertained until after we receive your experts' reports, it is already apparent that proof of causation depends on the efficacy of   your experts' opinions.   Given the centrality of those opinions and the many questionable decisions that your experts have made during the course of the field-sampling and testing program, I anticipate that a *Daubert* hearing will be needed in advance of trial.



Letter to Joseph M. Bruno, Esq.
July 10, 2013
Page 2


      Your assertion that we are at an impasse is incorrect.   Fugro is preparing to begin
pumping tests at the North- and South-Breach sites based on our experts' conclusion that those
wells are fully developed.   Although your experts disagree, their disagreement is no more of
an impediment to proceeding than was our experts' disagreement with the procedures that your
experts employed for the pumping tests at the sites they selected.   Indeed, the Standard
Operating Procedures (SOP) acknowledged that each party's "experts will have primary
responsibility for design of field activities at sites" selected by that party, "in consultation and
agreement
with" the other party's experts.   Contrary to your letter's assertion, none of the pumping tests
conducted at the plaintiffs' sites conformed to the SOP.   We believe our pumping tests will
conform to the SOP.   These disagreements will undoubtedly provide fodder for the experts as
they prepare their reports, but they certainly do not require a modification of the pretrial
schedule.

                                        Very truly yours,

                                        s/s Robin D. Smith

                                        Robin D. Smith
                                        Senior Trial Counsel
                                        U.S. Department of Justice