UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>* |
| PERTAINS TO: ARMSTRONG,<br>C.A. NO. 10-866 | * SECTION "K" (2)<br>*<br>* JUDGE DUVAL<br>*<br>* MAGISTRATE JUDGE WILKINSON |

**REPLY MEMORANDUM IN RESPONSE TO SUR-REPLY OF
PLAINTIFFS TO MOTION OF THE UNITED STATES AND WASHINGTON GROUP
INTERNATIONAL, INC. TO COMPEL PLAINTIFFS TO PAY THEIR OWN COSTS**

The Sur-Reply Memorandum (Rec. Doc. 21192) by plaintiffs in opposition to the Motion to Compel requires a brief response. Plaintiffs' desperate arguments regarding jurisdiction and standing have been responded to previously and Defendants' responses to those arguments will not be repeated. These arguments are dependent on a notion that Plaintiffs' had a right to unilaterally terminate the four-party contract entered into in good faith to comply with the Court's order on March 17, 2011, an order that provides a basis for the Court's jurisdiction.

However, the notion that in June 2011 "Plaintiffs successfully argued **and the Court then directed** that costs for any testing be borne by the party requesting such testing and any other party requesting access to test results" (p. 5 of Plaintiffs' Sur-Reply) is simply untrue. The Joint Motion To Set Status Conference to Address Cost Sharing And Data Sharing Issues (Rec. Doc. 20268) attached as Exhibit A to this Reply sets the record straight in that regard. The highlighted sections in Exhibit A will refresh Plaintiffs' recollection.

1. The Joint Motion (Exhibit A) was jointly confected pursuant to direction from the Court to set "forth the nature of the dispute between the parties and to set forth the parties' respective positions" (p. 1 of Exhibit A);

2. Plaintiffs took the position "that they should not be required to pay for borings and/or laboratory work that they do not believe is necessary to the work of their experts, **but they do contend that all parties should be granted immediate access to the results of every test, regardless of whether or not that party paid for that individual test**" (p. 2, Exhibit A), and "**dispute Defendants' suggestion that the contemporaneous sharing of test data should be conditioned up[on] the equal division of test costs**" (p. 3, Exhibit A);

3. WGI and the United States position was set forth on pp. 4-6 of Exhibit A, suggesting that the fairest and most reasonable option was to share costs on all the tests, one-third to each party, but alternatively that "no party should receive immediate access to the results for tests for which it is unwilling to pay" (p. 5, Exhibit A) and "**each party should be allowed to designate those tests for which it will pay its equal share, and that each party should be permitted immediate access only to those tests for which it did pay its equal share.**" (p. 6, Exhibit A); and,

4. At the status conference scheduled on June 9, 2011 at 2:30 p.m., the Court described general principles by which it would be guided in deciding the controversy if that became necessary. The principles described by the Court generally were consistent with Defendants' alternative proposal described above. The minute entry from that status conference stated as follows: "If counsel are unable to reach an agreement, appropriate motions may be filed, noticed for submission before me." [JOSEPH C. WILKINSON, JR., UNITED STATES MAGISTRATE JUDGE] (Rec. Doc. 20273, attached as Exhibit B).

5. On the next day, counsel for Plaintiffs, Frank Dudenhefer, Elwood Stevens, Tom Simms and Andy Owen arranged a conference call with Defendants in which Elwood Stevens represented that the plaintiffs had decided that they were only willing to pay for the tests they wanted, and were willing to forego immediate access to any other tests. They also agreed to share in whatever "start up" costs were necessary to get the tests up and running. (See Exhibit C, Affidavit of James C. Gulotta)

It was thereafter that the four-party contract with Fugro Consulting was confected, wherein the parties jointly agreed what would be paid for Fugro's services. There was no provision for piecemeal termination of the contract. Plaintiffs committed to pay for their share of **all pumping tests field work and test results, including at the sites selected by Defendants.**

Now Plaintiffs argue that Fugro failed to mitigate its damages by not (on October 24/25/2011) demobilizing all its work including the pump tests contracted for by them and by Defendants. Plaintiffs make this illogical argument despite the fact that Plaintiffs' field tests were

- 3 -

still ongoing and incomplete, and that there was significant laboratory work left to be done after the November 3, 2011 court-imposed deadline for completion of field work.  Plaintiffs had unfettered access to the ftp site with pumping test data, observed the pumping tests, and were provided with Fugro's draft and final report including that data, contemporaneously with Defendants.  (Exhibit B to Rec. Doc. 21191, 25 Oct 2011, 14:41:55 email from Francisco Silvatulla to all parties, including plaintiffs' counsel and experts)

Plaintiffs should be compelled to pay their contracted-for costs, contracted between and among all the parties pursuant to the Court's directive to confer and agree upon a third party contractor and to establish a joint sampling and boring protocol.  Surely this Court has the jurisdiction and authority to enforce its own orders.

Dated:  July 16, 2013

Respectfully submitted,

*/s/    William D. Treeby*
William D. Treeby, La. Bar No. 12901
James C. Gulotta, Jr., La. Bar No. 6590
Heather S. Lonian, La. Bar No. 29956
Maggie A. Broussard, La. Bar No. 33033
   Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:   (504) 581-3361

1132466v.1

        Adrian Wager-Zito
        Debra S. Clayman
        JONES DAY
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001-2113
        Telephone:  (202) 879-3891
        Facsimile:  (202) 626-1700

*Attorneys for Washington Group International, Inc., a division of URS Corporation*

and

*/s/ Robin Doyle Smith*
ROBIN DOYLE SMITH
Senior Trial Counsel
Torts Branch, Civil Division
United States Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)

*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that the Reply Memorandum in Support of the Motion of United States and Washington Group International, Inc. to Compel Plaintiffs to Pay Their Own Costs, has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 16h day of July, 2013.

        */s/ William D. Treeby*