UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION * * NO. 05-4182 * |
| PERTAINS TO: ARMSTRONG, C.A. NO. 10-866 | * SECTION "K" (2) * * JUDGE DUVAL * MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### AFFIDAVIT OF JAMES C. GULOTTA, JR.

**PARISH OF ORLEANS**

**STATE OF LOUISIANA**

Before me, the undersigned authority, qualified in and for the Parish of Orleans, State of Louisiana personally came and appeared:

**JAMES C. GULOTTA, JR.**

who, upon being sworn, did depose and say:

1. With reference to the statement made by counsel for plaintiffs at the top of page 5 (Section III) of the Sur-Reply Memorandum Opposing the Motion of the United States and Washington Group International, Inc. to Compel Plaintiffs to Pay Their Own Costs, plaintiffs' statement is in error.

2. The following quoted statement appearing in plaintiffs' sur-reply contains the substance of plaintiffs' error:

> "The Plaintiffs successfully argued and the Court then directed that costs for any testing be borne by the party requesting such testing and any other party requesting access to the test results."

1132489v.1

- 2 -

3. As explained at the top of page 3 in defendants' opening Memorandum in Support of the Motion to Compel Plaintiffs to Pay Their Own Costs, plaintiffs' desire not to pay a full one-third share of all boring, sampling, and testing costs created an issue among the parties. When the Court was informed of the disagreement, it scheduled a conference on June 9, 2011, presided over by both Judge Duval and Magistrate Judge Wilkinson. Affiant personally participated in the conference for WGI.

4. In preparation for the conference, the Court required the parties to submit a <u>joint</u> statement of their respective positions.

5. It was emphatically <u>not</u> plaintiffs' position that, if they chose not to pay for certain testing procedures, they would be willing to forego immediate access to data for those tests. To the contrary, as reflected in the Joint Motion to Set Status Conference (Rec. Doc. 20268) submitted by the parties in preparation for the June 9, 2011 conference, it was plaintiffs' position that they did not have to contribute equally to the cost of all tests, but that nonetheless they should be entitled to immediate access to all data of all tests, whether they contributed to the cost of them or not.

6. It was rather the alternative suggestion of WGI and the United States, in an effort to resolve the controversy, that if plaintiffs were allowed to participate in fewer than all of the tests requested by all parties, plaintiffs' immediate access to data should be limited to those tests to which they contributed their equal share of the costs.

7. The June 9, 2011 conference was held, at which Magistrate Judge Wilkinson, in particular, expressed certain principles by which the Court likely would be guided, if the parties could not agree. In general, the principles expressed by Magistrate Judge Wilkinson were consistent with defendants' alternative suggestion. No substantive judgment or

1132489v.1

order was issued at or arising out of the conference. The Court directed the parties to confer again in light of the Court's expressed guidelines.

8. The next day, June 10, 2011, counsel for the parties did indeed confer. Affiant participated personally in the conference call with counsel for plaintiffs and counsel for the United States.

9. Plaintiffs' counsel began the June 10, 2011 conference call by announcing that plaintiffs would agree to a formula under which they would only seek immediate access to data for those tests to which they agreed to contribute their equal share of the costs. Counsel for defendants accepted plaintiffs' concession to defendants' alternative proposal. The agreement in principle reached on June 10, 2011 formed the basis of the four-party written contract entered by the parties and Fugro June 20, 2011.

10. The Court never issued a substantive ruling on the issue and plaintiffs certainly in no way ever "successfully argued" to the Court in favor of the cost-sharing and data-sharing agreement that ultimately was reached.

_____
JAMES C. GULOTTA, JR.

Sworn to and subscribed before me this _____ day of July, 2013.

_____
NOTARY PUBLIC

William D. Treeby
State of Louisiana - Bar No. 12901
My commission is issued for life