MINUTE ENTRY
WILKINSON, M. J.
JULY 17, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES                    CIVIL ACTION
        CONSOLIDATED LITIGATION
                                                 NO. 05-4182 "K" (2)

PERTAINS TO:   MRGO                                JUDGE DUVAL
                Armstrong C.A. No. 10-866              MAG. WILKINSON

**HEARING AND ORDER ON MOTION**

APPEARANCES:   Joseph M. Bruno, representing the Armstrong plaintiffs; James C. Gulotta, Jr., and William D. Treeby, representing defendant Washington Group International, Inc.; Robin Smith (via telephone), representing defendant United States of America

MOTION:   Motion of the United States and Washington Group International, Inc. to Compel Plaintiffs to Pay Their Own Costs, Record Doc. No. 21187

O R D E R E D:

 XXX : DENIED.  Defendants seek an order that the court "enforce its own judgment," Record Doc. No. 21187 at p. 1, which provided for "each party to bear its/his/her own costs."  Record Doc. No. 21173.  The court's judgment in this regard was nothing more than the typical allocation of taxable <u>costs</u> contemplated by Fed. R. Civ. P. 54(d)(1).

        Three related concepts should be distinguished before undertaking an analysis of Rule 54(d)—these are costs, fees, and expenses.  "Costs" refers to those charges that one party has incurred and is permitted to have reimbursed by the opposing party as part of the judgment in the action.  Although "costs" has an everyday meaning synonymous with "expenses," the

MJSTAR:  0 : 23

concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant. Typically costs are allowed in favor of the winning party against the losing party to provide at least partial indemnification of the expenses incurred in establishing the claim or defense. Under the American system, costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.

"Fees" are those amounts paid to the court or one of its officers for particular charges that typically are delineated by statute. Most commonly these include such items as docket fees, clerk's and marshal's charges, and witness' fees. In most instances an award of costs will include reimbursement for the fees paid by the party in whose favor the cost award is made.

"Expenses," of course, include all the expenditures actually made by a litigant in connection with the action. Both fees and costs are expenses but by no means constitute all of them. For example, absent a special statute or an exceptional exercise of judicial discretion, items such as attorney's fees, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs. These expenses must be borne by the litigants.

10 C. Wright, A. Miller, M. Kane, Federal Practice & Procedure: Civil 3d § 2666 at 202-04 (West 1998) (emphasis added).

Thus, the "costs" referred to in the court's judgment are the costs ordinarily taxed in a judgment as enumerated in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." Mota v. Univ. of Tex., 261 F.3d 512, 529 (5th Cir. 2001) (citing Crawford

Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987); Denny v. Westfield State Coll., 880 F.2d 1465, 1467-69 (1st Cir. 1989)); accord Gagnon v. United Technisource, Inc., 607 F.3d 1036, 1045 (5th Cir. 2010). Contractual authorization in this context means the contract at issue in the litigation upon which the litigants' claims and defenses are based.

Section 1920 does not include the kind of taxable costs defendants seek to compel plaintiffs to pay under the authority of the court's judgment. Rather, the amounts sought are expenses. In this instance, they are expenses subject to a written contract that the parties entered with Fugro Consultants, Inc. ("Fugro"), the non-party independent contractor to whom the subject $30,861.80 is allegedly owed by plaintiffs. Fugro was not a "court appointed expert[]" of the type referred to in Section 1920. The court's order of March 27, 2011, Record Doc. No. 20200, upon which movants also rely, was a case management order for the purposes contemplated by Fed. R. Civ. P. 16(a)(3) and (c)(2)(D), (L) and (P). The order did not alter the statutory definition of taxable costs under Rule 54(d)(1) or Section 1920. It was not the court's appointment of an expert whose "compensation" might then have become a taxable cost under Section 1920. Instead, as defendants concede, it was the parties themselves who selected and then privately contracted in writing with Fugro. Record Doc. No. 21187-1 at pp. 2-3.

In short, this motion does not present a question of judgment enforcement. Instead, it raises an alleged breach of contract, separate and apart from the claims resolved in the court's judgment, not between the parties to this lawsuit and not addressing anything included in this court's judgment, but between the parties and a non-party to this suit. Any dispute among the parties to that contract about who owes what for what work performed should be resolved as provided in that contract, Record Doc. No. 21187-2, including specifically but certainly not limited to the clause entitled "General Conditions for Technical Services," ¶ 12 at p. 14 of 19, just as the parties who signed that contract clearly contemplated and not under the guise of judgment enforcement.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

3