## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| **IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * **CIVIL ACTION** |
|  | * **NO. 05-4182** |
|  | * **(AND CONSOLIDATED CASES)** |
| **PERTAINS TO:  MRGO** | * **SECTION "K" (2)** |

\*
\*
\*
\*
\*
\*
\*

**IN RE:  KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION**

**PERTAINS TO:  MRGO**

FILED IN:  05-4181, 05-4182, 05-4191, 05-5237, 05-
6069, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359,
06-0020, 06-0225, 06-0886, 06-1885, **06-2152**, 06-
2278, 06-2287, 06-2824,  06-4024, 06-4065, **06-4066**,
06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-
5159, 06-5161, 06-5162, 06-5260, 06-5308, 06-5771,
06-5785, 06-5786, 06-5937, 06-8708, 06-9151, 07-
0206, **07-0621**, 07-1073, 07-1113, 07-1271, 07-1285,
07-1286, 07-1349, **07-3173**, 07-3500, 07-4386, 07-
4391, 07-4392, 07-4550, 07-4555, 07-4562, 07-4837,
**07-4906**, **07-4914**, 07-4943, 07-4945, 07-4953, 07-
4965, 07-4969, 07-4976, 07-4979, 07-4995, 07-5007,
07-5011, 07-5012, 07-5013, 07-5016, 07-5020, 07-
5021, **07-5022**, 07-5040, 07-5067, **07-5074**, **07-5096**,
**07-5128**, **07-5174**, 07-5254, 07-5286, 07-5327, 07-
5339, 07-5343, 07-5344, 07-5347, 07-5350, 07-5355,
07-5356, 07-5366, 07-5375, 07-5397, 08-1151
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CIVIL ACTION**

**NO. 05-4182**
**(AND CONSOLIDATED CASES)**

**SECTION "K" (2)**

**JUDGE DUVAL**

**MAGISTRATE WILKINSON**

## WASHINGTON GROUP INTERNATIONAL, INC.'S
## REPLY TO OPPOSITIONS TO MOTION FOR SUMMARY JUDGMENT

        Three memoranda in opposition to Washington Group International, Inc.'s (WGI)

Motion for Summary Judgment were timely filed.  All three oppositions insist that none of the

plaintiffs in those class action complaints have made claims against WGI.  While we agree that

no claims have been asserted against WGI by these plaintiffs, this position ignores the potential

implications of the Court-ordered master complaints consolidating all of the class actions filed in

this Court.  In fact the eleven (11) Complaints with case numbers referenced in these oppositions include one case that clearly did name WGI as a defendant.[1]  WGI is filing this Reply out of an abundance of caution to address the proposition that these complaints were subsumed in the MRGO Master Complaint, and if they were, to secure their dismissal against WGI.

These eleven cases[2] were all filed as class actions.  The arguments made, which are common to all three oppositions are:  (1) none of the cases named WGI as a defendant;[3] (2) two of the cases were previously dismissed (with or without prejudice);[4] and, (3) the cases as originally filed involve maritime claims against the United States only.[5]  None of these arguments challenge WGI's motion on the merits.[6]  These arguments should not preclude immediate summary judgment for the reasons iterated below.

1. **Since All Of The Cases Were Filed As Class Actions They Were Amended and Superseded By the Court-Ordered Master MRGO Class Complaint.**

All eleven cases referenced in the Memoranda opposing WGI's summary judgment were filed as class actions.  Ten of the eleven did not originally name WGI as a

---

[1]   Two of the opposing memoranda cite the same case -- namely Case No. 06-4066 is referenced both in Doc. No. 21208 filed by attorney Camilo Salas (who is not an attorney listed in that case number's docket) and in Doc. No. 21210 filed by attorney Albert J. Rebennack.

[2]   The case numbers implicated by the oppositions are 06-2152; 06-4066; 07-621; 07-3173; 07-4906; 07-4914; 07-5022; 07-5074; 07-5096; 07-5128; and, 07-5174.

[3]   In fact, case number 07-3173 referenced in the opposition filed by Mr. Becnel (Doc. No. 21209) did name WGI as a defendant, contrary to counsel's assertion in his opposition.

[4]   Case numbers 06-2152 and 06-4066, addressed below in Section 2.

[5]   This assertion in Doc. No. 21209 is facially incorrect at least as to Case No. 07-3173.

[6]   Each of the Oppositions mentions the Court's orders stating:  "No further motion practice shall occur in any other matter **concerning FTCA or AEA claims against the United States** until the stay is lifted upon the resolution of the immunity issues . . . in the Master Complaints, Barge and *Robinson*".  Understandably, plaintiffs do not urge that WGI's motion for summary judgment should be denied on the grounds of the stay.  In any case the stay, as to claims against the United States, was lifted by the resolution of the immunity claims.  There was no stay as to claims against WGI.

1134437v1

defendant.[7]  However, pursuant to this Court's case management order number 4 (CMO 4) (Doc. No. 3299) Plaintiffs' Liaison Counsel was required to file "Master Consolidated Class Action Complaints", and these Complaints were to "supersede and replace all previously filed class action complaints."  (CMO 4, p. 13)  Although some of the Complaints referenced in the oppositions here were filed later in 2007, all of them were subject to CMO 4 and all of them were filed before the final Amended MR-GO Master Consolidated Class Action Complaint filed on February 28, 2008 (Doc. No. 11471) pursuant to this Court's order entered on January 30, 2008 (Doc. No. 10984, p. 45).  The resulting Amended MR-GO Master Consolidated Class Action Complaint provided that it "incorporate[d] **all parties** to class action proceedings consolidated or cumulated before this Court, including those named in any and all subsequently filed class actions…." (Doc. No. 11471, p. 2, *emphasis supplied*.)  Because of the amending and superseding nature of the Court-ordered master complaint for the MRGO cases, WGI believes it should consider that it was a named defendant in all of the cases referenced in the oppositions before the Court, since the effect of the Master Complaint was to consolidate all of the parties, for administrative purposes, and to include WGI as a defendant in those class action cases.

> **2.     The Two Cases Referenced As Previously Dismissed Were Only Dismissed With Prejudice as to Dredgers and Contractors, and Were Still Pending When Amended and Superseded by the MRGO Master Class Action Complaint.**

Case numbers 06-2152 (also known as *Reed*) and 06-4066 (also known as *Ackerson*) were in fact dismissed with prejudice against the dredgers and contractors by this Court.[8]  The *Reed* Complaint against the United States was dismissed without prejudice as being

---

[7]   One of these cases did name WGI as defendant, *supra* fn. 3.

[8]   Case No. 05-4182, Doc. No. 3365 and Doc. No. 3366, March 1, 2007.

1134437v1

premature (06-2152).[9]   The United States was only a cross-defendant in *Ackerson* (06-4066). However, both cases were appealed and apparently remained pending against the United States as putative class actions.   While on appeal, both cases were de-consolidated from 05-4182 and ultimately transferred to Judge Carl Barbier,[10] implying that the dismissal had not resulted in a final dismissal.   The Court's decision dismissing *Reed* and *Ackerson* was affirmed by the United States Court of Appeals for the Fifth Circuit after the de-consolidation and transfer, and after the Amended MR-GO Master Consolidated Class Action Complaint was filed.[11]

Again, in Case No. 06-2152, the United States was a party defendant.   In Case No. 06-4066, the United States was a cross defendant.   Arguably both cases were amended and superseded by the Amended MR-GO Master Consolidated Class Action Complaint (Doc. No. 11471), thus naming WGI as defendant, since the de-consolidation order occurred **after** the filing of the superseding complaint.   If these two cases were not amended and superseded by the Amended MR-GO Master Consolidated Class Action Complaint (Doc. No. 11471), then WGI's Motion for Summary Judgment is moot as to these two cases.   To further complicate matters, Case No. 07-4914, addressed in the opposition filed by Mr. Rebennack (Doc. No. 21210) appears to have been filed on behalf of the same plaintiffs as Case No. 06-4066, but in this case naming the United States as defendant.[12]

**3.     The Maritime Jurisdictional Allegations in the Original Complaints Were Amended and Superseded By Additional Jurisdictional Allegations in the Amended MR-GO Master Consolidated Class Action Complaint.**

---

[9]   Case No. 05-4182, Doc. No. 3366, March 1, 2007.

[10]   Case No. 06-4066, Doc. No. 13, filed August 28, 2009; Case No. 06-2152, Doc. No. 31, filed August 28, 2009.

[11]   Case No. 05-4182, Doc. No. 19589 (*Ackerson*-06-4066) and Doc. No. 15590 (*Reed*-06-2152).

[12]   Of course this Complaint would have been amended and superseded by the subsequent master complaint (Doc. No. 11471).   Undersigned counsel has not attempted a name for name comparison of the plaintiffs, but a quick check of the first named plaintiffs indicates remarkable similarity between the names of those plaintiffs, although in different order.

1134437v1

One of these cases, No. 07-3173, contrary to counsel's representations, in fact named WGI and asserted various jurisdictional bases.  The remaining ten cases, subject to the Court's determination regarding 06-2152 and 06-4066, were amended and superseded by the final master complaint filed on February 28, 2008 (Doc. No. 11471).  The effect of this consolidated master complaint was to embrace all of the allegations in these cases, including their jurisdictional allegations, into one master complaint that governed this umbrella of cases. The purpose, obviously, for the Court-ordered master complaints was to aid efficiency and judicial economy.  It should be given that effect as to WGI.

## **CONCLUSION**

The purpose and effect of the Court's management of all of these cases was to aid efficiency for the parties and for the Court.  These plaintiffs have raised no reason, on the merits, to deny WGI's motion for summary judgment on the grounds sought because  there is no causal connection between these plaintiffs' damages and actions taken by WGI.

Perhaps these objecting plaintiffs have some arguments against dismissal of their claims against the United States, but WGI's Motion for Summary Judgment is for the purpose of dismissing these cases only as against WGI.  A judgment of dismissal of all of the listed cases as to Washington Group International, Inc. will not prejudice these plaintiffs in any way, and dismissal need not be delayed pending disposition of the motion to be filed by the United States as to these and many other cases.

We understand that the United States will file a separate motion to address the bases for claims against the United States that do not apply to WGI, but that provides no reason to deny or delay the granting of WGI's motion.  WGI is entitled to relief from all the captioned

1134437v1

claims that were consolidated before the Court as a result of the applicable case management orders and the Master Class Action Pleadings.

Dated:  August 7, 2013                                          Respectfully submitted,

/s/Heather S. Lonian
William D. Treeby, 12901
James C. Gulotta, Jr., 6590
Heather S. Lonian, 29956
Maggie A. Broussard, 33033
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:      (504) 581-3200
Facsimile:       (504) 581-3361

Adrian Wager-Zito
Debra S. Clayman
Christopher Thatch
Julia Cronin
**Jones Day**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:      (202) 879-3939
Facsimile:       (202) 626-1700

***Attorneys for Washington Group International, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply Memorandum has been served upon Liaison Counsel by hand and upon all counsel of record through the Court's CM/ECF electronic filing system this 7th day of August, 2013.

/s/William D. Treeby

- 6 -

1134437v1