# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182"K"(2) |
| | § | |
| | § | JUDGE DUVAL |
| Pertains to: LEVEE, MRGO | § | MAG. JUDGE WILKINSON |

Filed in: 05-4182; 06-2824; 06-5260; 06-5307; 06-5890; 06-8708;
07-0621; 07-1073; 07-1113; 07-1271; 07-1285; 07-2741; 07-2742;
07-3173; 07-4225; 07-4226; 07-4227; 07-4271; 07-4353; 07-4386;
07-4391; 07-4392; 07-4453; 07-4504; 07-4510; 07-4511; 07-4519;
07-4522; 07-4535; 07-4543; 07-4545; 07-4550; 07-4555; 07-4557;
07-4558; 07-4559; 07-4560; 07-4561; 07-4562; 07-4563; 07-4568;
07-4607; 07-4608; 07-4724; 07-4774; 07-4775; 07-4828; 07-4837;
07-4840; 07-4841; 07-4842; 07-4843; 07-4844; 07-4845; 07-4846;
07-4847; 07-4848; 07-4849; 07-4851; 07-4868; 07-4887; 07-4901;
07-4902; 07-4903; 07-4906; 07-4911; 07-4913; 07-4914; 07-4920;
07-4942; 07-4943; 07-4944; 07-4945; 07-4948; 07-4949; 07-4952;
07-4953; 07-4957; 07-4958; 07-4960; 07-4963; 07-4964; 07-4965;
07-4966; 07-4967; 07-4968; 07-4969; 07-4970; 07-4971; 07-4972;
07-4973; 07-4974; 07-4975; 07-4976; 07-4977; 07-4978; 07-4979;
07-4980; 07-4981; 07-4982; 07-4983; 07-4984; 07-4985; 07-4988;
07-4989; 07-4990; 07-4991; 07-4992; 07-4993; 07-4994; 07-4995;
07-4996; 07-4997; 07-4998; 07-5000; 07-5001; 07-5002; 07-5003;
07-5004; 07-5005; 07-5006; 07-5007; 07-5008; 07-5009; 07-5011;
07-5012; 07-5013; 07-5014; 07-5015; 07-5016; 07-5017; 07-5018;
07-5019; 07-5020; 07-5021; 07-5022; 07-5023; 07-5025; 07-5028;
07-5030; 07-5034; 07-5040; 07-5044; 07-5045; 07-5063; 07-5067;
07-5070; 07-5074; 07-5082; 07-5083; 07-5096; 07-5097; 07-5098;
07-5103; 07-5105; 07-5117; 07-5128; 07-5130; 07-5132; 07-5134;
07-5137; 07-5141; 07-5143; 07-5144; 07-5146; 07-5155; 07-5174;
07-5181; 07-5182; 07-5184; 07-5186; 07-5187; 07-5191; 07-5193;
07-5195; 07-5219; 07-5220; 07-5226; 07-5228; 07-5241; 07-5254;
07-5286; 07-5318; 07-5319; 07-5321; 07-5322; 07-5323; 07-5324;
07-5327; 07-5329; 07-5330; 07-5334; 07-5338; 07-5339; 07-5340;
07-5341; 07-5342; 07-5343; 07-5344; 07-5345; 07-5346; 07-5347;

07-5348; 07-5349; 07-5350; 07-5351; 07-5352; 07-5353; 07-5354;
07-5355; 07-5356; 07-5361; 07-5362; 07-5363; 07-5364; 07-5365;
07-5366; 07-5367; 07-5368; 07-5369; 07-5371; 07-5373; 07-5374;
07-5375; 07-5376; 07-5378; 07-5389; 07-5396; 07-5397; 07-5494;
07-5495; 08-0719; 08-1143; 08-1151; 08-1171; 08-1192; 08-1212;
08-1213; 08-1429; 08-4302; 09-5921; 10-077; 11-2062; 11-2159

_____

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiffs seek to recover for flood damage that occurred when federal levees and floodwalls failed during Hurricane Katrina. These failures were scattered across the New Orleans metropolitan area, and the specific source or sources of the flood waters that caused damage to each plaintiff varied, depending on where the damage occurred. To organize the litigation, therefore, the Court grouped the cases according to the particular breaches that released the flood waters that caused the damage in each case. Cases seeking recovery for flooding from outfall canals were denominated "LEVEE" cases. Cases seeking to recover for flooding from the Inner Harbor Navigation Canal ("IHNC") or the Mississippi River-Gulf Outlet ("MRGO") or both, were classified as "MRGO" cases (or "BARGE" if they alleged that a barge caused the IHNC breaches in the Lower Ninth Ward).

In a series of rulings by this Court and the Court of Appeals, it has been determined that all the claims asserted against the United States either are beyond this Court's jurisdiction or lack merit. While the United States continues to maintain that all Plaintiffs' claims are jurisdictionally barred by the immunity provisions of the Flood Control Act of 1928 ("FCA"), 33 U.S.C. §

702c, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a), the Court need not adopt this position in order to grant the motion. Recovery from the United States is precluded either by lack of jurisdiction or the lack of evidence to sustain Plaintiffs' claims on the merits. Accordingly, the Court should dismiss the claims that are beyond its jurisdiction and should enter a judgment in favor of the United States as to the remainder, if any.

## ARGUMENT

I. OUTFALL-CANAL-BREACH CLAIMS MUST BE DISMISSED BECAUSE THE CANALS WERE PART OF THE LPV AND THE CORPS' PERMITTING OF DREDGING WAS A DISCRETIONARY FUNCTION.

Plaintiffs have alleged that the outfall-canal breaches resulted from negligently designed, constructed, and maintained floodwalls and from negligently permitted canal dredging. These claims are barred by the Flood Control Act, which provides that "no liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place," 33 U.S.C. § 702c, and by the FTCA's discretionary-function exception, which excludes "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused," 28 U.S.C. § 2680(a).

In a comprehensive ruling on January 30, 2008, the Court concluded that the London Avenue, Orleans Avenue, and 17th Street canals were part of the Lake Pontchartrain, Louisiana and Vicinity Hurricane Protection Project ("LPV"). Doc. 10984, at 34. Consequently, § 702c provides immunity for all damage caused by flood waters emanating from these canals. *See id.* at 33-35.

The Court also concluded that the decision to permit dredging "was a policy judgment left to the Corps . . . and is protected by the discretionary function exception." *Id.* at 42.  The Court of Appeals affirmed these holdings.  *In re Katrina Canal Breaches Consol. Lit,* 696 F.3d 436, 448, 452 (5th Cir. 2012).  Accordingly, all pending outfall-canal claims must be dismissed for lack of subject-matter jurisdiction.

II.  MRGO CLAIMS MUST BE DISMISSED BECAUSE THE DESIGN, CONSTRUCTION, OPERATION, AND MAINTENANCE OF THE CHANNEL WERE DISCRETIONARY FUNCTIONS AND THE ALLEGED DAMAGE WAS CAUSED BY WATER THAT THE LPV WAS UNABLE TO CONTROL.

Plaintiffs have alleged that the MRGO caused overtopping and breaching of levees and floodwalls along the MRGO, the GIWW, and the IHNC.  These claims are barred by the Flood Control Act and by the FTCA's discretionary-function exception.  The FCA proscribes liability "for any damage from or by floods or flood waters."  33 U.S.C. § 702c.  Thus "immunity arises where damage is caused by flood waters emanating from a flood control project."  Doc. 10984, at 33.  It therefore arises here, for all of the alleged damage was caused by water that forced its way over and through LPV levees and floodwalls.  *See Central Green Co. v. United States,* 531 U.S. 425, 441 (2001) (§ 702c applies to "those waters that a federal project is unable to control").

The Court has also held that the MRGO's design and construction "are shielded by the discretionary function exception" because "there was no violation of any mandate and the decisions made were policy driven."  Doc. 18212, at 49; *accord* Doc. 19415, at 97 & n.52.  This ruling was affirmed by the Court of Appeals, and that court further held that the MRGO's operation

- 4 -

and maintenance were also shielded, because of "the public-policy character of the Corps' various decisions contributing to the delay in armoring" the channel. *In re Katrina Canal Breaches Consol. Lit.,* 696 F.3d at 450-51, 453 (2012).  The Court of Appeals also affirmed this Court's ruling that "the Corps was reasonable in relying on" various reports that studied the MRGO's effects on storm surge and therefore "had no duty to construct a storm surge barrier" to prevent storm surge from being funneled into the IHNC through the MRGO.  *Id.* at 453; *see also* Doc. 19415, at 87.  For these reasons, the pending MRGO claims must be dismissed for lack of subject-matter jurisdiction.

III.  EBIA CLAIMS MUST BE DISMISSED BECAUSE THE CORPS' MANAGEMENT OF THE SITE-CLEARING PROJECT WAS A DISCRETIONARY FUNCTION AND THE ALLEGED DAMAGE WAS CAUSED BY WATER THAT THE LPV WAS UNABLE TO CONTROL.

Plaintiffs have alleged that work performed in the East Bank Industrial Area caused breaching of the adjacent LPV levee and floodwall.  These claims are barred by the Flood Control Act and by the FTCA's discretionary-function exception.  The FCA proscribes them because the waters that caused the alleged damage were "flood waters emanating from a flood control project," Doc. 10984, at 33, *i.e.,* "waters that a federal project [wa]s unable to control," *Central Green,* 531 U.S. at 441 (quoting *James,* 478 U.S. at 608).  *Cf.* Doc. 809 (showing IHNC encompassed by LPV).  The discretionary-function exception shields the Corps' management of the project, which was carried out by a contractor.  "Supervision of a contractor's work, including the degree of oversight to exercise, is inherently a discretionary function." *Guile v. United States,* 422 F.3d 221, 231 (5th Cir. 2005) (citation omitted).  Moreover, the

extent to which the Corps augmented its contractor's efforts with analyses of its own was a matter of policy-based discretion.  The Corps' own assessments are protected by the discretionary-function exception because they were not mandated by any policy or regulation but were undertaken as a matter of preference and choice in order to accomplish the work most expeditiously.  Decisions about how to maintain the levee and floodwall are protected too.  *See Nat'l Union Fire Ins. v. United States,* 115 F.3d 1415, 1418-22 (9th Cir. 1997).

IV.  IF ANY EBIA CLAIMS ARE NOT DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION, SUMMARY JUDGMENT AS TO THEM SHOULD BE ENTERED FOR THE UNITED STATES BECAUSE THERE IS INSUFFICIENT EVIDENCE TO ESTABLISH THAT THE LOWER NINTH WARD BREACHES WERE CAUSED BY THE SITE-CLEARING PROJECT.

Following extensive discovery by some of America's foremost geotechnical experts, the Court received evidence at trial concerning the geotechnical characteristics of the EBIA and their implications for the work of the Corps contractor that cleared the site of obstructions and hazardous materials.  The evidence did not show that the contractor's work caused the breaches.  Doc. 21172.  The contractor, Washington Group International, has now reprised the evidence and shown, in support of its pending summary-judgment motion, that the site-clearing project did not cause the Lower Ninth Ward breaches.  Rather than reciting the evidence and marshaling it here yet again, the United States instead adopts WGI's submissions, Doc. 21186, in support of this motion.  Accordingly, and for the reasons set forth in the Court's opinion, any EBIA claims within this Court's jurisdiction lack merit, and the United States is entitled to a judgment of dismissal with prejudice.

V.  ADMIRALTY CLAIMS MUST BE DISMISSED BECAUSE DREDGING WAS A DISCRETIONARY FUNCTION AND THE ALLEGED DAMAGE WAS CAUSED BY FLOOD WATERS THAT THE LPV COULD NOT CONTROL.

Some plaintiffs have alleged that negligent dredging caused breaches, giving rise to admiralty jurisdiction.  This Court struck all admiralty claims against the United States, holding that the dredging claims in the master class-action complaints were not viable under the Admiralty Extension Act.  Doc. 7350, at 20.

The discretionary-function exception would bar these claims even if they did support admiralty jurisdiction, for the discretionary-function exception is implied in the Suits in Admiralty Act and the Admiralty Extension Act.  *See, e.g., Baldassaro v. United States,* 64 F.3d 206, 208 (5th Cir. 1995); *Gordon v. Lykes Bros. Steamship Co.,* 835 F.2d 96, 99 (5th Cir. 1988); *Wiggins v. United States,* 799 F.2d 962, 966 (5th Cir. 1986).  The same lack of mandatory standards and policy-based discretion that precluded these claims under the FTCA precludes them under the Suits in Admiralty Act and the Admiralty Extension Act.  Accordingly, the dredging claims must be dismissed because MRGO construction and maintenance have been held by this Court and the Court of Appeals to be discretionary functions.  *See* Doc. Doc. 18212, at 49; *In re Katrina Canal Breaches Consol. Lit.,* 696 F.3d at 450-51, 453 (2012).

Moreover, even if there would otherwise be admiralty jurisdiction, these claims would be barred by the Flood Control Act because the waters that caused the alleged damage were "flood waters emanating from a flood control

project," Doc. 10984, at 33, *i.e.,* "waters that a federal project [wa]s unable to control," *Central Green,* 531 U.S. at 441 (quoting *James,* 478 U.S. at 608). *Cf.* Doc. 809 (showing IHNC and MRGO encompassed by LPV); Doc. 10984, at 34 (finding outfall canals incorporated in LPV); *In re Katrina Canal Breaches Consol. Lit,* 696 F.3d 436, 448, 452 (5th Cir. 2012) (affirming dismissal of outfall-canal claims on basis that canals were incorporated in LPV).

VI.  CLAIMS OF PLAINTIFFS WHO FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE SUING MUST BE DISMISSED.

Presenting an administrative claim to the agency responsible for the alleged injury and final denial of the claim by the agency are jurisdictional prerequisites to filing suit under the FTCA and the Admiralty Extension Act. *See* 28 U.S.C. § 2675(a); 46 U.S.C. § 30101(c)(2); *In re Katrina Canal Breaches Lit.,* 345 Fed. Appx. 1, 2009 WL 1868980, at *4-*5 (5th Cir. 2009); *In re Complaint of Ingram Barge Co.,* 351 Fed. Appx. 842, 2009 WL 2447716, at *1 (5th Cir. 2009); *Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995); *Cook v. United States,* 978 F.2d 164, 166 (5th Cir. 1992); *McAfee v. 5th Circuit Judges,* 884 F.2d 221, 222-23 (5th Cir. 1989); *In re Katrina Canal Breaches Consol. Litig.,* No. 05-4182, 2008 WL 2186400, at *2 (E.D. La. May 27, 2008) (Duval, J.).  Congress intended to require complete exhaustion of the administrative remedies before invocation of the judicial process.  *McNeil v. United States,* 508 U.S. 106, 112 (1993); *Price,* 60 F.3d at 54.

- 9 -

Approximately 72,000 plaintiffs are before the Court in these cases. Insofar as any of them failed to exhaust their administrative remedies prior to invoking the judicial process, their claims must be dismissed for lack of jurisdiction.

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General

    JAMES G. TOUHEY, JR.
    Director, Torts Branch

    <u>/s/ Robin Doyle Smith</u>
    ROBIN DOYLE SMITH
    Senior Trial Counsel
    Torts Branch, Civil Division
    U.S. Department of Justice
    Ben Franklin Station, P.O. Box 888
    Washington, D.C. 20044
    (202) 616-4400/616-5200 (fax)
    robin.doyle.smith@usdoj.gov
    Attorneys for the United States

CERTIFICATE OF SERVICE

I certify that the foregoing was served on all counsel of record by ECF.

/s/ Robin Doyle Smith