IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE; KATRINA CANCAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 (AND CONSOLIDATED CASES) |
| PERTAINS TO: MRGO | |
| | SECTION "K" (2) |
| CASES NOS. 07-4906; 07-4914; 07-5096 | |
| | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

## MEMORANDUM IN SUPPORT OF PLAITNIFF'S EXPEDITED MOTION FOR HEARING
### or In the Alternative MOTION TO CONTINUE

**MAY IT PLEASE THE COURT:**

NOW COME all the plaintiffs in Civil Action Nos. 07-4906; 07-4914; and 07-5096 (collectively "Plaintiffs") through their undersigned counsel who move for an expedited hearing and/or status conference with this Honorable Court or in the alternative a continuance relevant to the very recent filing of the Motion to Dismiss or in the alternative for Summary Judgment by the United States for the following reasons:

I.

The last allegations made in support of mover's motion read as follows:

*"VI. CLAIMS OF PLAINTIFFS WHO FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE SUING MUST BE DISMISSED.*

*Presenting an administrative claim to the agency responsible for the alleged injury and final denial of the claim by the agency are jurisdictional prerequisites to filing suit under the FTCA and the Admiralty Extension Act. See 28 U.S.C. § 2675(a); 46 U.S.C. § 30101(c)(2); In re Katrina Canal Breaches Lit., 345 Fed. Appx. 1, 2009 WL 1868980, at \*4-\*5 (5th Cir. 2009); In re Complaint of Ingram Barge Co., 351 Fed. Appx. 842, 2009 WL 2447716, at \*1*

*(5th Cir. 2009); Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995); Cook v. United States, 978 F.2d 164, 166 (5th Cir. 1992); McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir. 1989); In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2008 WL 2186400, at \*2 (E.D. La. May 27, 2008) (Duval, J.). Congress intended to require complete exhaustion of the administrative remedies before invocation of the judicial process. McNeil v. United States, 508 U.S. 106, 112 (1993); Price, 60 F.3d at 54.*

  *Approximately 72,000 plaintiffs are before the Court in these cases. Insofar as any of them failed to exhaust their administrative remedies prior to invoking the judicial process, their claims must be dismissed for lack of jurisdiction."*

  A reading of the above language may either mean the Defendant simply wants a legal ruling from the Court that it is necessary for a claimant to file a Form 95 and exhaust his/her administrative remedies prior to filing suit, or most concerning, that potentially thousands of claimants must put into evidence in opposition to the instant motion proof of the filing of a Form 95. The latter would be a herculean, if not impossible task for many in this massive litigation of, according to mover, approximately 72,000 claimants. This would also put on the Court the daunting task of reviewing thousands of Form 95s at this arguably pre-mature time.

  Mover purports to have filed this motion pursuant to the Court's Order of June 5, 2013 (Document 21181) which was the setting of cut offs for WGI's Motion for Summary Judgment of which mover's motion would be tardy by over a month. Those opposing this motion would have a fairly small window to list as exhibits an incredibly voluminous amount of documents and would clog the court with a review of thousands of Form 95s.

Undersigned counsel spoke with the attorney filing for the United States, Mr. Robin Doyle Smith, regarding this issue on Monday, August 12, 2013, and it is undersigned counsel's impression from said conversation that it would not be necessary at this stage relevant to Defendant's Motion for Plaintiffs to attach evidence of Form 95s filings in opposition, but should the Court deny the Motion that issue of evidence would have to be addressed at some later time. Nevertheless, mover makes an issue of the filing of Form 95s in support of their Motion to Dismiss. Moreover, the United States has not listed specific Plaintiff's who they allege did not file Form 95s even though they have a list in their database of tens of thousands of claimants who have filed. Counsel for the United States has not confirmed in writing the non-necessity of attaching proof of Form 95 filings.

The government should allege with specificity which individuals they believe have not complied with Form 95 filings. Until then, Plaintiffs should not have to affirmatively put on proof that they have so complied. This is especially true due to the fact that mover's Motion is ambiguous relevant to the Form 95 issue and what type of legal ruling they seek from the Court. Moreover, mover may be in sole possession of many of the Form 95 filings and proofs of filings. Although many confirmations have been sent from the Corps of Engineers to the various Plaintiffs counsel or to the individual claimants of filings, there is no guarantee or account, that undersigned counsel is aware of, which assures that all individuals or attorneys who have filed Form 95s have been sent confirmations by the Corps of Engineers. Therefore, Plaintiffs and/or their counsel may not be able to demonstrate proof that they have filed a Form 95 in this matter, even though they have done so. It would be logistically impossible to do same in

such a short period of time, since opposition and evidence is due on or about September 10, 2013.

It is undersigned counsel's position that the Form 95 filings are separate from the predominate legal theories of mover regarding admiralty and discretionary function and that these Form 95 compliance issues can be raised at some time in the future should the Court deny the mover's Motion on legal grounds of admiralty or discretionary function.

An order by the Court, or agreement by the United States, should be made that at this point in the motion, the United States will not seek to dismiss claims of individual claimants based on not filing Form 95s and therefore it is not necessary for the attachments of proof of filing Form 95s and the Court's review of same.

In the alternative, should the Court require pursuant to the Motion, proof of filing of Form 95s, mover's Motion should be continued without date to give the parties enough time to gather proof of filings from the Corp of Engineers.

WHEREFORE, Plaintiff's move that an expedited hearing and/or status conference be held relative to the above issues and that an order of the Court or agreement between the parties be reached such that mover at this point in motion practice will not seek dismissal of individual plaintiffs' claims based on not filing Form 95s and exhaustion of administrative remedies and it is, therefore, not necessary for claimants to attach as exhibits proof of filing Form 95s. In the alternative, Plaintiffs request that the Motion at issue filed by the United States should be continued without date to allow time

for Plaintiffs to gather sufficient evidence regarding proof of filings of Form 95s.

Respectfully Submitted,

*s/ A.J. Rebennack*

A. J. Rebennack, Bar No. 18677
*Attorney for Plaintiff*
2325 North Hullen, Suite 104
Metairie, Louisiana 70001
Telephone:   (504) 782-0512
Facsimile:   (504) 831-1203
aj@ajlawyer.net