**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: LEVEE, MRGO | SECTION "K"(2) |

Filed in: 05-4182; 06-2824; 06-5116; 06-5118; 06-5127; 06-5128; 06-5131; 06-5132; 06-5134; 06-5137; 06-5140; 06-5140; 06-5142; 06-5155; 06-5162; 06-5260; 06-5307; 06-5890; 06-8708; 07-0621; 07-1073; 07-1113; 07-1271; 07-1285; 07-2741; 07-2742; 07-3173; 07-4225; 07-4226; 07-4227; 07-4271; 07-4353; 07-4386; 07-4391; 07-4392; 07-4453; 07-4504; 07-4510; 07-4511; 07-4519; 07-4522; 07-4535; 07-4543; 07-4544; 07-4545; 07-4550; 07-4555; 07-4557; 07-4558; 07-4559; 07-4560; 07-4561; 07-4562; 07-4563; 07-4568; 07-4607; 07-4608; 07-4724; 07-4774; 07-4775; 07-4828; 07-4837; 07-4840; 07-4841; 07-4842; 07-4843; 07-4844; 07-4845; 07-4846; 07-4847; 07-4848; 07-4849; 07-4851; 07-4868; 07-4887; 07-4901; 07-4902; 07-4903; 07-4906; 07-4911; 07-4913; 07-4914; 07-4920; 07-4942; 07-4943; 07-4944; 07-4945; 07-4948; 07-4949; 07-4952; 07-4953; 07-4957; 07-4958; 07-4960; 07-4963; 07-4964; 07-4965; 07-4966; 07-4967; 07-4968; 07-4969; 07-4970; 07-4971; 07-4972; 07-4973; 07-4974; 07-4975; 07-4976; 07-4977; 07-4978; 07-4979; 07-4980; 07-4981; 07-4982; 07-4983; 07-4984; 07-4985; 07-4988; 07-4989; 07-4990; 07-4991; 07-4992; 07-4993; 07-4994; 07-4995; 07-4996; 07-4997; 07-4998; 07-5000; 07-5001; 07-5002; 07-5003; 07-5004; 07-5005; 07-5006; 07-5007; 07-5008; 07-5009; 07-5011; 07-5012; 07-5013; 07-5014; 07-5015; 07-5016; 07-5017; 07-5018; 07-5019; 07-5020; 07-5021; 07-5022; 07-5023; 07-5025; 07-5028; 07-5030; 07-5034; 07-5040; 07-5044; 07-5045; 07-5063; 07-5067; 07-5070; 07-5074; 07-5082; 07-5083; 07-5096; 07-5097; 07-5098; 07-5103; 07-5105; 07-5117; 07-5128; 07-5130; 07-5132; 07-5134; 07-5137; 07-5141; 07-5143; 07-5144; 07-5146; 07-5155; 07-5174; 07-5181; 07-5182; 07-5184; 07-5185; 07-5186; 07-5187; 07-5191; 07-5193; 07-5195; 07-5219; 07-5220; 07-5226; 07-5228; 07-5241; 07-5254; 07-5286; 07-5318; 07-5319; 07-5321; 07-5322; 07-5323; 07-5324; 07-5327; 07-5329; 07-5330; 07-5334; 07-5338; 07-5339; 07-5340; 07-5341; 07-5342; 07-5343; 07-5344; 07-5345; 07-5346; 07-5347; 07-5348; 07-5349; 07-5350; 07-5351; 07-5352; 07-5353; 07-5354; 07-5355; 07-5356; 07-5361; 07-5362; 07-5363; 07-5364; 07-5365; 07-5366; 07-5367; 07-5368; 07-5369; 07-5371; 07-5373; 07-5374; 07-5375; 07-5376; 07-5378; 07-5389; 07-5396; 07-5397; 07-5494; 07-5495; 07-5496; 08-0719; 08-1143; 08-1151; 08-1171; 08-1192; 08-1212; 08-1213; 08-1429; 08-4302; 0-0077; 11-2062; 11-2159

**ORDER AND REASONS**

Before the Court is Defendant United States' Motion to Dismiss or, alternatively, for Summary Judgment. (Doc. 21214). The United States moves to dismiss these actions for lack of subject-matter jurisdiction. In the alternative, it moves under Rule 56 for summary judgment dismissing these actions with prejudice. In support of this motion, the United States relies on the record evidence underlying Doc. 10984, the Court's Order and Reasons for dismissing the LEVEE Superseding Master Class Action Complaint; the record evidence transmitted to the Court of Appeals in *Robinson v. United States* (No. 06-2268), *See* Docs. 19920 and 19951, and *Robinson* DX573, the MRGO Chief's Report to Congress which was filed in the appellate record on September 13, 2012; the record evidence supporting Doc. 21172, the Court's Findings of Fact and Conclusions of Law in *Armstrong v. United States*, (No. 10-866); Doc. 21186, Washington Group International's motion to dismiss and supporting submissions, including the manually attached documents; and the entire record in this consolidated litigation.

This Court undertook a global approach to resolve the causation and liability issues presented as a result of the utter failure of the Lake Pontchartrain and Vicinity Hurricane Protection Project ("LPV") as a result of Hurricane Katrina in 2005. In the global litigation which ensued, as to the United States, these issues were approached in a tripartite fashion: (1) the Outfall Canals; (2) the MRGO; and (3) the IHNC. This approach was decided upon based on the hydrology of the failures and has been outlined in detail in past opinions.

As to the failure of the outfall canals (17th Street, London Avenue and Orleans Avenue), a comprehensive ruling on January 30, 2008 found that the United States was immune for all damages arising therefrom based on 33 U.S.C. § 702c of the Flood Control Act of 1928. *In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp.2d 615 (E.D.La. 2008); (See Rec. Doc. 10984). That decision was affirmed by the Fifth Circuit in *In re Katrina Canal Breaches*

*Consol. Lit.*, 696 F.3d 436, 448 and 452 (5th Cir. 2012) , *cert. denied sub non. Lattimore v. United States*, 133 S.Ct 2855 (2013).   Thus, all pending outfall-canal claims must be dismissed for lack of subject matter jurisdiction.

With respect to the flooding caused by failure of the Corps to properly maintain the MRGO, while the Court found immunity for the United States with respect to flooding along the Citrus Back Levee and the Gulf Intracoastal Waterway ("GIWW"), the Court found the United States liable for its failure to arm the banks of the MRGO which caused the catastrophic flooding of St. Bernard Parish, Plaquemine Parish and part of Orleans Parish. *In re Katrina Canal Breaches Consol. Lit.,* 647 F. Supp.2d 644 (E.D.La. 2009).  On March 2, 2012, a unanimous panel of the Fifth Circuit affirmed the Court's findings in *In re Katrina Canal Breaches Litigation,* 673 F.3d 381 (5th Cir. 2012) and denied mandamus.   Sixth months later, the same panel treated a petition for rehearing en banc as a petition for panel rehearing and withdrew its original opinion as to liability for flooding caused by  the MRGO (leaving the opinion with respect to the Outfall Canals and the GIWW/Citrus Back Levee intact) and found that the United States was immunized under the discretionary function exception to the Federal Tort Claims Act because all of the decisions made with respect by the United States to the MRGO were "susceptible to policy analysis."  *In re Katrina Canal Breaches Consol. Lit.*, 696 F.3d 436,448-451 (5th Cir. 2012), *cert. denied sub non., Lattimore v. United States*, 133 S.Ct 2855 (2013).

As to the failure of the IHNC and any claims based on the remediation of the EBIA, the Court rendered its Findings of Fact and Conclusions of Law on April 23, 2013 in *Armstrong v. United States*, 2013 WL 1562765 (E.D.La. April 12, 2013) (C.A. No. 10-866,  Doc. 21172). In that instance, the Court found that the plaintiffs in the Amended MRGO Master Consolidated Class Action Complaint had failed to prove that the remediation of the East Bank Industrial

Canal by WGI and the United States was a cause of the failure of the floodwalls at the IHNC. Judgment was entered and was not appealed.

Thus, the Court finds merit in the United States' motion, and Plaintiffs' Liaison Counsel has informed the Court there is no opposition to this motion. In addition, the Entergy Plaintiffs (Doc. 21226) informed the Court separately that they too have no opposition to this motion. However, a "Memorandum Submitted by Plaintiffs in Opposition to the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment" (Doc. 21227) in which plaintiffs in Civil Actions Nos. 07-3173; 07-0621;07-4906; 07-4914; 07-5022;07-5074;07-5096; 07-5128 and 07-5174 contend that their claims of flood damage from negligent dredging of the MRGO are not foreclosed.

Objecting Plaintiffs opine that they "filed these suits to recover damages suffered. . . when various levee systems failed and flooding occurred as a result of environmental damage to protective wetlands caused by maritime dredging activities conducted by the government and its subcontractors in the MRGO." Moreover, they contend that while the focus of the *Robinson* trial as to the causation of flooding from the MRGO had to do with foreshore protection, the focus of their suit as to causation will concern the allegedly negligently performed maintenance dredging of the MRGO.

The Objecting Plaintiffs contend:

> that while performing maintenance dredging activities on the MRGO over many years, the Corps violated federal and Louisiana State regulations enacted specifically to regulate dredging activities in navigable waters, and that as a consequence of dredging in a manner prohibited by the regulations, they damaged the banks of the MRGO and caused the flooding. Because the Corps is required to follow the regulations, its dredging activities are not discretionary. *Indian Towing Company v. United States*, 350 U.S. 61 (1955); *Butler v. United States*, 726 F.2d 1057, 1063 (5th Cir. 1984).

(Memorandum in Opposition, Doc. 21227 at 2 of 21). This argument is unavailing for a number

of reasons.

In *Robinson*, the Fifth Circuit made abundantly clear that in its estimation whatever the United States did or did not do to address the ever-expanding width of the MRGO was subject to a policy decision and thus shielded by the discretionary function. The manner by which the United States dredged and the effects thereof would be similarly protected. *In re Katrina Canal Breaches Consol. Lit.*, 696 F.3d 436, 451 (5th Cir. 2012), *cert. denied sub non. Lattimore v. United States*, 133 S.Ct 2855 (2013). Moreover, wetlands loss from maintenance dredging was clearly an integral part of the *Robinson* decision and was fully litigated in *Robinson*. A central issue as to the *Robinson* case was that the destruction of wetlands caused the widening of the MRGO, increased the fetch resulting in the degradation of the LVP. While box cutting dredging may be the most deleterious method of implementing a dredging program, the United States is immune under the Fifth Circuit's reversal of this Court's findings in its initial *Robinson* decision. If a decision is "susceptible" to policy considerations, it is shielded. The directives upon which Objecting Plaintiffs rely for their contention that "box cutting" was prohibited are not mandatory directives but considerations that were to be used by the Corps in exercising judgment and choice in pursuing policy goals. In short, there is no merit in the Objecting Plaintiffs' contentions. Thus, their objections have no merit. Accordingly,

**IT IS ORDERED** that Defendant United States' Motion to Dismiss or, alternatively, for Summary Judgment (Doc. 21214) is **GRANTED** and judgment in favor of the United States and against all plaintiffs shall be entered accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lift Stay (Doc. 21215) filed in C.A. Nos. 07-4906;07-4914 and 07-5096 is **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Lift Stay (Doc. 21220) filed in C.A. Nos. 07-0621; 07-5022; and 07-5074 is **MOOT**.

New Orleans, Louisiana, this 20th day of December, 2013.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**