UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO:  SECTION "K"(2)

05-4181, 05-4182, 06-2824, 06-4024, 06-5155, 06-5161, 06-5162, 06-5260, 06-5308, 06-5785, 06-8708, 07-0621, 07-1073, 07-1113, 07-1271, 07-1285, 07-1349, 07-3173, 07-3500, 07-4386, 07-4391, 07-4392, 07-4550, 07-4555, 07-4562, 07-4837, 07-4906, 07-4914, 07-4943, 07-4945, 07-4953, 07-4965, 07-4969, 07-4976, 07-4979, 07-4995, 07-5007, 07-5011, 07-5012, 07-5013, 07-5016, 07-5020, 07-5021, 07-5022, 07-5040, 07-5067, 07-5074, 07-5096, 07-5128, 07-5174, 07-5254, 07-5286, 07-5327, 07-5339, 07-5343, 07-5344, 07-5347, 07-5350, 07-5355, 07-5356, 07-5366, 07-5375, 07-5397, 08-1151

## ORDER AND REASONS

Before the Court is Washington Group International, Inc.'s Motion for Summary Judgment. (Doc. 21186). Washington Group International, Inc. ("WGI") seeks summary disposition of the above-noted claims based on the Court's Findings of Fact and Conclusions of Law of April 12, 2013, (Doc. 21172) and Judgment (Doc. 21173) rendered in the exemplar trial on the issues presented by the Amended MRGO Master Consolidated Master Complaint (Doc. 11471) and Order of Intervention (Doc. No. 20269).

That Amended MRGO Master Consolidated Class Action Complaint (also referred to as the *Armstrong* case) superseded all of the class action complaints listed in the caption above and consolidated them for purposes of an exemplar trial. The final Katrina floodwall breach case was tried for two weeks in September of 2012. Plaintiffs Kenneth and Jeannine Armstrong, Fred Holmes, the Succession of Ethel Coats, Alvin Livers, and Clifford Washington ("Plaintiffs") alleged that the negligent remediation of the East Bank Industrial Area ("EBIA") performed by United States and WGI resulted in the North and South Breaches of the EBIA floodwall. That floodwall ran along the east bank of the Inner Harbor Navigational Canal ("IHNC") providing

protection to the Lower Ninth Ward and parts of Chalmette.  On the morning of August 29, 2005, when Hurricane Katrina ("Katrina") came on shore, these breaches resulted in the inundation and destruction of the Lower Ninth Ward and parts of Chalmette.  Plaintiffs were all victims of this flooding.  In a thirty-nine page decision, the Court outlined the reasons for its finding that plaintiffs failed to prove that the United States' and WGI's actions caused the collapse of that floodwall which reasons are adopted in full herein.  The Court entered judgment in favor of WGI at that time.

In an effort to bring this gargantuan litigation to an end, WGI filed the instant Motion for Summary Judgment.  Plaintiffs Liaison Counsel have informed the Court that there are no objections to this motion.    However, three memoranda in opposition as to eleven (11) cases were filed which the Court will now address. The cases implicated are 06-2152[1]; 06-4066; 07-621; 07-3173;07-4906; 07-4914; 07-5022; 07-5074; 07-5096; 07-5128; and 07-5174.   Common arguments contained in all three oppositions are that (1) none of the cases named WGI as a defendant;[2] (2) two of the cases were previously dismissed[3]; and (3) the cases as originally filed involved maritime claims against the United States only.  Indeed, the gravamen of their contentions remains that they are intent on pursuing claims against the United States based on

---

[1]C.A. No. 06-2152 and C.A. No. 06-4066 are actually closed cases lodged before Judge Barbier; however, as WGI had nothing to do with the dredging of the MRGO, the Court sees no reason for transfer.

[2]This assertion is incorrect as to C.A. 07-3173 in which WGI was named along with a number of other defendants.  All of these were dismissed without prejudice as by plaintiffs' own motion on July 3, 2007.  (Doc.6).  Furthermore, by motion filed by those plaintiffs, that case was consolidated with the Katrina litigation on July 18, 2007 (Doc. 10) and became part of this consolidated litigation.

[3]*Reed*, C.A. No.  06-2152 and *Ackerman,* C.A. No.  06-4066 have been fully litigated and dismissed with respect to any claim concerning liability for dredging activities by dredgers.  While the action against the United States in these two cases was dismissed as premature at that time, they were  included in the MRGO Amended MRGO Master Consolidated Class Action Complaint because they were designated as MRGO class actions.  Indeed, certain issues with respect to the dredging of the MRGO and failures under EPA regulations were included in the *Robinson*  litigation.

maritime based allegations of negligence with respect to the dredging of the MRGO.

The effect of the afore-mentioned Amended MRGO Master Consolidated Master Complaint (Doc. 11471) was that these plaintiffs were swept into that pleading because of their claims being designated as MRGO plaintiffs.  WGI has a right to have judgment entered against them as to those claims.  Moreover, as it appears that the real focus of these objectors has to do with their pursuit of claims against the United States with respect to the dredging activities along the MRGO, their opposition is irrelevant to the purposes of the WGI motion.  The focus of this exercise is to conclude the *In re Katrina Canal Breaches Consolidated Litigation* as to WGI.  A full-blown trial was held which was the culmination of years of discovery and expert witness endeavors, and WGI successfully defended itself and was exonerated.   It is time for this matter to be concluded.  Accordingly,

**IT IS ORDERED** that Washington Group International, Inc.'s Motion for Summary Judgment  (Doc. 21186) is **GRANTED** and judgment shall be entered accordingly in favor of Washington Group International, Inc., and against all plaintiffs named in the above-listed cases.

New Orleans, Louisiana, this  20th day of December, 2013.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**