UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DWIGHT BAKER and SANDRA BAKER** | * | **CIVIL ACTION NO. 09-2643** |
| | * | |
| **Plaintiffs,** | * | **SECTION K** |
| | * | |
| **VERSUS** | * | **JUDGE: STANWOOD R. DUVAL, JR.** |
| | * | |
| **BALBOA INSURANCE COMPANY,** *et al.* | * | **MAGISTRATE: 2** |
| | * | |
| **Defendants.** | * | **MAGISTRATE-JUDGE** |
| | * | **JOSEPH C. WILKINSON, JR.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER OF BALBOA INSURANCE COMPANY,
MERITPLAN INSURANCE COMPANY
AND NEWPORT INSURANCE COMPANY**

Defendant Balboa Insurance Company (misnamed as Balboa Insurance Group), Meritplan Insurance Company and Newport Insurance Company, (collectively "Balboa" or "Defendants"), submit their Answer to the Supplemental and Amending Complaint (the "Complaint") filed by the plaintiffs Dwight and Sandra Baker as follows:

I.

Defendants admit that they are misnamed in Paragraph 1 of the Complaint, and that they are foreign insurers licensed to do business in Louisiana, but deny the remaining allegations in Paragraph I for lack of sufficient information upon which to justify a belief therein.

II.

The allegations contained in Paragraph II of the Complaint are legal conclusions that do not require a response from the Defendants.

III.

The allegations contained in Paragraph III of the Complaint are legal conclusions that do not require a response from the Defendants.

IV.

Deny the allegations contained in Paragraph IV of the Complaint.

V.

Deny the allegations contained in Paragraph V of the Complaint for lack of sufficient information upon which to justify a belief therein.

VI.

Deny the allegations contained in Paragraph VI of the Complaint.

VII.

Deny the allegations contained in Paragraph VII of the Complaint.

VIII.

Deny the allegations contained in Paragraph VIII of the Complaint.

IX.

Deny the allegations contained in Paragraph IX of the Complaint.

X.

Deny the allegations contained in Paragraph X of the Complaint.

XI.

Deny the allegations contained in Paragraph XI of the Complaint for lack of sufficient information upon which to justify a belief therein.

XII.

Deny the allegations contained in Paragraph XII of the Complaint for lack of sufficient information upon which to justify a belief therein.

XIII.

Deny the allegations contained in Paragraph XIII of the Complaint for lack of sufficient information upon which to justify a belief therein.

XIV.

Deny the allegations contained in Paragraph XIV of the Complaint.

XV.

Deny the allegations contained in Paragraph XV of the Complaint.

XVI.

Defendants repeat and reallege their responses to the allegations in the foregoing paragraphs as if set forth herein.

XVII.

The documents referred to in Paragraph XVII of the Complaint are the best evidence of their contents.  Defendants deny all allegations in Paragraph XVII that vary from the terms of the referenced documents, and deny the remaining allegations contained in Paragraph XVII of the Complaint.

XVIII.

Deny the allegations contained in Paragraph XVIII of the Complaint.

XIX.

Deny the allegations contained in Paragraph XIX of the Complaint.

XX.

Deny the allegations contained in Paragraph XX of the Complaint.

XXI.

Deny the allegations contained in Paragraph XXI of the Complaint.

XXII.

Deny the allegations contained in Paragraph XXII of the Complaint.

XXIII.

Deny the allegations contained in Paragraph XXIII of the Complaint.

XXIV.

Deny the allegations contained in Paragraph XXIV of the Complaint.

XXV.

Defendants repeat and reallege their responses to the allegations in the foregoing paragraphs as if set forth herein.

XXVI.

Deny the allegations contained in Paragraph XXVI of the Complaint.

XXVII.

Deny the allegations contained in Paragraph XXVII of the Complaint.

XXVIII.

Deny the allegations contained in Paragraph XXVIII of the Complaint.

XXIX.

Deny the allegations contained in Paragraph XXIX of the Complaint.

XXX.

Deny the allegations contained in Paragraph XXX of the Complaint.

XXXI.

Deny the allegations contained in Paragraph XXXI of the Complaint.

XXXII.

Deny the allegations contained in Paragraph XXXII of the Complaint.

XXXIII.

Deny the allegations contained in Paragraph XXXIII of the Complaint.

XXXIV.

Deny the allegations contained in Paragraph XXXIV of the Complaint.

XXXV.

Deny the allegations contained in Paragraph XXXV of the Complaint.

XXXVI.

Deny the allegations contained in Paragraph XXXVI of the Complaint.

XXXVII.

Deny the allegations contained in Paragraph XXXVII of the Complaint.

XXXVIII.

Deny the allegations contained in Paragraphs XXXVIII of the Complaint.

XXXIX.

Defendants repeat and reallege their responses to the allegations in the foregoing paragraphs as if set forth herein.

XL.

The documents referred to in Paragraph XL of the Complaint are the best evidence of their contents. Defendants deny all allegations in Paragraph XL that vary from the terms of the referenced documents, and deny the remaining allegations contained in Paragraph XL of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLI.

Deny the allegations contained in Paragraph XLI of the Complaint.

XLII.

Deny the allegations contained in Paragraph XLII of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLIII.

Deny the allegations contained in Paragraph XLIII of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLIV.

Deny the allegations contained in Paragraph XLIV of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLV.

Deny the allegations contained in Paragraph XLV of the Complaint.

XLVI.

Deny the allegations contained in Paragraph XLVI of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLVII.

Deny the allegations contained in Paragraph XLVII of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLVIII.

Deny the allegations contained in Paragraph XLVIII of the Complaint for lack of sufficient information upon which to justify a belief therein.

XLIX.

Deny the allegations contained in Paragraph XLIX of the Complaint for lack of sufficient information upon which to justify a belief therein.

L.

Deny the allegations contained in Paragraph L of the Complaint for lack of sufficient information upon which to justify a belief therein.

LI.

Deny the allegations contained in Paragraph LI of the Complaint.

The last unnumbered paragraph of the Complaint constitutes a prayer for relief to which no response is required. However, to the extent that a response is required, the allegations contained in this unnumbered paragraph are denied. Defendants deny any other allegations in the Complaint that are not heretofore specifically admitted, including all unnumbered and/or mis-numbered paragraphs.

Defendants assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs fail to state a claim or cause of action against the Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants did not issue any insurance policy providing insurance coverage either for the subject property referenced in the Complaint, or for the plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the principles of *res judicata* and/or collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the doctrines of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are subject to any rights of set off and/or recoupment that Defendants may have.

### EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in accordance with the terms and provisions of any relevant insurance agreement(s) and the laws of the State of Louisiana.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to the plaintiffs' own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

### TENTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Defendants, for which Defendants are not legally responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have not sustained any damages proximately caused by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to take reasonable steps to protect themselves from the damages alleged, and failed to mitigate any such damages (the existence of which damages is at all times denied). The plaintiffs failed to properly preserve and protect the subject property after the hurricane.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to failure of consideration.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the statute of frauds and/or parol evidence rule.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are not named insureds, additional insureds or third-party beneficiaries under any insurance policy issued by the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants have not breached any duty (the existence of which is denied) to the plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs lack standing to assert some or all of the claims in the Complaint, as any forced or lender-placed insurance policy is a contract only between the lender and the insurer, and did not insure the plaintiffs, or all of the plaintiffs' property.

### NINETEENTH AFFIRMATIVE DEFENSE

The policies, terms, conditions, coverages and exclusions of any applicable insurance policies issued by Defendants are pled herein and copied herein, *in extenso*, as if fully set forth herein.

### TWENTIETH AFFIRMATIVE DEFENSE

If the plaintiffs prevail on their claims against defendants, then Defendants are entitled to a credit for the full amount of any other payments which cover any damages insured by Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs' claims against Defendants are barred by lis pendens to the extent the plaintiffs' claims may involve the same subject matter or seek similar recoveries or remedies as other previously filed suits against Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The recovery sought in the Complaint from Defendants is barred in whole or in part because the losses sued upon were not caused by a peril covered under any insurance policies issued by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps to protect themselves from the damages alleged, and failed to mitigate any such damages (the existence of which is denied). In this regard, to the extent Plaintiffs' claims relate to perils, including flood, or losses not covered by or excluded

from coverage under the LPI Master Policy, any damages they sustained (the existence of which is denied) were the consequence of Plaintiffs' failure to obtain flood insurance or other insurance against other perils or losses.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs contend that there was any insurance coverage under any insurance policy issued by any Defendant, it would have been issued by Newport Insurance Company to Countrywide Home Loans, Inc.  The Defendants plead the Certificate of Coverage Placement, Notice of Premium, the policy, the declarations page, and all endorsements (collectively, the "LPI Master Policy") as though fully incorporated herein.  The LPI Master Policy is the best evidence of its conditions, limitations, exclusions, coverage and other terms. These Defendants deny that the terms and conditions of the LPI Master Policy can be expanded, modified, or varied unless clearly required by law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent allowed by law, Plaintiffs' claims are subject to and may be barred, or alternatively reduced or limited by any deductible, other insuring language of the LPI Master Policy, the LPI Master Policy's limits of liability (rating amount), the LPI Master Policy's term or policy period, and reporting conditions specified in the policy, and/or any other language of the LPI Master Policy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Valued Policy Law is inapplicable because Plaintiffs' property was not rendered a "total loss" by a peril or damage covered by any insurance policy issued by the Defendants, and the subject LPI Master Policy is not subject to the VPL.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Any obligations under the LPI Master Policy are subject to and conditioned upon the performance and satisfaction of the terms, provisions, exclusions, and conditions by Plaintiffs and/or any insured, including but not limited to the provisions of: the Certificate of Coverage Placement; the Declarations Page; the provisions of the LPI Master Policy entitled Agreement, Definitions, Coverages, Dwelling, Other Structures, Other Coverages, Perils Insured Against, Exclusions including without limitation subsections 1.a, 1.c, 1.e, 2.a, 2.b, 2.c; Term; Conditions – including without limitation subsections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15; and Common Policy Conditions.  The LPI Master Policy specifically excludes coverage for the following.  We do not insure for lost cause or indirectly by any of the following.  Such loss is excluded regardless of any other cause of event contributing concurrently or in any sequence to the loss.  a. Ordinance or law, meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of property unless specifically provided under this Policy; c Water damage, meaning: 1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.  2. We do not insure for loss to property caused by any of the following.  However, any ensuing loss to the covered property not excluded or accepted in this Policy is covered.  b. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body; c. Faulty, inadequate or defective: 1) planning, zoning, development, surveying, siting . . .  of part or all of any property whether on or off location of the property insured.  To the extent an insured has not satisfied and/or has violated any conditions precedent or subsequent identified in the LPI Master Policy, these Defendants have no liability under the LPI Master Policy.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs failed to provide sufficient proof of loss under the LPI Master Policy, the Plaintiffs' claims are premature, not covered, or barred, or alternatively reduced or limited.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are not covered or are barred, in whole or alternatively in part, to the extent that Plaintiffs failed to cooperate with the insurer in the investigation or adjustment of Plaintiffs' insurance claim by, including but not limited to, failing to permit the insurer to conduct adequate and sufficient inspections of the allegedly damaged property.

**THIRTIETH AFFIRMATIVE DEFENSE**

The Plaintiffs have been fully paid for any damages, losses, or injury covered under the LPI Master Policy.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

There was no insurance coverage for the subject property under any insurance policy issued by the Defendants on the date of Hurricane Katrina.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Any lender placed insurance policy issued by the Defendants does not provide coverage if there existed another insurance policy that also provided coverage for the Plaintiff's or their property.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

In the event of recovery by Plaintiffs, these Defendants affirmatively assert that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are any other entities such as the State of Louisiana that are entitled to have their interests protected on any tender disbursed, then those requirements are pled herein as well.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

**WHEREFORE,** Defendants pray as follows:

1. That judgment be rendered in favor of Defendants and against the plaintiffs, dismissing all claims against Defendants, with prejudice;

2. That Defendants be awarded their costs incurred in defense of this action; and

3. For such other relief as the Court deems proper.

Respectfully submitted, this 16th day of July, 2015.

                                                          */s/ Stephen W. Rider*
                                            **Stephen W. Rider T.A. (#2071)**
                                            **Angelina Christina (#28530)**
                                            **MCGLINCHEY STAFFORD, PLLC**
                                            601 Poydras Street, 12th Floor
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 586-1200
                                            Facsimile: (504) 596-2800

                                            **ATTORNEY FOR DEFENDANTS BALBOA INSURANCE COMPANY, MERITPLAN INSURANCE COMPANY AND NEWPORT INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. Service to all known counsel of record and parties who have not consented to

-15-

email notification and electronic service has been made via U.S. Mail, postage prepaid, this 16th day of July, 2015.

                */s/ Stephen W. Rider*
                STEPHEN W. RIDER

1143894.2