IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 14-30060

United States Court of Appeals
Fifth Circuit
**FILED**
May 28, 2015
Lyle W. Cayce
Clerk

In Re: KATRINA CANAL BREACHES LITIGATION

---

COLLEEN BERTHELOT, Wife of; JACKIE BERTHELOT; HEBER DUNAWAY; AMY JANUSA, Wife of; MICHAEL JANUSA; ANGELE J. GUIENT; BETTY LUNDY; DAVID ANDERSON; BEATRICE ALLEN; PHILLIP REED; Together with all individuals and entities whose names appear on the attached exhibit A, both individually and on behalf of others similarly situated; JIM ADAMS, Together with all individuals and entities whose names appear on the attached exhibit A, both individually and on behalf of others similarly situated; ALVIN BALL, JR., Individually and on behalf of all others similarly situated; CYNTHIA EDMOND; FREDERICK BRADLEY, Together with all individuals and entities whose names appear on the attached exhibit A, both individually and on behalf of others similarly situated; ET AL,

                          Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

                          Defendant - Appellee

---

Consolidated w/ 14-30136

CHRIS B. ALBRECHT; BACKUPUSA, L.L.C.; BRIAN BANKS; LOUIS A. BECNEL; DIANE BIAS; ET AL,

                          Plaintiffs - Appellants

v.

UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES OF AMERICA,

                          Defendants – Appellees

No. 14-30060
Cons. w/
No. 14-30136

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:05-CV-4182, 2:07-CV-621, 2:07-CV-3173,
2:07-CV-4906, 2:07-CV-4914, 2:07-CV-5022, 2:07-CV-5074
2:07-CV-5096, 2:07-CV-5128, 2:07-CV-5174

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.*

PER CURIAM:**

The district court dismissed these cases, which seek damages on behalf of homeowners against the United States Army Corps of Engineers and the United States for the allegedly negligent dredging of the Mississippi River Gulf Outlet ("MRGO") channel, the overtopping of which aggravated the effects of Hurricane Katrina in the New Orleans area. This court previously rejected claims centering on the contention that the government's decision to dredge the channel as a means of maintenance was negligent. *In re Katrina Canal Breaches*, 696 F.3d 436 (5th Cir. 2012). Here, the appellants seek to distinguish their claims, now pled under the Suits in Admiralty Act ("SAA"), 46 U.S.C. § 30901 *et seq.*, the Public Vessels Act ("PVA"), 46 U.S.C. § 31101 *et seq.*, and the Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 30101 *et seq.*, on the theory that by dredging with a method called box-cutting, the government acted negligently and violated various federal and state statutes

---

* District Judge for the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 14-30060
Cons. w/
No. 14-30136

and regulations. We are not persuaded and affirm the judgment. The decision on the method of dredging is shielded by the discretionary function exception.[1]

This court has reviewed the district court's determination *de novo* as is required on appeal of a dismissal pursuant to Fed. R. Civ. P. 12(b)(1). *In re Eckstein Marine Serv., L.L.C.*, 672 F.3d 310, 314 (5th Cir. 2012). Further, this court accepts as true all facts alleged by the appellants in their lengthy complaint. Appellants concede that the discretionary function exception, specifically integrated in the Federal Tort Claims Act, 28 U.S.C. § 2680(a), also applies to claims against the federal government under these admiralty statutes. *Baldassaro v. United States*, 64 F.3d 206, 208 (5th Cir. 1995); *B&F Trawlers, Inc., et al. v. United States*, 841 F.2d 626 (5th Cir. 1988); *Wiggins v. United States*, 799 F.2d 962 (5th Cir. 1986). Appellants further agree that they had the burden to plead facts showing that the government's decisions or actions were not discretionary within § 2680(a). *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

According to the Appellants' complaint, the Corps and its contractors (collectively, "the government"), using vessels, dredged the MRGO channel over several decades in a manner that caused the erosion of wetlands, creating a wider channel more susceptible to flooding. In so doing, the government was negligent and violated both federal and state dredging regulations. These facts, they allege, distinguish the case from our previous decision, which held that (1) the government's choice to dredge rather than install foreshore protection along the MRGO and (2) the issuance of dredging permits for the

---

[1] Because application of the discretionary function exception is conclusive, we do not reach the government's attempt to rely on Section 702c of the Flood Control Act, 33 U.S.C. § 702c, a contention that appears to have been rejected by *In re Katrina Canal Breaches*, 696 F.3d at 444-48.

3

No. 14-30060
Cons. w/
No. 14-30136

17th Street Canal were both discretionary decisions and thus led to the government's immunity from suit. *In re Katrina Canal Breaches*, 696 F.3d at 449-51.

The Supreme Court's two-prong test applies to determine the applicability of the discretionary function exception. *See United States v. Gaubert*, 499 U.S. 315, 322-23, 111 S. Ct. 1267 (1991). First, particular government conduct "must involve an element of judgment or choice." *In re Katrina Canal Breaches*, 696 F.3d at 449 (internal citations omitted). The discretionary function exception does not apply, however, if "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." *Id.* (internal citation omitted). Second, the exception protects only conduct based on considerations of public policy, that is, conduct that is susceptible of policy analysis. *Id.* (internal citations and quotations omitted); *see Berkovitz v. United States*, 486 U.S. 531, 536, 108 S. Ct. 1954 (1988).

On appeal, the homeowners have cited a plethora of federal and state statutes and regulations, which we list below for reference.[2] In general terms, they assert that these authorities compelled the government to dredge in a manner that would protect wetlands while also limiting flooding. Nowhere, however, is language cited that ordered the government to dredge in a

---

[2] The Appellants cite the following federal and state statutes and regulations as requiring that dredging be conducted in a manner that protects wetlands and minimizes flooding: Clean Water Act, 33 U.S.C. §§ 1311, 1323; Coastal Zone Management Act of 1972, 16 U.S.C. § 1451, *et seq.*; Rivers and Harbors Act of 1899, 33 U.S.C. § 401 *et seq.*; State and Local Coastal Resources Management Act of 1978, La. R.S. § 49:214.21 *et seq.*; 15 C.F.R. Part 930; 33 C.F.R. Parts 320, 322-23, 325, 330, 335-338; Executive Order No. 11990, 42 Fed. Reg. 26961 (May 24, 1977); Coastal Use Guidelines, LA. ADMIN. CODE tit. 43, §§ 701, 705, 707.

4

No. 14-30060
Cons. w/
No. 14-30136

particular manner or to avoid box-cutting dredging. The regulations exhort but do not compel; they list extrinsic constraints and considerations, but they do not explicitly constrain the dredging method. All of these regulations, in sum, left the decision on the manner of dredging to the government based on its evaluation of the competing considerations. As this court noted in *In re Katrina Canal Breaches*, 696 F.3d at 452 (quoting *Freeman v. United States*, 556 F.3d. 326, 337-38 (5th Cir. 2009)), the existence of some mandatory terms like "will," "must," etc., "when read in light of the broad goals" of the regulations, allowed for the exercise of judgment and choice. The government's choice to engage in box-cutting dredging was accordingly shielded under both prongs of the discretionary function exception. Appellants' reliance on admiralty causes of action does nothing to salvage the insufficiency of their complaint.

The district court's judgment dismissing these cases is **AFFIRMED**.