UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * | CIVIL ACTION 05-4182 |
| PERTAINS TO: | * * | SECTION "K" (2) |
| *Allen et al v. State Farm Fire and*<br>*Casualty Company, Case Number 07-5111*<br>**Shirley and Ervin Taylor** | * * * | Judge Stanwood R. Duval, Jr. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF ERVIN TAYLOR
## IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

STATE OF LOUISIANA

PARISH OF ORLEANS

1.

I, Ervin Taylor, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, after having been first duly sworn, hereby depose and says:

2.

I am the plaintiff in the above-captioned case.

3.

On or about October 7, 2008, I received a settlement offer in the amount of $35,000.00 from Defendant, State Farm Fire and Casualty Company ("State Farm").

4.

The Gross Settlement Amount of $35,000.00 consisted of an $18,000.00 offer for "Dwelling;" a $11,000.00 offer for "Personal Property/Contents;" and a $6,000.00 offer for "Additional Living Expense (ALE)." $17,000.00 ($11,000.00 for "Personal Property/Contents" and $6,000.00 for "Additional Living Expense (ALE)") of the settlement offer was disbursed on

October 7, 2008 directly to me. The remaining $18,000.00 settlement offer for "Dwelling" is the ONLY amount at issue. While Bruno & Bruno, LLP was attempting to resolve outstanding issues regarding the Road Home and my former mortgage company, and each entity's respective interest (if any) in the remaining $18,000.00 "Dwelling" settlement offer, State Farm deposited the $18,000.00 "Dwelling" settlement offer amount in the State of Texas's Unclaimed Property Fund. Accordingly, this $18,000.00 amount is the amount at issue.

5.

The substance of the $18,000.00 "Dwelling" offer was that State Farm would pay me previously withheld insurance proceeds for the loss sustained to my home as a result of Hurricane Katrina, in exchange for my agreement to dismiss any and all actions against State Farm related to the Hurricane Katrina homeowner's insurance claim.

6.

After considering State Farm's settlement offer and discussing with my attorney, Joseph M. Bruno, I accepted the terms and conditions proposed by State Farm and executed the Settlement Agreement on October 7, 2008. Pursuant to the agreement, I was to receive the previously withheld settlement proceeds in exchange for the executed Settlement Agreement.

7.

Although I executed the Settlement Agreement and returned it to State Farm on or about October 7, 2008, to date, State Farm has failed to honor its agreement and has failed to pay to the proceeds previously guaranteed in return for the executed Settlement Agreement.

8.

At all times relevant herein, I have complied with the terms and conditions set forth in the Settlement Agreement.

9.

Despite repeated demands, State Farm has not provided me with the agreed upon proceeds from the Settlement Agreement.

10.

Upon information and belief, State Farm has disbursed the settlement proceeds to a disinterested third party. The State of Texas contacted me and advised that State Farm has forwarded the proceeds to the State's Unclaimed Property Fund where the applicable settlement has been deposited.

11.

At no time did I agree to allow State Farm deposit my settlement proceeds in the State of Texas's Unclaimed Property Fund.

12.

I have been advised by the State of Texas's Unclaimed Property Fund that there is a fee associated with the retrieval of my settlement proceeds from the State of Texas's Unclaimed Property Fund; however, should State Farm elect to retrieve the funds (settlement proceeds), there would be no such fee associated with the retrieval.

13.

Despite repeated demands, State Farm has refused to retrieve my settlement proceeds from the State of Texas's Unclaimed Property Fund.

14.

Further Affiant sayeth not.

IN WITNESS WHEREOF, the undersigned Party hereto has executed this Affidavit, effective as of this 13th day of August, 2015.

WITNESSES:

_Daniel Smut_

_Cristin Jacobs_                                _Ervin Taylor_
                                                Ervin Taylor

STATE OF LOUISIANA

PARISH OF Orleans

On this 13th day of August, 2015, before me, personally appeared: **Ervin Taylor**, who is known to me to be the person described in and who executed the forgoing instrument did, after being duly sworn, acknowledge that said instrument was executed freely and for the purposes therein set forth.

_signature_
Notary Public (signature)
Bar / License No. #62156
My commission expires:
at death
(Printed name of notary)

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br><br> PERTAINS TO: <br><br> *Allen et al v. State Farm Fire and* <br> *Casualty Company, Case Number 07-5111* <br> **Shirley and Ervin Taylor** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION 05-4182 <br><br><br> SECTION "K" (2) <br><br> **Judge Stanwood R. Duval, Jr.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF SHIRLEY TAYLOR
## IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

STATE OF LOUISIANA

PARISH OF ORLEANS

1.

I, Shirley Taylor, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, after having been first duly sworn, hereby depose and says:

2.

I am the plaintiff in the above-captioned case.

3.

On or about October 7, 2008, I received a settlement offer in the amount of $35,000.00 from Defendant, State Farm Fire and Casualty Company ("State Farm").

4.

The Gross Settlement Amount of $35,000.00 consisted of an $18,000.00 offer for "Dwelling;" a $11,000.00 offer for "Personal Property/Contents;" and a $6,000.00 offer for "Additional Living Expense (ALE)." $17,000.00 ($11,000.00 for "Personal Property/Contents" and $6,000.00 for "Additional Living Expense (ALE)") of the settlement offer was disbursed on

October 7, 2008 directly to me. The remaining $18,000.00 settlement offer for "Dwelling" is the ONLY amount at issue. While Bruno & Bruno, LLP was attempting to resolve outstanding issues regarding the Road Home and my former mortgage company, and each entity's respective interest (if any) in the remaining $18,000.00 "Dwelling" settlement offer, State Farm deposited the $18,000.00 "Dwelling" settlement offer amount in the State of Texas's Unclaimed Property Fund. Accordingly, this $18,000.00 amount is the amount at issue.

5.

The substance of the $18,000.00 "Dwelling" offer was that State Farm would pay me previously withheld insurance proceeds for the loss sustained to my home as a result of Hurricane Katrina, in exchange for my agreement to dismiss any and all actions against State Farm related to the Hurricane Katrina homeowner's insurance claim.

6.

After considering State Farm's settlement offer and discussing with my attorney, Joseph M. Bruno, I accepted the terms and conditions proposed by State Farm and executed the Settlement Agreement on October 7, 2008. Pursuant to the agreement, I was to receive the previously withheld settlement proceeds in exchange for the executed Settlement Agreement.

7.

Although I executed the Settlement Agreement and returned it to State Farm on or about October 7, 2008, to date, State Farm has failed to honor its agreement and has failed to pay to the proceeds previously guaranteed in return for the executed Settlement Agreement.

8.

At all times relevant herein, I have complied with the terms and conditions set forth in the Settlement Agreement.

9.

Despite repeated demands, State Farm has not provided me with the agreed upon proceeds from the Settlement Agreement.

10.

Upon information and belief, State Farm has disbursed the settlement proceeds to a disinterested third party. The State of Texas contacted me and advised that State Farm has forwarded the proceeds to the State's Unclaimed Property Fund where the applicable settlement has been deposited.

11.

At no time did I agree to allow State Farm deposit my settlement proceeds in the State of Texas's Unclaimed Property Fund.

12.

I have been advised by the State of Texas's Unclaimed Property Fund that there is a fee associated with the retrieval of my settlement proceeds from the State of Texas's Unclaimed Property Fund; however, should State Farm elect to retrieve the funds (settlement proceeds), there would be no such fee associated with the retrieval.

13.

Despite repeated demands, State Farm has refused to retrieve my settlement proceeds from the State of Texas's Unclaimed Property Fund.

14.

Further Affiant sayeth not.

IN WITNESS WHEREOF, the undersigned Party hereto has executed this Affidavit, effective as of this 7th day of August, 2015.

WITNESSES:

_David Smat_

_Cristin Jacobs_

_Shirley Taylor_
Shirley Taylor

STATE OF LOUISIANA

PARISH OF Orleans

On this 7th day of August, 2015, before me, personally appeared: **Shirley Taylor,** who is known to me to be the person described in and who executed the forgoing instrument did, after being duly sworn, acknowledge that said instrument was executed freely and for the purposes therein set forth.

_Jiri R. Simmons_
Notary Public (signature)
Bar / License No. 62156
My commission expires: at death
Jiri R. Simmons
(Printed name of notary)

4