**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **NO. 05-4182** |
| | * | |
| **PERTAINS TO:  LEVEE, MRGO** | * | **SECTION "K" (2)** |

**FILED IN:** 05-4181, 05-4182, 05-6438, 06-0151, 06-5161, 06-5260, 06-5308, 06-5342, 06-5471, 06-5895, 06-6099, 06-6299, 06-6473, 06-6642, 06-7516, 06-8708, 07-1113, 07-1271, 07-1285, 07-1349, 07-3500, 07-4391, 07-4392, 07-4550, 07-4555, 07-4557, 07-4558, 07-4559, 07-4560, 07-4561, 07-4562, 07-4563, 07-4774, 07-4775, 07-4837, 07-4851, 07-4944, 07-4945, 07-4948, 07-4949, 07- 4952, 07-4953, 07-4957, 07-4958, 07-4960, 07-4963, 07-4964, 07-4965, 07-4966, 07-4967, 07-4968, 07-4969, 07-4970, 07-4971, 07-4972, 07-4973, 07-4974, 07-4975, 07-4976, 07-4977, 07-4978, 07-4979, 07-4980, 07-4981, 07-4982, 07-4983, 07-4984, 07-4985, 07-4988, 07-4989, 07-4990, 07-4991, 07-4992, 07-4993, 07-4994, 07-4995, 07-4996, 07-4997, 07-4998, 07-5000, 07-5001, 07-5002, 07-5003, 07-5004, 07-5005, 07-5006, 07-5007, 07-5008, 07-5009, 07-5011, 07-5012, 07-5013, 07-5014, 07-5015, 07-5016, 07-5017, 07-5018, 07-5019, 07-5020, 07-5067, 07-5155, 07-5184, 07-5186, 07-5187, 07-5193, 07-5254, 07-5286, 07-5318, 07-5319, 07-5321, 07-5322, 07-5323, 07-5324, 07-5327, 07-5329, 07-5330, 07-5334, 07-5338, 07-5339, 07-5340, 07-5341, 07-5342, 07-5343, 07-5344, 07-5345, 07-5346, 07-5347, 07-5348, 07-5349, 07-5350, 07-5351, 07-5352, 07-5353, 07-5354, 07-5355, 07-5356, 07-5361, 07-5362, 07-5363, 07-5364, 07-5365, 07-5366, 07-5367, 07-5368, 07-5369, 07-5371, 07-5373, 07-5374, 07-5375, 07-5376, 07-5378, 07-5397, 07-5494, 07-5495, 07-5496, 08-1192, 11-2062

**STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION BY LEVEE DISTRICTS**
**AND ST. PAUL FOR SUMMARY JUDGMENT PURSUANT TO**
**<u>FINAL JUDGMENT APPROVING LIMITED FUND SETTLEMENT OF CLAIMS</u>**

Pursuant to Local Rule 56.1, The Board of Commissioners of the Orleans Levee District, the Orleans Levee District, the Board of Commissioners of the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District and St. Paul Fire & Marine Insurance Company (collectively, "Movers"), respectfully submit this Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1.      In connection with the class action lawsuit entitled *Jared Vodanovich v. Boh Brothers Construction Co, LLC, et al.*, Civil Action No. 05-4191, pending before the Hon. Ivan L.R. Lemelle in the U.S. District Court for the Eastern District of Louisiana, Movers entered into and sought Court approval of a limited fund, non-opt out, class action settlement pursuant to Fed. R. Civ. P. 23(b)(1)(B) (the "Class Settlement Agreement").  (The Class Settlement Agreement and its exhibits are available for viewing at www.leveebreachclass.com/Documents.aspx.)

2.      The release provisions in the Class Settlement Agreement stated in pertinent part:

1.  As of the Effective Date of Class Settlement, all Class Members, and anyone claiming through or on behalf of any of them, fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against the Released Parties.

2.  As of the Effective Date of Class Settlement, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims released by this Class Settlement Agreement.

(Class Settlement Agreement at p. 31.)

3.      The Class Settlement Agreement defined the Class as all persons who at the time of Hurricane Katrina and/or Hurricane Rita either were located, present or residing in the Parishes of Jefferson, Orleans and/or St. Bernard or owned, leased, possessed, used or otherwise had any interest in homes, places of business or other immovable or movable property on or in those Parishes, and who incurred any losses, damages and/or injuries arising from, in any manner related to, or connected in any way with Hurricanes Katrina and/or Rita and any alleged levee failures and/or waters that originated from, over, under or through the levees under the authority and/or control of all or any of the Levee Districts.  (Class Settlement Agreement at p. 4.)

4.      The Class Settlement Agreement broadly defined the "Released Claims" as follows:

2408200_1

"Released Claim" or "Released Claims" shall mean any and all Claims whatsoever (a) arising out of, in any manner related to, or connected in any way with Hurricane Katrina, Hurricane Rita, any alleged Levee Failures, and/or the Levee Defendants' individual or collective mitigation of, preparation for, response to, and/or recovery from hurricanes, tornados, storms, floods, high winds, and other weather related events, and other events related thereto, and/or any act or failure to act related in any way to any of the foregoing, including but not limited to the ownership, garde, design, construction, maintenance, inspection and/or operation of the Levees and/or other property, as well as the promulgation, adoption, and/or implementation of, and/or failure to promulgate, adopt and/or implement, the Levee Plans, and/or (b) for any losses, damages and/or injuries arising from, in any manner related to, or connected in any way with all and/or any of the foregoing, including but not limited to any and all Claims that a Class Member has, may have, or may have had, regardless of whether such Claim is known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent, whether asserted by petition, complaint, cross claim, third party demand, or otherwise (or any judgment or order entered on such Claims), based upon or alleging any act, conduct, status or obligation of any Person (including the Settling Defendants) and/or any source of liability whatsoever, and regardless of the legal theory or theories of damages involved. The term "Released Claim" or "Released Claims" specifically includes, but is not limited to, all Claims asserted in the Litigation or any other Pending Action.[1] The term "Released Claim" or "Released Claims" includes, but is not limited to, the following Claims arising out of, in any manner related to, or in any way connected with, Hurricane Katrina, Hurricane Rita, the Levee Failures, the Litigation, or the other Pending Actions:

(i)  any and all Claims of injury, loss or damage or any element of damages, including, without limitation, Claims for all known or unknown injuries and/or damages; any and all Claims for mental, nervous, emotional or physical, partial or total, temporary or permanent disabilities; any and all Claims for any form of injury to any part of the person, mind or body, including without limitation, injuries from fear, fright, or mental anguish; any and all Claims for pain and suffering; any and all Claims for pecuniary loss or loss of earnings or impairment of earnings capacity; any and all Claims for loss of enjoyment of life, society, support, love, affection, comfort, association, care, sexual relations, consortium; any and all Claims for "hedonic damages" and damages subject to calculation by mass appraisal models and/or automated valuation methods; any and all Claims for damages due to cultural loss and social disruption; any and all Claims for medical monitoring, wrongful death, survival actions, compensatory, general or special damages, punitive or exemplary damages, consequential damages, attorneys' fees, costs or expenses;

---

[1] All known "Pending Actions" were specifically identified by court caption in Exhibit A to the Class Settlement Agreement. The present litigation was included in the list of "Pending Actions".

(ii)     any and all Claims for damages or any element of damages, including but not limited to property damage, bodily or personal injury and/or wrongful death, survival damages, and punitive and exemplary damages;

(iii)    any and all Claims, demands, and/or damages including but not limited to property damages, loss of use of property, takings, diminution of property value, stigma damages, expenses, unjust enrichment, restoration damages, cleanup and/or remediation damages, and causes of action of whatever nature;

(iv)    any and all Claims for or based upon illness, disease, condition or death;

(v)     any and all Claims for alleged or actual or risk or possibility or fear of suffering from any disease, injury, illness or condition, or death;

(vi)    any and all Claims for attorneys' fees or costs;

(vii)   any and all Claims for unpaid or future bills presented by any expert, physician, health care provider of any type, medical facility or pharmacy for treatment, examination or goods provided;

viii) any and all Claims for any other injury or damage, known or unknown, including, but not limited to, business interruption loss, loss of business opportunity, loss of profits, loss of income, wages, worker's compensation or other economic loss;

(ix)    any and all Claims for nuisance, trespass or inconvenience;

(x)     any and all Claims for expenses for evacuation, known or unknown;

(xi)    any and all Claims under any body of law whatsoever, including, but not limited to, statutory or case law, whether federal, state, or local;

(xii)   any and all Claims for any right legally assertable by any Person, whether the Claim is personal to such Person, derivative of the claim of any other Person or as an assignee, successor, executor, survivor, beneficiary, third party beneficiary, heir, or representative of any Person;

(xiii)  any Claims asserted or assertable under LSA-R.S. 22:1220, LSA-R.S. 22:655, LSA-R.S. 22:658, or any other law (including common law), and/or any and all Claims arising out of or related to indemnity, "duty to defend," claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent inspection, negligent engineering, breach of warranty of uniformity, failure to warn, breach of implied warranty of fitness for an intended purpose, breach of good faith and fair dealing, bad faith, interference with contractual relationships, deceptive trade practices, unfair trade practices, unfair settlement

4

practices, conduct in violation of any insurance code, or any other alleged misconduct, omission, or wrongdoing of any kind;

(xiv) any and all Claims for conspiracy or concert of action;

(xv) any and all Claims for statutory damages or penalties under any state, local or federal law; and

(xvi) any and all liens, assigned Claims, subrogation interests or Claims, or other encumbrances of any third parties, including, but not limited to, those by federal, state or other health care providers, insurance carriers, health maintenance organizations, employers, experts, worker's compensation carriers, or attorneys or associated counsel, notwithstanding whether such claims have been timely and properly asserted or whether the Parties have notice of said Claims.

(Class Settlement Agreement at p. 14-17.)

5. In light of the foregoing settlement, this Court administratively closed all claims pending against Movers in the captioned consolidated cases pending finality of the settlement. (*In re: Katrina Canal Breaches Consolidated Litigation*, U.S.D.C. E.D.La., Civil Action No. 05-4182, Rec. Doc. 21241.)

6. Following class certification and fairness hearings on September 23, 2013, Judge Lemelle approved that proposed limited fund class action settlement and, pursuant thereto, entered a Final Judgment on November 18, 2013 finally approving the class action settlement and setting forth numerous decrees to effectuate that settlement. (*Jared Vodanovich v. Boh Brothers Construction Co, LLC, et al.*, U.S.D.C. E.D.La., Civil Action No. 05-4191, Rec. Doc. 216, attached hereto as Ex. 1.)

7. Consistent with the limited fund, non-opt out nature of this class action settlement and its release of any claims against the Released Parties (a defined term under the settlement agreement which includes Movers herein) that may be pending in any other court, Paragraph 8 of Judge Lemelle's Final Judgment ordered, adjudged and decreed that:

> On the Effective Date of Class Settlement, the Released Parties are hereby finally released from any and all Released Claims by, through, or on behalf of a Class Member in state or federal court.

(*Vadanovich* Final Judgment, Ex. 1, p. 5.)

8. Paragraph 9 of that Final Judgment similarly ordered, adjudged and decreed that –

> On the Effective Date of Class Settlement, each and every Class Member (and all persons claiming by, through or on behalf of a Class Member), is hereby finally and permanently barred and enjoined from instituting, continuing, maintaining or prosecuting any actions against the Released Parties with respect to any and/or all Released Claims in state or federal court.

(*Id.*)

9. The "Effective Date of Class Settlement" was the first business day after the date the Final Judgment approving the Class Settlement Agreement became final in that all appeals had been completed or the delays for appeals had run. (Class Settlement Agreement at pp. 6-7.)

10. The delays for an appeal of the Final Judgment have run and no appeal was taken. Consistent therewith, on July 25, 2014, Judge Lemelle issued an Order recognizing that the Effective Date of Class Settlement has occurred. (*Vodanovich*, Rec. Doc. 222, attached as Exhibit 2.)

                                                            Respectfully submitted:

                                                            */s/ Gary M. Zwain*
Gary M. Zwain, Bar Roll # 13809
DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**Attorneys for the Board of Commissioners for the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners for the Lake Borgne Basin Levee District, and the Lake Borgne Basin Levee District**

2408200_1

/s/Thomas P. Anzelmo
Thomas P. Anzelmo, Bar Roll # 2533
MCCRANIE, SISTRUNK, ANZELMO, HARDY, MCDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 846-8404
Facsimile: (800) 977-8810

And

Ben L. Mayeaux, Bar Roll # 19042
NEUNERPATE
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
Facsimile: (337) 233-9450
**Attorneys for the Board of Commissioners for the Orleans Levee District and the Orleans Levee District**

/s/ Joseph P. Guichet
Joseph P. Guichet Bar Roll # 24441
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine Insurance Company**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF system on this 1st day of July, 2016.

/s/ Joseph P. Guichet
Joseph P. Guichet

2408200_1